UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY | : | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
PURSUANT TO FED.R.CRIM.P. 16(d)(1)**

The United States of America, by and through undersigned counsel, hereby files this Motion for a Protective Order pursuant to Fed.R.Crim.P. 16(d)(1). The United States requests, by way of this motion, an Order from the Court that the defendant, Deborah Jeane Palfrey, and her counsel may use those discovery materials which will be provided by the government solely and exclusively for the purposes of preparing defendant's defense in this criminal case, and that upon completion of these proceedings, shall return all such information, including copies in document or electronic form, to the government.

A. Factual Background

1. On March 1, 2007, the Grand Jury returned an indictment against defendant charging her with violations of 18 U.S.C. §§ 1962(c) (RICO), 1953(a)(3) (interstate transportation in aid of racketeering), and 1956(h) (money laundering conspiracy), as well as forfeiture allegations, resulting from her operating an illegal, interstate prostitution business over a thirteen year period. Defendant's case was assigned to this Court.

2. Defendant is also involved in a forfeiture action filed by the United States before this Court in which properties owned by her are the defendants. United States v. 803 Capitol Street, Vallejo, California, Case No. 1:06-CV-01710-GK.

3. Shortly before and after the indictment was returned in this matter, stories started appearing in the media in which defendant is reported as threatening to sell her phone records from her escort business dating back to 1993 to raise money for her legal defense fund. *See, e.g.*, The Washington Post, March 2, 2007, page B1; The Washington Times, March 2, 2007, page B1 (copies attached). The media has also reported that defendant has made statements that could be considered veiled threats to cause embarrassment to former customers and employees of her escort business. *See, e.g., id.*[1]

B. Discussion

To fulfill its discovery obligations, the government intends to provide defendant with complete and timely Fed.R.Crim.P. 16(a) and other discovery. The government is concerned, however, based on defendant's comments reported in the media, about to what use defendant may seek to use this discovery outside the context of this litigation. Some of the discovery in this case contains financial information relating not just to the defendant, but to other individuals. This information is detailed and sensitive. Moreover, some of the personal information about former customers and employees of defendant's business is also sensitive based on the nature of that business. While the defendant and her counsel are entitled to receive discovery material for the purpose of preparing her defense, they, particularly defendant, are not entitled to disclose and make use of the material for other purposes.

Pursuant to Fed. R. Crim. P. 16(d)(1), the government seeks a protective order providing that the defendant and her counsel may use materials provided by the government solely for the purposes

---

[1] The government is considering whether it needs to file a motion under LCrR 57.7(c), Orders in Widely Publicized or Sensational Case, to address "extrajudicial statements by parties," that is, defendant.

of preparing her defense in this criminal case. *See generally* Fed.R.Crim.P. 16(d)(1), Advisory Committee Notes, 1966 Amendments ("Subdivision (d)(1) deals with the protective order. Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed. *See Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)"). Moreover, once this litigation is complete, such materials, including copies in document or electronic form, should be returned to the government.

C. Conclusion

WHEREFORE, the United States respectfully requests that the Court grand this Motion for a Protective Order. A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610


/ s /
_____
DANIEL P. BUTLER
D.C. Bar Number 417718
CATHERINE K. CONNELLY
Mass. Bar Number 649430
Assistant United States Attorneys
555 4th Street, N.W.  #5231, #4844
Washington, D.C.  20530
(202) 353-9431; (202) 616-3384
Daniel.Butler@USDOJ.Gov
Catherine.Connelly2@USDOJ.Gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY | : | |

### ORDER

Upon consideration of the government's Motion for a Protective Order pursuant to Fed.R.Crim.P. 16(d)(1), the Court hereby,

ORDERS that the government shall produce in a timely manner such material that Fed.R.Crim.P. 16 and other disclosure obligations require it to produce;

IT IS FURTHER ORDERED that the defendant and her counsel may use discovery materials provided by the government solely for the purposes of preparing defendant's defense in this criminal case, and, that upon completion of these proceedings, shall return all such information, including copies in document or electronic form, to the government.

