UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 07-46 (GK) |
| ) | |
| DEBORAH JEANE PALFREY, ) | **FILED** |
| ) | MAR 16 2007 |
| Defendant. ) | |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

### MEMORANDUM ORDER

This criminal matter is one of several related cases arising out of the alleged interstate prostitution business run by Defendant. The United States ("Government") has filed an Application seeking the following: (1) an <u>ex parte</u> temporary restraining order ("TRO") pursuant to 18 U.S.C. §§ 1512 and 1514, restraining Defendant and her agents and attorneys from proceeding in the civil action titled <u>Palfrey v. Neble</u>, No. 07-0461 (D.D.C., filed March 9, 2007) ("<u>Neble</u> case"), and from engaging in similar acts against potential Government witnesses, agents or investigators involved in this prosecution; (2) a hearing pursuant to 18 U.S.C. § 1514(b)(1) regarding entry of a protective order covering the same acts; and (3) an <u>ex parte</u> restraining order pursuant to 18 U.S.C. §§ 1963(d)(1) and 982(b)(1), and 21 U.S.C. § 853(e)(1), to preserve the availability of certain property subject to forfeiture in this matter.

Upon consideration of the Application and the entire record herein, and for the reasons stated below, the Government's Application is hereby **granted**.

(N)

1.  The Victim and Witness Protection Act of 1982 ("Act"), 18 U.S.C. 1512 et seq., provides for the entry of a TRO to prevent the harassment of witnesses or the obstruction of justice.  Section 1514(a)(1) states:

> A United States district court . . . shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds . . . that there are reasonable grounds to believe that harassment of an identified victim or witness in a federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title. . . .

18 U.S.C. § 1514(a)(1).  Harassment is defined for the purposes of this Section as "a course of conduct directed at a specific person that--(A) causes substantial emotional distress in such person; and (B) serves no legitimate purpose."  18 U.S.C. § 1514(c)(1).

The Court finds that there are reasonable grounds to believe that harassment of Ms. Neble and the 15 other Doe defendants in the Neble case exists.  Ms. Palfrey has identified the defendants in that case as independent contractors she hired to perform legal sexual services for customers.  Accordingly, they are potential witnesses against Ms. Palfrey in this criminal case.  It is apparent that Defendant is pursuing the Neble case in order to obtain from those civil defendants discovery to which she would not be entitled in her criminal case.  The Court further finds reasonable grounds to believe that the purpose of the civil suit is to dissuade or discourage those defendants from testifying as

-2-

witnesses against her in this criminal action.

As at least two courts of appeals have recognized, threats of litigation against potential victims or witnesses in a criminal case discourage and dissuade them from testifying. United States v. Lewis, 411 F.3d 838, 843 (7th Cir. 2005) (affirming judgment ordering the defendant in a criminal case to refrain from harassing or otherwise proceeding against a witness in any court for matters arising out of the crime of which the defendant was accused); United States v. Tison, 780 F.2d 1569, 1573 (11th Cir. 1986) ("Filing a civil lawsuit to avoid the restrictions on criminal discovery and thereby obtain documents that a defendant would not ordinarily be entitled to for use in [her] criminal case, while at the same time attempting to intimidate a witness from providing accurate information to federal law officials is exactly the kind of harassment [§ 1514(a)] was designed to eliminate."). Those courts have also found that filing civil cases in pursuit of discovery to which the defendant would never be entitled in the criminal case is not a legitimate purpose. Id. Applying Lewis and Tison to the facts of this case, the Court concludes that a TRO is warranted.

2. Moreover, the Court finds reasonable grounds to believe that a TRO is necessary to prevent violation of 18 U.S.C. §§ 1512(c) and (d). Section 1512(c) prohibits "obstruct[ing], influenc[ing], or imped[ing] any official proceeding, or

attempt[ing] to do so." Section 1514(d) prohibits "intentionally harass[ing] another person and thereby hinder[ing], delay[ing], prevent[ing], or dissuad[ing] any person from attending or testifying in an official proceeding." As indicated above, there are reasonable grounds to believe that the Neble case is an attempt to obstruct this criminal action in two ways: (1) by circumventing the Federal Rules of Criminal Procedure to seek discovery to which she is not entitled in this criminal case, in violation of § 1512(c); and (2) attempting to intimidate witnesses by suing them in separate civil actions, in violation of § 1512(d)(1). The same reasoning applies to any additional cases she may file against Government witnesses, agents, or investigators involved in her criminal case.[1]

**3.** The Act also provides that a court may issue a TRO without notice to the adverse party if the court finds "that such notice should not be required and that there is a reasonable probability that the Government will prevail on the merits." 18 U.S.C. § 1514(a)(2)(A). For the reasons discussed above, there is a reasonable probability that, after a hearing, the Court will find by a preponderance of the evidence that a protective order is necessary to ensure against harassment or violation of § 1512. See Lewis, 411 F.3d at 846 (affirming entry of protective order);

---

[1] The Neble case falls within both the existing harassment and obstruction-of-official-proceedings grounds for a TRO under § 1514(a).

