UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-046 (GK) |
| v. | |
| DEBORAH JEANE PALFREY<br>*aka* "Jeane Palfrey,"<br>*aka* "Julia,"<br>*aka* "Pamela Martin," | **FILED**<br>MAR 2 2 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |
| Defendant. | |

## POST-INDICTMENT RESTRAINING ORDER

The United States has made an *ex parte* application to this Court, pursuant to 18 U.S.C. 1963(d)(1) and 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. § 853(e)(1)(A)), for a Post-Indictment Restraining Order to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action. Upon consideration of the Government's application and the Indictment of **DEBORAH JEANE PALFREY**, it appears to the Court that there is reasonable cause to enter a restraining order to preserve the subject property based upon the following:

1. That on March 1, 2007, a Federal Grand Jury of this district returned a multi-count Indictment charging defendant **DEBORAH JEANE PALFREY** with a number of felony offenses, including violations of 18 U.S.C. § 1962(c) (Racketeer Influenced and Corrupt Organizations (RICO)); 18 U.S.C. § 1952(a)(3) (Travel in Interstate Commerce in Aid of Racketeering Enterprises); and 18 U.S.C. § 1952(h) (Conspiracy to Commit Money Laundering). The Indictment also included two forfeiture allegations, pursuant to 18 U.S.C. §§ 982(a)(1) and 1963, and by which the United States seeks the criminal forfeiture of the following property:

i.  any interest DEBORAH JEANE PALFREY acquired or maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

ii.  any interest in, security of, claims against, and property and contractual rights which afforded a source of influence over the enterprise named and described in the Indictment and which the **DEBORAH JEANE PALFREY** established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2);

iii.  and any property constituting and derived from proceeds **DEBORAH JEANE PALFREY** obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

2.  That the interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), and Title 18, United States Code, Section 982, include but are not limited to:

> a money judgment of at least $988,610 based on the money laundering charge and 18 U.S.C. § 982, and a money judgment of at least $2,075,384 based on the RICO charge and 18 U.S.C. § 1963, and all interest and proceeds traceable thereto, including but not limited to the following assets:
>
> > a.  $276,645.97 in funds from Charles Schwab investment

accounts 6884-3181, 6884-3186, and 6884-3192, and approximately $135,442.60 in stocks maintained in these accounts by Charles Schwab, a total amount of $11,396.35 from Wells Fargo accounts 6952-139217 and 005-9211417 (hereafter collectively "the Accounts").

The funds and stocks are more fully described as:

(1) Charles Schwab Account 6884-3181 (funds $36,458.67);
(2) Charles Schwab Account 6884-3186 (funds $188,403.71; stock approximately $125,432.60);
(3) Charles Schwab Account 6884-3192 (funds $51,783.59; stock approximately $10,010.00);
(4) Wells Fargo Account 6952-139217 (funds $2,055.68); and
(5) Wells Fargo Account 005-9211417 (funds $9,340.67).

b. Coins seized from 803 Capitol Street, Vallejo, California, and are more fully described as:

(1) 413 South African Gold Krugerrands;
(2) 81 U.S. Liberty $50 Gold Coins;
(3) 320 U.S. Liberty $1 Silver Coins; and
(4) 61 Canadian $50 Gold Coins.

c. at least $182,529.59 of equity in the Real Property more fully described as:

803 Capitol Street, Vallejo, California 94590, more fully described as:

The North Seventy (70) Feet of Lot Nine (9) in block Three Hundred and Six (306), as the same is shown on the official map of the City of Vallejo, made by E.H. Rowe, C.S.,

        and which map was filed for record in the Office of the County Recorder of Solano County, California, September 19, 1868, in Book 1 of Maps, Page 123; and,

d.    Real property more fully described as:

        1441 Vaquero Glen, Escondido, California 92026, more fully described as:

        Lot 17 of Escondido Tract No. 350 in the City of Escondido, County of San Diego, State of California according to map thereof No. 9034, filed in the Office of the County Recorder of San Diego County on November 22, 1978.

