**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

        DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

**MOTION TO CLARIFY AND FOR LIMITED APPEARANCE**

COMES NOW, Montgomery Blair Sibley, who moves for clarification and permission to make a limited appearance in this matter by and on behalf of Defendant Deborah Jeane Palfrey for the purpose of (i) clarifying the Post-Indictment Restraining Order (DE#18), (ii) contesting the Court's Order of March 22, 2007 (DE#17) and (iii) raising Sixth Amendment issues and for grounds in support thereof states:

**I.   POST-INDICTMENT RESTRAINING ORDER**

Undersigned counsel is an "attorney" for Defendant and may have custody of some of the "subject property"[1] as those terms are defined in page 5 of the Post-Indictment Restraining Order. Accordingly, he is:

> RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the

---

[1] That property includes (i) the original telephone records of the escort service, (ii) copies of newsletters of the escort service and (iii) copies of advertising images used by the escort service.

>   value of, all or any part of their interest, direct or indirect, in the following property:

Under this expansive language, undersigned counsel is unsure whether (i) he is in possession of records which are covered by the definition of "subject property" and (ii) he is enjoined from distributing copies of the such property to third parties.

Moreover, Defendant maintains that in all events she possesses a first amendment right to distribute <u>copies</u> of the records without compensation of any sort and has directed undersigned counsel to do so to select media organizations and individuals.

Clearly, by this injunction, this Court has engaged in "prior restraint" of Defendant's ability to engage in speech regarding her escort service activities – the telephone records of who was calling the service. "The term 'prior restraint' is used to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur. . . . [P]ermanent injunctions, i. e., —court orders that actually forbid speech activities—are classic examples of prior restraints." *Alexander v. United States*, 509 U.S. 544, 550 (1993). Indeed, the Supreme Court has said that "prior restraint on expression comes to this Court with a heavy presumption **against** its constitutional validity." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971)(emphasis added).

Accordingly, to the extent the order seeks to bar Defendant from engaging in the speech of distributing copies of her business records, it trespasses upon Defendant's right to free speech.

WHEREFORE, undersigned counsel seeks an order clarifying the Court's ruling so as to permit him to distribute without compensation copies of the business records of Defendant's escort service.

## II. COURT'S ORDER OF MARCH 22, 2007

Plainly there is "no such thing as a limited appearance in a criminal case", *United States v. Seale*, 461 F.2d 345, 349 (7th Cir. 1972). Moreover, undersigned counsel, though admitted to practice in this District, is unable to file a certificate under LCrR 44.5(b) and as such could not file an appearance in the criminal matter under the local rules.

Nonetheless, pursuant to 18 U.S.C. §1514 "Civil Action to Restrain Harassment of a Victim or Witness", this Court, sitting as a criminal court rather than the a civil court as anticipated by §1514, has entered a civil injunction. By such action, it has precluded Defendant's civil counsel from appearing to contest the injunction and filing a motion to dissolve pursuant to §1514(a)(2)(E).

Moreover, this Court must note that Defendant's court-appointed criminal counsel has indicated to the Court that Defendant is seeking new counsel. (D.E.#9). As more fully detailed below, such a representation was not entirely accurate and thus the order entered on March 22, 2007, was not made after the hearings required by §1514(a)(2)(D) and §1514(b).

WHEREFORE, undersigned counsel seeks leave from this Court to make a limited appearance for the purposes of contesting the restraining order entered on March 22, 2007, by this Court.

## III. DEFENDANT'S SIXTH AMENDMENT ISSUES

Obviously, under the Amendment VI, "In all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defense." Moreover, the Supreme Court has "construed this to mean that in federal courts counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived." *Gideon v. Wainwright*, 372 U.S. 335, 340 (1963).

Here, Defendant has been declared indigent. The Federal Public Defender was appointed to represent her. Certain conflicts have resulted between Defendant and the Federal Public Defendant which resulted in the filing of a statement by the Public Defender that "Ms. Palfrey has indicated that she intends to attempt to hire private counsel to represent her." (D.E. #9).

There is more to this issue than has been presently represented to the Court. Indeed, Defendant desires to address this issue to the Court but is confronted with the confusion a *pro se* Defendant faces in making the proper motion and filing under seal certain attorney-client privileged communications concerning her disputes with the Public Defender's Office.

Accordingly, the Defendant requests that this Court permit her undersigned civil counsel to appear for limited purposes of filing her motion for appointment of counsel in this matter with permission to file *ex parte* certain attorney-client privileged communications between her and the Public Defender in support of her request.

WHEREFORE, undersigned counsel request leave to make a limited appearance for the purposes aforesaid.

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this March 27, 2007

**MONTGOMERY BLAIR SIBLEY**
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax:   (202) 478-0371
E-mail:   mbsibley@civilforfeiture.com

By:   /s/ Montgomery Blair Sibley
      Montgomery Blair Sibley
      D.C. Bar #464488