UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S (1) OPPOSITION TO DEFENDANT'S *PRO SE* MOTION FOR APPOINTMENT OF COUNSEL AND (2) RESPONSE TO DEFENDANT'S MOTION FOR LEAVE NOT TO APPEAR AT THE APRIL 12, 2007 STATUS HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this (1) opposition to defendant Deborah Jeane Palfrey's *pro se* motion for appointment of counsel, and (2) response to defendant's motion for leave not to appear at the April 12, 2007 status hearing.[1]  As to defendant's first request, she claims, without legal basis, that the Court should set aside $500,000 which she can use to defend herself in this case.  This request clearly is unfounded and should be denied.  With regard to defendant's second request, it is her right to be present for all hearings and, if she chooses to waive that right, the government does not object.

**I. Factual Background**

1. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering and conspiracy to commit money laundering, as well as forfeiture allegations.

---

[1] Although defendant's motion is denoted as *pro se*, it was filed, as shown in the Notice of Filing, by defendant's civil attorney, Montgomery Blair Sibley, and prepared with his assistance, *see* Defendant's Motion, at page 3 (Mr. Sibley's notice of assistance).

2. Prior to the indictment, defendant obtained representation by the Federal Public Defender, A.J. Kramer.

3. On March 16, 2007, Mr. Kramer filed a motion seeking permission for defendant, who lives in California, to travel to New York, New York, to consult with a private attorney to determine whether she would ask him to take over her representation. The Court granted that request on the same day the motion was filed.

4. Defendant now has filed a *pro se* motion in which she states she has consulted with several private attorneys about the cost of hiring private counsel. In her motion, defendant requests that she "be given a budget of five hundred thousand dollars ($500,000) to (i) obtain counsel and (ii) investigate and identify potential witnesses for [her] defense." Defendant's Motion, at page 2.

## II. Discussion

### A. Defendant's Motion for a $500,000 Defense "Budget" Should be Denied

Defendant cites no legal authority for her highly unusual request for $500,000 to retain counsel and investigate the matter to prepare her defense. She does attach a website article that discusses her case as the only alleged support of her own unfounded assertion that "this *extraordinary* case requires that [she] be given a budget of five hundred thousand dollars[.]" *Id.* (emphasis in original).

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, sets forth the procedures and appropriate payments, including maximum amounts and requirements for waiver of maximum amounts, for appointed counsel in federal criminal cases. It also sets forth how the Federal Public Defender Organization fits within this structure. *Id.*, § 3006A(g)(2)(A).

Presently, the defendant has the Federal Public Defender's Office representing her. To the extent that office needs additional funds to investigate this matter for her defense, it is the lawyers for that entity that should be seeking such. To the extent defendant has – as she claims without any supporting facts – irreconcilable differences with that office that would warrant a change of counsel, then, if defendant is still eligible for appointed counsel, she could potentially obtain a CJA attorney under the usual procedures.[2] That CJA attorney could then move under the CJA for reasonable costs to defend defendant. If defendant wishes to retain counsel instead, then she can choose whomever she wants and pay whatever amount for which she is able. She clearly, however, has stated no legal basis for her claim to a half-a-million dollar defense budget and her request should be denied.

### B. Defendant Has the Right to Waive Her Presence at the Status Hearing

In her motion, defendant asked to be excused from the status conference set for April 12, 2007, in this matter. Defendant clearly has the right to waive her right to be present at the hearing. *See* Fed.R.Crim.P. 43 (Defendant's Presence; Waiver). Accordingly, the government does not oppose defendant's request not to be present.

### III. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's *pro se* motion for appointment of counsel should be denied. As to her motion for leave not to appear at the

---

[2] In her motion, defendant claims that "[s]ince the appointment in October 2006, up to the present, there have been a series of conflicts between [defendant] and A.J. Kramer which have resulted in a state of irreconcilable personal and professional differences which make representation by the Federal Public Defender's Office impossible." Defendant's Motion, at page 1. Defendant, however, then declines to identify in her motion those alleged differences.

3

April status hearing, the government does not oppose that request for the reasons stated above.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY


        / s /
_____

        Daniel P. Butler
        DC  Bar No. 417178
        Catherine K. Connelly
        Mass.  Bar No. 649430
        Assistant United States Attorneys
        555 4th Street, N.W.
        (202) 353-9431, 616-3384
        Washington, D.C.  20530
        Daniel.Butler@usdoj.gov
        Catherine.Connelly2@usdoj.gov