UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S *PRO SE* MOTION FOR REPLACEMENT OF COUNSEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to Defendant Deborah Jeane Palfrey's *pro se* motion for replacement of counsel.[1] First, defendant requests replacement of her counsel because of alleged irreconcilable differences. Defendant's Motion at 1-2. The government, although generally opposed to this request, defers to the Court as to whether defendant has made a sufficient showing since the government has not seen, and thus cannot respond to, the sealed declarations of defendant or her civil attorney, Montgomery Blair Sibley. Defendant also requests "an initial fund

---

[1] Although defendant's motion is denoted as *pro se*, it was filed, as shown in the cover letter, by defendant's civil attorney, Montgomery Blair Sibley, and prepared with his assistance. *See* Defendant's Motion at 6 (Mr. Sibley's notice of assistance).

Further, in an Order filed April 12, 2007, the Court required that defendant and anyone assisting her to submit to defendant's criminal defense counsel any pleading to be filed in this matter and that the Clerk of Court not to accept any such pleading until approved by the Court. With regard to this pleading, on Monday of this week Mr. Sibley did submit his proposed *pro se* pleading to defense counsel and the Court for approval before filing. As soon as he did so, and prior to the Court approving the pleading for acceptance by the Clerk's Office, the pleading was posted on defendant's website as if already filed with the Clerk's Office. This action appears to be an attempt to avoid the requirements of the Court's April 12, 2007 Order prohibiting publication of *pro se* pleadings until they have been approved by the Court. Accordingly, the government requests, for the reasons already expressed by the Court, that the Court modify its April 12th Order to preclude publication of proposed *pro se* pleadings until they have been approved by the Court and officially filed.

of $150,000 for Defendant to retain private counsel in this matter." *Id.* at 6.  Defendant's renewed request that the Court fund her counsel of choice is no better supported than was her prior request for a $500,000 budget that was recently rejected by the Court as "patently without merit."  April 10, 2007 Order at 1.  Nor is this prosecution, and the two-week trial that defendant says she anticipates, a particularly complex case.  Defendant's renewed request that the Court pay an attorney she would prefer to retain at an hourly rate such counsel would prefer to secure also should be denied.

## I. Factual Background

1. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, as well as forfeiture allegations.

2. Prior to the indictment, defendant obtained representation by the Federal Public Defender, A.J. Kramer.

3. Defendant now has filed a *pro se* motion in which she states she has irreconcilable differences with her attorney, Mr. Kramer.  Defendant's Motion at 1-2.  In support of her position, she has filed sealed *ex parte* declarations by herself and her civil attorney, Mr. Sibley.  Defendant also requests that the Court "set aside an initial fund of $150,000 for Defendant to retain private counsel in this matter." *Id.* at 6.

## II. Discussion

### A. Alleged Irreconcilable Differences with Defendant's Current Defense Counsel

Defendant asserts that she has irreconcilable differences with her present counsel, Mr. Kramer, and that she has not received effective assistance from him.  Defendant's Motion at 1-2.

Her alleged support for this assertion is contained in *ex parte* declarations by defendant and her civil attorney, Mr. Sibley.

Title 18, United States Code, § 3006A(c), provides that "[t]he . . . court may, *in the interests of justice*, substitute one appointed counsel for another at any stage of the proceedings." (emphasis added). The "interests of justice" standard is more fully defined and the procedure by which to apply it to defendant's motion for replacement of counsel are set forth in United States v. Graham, 91 F.3d 213, 220-21 (D.C. Cir.), *cert. denied*, 519 U.S. 1136 (1996). In that case, the court found that:

> [Defendant] was asking the district court to replace one appointed attorney with another and never either expressed a desire to retain counsel or represented that he had the means to do so. "One of the express limitations upon the right to choose one's own attorney is that the criminal defendant be 'financially able' to retain counsel of his choice." United States v. Friedman, 849 F.2d 1488, 1490 (D.C. Cir.1988). *See also* United States v. Childress, 58 F.3d 693, 736 (D.C. Cir.1995) (defendant "has no constitutional right to *appointed* counsel of his choice") (original emphasis).
>
> Still, a defendant does have the right to effective representation by appointed counsel, and this right may be endangered if the attorney-client relationship is bad enough. Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir.1991) (defendant seeking appointment of substitute counsel has burden of showing good cause, "such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication"); United States v. Iles, 906 F.2d 1122, 1130 (6th Cir.1990) (*accord*).
>
> A district court's denial of a motion for substitute counsel is reviewed only for abuse of discretion, United States v. Zillges, 978 F.2d 369, 371 (7th Cir.1992). When an indigent defendant seeks appointment of substitute counsel pro se, however, the district court generally has an obligation to engage the defendant in a colloquy concerning the cause of the defendant's dissatisfaction with his representation. Iles, 906 F.2d at 1130 ("trial court clearly has a responsibility to determine the reasons for the defendant's dissatisfaction with his current counsel," dictum quoting LaFave and Isreal, Criminal Procedure, § 11.4 at 36 (1984)); Zillges, 978 F.2d at 372 (court must inquire into specific basis of defendant's dissatisfaction with counsel unless reason is clear on face of motion); McMahon v. Fulcomer, 821 F.2d 934, 942 (3d Cir.1987) (reversing denial of habeas relief on ground that trial court did not inquire into reason for defendant's dissatisfaction with counsel). This

colloquy, which should be conducted on the record, Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir.1991), may not only help the pro se defendant adequately to express the reason for his dissatisfaction with counsel, thereby promoting confidence in the integrity of the process and in the jury's verdict, *see* Iles, 906 F.2d at 1131; it also creates an opportunity for the court to ease the defendant's concern if it is ill-founded, Lockhart, 923 F.2d at 1320.

Although the government has substantial questions as to whether defendant can meet this standard, as well as the *bona fide* nature of these assertions she has made to attempt to meet it,[2] the government cannot specifically respond to the assertions because it has not seen the *ex parte* declarations and the public pleading provides no support for her request. Accordingly, the government, although generally opposed to defendant's motion, will have to defer to the Court as to whether defendant has made a sufficient specific showing warranting replacement of counsel. *See, e.g.,* Wheat v. United States, 486 U.S. 153, 159 (1988) ("essential aim of the [6th] Amendment is to guarantee an effective advocate," not an attorney preferred by defendant); United States v. Graham, 91 F.3d at 221-22 (Court did not commit prejudicial error in denying defendant's motion for substitute counsel, although Court should have engaged defendant in more detailed colloquy as to his alleged dissatisfaction with appointed counsel). The government is concerned, however, that the defendant not draw the mistaken conclusion that she can change appointed counsel at her whim.

### B. Defendant's Motion for a Fund of $150,000 to Retain Private Counsel

Defendant's present motion appears to be a renewed request, but now for a lesser amount, for funds that she may use to retain a private criminal defense attorney.[3] The Court rejected her first

---

[2] Previously, the Court recognized that "Mr. Kramer has many years of experience as the Chief Federal Defender for this District, is extraordinarily skilled in representing his clients, and is very knowledgeable about criminal law. Moreover, his Office has the resources which may be necessary to handle the case." April 10, 2007 Order at 1, n. 1.

[3] In her prior request, defendant cited no legal authority for her highly unusual request for a budget to retain counsel and investigate the matter to prepare her defense. In her present

4

request, which she and her civil attorney characterized as a budget, because it was "patently without merit." April 10, 2007 Order at 1. The Court acknowledged that:

> First, Defendant has offered no detailed factual basis of any kind for the exorbitant request she has made. If a substantial budget is necessary for investigation of her case, it must be requested by whatever counsel is representing her. Second, if she is unable to resolve the difference with Mr. Kramer, which she mentions in her *pro se* Motion, she must then follow the procedures set forth in the Criminal Justice Act, 18 U.S.C. § 3006A. If new counsel is appointed under the Criminal Justice Act, that individual will be entitled to those payments and maximum amount identified in the Act. If the Defendant wishes to retain counsel of her own choosing, she may certainly do that, but she would have to pay whatever that counsel is charging.

*Id.* at 1-2 (footnote omitted). Defendant's latest motion provides neither pertinent legal support, nor a factual basis, for her request that the Court reconsider its rejection of her request that the Court fund her defense outside the requirements of the Criminal Justice Act merely because her first proposal, for $500,000, has been adjusted to what she now terms a "sufficient" fee of $150,000. Defendant's Motion at 4.

Finally, although neither the defendant, nor her defense counsel, filed a motion or requested at a hearing that this Court modify the Restraining Order so that she might fund her criminal defense with property that has been restrained pending its criminal forfeiture, a release of such property (or some portion thereof) appears to be a basis for the defendant's request to the Court of Appeals, made through Mr. Sibley, that the Court of Appeals order that this criminal case be stayed. In the

---

pleading, again she cites no controlling legal authority in support of her position. Instead, she requests that the Court choose to not follow the Supreme Court precedent in Caplin & Drysdale v. United States, 491 U.S. 617 (1989), and to find the Criminal Justice Act, 18 U.S.C. § 3006A, unconstitutional. *See* Defendant's Motion at 2-6. This request is also patently without merit and frivolous and, at least as to the Court's obligation to follow controlling precedent, it requests the Court to ignore its duty to apply such precedent. *See* United States v. Bras, ___ F.3d ___, 2007 WL 1159752, *6 (D.C. Cir. April 20, 2007) ("[n]othing in Crawford suggests that the Court intended to overturn its precedent permitting the use of hearsay at sentencing. We are certainly not at liberty to do so. *See* Agostini v. Felton, 521 U.S. 203, 237-38 (1997)").

5

"Emergency Application for a Stay" that Mr. Sibley filed with the D.C. Circuit on April 23, 2007, Mr. Sibley writes: "Here, the government has seized all of [Palfrey's] assets and, with the complicity of the District Court, denied to [Palfrey] the right to a determination of whether that seizure was justified thus depriving [Palfrey] of her right to secure private counsel with her own funds."

In this criminal case, the defendant never challenged the government's request that the Court issue a post-indictment restraining order to prevent dissipation of the forfeitable property. Furthermore, a defendant in a criminal case has no statutory right to challenge a post-indictment, pre-trial order restraining her property for the purpose of forfeiture. *Compare* 18 U.S.C. § 1963(d)(1)(B) and (d)(2) *with* 18 U.S.C. § 1963(d)(1)(A). Hence, any right to challenge a pre-trial restraining order must be grounded on the defendant's constitutional right to due process.

The right of a criminal defendant to a post-restraint "due process" hearing was treated as an open question by the Supreme Court in United States v. Monsanto, 491 U.S. 600 (1989). In that case, the Supreme Court held that the pre-trial restraint of assets that a criminal defendant would like to use to hire counsel does not violate the Constitution as long as there is probable cause to believe that the assets are subject to forfeiture. The Court was silent as to the procedure to be employed by a court in determining whether the probable cause requirement is satisfied. *Id.*, at 615 n.10.

When other courts have been asked to release forfeitable assets by defendants who seek to pay those assets over as fees to criminal defense counsel, and thus have been required to revisit the issue of probable cause, the courts generally have held that due process requires that a defendant be afforded an opportunity to contest a pre-trial restraining order at a hearing, but only after she first establishes that she "is without funds to hire the attorney of [her] choice." United States v. Farmer,

274 F.3d 800, 804 (4th Cir. 2001).[4]  Thus, most courts have held that a defendant has the right to challenge an asset restraining order in a pre-trial hearing only *if she establishes, first, that her Sixth Amendment right to counsel is implicated.*[5]  This procedure, whereby a defendant has the initial burden of showing that she has no assets, other than those under restraint, with which to hire private counsel, and, upon such a showing, also that there is a *bona fide* reason to believe that the restraining order should not have been entered, has come to be known as the "Jones-Farmer Rule" after two leading cases from the Fourth and Tenth Circuits that discuss it.  But, as these decisions also recognize, while a defendant may, upon a proper showing, require a court to revisit the issue of probable cause, if the government establishes probable cause, the property remains restrained even if the defendant has no untainted assets with which to pay for an attorney.  See United States v. Yusuf, 199 Fed. Appx. 127, 132 (3rd Cir. 2006) (if government establishes probable cause, the property must remain under restraint; defendant's Sixth Amendment right to obtain counsel of choice applies only to the use of one's own legitimate, nonforfeitable funds); United States v.

---

[4] At the same time, the courts have rejected defendants' efforts to contest the forfeitability of property, pretrial, when their Sixth Amendment rights are not at issue.  Indeed, Farmer held that in such cases the balance of interests "tips against a post-restraint hearing." *Id.*

[5] It appears that all Courts of Appeals that have addressed this issue, except for the Eleventh Circuit, hold that a defendant has a right to a post-restraint, pre-trial hearing if his or her Sixth Amendment right to counsel is implicated.  See United States v. Yusuf, 199 Fed. Appx. 127 (3rd Cir. 2006); United States v. Jones, 160 F.3d 641 (10th Cir. 1998); United States v. Kirschenbaum, 156 F.3d 784 (7th Cir. 1998); United States v. Monsanto, 924 F.2d 1186, 1195-97 (2d Cir. 1991); United States v. Moya-Gomez, 860 F.2d 706, 729 (7th Cir. 1988); United States v. Harvey, 814 F.2d 905 (4th Cir. 1987); United States v. Thier, 801 F.2d 1463, 1469 (5th Cir. 1986); United States v. Crozier, 777 F.2d 1376, 1383-84 (9th Cir. 1985); *but see* United States v. Register, 182 F.3d 820 (11th Cir. 1999) (*dicta*) (noting that the Eleventh Circuit is the only court to hold that no post-restraint hearing is required even if the Sixth Amendment rights are implicated, and suggesting *Bissell*, *infra*, may need to be revisited); United States v. Bissell, 866 F.2d 1343, 1354 (11th Cir. 1989) (no post-restraint hearing required, even if the Sixth Amendment is implicated).

Jamison, 427 F.3d 394, 405 (6th Cir. 2005) (government established probable cause at hearing so property remained restrained and court appointed CJA counsel to represent defendant at trial and authorized funds for investigative expenses and expert witnesses).

### III. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's *pro se* motion for replacement of counsel should be denied.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              DC Bar No. 498610

                              / s /
_____

Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
William R. Cowden
DC Bar No. 426301
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384, 307-0258
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov
William.Cowden@usdoj.gov