UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :   Criminal No. 07-46 (GK)
                                   :
DEBORAH JEANE PALFREY,             :
                                   :
        Defendant.                 :

**FILED**
MAY 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>ORDER</u>

On March 19, 2007, the Government filed an *Ex Parte* Application for a Temporary Restraining Order and a Protective Order, and Request for a Hearing. On March 22, 2007, the Court granted the original Application and issued an Order ("March 22, 2007 Order") after determining that there were "reasonable grounds to believe that harassment of an identified witness exists or that such an order is necessary to prevent such harassment." March 22, 2007 Order at 1. The Court ordered that Defendant "and her agents and attorneys shall not act, or cause any act to be done, to further the civil action . . . and shall not engage in any other similar acts or actions against Government witnesses, agents and investigators." Id. On May 9, 2007, the Government filed an *ex parte* Supplement[1] to its Application ("Supplement") in order to clarify and extend its original request.

On May 6, 2007, approximately six weeks after issuance of the original March 22, 2007

---

[1] The Government also filed a Motion to Seal this Supplement. Because the Court is clarifying its March 22, 2007 Order in light of evolving developments, there is no need to seal either the Government's Supplement or this Order. This Order will be before the Court at the May 21, 2007 Status Conference.

Temporary Restraining Order, Defendant's lawyer in her civil cases[2] sent a letter to Attorney General "Alberto Gonzalez [sic]" and emailed a copy to the Assistant United States Attorneys assigned to this case. In that letter, Defendant's civil counsel gave the Attorney General of the United States an ultimatum; he "insist[ed]" that the Attorney General undertake the immediate interview and appointment of a Special Counsel, and that he identify the "career Justice Department prosecutor" mentioned in a recent ABC News report as well as "what, if any, role that individual played in the investigation and prosecution of [Defendant]." Supplement Ex. A at 2. The letter-writer threatens that, if the Attorney General does not comply and notify Defendant's civil counsel of his response within five days after the date of the letter, by May 11, 2007, the prior "limited distribution" of the telephone records from Defendant's business to ABC News and the Washington Independent Writers Association "will change." Id. at 2-3. Specifically, the letter-writer states that "the reporting will be much more extensive as all of the years of the escort service telephone records will be released and . . . the 'standards and practices' committees of the recipient organizations, journalists and internet bloggers who will receive these records have decidedly different professional standards than that of ABC News." Id. at 2.

Although Defendant's lawyer in her civil cases does not spell out exactly what steps he and his client will take if the Attorney General of the United States does not respond to his ultimatum within the prescribed five-day time frame, the clear inference to be drawn is that there will be a wholesale release of all telephone records possessed by Ms. Palfrey.

---

[2] Counsel for Defendant in her civil cases has conceded, presumably accurately, that he "cannot appear in the Criminal Case as he does not possess the requisite expertise to make a LcrR 44.5(b) certification." Petition for Writs of Mandamus, Procedendum Ad Justicium, Certiorari and Prohibition at 10, In Re Deborah Jeane Palfrey, No. 07-5107 (D.C. Cir. Apr. 9, 2007).

Because of the ultimatum contained in the letter sent to the Attorney General, the Court agrees with the Government that Defendant's civil counsel is threatening action that would violate this Court's March 22, 2007 Order. In order to ensure that the Defendant and her counsel in her civil cases have clear notice of what action is prohibited, the Court is ordering both the Defendant and her agents and attorneys, including counsel in her civil cases, Montgomery Blair Sibley, to not release, further distribute, or otherwise provide to any person or organization the phone records of Pamela Martin & Associates and/or the phone records of Deborah Jeane Palfrey.

Because this matter was decided *ex parte*, it may be revisited at the Scheduling Conference scheduled for May 21, 2007, where Ms. Palfrey will be represented by recently appointed, highly experienced counsel who has actively prosecuted and defended numerous criminal cases.

**WHEREFORE**, it is this 10th day of May, 2007, hereby

**ORDERED**, that Defendant and her agents and attorneys, including her civil counsel, Montgomery Blair Sibley, shall not release, further distribute, or otherwise provide to any person or organization the phone records of Pamela Martin & Associates and/or the phone records of Deborah Jeane Palfrey.

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**
and by fax to:
Montgomery Blair Sibley
(202) 478-0371