UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Plaintiff, | : | |
| v. | : | Criminal No. 07-46 (GK) |
| **DEBORAH JEANE PALFREY** | : | |
| Defendant. | : | |

### DEBORAH JEANE PALFREY'S RESPONSE TO GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE MARCH 22, 2007 PROTECTIVE ORDER AND THE SUPPLEMENTAL PROTECTIVE ORDER ISSUED ON MAY 10, 2007

Deborah Jeane Palfrey, through counsel, respectfully submits this response to the government's May 22, 2007, Reply to Defendant's Memorandum in Opposition to the March 22, 2007 Protective Order and the Supplemental Protective Order Issued on May 10, 2007 ("Reply"). Ms. Palfrey incorporates by reference and reaffirms the arguments made in her Memorandum in Opposition, filed with this Court on May 18, 2007.

No position taken by the government in its Reply nor at the status hearing on May 21, 2007, refutes Ms. Palfrey's core position that the government has not alleged facts establishing the need for a protective order as required by 18 U.S.C. § 1514.  That the government has yet to provide a single affidavit from any witness or other specific factual information to suggest that a single witness has been harassed, as defined under Section 1514, by Ms. Palfrey's intended actions with regard to her own telephone records speaks volumes about the insufficiency of the government's legal position on this issue.  Indeed, the only factual information supplied by the government is a fifteen-page catalogue of its dim view of Ms. Palfrey's civil counsel's litigation

tactics. Therefore, Ms. Palfrey respectfully requests that this Court quash the Protective Orders granted on March 22 and May 10, 2007.

The government's Reply fails to address the legal issues raised in Ms. Palfrey's Memorandum in Opposition. To obtain the extraordinary remedy provided for in Section 1514(a), the government bears the burden of establishing by a preponderance of the evidence that Ms. Palfrey has engaged or is likely to engage in (1) a course of conduct; (2) directed at a specific person (witness); (3) that causes substantial emotional distress; and (4) serves no legitimate purpose. Neither the government's initial pleadings nor its Reply filed on May 22, 2007, sustain that burden. Instead, the government uses its Reply as a forum to highlight its frustration with Ms. Palfrey's civil counsel rather than providing facts to support its assertions of harassment.[1]

At a minimum, the government does acknowledge that the Orders must be modified, consistent with the stipulated discovery protective order, to permit criminal defense counsel to make appropriate investigative use of the information in issue. As stated in court and captured in the subsequent stipulated discovery order, criminal defense counsel have no intention of providing the personal or financial information of any potential witness identified in those materials to the general public, including the media – indeed, criminal counsel have no desire at this time to provide any identifying information whatsoever about potential witnesses to the general public or the media.

---

[1] In doing so, ironically, it is now the government airing in a public filing and to the Court details about past negotiation and resolution discussions between it and Ms. Palfrey's counsel, contravening Federal Rule of Evidence 410 (4) and Federal Rule of Criminal Procedure 11(f). Further, we question the propriety or probative effect of utilizing Ms. Palfrey's nearly fifteen year old conviction to bolster the government's argument. See Fed. R. Evid. 609(b).

The issue before the Court then is simply whether Ms. Palfrey is entitled to provide to the media information contained in, or even copies of, her own business records – records which were abandoned by the government when it searched her home but which the government now incomprehensibly deems a valuable and expendable asset. Whether Ms. Palfrey's decision to do this is wise or whether the government believes her civil counsel has engaged in confounding tactics is of no moment as to whether her ability to do so constitutes witness harassment and may be restrained pursuant to Section 1514. As stated in our previous filing, given the nature of these allegations, any witnesses in this case are likely to be unsettled by the prospect of being contacted or subpoenaed – their "outing" is, however, realistically, just a matter of time and place.

For the foregoing reasons and any others the Court may deem reasonable and just, undersigned counsel respectfully asks the Court to grant the relief requested in Ms. Palfrey's Memorandum in Opposition to the March 22, 2007 Protective Order and the Supplemental Protective Order Issued on May 10, 2007, specifically, that the Court quash the Temporary Restraining Orders and deny the government's request for a Protective Order. At a minimum, we submit that the Orders must be modified, as acknowledged by the United States, to permit defense counsel to use the records to prepare the defense in this matter, including utilizing them to confront witnesses or their counsel.

Respectfully submitted,

_____/s/_____
Preston Burton, DC Bar No. 426378
Bree Nicolai Murphy, DC Bar No. 497418
ORRICK, HERRINGTON & SUTCLIFFE LLP
3050 K Street, N.W.
Washington, DC  20007
202-339-8400
*Counsel for Deborah Jeane Palfrey*

May 25, 2007