UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-46 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEBORAH JEANE PALFREY'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS REQUEST FOR CONTINUATION OF THE POST-INDICTMENT RESTRAINING ORDER**

Deborah Jeane Palfrey, through counsel, respectfully submits this response to the government's June 5, 2007, Supplemental Authority in Support of its Request for Continuation of the Post-Indictment Restraining Order. Ms. Palfrey incorporates by reference and reaffirms the arguments made in her Memorandum in Opposition, filed with this Court on May 18, 2007, Response to Government's Reply, filed on May 25, 2007, and arguments made by defense counsel at the hearing on June 5, 2007.

Immediately following the June 5, 2007, hearing, defense counsel attempted to unearth any relevant case law in which a defendant's telephone records, diaries, or "black books," were deemed forfeitable under 21 U.S.C. § 853(e), the restraining statute on which the government now relies. Defense counsel was unable to find any reported case authority in support of the government's position. The government now asserts, in its most recent filing, that Ms. Palfrey's

telephone records should be deemed "proceeds" pursuant to 18 U.S.C. § 981(a)(2)(A), the civil forfeiture provision.

It is difficult to imagine that an itemized invoice from a telephone company constitutes "proceeds" even under the most energetic interpretation of that word.  Nevertheless, assuming for the sake of argument that these telephone records are "proceeds" as defined under that statute, the government still has not demonstrated in any meaningful way why <u>copies</u> of Ms. Palfrey's own telephone records should be restrained under the provisions of 21 U.S.C § 853(e).  The language of the restraining statute restricts the imposition of a restraint to situations where there is a need to "to <u>preserve the availability of property</u> described in subsection (a) of this section for forfeiture under this section."  21 U.S.C. § 853(e) (emphasis supplied).  There is no question that Ms. Palfrey's telephone records have been preserved and will remain intact.  The making and distributing of true copies of these telephone records has absolutely no effect on their "availability."

These records were not seized by the government during its search of Ms. Palfrey's home. Moreover, in its presentation yesterday, the government effectively conceded that it had waived its ability to seek a restraint by acknowledging that they did not take steps to restrain a portion of these same records when they learned the records were to be provided to ABC News.  We are simply addressing whether a copy of these records may be distributed for free by Ms. Palfrey and the government's shifting positions and tortured analysis make clear that there is no legal restraint available to them under these statutes.[1]

---

[1] Indeed, even if distributing copies were prohibited, presumably, Ms. Palfrey could still read aloud the phone records if that was her desire, demonstrating that there is nothing innately valuable from a forfeiture perspective about copies of the records save for evidentiary purposes.

      For the foregoing reasons and any others the Court may deem reasonable and just, undersigned counsel respectfully asks the Court to quash the Temporary Restraining Orders and deny the government's request for a Protective Order.  At a minimum, we submit that the Orders must be modified, as acknowledged by the United States, to permit defense counsel to use the records to prepare the defense in this matter, including utilizing them to confront witnesses or their counsel.

                                              Respectfully submitted,

                                              _____/s/_____
                                              Preston Burton, DC Bar No. 426378
                                              Bree Nicolai Murphy, DC Bar No. 497418
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                                              3050 K Street, N.W.
                                              Washington, DC  20007
                                              202-339-8400

June 6, 2007                                  *Counsel for Deborah Jeane Palfrey*