UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY | : | |
|    *aka* "Jeane Palfrey," | : | |
|    *aka* "Julia," | : | |
|    *aka* "Pamela Martin," | : | |
| | : | |
|             Defendant. | : | |
| | : | |

**GOVERNMENT'S SECOND SUPPLEMENTAL AUTHORITY
IN SUPPORT OF ITS REQUEST FOR CONTINUATION
OF THE POST-INDICTMENT RESTRAINING ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following supplemental authority in response to the Court's inquiry at the hearing on June 5, 2007, regarding whether the confidential information in phone records of Pamela Martin and Associates constitutes a property interest subject to forfeiture under 18 U.S.C. § 1963.  That Section requires forfeiture of "any interest the person has acquired or maintained in violation of 1962; . . . any . . . property . . . of any kind affording a source of influence over [the enterprise]; and . . . any property constituting or derived from any proceeds which the person obtained, directly or indirectly, from racketeering activity[.]"  See 18 U.S.C. § 1963(a).

In Carpenter v. United States, 484 U.S. 19, 25 (1988), the Supreme Court recognized that the intangible nature of a newspaper's confidential business information did not "make it any less 'property' protected by the mail and wire fraud statutes . . [c]onfidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property . . . ." In United States v. Fowler, 932 F.2d 306, 310 (4th Cir. 1991), the Fourth Circuit held that *copies* of documents that were conveyed were things of value and property and that "information is a species

of property and a thing of value." In <u>United States v. Jeter</u>, 775 F.2d 670, 679-680 (6th Cir. 1985), *cert. denied*, 475 U.S. 1142 (1986), the Sixth Circuit held, in prosecution for larceny where a defendant provided discarded carbon copies of grand jury transcript to a third party, that although carbon paper did not, by itself, have any significant value, the information contained on carbon paper constituted a thing of value and secrecy of information caused the value to exceed the threshold for a felony conviction.  In <u>United States v. Girard</u>, 601 F.2d 69, 70-71 (2d Cir.), *cert. denied*, 444 U.S. 871 (1979), the Second Circuit acknowledged the long-recognized existence of a property interest in the contents of unpublished writings and private records.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY


        / s /
By: _____
        DANIEL P. BUTLER
        DC Bar #417718
        CATHERINE K. CONNELLY
        MA Bar #649430
        WILLIAM R. COWDEN
        DC Bar #426301
        ASSISTANT UNITED STATES ATTORNEYS
        555 Fourth Street, N.W.
        Washington, DC 20530
        (202) 353-9431, 616-3384, 307-0258