UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal No. 07-046 (GK) |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**DEFENDANT DEBORAH JEANE PALFREY'S MOTION TO STRIKE AS PREJUDICIAL SURPLUSAGE THE USE OF ALIASES IN THE INDICTMENT**

Defendant Deborah Jeane Palfrey, through undersigned counsel, and pursuant to Fed. R. Crim. P. 7(d), respectfully submits this Motion to strike as prejudicial surplusage the alias designations in the Indictment. The Indictment modifies Ms. Palfrey's name using language inaccurately suggesting a sinister use of criminal aliases, and such modifications should be stricken as prejudicial surplusage.

For the reasons stated in the accompanying Memorandum and any additional reasons that the Court deems appropriate, Ms. Palfrey respectfully requests that the Court strike as prejudicial surplusage the language, "*also known as* 'Jeane Palfrey,' *also known as* 'Julia,' *also known as* 'Pamela Martin,'" from the caption and paragraph 1 of the Indictment as unnecessary to the prosecution of this case and unfairly prejudicial to Ms. Palfrey.

Respectfully submitted,

   /s/
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq.,D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
3050 K Street, N.W.
Washington, D.C. 20007
*Counsel for Deborah Jeane Palfrey*

Dated: June 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-046 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT DEBORAH JEANE PALFREY'S MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF HER MOTION TO STRIKE AS PREJUDICIAL SURPLUSAGE THE USE OF ALIASES IN THE INDICTMENT**

Defendant Deborah Jeane Palfrey, through undersigned counsel, and pursuant to Fed. R. Crim. P. 7(d), respectfully submits this Memorandum in support of her motion to strike as prejudicial surplusage the alias designations in the Indictment. The Indictment modifies Ms. Palfrey's name using language inaccurately suggesting a sinister use of criminal aliases, and such modifications should be stricken as prejudicial surplusage.

The modification of the defendant's name, "Deborah Jeane Palfrey," by the refrain, "*also known as* 'Jeane Palfrey,' *also known as* 'Julia,' *also known as* 'Pamela Martin,'" must be stricken as surplusage because it suggests falsely the use of criminal aliases. "The use of aliases in indictments is disfavored . . . and aliases should only be retained when the government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged." United States v. Hsia, 24 F. Supp. 2d 14, 23 (D.D.C. 1998) (internal citations and quotations omitted). In the Hsia case, the designation "a/k/a Hsia Ling" appeared twice in the indictment, once in the caption and again in paragraph one. The District

Court held that "Hsia Ling," the defendant's birth name, "is not an alias in the traditional sense" and "including both names in the indictment … is both unnecessary and prejudicial." Id.

In the case now before this Court, the two instances in which Ms. Palfrey's name is modified by language suggesting the use of a criminal alias are similarly unnecessary and prejudicial.  The Indictment modifies Ms. Palfrey's name in two places: first, in the caption and second, in paragraph 1, using the refrain "*also known as* 'Jeane Palfrey,' *also known as* 'Julia,' *also known as* 'Pamela Martin.'"  Such refrain evokes improperly a sinister connotation and should be stricken.  "Jeane Palfrey" is simply the use of a middle name from Ms. Palfrey's given name.  "Julia" was simply a nickname that Ms. Palfrey used as part of her escort service, and, as the Indictment makes no further allegations regarding the use of that nickname, it is clearly not a necessary identifier used to connect Ms. Palfrey with allegations of criminal activity.  "Pamela Martin" was the name of Ms. Palfrey's escort service and not a nickname or alias of any kind.

For the foregoing reasons and any additional reasons that the Court deems appropriate, Ms. Palfrey respectfully requests that the Court strike the language identified above as prejudicial surplusage which is unnecessary to the prosecution of this case and unfairly prejudicial to Ms. Palfrey.

                         Respectfully submitted,

                         ___/s/_____
                         Preston Burton, Esq., D.C. Bar No. 426378
                         Bree N. Murphy, Esq., D.C. Bar No. 497418
                         Orrick, Herrington & Sutcliffe LLP
                         Washington Harbour
                         3050 K Street, N.W.
                         Washington, D.C.  20007

Dated: June 15, 2007                  *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Criminal No. 07-046 (GK) |
| **DEBORAH JEANE PALFREY,** | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of defendant Deborah Jeane Palfrey's Motion to Strike as Prejudicial Surplusage the Use of Aliases in the Indictment and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that the language "*also known as* 'Jeane Palfrey,' *also known as* 'Julia,' *also known as* 'Pamela Martin,'" shall be stricken from the caption and paragraph 1 of the Indictment.

 
The Honorable Gladys Kessler
U.S. District Court for the District of Columbia

Copies to counsel of record