UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-046 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT DEBORAH JEANE PALFREY'S MOTION TO DISMISS THE INDICTMENT DUE TO SELECTIVE PROSECUTION**

Defendant Deborah Jeane Palfrey, through undersigned counsel, respectfully submits this Motion to dismiss all Counts of the Criminal Indictment due to the apparent selective motivation of the United States in seeking the Indictment. The facts and circumstances surrounding Ms. Palfrey's Indictment establish sufficiently a question of selective prosecutorial motives and warrant the dismissal of the Indictment should the government fail to rebut this question, or, at the very least, warrant an order for discovery to aid the defense in determining the extent of the government's apparent selective motivation.

For the reasons addressed in the accompanying Memorandum, Ms. Palfrey respectfully requests that the Court dismiss the Indictment in its entirety. In the alternative, Ms. Palfrey respectfully requests an order permitting discovery on this issue.

Respectfully submitted,

   /s/
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
3050 K Street, N.W.
Washington, D.C. 20007
*Counsel for Deborah Jeane Palfrey*

Dated: June 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal No. 07-046 (GK) |
| : | |
| DEBORAH JEANE PALFREY, : | |
| : | |
| Defendant. : | |

**DEFENDANT DEBORAH JEANE PALFREY'S MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS THE INDICTMENT DUE TO SELECTIVE PROSECUTION**

Defendant Deborah Jeane Palfrey, through undersigned counsel, respectfully submits this Memorandum in support of her motion to dismiss all Counts of the Criminal Indictment due to the apparent selective motivation of the United States in seeking the Indictment. In the alternative, Ms. Palfrey respectfully requests that the Court enter an order requiring the government to turn over to defense counsel any documents and/or evidence relating to its decision to prosecute Ms. Palfrey.

**INTRODUCTION**

Formal legal proceedings involving Ms. Palfrey began in 2006 when law enforcement officers instituted civil forfeiture proceedings alleging that certain of her assets were acquired from or maintained with proceeds from criminal activity. Government's Reply to Defendant's Memorandum in Opposition to March 22, 2007 Protective Order and the Supplemental Protective Order Issued on May 10, 2007 (the "Government's Reply"), Background ¶ 1. During these proceedings, Ms. Palfrey's attorney for the civil forfeiture matter, Montgomery Blair

Sibley, became aware of potential conflicts of interest as he suspected that one or more members of the Department of Justice were clients of Ms. Palfrey's business, "Pamela Martin and Associates," and could be called to testify in the civil forfeiture proceedings.  See Government's Reply, Ex. 1.  He alerted the government of his suspicion via email on February 26, 2007.  Id.  In this communication, Mr. Sibley, on behalf of Ms. Palfrey, requested the appointment of Special Counsel to take over both the civil forfeiture matter and any criminal investigation of Ms. Palfrey.  Id.  He asserted that Ms. Palfrey was requesting the appointment of the Special Counsel to cure these suspected conflicts of interest.  Id.  In this email, Mr. Sibley also notified the government that Ms. Palfrey intended to release her telephone records to assist her in locating witnesses who were clients of her business to testify on her behalf in the civil forfeiture proceedings.  Id.  Only three days later and without directly addressing Ms. Palfrey's petition or suspicion of conflicts, the government charged Ms. Palfrey under a five-count indictment filed in the United States District Court for the District of Columbia.  Government's Reply, Background ¶ 9.

As can be verified by picking up the local Yellow Pages, a Washingtonian magazine, or The Washington Post, Ms. Palfrey owns and operates merely one of hundreds of escort services operating within the District of Columbia.  These businesses, and hundreds of massage parlours or day spas, operate openly in this community.  Ms. Palfrey was indicted, however, only after her civil counsel petitioned the government for appointment of Special Counsel because of a belief that Department of Justice attorneys were among Ms. Palfrey's clientele, and after he stated his intention to procure witnesses in the civil forfeiture proceeding by disclosing her business telephone records to the public.  By its own admission, the government has made perfectly clear that it considered Ms. Palfrey's letter to be a threat, and it immediately countered that letter with

obtaining the Indictment. Government's Reply, Background ¶ 3, 9 ("within days of Mr. Sibley's threat . . . [the grand jury] returned a multi-count Indictment charging Defendant Palfrey with a number of felony offenses.").

The government's response to Ms. Palfrey's petition did not end with the Indictment. The government has subsequently sought protective orders against all of Ms. Palfrey's property, including curtailing Ms. Palfrey's release of the phone records which she intended to use to find witnesses in her defense. See Government's Supplemental Authority in Support of Its Motion for Continuation of the Post-Indictment Restraining Order (the "Government's Supplemental Authority"), p. 4-5. As Ms. Palfrey's clients numbered far too many for her to know each by name, she reiterated to the government her intention to ascertain their identities by disclosing her telephone records to the public and the media who were highly motivated to assist in that effort. Government's Reply, Ex. 2. Again construing this intention as a threat, the government sought to include specifically the information in Ms. Palfrey's telephone records within the ambit of the protective order it had obtained to preserve the proceeds of Ms. Palfrey's alleged criminal activity. See Government's Supplemental Authority, p. 1.

## ARGUMENT

Ms. Palfrey exercised her First Amendment right to petition the government for the appointment of Special Counsel to take over the Department of Justice's investigation of which she was the focus. She requested Special Counsel because of suspected conflicts of interest within the Department of Justice as some of its members could potentially be called as witnesses in the civil forfeiture proceedings owing to a belief that some were clients of her business.[1]  It appears that the government's only response to Ms. Palfrey's petition was to "return a multi-count Indictment charging [Ms.] Palfrey with a number of felony offenses."  Government's Reply, Background, ¶ 4.  If the Indictment was indeed sought as a response to Ms. Palfrey's petition, this action would violate Ms. Palfrey's Equal Protection rights and constitute selective prosecution. While the government necessarily and uniquely retains the evidence which would demonstrate more conclusively whether actual selective prosecution occurred, the sequence of events and other surrounding facts and circumstances, including the exponential inflation of the charges to serious federal felonies from the relatively minor status with which the local jurisdictions have deemed the majority of such offenses to warrant, the great lengths the government has undergone to censor the public release of the identities of its presumably immunized witnesses, and its remarkable statement during the June 5 motions hearing professing a lack of interest in investigating the contents of Ms. Palfrey's telephone records, sufficiently demonstrate a prima facie case of selective prosecution.  Accordingly, Ms. Palfrey has established facts warranting the dismissal of the Indictment should the government fail to rebut this showing, or, at the very

---

[1] Subsequent media reports confirm the concerns expressed in Ms. Palfrey's petition.  See Howard Kurtz, Madam Story Keeps Mum On Clientele; '20/20' Declines to Identify Those Not Already Known, The Washington Post, May 5, 2007, at C01 (stating that the positions of the individuals on Palfrey's list "made them important, at least by the capital's standards: A federal prosecutor, who recently died.  A handful of military officers, including the head of an Air Force intelligence squadron.  A senior official at the World Bank and other officials at NASA and the International Monetary Fund.  Corporate CEOs.  And lobbyists, both Democratic and Republican.").

4

least, warranting an order for discovery to aid the defense in determining the extent of the government's misconduct.

### I. THE GOVERNMENT'S DECISION TO PROSECUTE APPEARS TO HAVE BEEN IMPROPERLY BASED ON MS. PALFREY'S EXERCISE OF HER FIRST AMENDMENT RIGHTS.

Selective prosecution is a defense to charges if, in the exercise of its discretion to prosecute, the Government used criteria which violated the Equal Protection Clause. United States v. Armstrong, 517 U.S. 456 (1996). The elements necessary to demonstrate selective prosecution draw on "ordinary equal protection standards." Id. at 465.

A decision to prosecute based on an individual's exercise of her rights under the First Amendment is considered unconstitutional selective prosecution. See United States v. Crowthers, 456 F.2d 1074, 1980 (4th Cir. 1972); United States v. Steele, 461 F.2d 1148, 1151 (9th Cir. 1972); United States v. Falk, 479 F.2d 616, 620-21 (7th Cir. 1973); United States v. McDonald, 553 F. Supp 1003, 1008 (S.D. Tex. 1983). First Amendment selective prosecution cases echo the policy articulated in Steele: "An enforcement procedure that focuses upon the vocal offender is inherently suspect, since it is vulnerable to the charge that those chosen for prosecution are being punished for their expression of ideas, a constitutionally protected right." Steele, 461 F.2d at 1152.

The test for claims of selective prosecution in response to the exercise of a First Amendment right is the same as the test for selective prosecution on the basis of some other arbitrary classification such as race, religion, or national origin. See id. To establish a prima facie case of selective prosecution, the claimant must show both that the federal prosecutorial policy (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose. Armstrong, 517 U.S. at 465. As mustering the requisite proof of selective prosecution can be onerous and the prosecution retains sole possession of much of the necessary material to mount a

5

successful selective prosecution claim, discovery on the issue may be allowed if the defense can show "'some evidence tending to show the existence of the essential elements of the defense,' discriminatory effect and discriminatory intent." Id. at 468; see Attorney General of the United States v. Irish People, Inc., 684 F.2d 928, 932 (D.C. Cir. 1982) ("[A]t the discovery stage, [the defendant] must offer at least a colorable claim both that the prosecution was improperly motivated and that it was selective in the first place.").

### A. The government appears to be treating similarly situated individuals differently.

To establish that the decision to prosecute has a *discriminatory effect*, the defendant must show that similarly situated individuals are not generally prosecuted for conduct similar to that with which the defendant is charged. See Armstrong, 517 U.S. at 465. To satisfy its burden in requesting discovery, however, the defense must only supply "some evidence" that the government is treating similarly situated individuals differently. Id. at 468.

In United States v. Meyer, 810 F.2d 1242, 1246 (D.C. Cir. 1987), the Court found that in deciding to file a charge of "Obstructing Sidewalks Adjacent to the White House" against only those demonstrators who exercised their constitutional right and chose to proceed to trial, the government treated similarly situated individuals differently. All participants in the demonstration were charged with demonstrating without a permit, but only those who chose to go to trial faced the second charge. Id. In the eyes of the court, this disparate treatment gave rise to a suspicion that the government discriminated among the defendants on the basis of their divergent decisions to exercise their constitutional rights. Id.[2]

In the instant matter, the government is disparately treating similarly situated individuals in that it has treated Ms. Palfrey differently from other escort service owners. One must only

---

[2] We note that Meyer is a vindictive prosecution case. We respectfully submit, however, that the analysis of that issue is the same for all pertinent purposes as that presented in this motion.

6

open the Yellow Pages or quickly glance through the sports section of The Washington Post to find many other escort services operating within Washington, D.C. which are not subject to indictment or, apparently, even investigation. The government has revealed nothing to distinguish the operations of Ms. Palfrey's service from that of any other escort service or spa advertised in these publications. Further, prostitution-related offenses have been deemed by the DC Council to warrant prosecution primarily as minor misdemeanors, prosecuted on the non-jury calendar along with shoplifting. Here, the government has constructed federal felony charges by pushing extremely harsh penal statutes designed to prosecute organized crime to achieve what this community has declined to consider as a particularly serious matter. This disparate treatment of similarly situated individuals supports the presumption that the government is acting with improper selectivity.

> **B. The government appears to have singled out Ms. Palfrey for prosecution based on her expressed concerns regarding conflicts of interest in the civil forfeiture proceedings.**

The *discriminatory purpose* prong is satisfied if evidence shows that the defendant has been (1) on the basis of an arbitrary classification such as race, religion, national origin, or exercise of First Amendment rights, (2) intentionally singled out for prosecution. United States v. Wayte, 470 U.S. 598, 605 (1985). To satisfy its burden in requesting discovery, however, the defense must only produce *some* evidence of discriminatory purpose by the government. Armstrong, 517 U.S. at 468.

> **1. The First Amendment protects Ms. Palfrey's ability to petition the government for appointment of Special Counsel.**

Ms. Palfrey alleges that the government sought an indictment against her in response to her petition for the appointment of Special Counsel and her declaration of intention to release her

7

phone records to the public. The letter which contains both the petition and her declaration of intention is protected by the First Amendment.

The Supreme Court has interpreted "speech" broadly in order to protect freedom of expression. See Texas v. Johnson, 491 U.S. 397, 404 (1989) (citing Spence v. Washington, 418 U.S. 405, 409 (1974)). This definition includes not only "vocal speech," but also written communications and a broad range of expressive conduct. See City of Ladue v. Gilleo, 512 U.S. 43, 45, 58 (1994). Specifically with regard to written communications to the government, the First Amendment also explicitly preserves for the people the right to petition government officials for the redress of grievances. U.S. Const. amend. I; see We the People Found. v. United States, 2007 U.S. App. LEXIS 10849, 8-10 (D.C. Cir. 2007).

The petition to the government drafted by Mr. Sibley on behalf of Ms. Palfrey stating her intention to release her phone records to the public is "speech" under the broad definition set forth in the First Amendment. The written communication to the government seeking "the appointment of a Special Counsel" is a petition directed to the government. Ms. Palfrey's petition for redress explains that such action is necessary due to a suspected conflict of interest. See Government's Reply, Ex. A. Regardless of the merits of Ms. Palfrey's request, her petition is protected under both the speech and petition clauses of the First Amendment, and any response aimed at penalizing Ms. Palfrey for her petition is improperly selective.

> **2. The government has intentionally singled out Ms. Palfrey for prosecution because she exercised her First Amendment right.**

For the exercise of prosecutorial discretion to be deemed unconstitutional, the selection standard used by the government must be *deliberately* founded upon an unjustifiable basis such as the exercise of a First Amendment right. United States v. Mangieri, 94 F.2d 1270, 1273 (D.C. Cir. 1982). See Wayte, 470 U.S. at 558 ("[T]he decisionmaker . . . selected or reaffirmed a

8

particular course of action at least in part because of, and not merely in spite of, its adverse effects upon an identifiable group.") (internal citations omitted). Again, as with the other selective prosecution elements, the defense must only produce *some* evidence that the government has singled out Ms. Palfrey on the basis of some illegitimate purpose to warrant discovery. Armstrong, 517 U.S. at 468 (emphasis added).

There is evidence apparent from the circumstances surrounding the Indictment, discussed in detail above, that demonstrate the realistic possibility that Ms. Palfrey was singled out for prosecution on the basis of her petition to the government requesting the appointment of Special Counsel. The "threat" which the government perceived from Ms. Palfrey's petition for appointment of Special Counsel appears, in the government's own words, to have served as the catalyst for the government's decision to single out Ms. Palfrey. Government's Reply, Background ¶ 3, 9. These circumstances supply some evidence of discriminatory purpose and provide, at the very least, ample justification for discovery on this issue to determine whether the government did, as it appears, indict Ms. Palfrey for reasons which violate the Equal Protection Clause and her First Amendment rights.

9

**CONCLUSION**

In the instant case, the government retains possession of virtually all the evidence that would demonstrate conclusively the presence of an unconstitutionally selective motivation for prosecution. The sequence of events and other surrounding facts and circumstances leading up to Ms. Palfrey's Indictment demonstrate that the government was motivated by an improperly selective purpose when it indicted Ms. Palfrey in the immediate aftermath of her petition for appointment of Special Counsel. Accordingly, Ms. Palfrey respectfully requests that the Court dismiss the Indictment in its entirety. In the alternative, Ms. Palfrey respectfully requests an order permitting discovery on this issue.

Respectfully submitted,

\_\_\_\_/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007

Dated: June 15, 2007                *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  :<br>  :<br>  Plaintiff,  :<br>  :<br>  v.  :<br>  :<br>DEBORAH JEANE PALFREY,  :<br>  :<br>  Defendant.  :<br>  : | Criminal No. 07-046 (GK) |

**ORDER**

Upon consideration of defendant Deborah Jeane Palfrey's Motion to Dismiss the Indictment Due to Selective Prosecution and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that all Counts of the Indictment are dismissed or, in the alternative,

ORDERED that the government shall provide discovery to aid the defense in determining whether there existed an improperly selective motivation for the prosecution of Ms. Palfrey.

_____
The Honorable Gladys Kessler
U.S. District Court for the District of Columbia

Copies to counsel of record