UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | CRIMINAL NO. 07-046 (GK) |
| ) | |
| DEBORAH JEANE PALFREY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AND ITS ATTENDANT FORFEITURE ALLEGATION FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSE**

Pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, defendant Deborah Jeane Palfrey (hereinafter "Ms. Palfrey"), through counsel, respectfully submits this Motion to Dismiss Count One of the Indictment, charging her with violating the Racketeer Influenced and Corrupt Organization Act (RICO), for failure to allege with particularity a pattern of racketeering activity, failure to allege a person distinct from the enterprise, failure to allege an enterprise distinct from the pattern of racketeering activity, failure to adequately plead a predicate offense, and failure to allege a nexus between the alleged unlawful activity and the interests sought to be forfeited.

For the reasons addressed in the accompanying Memorandum, Ms. Palfrey respectfully requests that the Court dismiss Count One of the Indictment and its attendant forfeiture allegation, charging her with violation of the RICO statute and giving notice of the government's intention to seek forfeiture. Ms. Palfrey respectfully requests a hearing on this motion.

                                      Respectfully submitted,

                                      \_\_\_/s/_____
                                      Preston Burton, Esq., D.C. Bar No. 426378
                                      Bree N. Murphy, Esq., D.C. Bar No. 497418
                                      Orrick, Herrington & Sutcliffe LLP
                                      Washington Harbour
                                      3050 K Street, N.W.
                                      Washington, D.C.  20007

Dated: June 15, 2007                           *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | CRIMINAL NO. 07-046 (GK) |
| ) | |
| DEBORAH JEANE PALFREY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AND ITS ATTENDANT FORFEITURE ALLEGATION FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSE**

Pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, defendant Deborah Jeane Palfrey (hereinafter "Ms. Palfrey"), through counsel, respectfully submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss Count One of the Indictment, charging her with violating the Racketeer Influenced and Corrupt Organization Act (RICO), and the attendant forfeiture allegation, for failure to allege with particularity a pattern of racketeering activity, failure to allege a person distinct from the enterprise, failure to allege an enterprise distinct from the pattern of racketeering activity, failure to adequately plead a predicate offense, and failure to allege a nexus between the alleged unlawful activity and the interests sought to be forfeited.

**INTRODUCTION**

On March 1, 2007, Ms. Palfrey was charged in a five count Indictment filed in the United States District Court for the District of Columbia. Ms. Palfrey now moves to dismiss Count One of the Indictment, and its attendant forfeiture allegation, for failure to allege the essential

elements of the charged offense. Count One of the Indictment charges that Ms. Palfrey, as the sole proprietor of Pamela Martin and Associates, "together with others known and unknown to the Grand Jury," constituted an enterprise within the meaning of Title 18, United States Code, § 1961(4). Indictment at Count 1, ¶ 7. The Indictment further alleges that "from, in, or about 1993 until, in, or about August of 2006," Ms. Palfrey, together with "others known and unknown to the grand jury," conducted and participated "in the conduct and affairs of the enterprise through a pattern of racketeering activity consisting" of fourteen specified acts. Id. at ¶ 11.

The Indictment subsequently lists fourteen Racketeering Acts alleged to constitute violations of the predicate offense, Interstate Transportation in Aid of Racketeering Enterprise (ITAR or Travel Act). Indictment at Count 1, ¶ 12. Each Racketeering Act, in turn, alleges that "between, in, or about" time periods spanning up to five years in length, Ms. Palfrey, aided and abetted by unnamed individuals, utilized the United States mails and unnamed facilities in interstate commerce to carry on a business enterprise involving prostitution offenses in violation of state law, and thereafter performed or attempted to perform unspecified acts in furtherance of the enterprise. Id. Finally, in the Forfeiture Allegation corresponding to Count One, the Indictment alleges interests sought to be forfeited by Ms. Palfrey in the event of her conviction under the RICO statute. Indictment at Forfeiture Allegation: Count 1, ¶ A. The Indictment concludes, without alleging any facts in support of its conclusion, that Ms. Palfrey has property constituting and derived from proceeds obtained from racketeering activity, and catalogues without explanation interests allegedly subject to forfeiture including stocks, coins, and real properties belonging to Ms. Palfrey. Indictment at Forfeiture Allegation: Count 1, ¶¶ B and C.

Count One of the Indictment, and its attendant forfeiture provision, should be dismissed for its failure to allege the essential elements of a RICO offense. First, the Indictment fails to

allege adequately a pattern of racketeering activity within the meaning of § 1962(c), because it has failed to set out this element with the particularity necessary to provide Ms. Palfrey with the constitutionally-mandated notice of the charges against her, notice essential to permit her to prepare her defense.  Second, the Indictment fails to allege an enterprise within the meaning of § 1962(c), because it has not alleged an enterprise distinct from the person of Ms. Palfrey.  Third, the Indictment fails to allege that Ms. Palfrey and the unnamed individuals of Pamela Martin and Associates constituted an enterprise distinct from the alleged pattern of racketeering activity, as required by §1962(c).  Fourth, the Indictment fails to allege a predicate racketeering activity within the meaning of § 1961(1), because it has failed to allege properly the essential elements of the underlying Travel Act violations, within the meaning of § 1952.  Finally, the Indictment fails to make out a Forfeiture Allegation attendant to Count One of the Indictment, because it has failed to proffer any factual basis for its conclusion that the catalogued interests and properties belonging to Ms. Palfrey constitute or are derived from the proceeds of racketeering activity.

While Ms. Palfrey has moved for a bill of particulars to assist in preparation for her defense, a bill of particulars cannot cure a deficient indictment.  <u>Russell v. United States</u>, 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."); <u>United States v. Superior Growers Supply, Inc.</u>, 982 F.2d 173, 177 (6th Cir. 1992). Instead, the proper result is dismissal.  <u>United States v. Nance</u>, 533 F.2d 699, 701 (D.C. Cir. 1976).

## ARGUMENT

I.    **THE INDICTMENT FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF A RICO VIOLATION.**

The Sixth Amendment mandates that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  U.S. Const. amend.

3

VI; see also Russell, 369 U.S. at 762. This constitutional requirement was incorporated in Rule (7)(c)(1) of the Federal Rules of Criminal Procedure, which states that the indictment "must be a plain, concise, and definite written statement of essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Notice to the defendant of the essential facts which underlie the charge alleged is necessary to protect the defendant and ensure that she is aware of the charges she must be prepared to meet. United States v. Pickett, 353 F.3d 62, 67 (D.C. Cir. 2004).

There are two primary criteria for measuring the sufficiency of an indictment (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what she must be prepared to meet, and (2) whether the record shows with accuracy to what extent the defendant may plead a former acquittal or conviction in case any other proceedings are taken against him for a similar offense. United States v. McBride, 498 F.2d 683, 685 (D.C. Cir. 1974); Russell, 269 U.S. at 763-64; see also Hamling v. United States, 418 U.S. 87, 116 (1974); United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980) ("The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment."). Courts have split the first criterion into two separate inquiries: (1)(a) whether the indictment contains the essential elements of the offense charged, and (1)(b) whether the indictment describes the elements with particularity and without any uncertainty or ambiguity. See Threadgill, 172 F.3d at 366.

### A. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).

Title 18, United States Code, § 1962(c) provides, in relevant part,

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

18 U.S.C. § 1962(c) (1988).

4

Thus, in order to charge properly a RICO violation, an indictment must allege: 1) the existence of an enterprise, 2) that the enterprise affected interstate commerce, 3) that the defendant was employed by or associated with the enterprise, 4) that the defendant participated in the affairs of the enterprise, and 5) that the defendant participated through a pattern of racketeering activity. Bergen v. Rothschild, 648 F. Supp. 582, 588 (D.D.C. 1986).[1]

### B. The Indictment fails to allege a pattern of racketeering activity with particularity.

Count One of the Indictment is facially and fatally deficient because it fails to allege with particularity a pattern of racketeering activity. It is well established that while an indictment may track the language of a statute in alleging an offense, simply parroting the terms of the statute alone is insufficient: "[The indictment] must state the species – it must descend to particulars. . . [The statutory language] must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976) (quoting Russell v. United States, 369 U.S. 749, 764-66 (1999)).

Moreover, "[a]s a constitutional matter, an indictment must contain all the elements of the offenses charged and sufficiently apprise the defendant of the charges so that he or she can

---

[1] While Bergen is a civil case, it provides a clear and accurate articulation of the elements that must be proven to make out a criminal RICO violation in the District of Columbia. These elements are identical to those articulated by other circuits in criminal matters. See, e.g., United States v. Martino, 648 F.2d 367, 394 (5th Cir. 1981)(for RICO violation, the government must prove: 1) the existence of the enterprise; 2) that the enterprise affected interstate commerce; 3) that the defendant was employed by or associated with the enterprise; 4) that he participated in the conduct of the affairs of the enterprise; and 5) that he participated through a pattern of racketeering activity). For a substantially similar enumeration of the elements to be proved in a criminal RICO case in this district, see United States v. Richardson, 167 F.3d 621, 625 (D.C. Cir. 1999)(defendant's sufficiency of evidence argument focused on two of the four elements of a RICO violation: "the 'existence of an enterprise' affecting interstate commerce and his participation in it through a 'pattern of racketeering activity'") (citing United States v. Hoyle, 122 F.3d 48, 50 (D.C. Cir. 1997)(the other two RICO elements are defendant's association with the enterprise, and his participation in the conduct of the enterprise's affairs)).

5

prepare to meet them." Hsu v. United States, 392 A.2d 927, 976 (D.C. 1978) (citing Russell, 396 U.S. 749 at 763; Nichols v. United States, 343 A.2d 336, 340 (D.C. 1975)).  In other words, the Indictment must provide details sufficient to enable the defendant to prepare her defense.  Id. at 976.  See also, United States v. Espy, 23 F. Supp. 2d 1, 5 (D.D.C. 1998) (finding that an indictment which "not only track[ed] the statutory language . . . but also [gave] sufficient factual detail so as to notify the defendant adequately of the nature of the charges" satisfied the requirements of Fed. R. Crim. P. 7(c); Williams v. United States, 756 A.2d 380, 388 (D.C. 2000) (citing Gaither v. United States, 413 F.2d 1061, 1066 (D.C. 1969)) ("the indictment serves two chief purposes [the first of which is] . . . 'to apprise the accused of the charges against him, so that he may adequately prepare for his defense'").

Count One is such a deficient charge because it fails to allege facts and circumstances sufficient to provide Ms. Palfrey with notice of the racketeering acts constituting the pattern of racketeering activity with which she is charged.  Each of the fourteen alleged racketeering acts in paragraph twelve contains ten lines of parroted statutory language, each identical to every other but for the largely non-specific time periods inserted, the identifying number assigned to the unidentified accomplice, and the termini of the alleged mailings.[2]  Indictment at Count 1, ¶ 12. Each Racketeering Act charges that between, in, or about time periods *up to five years in length*, Ms. Palfrey, aided and abetted by unnamed individuals, utilized the United States mails and unnamed facilities in interstate commerce, to carry on a business enterprise involving prostitution offenses in violation of state law, and thereafter performed or attempted to perform

---

[2] It is also noteworthy that Racketeering Acts six, nine, ten, twelve, and thirteen do not allege any activity in the District of Columbia, instead charging use of the mails and an interstate facility amongst the states of California, Maryland, and Virginia.  Indictment at Count 1 at ¶ 12.  Presumably, a conviction under RICO would require that the jury find that two or more predicate acts alleged to have occurred *in the District of Columbia* were proven; otherwise, a conviction based on improper venue would lie.

unspecified acts in furtherance of the enterprise. Indictment at Count 1, ¶ 12. Such language neither informs Ms. Palfrey of the barest nature of the facility or facilities she allegedly used, nor the vaguest genre of the act or acts she allegedly performed, and all within ill-defined time periods alleged to span up to several years, with the aid of unidentified individuals. Even incorporating facts drawn from the Indictment as a whole, Count One fails to set out constitutionally-meaningful allegations sufficient to enable Ms. Palfrey to prepare a defense.

### C. The Indictment fails to allege a person distinct from the alleged enterprise.

The Indictment is also fatally deficient because it fails to allege an enterprise distinct from the person "employed by or associated with" that enterprise, as required by the RICO statute. 18 U.S.C. § 1962(c). As the United States Supreme Court stated in Kushner Promotions, Ltd. v. King, there exists a "basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person', and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." 533 U.S. 158, 161 (2001). Indeed, as the Court noted, "[i]n ordinary English one speaks of employing, being employed by, or associating with others, not oneself." Id. "Accepting the 'distinctness' principle" and applying it to the circumstances before it, the Court in Kushner found that the president and sole shareholder of a corporation was a "person" distinct from his "enterprise" *corporation*, for purposes of § 1962(c), because a corporate entity is linguistically and legally different from those it employs. Id. at 164. As the Court noted, "[a]fter all, incorporation's basic purpose is to create a distinct legal entity, with legal rights, obligations, powers, and privileges different from those of the natural individuals who created it, who own it, or whom it employs." Id. at 163.

In the instant case, Count One of the Indictment fails to allege two distinct entities: a RICO defendant and a RICO enterprise. As the Indictment charges: "Defendant Deborah Jeane

7

Palfrey . . . also known as Pamela Martin . . . was the owner of Pamela Martin and Associates. Pamela Martin and Associates was a sole proprietorship for which defendant Palfrey managed the operations." Indictment at Count 1, ¶ 1-2. It then proceeds to charge that "Pamela Martin and Associates, *through defendant Palfrey*" hired female employees, placed advertisements seeking escorts, and advertised the services. Id. at ¶ 1-6 (emphasis added). Furthermore, it asserts that "*defendant Palfrey*" allegedly *managed* the enterprise, *hired* women from several states, had male "testers," *scheduled* appointments with associates, *maintained* phone numbers, *arranged* for the numbers to be forwarded, *maintained* a P.O. box, *directed* employees to keep a percentage of money earned, and *deposited* money order proceeds into her *own* accounts. Id. at ¶ 10(a)-(i) (emphasis added).

Indeed, the only thing the enterprise is alleged to have done apart from Ms. Palfrey is "exist…from in or about 1993 until in or about August of 2006."[3] Id. at ¶ 10(j). Nowhere does the Indictment allege facts to support any distinction between Ms. Palfrey as defendant "person" and Pamela Martin and Associates as alleged "enterprise." The Indictment charges neither the incorporation of Pamela Martin and Associates (which would demonstrate the entity's legal independence from its owner, substantiating its § 1962(c) independence as in Kushner) nor any other legal or factual distinction between Pamela Martin and Associates and Ms. Palfrey herself. The so-called "enterprise" is instead "the same 'person' referred to by a different name."[4]

---

[3] The Indictment does aver that "the enterprise received substantial income" from the alleged offenses; however, in the same paragraph it states that Ms. Palfrey received the money orders from her employees, deposited them into her *own* California accounts, and directed their use. Indictment at Count 1, ¶ 10(i). Such charges hardly proffer a distinction between Ms. Palfrey and the alleged enterprise – indeed, that linguistic flip-flopping only serves to highlight the Indictment's failure to allege properly this required distinction.

[4] In fact, the enterprise is not *even* "the same 'person' referred to by a different name," Kushner, 533 U.S. at 161, as the Indictment, in its improper list of aliases for Ms. Palfrey, refers to her as "Pamela Martin" herself. Indictment at Count One, ¶ 1. See Defendant Deborah Jeane Palfrey's Motion to Strike as Prejudicial Surplusage the Use of Aliases in the Indictment.

8

Kushner, 533 U.S. at 161.  Therefore, in failing to allege an enterprise distinct from Ms. Palfrey, the Indictment fails to allege an essential element of the offense and is fatally deficient.

> **D. The Indictment fails to allege an enterprise distinct from the pattern of racketeering activity.**

Count One of the Indictment should be dismissed because it fails to allege the essential element of enterprise distinct from a pattern of racketeering activity.  In United States v. Turkette, the Supreme Court asserted that an "enterprise," within the meaning of the RICO statute, "is an entity separate and apart from the pattern of activity in which it engages."  452 U.S. 576, 583 (1981).  Thus, to secure a criminal conviction under RICO, the government must distinctly prove both elements:

> The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.  The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise.  While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish proof of the other.

Id. at 583.  As the District of Columbia Circuit has articulated, the distinct element of enterprise is established by: 1) a common purpose among the participants; 2) organization; and 3) continuity.  United States v. Richardson, 167 F.3d 621, 625 (D.C. Cir. 1999) (citing United States v. Perholtz, 842 F.2d 343, 362 (D.C. Cir. 1988)).  While this Circuit has held that "the existence of the enterprise may be inferred from proof of the pattern," Perholtz, 842 F.3d at 362, the former "'at all times remains a separate element which must be proved by the government.'" United States v. White, 116 F.3d 903, 324 (D.C. Cir. 1997) (quoting Turkette, 452 U.S. at 583).

> **1.  The Indictment fails to allege continuity of the alleged enterprise.**

Count One of the Indictment does not allege an enterprise distinct from the alleged pattern of racketeering activity for two reasons.  First, it fails to aver continuity.  In conclusory

9

language, the Indictment states: "Defendant Palfrey together with others known and unknown. . . doing business as Pamela Martin and Associates, constituted an enterprise . . . that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." Indictment at Count 1, ¶ 7. Parroting the statutory language, the Indictment fails to allege properly the continuity necessary to aver an enterprise, because it declines to proffer a single factual allegation that Ms. Palfrey and the unnamed individuals were continuously associated.[5] Instead the Indictment simply defines Ms. Palfrey and the individuals, via the generic statutory language, as a "continuing unit," and offers as evidence only the circular charge that they pursued "a common purpose of achieving the objectives of the enterprise." Id. There is no indication in Count One, nor in the Indictment as a whole, of the level or degree of involvement of any of the unnamed individuals proposed to constitute the association-in-fact with Ms. Palfrey, and thus no indication, beyond the bare allegation, that "the various associates function[ed] as a continuing unit." Turkette, 452 U.S. at 583.

### 2. The Indictment fails to allege a common purpose of the members of the alleged enterprise.

The Indictment fails to aver the necessary element of enterprise because it fails to properly allege a common purpose. Indeed, it is again circular in its assertions that the "common purpose" unifying the individuals in the alleged enterprise was "achieving the objectives of the enterprise." Indictment at Count 1, ¶ 7. This tautology is wholly insufficient to satisfy the requirement of a common purpose, because it lacks even the bare-bones declaration of a purpose

---

[5] In Richardson, for example, evidence that defendants in an armed robbery enterprise "had social ties and were often seen together" supported the existence of an association independent of their crimes. 167 F.3d at 625. See also United States v. Cooper, 91 F. Supp. 2d 60, 72 (D.D.C. 2000) (stating that, if proved, the evidence proffered in the indictment that the defendants were close friends who socialized and traveled together, visited each other, referred to each other as 'brothers,' and fought to protect each other, could satisfy the continuity requirement). No such proffer has been made here.

10

found to have been alleged sufficiently in <u>Richardson</u>. 167 F.3d 621 at 625.  In that case, the common purpose "'to obtain money or other property by robbery'" was found adequate.  <u>Id.</u>  <u>See also</u> <u>United States v. Cooper</u>, 91 F. Supp. 2d 60, 67-69 (D.D.C. 2000) (finding that "enrichment through robbery" satisfactorily alleged a common purpose where it was charged that members divided monetary and other proceeds from several robberies, jointly undertook robberies targeting specific persons and places believed to have cash on hand, and jointly robbed a person to obtain a weapon).

In the instant case, not even a spare factual statement of common objective has been alleged.  Instead, the Indictment functionally charges that the purpose of the members of the enterprise was "to do what the enterprise does," – wholly failing the requirements set forth in Rule 7 and under <u>Russell</u>.  While the Indictment goes on to describe the "Purpose of the Enterprise," that description does not cure the empty allegation of common purpose for two reasons.  First, it is unclear that this paragraph refers to the purported common purpose unifying the enterprise's members which this Circuit requires.  <u>See</u> <u>Richardson</u>, 167 F.3d at 625 (to allege an enterprise it is necessary to allege "a common purpose *among the participants*") (emphasis added). Second, this paragraph charges that the enterprise's purpose was "enriching the members and associates of the enterprise through the operation of a prostitution business," and "promoting and enhancing the enterprise and its members' and associates' activities."  Indictment at Count 1, ¶ 8a-b.  This allegation is vague and obfuscated by its reliance on statutory language.  It is unclear what kind of "enrichment" is contemplated (unlike in <u>Cooper</u>, for example, where it was clearly alleged that the enterprise's members targeted persons and places known to have cash, for the common purpose of robbing them to obtain that cash), how "promoting and enhancing the

enterprise" is a purpose apart from the existence of the enterprise itself, and to what "activities" the Indictment refers. Id.

Thus, while Count One repeatedly refers to Pamela Martin and Associates as "the enterprise," perhaps in the hope that incanting it several times will make it so, the only remaining evidence that Ms. Palfrey and the unnamed individuals constituted an enterprise was their alleged, mutual engagement in the acts deemed to constitute the pattern of racketeering activity. Indictment at Count 1, ¶ 12. Without more, the Indictment fails to plead the "'at all times . . . separate element [of enterprise] which must be proved by the government,'" and is therefore fatally deficient. White, 116 F.3d at 324 (quoting Turkette, 452 U.S. at 583).

### E. The Indictment fails to adequately plead a predicate offense.

Prostitution is not a federal criminal offense, nor is it a predicate "racketeering activity" as defined in 18 U.S.C. § 1961(1). While the Indictment attempts to circumvent this hurdle by predicating the RICO allegations in Count One on fourteen alleged instances of Interstate Transportation in Aid of Racketeering Enterprise – that is, on violations of the Travel Act, 18 U.S.C. § 1952(a)(3), also alleged in Counts Two through Four, which does constitute a "racketeering activity" and for which prostitution is a specified "unlawful activity" – it fails to allege properly the necessary elements of the Travel Act violations, and so fails to charge properly an essential element of the RICO claim.[6] To allege adequately a claim under the Travel

---

[6] The Seventh Circuit, faced with similar "statute-stacking" tactics in indictments, has voiced concern about the employment of "a sequence of tenuous statutory connections to convert a minor state offense into a major violation of federal law." United States v. Griffith, 85 F.3d 284, 287 (7th Cir. 1996) (defendant charged with RICO violation predicated on violation of Travel Act, which in turn was predicated on state prostitution offenses). While in United States v. Montague, the Seventh Circuit affirmed the defendant's convictions "notwithstanding the fact that the sentences imposed [were] essentially for conduct in violation of state prostitution law, and [were] severe in comparison with those customarily imposed by state courts for similar conduct," the Court observed that such statutory manipulation "demonstrates how an aggressive United States Attorney can . . . take over from state prosecutors the prosecution of long-established state crimes and, in the process, secure more draconian sentences and increase the population of the already overcrowded federal prisons." 29 F.3d 317, 318 (7th Cir. 1994). As the Court is well aware, prostitution offenses in the District of Columbia are typically charged as misdemeanors handled on the non-jury calendar with shoplifting cases before magistrates in Superior Court.

Act, the Indictment must aver: (1) that the defendant voluntarily traveled in interstate commerce or used the facilities of interstate commerce; (2) that she attempted to or did in fact promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of any one of certain statutorily defined unlawful activities; and (3) that she committed a subsequent overt act in furtherance of the unlawful activity.  See United States v. Wander, 601 F.2d 1251, 1258 (3d Cir. 1979); United States v. Prince; 529 F.2d 1108, 1112 (6th Cir. 1976).

In the instant case, the government has not properly alleged the second and the third elements of the Travel Act.  With respect to the second, the Indictment wholly fails to allege facts that would "prove that the predicate activity falls within one of the activities listed in § 1952(b) . . . [and that] the defendant had the intent, with respect to each element of the relevant state offense, required in order to make out a violation of the state law." United States v. Jones, 909 F.2d 533, 538 (D.C. Cir. 1990).  While Count One of the Indictment lists fourteen Racketeering Acts alleged to constitute a pattern of racketeering activity, and states in each nearly identical allegations of the existence of an "unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the State laws described in paragraph nine," neither the latter paragraph nor the Indictment as a whole assert more than the unremarkable fact that D.C., Virginia, and Maryland have outlawed prostitution activities, and that Ms. Palfrey allegedly violated them.  Indictment at Count 1, ¶ 12.  No facts are alleged in support of the claim that the conduct of Ms. Palfrey or any associated individual violated the elements of the underlying D.C. statute.  Indeed, the language of § 1952(a)(3) is merely reproduced, and the elements of Title 22, D.C. Code, § 2707 or the other State offenses are not even mentioned or articulated.

The alleged Travel Act violations in Count One are likewise deficient with respect to the third element the government must ultimately prove: the requirement that after the use of the interstate facility, the defendant performed or attempted to perform an overt act. 18 U.S.C. § 1952(a)(3). In United States v. Childress, the court was faced with a similar question of failure to charge an offense under the Travel Act by virtue of failure to allege an overt act. 58 F.3d 693 (D.C. Cir. 1995). In that case, however, the court only addressed this issue in *dicta*, dispatching the appeal based on the defendants' failure to raise this objection to the indictment until after trial had begun, and following the presumption at that stage to construe the indictment in favor of the government. Id. at 720 (citing United States v. Gironda, 758 F.2d 1201, 1210 (7th Cir. 1985)). The Childress court also found that appellants had not demonstrated they had been prejudiced by a lack of particularity in the indictment. 58 F.3d at 720.

Ms. Palfrey, of course, is raising this issue in a timely manner before trial. Moreover, Ms. Palfrey is clearly harmed by the dearth of particularity in this averment, because she cannot possibly prepare a defense to such a generic assertion. Neither Count One nor any other portion of the Indictment gives any indication whatsoever of the nature of the "act" Ms. Palfrey is alleged to "thereafter" have "perform[ed] and attempt[ed] to perform." Indictment at Count 1 at ¶ 12. Instead, the Indictment merely incants the phrase "and thereafter did perform and attempt to perform an act to promote, manage, establish, and carry on" fourteen times consecutively in Count One, and then again in Counts Two through Four. Indictment at Count 1, ¶ 12. Once again, the Indictment regurgitates bald statutory language, resulting in a conclusory and unsupported assertion.

14

## II. THE INDICTMENT FAILS TO ALLEGE RICO FORFEITURE

### A. RICO Criminal Forfeiture Allegation, 18 U.S.C. §1963

The criminal forfeiture provision of the RICO statute provides, in relevant part:

Whoever violates any provision of section 1962 of this chapter . . . shall forfeit to the United States, . . .

(1) any interest the person has acquired or maintained in violation of section 1962;
(2) any—
    (A) interest in;
    (B) security of;
    (C) claim against; or
    (D) property or contractual right of any kind affording a source of influence over;
    any enterprise . . . in violation of section 1962; and
(3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity . . . in violation of section 1962.

18 U.S.C. § 1963(a) (1988).

### B. The Indictment fails to allege a nexus between the unlawful activity and the interests to be forfeited.

As this Circuit articulated in United States v. DeFries, the RICO criminal forfeiture provision "requires that there be a causal link between the property forfeited and the RICO violation." 129 F.3d 1293, 1313 (D.C. Cir. 1997). In DeFries, the court adopted the "but-for" test articulated by several other circuits, to "assess the nexus between the targeted property and the racketeering activity . . . [and] determine whether the government has established an appropriate causal relationship between the property to be forfeited and the statutory violation." Id. at 1313. As the DeFries court explained, "'in order to win a forfeiture order, the government must show . . . that [the defendant's] racketeering activities were a cause in fact of the acquisition or maintenance of' the property sought." Id. (quoting United States v. Horak, 833 F.2d 1235, 1243 (7th Cir. 1987)).

15

In the instant case, the Forfeiture Allegation corresponding to Count One of the Indictment fails to allege any nexus whatsoever between the assets listed and the alleged racketeering activity. Indictment at Forfeiture Allegation: Count 1. Indeed, the Forfeiture Allegation merely concludes that Ms. Palfrey "has acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture," reproduces the text of § 1963(a)(1)-(3), and then sets out a laundry list of everything from funds and stocks held by Ms. Palfrey to real properties and, most peculiarly, coins seized from her home. Indictment at Forfeiture Allegation: Count 1 at ¶ B(i), C. Even in the context of the Indictment as a whole, these paragraphs allege absolutely no facts whatsoever suggesting or supporting a "causal relationship between the property to be forfeited and the statutory violation." DeFries, 129 F.3d at 1313. Without even the allegation of a connection between the conclusion that "the defendant, has acquired and maintained interests in violation of Title 18, United States Code, Section 1963(a)(1)," and the highly particular assets and interests listed, the government has not adequately provided notice of forfeitures it is entitled to seek, should it prevail on the RICO charge. Indictment at Forfeiture Allegation: Count 1 at ¶ B(i). Thus, this aspect of the Indictment must also be dismissed.

**CONCLUSION**

For the foregoing reasons, Ms. Palfrey respectfully requests that the Court dismiss Count One of the Indictment and its attendant forfeiture allegation, charging her with violation of the RICO statute and giving notice of the government's intention to seek forfeiture. Ms. Palfrey respectfully requests a hearing on this motion.

Respectfully submitted,

\_\_\_\_/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C. 20007

Dated: June 15, 2007         *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal No. 07-046 (GK) |
| : | |
| **DEBORAH JEANE PALFREY,** : | |
| : | |
| Defendant. : | |

**ORDER**

Upon consideration of defendant Deborah Jeane Palfrey's Motion to Dismiss Count One of the Indictment and Its Attendant Forfeiture Allegation for Failure to Allege the Essential Elements of the Charged Offense and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that Count One of the Indictment and its attendant forfeiture allegation are dismissed.

_____
The Honorable Gladys Kessler
U.S. District Court for the District of Columbia

Copies to counsel of record