UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | CRIMINAL NO. 07-046 (GK) |
| ) | |
| DEBORAH JEANE PALFREY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S MOTION TO DISMISS COUNT FIVE OF THE INDICTMENT AND ITS ATTENDANT FORFEITURE ALLEGATION FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSE**

Pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, defendant Deborah Jeane Palfrey (hereinafter "Ms. Palfrey"), through counsel, respectfully submits this Motion to dismiss Count Five of the Indictment, charging her with conspiracy to commit money laundering, for failure to allege the essential elements of conspiracy to launder monetary instruments and of money laundering forfeiture.

Count Five of the Indictment has two primary defects. First, it fails to clearly inform Ms. Palfrey of the offense with which she is charged. Second, the Indictment fails to plead adequately a predicate offense because it does not allege the essential elements of the underlying offense of Interstate Transportation in Aid of Racketeering Enterprise ("Travel Act"). Finally, even if Count Five survives, the attendant forfeiture provision fails to adequately allege a "substantial connection" between the assets listed and the alleged conspiracy to launder money. Each of the Indictment's shortcomings prejudices Ms. Palfrey's ability to prepare to defend the charges at trial.

Accordingly, for the reasons addressed in the accompanying Memorandum, Ms. Palfrey respectfully requests that the Court dismiss the Indictment as to Count Five and the attendant forfeiture allegation. Ms. Palfrey respectfully requests a hearing on this motion.

Respectfully submitted,

___/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007

Dated: June 15, 2007                          *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | CRIMINAL NO. 07-046 (GK) |
| ) | |
| DEBORAH JEANE PALFREY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS COUNT FIVE OF THE INDICTMENT AND ITS ATTENDANT FORFEITURE ALLEGATION FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSE**

Pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, defendant Deborah Jeane Palfrey (hereinafter "Ms. Palfrey"), through counsel, respectfully submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss Count Five of the Indictment, charging her with conspiracy to commit money laundering, for failure to allege the essential elements of conspiracy to launder monetary instruments and of money laundering forfeiture.

**INTRODUCTION**

On March 1, 2007, Ms. Palfrey was charged in a five count Indictment filed in the United States District Court for the District of Columbia. Ms. Palfrey now moves to dismiss Count Five of the Indictment, conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and its attendant forfeiture allegation, for failure to allege the essential elements of the charged offense.

Count Five of the Indictment alleges that between 1993 and August of 2006, in the District of Columbia and elsewhere, Ms. Palfrey conspired with unnamed persons to launder money. The Indictment recites the statutory language of 18 U.S.C. § 1956, including the

sections on conspiracy to commit money laundering and the underlying money laundering offense. The Indictment alleges the objects of the purported conspiracy as "conduct[ing] financial transactions with money obtained in exchange for sexual intercourse" and "conduct[ing] financial transactions with proceeds the business enterprise unlawfully obtained . . . for the purpose of moving funds to Palfrey for her use in promoting the unlawful activities of the business enterprise." Indictment at Count 5, ¶¶ 17 and 18. The forfeiture allegation attendant to Count Five states that, "[a]s a direct or indirect result of the offense alleged in Count Five of this Indictment, defendant Palfrey shall forfeit to the United States property, real and personal, that was involved in defendant's violation of [the Money Laundering Control Act] or is traceable to such property." Indictment at Forfeiture Allegation: Count 5 at ¶ B. The allegation then goes on to detail property to be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

    Count Five of the Indictment, and its attendant forfeiture provision, should be dismissed in its entirety. Count Five has two primary defects. First, it fails to clearly inform Ms. Palfrey of the offense with which she is charged. Not only does the Indictment fail to apprise Ms. Palfrey of circumstances sufficient to identify what proscribed conduct is at issue, but the Indictment fails to define its ambiguous terms sufficient for her to defend the charge at trial. Second, the Indictment fails to plead adequately a predicate offense because it does not allege the essential elements of the underlying offense of Interstate Transportation in Aid of Racketeering Enterprise ("Travel Act"). Finally, even if Count Five survives, the attendant forfeiture provision fails to adequately allege a "substantial connection" between the assets listed and the alleged conspiracy to launder money.

2

Each of the Indictment's shortcomings prejudices Ms. Palfrey's ability to prepare to defend the charges at trial. Accordingly, this Court should dismiss the Indictment as to Count Five and the attendant forfeiture allegation.

## ARGUMENT

### I. THE INDICTMENT FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS.

By failing to go beyond the plain language of the statute, the Indictment fails to allege the necessary circumstances surrounding the charges to enable Ms. Palfrey to prepare her defense. Likewise, by failing to define the term "proceeds" in the Indictment, the government has failed to describe adequately the charge against Ms. Palfrey, undermining the legitimacy of the Indictment returned by the Grand Jury and substantially hindering her ability to prepare for trial.

While Ms. Palfrey has moved for a bill of particulars to assist in preparation for her defense, a bill of particulars cannot cure a deficient indictment. Russell v. United States, 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."); United States v. Superior Growers Supply, Inc., 982 F.2d 173, 177 (6th Cir. 1992). Instead, the proper result is dismissal. United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976).

#### A.   The Money Laundering Control Act, 18 U.S.C. § 1956

Title 18, United States Code, Section 1956(h) provides, in relevant part,

> Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C. § 1956(h). Though the Indictment does not specify which provision of Section 1956 or 1957 Ms. Palfrey allegedly conspired to violate, it incorporates the language of Title 18, United States Code, Section 1956(a)(1)(A)(i). This section provides, in relevant part,

3

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity— with the intent to promote the carrying on of specific unlawful activity; shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

18 U.S.C. §1956(a)(1)(A)(i).

The elements of conspiracy to commit money laundering which an indictment must allege are (1) that there was an agreement between two or more persons to commit money laundering, and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose. United States v. Threadgill, 172 F.3d 357, 366 (5th Cir. 1999).

      **B.**    **The Indictment fails to apprise Ms. Palfrey of the offense with which she is charged in a full, complete, and unambiguous manner.**

The Sixth Amendment mandates that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI; see also Russell, 369 U.S. at 762. This constitutional requirement was embodied in Rule (7)(c)(1) of the Federal Rules of Criminal Procedure, which states that the indictment "must be a plain, concise, and definite written statement of essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Notice to the defendant of the essential facts which underlie the charge alleged is necessary to protect the defendant and ensure that she is aware of the charges she must be prepared to meet. United States v. Pickett, 353 F.3d 62, 67 (D.C. Cir. 2004).

There are two primary criteria for measuring the sufficiency of an indictment (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently

4

apprises the defendant of what she must be prepared to meet, and (2) whether the record shows with accuracy to what extent the defendant may plead a former acquittal or conviction in case any other proceedings are taken against him for a similar offense. United States v. McBride, 498 F.2d 683, 685 (D.C. Cir. 1974); Russell, 269 U.S. at 763-64; see also Hamling v. United States, 418 U.S. 87, 116 (1974); United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980) ("The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment."). Courts have split the first criterion into two separate inquiries: (1)(a) whether the indictment contains the essential elements of the offense charged, and (1)(b) whether the indictment describes the elements with particularity and without any uncertainty or ambiguity. See Threadgill, 172 F.3d at 366.

      **1.**    **The Indictment fails to describe the elements of the charge with particularity.**

In tracing the language of 18 U.S.C. § 1956(h), the Indictment articulates the skeletal elements of a conspiracy to commit money laundering charge against Ms. Palfrey as required by inquiry (a) of prong (1) above. The Indictment must, however, go on to provide the essential facts in addition to the plain language of §1956(h) for the Indictment to be sufficient. See Hamling, 418 U.S. at 116 ("Undoubtedly the language of the statue may be used in the general description of an offence, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.") (citation omitted). By failing to go beyond the plain language of the statute, the government has failed to remove uncertainty and ambiguity from the Indictment.

In addressing questions regarding the sufficiency of indictments, the Court of Appeals for the District of Columbia Circuit has noted the following:

> In some cases, it is enough if the indictment puts the charge in the words of the statute but this is acceptable only where the statute itself fully, directly, and unambiguously sets forth all of the elements of the offense. The more generally applicable rule is that the indictment may use the language of the statute, but that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged.

Conlon, 628 F.2d at 155; see also Nance, 353 F.2d at 701 ("Following the generic wording of a statute is not necessarily sufficient."). This reasoning follows from the guidance of the Supreme Court as expressed in Russell: an indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." 369 U.S. at 765.

The Indictment fails to state the bare necessity of circumstances surrounding the charge required to apprise Ms. Palfrey of the nature of the accusation against her. In Count Five, the Indictment incorporates paragraphs one through six, nine and ten of Count One. These paragraphs contain a modest description of the alleged organizational structure of Ms. Palfrey's business. The remaining paragraphs of Count Five charge the defendant through the language of 18 U.S.C. § 1956(a)(1)(A)(i) and (h) of conspiracy to commit money laundering and briefly describe the objects of the conspiracy. The only circumstances of the charge which any of these paragraphs allege indicate that illegal activity occurred sometime in a thirteen year period in Washington, D.C., Virginia, and Maryland, an area greater than 55,000 square miles. For Ms. Palfrey to adequately prepare for trial based on the information provided in the Indictment, she must attempt to recall her actions and communications over a protracted period of time in two states and the District of Columbia. Such a requirement presupposes that Ms. Palfrey knows

6

precisely the conduct in which the government alleges she engaged—a supposition blatantly inconsistent with the presumption of innocence.

      **2.    The Indictment fails to define "proceeds" sufficient to inform Ms. Palfrey of the nature of the charges against her**

The language of the Indictment tracks not only the wording of the charge levied against Ms. Palfrey from 18 U.S.C. § 1956(h), but also borrows the phrasing of the apparent underlying offense, 18 U.S.C. § 1956(a)(1)(A)(i). The precise meaning of terms in the underlying offense, specifically the term "proceeds," has been the focus of considerable debate between the Courts of Appeals in several circuits. The D.C. Circuit has yet to set forth its views on the meaning of the term "proceeds." As "proceeds" was not defined clearly by statute, case law, or the government, the Grand Jury could not possibly return a legitimate indictment on this issue and the Indictment it did return failed to apprise Ms. Palfrey of information necessary for her to prepare to defend the charge. Accordingly, the Indictment is insufficient and should be dismissed as to Count Five.

      **i.    The meaning of the term "proceeds" as used in the Indictment is unclear.**

The source of the Indictment's flaw traces from the failure of 18 U.S.C. § 1956 to define the term "proceeds." See 18 U.S.C. § 1956(c). As a result, it has been up to the courts to supply this definition and a split in the circuits now exists on this issue. In United States v. Scialabba, the Seventh Circuit defined the term as used in 18 U.S.C. § 1956(a)(1) to mean "net income" as opposed to "gross income." 282 F.3d 475 (7th Cir. 2000). By contrast, the First and Eighth Circuits have defined the term as used in the statute to mean "gross income." United States v. Iacoboni, 363 F.3d 1, 4 (1st Cir. 2004); United States v. Huber, 404 F.3d 1047, 1058 (8th Cir. 2005).

A more recent Seventh Circuit decision, while reaffirming its decision to interpret "proceeds" as net profits, details the parameters of the disagreement. Santos v. United States, 461 F.3d 886 (7th Cir. 2006), cert. granted, United States v. Santos, 2007 U.S. LEXIS 4347 (U.S. Apr. 23, 2007). In Santos, the Eighth Circuit reiterated the analysis it used in Scialabba, stating that "the word 'proceeds' in § 1956(a)(1) denotes net rather than gross income of an unlawful venture . . . otherwise the predicate crime merges into the money laundering (for no business can be carried on without expenses) and the word 'proceeds' loses operational significance." Santos, 461 F.3d at 890-91 (quoting Scialabba, 282 F.3d at 478, 475). The Eighth Circuit found that defining "proceeds" as net rather than gross profits is necessary "to avoid 'convict[ing] a person of multiple offenses when the transactions that violate one statute necessarily violate another." Santos, 461 F.3d at 890 (quoting Scialabba, 282 F.3d at 477). The Eighth Circuit feared that using "gross profits" as the definition for "proceeds" could allow charges of both the underlying unlawful activity and money laundering for only one transaction if the government tried to used the payment of operating expenses as the financial transaction element of the money laundering conviction. Santos, 461 F.3d at 890. At present, this issue is pending before the United States Supreme Court and awaits resolution.

Regardless of how this dispute is resolved, the problems it presents are concrete and have severe ramifications on the Indictment returned against Ms. Palfrey in this case. As written, it is unclear which definition the Grand Jury used to return the Indictment in this case—either "gross profits," as used by the First and Eight Circuits, or "net profits," as used by the Seventh Circuit.

> **ii.    The cryptic use of "proceeds" in the Indictment fails to provide Ms. Palfrey with a description of the charge sufficient to allow her to prepare for trial.**

The law itself is unsettled as to the meaning of the term "proceeds." Regardless of how the issue is ultimately resolved, a dispute existed on March 1, 2007—the date the Indictment was returned by the Grand Jury—as to the meaning of "proceeds" used in both 18 U.S.C. § 1956 and the Indictment. This dispute with regard to the term's definition has two necessary consequences, both of which are fatal for Count Five. First, the Grand Jury could not have understood what the term "proceeds" meant when it returned the Indictment against Ms. Palfrey. A Grand Jury's charge must reflect the evidence presented by the government to show a violation of law as instructed by the government. As the term is not defined either in the statute or the case law in this Circuit, it is incumbent upon the government to adequately define this term in the instructions given to the Grand Jury and the Indictment it returns. Without knowing what the law is, the Grand Jury could not evaluate properly the evidence produced by the government according to the law and the Indictment returned was illegitimate as to Count Five. Second, in reading the charge against her, Ms. Palfrey can have no way of knowing whether the "proceeds" which the Indictment alleges Ms. Palfrey used in the conspiracy to commit money laundering are the net income or gross income from her business. This ambiguity substantially undercuts Ms. Palfrey's ability to prepare to defend the charges and renders Count Five of the Indictment insufficient.

     **C.**    **The Indictment fails to Adequately Plead a Predicate Offense.**

Prostitution is not a federal offense, nor is it a predicate "specified unlawful activity" as defined in 18 U.S.C. § 1956(a)(1)(A)(i).  As noted in Ms. Palfrey's motion to dismiss the Travel Act charges, Counts Two through Four, the Indictment attempts to circumvent this hurdle by predicating the conspiracy to commit money laundering allegations in Count Five on instances of "interstate travel or transportation in aid of racketeering enterprises—that is, on violations of the Travel Act, 18 U.S.C. § 1952(a)(3).  However, the Indictment fails to allege the necessary elements of the Travel Act violations, and so fails to properly charge an essential element of the conspiracy to commit money laundering claim.[1]  We incorporate by reference Ms. Palfrey's position as stated in her Motion to Dismiss Counts Two Through Four of the Indictment for Failure to Allege the Essential Elements of 18 U.S.C. 1952.

**II.**    **THE INDICTMENT FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF MONEY LAUNDERING FORFEITURE.**

     **A.**    **Money Laundering Criminal Forfeiture Allegation, 18 U.S.C. § 982(a)(1)**

The criminal forfeiture provision applicable to the Money Laundering Control Act provides, in relevant part,

> The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United

---

[1] The Seventh Circuit, faced with similar "statute-stacking" tactics in indictments, has voiced concern about the employment of "a sequence of tenuous statutory connections to convert a minor state offense into a major violation of federal law."  United States v. Griffith, 85 F.3d 284, 287 (7th Cir. 1996) (defendant charged with RICO violation predicated on violation of Travel Act, which in turn was predicated on state prostitution offenses).  While in United States v. Montague, the Seventh Circuit affirmed the defendant's convictions "notwithstanding the fact that the sentences imposed [were] essentially for conduct in violation of state prostitution law, and [were] severe in comparison with those customarily imposed by state courts for similar conduct," the Court observed that such statutory manipulation "demonstrates how an aggressive United States Attorney can . . . take over from state prosecutors the prosecution of long-established state crimes and, in the process, secure more draconian sentences and increase the population of the already overcrowded federal prisons."  29 F.3d 317, 318 (7th Cir. 1994).

10

States any property, real or personal, involved in such offense, or any property traceable to such property.

18 U.S.C. § 982(a)(1).

### B. The Indictment fails to allege a substantial connection between the unlawful activity and the interests to be forfeited.

Under the Money Laundering Criminal Forfeiture Allegation, the United States may successfully obtain a decree for forfeiture of property if it shows that the property was "involved in" a money laundering transaction or attempted transaction. 18 U.S.C. § 982(a)(1); see United States v. Funds From Prudential Securities, 362 F. Supp. 2d 75, 80 (D.D.C. 2005). In Funds From Prudential Securities, this Court clarified that the "involved in" requirement of Section 982(a)(1) means that the government must establish, *inter alia*, that there is a "substantial connection" between the defendant property and the alleged offense. Funds From Prudential Securities, 362 F. Supp. at 80-81.[2]

In the instant case, the Forfeiture Allegation corresponding to Count Five of the Indictment is fatally deficient for its failure to allege a "substantial connection" between the assets listed and the alleged conspiracy to launder monetary instruments. Indictment at Forfeiture Allegation: Count 5. The Forfeiture Allegation merely parrots the language of 18 U.S.C. § 982(a)(1), directing that Ms. Palfrey forfeit to the United States "property, real or personal, that was involved in the defendant's violation of [the Money Laundering Control Act], or is traceable to such property." Indictment at Forfeiture Allegation: Count 5 at ¶ B. In setting out a laundry list of items subject to forfeiture—including everything from funds and stocks held by Ms. Palfrey to real properties and, most peculiarly, coins seized from her home—the

---

[2] Though Funds From Prudential Securities and Parcel 03179-005R examine the propriety of *civil* forfeiture under 18 U.S.C. § 981(a)(1)(A), this statute mirrors the criminal forfeiture statute in mandating the forfeiture of any property "involved in" a money laundering offense. 18 U.S.C.S. § 981(a)(1)(A) (2007). Indeed, this Court has referred interchangeably to civil and criminal forfeiture cases in analyzing forfeiture requirements for money laundering offenses. See, e.g., Parcel 03179-005R, 311 F. Supp. at 130 n.6.

11

Indictment fails to allege any facts suggesting or supporting a "substantial connection between the defendant property and the alleged offense."  Indictment at Forfeiture Allegation: Count 5 at ¶ B; <u>Funds From Prudential Securities</u>, 362 F. Supp. at 80-81.  In the absence of this alleged connection, the government has provided inadequate notice of the forfeitures it is entitled to seek should it prevail on the money laundering charge, thereby hampering Ms. Palfrey's defense.

## CONCLUSION

    For the foregoing reasons, Ms. Palfrey respectfully requests that the Court dismiss Count Five of the Indictment and its attendant forfeiture allegation, charging her with violation conspiracy to commit money laundering and giving notice of the government's intention to seek forfeiture.  Ms. Palfrey respectfully requests a hearing on this motion.

                                Respectfully submitted,

                                    /s/              
                              Preston Burton, Esq., D.C. Bar No. 426378
                              Bree N. Murphy, Esq., D.C. Bar No. 497418
                              Orrick, Herrington & Sutcliffe LLP
                              Washington Harbour
                              3050 K Street, N.W.
                              Washington, D.C.  20007

Dated: June 15, 2007                       *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DEBORAH JEANE PALFREY,<br><br>　　　　　Defendant. | Criminal No. 07-046 (GK) |

**ORDER**

Upon consideration of defendant Deborah Jeane Palfrey's Motion to Dismiss Count Five of the Indictment and Its Attendant Forfeiture Allegation for Failure to Allege the Essential Elements of the Charged Offense and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that Count Five of the Indictment and its attendant forfeiture allegation are dismissed.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　The Honorable Gladys Kessler
　　　　　　　　　　　　　　　　　　　　U.S. District Court for the District of Columbia

Copies to counsel of record