UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-046 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT DEBORAH JEANE PALFREY'S MOTION TO DISMISS COUNTS TWO THROUGH FOUR OF THE INDICTMENT FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF 18 U.S.C. § 1952**

Defendant Deborah Jeane Palfrey, through undersigned counsel, and pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, respectfully submits this Motion to dismiss Counts Two through Four of the Indictment because the allegations therein fail to set forth the necessary elements of the offense of travel in interstate commerce in aid of racketeering enterprises and the offense of aiding and abetting.

For the reasons addressed in the accompanying Memorandum, Ms. Palfrey respectfully requests that this Court dismiss Counts Two through Four of the Indictment, charging her with violation of the Travel Act. Ms. Palfrey respectfully requests a hearing on this motion.

Respectfully submitted,

/s/
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C. 20007

Dated: June 15, 2007                    *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-046 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT DEBORAH JEANE PALFREY'S MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS COUNTS TWO THROUGH FOUR OF THE INDICTMENT FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF 18 U.S.C. § 1952**

Defendant Deborah Jeane Palfrey, through undersigned counsel, and pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, respectfully submits this Memorandum in support of her motion to dismiss Counts Two through Four of the Indictment because the allegations therein fail to set forth the necessary elements of the offense of travel in interstate commerce in aid of racketeering enterprises and the offense of aiding and abetting.

Neither procurement, nor prostitution is a federal criminal offense.[1] Additionally, neither the RICO nor money laundering offenses list prostitution under the specified unlawful activities required to bring those charges. Instead the government manufactures federal jurisdiction in this

---

[1] Indeed, prostitution, as opposed to solicitation, was not illegal in the District of Columbia until this past year. See United States v. Jones, 909 F.2d 533, 538 (D.C. Cir. 1990); 53 D.C. Reg. 8610 (Apr. 24, 2007) (amending the language of D.C. Code § 22-2701 to criminalize prostitution along with solicitation). The offenses of prostitution and solicitation are misdemeanor offenses in the District of Columbia, deemed so insignificant that they are prosecuted on the non-jury calendar in Superior Court along with such grave offenses as shoplifting and taking property without right. Faced with this, the government invokes procurement, a seldom-charged D.C. Code felony, its Virginia counterpart felony, and a Maryland misdemeanor, to engineer the most serious of federal charges, persuading the grand jury to return an indictment charging Ms. Palfrey with money laundering and RICO, offenses with potential penalties of 20 years of incarceration each. In the end, Ms. Palfrey is being singled out to be punished essentially for alleged petty prostitution-type offenses committed by unnamed and unindicted conspirators. See e.g. D.C. Code § 22-2701; MD. Code Ann., Crim. Law § 11-306 (LexisNexis 2007); Va. Code Ann. § 18.2-346 (2007).

case by resorting to the Travel Act statute, which is listed as a specified unlawful activity under the RICO and money laundering statutes, to support federal jurisdiction for those charges. This legerdemain enables the government to legislate a federal criminal offense where Congress has declined to find one and punish what is truly a local criminal offense in a manner exponentially more serious than that deemed appropriate by the D.C. Council or Congress.[2] Thus, all the charges in this case rest uncomfortably on the clay feet of Counts Two through Four, which however inventively, have been engineered improperly.[3]

## INTRODUCTION

On March 1, 2007, Ms. Palfrey was charged under a five count Indictment filed in the United States District Court for the District of Columbia. The Indictment charges Ms. Palfrey with racketeering activity in violation of 18 U.S.C. § 1962(c) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), both predicated upon violations of 18 U.S.C. § 1952(a)(3) (hereinafter Travel Act); and aiding and abetting in violation of 18 U.S.C. § 2. The Travel Act allegations, paragraphs thirteen and fourteen, merely recite the language of the Travel Act statute and fail to allege properly an overt act. While those Counts incorporate other provisions in the Indictment, they nevertheless fail to state or incorporate the elements of the state offenses referenced in paragraph nine. The state offenses and the overt act are elements that must clearly be alleged in order to state properly a violation of the Travel Act. They are absent in this Indictment's articulation of these charges. Likewise, these same skeletal paragraphs fail to even recite the

---

[2] In Rewis v. United States, 401 U.S. 808 (1971), Justice Marshall warned against an overbroad reading of the Travel Act, since doing so ". . . would transform relatively minor state offenses into federal felonies." Id. at 812. That is precisely what the government has done here. See discussion infra Part I.D.

[3] Cf. United States v. Iennaco, 893 F.2d 394 (D.C. Cir. 1990) (Ginsburg, R.B., J) (reversing telephone facilitation charge where government failed to prove underlying distribution offenses and reversing Travel Act conviction where government failed to prove underlying conspiracy allegation).

2

language of the aiding and abetting offense, or identify the elements that must be satisfied under that provision.

The Indictment fails to allege sufficiently a violation of the Travel Act. An indictment must "contain[] the elements of the offense intended to be charged, 'and sufficiently apprise[] the defendant of what he must be prepared to meet . . .'" Russell v. United States, 369 U.S. 749, 763 (1962). The government has failed to meet this fairly minimal burden in two equally fatal ways. First, the Indictment fails to state the elements of the underlying state crimes referenced in paragraph nine – elements which must both be alleged and proven by the government to obtain a conviction under the Travel Act. Second, the government has failed to attribute a single overt act to Ms. Palfrey, after her alleged use of the United States mails, to further an illegal activity under the Travel Act.

Not only does the Indictment insufficiently plead essential elements of the Travel Act offenses, but its failure to provide an adequate description of the specific factual conduct in issue exposes Ms. Palfrey to subsequent prosecutions for this same conduct, violating her right to not be placed in double jeopardy under the Fifth Amendment. Similarly, the Indictment fails to plead the essential elements of the aiding and abetting offense, instead incanting the statute by rote without any articulation of a legal or factual basis for the charge. As such, Counts Two through Four must be dismissed, as must Counts One and Five which are predicated on the alleged Travel Act violation.

While Ms. Palfrey has moved for a bill of particulars to assist in preparation for her defense, a bill of particulars cannot cure a deficient indictment. Russell v. United States, 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."); United States v. Superior Growers Supply, Inc., 982 F.2d 173, 177 (6th Cir. 1992). Instead, the proper result is dismissal. United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976).

3

## I. THE INDICTMENT FAILS TO STATE AN OFFENSE IN VIOLATION OF THE TRAVEL ACT.

The Sixth Amendment mandates that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI; see also Russell, 369 U.S. at 762. This constitutional requirement was incorporated in Rule (7)(c)(1) of the Federal Rules of Criminal Procedure, which states that the indictment "must be a plain, concise, and definite written statement of essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Notice to the defendant of the essential facts which underlie the charge alleged is necessary to protect the defendant and ensure that she is aware of the charges she must be prepared to meet. United States v. Pickett, 353 F.3d 62, 67 (D.C. Cir. 2004).

There are two primary criteria for measuring the sufficiency of an indictment (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what she must be prepared to meet, and (2) whether the record shows with accuracy to what extent the defendant may plead a former acquittal or conviction in case any other proceedings are taken against him for a similar offense. United States v. McBride, 498 F.2d 683, 685 (D.C. Cir. 1974); Russell, 269 U.S. at 763-64; see also Hamling v. United States, 418 U.S. 87, 116 (1974); United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980) ("The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment."). Courts have split the first criterion into two separate inquiries to simplify the analysis: (1)(a) whether the indictment contains the essential elements of the offense charged, and (1)(b) whether the indictment describes the elements with particularity and without any uncertainty or ambiguity. See Threadgill, 172 F.3d at 366.

### A.  The Travel Act, 18 U,S,C, § 1952(a)(3).

Title 18, United States Code, Section 1952(a) provides in relevant part:

(a) Whoever . . . uses any facility in interstate . . . commerce, including the mail, with intent to –

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined under this title, imprisoned not more than five years, or both.

"Unlawful activity" is defined to include, *inter alia*, "any business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed . . ."

18 U.S.C. § 1952(a)-(b); see also Jones, 909 F.2d at 535.

Three essential elements must be alleged to support a Travel Act charge: that (1) the defendant voluntarily traveled in interstate commerce or used the facilities of interstate commerce; (2) that she attempted to or did in fact promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of any one of certain statutorily defined unlawful activities; and (3) that she committed a subsequent overt act in furtherance of the unlawful activity.  See United States v. Wander, 601 F.2d 1251, 1258 (3d Cir. 1979); United States v. Prince; 529 F.2d 1108, 1112 (6th Cir. 1976).

### B.  The Indictment does not allege properly the essential elements of § 1952(a)(3).

#### 1. The Indictment fails to allege properly and incorporate the underlying state law offenses.

The Indictment alleges, in a conclusory manner, that Ms. Palfrey operated "a business enterprise involving prostitution offenses in violation of the laws of the District of Columbia, the State of Maryland, and the State of Virginia."  Indictment at Counts 2-4, ¶ 14.  Neither this barren statement, nor paragraph nine, provides sufficient facts that would "prove that the predicate activity falls within one of the activities listed in § 1952(b). . .[and that] the defendant had the intent, with

5

respect to each element of the relevant state offense, required in order to make out a violation of the state law." Jones, 909 F.2d at 538.

Jones involved facts and issues analogous to those presented in this case. The defendants in Jones were charged under the Travel Act which, in turn, relied on the Virginia, Maryland and District of Columbia state laws prohibiting prostitution. In nearly identical language to the current Indictment, the defendants in that case were accused of running an escort business that was engaged in "prostitution activities." Id. at 535. The appellate court held that the government had failed to prove that the escort service was an "'unlawful activity,' to wit. . .a 'prostitution business[],'" because the jury instructions in the case "implied that the activities of the escort service violated only some vaguely conceived lay notion of prostitution, as opposed to a specific provision in the Virginia, Maryland, or District of Columbia criminal codes." Id. at 537-38. In other words, the government's, and the trial court's, key failure was to inform the jury that the state statutes were merely "definitional" for purposes of determining the defendants' guilt under the Travel Act. Id. at 538.

The court in Jones squarely rejected the "definitional" position advanced by the government and by some other circuits. Cf. United States v. Conway, 507 F.2d 1047 (5th Cir. 1975) (holding that the elements of the state law prohibiting the activity are not incorporated into and made elements of the Travel Act offense). While addressed at jury instructions, the holding in Jones makes clear that merely referencing a state statute in the Travel Act count of an indictment, as was done here, is not sufficient. The current Indictment provides not even a short, plain statement of the elements of the state offenses or of how Ms. Palfrey's conduct violated those statutes, providing no notice to the defendant of the specifics of the state crimes for which she is being indicted.

The Indictment fails to mention that the pertinent state prostitution laws have elements distinct from the Travel Act elements which must be satisfied in order to obtain a conviction. While

earlier in the Indictment, it alleges that Ms. Palfrey hired employees to engage in prostitution, the Indictment fails to indicate which particular state prostitution laws were violated, or how the elements of those laws might be satisfied. See Indictment at Count 1, ¶ 3. Additionally, in Counts Two through Four, the Indictment lumps together "the laws of the District of Columbia, the State of Maryland, and the State of Virginia," failing to set out the distinct elements of the particular statutes in issue or to specify which of these laws was violated and how. Indictment at Counts 2-4, ¶ 14. Nowhere in the twenty-page Indictment does it delineate the specific *individual* state law elements that it will need to prove to obtain a conviction under the Travel Act and fails to specify which state law is implicated in any particular Travel Act count or in any of the RICO predicate acts.[4] For example, the elements of the cited Virginia procurement law require that Ms. Palfrey have received something of value *from a customer* for whom she had procured a prostitute, not something of value *from the prostitute*. Compare Va. Code Ann. § 18.2-356 with Va. Code. Ann. § 18.2-357.[5]  Thus, the Virginia law does not criminalize the conversion of funds from the prostitutes into money orders to send to Ms. Palfrey, which is what the Indictment actually alleges. See Indictment at Count 1, ¶ 10.[6]

---

[4] For example, the elements required to prove a violation of Title 22, District of Columbia Code, Section 2707 are: (1) that the defendant received money or any other thing of value; and (2) the defendant receives such money or thing of value in exchange for arranging for or causing [a person] to engage in prostitution. See Byas v. United States, 182 F.2d 94, 96 (D.C. Cir. 1950). The elements required to prove the cited misdemeanor crime in Maryland are: (1) the defendant knowingly, (2) procured. . .or offered to procure. . .for prostitution. Md. Code Ann., Criminal Law § 11-306 (LexisNexis 2007).

[5] To violate the Virginia Code § 18.2-356 one must have: (1) received value for procuring a prostitute, (2) the thing of value must be from the customer, and (3) and the procurement must be done for the purpose of illicit sexual intercourse or sodomy. See Va. Prac. Criminal Offenses & Defenses (2007 ed.) § 17.

[6] To be sure, the government need not prove an actual violation of the state statute, but it must prove that the defendant performed, or attempted to perform, an act with the intent that each element of the state offense be completed. Jones, 909 F.2d at 539. That is a question of proof. This motion attacks the sufficiency of the charges in the Indictment.

### 2. The Indictment fails to specify an overt act.

The Indictment is also deficient due to its failure to properly allege the commission of an overt act in furtherance of the alleged unlawful activity. The Travel Act counts are contained within paragraphs thirteen and fourteen of the Indictment. By incorporation, the Indictment references paragraphs one through six and nine of the Indictment. Indictment at Counts 2-4 ¶ 13. Nowhere in these nine paragraphs does the Indictment allege a single substantive fact describing an overt act, performed by Ms. Palfrey, intended to "promote, manage, establish or carry on" the prostitution activity alleged in paragraph four. Instead, the Indictment regurgitates the language of the statute, stating "and [she] thereafter did perform and attempt to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity." Indictment at Counts 2-4 ¶ 14. Without detailing an overt act, the Indictment fails to charge properly Ms. Palfrey with a violation of the Travel Act.

The United States Supreme Court famously addressed the issue of a sufficient indictment in Russell v. United States, 369 U.S. 749 (1962). In Russell, the Court stated :

> It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,-it must descend to particulars.'

Id. at 765 (internal citations omitted). The Supreme Court reasoned that although stringent technical requirements for indictments are no longer necessary, a criminal defendant still retains certain constitutional protections. Mere repetition of the relevant statute, as the government has done in the instant case, is insufficient. Id. at 764. Under the Sixth Amendment, the defendant has the right to be "informed of the nature and cause of the accusation" against her. U.S. Const. amend. VI. The Court in Russell stated that this right is violated when an indictment is found to be insufficient:

8

> A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture.

Russell, 369 U.S. at 766.

In addressing questions regarding the sufficiency of indictments, the Court of Appeals for the District of Columbia Circuit has noted the following:

> In some cases, it is enough if the indictment puts the charge in the words of the statute but this is acceptable only where the statute itself fully, directly, and unambiguously sets forth all of the elements of the offense. The more generally applicable rule is that the indictment may use the language of the statute, but that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged.

Conlon, 628 F.2d at 155; see also United States v. Nance, 353 F.2d 699, 701 (D.C. Cir. 1976) ("Following the generic wording of a statute is not necessarily sufficient."). This reasoning follows from the guidance of the Supreme Court as expressed in Russell: an indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." 369 U.S. at 765.

The Indictment in this case, failing to inform Ms. Palfrey of what overt acts she allegedly committed as part of a Travel Act violation, fails the Russell and Conlon standards. Without clearly indicating what acts the government alleges satisfy the elements of the Travel Act, the government would be able to "fill in the gaps of proof" throughout the course of this case, potentially proceeding under a theory inconsistent with that found by the grand jury, and creating a scenario where Ms. Palfrey is unable to prepare a proper defense to the moving target of a charge.

In United States v. Wander, the Third Circuit, applying Russell to a Travel Act charge, held that to prevail on a Travel Act claim the government must allege an overt act. 601 F.2d 1251, 1258-1259 (3d Cir. 1979). The majority stated that "failure to aver a subsequent overt act in furtherance of the unlawful activity renders [the Travel Act counts] of the indictment defective. . .." Id. at 1258-

9

59. While in <u>Wander</u> the indictment failed completely to address this essential element, the current Indictment's rote citation of statutory language, particularly where there are multiple jurisdictions and potential acts in issue, is functionally no better.

Although the D.C. Circuit has liberally interpreted the requirement that an indictment state an offense, this Indictment pushes that notion of flexibility well beyond the limits marked in <u>Russell</u> and <u>Hamling v. United States</u>, 418 U.S. 87 (1974). In <u>United States v. Childress</u>, 58 F.3d 693 (D.C. Cir. 1995), a panel with an opportunity to address squarely the dimensions of this flexibility in a Travel Act charge resolved it on procedural grounds, dismissing defendants' argument because they had failed to object previously to the sufficiency of the indictment. The defendants in <u>Childress</u> waited until the matter was before the appellate court to raise an objection that the indictment had failed to charge an offense under the Travel Act because it failed to assert an overt act. The Court dispatched the issue, noting that in such a tardy challenge the indictment will be construed in favor of the government. <u>Id.</u> at 720 (citing <u>United States v. Gironda</u>, 758 F.2d 1201, 1210 (7th Cir. 1985)). Obviously, in this case, Ms. Palfrey's challenge does not suffer from the same time-bar.

Ms. Palfrey's case is further distinguishable from <u>Childress</u> because the Indictment here also fails to set out other essential elements of the Travel Act, a deficiency apparently not presented in <u>Childress</u>. As argued above, the government has not satisfied its burden to allege sufficient facts that indicate that the underlying, predicate, state procurement charge was, or even could have been violated. <u>See</u> discussion <u>supra</u> Part I.B.1. Therefore, Ms. Palfrey is faced with an Indictment that not only fails to allege or describe any overt act taken after the alleged use of the mails, but also remains silent on key elements essential to allege the predicate acts necessary to demonstrate a violation of the Travel Act.

The Supreme Court has made clear that even under the relatively lax requirements for alleging an offense properly, the Indictment may not be completely devoid of facts that constitute

10

the charged offense. See Hamling, 418 U.S. at 117-18 (stating that while the language of the statute may be used to describe an offense, it must be accompanied by facts sufficient to inform the defendant about the specific offense with which she is charged) (internal citations omitted); see also discussion infra Part I.C. In the instant case, neither the paragraphs incorporated by reference into Counts Two through Four, nor paragraph fourteen, provide facts sufficient to inform Ms. Palfrey of the specific unlawful activity she facilitated under the Travel Act charge. Beyond a recitation of the statute, the government merely alleges that Ms. Palfrey ran an escort service, jumps to a conclusory statement that Ms. Palfrey's business was operating in violation of the local prostitution laws, and fails to specify any act, after her alleged use of the mail system, performed in furtherance of the alleged illegal activity. Indictment at Count 1, ¶ 10(i). Accordingly, these flawed counts must be dismissed.

### C. The government's allegations in the Indictment threaten to violate Ms. Palfrey's Fifth Amendment right against double jeopardy.

The Indictment's pervasive ambiguity impairs Ms. Palfrey's right under the Fifth Amendment to not face double jeopardy.[7] The failure of the Indictment to make clear which acts are being used to support the allegations against Ms. Palfrey could lead to her being indicted a second time on similar facts no matter the outcome in the instant case. This concern underlies the body of law addressing the sufficiency of the text of an indictment. In Hamling, for example, the Court articulated the standard by which the indictment would be considered sufficient. It must "first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which [s]he must defend, and, second, enable[] [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. at 117.

---

[7] The relevant portion of the Fifth Amendment reads ". . . [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . ." U.S. Const. amend. V.

11

The government's failure to specify the overt acts on which it relies in the Travel Act counts implicates Ms. Palfrey's Fifth Amendment right against double jeopardy. In the Travel Act counts, the Indictment does no more than incant that Ms. Palfrey "thereafter did perform and attempt to perform an act. . ." to satisfy the government's duty to charge the elements of a Travel Act violation. Indictment at Counts 2-4, ¶ 14. In this way, the Indictment fails to provide a single fact illuminating any of these alleged overt acts.[8] See discussion supra Part I.B.2. Such vague language not only renders the Indictment insufficient, it also fails to enable Ms. Palfrey to assert her constitutional right to protection from double jeopardy or to assure that the government has not written itself a blank check in the Indictment text it presented to the grand jury.[9]

### D. The government exceeds the scope of the Travel Act by claiming that the activity allegedly done by defendant qualifies as a proscribed activity under 18 U.S.C. § 1952.

The crimes with which Ms. Palfrey is charged are purely local crimes relating to procurement and prostitution. These types of crimes have traditionally been litigated within their local jurisdictions and not at the federal level. The government is attempting to turn this tradition of division of enforcement responsibility on its head by prosecuting Ms. Palfrey in federal court, under federal statutes, for local crimes. In United States v. Rewis, 401 U.S. at 812, Justice Marshall was emphatic in pointing out that an expansive reading of the Travel Act "would alter sensitive federal-state relationships, could overextend limited federal police resources, and. . . would transform relatively minor state offenses into federal felonies." Id. at 812. While Justice Marshall's

---

[8] The Indictment does state, as part of the RICO allegations in paragraph 10(i), that Ms. Palfrey "would deposit those proceeds in her own accounts in California and use these proceeds to support herself, *the enterprise*, and to acquire assets. . ." Indictment at Count 1, ¶ 10(i) (emphasis added). This claim is no more indicative of specifically what act the government believes occurred than the language in paragraph 14, and does not satisfy the Supreme Court's standard for a sufficient indictment described in Hamling.

[9] This vague Indictment also raises potential duplicity and multiplicity issues, insofar as it appears to charge Ms. Palfrey with multiple violations of serious federal offenses with overlapping elements of proof for the same underlying set of conduct – that is, the activity allegedly undertaken by Ms. Palfrey and her alleged unnamed and unindicted co-conspirators in violation of three state's laws.

12

cautionary observations were made in the context of a gambling case, his concerns about an overbroad reading of the Travel Act are equally applicable here.

Rewis was heavily relied upon by the concurring opinion in United States v. Wander. 601 F.2d at 1263. In that case, the Third Circuit overturned the defendant's convictions under the Travel Act. The concurrence, arguing for dismissal of all counts, reiterated what had been stressed by earlier Supreme Court cases and circuit cases regarding the Travel Act, namely that "its primary target was organized crime." Id. at 1265. The court held that, since this was the original goal of the Travel Act, and since the Act's scope outside of this area is ambiguous, "the courts must decline to impose punishment for actions that are not 'plainly and unmistakably' proscribed [by the Travel Act]." Id. at 1266 (citing United States v. Gradwell, 243 U.S. 476, 485 (1917)).

The concurrence in Wander articulated two factors that should be considered by courts in determining whether or not an activity should be considered to be a "proscribed act" under the Travel Act. Id. at 1267. The first factor is whether the activity "involves use of interstate facilities by the principals on such a scale that local investigation and prosecution would be ineffective. . ." Id. The second factor, a corollary to the first, requires a court to consider "the capacity of the local prosecutor, with or without federal assistance, to investigate and prosecute effectively." Id. Ms. Palfrey's case, when considered through the lens of these two factors, clearly falls outside the rubric of "proscribed activity" under the Travel Act.

In the Indictment, all of the alleged procurement crimes occurred in the District of Columbia or its immediate vicinity in Virginia and Maryland. The sole hook with which the government attempts to link this essentially local activity to interstate activity is the alleged use of mail facilities to send money orders of very small amounts to California. Indictment at Count 1, ¶ 10(i). There are no facts proffered by the government to indicate that these actions were so expansive that the power of the federal government is required to investigate and prosecute it properly. Furthermore,

to address the second factor identified by the concurrence in <u>Wander</u>, there is no reason to believe the local state prosecutors in Virginia, Maryland, and certainly this same United States Attorney's Office in the District of Columbia, are unable to pursue this investigation and prosecution of these local crimes in local courts.  The underlying state procurement crimes Ms. Palfrey is accused of violating as a predicate to the Travel Act have traditionally fallen within the ambit of local law enforcement, and were not "plainly and unambiguously proscribed" by Congress when it enacted the Travel Act.  Therefore, Counts Two through Four of the Indictment should be dismissed because the government is exceeding the scope of the Travel Act by basing it on traditionally local offenses.

## II. THE INDICTMENT FAILS TO ALLEGE THE PROPER ELEMENTS TO SUPPORT A CHARGE UNDER 18 U.S.C. § 2.

The aiding and abetting charges, based on a rote citation of 18 U.S.C. § 2 , that tail Counts Two through Four, should be dismissed in their entirety.  The Indictment fails to even describe the elements of the offense in the statutory language, which, as argued above, is the bare minimum required for a sufficient indictment.  <u>See</u> <u>Hamling</u>, 418 U.S. at 117; <u>Russell</u>, 369 U.S. at 765.  <u>See also</u> discussion <u>supra</u> Parts I.B.2, I.C.  The elements of the aiding and abetting offense are (1) specific intent to facilitate commission of crime by another, (2) guilty knowledge on part of accused; (3) that offense was being committed by someone; and (4) that accused assisted or participated in commission of offense.  <u>United States v. Raper</u>, 676 F.2d 841, 849 (D.C. Cir. 1982).

In the current Indictment there is absolutely no attempt to describe these elements, or indicate how they are satisfied, there is not even an indication as to whom Ms. Palfrey is alleged to have aided and abetted.  <u>See</u> Indictment at Count 1, ¶ 14.  That the Indictment cites the aiding and abetting provisions underscores the importance of having the overt acts and state violation elements clearly defined, as those components are essential to permit the Court to assess whether the aiding and abetting statute is properly pleaded.  <u>See</u> <u>Russell</u>, 369 U.S. at 769 (the secondary purpose of an

14

indictment is "to inform the court of the facts alleged, so that it may decide whether they are sufficient in the law to support a conviction if one should be had.") (quoting United States v. Cruikshank, 92 U.S. 542, 558 (1875)).  The only statutory language that is laid out is that of the Travel Act. See Indictment at Counts 2-4 ¶ 12, 14.  Since the Indictment is clearly insufficient in regard to the charge of Aiding and Abetting, this offense should be stricken in its entirety.

## CONCLUSION

For the foregoing reasons, Ms. Palfrey respectfully requests that this Court dismiss Counts Two through Four of the Indictment, charging her with violation of the Travel Act.  Ms. Palfrey respectfully requests a hearing on this motion.

Respectfully submitted

   /s/
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007

Dated: June 15, 2007                    *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal No. 07-046 (GK) |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Upon consideration of defendant Deborah Jeane Palfrey's Motion to Dismiss Counts Two Through Four of the Indictment for Failure to Allege the Essential Elements of 18 U.S.C. § 1952 and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that Counts Two through Four of the Indictment are dismissed.

_____
The Honorable Gladys Kessler
U.S. District Court for the District of Columbia

Copies to counsel of record