UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-46 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

DEFENDANT DEBORAH JEANE PALFREY'S MOTION TO DISMISS
FOR UNCONSTITUTIONAL APPLICATION
OF THE LOCAL PROSTITUTION STATUTES

Defendant Deborah Jeane Palfrey, by and through counsel, respectfully submits this Motion to dismiss the Indictment for its reliance on an unconstitutional application of the local prostitution statutes. As demonstrated in the other motions filed by Ms. Palfrey, the federal RICO and money laundering charges against Ms. Palfrey depend on their incorporation of the Travel Act violations which, in turn, are predicated upon local prostitution offenses in the District of Columbia, Virginia, and Maryland since there is no federal crime of prostitution. These state prostitution laws, however, are unconstitutional as applied to the alleged conduct -- private conduct between consenting adults -- in this case. Therefore, since no underlying violation of state prostitution laws occurred, no federal criminal offenses can be pursued using the alchemy suggested by the government in this case.

For the reasons articulated in the accompanying Memorandum, and any others that the Court deems just, Ms. Palfrey respectfully requests that this Court dismiss the Indictment for its unconstitutional application of the local prostitution statutes. Ms. Palfrey respectfully requests a hearing on this issue.

Respectfully submitted,

_____/s/_____
Preston Burton, Esq., DC Bar No. 426378
Bree Nicolai Murphy, Esq., DC Bar No. 497418
ORRICK, HERRINGTON & SUTCLIFFE LLP
Washington Harbour
3050 K Street, N.W.
Washington, DC  20007
202-339-8400

June 15, 2007

*Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-46 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT DEBORAH JEANE PALFREY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS
FOR UNCONSTITUTIONAL APPLICATION
OF THE LOCAL PROSTITUTION STATUTES**

"Liberty protects the person from unwarranted government intrusions into a dwelling or other private places. In our tradition the State is not omnipresent in the home. And there are other spheres of our lives and existence, outside the home, where the States should not be a dominant presence." And so begins the seminal decision in Lawrence v. Texas, 539 U.S. 558, 562 (2003), in which the United States Supreme Court struck down the limited recognition of privacy interests set forth some fifteen years earlier in Bowers v. Hardwick[1] and invalidated a Texas law criminalizing sexual conduct between consenting adults of the same sex. These same constitutional considerations call for the dismissal of the charges brought against Deborah Jeane Palfrey in this case.

Ms. Palfrey's criminal liability is entirely dependent on a finding that the conduct of her independent contractors was criminal in nature, rather than protected by individual privacy interests. The essentially local offense of prostitution underlies all of the federal charges in the

---

[1] 478 U.S. 186 (1986).

Indictment. As demonstrated in the other motions filed by Ms. Palfrey, the federal RICO and money laundering charges against Ms. Palfrey depend on their incorporation of the Travel Act violations which, in turn, are predicated upon local prostitution offenses in the District of Columbia, Virginia, and Maryland since there is no federal crime of prostitution. These state prostitution laws, however, are unconstitutional as applied to the alleged conduct -- private conduct -- in this case. Therefore, since no underlying violation of state prostitution laws occurred, no federal criminal offenses can be pursued using the alchemy suggested by the government in this case.

As the Court is aware, Ms. Palfrey has denied knowing that, or even if, the meetings between the escorts and their customers were intended to be exchanges of sexual intercourse or oral sex for money, as distinct from meetings where customers could engage in legal sexual or fantasy conduct. Indeed, as a condition of their employment, the independent contractor escorts had agreed in writing not to engage in any illegal conduct. But, even assuming that clients and escorts engaged in financial negotiations for sexual intercourse or oral sex, the local statutes proscribing such conduct are unconstitutional as applied to that private conduct.

The conduct in issue in this case occurred not on the public streets of the three jurisdictions invoked by the United States, but, rather, occurred between consenting adults in private homes, private hotel rooms, or other private areas. The conduct between these adults, even assuming that the escorts breached their contractual agreement with Ms. Palfrey's business and negotiated arrangements of sexual intercourse in exchange for compensation, occurred in private settings and, therefore, occurred beyond the scope of what the government may properly regulate. Accord Lawrence, 539 U.S. at 564 ("The petitioners were adults at the time of the alleged offense. Their conduct was private and consensual.").

In this case, there is no allegation that the participants were minors or that anyone was forced to engage in the activities in question.  Further, there is no indication that Ms. Palfrey failed to report any income she derived from her business activities.  Thus, the government is left with enforcing antiquated statutes aimed at regulating morality and lifestyle choices, the criminality of which has been seriously called into question in the aftermath of Lawrence.

In framing the analysis of the liberty and privacy issues presented in Lawrence, Justice Kennedy, writing for the majority, noted "the case should be resolved by determining whether the petitioners were free as adults to engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution." Id.  The Court analyzed the expansion of the privacy interests recognized and protected in Griswold v. Connecticut, 381 U.S. 479 (1965), from those occurring in a marital relationship to intimate conduct between non-married persons, ultimately calling for the Court to reconsider and supplant the reasoning it employed in Bowers v. Hardwick, 478 U.S. 186 (1986).  Ultimately, the Lawrence Court determined that the concern expressed in Bowers -- that a different result would overturn longstanding laws proscribing homosexual conduct -- did not justify an erosion of the liberty interests at issue and "should counsel against attempts by the State or a court, to define the meaning of the relationship or to set its boundaries absent injury to a person or abuse of an institution the law protects." Lawrence, 539 U.S. at 566.

In Lawrence, the majority opinion does note that the conduct before it did not "involve public conduct or prostitution." Lawrence, 539 at 578.  But the context of that declaration was the distinction between private interests and public interests.  Consistent with Lawrence, Ms. Palfrey does not challenge the aspect of the prostitution laws that apply to public conduct; however, the allegedly proscribed conduct before this Court is purely private in nature and the

fact of a commercial component between the two consenting adults involved does not erode those same privacy and liberty interests discussed in Lawrence.

Ms. Palfrey is mindful that prior to Lawrence, the D.C. Court of Appeals upheld the D.C. solicitation of prostitution laws against similar constitutional attacks. In Blyther v. United States, 577 A.2d 1154 (D.C. 1990), the Court upheld against an assertion of a right to privacy appellant's criminal conviction for commercial sexual solicitation in a private home. In Lutz v. United States, 434 A.2d 442 (D.C. 1981), the D.C. Court of Appeals upheld a conviction for similar conduct in a private hotel room. Again, both Blyther and Lutz were decided before Lawrence. Moreover, the Blyther panel explicitly relied upon Bowers as part of their analysis of the constitutional privacy issues, see Blyther, 577 A.2d at 1157, while the Lutz panel embraced a very limited conception of privacy rights inconsistent with the broader recognition of those rights in Lawrence. Lutz, 434 A.2d at 445-446.[2] As such, those cases have little if any weight in the aftermath of Lawrence.

Similarly, it appears that the Virginia and Maryland prostitution statutes invoked in the Indictment have not been subjected squarely to an analysis of their constitutionality under the revitalized right to privacy for intimate sexual conduct between consenting adults in private places. Cf. Martin v. Ziherl, 269 Va. 35, 42-43, 607 S.E.2d 367, 371 (2005) (declaring Virginia anti-fornication statute unconstitutional under Lawrence, noting, *in dicta*, that State laws regulating activities involving minors, non-consenting individuals, prostitution, or public conduct

---

[2] Lutz is also distinguishable as it addresses a police sting scenario in which the defendant arrived at a hotel room rented by the police. Accord Moses v. United States, 339 A.2d 46, 50 (D.C. 1975) ("We are not confronted here with any adult's private, consensual sexual conduct. Appellees were arrested upon allegedly making solicitations presumably having been made in some public place. Whatever might have happened had appellees succeeded in their solicitations and engaged elsewhere in some private sexual act for a price is irrelevant."). In this case, there is no police conduct and the persons engaging in the conduct in these private hotel rooms fully enjoyed an expectation of privacy.

4

"might" produce a different result under Lawrence).³ See also Williams v. Morgan, 478 F.3d 1316, 1322 (11th Cir. 2007) (upholding Alabama Code prohibiting the commercial sale of devices to stimulate sexual organs on public morality grounds after Lawrence, finding that the conduct was neither private nor non-commercial).

It is important to note that Ms. Palfrey is not charged under the solicitation statutes. Instead, she is charged with procuring prostitution under D.C. Code § 22-2707. If the conduct she is charged with procuring is not itself illegal prostitution because the acts alleged all occurred in private locales between consenting adults, then she cannot be guilty under this vicarious criminal theory. Accord United States v. Iennaco, 893 F.2d 394 (D.C. Cir. 1990) (Ginsburg, R.B., J) (reversing telephone facilitation charge where government failed to prove underlying distribution offenses and reversing Travel Act conviction where government failed to prove underlying conspiracy allegation).

Accordingly, Ms. Palfrey may not be criminally charged for the protected private activities of either the escorts or their customers and this Indictment, all of the charges of which depend on the Travel Act violations which, in turn, depend on violations of local prostitution offenses, must be dismissed.

---

³ Last week, the Virginia Supreme Court upheld the conviction of a defendant under Virginia's sodomy statute where the conduct involved a minor, noting that neither Martin nor Lawrence prohibited the application of the sodomy statutes to adult-minor activity. McDonald v. Commonwealth, 2007 WL 1651189 (Va. June 8, 2007).

5

For the foregoing reasons and any others that the Court deems just, Ms. Palfrey respectfully requests that this Court dismiss the Indictment for its unconstitutional application of the local prostitution statutes. Ms. Palfrey respectfully requests a hearing on this issue.

                                Respectfully submitted,

                                _____/s/_____
                                Preston Burton, Esq., DC Bar No. 426378
                                Bree Nicolai Murphy, Esq., DC Bar No. 497418
                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                Washington Harbour
                                3050 K Street, N.W.
                                Washington, DC  20007
                                202-339-8400

June 15, 2007                            *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal No. 07-046 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

# ORDER

Upon consideration of defendant Deborah Jeane Palfrey's Motion to Dismiss for Unconstitutional Application of the Local Prostitution Statutes and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that all Counts of the Indictment are dismissed.

_____
The Honorable Gladys Kessler
U.S. District Court for the District of Columbia

Copies to counsel of record