**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Criminal No. 07-046 (GK)** |
| : | |
| **DEBORAH JEANE PALFREY,** : | |
| : | |
| **Defendant.** : | |
| : | |

**DEFENDANT DEBORAH JEANE PALFREY'S
MOTION FOR A BILL OF PARTICULARS**

Defendant Deborah Jeane Palfrey, through counsel, respectfully moves the Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, for a Bill of Particulars in the above-entitled action.  Specifically, Ms. Palfrey requests that the government provide the following particulars:

**I. Count One:**

a.  Page 2, ¶ 7        Specify those "known and unknown to the Grand Jury, doing business as Pamela Martin and Associates," alleged to constitute an enterprise as defined in 18 U.S.C. § 1961(4).

b.  Page 2, ¶ 7        Explain what common purpose and objectives are indicated by the statement that members of the alleged enterprise "functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise."

c.  Page 3, ¶ 8        Explain to what "activities" this paragraph refers.

e.  Page 5, ¶11        Identify "others known and unknown to the Grand Jury, being persons employed by and associated with the enterprise."

1

f.  Pages 5-12, ¶ 12    Identify the "person[s] known to the Grand Jury . . . but not named herein," the "facilit[ies] in interstate commerce," the "act[s] to promote, manage, establish, and carry on…," the dates of the use of the "United States mail and a facility in interstate commerce," and the dates of the "act[s] to promote, manage, establish, and carry on…" referenced in Racketeering Act Numbers One through Fourteen.

**II.  Counts Two Through Four:**

a.  Page 13, ¶ 14    Identify how Ms. Palfrey "used the United States mail and a facility in interstate commerce," and specifically what act defendant "did perform and attempt to perform to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity."

b.  Page 13, ¶ 14    Articulate how Ms. Palfrey violated the laws of the State or District at issue.

**III.  Count Five:**

a.  Pages 13-14, ¶ 16   Identify "other persons known and unknown to the Grand Jury."

b.  Page 14, ¶ 16    Specify how, when, and with whom Ms. Palfrey and others "willfully and knowingly did combine, conspire, confederate and agree together."

c.  Page 14, ¶ 16    Identify what constituted the "financial transactions."

d.  Page 14, ¶ 16    Identify the "proceeds of specified unlawful activity."

e.  Page 14, ¶ 16    Explain how Ms. Palfrey had the "intent to promote the carrying on of the specified unlawful activity."

f.  Page 14, ¶ 16    Demonstrate how Ms. Palfrey "knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity."

g.  Page 14, ¶ 17    Identify the "other persons."

h. Page 14, ¶ 17       Demonstrate how one would conspire to "conduct or cause to be conducted financial transactions."

i. Page 14, ¶ 17       Specify the "several States."

j. Page 14, ¶ 18       Explain how Ms. Palfrey could conspire to "promot[e] the unlawful activities of the business enterprise."

**IV. Forfeiture Allegation: Count One – RICO:**

a. Page 16, ¶ C(a)     Specify the nexus between the "funds and stocks," "coins seized from 803 Capitol Street, Vallejo, California," "$182,529.59 of equity in the real property more fully described as: 803 Capitol Street, Vallejo, California 94590…," "1441 Vaquero Glen, Escondido, California 92026," enumerated and the alleged violation of 18 U.S.C. § 1962.

b. Page 17, ¶ D       Specify which if any additional interests the United States intends to seek as subject to forfeiture under 18 U.S.C. § 1963, and the nexus between these interests and the alleged violation of 18 U.S.C. § 1962.

**V. Forfeiture Allegation: Count Five – Conspiracy to Launder Monetary Instruments:**

a. Page 18, ¶ B       Specify what property was "involved in" or is "traceable to" Ms. Palfrey that was "involved in the defendant's violation of Title 18, United States Code, 1956(h)."

b. Page 18, ¶ B(a)    Specify the nexus between the "funds and stocks," "coins seized from 803 Capitol Street, Vallejo, California," "$182,529.59 of equity in the real property more fully described as: 803 Capitol Street, Vallejo, California 94590…," "1441 Vaquero Glen, Escondido, California 92026," enumerated and the alleged violation of 18 U.S.C. § 1956(h).

c. Pages 19-20, ¶ C   Specify which if any additional interests the United States intends to seek as subject to forfeiture under 18 U.S.C. § 982(b)(1), and the nexus between these interests and the alleged violation of 18 U.S.C. § 1956(h).

A memorandum in support of this motion and a proposed Order are attached hereto.  For the reasons set forth in that memorandum, Ms. Palfrey respectfully requests that the Court order the government to provide this essential information.

Respectfully submitted,

___/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007

Dated: June 15, 2007                          *Counsel for Deborah Jeane Palfrey*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                          |     |                              |
| ---------------------------------------- | --- | ---------------------------- |
|                                          | :   |                              |
| **UNITED STATES OF AMERICA,**            | :   |                              |
|                                          | :   |                              |
| **Plaintiff,**                           | :   |                              |
|                                          | :   |                              |
| **v.**                                   | :   | **Criminal No. 07-046 (GK)** |
|                                          | :   |                              |
| **DEBORAH JEANE PALFREY,**               | :   |                              |
|                                          | :   |                              |
| **Defendant.**                           | :   |                              |
|                                          | :   |                              |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DEBORAH JEANE PALFREY'S MOTION FOR A BILL OF PARTICULARS**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Ms. Palfrey respectfully moves for a bill of particulars as detailed in the attached motion. Ms. Palfrey was indicted in this case on March 1, 2007. Count One charges Ms. Palfrey with a violation of the Racketeer Influenced and Corrupt Organization statute, 18 U.S.C. § 1962(c). Counts Two through Four charge Ms. Palfrey with travel in interstate commerce in aid of racketeering enterprises in violation of 18 U.S.C. §§ 1952(a)(3) and 2. Count Five charges Ms. Palfrey with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).

The Indictment sets out several factual allegations in Count One which are incorporated in each of the remaining counts. While it provides modest details about the alleged organizational structure of Ms. Palfrey's business, "Pamela Martin and Associates," the Indictment does not identify or name who among Ms. Palfrey's associates is alleged to be an abettor or co-conspirator as referenced in Counts One and Five. Furthermore, the Indictment fails to allege the acts of Ms. Palfrey, or the alleged abettors and co-conspirators, which form the basis for each of Counts One through Five. Finally, the Indictment fails to allege the nexus between the property sought in the criminal forfeiture proceedings and the allegations incorporated from Counts One and Five. These

shortcomings undermine Ms. Palfrey's ability to understand the charges against her and actively

prejudice her ability to prepare a defense.

## **ARGUMENT**

Federal Rule of Criminal Procedure 7(f) provides that a court may direct the government to

file a bill of particulars to elaborate on the indictment, thereby enabling the defendant to prepare for

trial, prevent surprise, and plead double jeopardy.  See Wong Tai v. United States, 273 U.S. 77, 80-

81 (1927).  A bill of particulars is appropriate when the indictment lacks sufficient specificity to

enable a defendant to understand the charges and prepare a defense.  United States v. Mejia, 448

F.3d 436, 445 (D.C. Cir. 2006)(citing United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir.

1987)).  In doing so, we note that Ms. Palfrey maintains, as made clear in the various motions filed

contemporaneously herewith, that the deficiencies in this Indictment cannot be saved by such a bill;

nevertheless, in the alternative, Ms. Palfrey makes these requests in order to enable her to prepare a

defense to these charges.

## I.    MS. PALFREY IS ENTITLED TO A BILL OF PARTICULARS DISCLOSING THE IDENTITIES OF ALLEGED CO-CONSPIRATORS.

Due to the deference granted to the trial court in the review of motions for a bill of

particulars at the appellate level, no bright-line rule exists for when the identities of un-indicted co-

conspirators should be disclosed.  See Mejia, 448 F.3d at 445.  Disclosure of the names of co-

conspirators, however, is not uncommon in conspiracy cases brought in the District Court for the

District of Columbia.  See, e.g., United States v. Brodie, 326 F. Supp. 2d 83, 91 (D.D.C. 2004)

(ordering disclosure of the names of alleged co-conspirators as requested by defendant charged with

scheming to defraud financial institutions); United States v. Ramirez, 54 F. Supp. 2d 25, 30 (D.D.C.

1999) (ordering disclosure of names of alleged co-conspirators as requested by defendants charged

with narcotics conspiracy).

The United States Court for the Southern District of New York recently identified the following factors for courts to consider in deciding whether to order disclosure of the names of alleged co-conspirators: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government has otherwise adequate notice of the particulars; (4) the volume of pre-trial disclosures; (5) the potential danger to co-conspirators; and (6) the potential harm to the Government's investigation.  United States v. Santiago, 174 F. Supp. 2d 16, 35 (S.D.N.Y. 2001)(citing United States v. Nachamie, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000)). That court's own survey in Santiago, revealed that "the identities of un-indicted co-conspirators have been disclosed primarily in cases in which violence was not alleged."  174 F. Supp. 2d at 35.

In the instant case, Ms. Palfrey is entitled to know who the government alleges to be a co-conspirator or abettor because of the complexity of the case, the sheer volume and nature of the evidence, and lack of adequate justification for nondisclosure.  The Indictment alleges the involvement of "approximately 132 women," yet only fifteen are mentioned and only one, Ms. Palfrey, is named.  Indictment at Count One, ¶¶ 10(j) and 12.  Furthermore, this is not a case in which violence has been alleged, there is no indication that any co-conspirators would be endangered if they were identified to Ms. Palfrey, and there is no indication of any harm that this identification would cause to the government's investigation.  Review of the evidence, along with phone records reflecting customer information, which presents a more time-consuming review and evidence-gathering process would be aided and expedited greatly if the government provided the names of the alleged abettors and co-conspirators.

At present, Ms. Palfrey must guess as to which of her contacts and associates the government alleges to be either co-conspirators or abettors, and more particularly, which it seeks to present consistent with the theory on which it obtained an indictment.  This lack of specificity

tremendously hinders Ms. Palfrey's ability to understand exactly what the government is alleging

and prevents her from adequately preparing for trial.

## II.   MS. PALFREY IS ENTITLED TO A BILL OF PARTICULARS DISCLOSING WHICH CO-CONSPIRATOR ENGAGED IN WHICH ACT ALLEGED IN COUNT ONE.

A bill of particulars is especially appropriate when the indictment is difficult to follow. <u>See</u>

<u>United States v. Trie</u>, 21 F. Supp. 2d 7, 21 (D.D.C. 1998).  A defendant should not have to waste

precious pre-trial preparation time guessing which acts she must defend against or which associates

may be witnesses against her at trial when the government knows precisely the acts on which it

intends to rely and can easily provide this information.  <u>Id.</u>  Federal district courts in the District of

Columbia have found that when an indictment attributes a large number of acts to co-conspirators,

trial will be unnecessarily complicated without the defendant's knowing which acts were alleged to

be performed by which co-conspirator.  <u>See, e.g.</u> <u>United States v. Hsia</u>, 24 F. Supp. 2d 14 (D.D.C.

1998).  For example, in <u>Hsia</u>, the court took note of such unnecessary complications due to the lack

of information in the indictment.  <u>Id.</u> at 31.  As a remedy, the district court ordered the government

to provide "a bill of particulars identifying, for each relevant paragraph of the indictment, which co-

conspirator performed the specified acts."  <u>Id.</u>

In <u>United States v. Trie</u>, the defendant was charged with conspiracy to defraud the United

States by making fraudulent campaign contributions and false statements.  <u>Trie</u> 21 F. Supp. 2d at

21.  He moved for a bill of particulars requesting, in part, that the government identify the particular

statements alleged to be false.  In granting the defendant's motion, the court took note of the lack of

specificity in other materials provided by the government.  The government provided the defendant

with 45 pages of documents containing 175 names and contended that "with due diligence Mr. Trie

can readily identify which of the 175 names and what part of the related information constitute the

actual false statements."  <u>Id.</u>  The court stated that the government's contention that due diligence on

behalf of the defendant would provide the information requested "presumes that the defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs." Id. The court found this presumption insufficient for a complex indictment which alleges the involvement of over one hundred individuals in addition to the defendant. In granting the motion for particulars, the court concluded that the government's contention was inconsistent with the presumption of innocence and "smack[ed] of gamesmanship." Id.

In the instant case, Ms. Palfrey faces a similar burden imposed by the Indictment. The "acts" contained in the Indictment lack specificity to assist Ms. Palfrey in knowing in any way what the government is alleging. See Indictment at Count One ¶ 12. The "acts" merely allege the use of United States mail and facilities in interstate commerce "with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity." Id. The Indictment reads the same for each of the fourteen alleged acts and does not provide any information as to how or on which specific date the "mail and facilities in interstate commerce" were used for an unlawful purpose. Id. The Indictment merely narrows the time-frame from which Ms. Palfrey must prepare her defense; she currently must defend against fourteen separate racketeering acts which the government alleges to have occurred during the past eight years. The only guidance the government provides is an approximate period within which each act occurred ranging in length from one month to five and half years. Id. Moreover, as in Trie, there are well over 100 potential witness from the pool of former independent agents alone. Such a burden placed on the defendant presumes that Ms. Palfrey knows exactly to what actions the government refers and prejudices her ability to prepare her defense.

III.    **MS. PALFREY IS ENTITLED TO A BILL OF PARTICULARS DETAILING THE NEXUS BETWEEN THE PROPERTY SOUGHT THROUGH CRIMINAL FORFEITURE AND THE ALLEGATIONS INCORPORATED FROM COUNTS ONE AND FIVE.**

A defendant may be entitled to a bill of particulars concerning criminal forfeiture proceedings. See, e.g., United States v. Rogers, 617 F. Supp. 1024 (D. Colo. 1985). In Rogers, the court granted a motion for particulars because the indictment was insufficiently clear "in that it does not detail any connection between many of the entities to be forfeited and the activities of the enterprise." Id. at 1030. To remedy this shortcoming, the government was required to disclose additional information regarding the nexus between the property sought in criminal forfeiture proceedings and the alleged criminal enterprise. The court found this action necessary "so that the defense may direct its investigation and trial preparation with sufficient direction." Id.

The Indictment of Ms. Palfrey is likewise insufficiently clear. In setting forth the forfeiture allegations, the Indictment merely states that certain interests are derived from activity which is the subject of Counts One and Five. See Indictment at Forfeiture Allegation: Count One and Count Five. It does not sufficiently state any nexus between Ms. Palfrey's property and the violations of law which form the basis for the forfeiture allegation. Without knowledge of what the government alleges this nexus to be, Ms. Palfrey is unable to adequately direct her investigation and trial preparation.

## **CONCLUSION**

The size and complexity of the alleged criminal enterprise demands specificity in the charging instrument greater than unnamed individuals engaging in "acts" without further elaboration.  As it stands, the Indictment lacks the specificity necessary to allow Ms. Palfrey to fully defend against the discrete acts the government alleges.

For the foregoing reasons, having adequately demonstrated the need for additional information to supplement the Indictment, Ms. Palfrey respectfully requests that the Court grant this motion for a bill of particulars.


Respectfully submitted,


_____/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007

Dated: June 15, 2007          *Counsel for Deborah Jeane Palfrey*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :     **Criminal No. 07-046 (GK)** |
| | : |
| **DEBORAH JEANE PALFREY,** | : |
| | : |
| **Defendant.** | : |
| | : |

**ORDER**

Upon consideration of defendant Deborah Jeane Palfrey's Motion for a Bill of Particulars

and the accompanying Memorandum, it is this _____ day of _____, 2007, hereby

ORDERED that the government shall provide to defense counsel a Bill of Particulars

addressing each item specifically enumerated in Ms. Palfrey's Motion.

_____
The Honorable Gladys Kessler
U.S. District Court for the District of Columbia

Copies to counsel of record