UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY** | : | |
| *aka* "Jeane Palfrey," | : | |
| *aka* "Julia," | : | |
| *aka* "Pamela Martin," | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**JOINT MOTION TO MODIFY ASSET RESTRAINT ORDER
TO PERMIT INTERLOCUTORY SALE OF REAL PROPERTY**

The United States of America, by its undersigned attorneys, and Defendant Deborah Jeane Palfrey, by her attorney, Preston Burton, hereby move that the Court enter an Order, in the form attached hereto as Exhibit A, permitting the sale of certain real property located at 1441 VAQUERO GLEN, ESCONDIDO, CALIFORNIA 92026. As reasons therefor, the parties state as follows:

1. On March 1, 2007, a grand jury in this district indicted Defendant Deborah Jeane Palfrey (hereafter, "Defendant"), charging her with a number of felony offenses, including violations of 18 U.S.C. § 1962(c) (Racketeer Influenced and Corrupt Organizations (RICO)); 18 U.S.C. § 1952(a)(3) (Travel in Interstate Commerce in Aid of Racketeering Enterprises); and 18 U.S.C. § 1952(h) (Conspiracy to Commit Money Laundering). The indictment also included notice of the government's intent to seek criminal forfeiture, invoking 18 U.S.C. §§ 982(a)(1) & 1963.

2. On the United States' motion, this Court entered a restraining order preventing,

among other things, any transfer or further encumbrance of certain property during the pendency of this criminal case, including the real property located at 1441 VAQUERO GLEN, ESCONDIDO, CALIFORNIA 92026 [more particularly described as lot 17 map 9034] (hereinafter, "the Escondido Real Property").

3.  At the time of the entry of the restraining order, the Escondido Real Property was listed for sale with a commercial real estate broker. Since the time of the entry of the restraining order, a prospective purchaser of the Escondido Real Property has been identified by the real estate broker. According to the Defendant, the prospective purchaser is not related in any way to the defendant and has offered to purchase the Escondido Real Property in a true arms-length transaction. According to the real estate agent involved in the negotiations with the prospective purchaser, the negotiated sales price represents the current fair market value of the Escondido Real Property. According to the Defendant and the Escrow Officer for Fidelity National Title Company, which company would be involved in the transfer of title to the Escondido Real Property from the Defendant to the prospective purchaser, the net sales proceeds will be provided to the United States upon closing the sale of the Escondido Property. The Defendant consents to substitution of the net sales proceeds for the Escondido Real Property that is identified as forfeitable in the indictment and as a defendant property in related civil forfeiture proceedings (06-cv-1710 (GK)).

4.  Under all of the present circumstances, the United States and Defendant agree that the Property should now be sold, and the net proceeds of sale, after payment of the

expenses of sale, real estate taxes, and the principal and interest due on the Bank mortgage, should then be held by the United States pending the entry of final judgment in this and any related cases, including any appeals.

WHEREFORE, the United States and Defendant move that the Court enter an Order pursuant to 21 U.S.C. § 853(e)(1)(A), incorporated by 28 U.S.C. § 2461(c), in the form attached hereto as Exhibit A.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney

    _/s/_____
    DANIEL P. BUTLER
    DC Bar #417718
    CATHERINE K. CONNELLY
    MA Bar #649430
    WILLIAM R. COWDEN
    DC Bar #426301
    Assistant United States Attorneys
    555 4th Street, N.W.
    Washington, DC 20530
    (202) 514-7700

    _/s/_____
    PRESTON BURTON
    DC Bar #426378
    BREE N. MURPHY
    DC Bar # 497418
    Orrick, Herrington & Sutcliffe LLP
    3050 K Street, N.W.
    Washington, DC 20007
    Counsel for Defendant

Date:  June 21, 2007

## **EXHIBIT A**

(Proposed Order)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY** | : | |
| aka "Jeane Palfrey," | : | |
| aka "Julia," | : | |
| aka "Pamela Martin," | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**O R D E R**

Upon Joint Motion to Modify Asset Restraint Order to Permit Interlocutory Sale of Real Property, specifically the real property located at 1441 Vaquero Glen, Escondido, California 92026, and for good cause shown,

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. The parties' Motion to Modify Asset Restraint Order to Permit Interlocutory Sale of Real Property located at 1441 VAQUERO GLEN, ESCONDIDO, CALIFORNIA 92026 [more particularly described as lot 17 map 9034] is GRANTED.

2. The Defendant shall be permitted to executed all documents necessary to effectuate the sale of the real property located at 1441 VAQUERO GLEN, ESCONDIDO, CALIFORNIA 92026, and shall further execute such consents as may be required by the Settlement Agent or Escrow Officer to cause and permit the settlement proceeds that would have been provided to the Defendant, Deborah Jeane Palfrey, instead to be provided to the United States.  At least three business

days prior to closing, Defendant shall deliver to counsel for the United States (by fax or email), or cause the escrow agent/Fidelity National Title Company to deliver to counsel for the United States, a true copy of the Final Estimated Closing Statement (reflecting final estimates of debits and credits to Defendant as seller of 1441 VAQUERO GLEN, ESCONDIDO, CALIFORNIA 92026).

3. After deducting from the sale proceeds, lawful settlement costs and expenses including payment, from the sales proceeds, of any outstanding real estate taxes on the Property, and the principal and interest amount due on the mortgage of record held by MorEquity, Inc., Defendant and her agents, including Fidelity National Title Company, shall provide the remainder of the sale proceeds to the United States by way of wire transfer or Escrow Trust Account check made payable to "U.S. Treasury" and delivered by certified mail to Katherine Steadley, Special Agent IRS-CI, 31 Hopkins Plaza, Room 1500, Baltimore, MD 21201 [(410) 962-9084].

4. The Clerk of the Court shall provide four (4) certified copies of this Order to counsel for the United States (for service upon non-parties).

_____
GLADYS KESSLER
United States District Judge

Date: _____