## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | **Criminal No. 07-46 (GK)** |
| | : | |
| DEBORAH JEANE PALFREY, | : | **FILED** |
| | : | |
| Defendant. | : | JUL 0 5 2007 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM ORDER

Defendant in this case possesses a list of telephone numbers (the "List") that has generated much controversy and speculation. The Government has twice applied to this Court *ex parte* for Temporary Restraining Orders ("TROs") preventing Defendant from selling the List or from distributing copies for free. The Court granted those applications, in order to preserve the status quo, and, thereafter, held a hearing to give Defendant an opportunity to respond. Upon consideration of all the pleadings, the applicable statutes and case law, and the oral argument, the Court concludes that Defendant's request to quash the TROs should be **granted**.

The List in question is Defendant's personal property and contains only a log of telephone numbers. It was neither seized by the Government when it searched the Defendant's residence in California, nor listed in the Indictment putting Defendant on notice as to which items of her property were subject to forfeiture. Most importantly, the Government has failed to satisfy these requirements contained in the forfeiture statute which would legitimize the extraordinary step of freezing the personal property of an individual, not yet convicted of any crime, and barring her from giving away that property.

I.    **BACKGROUND**

On March 16, 2007, the Court granted the Government's *Ex Parte* Application for a Temporary Restraining Order and a Protective Order, and Request for a Hearing ("Application"). In relevant part, the Court granted the Government's request, which was based on 18 U.S.C. § 1963(d)(1)(A) and 21 U.S.C. § 853(e)(1)(A), for a "restraining order to preserve the availability of property subject to forfeiture in this action," including "records reflecting clients or customers of the enterprise." March 16, 2007 Order at 7. The Court also granted the Government's request for a TRO, which was based on 18 U.S.C. §§ 1512 and 1514, "restraining Defendant and her agents and attorneys from proceeding in the civil action titled <u>Palfrey v. Neble</u>, No. 07-0461 (D.D.C., filed March 9, 2007)." March 16, 2007 Order at 1. At a status conference on March 22, 2007, the Court extended its March 16, 2007 Order.

On May 9, 2007, the Government filed an *ex parte* Supplement to its Application ("Supplement") in this case. Relying on 18 U.S.C. § 1512, the Government argued that Defendant's civil counsel intended to harass potential witnesses by distributing Defendant's List. Accordingly, it asked the Court to modify the March 16 Order to "explicitly preclude any further production" of the List. Supplement at 1. To ensure preservation of the <u>status quo</u>, on May 10, 2007, the Court ordered that "Defendant and her agents and attorneys . . . shall not release, further distribute, or otherwise provide to any person or organization the phone records of Pamela Martin & Associates and/or the phone records of Deborah Jeane Palfrey." May 10, 2007 Order at 3.

On May 18, 2007, Defendant, through her newly appointed counsel, filed a Memorandum opposing the Government's *ex parte* Application and Supplement, and seeking to quash the Court's restraining orders. Defendant challenged the statutory sufficiency of the Government's position, and

argued that the First Amendment prohibits restraining orders such as those being sought by the

Government. The Government replied on May 22, 2007, and Defendant filed a Surreply on May 25,

2007. After an hour-long oral argument on June 5, 2007, during which the Government clarified that

the statutory bases for seeking the modified restraining order were 21 U.S.C. § 853(e)(1) and 18

U.S.C. § 1963(d)(1)(A), not 18 U.S.C. § 1512, the Government filed Supplemental Authority and

Defendant responded. On June 8, 2007, the Government filed its Second Supplemental Authority

in Support of Its Request for Continuation of the Post-Indictment Restraining Order.

II.    ANALYSIS

    A.    **The Availability of the List Is Not in Jeopardy**

    The Government's legal position has shifted several times during the course of these

proceedings. Initially, it relied heavily on 18 U.S.C. §§ 1512 and 1514. Perhaps realizing that it

could not satisfy the requirements of those statutes,[1] the Government shifted its reliance to 21 U.S.C.

---

    [1] The Victim and Witness Protection Act of 1982, 18 U.S.C. § 1512 et seq., allows the Government to bring a civil action seeking a TRO or protective order to prevent the harassment of a victim or witness. Specifically, § 1514 provides that the Court

> shall enter a protective order prohibiting harassment of a victim or witness in a Federal criminal case if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title . . . .

18 U.S.C. § 1514(b)(1). Harassment is defined as "a course of conduct directed at a specific person that (A) causes substantial emotional distress in such person; and (B) serves no legitimate purpose." 18 U.S.C. § 1514(c)(1). Section 1512, in relevant part, prohibits tampering with witnesses by threatening physical harm or by intimidating, intentionally harassing, or "corruptly persuad[ing]" a witness in order to prevent testimony or to induce false testimony.

    At oral argument, the Government conceded that it cannot rely upon sections 1512 or 1514 because at this time it cannot identify any specific witnesses as required by each of those sections of the statute. In addition, the defense raised serious questions about the Government's position that

§ 853(e)(1),[2] arguing that a restraining order is necessary to prevent Defendant from dissipating what it claimed was the pecuniary value of the List. In its Supplemental Authority, the Government took the slightly different position that it "intends . . . that defendant be precluded from benefitting in any way from her use of forfeitable property . . . ." Supplemental Authority at 4. These arguments do not justify issuance of the restraining order requested in this case for three reasons.[3]

First, no language in § 853 supports the Government's argument that a TRO may be granted to prevent dissipation of the pecuniary value of Defendant's assets. Nor has the Government cited to any other authority supporting the proposition that § 853(e)(1) is intended to maintain the value of property prior to forfeiture. Rather, § 853(e)(1) provides that the only basis for entering a restraining order is "to <u>preserve the availability</u> of property." 21 U.S.C. § 853(e)(1) (emphasis added). Defendant represented at oral argument that she does not seek in any way to jeopardize the availability of the original List itself. If she is permitted, she will give away copies of the List, but

---

release of the List "serves no legitimate purpose," in light of its belief that release may result in the identification of defense witnesses. <u>See</u> 18 U.S.C. § 1514(c)(1)(B).

[2] Section 853 provides, in relevant part, that

Upon application of the United States, the court may enter a restraining order . . . <u>to preserve the availability of property</u> described in subsection (a) for forfeiture under this section--<u>upon the filing of an indictment</u> or information charging a violation of this title or title III for which criminal forfeiture may be ordered under this section and <u>alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture</u> under this section. . . .

21 U.S.C. § 853(e)(1) (emphasis added). The relevant language of 18 U.S.C. § 1963(d)(1)(A) is identical.

[3] Because the Government has failed to satisfy the statutory requirements for a restraining order in this case, the Court need not reach the constitutional questions that Defendant has raised.

the original will remain available and safely intact for whatever authenticating and evidentiary purposes are appropriate.

Second, the Government acknowledges that the purpose of § 853 is not to maximize federal revenues by maintaining the value of forfeitable property. Supplemental Authority at 3. Rather, the statute's purpose is "to prevent the profits of criminal activity from being poured into future such activity by . . . 'strip[ing the] offenders and organizations of their economic power.'" Caplin & Drysdale v. United States, 491 U.S. 617, 640 (1999) (Blackmun, J., dissenting) (citing S. Rep. No. 98-225, at 191 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3374). Defendant has represented that she seeks only to preserve her ability to distribute copies of the List for free. She will neither accept nor receive any direct economic remuneration by doing so. No evidence to the contrary has been submitted by the Government.

Third, the Government argues that by retaining the option to distribute free copies of the List, Defendant will engender continued publicity which may enable her at some unknown time in the future to increase the value of a book deal she "might secure." Supplemental Authority at 4. None of these facts are firmly established in the record.

Furthermore, the Government's own position would not, as a practical matter, prevent Defendant "from benefitting in any way from her use of forfeitable property." Supplemental Authority at 4. The Government concedes that the value of the List lies not in the pieces of paper themselves, but in the information (telephone numbers) contained on those pieces of paper. At oral argument, the Government emphasized that it is not seeking a "gag order" barring disclosure of that information. Consequently, the logic of the Government's position leads to the conclusion that Defendant is free to convey the information contained on the List in any manner she chooses --

-5-

except for dissemination of the original List or exact copies of it.[4] The Government argues that Defendant should not be able to exploit the fruits of her allegedly illegal enterprise. But where, as here, the fruits of such an enterprise consist of factual information, and the Government is emphatic that it is not seeking to "gag" the Defendant and that she can use and disseminate the actual information, then restraining her from disseminating copies of the List itself cannot logically achieve the Government's stated objective.[5]

**B.      The Indictment Fails to Include the List, as Required by Statute**

According to the plain language of the statute, a post-indictment, pre-trial restraining order is authorized only for property which the indictment has alleged to be subject to forfeiture. 21 U.S.C. § 853(e)(1)(A) ("[T]he court may enter a restraining order . . . upon the filing of an indictment . . . alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section."). The Government concedes that the List is not, in fact, named anywhere in the Indictment in this case. Application at 14. Accordingly, the Government's request simply does not meet the requirement expressly set forth in the statute.

Moreover, in enacting the restraining order provisions of the statute, Congress emphasized that the legal basis for justifying such pre-trial restraining orders is a grand jury's decision, based on probable cause, to indict on a forfeiture charge which names specific property. S. Rep. No. 98-225, at 202-203. The courts are given discretion to fashion an appropriate restraining or forfeiture order

---

[4] According to the Government's logic, the Defendant could use almost any procedure to make the telephone numbers public except for publication of the List itself or photocopies of it.

[5] That information is totally factual, i.e., it consists solely of telephone numbers. Banning dissemination of such factual information would, indeed, raise First Amendment issues which, in light of the Court's disposition, need not be addressed at this time.

precisely because the grand jury is presumed to have faithfully performed its duties in examining the forfeitability of the property explicitly named in the indictment. See United States v. Musson, 802 F.2d 384, 386-87 (10th Cir. 1986) ("[T]he indictment itself . . . provides detailed notice to the defendant that the government intends to seek the remedy of forfeiture and contains a description of the property of which the forfeiture will be sought. The statute expressly requires that the indictment returned by the grand jury include an express allegation that the specified property would be subject to forfeiture in the event of a criminal conviction."). Accordingly, restraining orders issued against property which has not been named in the indictment have no statutory basis and are "clearly improper." S. Rep. No. 98-225, at 203.

III.    **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED**, that the Court's Orders of March 16, 2007 [Dkt. No. 12] and March 22, 2007 [Dkt. No. 17] are **vacated to the extent that they concern Defendant's List**, the Court's Order of May 10, 2007 [Dkt. No. 41] is **vacated**, and the Government's request for a restraining order is **denied without prejudice**;[6] and it is further

---

[6] At oral argument, the Government was asked whether the List contained the telephone numbers of unindicted co-conspirators. After a significant silence, Government counsel agreed that the answer to the Court's question was "yes." One cannot help wondering why the Government has exhibited such a strong interest in protecting a list containing the telephone numbers of unindicted co-conspirators, i.e., the women who the Government alleges provided the illegal sexual services and the men who the Government alleges sought and obtained such illegal sexual services.

**ORDERED**, that Defendant's counsel shall take possession of the original List for safekeeping and ensure its availability for any further proceedings in this case.

July 5, 2007

Gladys Kessler
United States District Judge

**Copies to:** **attorneys on record via ECF**

-8-