**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **V.** | ) | **CRIMINAL NO. 07-046 (GK)** |
| | ) | |
| **DEBORAH JEANE PALFREY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S REPLY TO THE GOVERNMENT'S**
**OPPOSITION TO HER MOTION TO SUPPRESS EVIDENCE**
<u>**OBTAINED FROM HER HOME**</u>

Deborah Jeane Palfrey, through counsel, respectfully submits this Reply to the

government's opposition to Ms. Palfrey's July 26, 2007, motion to suppress the evidence seized

from her home.  Ms. Palfrey reasserts the positions taken in that motion and the supporting

memorandum, namely that the October 3, 2006, Application and Affidavit for Search Warrant

("Affidavit") rely impermissibly upon stale facts and ultimately fail to establish probable cause

in violation of the Fourth Amendment, and further that the search warrant fails to describe

particularly the items to be seized and is, therefore, unconstitutionally overbroad.

In response to the government's assertion that the "good faith" doctrine absolves any

deficiencies in the Application, Ms. Palfrey submits that Special Agent Maria E. Couvillon's

reliance on the warrant, for which she personally applied, was reckless given the plain

deficiencies in the Affidavit regarding both probable cause that Ms. Palfrey had committed the

federal offenses cited therein and probable cause that the evidence related to those offenses was

located in her Vallejo home.  Morever, the handwritten paragraph appearing in the Affidavit

raises serious questions as to the constitutionally-required neutrality of the Magistrate Judge who

approved the Application and issued the warrant, and which requires fact-finding by this Court at

a hearing.  Consequently, the evidence obtained by the government pursuant to this search

warrant should be suppressed or, at a minimum, a hearing should be conducted to determine

whether the warrant was appropriately issued and relied upon.

## <u>ARGUMENT</u>

The October 3, 2006, Application and Affidavit for Search Warrant fails to establish

probable cause to search Ms. Palfrey's residence.  Despite the government's contentions to the

contrary, the Affidavit, at best, establishes probable cause to search the Post Office box rented by

Ms. Palfrey.  However, even as to the P.O. box, given the stale nature of the information cited in

the Affidavit, the claim of probable cause is unconvincing.  The government notes in its

Opposition that Agent Couvillon's Affidavit "was a carefully crafted detailed statement of

probable cause."  Opposition at 11.  We agree that the Affidavit appears, in fact, to have been

carefully crafted to suggest probable cause despite its absence, and a careful parsing of the facts

demonstrates its abject failure in this regard.

For the sake of brevity, this Reply will not repeat the detailed assertions made in Ms.

Palfrey's motion to suppress and accompanying memorandum in support thereof.  However, one

point warrants additional emphasis: the government contends that the information provided in

the Affidavit is not stale, citing primarily cases in which the time lapses were substantially

shorter than that in the instant case, and relying heavily on one sentence in the Affidavit that they

allege transforms the stale information to a fresh state.  <u>See</u> Opposition at 9 ("Moreover, there

was recent corroborating information which updated the informant information.  <u>See</u> Affidavit ¶

32 ("As of August 2006, Palfrey continued to receive express mails from various women in the

Washington, D.C. metropolitan area.")).

At best, this statement aids in establishing probable cause to search Ms. Palfrey's P.O. box.  However, that statement alone does nothing to refresh the stale information that permeates the Affidavit, and it ultimately fails to establish probable cause to search Ms. Palfrey's home. Noticeably absent from that lone assertion regarding recent activity is any description as to the volume or source of these mailings, or any allegation that these mailings were from women identified to have been escorts – let alone escorts who were engaging in illegal activities. Indeed, as much as the government and the Affiant would like to intimate in their "carefully crafted" application, information demonstrating that Ms. Palfrey was running an escort service does not establish probable cause that she was conducting illegal activities from her home.  See e.g., Padilla v. State of Florida, 753 So. 2d 659, 664 (D.C. App. Fla. 2000) (reversing conspiracy and racketeering convictions, finding that the defendants were not guilty of illegal credit card factoring and holding that "an escort service can be a legitimate business."); United States v. Jones, 909 F. 2d 533, 537 (D.C. Cir. 1990 ("In order to convict the appellants under the Travel Act, the Government had to prove that the escort service was an unlawful activity") (quotation and citation omitted).

Unsurprisingly, in its Opposition, the government seeks refuge in the Leon "good faith exception."  United States v. Leon, 468 U.S. 897, 920-921 (1984).  However, as demonstrated in Ms. Palfrey's suppression motion, substantial factual questions exist regarding whether Agent Couvillon acted reasonably or even recklessly in relying upon the search warrant.  Certain facts that Ms. Palfrey reasonably believes to have been known by Agent Couvillon at the time she submitted the Application, but which were omitted from the Affidavit, raise concerns about the completeness of her statements about the investigation and warrant a hearing to determine whether the good faith exception should apply.

For example, the Affidavit fails to discuss that Ms. Palfrey sold her business in April 2002, and was therefore not the owner of PM&A between April 2002 and November 2002, as well as the fact that she had closed her business entirely by August 2006 -- facts we believe to have been known by the government and its agents, including the affiant, when the warrant was sought.  Additionally, the Affidavit fails to disclose that Agent Couvillon and another agent with whom she was working attempted unsuccessfully to gain access to Ms. Palfrey's home by posing falsely as prospective home buyers just hours before applying for the search warrant.  The agents' decision to attempt to gain access by resorting to a ruse demonstrates their consciousness that they in fact lacked probable cause to obtain legitimately a warrant to search Ms. Palfrey's home.  Further, the Affidavit fails to disclose that each of the subcontractors working for PM&A – which presumably includes each of the unidentified confidential informants listed in the Affidavit – were required by Ms. Palfrey to sign a contract promising not to engage in any illegal activity.  Each of these omissions and actions casts doubt on Agent Couvillon's "good faith" in seeking and obtaining the search warrant, and a hearing is warranted under <u>Franks v. Delaware</u> to determine whether her actions were reasonable or reckless.  438 U.S. 154, 155-56 (1978).

Finally, a hearing is also necessary because of questions raised under <u>Coolidge v. New Hampshire</u>.  On page 20 of the Affidavit, a handwritten addition reads:

> The reliability of the informants' knowledge of the operation of Pamela Martin & Associates was verified by USPS money order databases.  Original and/or postal money order images of the money orders purchased by the informants were retrieved.  In addition, the Express Mail labels used by them to send the money orders were also verified and recovered.

By the government's own characterization, this statement is crucial to establishing probable cause, as it allegedly provides information and "other facts known to the investigators" that corroborates the information provided by the confidential informants.  <u>See</u> Opposition at 5.

From the four corners of the Affidavit, it is impossible to determine when this handwritten note was added to this document.  If, for example, it was supplied or even suggested by the Magistrate Judge to attempt to cure the deficiencies in the application , serious constitutional issues are raised as to whether the October 3, 2006, search warrant was issued by a "neutral and detached" magistrate.  See Coolidge, 403 U.S. 443, 453 (1971) (where warrant is issued by someone who is not a neutral and detached magistrate, "the search stands on no firmer ground than if there had been no warrant at all.") .  We respectfully submit that an agent may not avail herself of the good faith exception where the warrant is issued by a non-neutral magistrate in collaboration with that same agent.  Leon, 468 U.S. at 914 ("Deference to the magistrate is not boundless. . . . A magistrate failing to 'manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application' and who acts instead as 'an adjunct law enforcement officer' cannot provide valid authorization for an otherwise unconstitutional search.") (quoting Lo-Ji Sales, Inc. v. New York, 422 U.S. 319, 326-327 (1979)).

OHS East:160287300.1

## <u>CONCLUSION</u>

For the foregoing reasons and all those addressed in Ms. Palfrey's Motion to suppress and accompanying Memorandum in support thereof, Ms. Palfrey respectfully requests that the Court suppress the evidence obtained by the government pursuant to the October 3, 2006, search warrant.  Ms. Palfrey respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,


_____/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Bree N. Murphy, Esq., D.C. Bar No. 497418
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007

Dated: August 16, 2007                         *Counsel for Deborah Jeane Palfrey*

OHS East:160287300.1