UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO CONVERT MOTION HEARING DATE INTO A STATUS DATE TO ALLOW TIME TO RESOLVE ISSUE OF DEFENDANT'S REPRESENTATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion to convert the currently set date for a hearing on defendant's motion to suppress evidence to a status date to allow time to resolve the issue of defendant's representation. On August 23, 2007, defendant filed a *pro se* motion for replacement of her counsel, Preston Burton, and to permit hybrid representation (Dkt. No. 93).[1] On that same date, the Court entered an order (Dkt. No. 94) permitting Mr. Burton to file under seal a motion to withdraw. As a result, there is presently a question of who is representing defendant. To proceed before that issue is resolved could unduly create appellate issues, including ineffective assistance or conflict of counsel and defendant's right to represent herself. Accordingly, the government requests that the date set for the motion hearing be converted to a status date, with a new motion hearing to be scheduled when the representational issues are resolved.

### I. Factual Background

1. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment

---

[1] Although defendant's motion is denoted as *pro se*, it was filed, as shown in the cover letter, by defendant's civil attorney, Montgomery Blair Sibley, and prepared with his assistance, *see* Defendant's Motion, at page 6 (Mr. Sibley's notice of assistance).

against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering and conspiracy to commit money laundering, as well as forfeiture allegations.

2. Prior to the indictment, defendant obtained representation by the Federal Public Defender, A.J. Kramer.

3. Thereafter, defendant filed a *pro se* motion in which she stated she had irreconcilable differences with her attorney, Mr. Kramer. In support of her position, she filed sealed *ex parte* declarations by herself and her civil attorney, Mr. Sibley.

4. On May 7, 2007, the Court granted defendant's motion for replacement of counsel and appointed current counsel, Mr. Burton. (Dkt. No. 40)

5. Following his appointment, Mr. Burton filed numerous motions, including a motion to suppress evidence taken by the government during a search of defendant's residence. The Court set August 28, 2007, for a hearing on the motion to suppress.

6. On August 23, 2007, defendant filed a *pro se* motion in which she stated she had irreconcilable differences with her current attorney, Mr. Burton. In support of her position, she again filed sealed *ex parte* declarations by herself and her civil attorney, Mr. Sibley. As noted above, Mr. Burton has also filed under seal a motion to withdraw as counsel.

7. On August 24, 2007, government counsel discussed with Mr. Burton the unsettled nature of this matter due to the pending motions relating to representation of defendant and the uncertainty of who would be representing defendant at the hearing on August 28, 2007. The specifics of the present motion, however, were not discussed with Mr. Burton. On Sunday, August 26, 2007, government counsel tried unsuccessfully to contact Mr. Burton on his cellular and office phones to

discuss the specifics of the current motion. Due to the short amount of time before the scheduled motion hearing, the government is therefore filing this motion now without having obtained Mr. Burton's position as to whether he opposes it.

## II. Discussion

The government will address in a separate response defendant's motion to replace her counsel and to permit hybrid representation. The purpose of this pleading simply is to seek to convert the present motion hearing date to a status date to allow time for resolution of the issues regarding defendant's representation. To proceed while these issues are not resolved unduly creates appellate issues, including ineffective assistance or conflict of counsel and defendant's right to represent herself.[2] *See, e.g.,* Faretta v. California, 422 U.S. 806, 821 (1975) (Court held that defendant has a right to conduct his or her own defense in a criminal case).

Although the government has substantial questions as to whether defendant can meet the applicable standards for her requests for replacement of counsel and for hybrid representation, which requests will be addressed in a separate response, the Court will need to make a detailed inquiry of her alleged irreconcilable differences with current counsel, as well as her representational request. *See, e.g.,* Patterson v. Illinois, 487 U.S. 285, 299 (to insure a valid waiver of counsel, the Court must make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and her awareness of the disadvantages of self-representation); United States

---

[2] Moreover, in the government's opposition to defendant's motion to suppress, the government took the position that defendant has not made a sufficient showing warranting an evidentiary hearing on the motion. *See* Dkt. No. 86 at 3. Until it is determined whether there will be an evidentiary hearing and who will be representing defendant at the hearing, the government is not in a position to turn over Jencks materials that might be relevant to an evidentiary hearing.

v. Graham, 91 F.3d 91 F.3d 213, 221-22 (D.C. Cir.), *cert. denied*, 519 U.S. 1136 (1996) (Court did not commit prejudicial error in denying defendant's motion for substitute counsel, although Court should have engaged defendant in more detailed colloquy as to his alleged dissatisfaction with appointed counsel). The appropriate inquiries could be made at the time of the currently set date for the motion hearing, but it appears that the issue of representation is unlikely to be resolved that day.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the currently set date for a motion hearing be converted to a status hearing to address the issue of defendant's representation. A proposed order is submitted herewith.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY


        / s /
        _____
        Daniel P. Butler
        DC Bar No. 417178
        Catherine K. Connelly
        Mass. Bar No. 649430
        Assistant United States Attorneys
        555 4th Street, N.W.
        (202) 353-9431, 616-3384
        Washington, D.C. 20530
        Daniel.Butler@usdoj.gov
        Catherine.Connelly2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| **v.** | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| **Defendant.** | : | |

**ORDER**

Upon consideration of the Government's Motion to Convert the Motion Hearing Date to a Status Date, the Court concludes that the Motion shall be **granted**.

**WHEREFORE**, it is this _____ day of August, 2007, hereby

**ORDERED**, that the motion hearing date scheduled for August 28, 2007, is hereby converted to a status hearing date at which time the Court will address the issues regarding the representation of the defendant.

_____
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**