UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| *also known as* "Jeane Palfrey," | : | |
| *also known as* "Julia," | : | |
| *also known as* "Pamela Martin," | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO LATE FILE
SUPPLEMENTAL AUTHORITY TO ITS OPPOSITION TO THE
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DKT. NO. 86)**

The United States, by and through it attorney, the United States Attorney for the District of Columbia, respectfully herewith files this unopposed motion for leave to late file authority in support of its Opposition to Defendant's Motion to Suppress Evidence (Dkt. No. 86). In support of this motion, counsel states as follows:

1. On August 8, 2007, the government timely filed an opposition to defendant's motion to suppress evidence taken during a search of her residence. Two of the issues addressed in that opposition were the government's argument that (a) the defendant was not entitled to an evidentiary hearing on her motion, Dkt. No. 86 at 3, and (2) the information in the affidavit was not stale and supported the finding of probable cause, *id.* at 6-9.

2. After the government filed its opposition, the United States Court of Appeals for the First Circuit issued an opinion, United States v. Reiner, ___ F.3d ___, 2007 WL 2353168 (1st Cir. Aug. 20, 2007). Reiner involved a case in which defendant was involved with a massage parlor, The Danish Health Club ("DHC"), that offered sexual services in exchange for money. Defendant was charged with, among others, travel act and money laundering charges. In Reiner, the defendant

argued "that the district court denied his Fourth Amendment rights by refusing to hold a <u>Franks</u> hearing and denying his motion to suppress evidence seized during the search of the DHC." *Id.* at *2. The first claim was based on the government's alleged omission of certain information from the search warrant affidavit. *Id.*, at *3. The second claim was based on the alleged staleness of the information in the affidavit. *Id.* The Court of Appeals rejected both of these arguments. *Id.* The discussion in support of that finding by the Court is relevant to the government's prior opposition.

3. This authority was not in existence at the time of the filing of the government's opposition to the defendant's motion to suppress evidence.

4. Today, government counsel spoke with defense counsel, Preston Burton, who did not object to a late-filing of this authority.

Wherefore, for the foregoing reasons, the government moves this Honorable Court for leave to late file this supplemental authority.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                UNITED STATES ATTORNEY
                                D.C. Bar No. 498610

      / s /
_____
Daniel P. Butler
D.C. Bar No. 417178
Catherine K. Connelly
Mass. Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384, 307-0258
Washington, D.C. 20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| also known as "Jeane Palfrey," | : | |
| also known as "Julia," | : | |
| also known as "Pamela Martin," | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO LATE FILE
SUPPLEMENTAL AUTHORITY TO ITS OPPOSITION TO THE
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DKT. NO. 86)**

The United States, by and through it attorney, the United States Attorney for the District of Columbia, respectfully herewith files this unopposed motion for leave to late file authority in support of its Opposition to Defendant's Motion to Suppress Evidence (Dkt. No. 86). In support of this motion, counsel states as follows:

1. On August 8, 2007, the government timely filed an opposition to defendant's motion to suppress evidence taken during a search of her residence. Two of the issues addressed in that opposition were the government's argument that (a) the defendant was not entitled to an evidentiary hearing on her motion, Dkt. No. 86 at 3, and (2) the information in the affidavit was not stale and supported the finding of probable cause, *id.* at 6-9.

2. After the government filed its opposition, the United States Court of Appeals for the First Circuit issued an opinion, United States v. Reiner, ___ F.3d ___, 2007 WL 2353168 (1st Cir. Aug. 20, 2007). Reiner involved a case in which defendant was involved with a massage parlor, The Danish Health Club ("DHC"), that offered sexual services in exchange for money. Defendant was charged with, among others, travel act and money laundering charges. In Reiner, the defendant