## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE* MOTION FOR REPLACEMENT OF HER COUNSEL, PRESTON BURTON, AND TO PERMIT HYBRID REPRESENTATION (DKT. NO. 93)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to defendant Deborah Jeane Palfrey's *pro se* motion for replacement of counsel and to permit hybrid representation.[1]  First, defendant requests replacement of her counsel because of alleged irreconcilable differences.  Def.'s Mot. at 1-2.  The government, although generally opposed to this request, defers to the Court as to whether defendant has made a sufficient showing since the government has not seen, and thus cannot respond to, the sealed declarations of defendant or her civil attorney, Montgomery Blair Sibley.  Defendant also requests that her civil attorney, Mr. Sibley, be appointed as her counsel.  *Id.* at 2-5.  The government objects, as discussed below, both because defendant cannot choose her court-appointed counsel and because Mr. Sibley, by his own admission, is not qualified to represent a criminal defendant in this court.  Finally, defendant proposes a "hybrid partnership" in which her civil attorney, Mr. Sibley, acts as defendant's court-appointed legal adviser and defendant plays an active part in her own representation.  *Id.* at 5-6.  Again, as will be discussed below, following an

---

[1]  Although defendant's motion is denoted as *pro se*, it was filed, as shown in the cover letter, by defendant's civil attorney, Montgomery Blair Sibley, and prepared with his assistance.  *See* Def.'s Mot. at 6 (Mr. Sibley's notice of assistance).

appropriate inquiry by the Court, defendant may have a right to represent herself, but she does not have the right to dictate to the Court the terms of that self-representation, nor does she have the right to choose her own court-appointed attorney.

## I. Factual Background

1. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, as well as forfeiture allegations.

2. Prior to the indictment, defendant obtained representation by the Federal Public Defender, A.J. Kramer.

3. Thereafter, defendant filed a *pro se* motion in which she stated she had irreconcilable differences with her attorney, Mr. Kramer.  In support of her position, she filed sealed *ex parte* declarations by herself and her civil attorney, Mr. Sibley.

4. On May 7, 2007, the Court granted defendant's motion for replacement of counsel and appointed current counsel, Mr. Burton.  Dkt. No. 40.

5. On August 23, 2007, defendant filed a *pro se* motion in which she stated she had irreconcilable differences with her current attorney, Mr. Burton.  Dkt. No. 93.  In support of her position, she again filed sealed *ex parte* declarations by herself and her civil attorney, Mr. Sibley. *Id.* at 1.  Mr. Burton has also filed under seal a motion to withdraw as counsel.  Dkt. No. 94.

## II. Discussion

### A. Alleged Irreconcilable Differences with Defendant's Current Defense Counsel

Defendant asserts that she has irreconcilable differences with her present counsel,

2

Mr. Burton, and that she has not received effective assistance from him. Def.'s Mot. at 1-2. Her

alleged support for this assertion is contained in *ex parte* declarations by defendant and her civil

attorney, Mr. Sibley.

      Title 18, United States Code, § 3006A(c), provides that "[t]he . . . court may, *in the interests*

*of justice*, substitute one appointed counsel for another at any stage of the proceedings." (emphasis

added). The "interests of justice" standard is more fully defined and the procedure by which to apply

it to defendant's motion for replacement of counsel are set forth in <u>United States v. Graham</u>, 91 F.3d

213, 220-21 (D.C. Cir.), *cert. denied*, 519 U.S. 1136 (1996). In that case, the court found that:

> [Defendant] was asking the district court to replace one appointed attorney with
> another and never either expressed a desire to retain counsel or represented that he
> had the means to do so. "One of the express limitations upon the right to choose
> one's own attorney is that the criminal defendant be 'financially able' to retain
> counsel of his choice." <u>United States v. Friedman</u>, 849 F.2d 1488, 1490 (D.C.
> Cir.1988). *See also* <u>United States v. Childress</u>, 58 F.3d 693, 736 (D.C. Cir.1995)
> (defendant "has no constitutional right to *appointed* counsel of his choice") (original
> emphasis).

> Still, a defendant does have the right to effective representation by appointed
> counsel, and this right may be endangered if the attorney-client relationship is bad
> enough. <u>Smith v. Lockhart</u>, 923 F.2d 1314, 1320 (8th Cir.1991) (defendant seeking
> appointment of substitute counsel has burden of showing good cause, "such as a
> conflict of interest, an irreconcilable conflict, or a complete breakdown in
> communication"); <u>United States v. Iles</u>, 906 F.2d 1122, 1130 (6th Cir.1990) (*accord*).

> A district court's denial of a motion for substitute counsel is reviewed only
> for abuse of discretion, <u>United States v. Zillges</u>, 978 F.2d 369, 371 (7th Cir.1992).
> When an indigent defendant seeks appointment of substitute counsel pro se, however,
> the district court generally has an obligation to engage the defendant in a colloquy
> concerning the cause of the defendant's dissatisfaction with his representation. <u>Iles</u>,
> 906 F.2d at 1130 ("trial court clearly has a responsibility to determine the reasons for
> the defendant's dissatisfaction with his current counsel," dictum quoting LaFave and
> Isreal, <u>Criminal Procedure</u>, § 11.4 at 36 (1984)); <u>Zillges</u>, 978 F.2d at 372 (court must
> inquire into specific basis of defendant's dissatisfaction with counsel unless reason
> is clear on face of motion); <u>McMahon v. Fulcomer</u>, 821 F.2d 934, 942 (3d Cir.1987)
> (reversing denial of habeas relief on ground that trial court did not inquire into reason

3

for defendant's dissatisfaction with counsel). This colloquy, which should be conducted on the record, <u>Smith v. Lockhart</u>, 923 F.2d 1314, 1320 (8th Cir.1991), may not only help the pro se defendant adequately to express the reason for his dissatisfaction with counsel, thereby promoting confidence in the integrity of the process and in the jury's verdict, *see* <u>Iles</u>, 906 F.2d at 1131; it also creates an opportunity for the court to ease the defendant's concern if it is ill-founded, <u>Lockhart</u>, 923 F.2d at 1320.

*Id.*

Although the government has substantial questions as to whether defendant can meet this standard, as well as the *bona fide* nature of these assertions she has made to attempt to meet it, the government cannot specifically respond to the assertions because it has not seen the *ex parte* declarations and the public pleading provides no support for her request.  Accordingly, the government, although generally opposed to defendant's motion, will have to defer to the Court as to whether defendant has made a sufficient specific showing warranting replacement of counsel. *See, e.g.,* <u>Wheat v. United States</u>, 486 U.S. 153, 159 (1988) ("essential aim of the [6th] Amendment is to guarantee an effective advocate," not an attorney preferred by defendant); <u>United States v. Graham</u>, 91 F.3d at 221-22 (Court did not commit prejudicial error in denying defendant's motion for substitute counsel, although Court should have engaged defendant in more detailed colloquy as to his alleged dissatisfaction with appointed counsel).  The government is concerned, however, that the defendant not draw the mistaken conclusion that she can change appointed counsel at her whim, especially since this is the second attorney she has sought to dismiss.

**B.  Mr. Sibley Cannot Be Appointed to Represent Defendant**

In her motion, defendant requests that her civil attorney, Mr. Sibley, be appointed to represent her.  Def.'s Mot., at 2-5.  This request should be denied for two reasons.

First, as discussed above and in the Court's prior Order issued at the time defendant sought

to replace her first attorney (Dkt. No. 26), defendant does not have the right to pick whom the Court

will appoint for her.  As the Court said in its earlier Order:

> [I]f [defendant] is unable to resolve the difference with Mr. Kramer, which she
> mentions in her *pro se* Motion, she must then follow the procedures set forth in the
> Criminal Justice Act, 18 U.S.C. § 3006A.  If new counsel is appointed under the
> Criminal Justice Act, that individual will be entitled to those payments and maximum
> amount identified in the Act.  If the Defendant wishes to retain counsel of her own
> choosing, she may certainly do that, but she would have to pay whatever that counsel
> is charging.

Dkt. No. 26 at 1-2 (footnote omitted).[2]

Moreover, Mr. Sibley is not, by his own admission, qualified to represent defendant in a

criminal case in this district.  In a Petition for Writ of Mandamus, at page 10, filed in the United

States Court of Appeals for the District of Columbia Circuit in this case, Mr. Sibley stated that

"[u]ndersigned counsel cannot appear in the Criminal Case as he does not possess the requisite

expertise to make a LCrR 44.5(b) certification."[3]

### C.  Defendant is Not Entitled to Hybrid Representation

Lastly, defendant seeks a hybrid representation where she represents herself with the active

involvement of a criminal defense attorney.  Def.'s Mot. at 5-6.  Although the Court may decide,

after the appropriate inquiry, that defendant can represent herself, *see, e.g.*, Patterson v. Illinois, 487

U.S. 285, 299 (to insure a valid waiver of counsel, the Court must make a "searching or formal"

inquiry into both the defendant's understanding of the Sixth Amendment waiver and her awareness

---

[2]  Defendant makes the completely unsupported complaint that "[p]lainly, I will be denied
equal justice if the miserly rate that Congress has set under § 3006A is deployed to fund my
defense."  Def.'s Mot. at 2.

[3]  Defendant also contends that it would be too difficult to find a local attorney to take
this case because of potential conflicts of interest.  Def.'s Mot. at 5.  Defendant's contention, in a
legal community of the size present in this jurisdiction, is clearly without merit.

of the disadvantages of self-representation); <u>Faretta v. California</u>, 422 U.S. 806, 821 (1975) (Court held that defendant has a right to conduct his or her own defense in a criminal case), it should exercise its discretion not to allow hybrid representation.[4]

"Hybrid representation" refers to situations in which a defendant essentially wants to act as co-counsel. Recognizing that they could benefit from assistance of an attorney, but wanting to present certain aspects of the case to the jury themselves, defendants will sometimes, as here, request that the court allow them to act as co-counsel to their retained, appointed, or standby counsel. Hybrid representation also arises when a *pro se* defendant requests that standby counsel handle certain aspects of the case, but not others.  The Sixth Amendment does not guarantee a defendant the right to participate as co-counsel; rather such matters are left to the discretion of the trial court. *See* <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 183 (1984); <u>United States v. Singleton</u>, 107 F.3d 1091, 1103 (4th Cir.), *cert. denied*, 522 U.S. 825 (1997); <u>United States v. Leggett</u>, 81 F.3d 220, 224-25 (D.C. Cir. 1996); <u>United States v. Stevens</u>, 83 F.3d 60, 67 (2d Cir.), *cert. denied*, 519 U.S. 902 (1996); <u>United States v. Olano</u>, 62 F.3d 1180, 1193 (9th Cir. 1995), *cert. denied*, 519 U.S. 931 (1996) (request of defendant to appear as co-counsel properly denied when defendant failed to establish a "special need" to participate); <u>United States v. Campbell</u>, 61 F.3d 976, 981 (1st Cir. 1995), *cert. denied*, 517 U.S. 1161 (1996); <u>United States v. Callwood</u>, 66 F.3d 1110, 1114 (10th Cir. 1995); <u>Cross v. United States</u>, 893 F.2d 1287, 1291-92 (11th Cir.) (holding that there is no right to hybrid representation and that such decisions are left to the sound discretion of the court; defendant's request to act as co-counsel, not *pro se*, was denied), *cert. denied*, 498 U.S. 849 (1990); <u>United</u>

---

[4] Particularly, Mr. Sibley, for the reasons discussed above, should not be appointed to participate in a hybrid representation.

States v. Norris, 780 F.2d 1207, 1211 (5th Cir. 1986).

In this case, the Court may determine after the appropriate inquiry, that defendant desires and can represent herself and that she may need the assistance of stand-by counsel. She has not, however, set forth any justification why she would need to proceed with a hybrid representation where she makes some presentations and her counsel others. Absent such specific justification, the government objects and requests the Court, in its discretion, to prohibit hybrid representation in this case. Such hybrid representation would cause undue confusion for the jury and be an unjust burden and delay on the orderly presentation of this case to the jury.

### III.  Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's *pro se* motion for replacement of counsel and hybrid representation should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610


/ s /

_____
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov