**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE* MOTION FOR PRETRIAL CONFERENCE TO CONSIDER MATTERS RELATING TO CLASSIFIED INFORMATION (DKT. NO. 102)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant Deborah Jeane Palfrey's *pro se* motion for a pretrial conference to consider matters allegedly relating to classified information.[1]  The government opposes defendant's motion because it is a request for a hearing to consider something that the government submits does not exist, and for which the defendant has given no basis for believing exists, that is, classified national security information relevant to the case against her or to her defense.  Because defendant's motion is without basis or merit, it should be denied.

### I. Factual Background

1.  In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began an investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2.  On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate

---

[1]    Although defendant's motion is denoted as *pro se*, it was prepared with the assistance of her civil attorney, Montgomery Blair Sibley.  *See* Def.'s Mot. at 2 (Mr. Sibley's notice of assistance).

transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. Mail.

3. On September 6, 2007, defendant filed this motion *pro se* for a pretrial conference to consider matters relating to purported classified information.

## II. Discussion

In the Classified Information Procedures Act ("CIPA"), 18 U.S.C., Appendix 3, the United States Congress established procedures for the orderly pretrial resolution of issues relating to the admissibility and use of classified information in a federal criminal trial. Section 2 of CIPA provides, in relevant part, that post-indictment "any party may move for a pretrial conference to consider matters relating to classified information *that may arise* in connection with the prosecution." (emphasis added). Section 5 provides, in relevant part, that:

> If a defendant *reasonably expects to disclose or to cause the disclosure of classified information* in any manner in connection with the trial or pretrial proceedings involving the criminal prosecution of such defendant, the defendant shall, within the time period specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall *include a brief description of the classified information*.

(emphasis added). Other subsequent provisions provide, among other things, the procedures to be used by the court in determining whether such information can be used and, if so, how.

CIPA presupposes that a party *reasonably expects* that the presentation of evidence in a criminal case will require the disclosure of classified information. Defendant, in her motion, has sought to invoke CIPA without in any way describing – or even suggesting – what classified

information she thinks would be involved in the presentation of this case. Moreover, the facts of this case and proof of the crimes charged – operation of an interstate prostitution ring and laundering the illegal proceeds from it – are not of the nature where it is reasonable to believe that there are "matters relating to classified information that may arise in connection with the prosecution" or grounds such that "defendant reasonably expects to disclose or cause the disclosure of classified information" in the presentation of evidence in this case. Furthermore, the government is not aware of any such information that potentially would be at issue in a case of this nature, or is an issue in this case specifically.

In short, defendant has not made, nor even attempted to make, a colorable claim that the provisions of CIPA apply in this case. Her motion does nothing more than quote portions of Section 2 of the Act, and doing so does not entitle her to trigger the highly specific procedural provisions of CIPA.

### III. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's *pro se*
motion for a pretrial conference to consider matters relating to alleged classified information should
be denied.

<div style="margin-left: 40%;">

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610


/ s /

_____

Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

</div>

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Opposition has been served
by ECF upon counsel for the defendant, Preston Burton, as well as by electronic-mail, at
mbsibley@civilforfeiture.com, on the attorney who assisted in filing the *pro se* pleading,
Montgomery Blair Sibley, this 11th day of September, 2007.

<div style="margin-left: 40%;">

/ s /

_____

Daniel P. Butler
Catherine K. Connelly
Assistant United States Attorneys

</div>