RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**    2007 SEP 10 AM 9: 47

NANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

        DEFENDANT.

_____/

CRIMINAL CASE NUMBER 07-046-GK

**MOTION TO SUBSTITUTE AS COUNSEL FOR
DEFENDANT, NOTICE OF APPEARANCE AND
COURT-ORDERED MEMORANDUM OF LAW
AND FACT**

FILED

SEP 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COME NOW Montgomery Blair Sibley and (i) moves[1] to substitute as counsel for the

Defendant, (ii) files the attached "Notice of Appearance" in the above matter and (iii) submits the

following memorandum of law and fact as ordered by the Court on September 7, 2007.

## I.    MEMORANDUM OF LAW

"It is hardly necessary to say that, the right to counsel being conceded, a defendant should

be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S.

45, 53 (1932). *Accord*: *Chandler v. Fretag*, 348 U.S. 3, 9 (1954); *Glasser v. United States*, 315 U.S.

60, 70 (1942). Moreover, the Sixth Amendment "grants to the accused personally the right to make

his defense," because "it is he who suffers the consequences if the defense fails." *Faretta v.

California*, 422 U.S. 806, 819-820 (1975).[2]

---

[1]    This motion would have been made heretofore had not this Court by order of April 12, 2007, barred the undersigned from filing any pleading in this matter. [D.E. #29].

[2]    "Attorneys are not fungible;" often "the most important decision a defendant makes in shaping his defense is his selection of an attorney." *United States v. Laura*, 607 F.2d 52, 56 (3d Cir.1979); When a defendant is financially able to retain counsel, the choice of counsel rests in his hands, not in the hands of the state. *United States v. Richardson*, 894 F.2d 492, 496 (1st Cir.1990); A defendant's right to retain counsel of his choice therefore represents "'a right of constitutional dimension,'" *United States v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir.1982), the denial of which

Moreover, when a court unreasonably or arbitrarily interferes with an accused right to retain counsel of his choice, a conviction attained under such circumstances cannot stand, irrespective of whether the defendant has been prejudiced. *United States v. Novak*, 903 F.2d 883, 886 (2d Cir.1990); *Fuller v. Diesslin*, 868 F.2d 604, 606 (3d Cir.1989); *United States v. Wheat*, 813 F.2d 1399, 1402 (9th Cir.1987), *aff'd*, 486 U.S. 153; *United States v. Panzardi Alvarez*, 816 F.2d 813, 818 (1st Cir.1987).

However, this right to choose one's counsel is not absolute and there are a few extremely limited exceptions in which a court may deny that choice. Plainly, "an advocate who is not a member of the bar may not represent clients . . .in court." *Wheat* at 159. As this Court well knows, I am a member in good standing in this Court and have met its requirements to represent defendants in criminal matters.

Second, "a defendant may not insist on representation by an attorney he cannot afford, or who for other reasons declines to represent the defendant." *Wheat* at 159. Here, that issue is not relevant as I have agreed to represent the Defendant.

Third, "a defendant [may not] insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party, even when the opposing party is the Government." *Wheat* at 159. No such conflict exists in this matter.

Fourth, this Circuit has recognized a court's right to deny a defendant's choice of counsel in the interests of the orderly administration of justice. *See*: Cleveland v. *United States*, 322 F.2d 401, 403, *cert. denied*, 375 U.S. 884 (1963) (reasonable to deny new choice of counsel on day of trial

---

may rise to the level of a constitutional violation, *Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) *(en banc), cert. denied*, 469 U.S. 874,(1984).

where accused had already changed once and there had been several other continuances.) Here, this Court is faced with the prospect of a change of counsel and the matter is so far from trial as to make this ground inapposite to this matter.

Fifth, courts have recognized that an attorney may be dismissed for pursuing frivolous theories. See *United States v. Masat*, 896 F.2d 88, 92 (5th Cir.1990). Here, no claim can be made that I have filed any pleading directly or indirectly that could be considered frivolous.

As such, this Court has not legitimate basis for denying this motion to substitute as counsel for the Defendant.

## II.    MEMORANDUM OF FACTS

At the hearing on September 7, 2007, this Court orally requested facts related to my competence to represent the Defendant. I object to such an inquiry into my competence but notwithstanding will detail same. "The focus of the court's inquiry on a motion to substitute counsel is on the nature of the conflict, not on whether counsel is competent." *U.S. v. Fairchild*, 24 F.3d 250 (9th Cir. 1994); *United States v. Cronic*, 466 U.S. 648, 656-59 (1984)("we presume that the lawyer is competent to provide the guiding hand that the defendant needs.").

I was admitted to practice law in New York 1982, Florida in 1987 and in the District of Columbia in 1999. I am admitted to practice in seven federal district courts, the 2nd, 11th and D.C. Circuit Courts and the United States Supreme Court. I am a member in good standing in each of those Courts.

I am a sole practitioner with a general practice in a broad range of areas with particular concentration on civil and criminal forfeiture and anti-money laundering compliance issues for individuals and institutions. I have extensive experience in litigating forfeiture matters both in

pursuing claims and counter-suing governments and banks. I have also been an associate in a number of firms handling both civil and criminal matters. Significant for this Court, I was an Assistant District Attorney in Rochester, New York for five years prosecuting virtually all crimes handled by the office including homicides, white collar crimes, drug crimes and sexual abuse crimes. During that time, I tried over fifty (50) jury trials to verdict.

Among my various accomplishments during my twenty-five (25) year legal career are the following:

- Author, *Federal Forfeiture Practice Manual*, a 600 page comprehensive treatise on the pursuit of a claim in a federal forfeiture case and available through Amazon.com. (ISBN 0-96-70335-0-0 1999).

- Speaker, American Bankers Association/American Bar Association 11th Annual Money Laundering Enforcement Seminar on "The Civil Safe Harbor".

- President, *Forfeiture Endangers American Rights, Inc.*, a national organization dedicated to assisting victims and lawyers dealing with forfeiture laws, 1997

- *Lopez v. First Union* and *Coronado v. BankAtlantic Bancorp*, 129 F.3d 1186 (11th Cir. 1997) - counsel for plaintiffs in national first impression cases defining the scope of bank account holder's privacy rights versus the government's right to bank records under the Bank Secrecy Act.

- *United States vs. Johnny Daccarett et al.*, 6 F. 3d 37 (2nd Cir. 1993) - trial counsel for claimants in seminal $35 million civil forfeiture case covering all issues from seizure through trial to appeal.

- *Deloitte, Haskins & Sells vs. Southern Financial Holding Corp.* 566 So.2d 906 (4th DCA 1990) - counsel for Deloitte in important scope of accountant/client privilege case.

Moreover, I am particularly familiar with the operation of escort services as I have represented such services in the past. See: *In Re Forfeiture of $343,726.60 in U.S. Currency, et al.,* Case No.: 05-20513-Civ-Jordan (S.D. Florida). As such, my competence not only encompasses the legal issues in this case, but the factual issues as well.

Clearly, this Court has a limited – and thus *uninformed* – awareness of the allegations raised in 2002 against me by the Florida Bar which are still – 4 ½ years later – un-resolved. Just as clear, this Court may not simply accept those <u>unproven</u> allegations to act to bar my substitution in this matter.

In *Theard v. United States*, 354 U.S. 278 (1957), the Supreme Court unequivocally stated:

> Disbarment being the very serious business that it is, ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred. If the accusation rests on disbarment by a state court, such determination, of course, brings title deeds of high respect. **But it is not conclusively binding on the federal courts.** The recognition that must be accorded such a state judgment and the extent of the responsibility that remains in the federal judiciary were authoritatively expounded in *Selling v. Radford*, 243 U.S. 46. **The short of it is that disbarment by federal courts does not automatically flow from disbarment by state courts**.

In *Selling v. Radford*, 243 U.S. 46, 51 (1917) the Court required that "an opportunity should be afforded the respondent, confining himself to the propositions stated, if he is so advised, to file the record or records of the state court within thirty days from this date with permission by printed brief, considering the record intrinsically, to point out any ground within the limitations stated which should prevent us from giving effect to the conclusions established by the action of the Supreme Court of Michigan which is now before us, as we have seen, as part of the petition we are now considering."

In sum, while this Court can take notice of the proceedings in Florida, I am entitled to a full evidentiary hearing before this Court <u>prior</u> to this Court taking any action which would effect my right to practice law before it.

## III.    CONCLUSION

"It's the client's comfort, not the judge's, that the Sixth Amendment protects." *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993).   "There is a place in our system of criminal justice for the maverick and the risk taker and for approaches that might not fit into the structured environment of a public defender's office, or that might displease a judge whose preference for nonconfrontational styles of advocacy might influence the judge's appointment decisions." *Caplin & Drysdale v. United States*, 491 U.S. 617, 647 (1989). "Out-of-state lawyers may – and often do – represent persons who raise unpopular federal claims. In some cases, representation by nonresident counsel may be the only means available for the vindication of federal rights.   The lawyer who champions unpopular causes surely is as important to the "maintenance or well being of the Union," as was the shrimp fisherman in *Toomer* or the pipeline worker in *Hicklin*." *Supreme Court of New Hampshire v. Piper,* 470 U.S. 274 (1985).

WHEREFORE, I request leave of this Court to substitute as counsel for the Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 10, 2007.

> MONTGOMERY BLAIR SIBLEY
> CENTER FOR FORFEITURE LAW
> 1629 K Street, Suite 300
> Washington, D.C. 20006
> 202-508-3699
> 202-478-0371 Fax
> mbsibley@civilforfeiture.com
> www.civilforfeiture.com
>
> By: _____
> Montgomery Blair Sibley
> D.C. Bar #464488

NOTICE OF APPEARANCE IN A CRIMINAL CASE

**CLERK'S OFFICE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**WASHINGTON, D.C.   20001**

UNITED STATES OF AMERICA

vs.

Criminal Number  07-046-GK

**Deborah Jeane Palfrey**

(Defendant)

FILED

SEP 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TO:    NANCY MAYER-WHITTINGTON, CLERK

YOU ARE HEREBY NOTIFIED THAT I APPEAR FOR THE DEFENDANT INDICATED
ABOVE IN THE ENTITLED ACTION.

I AM APPEARING IN THIS ACTION AS:    (Please check one)

☐  CJA          ☑  RETAINED          ☐  FEDERAL PUBLIC DEFENDER

_(Signature)_

**PLEASE PRINT THE FOLLOWING INFORMATION:**

**Montgomery Blair Sibley Bar #464488**
_(Attorney & Bar ID Number)_

Law Offices of Montgomery Blair Sibley, Chartered
_(Firm Name)_

**1629 K Street, Suite 300**
_(Street Address)_

**Washington, DC  20006**
_(City)            (State)            (Zip)_

**202-508-3699**
_(Telephone Number)_