UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FILED
SEP 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S *PRO SE* REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR PRETRIAL CONFERENCE TO CONSIDER MATTERS RELATING TO CLASSIFIED INFORMATION

    Defendant Deborah Jeane Palfrey, appearing *pro se* Replies to the Government's Opposition to Defendant's Motion for Pretrial Conference to Consider Matters Relating to Classified Information, and states:

    First, the Court must take notice of §5(b) of Classified Information Procedures Act ("CIPA") which states: "Failure to Comply: If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the examination by the defendant of any witness with respect to any such information." Accordingly, Defendant acts at her peril by failing to invoke the procedures outlined in CIPA.

    Second, Defendant has supplement her original motion with a "Memorandum of Fact In Support of Motion for Pretrial Conference to Consider Matters Relating to Classified Information" which details to the best of her ability at this time the "brief description of the classified information" she expects to reveal required under §5(a) of CIPA.

    Third, Defendant is barred from revealing a more detailed description of the classified information she expects to be disclosed pursuant to Federal Rules of Criminal Procedure, Rule 12.3

*Leave to file granted. J. Kessler - 9/20/07.*

"Notice of the Defense and Disclosure of Witnesses" which requires that "The notice filed with the clerk must **be under seal** if the notice identifies a federal intelligence agency as the source of public authority." Accordingly, Defendant risks the wrath of this Court if she further publically identifies the information she expects to be disclosed.

Fourth, this Court has already observed that "a bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's evidence." [D.E. #89, p. 34]. As Aesop famously wrote: "Sauce for a Goose is Sauce for a Gander." Here, the mandatory provisions of CIPA should not work towards the end of giving the government a "preview" of the Defendant's evidence.

Last, "Once the defendant has alleged facts that, if true, demonstrate the necessity of the witness' testimony, the court is obligated to lend its authority in compelling the sought-after witness' appearance. See *United States v. North*, 910 F.2d 843, 889 (D.C.Cir.1990) (reviewing court must ensure that defendant does not suffer actual prejudice because of inability to obtain compulsory process). Here, to entertain the government's request that no such hearing is necessary, is an invitation to the Court to trespass upon Defendant's Sixth Amendment right "to have compulsory process for obtaining witnesses in his favor."

WHEREFORE, Defendant requests that the Court promptly hold the requisite pretrial conference pursuant to the Classified Information Procedures Act to address the above, and other, discovery issues presented.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 14, 2007.

Dated: 9/14/07

Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he does represent Defendant as her attorney in this matter but is presently barred by Court order from filing this pleading on her behalf.

-3-