UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FILED
SEP 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

        DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S *PRO SE* MOTION AND AFFIDAVIT TO DISQUALIFY JUDGE KESSLER

Defendant Deborah Jeane Palfrey appearing *pro se,* pursuant to 28 U.S.C. § 144[1] and/or 28 U.S.C. § 455(a)[2] moves for an order disqualifying Judge Kessler in this matter, and pursuant to the authority of 28 U.S.C. §1746 under penalty of perjury states:

I.     FACTUAL BASIS FOR DISQUALIFICATION

I believe that Judge Kessler has a personal bias or prejudice either against me and my counsel, Montgomery Blair Sibley or in favor of any adverse party upon the following grounds[3]:

---

[1]     § 144. Bias or Prejudice of Judge. Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith

[2]     § 455. Disqualification of Justice, Judge, or Magistrate Judge. (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

[3]     I do not have a copy of that transcript of the hearing of September 7, 2007, but would ask that the transcript be prepared and considered in support of this motion by the Court and filed as part of the record of these proceedings.

*Leave to file granted - J Kessler - 9/27/07*

1. This Court has failed to rule for over eight (8) months upon my motion to return property in the civil forfeiture case pending before the Court despite the Congressionally-mandated to a determination on that motion within thirty (30) days of the motion being heard. *See* 18 U.S.C. §983(f).

2. The Court has continually shown hostility and bias to my counsel, Montgomery Blair Sibley by (i) refusing to allow him to sit and consult with me during the criminal proceedings, (ii) refusing to refer to him by his proper name but instead in the dismissive third-person "that man", (iii) has taken the extraordinary step of delaying my criminal proceedings for three weeks when confronted by Mr. Sibley's proper-in-all respects notice of appearance taking the remarkable step of inviting the government to comment on Mr. Sibley's notice of appearance in the criminal case prior to permitting such appearance and (iv) entering an order barring Mr. Sibley from being privy to any of the material – including the recently disclosed *Jenks* material – in order to deny to me Mr. Sibley's legal counsel.

3. At the last hearing, the Court lashed out at me for "trying to bargain with the Court" when in fact I was doing no such thing. I never asked to proceed purely *pro se*, but instead sought to challenge the constitutionality of the Criminal Justice Act for the reasons articulated by the four dissenters in *Caplin & Drysdale v. United States*, 491 U.S. 617 (1989)[4]. Once that record was made,

---

[4] As the dissent in *Caplin & Drysdale* noted:

> When the Government insists upon the right to choose the defendant's counsel for him, that relationship of trust is undermined: counsel is too readily perceived as the Government's agent rather than his own. . . .The Government can be expected to "spend vast sums of money ... to try defendants accused of crime," *Gideon v. Wainwright*, 372 U.S., at 344, 83 S.Ct., at 796, and of course will devote greater resources to complex cases in which the punitive stakes are high.

as I alerted the Court in my sealed affidavit, Mr. Sibley was prepared to enter his appearance as my criminal counsel.

4. Enter civil restraining orders in a criminal case with the express design of prohibiting Mr. Sibley from appearing to contest those restraining orders.

5. This Court has now been twice exposed to settlement negotiations by the government's disclosure of those negotiations in violation of Federal Rules of Criminal Procedure, Rule 11(f) and Federal Rules of Evidence, Rules 408 and 410. In particular, those disclosure were of the February 24, 2007, meeting of all counsel in the criminal and civil matters and the recently filed "Government's Opposition to Motion to Substitute Counsel for the Defendant." As such, I believe that the Court has been so tainted by these improper disclosures that the Court can no longer appear "impartial".

6. Last, heretofore unknown to me or Mr. Sibley is that this Court took up a question

---

Precisely for this reason, 'there are few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses.' *Ibid*. But when the Government provides for appointed counsel, there is no guarantee that levels of compensation and staffing will be even average. Where cases are complex, trials long, and stakes high, that problem is exacerbated. 'Despite the legal profession's commitment to pro bono work,' *United States v. Bassett*, 632 F.Supp. 1308, 1316 (Md.1986), *aff'd on other grounds sub nom. United States v. Harvey*, 814 F.2d 905 (CA4 1987), even the best intentioned of attorneys may have no choice but to decline the task of representing defendants in cases for which they will not receive adequate compensation. See, e.g., *United States v. Rogers*, 602 F.Supp. 1332, 1349 (Colo.1985). Over the long haul, the result of lowered compensation levels will be that talented attorneys will 'decline to enter criminal practice'. . . This exodus of talented attorneys could devastate the criminal defense bar.. . .Without the defendant's right to retain private counsel, the Government too readily could defeat its adversaries simply by outspending them.

concerning him *ex parte* with the government. As the government stated in their "Government's Opposition to Motion to Substitute Counsel for the Defendant" at page 11:

> The Court held a previously scheduled status hearing on April 12, 2007. Neither Mr. Sibley nor the defendant attended. In addition to a discussion of the alleged conflict between Mr. Kramer and his client, and the need for defendant to be present for the conflict matter to be properly addressed, the Court asked the government whether it viewed the document Mr. Sibley had filed on April 11, 2007, identifying the potential witness, as a violation of the Court's protective order. Government counsel suggested that Mr. Sibley might profess confusion.

Thus it appears that at the time this Court had notice that Mr. Kramer was in "conflict" with me, it determined to inquire of the government of Mr. Sibley in the hopes of finding a reason to sanction him. This *ex parte* attack on my counsel which I did not learn about until the filing of the above motion, completely undermines my confidence that this Court will deal fairly with me and Mr. Sibley going forward. If this Court harbors a belief that Mr. Sibley has violate a court rule, then invoke due process and give him notice and an opportunity to be heard rather than *de facto ex parte* engaging the government in a conspiracy to divest me of my choice of counsel.

## II.   LEGAL ARGUMENT

It is beyond dispute that "[a] fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *In re Murchison*, 349 U.S. 133, 136 (1955). Moreover, in *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 252 (1980), the Supreme Court recognized that the "requirement of neutrality in adjudicative proceedings" serves dual interests of equal importance, as "it preserves both the appearance and reality of fairness, 'generating the feeling, so important to a popular government, that justice has been done,' by ensuring that no person will

be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

Additionally, as one Court has noted: "However, it is undisputable that a trial judge can communicate hostility and bias to a jury in ways that are not ascertainable from a reading of a 'cold' written record of the proceedings." *Anderson v. Sheppard*, 856 F.2d 741, 746 (6th Cir. 1988). Hence, the record alone does not fully reveal the non-verbal exhibition of bias by the Court towards me and Mr. Sibley when we have appeared before it. *See Reserve Mining Co. v. Lord*, 529 F.2d 181, 186 (8th Cir.1976) (en banc) ("[w]hen the judge joins sides, the public as well as the litigants become overawed, frightened and confused.").

As such, the stringent rule of preventing even the probability of unfairness "that may sometimes bar trial by judges who have no actual bias and who will do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.'" *Murchison*, 349 U.S. at 136 (quoting *Offutt v. United States*, 348 U.S. 11, 14 (1955).

Here, the Court is interfering with my right to counsel, and even if it does follow the law and permit my counsel to appear, has so exhibited bias against Mr. Sibley that I do not believe I can received a fair trial from the Court with him as my counsel.

The Supreme Court stated in *Powell v. Alabama*, 287 U.S. 45 (1932) that "[i]f in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense." *Id.* at 69. Repeatedly, this Court has "arbitrarily" denied me access to Mr. Sibley and refused to allow him to

appear for me.

### III.   CONCLUSION

WHEREFORE, I requests that the Court disqualify itself from further involvement in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September ___, 2007

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 22, 2007.

Dated:_____                    _____
                                          Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he is does not – at this time – represent Defendant as attorney of record in this matter.

appear for me.

### III. CONCLUSION

WHEREFORE, I requests that the Court disqualify itself from further involvement in this matter.

#### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 22, 2007

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

#### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 22, 2007.

Dated: 9/22/07

Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he is does not – at this time – represent Defendant as attorney of record in this matter.

-6-