FILED
SEP 2 7 2007
NANCY MAYER W... ...LERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S SECOND MOTION TO BAR ASSISTANT UNITED STATES ATTORNEYS DANIEL PEARCE BUTLER, CATHERINE K. CONNELLY, WILLIAM RAKESTRAW COWDEN FROM FURTHER INVOLVEMENT IN THIS MATTER

Defendant Deborah Jeane Palfrey, appearing *pro se* as her court-appointed counsel refuses to bring these matters to the Court's attention and objecting to the delay imposed without her consent upon this matter by the Court's order of September 7, 2007, to Bar Assistant United States Attorneys Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden from further involvement in this matter; and for grounds in support states:

Defendant again moves for an order barring the Assistant United States Attorneys assigned to prosecute this matter -- Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden -- given their outrageous conduct in once <u>again</u> disclosing privileged settlement communications for a malicious and improper purpose

I.    BACKGROUND

On February 24, 2007, at the instance of Assistant United States Attorneys Daniel Pearce Butler, Catherine K. Connelly and William Rakestraw Cowden ("AUSAs"), Defendant's then-criminal counsel, A.J. Kramer, and her undersigned then-civil Counsel, met with the AUSAs to discuss a possible global resolution of the Criminal and Forfeiture Cases. No settlement was reached.

*Leave to file granted - J. Kessler - 9/27/07*

Ten (10) days later, on March 5. 2007, AUSA Cowden sent a letter to Defendant's then-civil counsel which (i) acknowledged that the February 24, 2007, meeting was a settlement conference and (ii) sought to self-servingly memorialize the substance of the discussions held at the meeting. A sealed copy of that letter along with a motion to seal has been filed in the Appendix marked "Supplement – Under Seal" to Defendant's First Omnibus Motion.

On March 16, 2007, the government filed a motion for an *ex parte* temporary restraining order seeking (i) to restrain further proceedings in the *Palfrey v. Neble et al.*, breach of contract case, (ii) a hearing as required by 18 U.S.C. §1514(b)(1) and (iii) to preserve the evidence of the customers and escorts in Defendant's sole possession. The motion contains several paragraphs which were sealed and related to the February 24, 2007, global settlement conference.

As a result on March 16, 2007, the Court entered its *ex parte* order granting that relief sought in the motion for Temporary Restraining Order [D.E. #12]. Additionally on March 22, 2007, the Court entered its Post-indictment Restraining Order. [D.E.# 17].

On September 21, 2007, the government filed "Government's Opposition to Motion to Substitute Counsel for the Defendant". At page 14 of that Opposition, the government stated: "as evidenced by a September 10, 2007, letter to the government in which he threatens "if an agreement to settle this matter is not reached, the Rubicon will be crossed this month and I will be powerless to dissuade [the defendant] from pursuing rights she may have under 42 U.S.C. 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) against all involved."

This selective quoting of that letter intentionally omits the initial paragraph of that letter which stated: "This letter is tendered for the sole purpose of settlement pursuant to Federal Rules of Criminal Procedure, Rule 11(f) and Federal Rules of Evidence, Rules 408 & 410."

## II. LEGAL ARGUMENT

The utilization of the discussions had at the settlement conference and the September 10, 2007, letter was <u>highly</u> improper and deserves stern rebuke from this Court followed by the sanction of removing those three AUSAs from further involvement in the case.

Federal Rules of Evidence, Rule 408 "Compromise and Offers to Compromise", states as follows:

> Evidence of (1) furnishing or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

"Federal Rule of Evidence 408 is broader than the common law exclusionary rule in many jurisdictions and excludes from evidence all statements made in the course of settlement negotiations. *McCormick on Evidence*, 3rd Ed. (1984), p. 812. . . .To determine whether the statements are covered by the rule, the inquiry is whether the 'statements or conduct were intended to be part of the negotiations for compromise'. *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir.1981)." *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652 (4th Cir. 1988).

Moreover, Federal Rules of Criminal Procedure, Rule 11(f)[1] points to Federal Rules of

---

[1] (f) Admissibility or Inadmissibility of a Plea, Plea Discussions, and Related Statements. The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.

3

Evidence, Rule 410, which states: "evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: . . .any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn."

Here, patently all of the statements made at the February 24, 2007, settlement conference are and in the September 10, 2007, letter are covered by Rules 408 and 410 and thus the use by the AUSAs of those statements was blatantly improper. The "chilling" effect of this behavior by the Department of Justice attorneys must draw immediate attention from this Court.

As noted in *Goodyear Tire & Rubber Co.* at 980 :

> There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties. . . . Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative quid pro quos, and generally make statements that would otherwise belie their litigation efforts. Without a privilege, parties would more often forego negotiations for the relative formality of trial. . . . Moreover, confidential settlement communications are a tradition in this country.

Stated simply, what defense attorney is now willing to go into a settlement negotiation with the United States Attorney's office knowing that at the conclusion, the AUSA will (i) create a self-serving record of the meeting ten (10) days later and (ii) then improperly attempt to utilize that record in subsequent, *ex parte*, litigation and then reveal a subsequent letter tendered solely for

settlement purposes?

### III.   CONCLUSION

Accordingly, these AUSAs must be removed from further contact with this case.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 22, 2007.

Dated:_____                                          _____
                                                                                    Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he does represent Defendant as her attorney in this matter but is presently barred by Court order from filing this pleading on her behalf.

settlement purposes?

### III. CONCLUSION

Accordingly, these AUSAs must be removed from further contact with this case.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LCvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 22, 2007.

Dated: 9/22/07

Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he does represent Defendant as her attorney in this matter but is presently barred by Court order from filing this pleading on her behalf.

5