## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE* MOTION AND AFFIDAVIT TO DISQUALIFY DISTRICT JUDGE GLADYS KESSLER (DKT. NO. 113)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant Deborah Jeane Palfrey's *pro se* motion and affidavit to disqualify District Judge Gladys Kessler. (Dkt. No. 113).[1]  In her motion, defendant states that she "believe[s] that Judge Kessler has a personal bias or prejudice either against me and my [civil] counsel, Montgomery Blair Sibley or in favor or any adverse party[,]" and then lists six alleged grounds for this allegation.  Def.'s Mot. at 1-3.  As discussed below, defendant's motion is unsupported by fact or law and should be denied.

### A.  Factual Background

1.  In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began an investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2.  On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related

---

[1]  Although defendant's motion is denoted as *pro se*, it was prepared with the assistance of her civil attorney, Montgomery Blair Sibley.  See final page of motion (Mr. Sibley's notice of assistance).

forfeiture allegations.  These charges relate, as the Court is aware, to defendant's alleged operation

of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent

to defendant through the U.S. Mail.

3.  Defendant is also involved in a forfeiture action filed by the United States before this

Court in which properties owned by her are the defendants.  United States v. 803 Capitol Street,

Vallejo, California, Case No. 1:06-CV-01710-GK.  This is the mater in which Mr. Sibley represents

defendant.  District Judge Kessler is assigned to that matter as well.

4.  Prior to the indictment in the criminal mater, defendant obtained court-appointed

representation by the Federal Public Defender, A.J. Kramer.

5.  Thereafter, defendant filed a *pro se* motion in which she stated she had irreconcilable

differences with her attorney, Mr. Kramer.  In support of her position, she filed sealed *ex parte*

declarations by herself and her civil attorney, Mr. Sibley.

6.  On May 7, 2007, the Court granted defendant's motion for replacement of counsel and

appointed current counsel, Preston Burton.  Dkt. No. 40.

7.  On August 23, 2007, defendant filed a *pro se* motion in which she stated she had

irreconcilable differences with her current attorney, Mr. Burton.  Dkt. No. 93.  In support of her

position, she again filed sealed *ex parte* declarations by herself and her civil attorney, Mr. Sibley.

Id. at 1.  Mr. Burton has also filed under seal a motion to withdraw as counsel.  Dkt. No. 94.

8.  On September 10, 2007, Mr. Sibley filed a motion to enter an appearance to represent

defendant as retained counsel.  Dkt. No. 105.  The government filed an opposition, Dkt. No. 108,

and Mr. Sibley filed a reply.  Dkt. No. 112.  That motion is pending.

2

9.  On September 27, 2007, defendant, with the assistance of Mr. Sibley, filed the present motion to disqualify the District Judge assigned to the criminal case, Judge Kessler.  Dkt. No. 113.

10.  On October 1, 2007, defendant filed the exact same motion to disqualify in the civil case, 06-cv-01710-GK.  Dkt. No. 61.  The government will respond to that pleading separately in the civil case.

## B.  Discussion

Defendant's alleged grounds to disqualify District Judge Kessler relate to: rulings (or, defendant contends, delaying on ruling) in the civil case (alleged ground #1) and the criminal case (#2(i), (iii), and (iv); and #4), alleged admonishments of defendant (#3) and Mr. Sibley when he tried to participate in court proceedings in the criminal case (#2), the Court allegedly being exposed to "settlement negotiations" (#5), and an alleged *ex parte* discussion with the government about Mr. Sibley (#6).  As shown below, these alleged grounds are all insufficient to support the disqualification sought by defendant.

A leading case in this area is Liteky v. United States, 510 U.S. 540 (1994).  In Liteky, the Court addressed both statutes cited by defendant, 28 U.S.C. §§ 144 and 455.  Id.  The Court held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."  510 U.S. at 555 (citation omitted).  The Court also held that:

> judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of

favoritism or antagonism as to make fair judgment impossible.  An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in <u>Berger v. United States</u>, 255 U.S. 22 . . . (1921), a World War I espionage case against German American defendants:  "One must have a very judicial mind indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty."  <u>Id.</u>, at 28 (internal quotation marks omitted).  *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

<u>Id.</u> at 555-56.

Applying these principles, the Court rejected defendant's alleged grounds for disqualification of the District Judge in that case, including rulings made and statements uttered by the judge, as well as admonishments of a co-defendant's counsel and co-defendants and an alleged anti-defendant tone.

<u>Id.</u> at 556.   In conclusion, the Court held that:

All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses.  All occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

<u>Id.</u> at 556; <u>see</u>, <u>e.g.</u>, <u>Carson v. United States</u>, 455 F.3d 336, 355-60 (D.C. Cir. 2006), <u>cert.</u> <u>denied</u>, 127 S. Ct. 1351 (2007) (although Carson involves a claim – rejected by the court of appeals – of such bias on the part of the trial judge that defendants did not receive a fair trial, the same general principles apply as with a statutory recusal motion, <u>see</u> <u>id.</u> at 355, n.17).

4

Similarly, in this case, the defendant's contentions regarding the Court's rulings and comments are easily disposed of since, even if taken as stated by the defendant, they come nowhere near meeting the requirements for a recusal. Nor do defendant's other alleged grounds meet the required standard. As to the Court's alleged exposure to "settlement negotiations," for the reasons discussed in the government's opposition to defendant's *pro se* omnibus motion, being filed today, *see* Section B4a, there has been no improper exposure or violation of any evidentiary rule, so this alleged ground is of no help to defendant. Furthermore, there was no improper *ex parte* communication with the Court in this matter. The discussion referenced by defendant, Dkt. No. 113 at 4, was a bench conference at which defendant's attorney, Mr. Kramer, and the government were present. There was nothing improper in that bench conference. Accordingly, defendant's alleged grounds are woefully insufficient to support the action she seeks.

## C. **Conclusion**

For the foregoing reasons, the United States respectfully submits that defendant's *pro se* motion should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s  / *Daniel P. Butler/Catherine K. Connelly*

Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Government's Opposition has been served by ECF upon counsel for the defendant, Preston Burton, as well as by electronic-mail, at mbsibley@civilforfeiture.com, on the attorney who assisted in filing the *pro se* pleading, Montgomery Blair Sibley, this __1st__ day of October, 2007.

/ s / *Daniel P. Butler/Catherine K. Connelly*

Daniel P. Butler
Catherine K. Connelly
Assistant United States Attorneys

6