UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S *PRO SE* MOTION FOR
ORDER RELEASING SEIZED PROPERTY

FILED
OCT 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Deborah Jeane Palfrey appearing *pro se,* pursuant to 18 U.S.C. 982(b)(1)[1], 21 U.S.C. §853(j)[2], 21 U.S.C. § 881(d)[3], moves for an order releasing the seize property in this matter for the failure to accord due process, and for grounds in support states:

The government – which includes this Court – cannot have it both ways. Either, my seized

---

[1] "The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853)."

[2] "Applicability of civil forfeiture provisions. Except to the extent that they are inconsistent with the provisions of this section, the provisions of section 881(d) of this title shall apply to a criminal forfeiture under this section."

[3] "Other laws and proceedings applicable. The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof; except that such duties as are imposed upon the customs officer or any other person with respect to the seizure and forfeiture of property under the customs laws shall be performed with respect to seizures and forfeitures of property under this subchapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer."

property must be "determined" to be subject to restraint pending disposition of the civil forfeiture matter pursuant to 18 U.S.C. §983(f)(5) "Release Of Seized Property" or the government must move to restrain the property pursuant to 21 USC §853(e)(1)(A)[4]. Either scheme provides for a mechanism to review the propriety of the restraint.

However, to deny Defendant here and the Claimant there such a hearing amounts to a deprivation of rights in that property not only in violation of the afore-mentioned statutes, but of Constitutional guarantees to due process under the Fifth Amendment.

Accordingly, Defendant requests that this Court return the seized property or alternatively, in either the civil or criminal matters, conduct the requisite hearing and make the requisite determination.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this October 1, 2007.

Dated:_____                    _____

                                          Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he is does not – at this time – represent Defendant as attorney of record in this matter.

---

[4] Made applicable by action of 18 U.S.C. §982(b)(1) "The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853)."

property must be "determined" to be subject to restraint pending disposition of the civil forfeiture matter pursuant to 18 U.S.C. §983(f)(5) "Release Of Seized Property" or the government must move to restrain the property pursuant to 21 USC §853(e)(1)(A)[4]. Either scheme provides for a mechanism to review the propriety of the restraint.

However, to deny Defendant here and the Claimant there such a hearing amounts to a deprivation of rights in that property not only in violation of the afore-mentioned statutes, but of Constitutional guarantees to due process under the Fifth Amendment.

Accordingly, Defendant requests that this Court return the seized property or alternatively, in either the civil or criminal matters, conduct the requisite hearing and make the requisite determination.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 29, 2007.

Dated: 9/29/07

Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he is does not – at this time – represent Defendant as attorney of record in this matter.

---

[4] Made applicable by action of 18 U.S.C. §982(b)(1) "The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853)."