UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE*
MOTIONS (1) TO CORRECT DOCKET ENTRY #106, AND (2) TO DEEM
DEFENDANT'S FIRST OMNIBUS MOTION AS CONCEDED (DKT. NO. 118)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant Deborah Jeane Palfrey's *pro se* "Motions to Correct Docket Entry #106 and Deem Defendant's First Omnibus Motion as Conceded." Dkt. No. 118.[1] Defendant in her motions seeks, first, to change docket entry #106 as to the date of the filing of the referenced defendant's first omnibus motion. Then, after such change to an earlier date, defendant seeks to have the Court deem the defendant's first omnibus motion as conceded since the change in date would make the government's response in opposition untimely. Defendant's motions are patently without merit and should be denied.

### A. Factual Background

1. By Order filed on April 12, 2007, the Court in this matter required "that Defendant and anyone assisting her shall provide to her criminal defense counsel any pleading to be filed in this matter **no later that five days prior to its filing**[.]" Dkt. No. 28 at 1 (emphasis in original) Further, the Order directed "that the Clerk of Court shall not accept any pleading by Defendant acting *pro*

---

[1] Although defendant's motions (both of which are contained within a single pleading) are denoted as *pro se*, they was prepared with the assistance of her civil attorney, Montgomery Blair Sibley. See final page of motions (Mr. Sibley's notice of assistance).

*se*, or by anyone claiming to assist her in a *pro se* filing, until they are approved by the Court." *Id.* at 2.

2. On September 10, 2007, pursuant to the procedure set-forth above, defendant, with the assistance of her civil attorney, Montgomery Blair Sibley, provided to the Clerk's office Defendant's First Omnibus Motion. Dkt. No. 106.

3. On September 19, 2007, the Court granted leave to file Defendant's First Omnibus Motion, and it was entered on the docket that day. Dkt. No. 106.

4. On Monday, October 1, 2007, the government timely filed its opposition to defendant's first omnibus motion. Dkt. No. 117. (Eleven days after September 19th was Sunday, September 30th, and the next business day was October 1st, the day of the filing).

5. On October 3, 2007, the present *pro se* motion was filed. Dkt. No. 118. Despite the timely filing of the government's opposition, defendant filed this motion to have the Clerk's office show the date of filing of defendant's omnibus pleading as the date defendant or her representative gave the document to the Clerk's office for clearance by the Court, not the day it was actually approved for filing, and then to count the time for a response from the earlier date.

### B. Discussion

Defendant's motion is patently without merit.[2] Under the procedure established by the Court for the filing of *pro se* pleadings in this case, a pleading is not filed or considered served on the government until the Court has authorized it. There is no reason for the government to consider a

---

[2] Mr. Sibley's involvement in the preparation of this frivolous motion is even more proof, along with that previously set forth in the government's filing, Dkt. No. 108, of his lack of suitability to enter an appearance in the criminal case. His involvement in pleadings like this wastes the time and resources of both the Court and the government.

pleading as officially filed until it has been so authorized and filed, because the Court may deny its filing, thus making a government response unnecessary. Because the Clerk's Office's entry of defendant's first omnibus pleading as filed on September 19, 2007, was correct, and the government timely responded in its opposition on October 1, 2007, defendant's motion is without merit and should be denied.

### C. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's *pro se* motions should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610


/ s / Daniel P. Butler/Catherine K. Connelly
_____
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing Government's Opposition has been served by ECF upon counsel for the defendant, Preston Burton, as well as by electronic-mail, at mbsibley@civilforfeiture.com, on the attorney who assisted in filing the *pro se* pleading, Montgomery Blair Sibley, this 4th day of October, 2007.

          / s / Daniel P. Butler/Catherine K. Connelly
          _____
          Daniel P. Butler
          Catherine K. Connelly
          Assistant United States Attorneys