UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE* MOTION FOR ORDER RELEASING SEIZED PROPERTY (DKT. NO. 119)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to "Defendant's *Pro Se* Motion for an Order Releasing Seized Property" (Dkt. No. 119).[1] In her motion, defendant complains:

> The government – which includes this Court – cannot have it both ways. Either, my seized property must be "determined" to be subject to restraint pending disposition of the civil forfeiture matter pursuant to 18 U.S.C. §983(f)(5) "Release of Seized Property" or the government must move to restrain the property pursuant to 21 U.S.C. §853(e)(1)(A).

Defendant's Motion at 1-2 (underscore in original).

In fact, the government did move in this case to restrain the property it previously seized by warrant. On about March 15, 2007, pursuant to 18 U.S.C. §1963(d)(1) and 21 U.S.C. § 853 (incorporated by 18 U.S.C. § 982(b)(1)), the United States moved, *ex parte*, for a post-indictment asset restraint order. Based on the Grand Jury's finding of probable cause as established in the Indictment, we explained in our Application that no hearing was necessary before such an order could issue – or remain in effect (temporarily, for the duration of the criminal proceedings). See 21 U.S.C. § 853(e)(1)(A); 18 U.S.C. § 1963(d)(1); United States v. Jones, 160 F.3d 641, 648

---

[1] Defendant's motion is denoted as *pro se*, but her civil attorney confirms he wrote/submitted it.

(10th Cir. 1998); In Re Billman, 915 F.2d 916, 921 (4th Cir. 1990). The Court granted the government's request, in modified format, on about March 16, 2007.[2] See Dkt. No. 12. The government provided both attorneys then representing the defendant (her civil and criminal counsel) with a copy of the restraining order on March 16, 2007. See Docket No. 13. Thereafter, this Court held several hearings over a witness protection order that the Court also had issued on March 16, 2007, for different reasons, under different legal authority. During one of those hearings, held on March 22, 2007, the United States asked this Court to revisit the March 16, 2007 asset restraint order. The government explained why it had drafted broader language in the asset restraint order we had proposed and why it was necessary to expand the restraining order's coverage to ensure that all of the assets subject to forfeiture in the criminal case were restrained under separate criminal process issued by this Court. Thereafter, the Court issued a post-indictment asset restraint order with coverage language that tracked the Indictment's criminal forfeiture allegations. See Dkt. No. 18. Except as to business records the defendant was maintaining, herself, the March 22, 2007 post-indictment criminal forfeiture restraining order remains in effect.

In short, six months ago the government secured the relief defendant requests here: a criminal restraining order. Accordingly, the United States respectfully submits that defendant's

---

[2] The Court had indicated, in footnote 3 to its March 16, 2007 Memorandum Order, that it believed some of the language in the government's proposed restraining order was superfluous, because the proposal also covered property previously seized.

*pro se* motion should be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        DC Bar No. 498610

        / s /
        _____
        Daniel P. Butler
        DC Bar No. 417178
        Catherine K. Connelly
        MA Bar No. 649430
        William R. Cowden
        DC Bar No. 426301
        Assistant United States Attorneys
        555 4th Street, NW
        Washington, DC  20530
        (202) 353-9431; 616-3384; 307-0258
        Daniel.Butler@usdoj.gov
        Catherine.Connelly2@usdoj.gov
        William.Cowden@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Opposition has been served by ECF upon counsel for the defendant, Preston Burton, as well as by electronic-mail, to mbsibley@civilforfeiture.com, on the attorney who assisted in filing the relevant *pro se* pleading, Montgomery Blair Sibley, this   5th   day of October 2007.

        / s /
        _____
        William R. Cowden
        Assistant United States Attorney