RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 OCT -9 AM 11: 36

NANCY M.
MAYER-WHITTINGTON
CLERK

RECEIVED
OCT 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FILED
OCT 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S *PRO SE* REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR ORDER RELEASING SEIZED PROPERTY

Defendant Deborah Jeane Palfrey appearing *pro se,* replies to the Government's Opposition to Motion For Order Releasing Seized Property, and states as follows:

The government correctly details the present state of the assets restrained in this matter in its Opposition under 21 USC §853(e)(1)(A)[1].

However, 21 U.S.C. §853(j) "Applicability of civil forfeiture provisions" states: "Except to the extent that they are inconsistent with the provisions of this section, the provisions of section 881(d) of this title shall apply to a criminal forfeiture under this section." Under § 881(d)[2], this

---

[1] Made applicable by action of 18 U.S.C. §982(b)(1) "The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853)."

[2] "Other laws and proceedings applicable. The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof; except that such duties as are imposed upon the customs officer or any other person with respect to the seizure and forfeiture of property under the customs laws shall be performed with respect to seizures and forfeitures of property under this subchapter by such officers, agents, or other persons as may be authorized or designated for that

*Leave to file granted, Judge Gladys Kessler, CJ, 10/10/07*

125

Court is directed to 18 U.S.C. §983(f)(5) "Release Of Seized Property". Under 18 U.S.C. §983(f) "Release Of Seized Property", Congress has imposed upon this Court a duty to – **within 30 days of this motion** – determine if the Defendant's seized property should be "immediately" returned to her.

For the <u>third</u> time, Defendant moves this Court for such a determination.

Moreover, under 18 U.S.C. §983(j)[3] "Restraining Orders; Protective Orders" this Court has jurisdiction to "preserve" the property seized. Here, Defendant once again petition this Court to address the rapidly depreciating value of the stock portfolio in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division,, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this October 8, 2007.

Dated:_____                          _____
                                              Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he is does <u>not</u> – at this time – represent Defendant as attorney of record in this matter.

---

purpose by the Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer."

[3] "(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." While technically, this requires a motion from the government, the anonolous jurisdiction of the Court certainly allows the Defendant to petition the Court to preserve her assets.

Court is directed to 18 U.S.C. §983(f)(5) "Release Of Seized Property". Under 18 U.S.C. §983(f) "Release Of Seized Property", Congress has imposed upon this Court a duty to – **within 30 days of this motion** – determine if the Defendant's seized property should be "immediately" returned to her.

For the third time, Defendant moves this Court for such a determination.

Moreover, under 18 U.S.C. §983(j)[3] "Restraining Orders; Protective Orders" this Court has jurisdiction to "preserve" the property seized. Here, Defendant once again petition this Court to address the rapidly depreciating value of the stock portfolio in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served by U.S. Mail upon Catherine Connelly, Assistant United States Attorney, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this October 8, 2007.

Dated: 10/8/07

Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he is does not – at this time – represent Defendant as attorney of record in this matter.

---

Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer."

[3] "(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." While technically, this requires a motion from the government, the anonolous jurisdiction of the Court certainly allows the Defendant to petition the Court to preserve her assets.