RECEIVED
OCT 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 OCT -9 AM 11: 36
NANCY M.
MAYER-WHITTINGTON
CLERK

FILED
OCT 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE* MOTIONS TO CORRECT DOCKET ENTRY #106 AND DEEM DEFENDANT'S FIRST OMNIBUS MOTION AS CONCEDED BY PLAINTIFF

    Defendant Deborah Jeane Palfrey, appearing *pro se* as her court-appointed counsel refuses to bring these matters to the Court's attention, Replies to the Government's Opposition to Defendant's Pro Se Motions to Correct Docket Entry #106 and Deem Defendant's First Omnibus Motion as Conceded By Plaintiff, and states as follows:

    What the government ignores or forgets is that at the hearing before this Court on September 7, 2007, this Court expressly <u>lifted</u> it's requirement of April 12, 2007, which required prior approval by the Court before a pleading filed *pro se* was docketed. Hence, Defendant's first request that the date of filing associated with Docket Entry #106 be September 10, 2007, is proper so an accurate record is maintained for subsequent appellate review if necessary.

    Second, the government simply ignores Local Criminal Rule 47(b)[1] which sets the clock running on the government's time to respond from the "date of service", <u>not</u> the date of filing. Hence, the government is out of time. The commutative delays by this Court and the government

---

[1] "Opposing Points and Authorities" states "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. **If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded**." (Emphasis added).

1

*Leave to file granted, Judge Gladys Kessler*
*10/10/07*

are continuing to deny to Defendant her speedy trial rights, thus this motion to alert this Court and preserve the record for appellate review. *See*: Federal Rules of Criminal Procedure, Rule 51(b) "Preserving Claimed Error".[2] Hence, the government's claim that this motion is "frivolous" fails to appreciate the need to for appellate record making at the trial court level.

WHEREFORE, Defendant respectfully requests that this Court order (i) the date of filing be associated with Docket Entry #106 to be September 10, 2007, and (ii) deem Defendant's First Omnibus Motion as Conceded By Plaintiff.

### CONCLUSION

Accordingly, Defendant respectfully requests that this Court enter its order granting Defendant aforesaid motions.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this October 5, 2007.

Dated:_____

_____
Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he does represent Defendant as her attorney in this matter but is presently barred by Court order from filing this pleading on her behalf.

---

[2] "Preserving a Claim of Error. A party may preserve a claim of error by informing the court-when the court ruling or order is made or sought-of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party. A ruling or order that admits or excludes evidence is governed by Federal Rule of Evidence 103."

10/05/2007  02:23   4074237880                PARK LAKE TOWER                    PAGE  02/02

To: Jeane Palfrey  Page 3 of 3            2007-10-05 15:25:53 (GMT)           12024780371  From: M Blair Sibley

are continuing to deny to Defendant her speedy trial rights, thus this motion to alert this Court and preserve the record for appellate review. *See*: Federal Rules of Criminal Procedure, Rule 51(b) "Preserving Claimed Error".[1] Hence, the government's claim that this motion is "frivolous" fails to appreciate the need to for appellate record making at the trial court level.

WHEREFORE, Defendant respectfully requests that this Court order (i) the date of filing be associated with Docket Entry #106 to be September 10, 2007, and (ii) deem Defendant's First Omnibus Motion as Conceded By Plaintiff.

### CONCLUSION

Accordingly, Defendant respectfully requests that this Court enter its order granting Defendant aforesaid motions.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this October 5, 2007.

Dated: 10/5/07

_____
Deborah Jeane Palfrey

> Montgomery Blair Sibley, upon the ethical constraints imposed upon him, hereby (i) gives notice of assistance to Defendant in the preparation of this pleading and (ii) notes that he does represent Defendant as her attorney in this matter but is presently barred by Court order from filing this pleading on her behalf.

---

[1] "Preserving a Claim of Error. A party may preserve a claim of error by informing the court-when the court ruling or order is made or sought-of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party. A ruling or order that admits or excludes evidence is governed by Federal Rule of Evidence 103."