UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal Case No. 07-46 (GK) |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

FILED
OCT 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM ORDER

The Defendant, Deborah Jeane Palfrey, has filed a Motion and Affidavit to disqualify this judge on the basis of "personal bias or prejudice either against me and my counsel, Montgomery Blair Sibley, or in favor of any adverse party."[1] Upon consideration of the Motion, the Opposition, the Reply, the applicable case law, and the entire record in this case, the Court concludes that the Motion should be **denied** for the following reasons.

1.	Initially, it must be noted that it is the judge who is the subject of the recusal motion who rules on that motion. United States v. Miller, 355 F. Supp. 2d 404, 405 (D.D.C. 2005); United States v. Mitchell, 377 F. Supp. 1312, 1315 (D.D.C. 1974).

2.	Defendant bases her Motion on 28 U.S.C. § 144 and 28 U.S.C. § 445(a). Section 144 requires that a party filing a motion for recusal file "a timely and sufficient affidavit" presenting "the facts and reasons" for the party's belief that the judge is biased or prejudiced against them. The Defendant has filed her *pro se* Motion and has presented her factual basis for requesting disqualification, but has not provided an actual affidavit, which the statute seems to require.

---

[1]	Defendant's Motion was prepared with the assistance of Montgomery Blair Sibley, her counsel in the related civil case, United States v. 803 Capitol Street, et al., Civil Action No. 06-1710 (GK).

However, given the fact that Defendant explicitly stated that she was filing her papers "under penalty of perjury," the Court will conclude that the "affidavit" requirement of Section 144 has been satisfied.

Section 144 also requires that the requisite affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." No such certificate of counsel has been filed with this Motion. At this time, Mr. Preston Burton is still counsel of record. The Court is well aware that he has moved to withdraw and that there is a Motion to Appoint Counsel pending. Rulings on these motions have been delayed because of the filing of Defendant's recusal motion which did not become ripe for decision until October 9, 2007. Despite the uncertainty surrounding the counsel issue, which could not be resolved until after ruling on this recusal issue, the fact remains that the statute requires the filing of a certificate of counsel that the motion is made in good faith. Our Circuit has noted that "the attorney's certificate plays a critical role in the recusal process." Securities and Exchange Commission v. Loving Spirit Foundation, Inc., 392 F.3d 486, 496 (D.C. Cir. 2004). To prevent parties from filing frivolous affidavits and "to guard against the removal of an unbiased judge through the filing of a false affidavit . . . the statute requires the attorney presenting the motion to sign a certificate stating that both the motion and declaration are made in good faith." Id. Thus, Defendant has failed to meet a critical procedural requirement of Section 144.

3.     Despite the procedural defect which requires denial of the Motion, the Court will also address its substantive merits. In doing so, the Court must accept its factual allegations as true, Berger v. United States, 255 U.S. 22, 35-36 (1921), must pass upon their legal sufficiency, Miller, 355 F. Supp. 2d at 405, and construe them strictly against the movant to prevent abuse. United States v. Haldeman, 559 F.2d 31, 135 (D.C. Cir. 1976). The Supreme Court recognized in Liteky

v. United States, that "only in the rarest circumstances" will judicial rulings "evidence the degree of favoritism or antagonism required" to warrant recusal. 510 U.S. 540, 555 (1994). In assessing this issue under both Section 144 and Section 455(a), our Circuit applies an objective standard: recusal is required "when a reasonable and informed observer would question the Judge's impartiality." United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001) (*en banc*) (*per curiam*).

4. Defendant's alleged grounds for disqualification relate, with only one exception, to rulings made in the course of proceedings in either her criminal or related civil case. As the Supreme Court noted in Liteky, such rulings "are proper grounds for appeal, not for recusal" and "almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555 (internal quotation marks and citations omitted). None of the grounds alleged, with the one exception which the Court will address in ¶ 5, derive from any extra judicial source. The conclusions reached by the Supreme Court in Liteky that the grounds for claiming bias and/or prejudice were inadequate bases for recusal because they "consist[ed] of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel. . .," id. at 556, are equally applicable to this case.[2]

5. The exception referred to above is the allegation that the Court has been exposed to "settlement negotiations." The Court can take judicial notice of the fact that the Defendant and her counsel in the civil case, Montgomery Blair Sibley, have made extensive use of the media to inform

---

[2] Defendant argues there was an improper *ex parte* communication by the Government in this case. As the Government points out in its Opposition to the Motion, the discussion referred to by Defendant was in fact an on-the-record bench conference at which the attorney who was then representing her, A.J. Kramer, head of the Federal Defender Service, and the Government were both present.

the public about what they believe to be the merits of the case. The "settlement negotiations" which Defendant relies on in her recusal motion have been referred to in various public statements she and Mr. Sibley have made and which have been widely reported in one fashion or another in the press.[3] Thus, she is not in a position to complain about the Court's exposure to matters which she herself has aired in the media. Finally, those facts which have been made public are not such as would cause "a reasonable and informed observer [to] question the Judge's impartiality." Microsoft, 253 F.3d at 114.

6.  To summarize, first, the Defendant's Motion fails to satisfy the procedural requirements of Section 144. Second, it also fails to satisfy the substantive standards set forth by the Supreme Court and our Court of Appeals in Liteky and Loving Spirit Foundation for disqualification under either Section 144 or Section 455(a). Finally, it must be remembered that "there is as much obligation upon a judge not to recuse [herself] when there is no occasion as there is for [her] to do so when there is." In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961). As Justice Rehnquist stated definitively in Laird v. Tatum, 409 U.S. 824, 837 (1972):

> Those federal Courts of Appeal which have considered the matter have unanimously concluded that a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified.

(citations omitted) (emphasis in original).

**WHEREFORE**, it is this _10th_ day of October, 2007, hereby

---

[3]    Defendant has made public the substantive details of the February 24, 2007 negotiation, but not the details of her more recent efforts to negotiate a disposition with the Government.

**ORDERED**, that Defendant's *pro se* Motion and Affidavit to Disqualify Judge Kessler is denied.

*/s/ Gladys Kessler*
Gladys Kessler
United States District Judge