UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  :
                           :
         v.                :    Criminal No. 07-46 (GK)
                           :
DEBORAH JEANE PALFREY,     :
                           :
         Defendant.        :

**FILED**

OCT 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's omnibus motion, in which she has raised thirteen separate requests, including a request for additional time to file further motions in this case. Upon consideration of the Omnibus Motion, Opposition, Reply, the applicable case law, and the entire record herein, and for the reasons stated below, Defendant's First Omnibus Motion [Dkt. No. 106] is **granted in part and denied in part**.

1. **Motion to Expedite Consideration of Montgomery Blair Sibley's LCR44.5(a) Notice of Appearance**

Defendant moves to expedite this Court's consideration of Montgomery Blair Sibley's local criminal rule 44.5(a) Notice of Appearance. On October 11, 2007, the Court granted Defendant's *Pro Se* Motion for Replacement her Counsel, which replaced Preston Burton with Montgomery Blair Sibley as her criminal case counsel. Accordingly, Defendant's request for expedited consideration is **denied as moot**.

2. **Motion for Extension of Time to File New Motions**

Defendant seeks an additional three weeks to file motions in this matter to permit Defendant's new counsel to review certain discovery material and to present new motions. In light of the fact that trial dates are several months away, the Government's concerns about delay are unpersuasive. Accordingly, Defendant's request is **granted**. Defendant shall file any new motions no later than **November 7, 2007,** and shall indicate at that time which, if any, of the pending motions filed by previous counsel remain in force and which, if any, she withdraws.

3.  **Motion to Dissolve the "Stipulated" May 22nd [D.E. #49][1] Discovery Order**

On May 22, 2007, the Court approved a Protective Order entered into by the Government and Defendant's former criminal counsel. Defendant now seeks to dissolve that Protective Order "in toto." Def.'s Omnibus Mot. at 2. She maintains that the Protective Order prevents her from preparing an effective defense because it (1) is not clear precisely what acts are prohibited, and (2) prevents her from using the information seized from her by the Government to uncover facts in her defense. Id. at 2-3.

Assuming the Protective Order does prohibit protected activity, dissolution "in toto" is overbroad and would cause further delay in this case. The Government argues that the Protective Order has worked well since its entry by the Court.

---

[1] The version of the Stipulated Protective Order approved and signed by the Court is entered in this case at docket entry 51.

Although the Court does not take lightly Defendant's concerns, she should raise them in the context of a motion to limit or narrow the Protective Order if specific problems arise. Accordingly, Defendant's request to dissolve the May 22, 2007 Protective Order is **denied**.

### 4. Motion to Bar Assistant United States Attorneys Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden from Further Involvement in the Matters

Defendant requests an order barring the Assistant United States Attorneys (AUSAs) assigned to prosecute this matter due to their alleged disclosure of privileged settlement communications for a malicious and improper purpose, and their "allegedly implicitly violating the April 12, 2007 'gag' order" and explicitly violating LCrR 57.7.

Defendant's position is without merit. In its Memorandum Order of October 10, 2007, the Court observed that Defendant and her counsel have made extensive use of the media to inform the public about what they believe to be the merits of the case. The "settlement negotiations" to which Defendant cites have been referred to in various public statements she and her counsel have made and which have been widely reported in one fashion or another in the press. Accordingly, the Court concludes that Defendant has not shown improper conduct by AUSAs Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden, and her request to bar those AUSAs is **denied**.

**5.   Motion to Dismiss for Outrageous Government Conduct**

Defendant seeks dismissal of the Indictment on the ground that the Government engaged in conduct "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." Def.'s Omnibus Mot. at 10-11 (citing United States v. Russell, 411 U.S. 423, 431-32 (1973)). Defendant alleges that on June 4, 2007, at approximately 8:30 p.m., two Government agents visited the home of Blanche Palfrey, Defendant's mother, and questioned her for 30-45 minutes, despite her protests that they speak with Mr. Sibley, who was her counsel. Defendant further alleges that the agents told her mother that they had already spoken with Mr. Sibley, and that she should speak with them.

Assuming arguendo that Defendant's allegations are true, the Court finds that they are not "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction" in this case.[2] Moreover, Defendant has no standing to object to the Government's conduct on her mother's behalf. It is also telling that Defendant has made no showing or claim of prejudice to her case.[3] Finally,

---

[2] For that reason, the evidentiary hearing that Defendant requests in her Motion is not required.

[3] Defendant claims that "the substantial threat of demonstrable prejudice exists by the threat upon the Defendant and her mothers' [sic] ability to confer with counsel and to assist in the preparation of their defenses." Def.'s Omnibus Mot. at 11. As

-4-

even if the conduct were deemed outrageous, dismissal of the case would be far too sweeping a remedy. Accordingly, Defendant's motion to dismiss the Indictment is **denied**.

6. **Motion to Completely Dissolve the March 16 [D.E. #12] and March 22 [D.E. #17] Temporary Restraining Orders**

Defendant argues that the temporary restraining orders entered on March 16, 2007 and March 22, 2007, do not comply with the evidentiary requirements of 18 U.S.C. § 1514, and should therefore be dissolved. She also moves pursuant to 18 U.S.C. § 1514(e) for a hearing to determine her motion to dissolve the orders. The Court **grants** the motion to set a hearing. At the Status Conference scheduled for October 22, 2007, at 10:00 a.m., the Court will hear no more than ten minutes of oral argument from each side regarding Defendant's request to dissolve the orders.

7. **Motion to Declare 18 U.S.C. § 3006A Unconstitutional**

This Motion is **denied** as frivolous and without any legal support whatsoever.

8. **Motion to Dismiss the Indictment Under the Tenth Amendment**

Defendant contends that the Indictment in this case seeks to punish her for violations of state prostitution laws. Accordingly, she argues, the charges in the Indictment exceed the power of the

---

discussed, Defendant has no standing to assert any rights that her mother may have. She has alleged no specific barrier to her own consultation with her counsel that arises out of the events alleged.

-5-

federal government under the Tenth Amendment.[4]  She argues that United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000), reflect a sea change in the Supreme Court's interpretation of the scope of the Commerce Clause.  The implication of those cases, she argues, is that Congress only retains the power to punish expressly granted in the Constitution, i.e. the power to punish (i) high seas piracies felonies, (ii) counterfeiting, and (iii) treason.  Def.'s Omnibus Mot. at 16 (citing U.S. Const. art. I, § 8; art. III, § 3).

Contrary to Defendant's contention, since Lopez and Morrison the Supreme Court has upheld Congress's power under the Commerce Clause[5] to criminalize activities beyond those expressly enumerated

---

[4] In its Opinion on Defendant's motions to dismiss the Indictment, the Court rejected Defendant's argument that by incorporating "purely local crimes" into Counts II through IV, the Government exceeded the intended scope of the Travel Act, 18 U.S.C. § 1952.  United States v. Palfrey, 499 F. Supp. 2d 34, 42 n.5 (D.D.C. 2007).  Defendant now challenges the charges in the Indictment under the Tenth Amendment.

[5] The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States."  U.S. Const. amend. X.  While the Tenth Amendment protects the powers of the States, the Constitution's Commerce Clause specifically grants to Congress the "power . . . to regulate commerce with foreign nations, and among the several States."  U.S. Const. art. I, § 8, cl. 3.  Since the Constitution explicitly delegates to Congress the plenary authority to regulate interstate commerce, the Tenth Amendment cannot be violated by Congress's exercise of such authority. See New York v. United States, 505 U.S. 144, 156 (1992) ("If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States.").  The proper question, then, is whether the statutes in question are a constitutional exercise of Congress's

in the Constitution. See, e.g., Gonzales v. Raich, 545 U.S. 1, 22 (2005). Moreover, the Lopez Court identified three categories of activities that Congress may regulate (1) use of the channels of interstate commerce, (2) the instrumentalities used in interstate commerce, and (3) activities that substantially affect interstate commerce. Lopez, 514 U.S. at 558-59. Both Lopez and Morrison concerned statutes that regulated the third category. Id. at 559-61; Morrison, 529 U.S. at 609.

The Indictment in this case, by contrast, alleges violations of federal statutes that regulate the first and second categories of activities, which neither Lopez nor Morrison addressed. See United States v. Faasse, 265 F.3d 475, 483 (6th Cir. 2001) (holding that the defendant's reliance on Lopez and Morrison to show unconstitutionality of the Child Support Recovery Act of 1992, 18 U.S.C. § 228, "reveals a serious misunderstanding of these precedents" because neither case "speaks in much detail to the first or second categories of activity that Congress may validly regulate").

Courts have consistently affirmed the constitutionality of the Travel Act as a proper exercise of Congress's authority under the Commerce Clause. See United States v. Welch, 327 F.3d 1081, 1093 (10th Cir. 2003); Gilstrap v. United States, 389 F.2d 6, 8 (5th Cir. 1968); United States v. Barrow, 363 F.2d 62, 65 (3d Cir.

---

Commerce Clause power.

1966); Marshall v. United States, 355 F.2d 999, 1004 (9th Cir. 1966).

In addition, Courts considering the constitutionality of the RICO and money laundering statutes outside of the context of the Travel Act have routinely upheld those statutes as constitutional exercises of Congress's Commerce Clause power.[6] See United States v. Owens, 159 F.3d 221, 226 (6th Cir. 1998) (upholding money laundering conviction under 18 U.S.C. § 1956 and finding statute valid exercise of Congress's Commerce Clause authority under category two because "use of federally insured banks and/or the transport of monies across state borders to facilitate the money laundering create a sufficient nexus to interstate commerce to allow application of § 1956"); United States v. Thompson, 685 F.2d 993, 1001 (6th Cir. 1982)(RICO); United States v. Martino, 648 F.2d 367, 381 (5th Cir. 1981)(RICO), vacated in part on other grounds sub nom. United States v. Holt, 650 F.2d 651 (5th Cir. 1981) (conviction of defendant Holt mooted by his death); United States

---

[6] The Court denies Defendant's request that the Court exercise its discretion to deem as conceded the unconstitutionality of the RICO and money laundering statutes because the Government did not specifically address those statutes. As discussed above, courts have consistently upheld the RICO and money laundering statutes as constitutional under the Commerce Clause. Moreover, as the Court explained in its earlier decision on Defendant's motions to dismiss, "[t]he Travel Act allegations in this case provide the foundation for the Government's Indictment. . . . The charges in Counts I [RICO] and V [money laundering] are predicated on violations of the Travel Act. . . ." Palfrey, 499 F. Supp. 2d at 41.

v. Vignola, 464 F. Supp. 1091, 1098 (E.D. Pa. 1979)(RICO) (citing Perez v. United States, 402 U.S. 146, 154 (1971)), aff'd, 605 F.2d 1199 (3d Cir. 1979).

None of the few cases that Defendant cites in support of her argument address the constitutionality of those federal statutes pursuant to which Defendant was charged in the Indictment in this case. For all the foregoing reasons, Defendant's motion to dismiss the Indictment under the Tenth Amendment is **denied**.

### 9. Petition to Disclose Grand Jury Proceedings Pursuant to Rule 6(e)

Defendant requests two types of information from the grand jury proceedings in this matter. First, she seeks "disclosure of the testimony, law read, explanations given and the vote of the grand jury in this matter." Def.'s Omnibus Mot. at 19. She is not entitled to any such information, and she cites to no authority that supports her request. Her request is **denied**.

Second, Defendant seeks grand jury minutes regarding the testimony of a witness who she believes testified before the grand jury. Defendant cites the witness's attorney as stating that the witness will testify for the Government that "while at times she, [the witness] did provide outcall services, 'she was not involved in prostitution. She did nothing wrong.'" Def.'s Omnibus Mot. at 19 (citing WTOP News, Aug. 16, 2007 - 5:35 a.m.). Significantly, the Government does not deny the accuracy of the WTOP broadcast. Because the Government does not deny the facts upon which Defendant

is relying, and because the quoted witness statement appears to be exculpatory, Defendant is entitled to know the name of that witness.

Accordingly, Defendant's request for grand jury proceedings is **granted in part and denied in part.**

### 10. Motion to Meaningfully Disclose Un-Redacted Witness Statement

Defendant seeks in unredacted form the material the Government already disclosed to her in redacted form before the hearing on September 7, 2007. The redacted material is the names and identifying information about confidential informants--material to which she is not entitled. See Roviaro v. United States, 353 U.S. 53, 62 (1957).

She further seeks an order that the Government "provide Rule 26.2 material seventy-two (72) hours before any suppression hearing in this matter," arguing that "[p]roviding that material immediately before the start of the scheduled hearing prevented adequate review of that material." Def.'s Omnibus Mot. at 21. Defendant's request is clearly precluded by the Jencks Act, 18 U.S.C. § 3500, and is therefore **denied.** See United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982).

### 11. Pre-Trial Pre-Sentence Investigation Report Given Lack of Prostitution Offense in Federal Statutes

Defendant requests an order directing the Probation Department to advise how it would prepare the pre-sentence report in this case

and how it would calculate her Sentencing Guidelines ranges. Her Motion states that "under the RICO count, the term of imprisonment is determined by Federal Sentencing Guideline '§2E1.1'. . . . ." Def.'s Omnibus Mot. at 20-21.

That is flat-out incorrect. As indicated at an earlier proceeding in this case, the Court is concerned about counsel's familiarity with the applicable case law and statutory provisions on sentencing. Under recent Supreme Court decisions, the Court retains substantial discretion to sentence pursuant to 18 U.S.C. § 3553 and the statute applicable to a particular offense. United States v. Booker, 543 U.S. 220, 245 (2005); United States v. Pickett, 475 F.3d 1347, 1351-52 (D.C. Cir. 2007). The calculation of the Guidelines range often turns on the substance of the verdict returned by the jury. Therefore, it would be premature, inappropriate, and simply impossible for the Probation Department to calculate the Guidelines range at this time. Accordingly, Defendant's request is **denied.**

### 12. Suppression Hearing Motions

Defendant requests disclosure of two categories of material prior to the hearing on her Motion to Suppress, which the Court will schedule at the Status Conference on October 22, 2007: (1) the identities of the five confidential informants referenced in the search warrant affidavit, and (2) the state and federal personnel files of all law enforcement witnesses the Government or Defendant

intends to call at the Suppression Hearing. Def.'s Omnibus Mot. at 21-22.

Disclosure of the identities of the informants is unnecessary because the Government has represented that it will call them at trial, and that it will disclose to Defendant at the commencement of trial the identities of any of the informants whom it does not call. See United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987). Moreover, Defendant offers no justification--and the Court is not aware of any justification--for Defendant's request for the personnel files of law enforcement officers. See, e.g., United States v. Herring, 83 F.3d 1120, 1121 (9th Cir. 1996); United States v. Henthorn, 931 F.2d 29, 30-31 (9th Cir. 1991).

Defendant further asks the Court to engage in a colloquy to determine the Government's efforts to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963). The Court will not enter an order that amounts to surplusage. The Government is well-aware of its obligations under Brady and knows the risks of reversal of any conviction should it violate those obligations. Accordingly, Defendant's request for disclosure prior to the suppression hearing, and her request for a colloquy with the Government are **denied**.

### 13. Motion to Set Pre-Trial Evidentiary Hearing and Issue Subpoenas

Defendant requests that the Court set a pretrial evidentiary hearing to (1) permit Defendant to offer evidence to support her

claim of selective prosecution, and (2) to permit Defendant to seek subpoenas to compel the testimony of six identified individuals so that she may prove her claim of "political prosecution." Def.'s Omnibus Mot. at 23-26.

The Court's ruling on Defendant's request for a hearing on her claim of selective prosecution is deferred until the October 22, 2007 Status Conference, at which time the Court will hear no more than ten minutes of oral argument from each side.

As to Defendant's request for a hearing on her claim of "political prosecution," Defendant concedes that "[t]he jurisprudence of the United States has yet to articulate the standard to be applied in a claim of political prosecution." Def.'s Omnibus Mot. at 25. Accordingly, there is no justification under Federal Rule of Criminal Procedure 17(b) for the Court to authorize the subpoenas of Senator Patrick Leahy, former United States Attorney Thomas M. DiBiagio, Brian Ross of ABC News, Cindy Adams of the New York Post, Bill Bastone of The Smoking Gun, or the "United States Attorney Office Record Custodian." See Def.'s Omnibus Mot. at 26. Defendant's request for a hearing on this issue is **denied**.

An Order will issue with this Memorandum Opinion.

Oct. 18, 2007

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**