UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

### NOTICE OF SUPPLEMENTAL AUTHORITY (To Dkt #14)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following supplemental authority in support of its argument that the District Court has inherent authority to bar a party from harassing potential witnesses, whether through the filing or processing of frivolous and vexation lawsuits, or otherwise.

In addition to those cases discussing the Court's inherent authority previously cited in its Application for a Restraining Order, including Laker Airways and Davis (see "Government's Application" (Docket #14) at p. 12), the government directs the Court to Chambers v. Nasco, Inc., 501 U.S. 32, 38 (1991) (exploring the inherent power of a federal court to sanction Chambers who, "often acting through his attorneys, continued to abuse the judicial process."); Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("courts possess the inherent authority to stay proceedings in the interests of judicial economy and efficiency."); Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998) (district court has "inherent power to protect [its] integrity and prevent abuses of the judicial process" by holding parties in contempt and ordering sanctions for violations of the court's orders.); Shea v. Donohoe Construction Company, 795 F.2d 1071, 1076 (D.C. Cir.1986) ("attorney conduct that does not give rise to

actual prejudice to the other party . . . may still put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay."); Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) ("Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." ); Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) ("in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); In the Matter of United Markets Intern., Inc., 24 F.3d 650 (5th Cir. 1994) (staying a party from filing additional pleadings upheld); Marrocco v. General Motors Corp., 966 F.2d 220 (7th Cir. 1992) (dismissing an action as sanction).

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney

    _____/s/_____
    Daniel Butler
    DC  Bar No. 417178
    Catherine K. Connelly
    Mass.  Bar No. 649430
    William R. Cowden
    DC Bar No. 426301
    Assistant United States Attorneys
    555 4th Street, N.W.
    Washington, DC 20001