UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

MOTION TO RECONSIDER COURT'S RULING ON DEFENDANT'S MOTION TO BAR ASSISTANT UNITED STATES ATTORNEYS

Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to the anomalous jurisdiction of this Court[1], moves the Court to reconsider a portion of its October 18, 2007, [D.E. #136] Order, and for grounds in support thereof state:

Defendant moved for an order barring the Assistant United States Attorneys assigned to prosecute this matter – Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden – given their outrageous conduct in disclosing privileged settlement communications for a malicious and improper purpose.

Two disclosures were identified. First, the February 24, 2007, meeting between Assistant United States Attorneys Daniel Pearce Butler, Catherine K. Connelly and William Rakestraw Cowden ("AUSAs"), Defendant's then-criminal counsel, A.J. Kramer, and her undersigned then-civil counsel, to discuss a possible global resolution of the Criminal and Forfeiture Cases. No settlement was reached. Significantly, ten (10) days later, on March 5, 2007, AUSA Cowden sent a letter to Defendant's then-civil counsel which (i) acknowledged that the February 24, 2007,

---

[1] "It is a well established rule that a district judge always has the power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Hodgson v. United Mine Workers of America*, 473 F.2d 118, f/n #38 (D.C. Cir. 1972).

meeting was a settlement conference and (ii) sought to self-servingly memorialize the substance of the discussions held at the meeting. A sealed copy of that letter was then with the Omnibus motion. Subsequently, the sum and substance of that meeting was made public in the government's application for a temporary restraining order. *See* Docket Entry Number 14.

Second, after the Defendant's First Omnibus Motion was filed on September 10, 2007, the government on September 21, 2007, filed "Government's Opposition to Motion to Substitute Counsel for the Defendant". At page 14 of that Opposition, the government stated: "as evidenced by a September 10, 2007, letter to the government in which he threatens 'if an agreement to settle this matter is not reached, the Rubicon will be crossed this month and I will be powerless to dissuade [the defendant] from pursuing rights she may have under 42 U.S.C. 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) against all involved.'" This selective quoting of that letter intentionally omits the initial paragraph of that letter which stated: "This letter is tendered for the sole purpose of settlement pursuant to Federal Rules of Criminal Procedure, Rule 11(f) and Federal Rules of Evidence, Rules 408 & 410."

In denying this motion to bar the AUSAs, the Court stated:

> In its Memorandum Order of October 10, 2007, the Court observed that Defendant and her counsel have made extensive use of the media to inform the public about what they believe to be the merits of the case. The "settlement negotiations" to which Defendant cites have been referred to in various public statements she and her counsel have made and which have been widely reported in one fashion or another in the press. Accordingly, the Court concludes that the Defendant has not shown improper conduct by AUSAs Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden and her request to bar those AUSAs is **denied.** (D.E. #136, p. 3).

This ruling is <u>without</u> a valid factual premise and begs the question presented.

As to the former, neither the government nor, significantly, the Court identify <u>one</u> single "public statement" of Defendant which related to the substance of the settlement negotiations of February 24, 2007, or the settlement letter of September 10, 2007, both of which the government *unilaterally* and without permission made public. As such, there is <u>no</u> factual premise for the Court's conclusion that the "'settlement negotiations' to which Defendant cites have been referred to in various public statements" by Defendant or her counsel. As such, intellectual honesty demands reconsideration of this Court's decision premised upon a demonstrably faulty assumption and assertion of fact.

As to the latter, Defendant's excercise of her First Amendment right to speak about the charges against her is divorced from the obligation of the government to keep privileged settlement discussions under the common law, case law and of course Federal Rules of Criminal Procedure, Rule 11(f)[2] which points to Federal Rules of Evidence, Rule 410.

Finally, this Court must take notice that the AUSAs have now unilaterally determined that they will <u>not</u> meet individually with Defendant's undersigned counsel instead requiring all communications to be in writing. *See attached:* October 22, 2007, email from Daniel Butler. Of course, such behavior violates the letter of "D.C. Bar Voluntary Standards for Civility in Professional Conduct"[3] Plainly, undersigned counsel has not revealed privileged settlement discussions, while

---

[2] (f) Admissibility or Inadmissibility of a Plea, Plea Discussions, and Related Statements. The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.

[3] ¶12 "We will confer with opposing counsel about procedural issues that arise during the course of litigation, such as requests for extensions of time, discovery matters, pre-trial matters, and the scheduling of meetings, depositions, hearings, and trial. We will seek to resolve by agreement such procedural issues that do not require court order. For those that do, we will seek to reach agreement with opposing counsel before presenting the matter to court."

the AUSAs most certainly have. Yet Defendant is being punished by the inability of her counsel to confer face-to-face with the AUSAs to advance resolution of the issues here.

WHEREFORE, Defendant respectfully requests that the Court re-consider its order denying Defendant's motion to bar AUSAs Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden from further involvement in this matter and reverse itself and grant that motion.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this document was served pursuant to LcvR 5.4(d) upon Catherine Connelly and Dan Butler, Assistant United States Attorneys, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this October 29, 2007.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By:  /s/ Montgomery Blair Sibley
    Montgomery Blair Sibley
    D.C. Bar #464488