UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY ASSET RESTRAINING ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's motion to modify the post-Indictment asset restraining order currently in effect in this case. As grounds for this opposition, the government submits as follows:

A. **Discussion**

1.  On Sunday, October 14, 2007, claimant's counsel, Montgomery Sibley, sent an e-mail to government counsel in which Mr. Sibley wrote: "Since the seizure of Jeane's assets last year, her Dolby and Expedia.com stocks have collectively appreciated some $80,000. Jeane is keen to see these two stocks sold ASAP before they go down and the proceeds put in a money-market account."

2.  On the next business day, counsel for the government indicated that if Mr. Sibley drafted a proposal to modify the post-Indictment asset restraining order in order to authorize Charles Schwab & Co. ("Schwab") to sell the stock at issue, it was likely that the government would consent to her proposal to liquidate these stock holdings (even though one of the stocks had appreciated substantially since the last time she suggested it should be sold).

3.      Thereafter, defendant's counsel sent a copy of his proposal to the government. After the government received a copy of the pleading that defendant's counsel indicated he intended to propose to this Court, government counsel expressed several concerns. For one, government counsel suggested that the motion defendant file should be styled not as a "Motion to Sell Seized Assets to Preserve Value," but as a "Motion to Modify the Post-Indictment Asset Restraining Order." Additionally, government counsel suggested that the motion should include a proposed Order directed to Schwab, requiring it to sell the particular stocks at issue and to deposit the net sales proceeds into the appropriate money market fund. (The existing asset restraining order binds Schwab.) Government counsel also suggested that the government could assist in getting the Court's Order served on Schwab -- and, if defendant sent a draft of a proposed order to the government, also could run the proposal by officials at Schwab to ensure that Schwab was not confused by any of the language included in defendant's proposal.

4.      Defendant accepted the government's suggestion that the pleading be re-titled. But, defendant rejected the government's suggestion that the proposed order should direct Schwab to sell the assets at issue. Instead, defendant proposed that she should be permitted to interact with Schwab in order to direct Schwab to sell the stock whenever she might decide to sell the stock. Defendant has suggested that she should be permitted to time any sale or sales because "[d]efendant's purpose in seeking discretion to order the sale is that given the volatile nature of the stock market, the order to liquidate by this Court might, due to the passage of time until its execution, create a substantial loss." Defendant's Motion at 1. The government disagrees. If undue delay in the execution of the Court's order was defendant's concern, the government suggested, the proposed modification should require Schwab to liquidate the stock

2

positions at issue within 24 hours of its receipt of the order directing the same.  The government suggests that the reason defendant proffers for her having proposed the open-ended execution order withstands no scrutiny.  To avoid confusion and any prejudice that might occur should defendant's market-predictions be wrong,[1] the prudent course here is for the Court to issue an order requiring that the stocks at issue be liquidated at the current market price, by no later than the end of the next business day after Schwab receives the Order permitting the sales to occur.

### B.  Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's motion for modification of restraining Order should be granted in the form herein proposed.  A conforming proposed Order is attached.

>
> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> UNITED STATES ATTORNEY
>
> / s /
> _____
>
> Daniel P. Butler
> DC  Bar No. 417178
> Catherine K. Connelly
> Mass.  Bar No. 649430
> William R. Cowden
> DC Bar No. 426301
> Assistant United States Attorneys
> 555 4th Street, N.W.
> Washington, D.C.  20530
> (202) 353-9431; 616-3384; 307-0258
> Daniel.Butler@usdoj.gov
> Catherine.Connelly2@usdoj.gov
> William.Cowden@usdoj.gov

---

[1] From the time defendant first indicated that she wanted to sell some stock, its value has risen.

Case 1:07-cr-00046-JR    Document 148    Filed 10/29/2007    Page 4 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

ORDER MODIFYING POST-INDICTMENT
ASSET RESTRAINING ORDER

**WHEREAS**, on March 22, 2007, this Court issued an Order directed at DEBORAH JEANE PALFREY, and at her agents, servants, employees, attorneys, family members and those persons in active concert or participation with her, and those persons, financial institutions, or other entities who have any interest or control over property identified as forfeitable in the Indictment issued in this matter (the ""subject property"); and

**WHEREAS**, the March 22, 2007 Order restrained, enjoined, and prohibited defendant and those others listed in the Order, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of the subject property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the subject property; and

**WHEREAS,** the defendant has petitioned the Court to modify the March 22, 2007 Order in order to permit liquidation of all stock holdings in Dolby, Inc. (approximately 4,820 shares) and Expedia, Inc. (approximately 2000 shares) held in account number 6884-3186 at Charles

Schwab & Co.; and

**WHEREAS,** the United States consents the such liquidation under terms here proposed; it is hereby

**ORDERED** that the Clerk of the Court shall deliver two certified copies of this Order on counsel of record for the United States which shall cause a copy of this Order to be served promptly upon counsel for Charles Schwab & Co.; and it is

**FURTHER ORDERED** that within the next business day after receiving a copy of this Order, Charles Schwab and Co. shall sell all Dolby, Inc. and Expedia, Inc. stock held in account 6884-3186, and shall deposit the net sales proceeds (less any applicable sales commissions) into Deborah Jeane Palfrey's existing money market account where the proceeds are to be held, consistent with the terms of this Court's March 22, 2007 Order, pending further Order of this Court.

**DONE** this the _____ day of _____, 2007.

_____
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

**Copies via ECF to all counsel of record**