UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.  : | Criminal No. 07-46 (GK) |
| : | |
| DEBORAH JEANE PALFREY, : | |
| : | |
| Defendant.  : | |
| : | |

FILED
OCT 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM ORDER

This matter is before the Court on Defendant's Motion to Set Pretrial Evidentiary Hearing and Issue Subpoenas relating to Defendant's allegations of selective prosecution, which was one of thirteen requests in Defendant's First Omnibus Motion [Dkt. No. 106].[1] The Court heard oral argument on the motion on October 22, 2007, and gave Defendant until October 29, 2007 to file under seal additional material in support of her allegations. On October 29, 2007, Defendant filed under seal her Supplemental Material in Support of Claim of Selective Prosecution. Upon consideration of the Motion, Opposition, Reply, Defendant's Supplemental Material, the arguments raised in open court on October 22, 2007, and the entire record herein, and for the reasons stated below, Defendant's request for a hearing is **denied**.

The Court has carefully considered Defendant's Supplemental Material. It consists of information regarding the current political climate which has no logical nexus to this case, as well as a time line of events gleaned from the Government's Jencks Act disclosures that fails to evidence, or even suggest, any discriminatory purpose for Defendant's prosecution. See United States v. Armstrong, 517 U.S. 456, 465 (1996). Moreover, Defendant's Supplemental Material makes no

---

[1] On October 11, 2007, the Court decided Defendant's First Omnibus Motion, but deferred ruling on the instant motion for an evidentiary hearing, as well as one other request, until after oral argument at the October 22, 2007 Status Conference.

effort at all to address the second showing required under Armstrong, i.e. that she was singled out for prosecution from others similarly situated. Id.[2]

Having been given an additional opportunity to submit evidence supporting her claim of selective prosecution, the Court finds that Defendant still has failed to offer a single piece of evidence to support a showing of disparate treatment of similarly situated individuals, or a showing that other escort service or spa owners who have committed similar acts have not been indicted.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Set Pretrial Evidentiary Hearing and Issue Subpoenas relating to Defendant's allegations of selective prosecution is **denied**.

Oct. 31, 2007
Date

Gladys Kessler
United States District Judge

**Copies to: attorneys of record via ECF**

---

[2] Defendant first raised her claim of selective prosecution in a Motion to Dismiss [Dkt. No. 63]. On August 16, 2007, the Court denied that Motion, holding that Defendant had failed to provide any evidence meeting either of the two requirements to sustain a dismissal or to obtain additional discovery on the basis of selective prosecution under Armstrong. United States v. Palfrey, 499 F. Supp. 2d 34, 39-40 (D.D.C. 2007). In her Motion to Set Pretrial Evidentiary Hearing and Issue Subpoenas, Defendant reiterated the same argument that she raised in her Motion to Dismiss, i.e. that escort service owners operating in the District of Columbia have not been prosecuted, and which the Court found insufficient in its decision denying the Motion to Dismiss. See Palfrey, 499 F. Supp. 2d at 39.