**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) **Criminal No. 07-46 (GK)** |
| | ) |
| **DEBORAH JEANE PALFREY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**FILED**

NOV 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM ORDER**

This matter is before the Court on Defendant's Motion to Completely Dissolve the March 16 [D.E. #12] and March 22 [D.E. #17] Temporary Restraining Orders ("TROs"), which was one of thirteen requests in Defendant's First Omnibus Motion [Dkt. No. 106].[1] The Court heard oral argument on the motion on October 22, 2007. Upon consideration of the Motion, Opposition, Reply, the arguments raised in open court on October 22, 2007, and the entire record herein, and for the reasons stated below, Defendant's request for a hearing is **granted**.

On March 16, 2007, the Court entered a TRO in this case upon the *ex parte* application of the Government pursuant to 18 U.S.C. § 1514 ("§ 1514"). The TRO restrained Defendant and her agents and attorneys from proceeding in the related civil case <u>Palfrey v. Neble</u>, No. 07-461 (D.D.C. filed March 9, 2007), and from engaging

---

[1] On October 11, 2007, the Court decided Defendant's First Omnibus Motion, but deferred ruling on the instant dissolution motion as well as one other request until after oral argument at the October 22, 2007 Status Conference.

in similar acts.[2]  The Court held a hearing on March 19, 2007, at
which time it unsealed the Government's application and the
Government presented at a bench conference "its perception of Mr.
Sibley's threats to 'out' and embarrass [Government] witnesses."
Def.'s Opp'n [Dkt. No. 117] at 13.[3]  The Court continued the
hearing until March 22, 2007, to permit Defendant's counsel to
consider the Government's unsealed application.  Defendant's
counsel indicated no objection at the March 22, 2007 hearing, and
the Court converted the TRO into a Protective Order to "remain in
effect if and until modified by the Court."  <u>United States v.
Palfrey</u>, No. 07-46 (D.D.C. March 22, 2007) (order granting
application for protective order).

Defendant contends that the requirements for a restraining
order pursuant to 18 U.S.C. § 1514 have not been met.  She seeks a
hearing to determine her motion to dissolve the March 16, 2007 and
March 22, 2007 Orders.[4]

---

[2] The Court also entered a TRO pursuant to 18 U.S.C. §§
982(b)(1) and 1963(b)(1), and 21 U.S.C. § 853(e)(1).  The Court
later granted Defendant's motion to quash the portion of the TRO
concerning a list of telephone numbers in her possession.  <u>United
States v. Palfrey</u>, No. 07-46, 2007 WL 1954181 (D.D.C. July 5,
2007).  That portion of the TRO is not at issue in the instant
Motion.

[3] The Government has cited as evidence of harassment
Defendant's filing of a civil suit against a single known potential
Government witness.

[4] Since the Court converted the March 16, 2007 TRO into a
Protective Order on March 22, 2007, the Court considers only
Defendant's challenge to the Protective Order.

Section 1514(b)(1) provides that the Court shall issue a protective order "if the court, <u>after a hearing</u>, finds by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title. . . ."  18 U.S.C. § 1514(b)(1) (emphasis added).  Section 1514(b)(2) provides that any adverse party named in the complaint shall have the right to present evidence and cross-examine witnesses at the § 1514(b)(1) hearing.

Although the Court scheduled two hearings pursuant to § 1514(b)--on March 19, 2007 and March 22, 2007--no evidence was taken at those hearings and no witnesses testified or were cross-examined.  Moreover, although Defendant's attorney at that time did not object to the Protective Order, that attorney was later replaced as a result of his disagreements with Defendant regarding case strategy.  Accordingly, while there may have been technical compliance with § 1514(b)(1), the fact remains that the Government has never presented testimony regarding any identified witnesses that it asserts are being harassed in connection with this case, and Defendant therefore has not had the opportunity for cross-examination.

Defendant's brings her instant request for a hearing pursuant to § 1514(a)(2)(E), which provides that if "the adverse party appears and moves to dissolve or modify the <u>temporary restraining</u>

order, the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require." 18 U.S.C. § 1514(a)(2)(E) (emphasis added). Since that section sets forth a procedure for modifying a TRO, not a protective order, it is not, technically, applicable. Section 1514(b) sets forth no specific procedure for modification of a protective order. However, the March 22, 2007 Protective Order itself provided for the possibility of modification. Accordingly, Defendant would be free to move to vacate or modify the Order as she has done previously in this case.

In light of the hearing requirements of §1514(b), and the fact that the Government has never presented testimony regarding its assertions of witness harassment, the Court finds that a full hearing on the Protective Order in this case is in the interest of justice.[5]

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's request for a hearing on her Motion to Completely Dissolve the March 16 [D.E. #12] and March 22 [D.E. #17] Temporary Restraining Orders is **granted**; it is further

**ORDERED** that the evidentiary hearing is scheduled for **November 28, 2007 at 10:00 a.m.**; and it is further

**ORDERED** that, no later than **November 15, 2007**, the Government

---

[5] If the Government is truly concerned about the safety or well-being of any particular witness, the Court certainly will consider holding this hearing *in camera*.

-4-

shall identify all witnesses it proposes to present at the evidentiary hearing on November 28, 2007, and indicate the expected duration of their direct testimony. Defendant shall identify the witnesses she intends to present, if any, as well as the length of their expected direct testimony, no later than **November 20, 2007**.


_Nov. 1, 2007_
Date

_Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies to**: attorneys of record via ECF

-5-