_____                    _____
DATE                                              THE HONORABLE GLADYS KESSLER
                                                  UNITED STATES DISTRICT COURT JUDGE

# Alleged Madam Threatens to Sell List of 10,000 Clients

By Paul Duggan
*Washington Post Staff Writer*

A woman accused of running a prostitution service catering to men in hotels and homes in the Washington area was indicted on federal racketeering charges yesterday in a case with a twist: She has threatened to peddle "the entire 46 pounds of detailed and itemized phone records" of her clients to raise money for her defense.

Working out of her California home, Deborah J. Palfrey, 50, did business in Washington under the name Pamela Martin and Associates. On a Web site seeking donations to her legal defense fund, the company is described as "a high-end adult fantasy firm which offered legal sexual and erotic services across the spectrum of adult sexual behavior."

But federal authorities say it was a thriving call-girl service, begun in 1993, that dispatched college-educated women in their 20s to male clients in the Washington area who paid $275 to $300 per sexual encounter. The prostitutes kept half of the fees and mailed the rest to Palfrey in money orders, authorities allege in an affidavit filed in federal court.

The indictment says that in 13 years, the service employed 132 women and generated about $2 million in income "through prostitution related activities."

From January 2000 to September 2006, "Palfrey received and deposited over $750,000 in money orders from various prostitutes" into bank and investment accounts, according to the affidavit. It also says that Palfrey was convicted of operating a prostitution service in California in 1991 and was jailed for 18 months. She "started her current illegal prostitution business while still on probation," the affidavit says.

Palfrey is scheduled to make her initial appearance in the criminal case at the D.C. federal courthouse next Friday. She had no comment on the charges yesterday, said her attorney, Montgomery Blair Sibley. He is representing Palfrey in a civil asset-forfeiture case brought against her last year by federal authorities in the investigation of the alleged prostitution service.

Sibley said his client's "legal escort service" was almost exclusively a cash business. He said that the women who worked for Palfrey were given 1099 tax statements each year, listing their earnings as independent contractors, and that Palfrey accurately reported her

See INDICTMENT, B4, Col. 1

---

John Kelly takes your questions about life and issues in the Washington region. | 1 p.m.   » Go to www.washingtonpost.com/liveonline.



Wash Post 3/2/07

# Indictment Accuses Calif. Woman of Running a Call-Girl Service

**INDICTMENT,** *From B1*

yearly income on federal tax returns prepared for her by H&R Block.

Palfrey has been warring with prosecutors since they raided her home in Vallejo, Calif., in the San Francisco Bay area, in October. Sibley said they seized about $1 million worth of real estate and $500,000 in cash and stocks and began the forfeiture proceedings.

"Ms. Palfrey adamantly disputes the government's claims of illegal behavior," according to her legal defense Web site, where she began seeking donations after the government took her assets.

"It is an unfortunate fact of life that funds will need to be generated to counteract the present injustice," the Web site says. As a result, "consideration is being given" to selling Palfrey's phone records dating to 1993, including the phone numbers of about 10,000 clients in the Washington area who used what Palfrey asserts was her legal escort service.

Palfrey sent an e-mail to prosecutors this year that warned of the disclosure. "I simply cannot emphasize to you the terrible and quite unnecessary ramifications this case (civil and/or criminal) will set off if permitted to advance," she wrote. "The press will have a field day. . . . I can state with unequivocal certainty this situation will be a very long and unpleasant one."

The U.S. attorney's office in the District, which is prosecuting the case, said it had no comment on the client list or the possibility that Palfrey will make it public.

The indictment charges Palfrey with violating the Racketeer Influenced and Corrupt Organizations Act and with three counts of interstate travel in aid of racketeering and one count of conspiracy to launder money.

Authorities said Pamela Martin and Associates advertised in the D.C. Yellow Pages but did not have an address here. They said callers seeking to use the service were connected to Palfrey or someone working for her in California.

"Palfrey hires women who are at least 22 years of age, possess some college education and have employment outside of their prostitution activities," according to the affidavit, filed by an Internal Revenue Service agent last year in the forfeiture case.

Authorities said she placed ads recruiting women in the Washington City Paper, on the Internet, in the student newspaper at the University of Maryland and elsewhere.

"Palfrey personally interviews the women by telephone and has them mail an application with a photograph" to Palfrey's post office box in California, IRS agent Troy A. Burrus said in the affidavit. "The women tell Palfrey the days that they will be available, but Palfrey encourages them to work at least three nights a week."

He added, "After a woman is hired as a prostitute, she is sent to a 'screening' appointment, and is required to engage in sexual activity, without payment, with a male designated by Palfrey." The women had sex with the male "testers," authorities said, "so that Palfrey can ensure that none of her employees are law enforcement officers."

Burrus said "the prostitutes reside in Virginia, Maryland and Washington, D.C., and travel to locations in these three jurisdictions. . . . Palfrey tells the prostitutes where they should go, the time of the meeting with the customer, and the customer's name."

*Staff writer Allan Lengel and staff researcher Meg Smith contributed to this report.*

**DISTRICT**

# Escort business owner indicted

## Might sell files for legal help

By Jim McElhatton
THE WASHINGTON TIMES

A California woman was indicted yesterday on federal charges she ran a multimillion dollar prostitution ring in the District.

Deborah J. Palfrey, who is considering selling customer records to pay for her legal defense, faces racketeering and money-laundering charges under a federal indictment issued yesterday in federal court in the District.

Prosecutors said Miss Palfrey ran Pamela Martin & Associates as a prostitution ring in the District from her home in California since 1993.

According to the indictment, the prostitution business involved 132 women who were hired primarily through local newspaper ads, with money split between the prostitutes and Miss Palfrey. She was paid through money orders sent to her California post office box, prosecutors said.

The indictment, which also accuses Miss Palfrey of arranging sex for money in Virginia and Maryland, occurred months after authorities seized Miss Palfrey's bank accounts, stocks, real estate and gold coins in connection with the investigation.

Last fall, the U.S. Attorney's Office filed court papers to seize Miss Palfrey's assets. The civil forfeiture proceedings were ongoing.

The Washington Times first reported Feb. 21 that Miss Pal-

see INDICT, page B4

**Times**

**METROPOLITAN**

# INDICT
*From page B1*

frey told federal authorities she would "make life miserable" for former customers and employees unless her case is dropped. The Times reported that government attorneys said Miss Palfrey had threatened to "harass potential witnesses whose identities remain secret ... through calculated public disclosures of former customers' and former co-workers' identities."

On Wednesday, an attorney representing Miss Palfrey in the forfeiture proceedings said his client would sell customer records over the Internet to raise money for her legal defense.

Attorney Montgomery Blair Sibley, said Miss Palfrey will be "selling selected records of Pamela Martin and Associates, which will include contact information on all of the 'customers' of the service — over 10,000 individuals — from its entire 13-year operational history."

Last week, Mr. Sibley told The Times that Miss Palfrey did not intend to disclose former customers' identities or to make "a circus" out of the case.

Yesterday, he said his client's plan to sell records was "a last resort" to raise money for a legal defense.

Government attorneys have accused Miss Palfrey of threatening to use civil discovery to harass potential witnesses.

"Shockingly, claimant's 'civil' counsel threatened further public embarrassment of former customers," Assistant U.S. Attorney William R. Cowden stated in a court filing earlier this week in the forfeiture case.

In a recent e-mail to the U.S. Attorney's Office, Miss Palfrey warned of repercussions if prosecutors did not drop her case.

"I cannot emphasize to you the terrible and quite unnecessary ramifications this [civil and/or criminal] case will set off, if permitted to advance for both sides," Miss Palfrey wrote.

The indictment filed yesterday charges that Miss Palfrey placed ads seeking escorts in the Washington City Paper and the University of Maryland's Diamondback student newspaper.

Authorities said Miss Palfrey hired women who were at least 22 years old and required that they mail her an application and photo before being employed.

The women also underwent a screening process in which they were required to engage in sexual activity without being paid to ensure that they were not law-enforcement officers, authorities said.

The prostitutes worked about three nights a week, charging as much as $300, authorities said. Half the money went to Miss Palfrey, who used the funds to pay for her mortgage, car lease and stocks, prosecutors said.

In civil proceedings, Miss Palfrey has denied any wrongdoing.

Mr. Sibley, in court records filed last month, said trying the case would require testimony and documents pertaining to 100 escorts and hundreds of customers.