Tison, 780 F.2d at 1572-73 (same). Moreover, the TRO issued herein will be effective only until the hearing on the protective order. The Court has scheduled that hearing for Monday, March 19, 2007, one business day from today.

    4.    The Government has also requested a pretrial ex parte order restraining Defendant and her agents from taking action affecting the availability of any assets not seized by the Government. Defendant has openly informed the public through statements she has given to the media that she intends to sell or transfer the client list she has indicated she possesses. It is clear that the Government is particularly concerned about any action Defendant may take vis-à-vis that list.

> The applicable statutes provide:
>
> Upon application of the United States, the court may enter a restraining order . . . or take any other action to preserve the availability of property [subject to criminal forfeiture] . . . (A) upon the filing of an indictment or information charging a violation of . . . this chapter and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

18 U.S.C. § 1963(d)(1)(A). The relevant language of 21 U.S.C. § 853(e)(1)(A) is identical. These sections, in contrast to the sections providing for pre-indictment restraining orders, do not require notice and opportunity for a hearing. See 18 U.S.C. § 1963(d)(1)(B), 21 U.S.C. § 853(e)(1)(B).

    The Tenth Circuit Court of Appeals has held that, under §

853(e)(1)(A), a pre-restraint hearing is not required before a court may issue an order restraining assets subject to criminal forfeiture. <u>United States v. Musson</u>, 802 F.2d 384, 386-87 (10th Cir. 1986); <u>see also</u> <u>United States v. Monsanto</u>, 491 U.S. 600, 602 (1989).[2]  The grand jury's return of an indictment against a defendant establishes probable cause that the charged offenses were committed.  Therefore, the property at issue here, the business records of Defendant identified below, is subject to criminal forfeiture, and accordingly is also subject to a restraining order under § 853(e)(1)(A) and § 1963(d)(1)(B).

For the foregoing reasons, it is hereby

**ORDERED** that the Government's application for a temporary restraining order pursuant to 18 U.S.C. § 1514(a)(2)(A) is **granted**. Defendant, and her agents and attorneys, shall not act, or cause any act to be done, to further the civil action entitled <u>Palfrey v. Neble</u>, No. 07-0461 (D.D.C., filed March 9, 2007), and shall not engage in any other similar acts or actions against Government witnesses, agents and investigators.  This Temporary Restraining Order shall remain in effect until March 26, 2007 at 5:00 p.m., or

---

[2] The court in <u>Musson</u> cites to a Ninth Circuit case, <u>United States v. Crozier</u>, 777 F.2d 1376 (9th Cir. 1985), which held that § 853 violated due process because it failed to require a hearing. That case is distinguishable.  The <u>Crozier</u> court held that § 853 was "unconstitutional on its face because Congress failed to provide for a hearing on a restraining order before trial or conviction." 777 F.2d at 1383.  As indicated above, the Court in this case is scheduling a hearing for the next business day.

until modified by the Court, whichever is first; it is further

**ORDERED** that the Government's application for an <u>ex parte</u> restraining order to preserve the availability of property subject to forfeiture in this action is **granted**. Defendant, her agents, servants, employees, attorneys, family members and those persons in active concert or participation with her are hereby restrained, enjoined and prohibited, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability of the following property: records of the enterprise as identified in the Indictment, including, but not limited to all records reflecting clients or customers of the enterprise named and described in the Indictment and all proceeds traceable to any sale, transfer or other disposition of such materials as may have occurred prior to service of this Order[3]; it is further

**ORDERED** that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the Government and an opportunity to be heard, the Court shall determine whether any proposed bond is a

---

[3] The Government includes in its proposed order language that appears to be superfluous, and therefore is not included by the Court, because it relates to properties that have already been seized.

satisfactory performance bond; it is further

**ORDERED** that the Government shall cause a copy of this Restraining Order to be served promptly upon counsel for Defendant, and all other appropriate individuals and/or financial institutions having an interest in the properties identified herein, and shall make a return thereon reflecting the date and time of service; and it is further

**ORDERED** that the Government's request for a hearing on the protective order pursuant to 18 U.S.C. § 1514 is **granted**. A hearing is hereby scheduled for Monday, March 19, 2007 at 10:00 a.m. The Court will also hear argument at this time on the Restraining Order issued herein pursuant to 18 U.S.C. § 1963 and 21 U.S.C. § 853; it is further.

_March 16, 2007, 3:50 pm,_   _Gladys Kessler_
Date, Time                    Gladys Kessler
                              United States District Judge

**Copies to**: **attorneys of record via ECF**

-8-