3.    That subsequent to the Grand Jury's return of the Indictment, **DEBORAH JEANE PALFREY** has publicly identified an additional asset of the enterprise named and described in the Indictment, which property, or proceeds traceable thereto, would be subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3), that is: business records, including all records reflecting clients or customers of the enterprise named and described in the Indictment.

4.    That **DEBORAH JEANE PALFREY**, or her agents or attorneys, have publicly expressed an intent to sell, transfer or otherwise to dissipate certain assets that she possesses or controls and that are subject to forfeiture.

5.    That the Federal Grand Jury's Indictment of **DEBORAH JEANE PALFREY**, which specifically identified property as being subject to forfeiture under applicable statutes establishes sufficient probable cause for the issuance of this restraining order.

6.  That in the event **DEBORAH JEANE PALFREY** is convicted of the charges alleged in said Indictment, the subject property would be subject to forfeiture under 18 U.S.C. §§ 1963 and/or 982.

7.  That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

8.  That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, **DEBORAH JEANE PALFREY**, her agents, servants, employees, attorneys, family members and those persons in active concert or participation with her, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the following property:

1.  <u>BANK/INVESTMENT ACCOUNTS</u>

    Funds, interest and credits in banking, brokerage and investment accounts

held by or for the benefit of any the defendant, **DEBORAH JEANE PALFREY**, at financial institutions, including but not limited to the following:

    a.    $276,645.97 in funds from Charles Schwab investment accounts 6884-3181, 6884-3186, and 6884-3192, and approximately $135,442.60 in stocks maintained in these accounts by Charles Schwab, a total amount of $11,396.35 from Wells Fargo accounts 6952-139217 and 005-9211417 (hereafter collectively "the Accounts").

The funds and stocks are more fully described as:

    (1)    Charles Schwab Account 6884-3181 (funds $36,458.67);
    (2)    Charles Schwab Account 6884-3186 (funds $188,403.71; stock approximately $125,432.60);
    (3)    Charles Schwab Account 6884-3192 (funds $51,783.59; stock approximately $10,010.00);
    (4)    Wells Fargo Account 6952-139217 (funds $2,055.68); and
    (5)    Wells Fargo Account 005-9211417 (funds $9,340.67).

2.    <u>PERSONAL PROPERTY</u>

    a.    Coins seized from 803 Capitol Street,

Vallejo, California, and are more fully described as:

(1) 413 South African Gold Krugerrands;
(2) 81 U.S. Liberty $50 Gold Coins;
(3) 320 U.S. Liberty $1 Silver Coins;
(4) 61 Canadian $50 Gold Coins; and

b. records the enterprise identified in the Indictment, including, but not limited to all records reflecting clients or customers of the enterprise named and described in the Indictment and all proceeds traceable to any sale, transfer or other disposition of such materials as may have occurred prior to service of this Order.

3. REAL PROPERTY

a. $182,529.59 of equity in the Real Property more fully described as:

803 Capitol Street, Vallejo, California 94590, more fully described as:

The North Seventy (70) Feet of Lot Nine (9) in block Three Hundred and Six (306), as the same is shown on the official map of the City of Vallejo, made by E.H. Rowe, C.S., and which map was filed for record in the Office of the County Recorder of Solano County, California, September 19, 1868, in Book 1 of Maps, Page 123; and,

b. Real property more fully described as:

1441 Vaquero Glen, Escondido, California 92026, more fully described as:

Lot 17 of Escondido Tract No. 350 in the City of Escondido, County of San Diego, State of California according to map thereof No. 9034, filed in the Office of the County

Recorder of San Diego County on November 22, 1978.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that the United States shall cause a copy of this Restraining Order to be served promptly upon counsel for **DEBORAH JEANE PALFREY**, and all other appropriate individuals and/or financial institutions having an interest in the properties identified herein, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the 22nd day of March, 2007.

/s/ Gladys Kessler
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE