UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           PLAINTIFF,<br><br>VS.<br><br>DEBORAH JEANE PALFREY,<br><br>           DEFENDANT.<br>_____/ | CRIMINAL CASE NUMBER: 07-046-GK<br><br>DEFENDANT'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE BECAUSE THE GOVERNMENT FAILED TO FULFILL ITS OBLIGATION TO PRESENT "SUBSTANTIAL EXCULPATORY EVIDENCE" TO THE GRAND JURY |

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, hereby moves to Dismiss the Indictment with Prejudice Because the Government Failed to Fulfill its Obligation to Present "Substantial Exculpatory Evidence" to the Grand Jury, and for grounds in support states:

**I.  BACKGROUND**

As the Defendant has averred in other pleadings before this Court: Defendant "entered into contracts with each [escort] as independent contractors to provide solely legal sexual services to the customers of the escort service.  A blank copy of that contract form signed by all Defendants is attached hereto as Plaintiff is not presently in possession of the signed copies of those contracts as they are in the possession of the United States Government."[1].  That contract form is attached hereto ("Escort Contract").  The Escort Contract stated "Individuals caught performing illegal activities will be terminated. . . being employed as an escort for Escort Service, the scope of said employment expressly does not encompass in any way shape or form sexual act, favors or other behavior prohibited by law. "

---

[1]     *Palfrey v Neble et al.*, Case No.:1:07-cv-461, Complaint, ¶8.

When the government executed its search warrant of Defendant's home on October 4, 2006, some one hundred twenty (120) Escort Contracts were seized.[2]

Upon information and belief, the existence of the Escort Contracts was not made known to the Grand Jury.

Accordingly, Defendant maintains that the government breached its obligation to present exculpatory evidence to the grand jury.

## II.   *UNITED STATES V. WILLIAMS* MUST BE REVISITED

Defendant plainly recognizes that in *United States v. Williams*, 504 U.S. 36 (1992), a bare five-to-four majority held: "For the reasons set forth above, however, we conclude that courts have no authority to prescribe such a duty [to disclose exculpatory evidence to the grand jury] pursuant to their inherent supervisory authority over their own proceedings." *Id.* at 55.  Significantly, as will be raised below by Defendant, the Respondent in *Williams* did: "not contend that the Fifth Amendment itself obliges the prosecutor to disclose substantial exculpatory evidence in his possession to the grand jury." *Id*. at 45. (Emphasis added.)  Here, Defendant does so contend.

However, notwithstanding the holding in *Williams*, Defendant maintains that the intervening fifteen (15) years have created "conditions which have supervened, and in the light of which the reasonableness of the exercise of the protective power of the State must be considered, make it not only appropriate, but we think imperative, that, in deciding the present case, the subject should receive fresh consideration."  *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 390 (1937).

---

[2]     Curiously, the government apparently failed to provide those Escort Contracts to Defendant pursuant to their obligations under Rule 16, Federal Rules of Criminal Procedure. Defendant has initiated communications with the government to correct this omission prior to seeking Court action.

In particular, subsequent to *Williams*, the government <u>itself</u> recognized that: "When a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence which directly negates the guilt of a subject of the investigation, the prosecutor <u>must</u> present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person."[3]

Moreover, the dissent in *Williams* deserves consideration for its probity:

> It is equally clear that the prosecutor has the same duty to refrain from improper methods calculated to produce a wrongful indictment. Indeed, the prosecutor's duty to protect the fundamental fairness of judicial proceedings assumes special importance when he is presenting evidence to a grand jury. . . . We do not protect the integrity and independence of the grand jury by closing our eyes to the countless forms of prosecutorial misconduct that may occur inside the secrecy of the grand jury room. . . It blinks reality to say that the grand jury can adequately perform this important historic role if it is intentionally misled by the prosecutor -- on whose knowledge of the law and facts of the underlying criminal investigation the jurors will, of necessity, rely. . . .Unlike the Court, I am unwilling to hold that countless forms of prosecutorial misconduct must be tolerated -- no matter how prejudicial they may be or how seriously they may distort the legitimate function of the grand jury -- simply because they are not proscribed by Rule 6 of the Federal Rules of Criminal Procedure or a statute that is applicable in grand jury proceedings. Such a sharp break with the traditional role of the federal judiciary is unprecedented, unwarranted, and unwise. Unrestrained prosecutorial misconduct in grand jury proceedings is inconsistent with the administration of justice in the federal courts, and should be redressed in appropriate cases by the dismissal of indictments obtained by improper methods.

*Id*. at 62-69.

### III.   CONCLUSION

In sum, as the government <u>failed</u> to present exculpatory which, if presented would plainly preclude a finding of probable cause, the indictment must be dismissed with prejudice.

---

[3]   U.S. Dept. of Justice, United States Attorneys' Manual, Title 9, Chapter 11, §233.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 5, 2007.

                                **MONTGOMERY BLAIR SIBLEY**
                                Counsel for Defendant
                                1629 K Street, Suite 300
                                Washington, D.C. 20006
                                202-508-3699
                                202-478-0371 Fax

                                By:  /s/ Montgomery Blair Sibley
                                    Montgomery Blair Sibley
                                    D.C. Bar #464488

# NOTICE TO ALL EMPLOYEES AND INDEPENDENT CONTRACTORS

By agreeing to be associated with *Pamela Martin and Associates*, all employees/independent contractors are required to abide by the following rules promulgated by *Pamela Martin and Associates*, <u>for the protection of all involved</u>. Any violation of the following regulations could result in immediate termination:

1.) Each employee/independent contractor is required to be at least 21(twenty-one) years of age.

2.) Proof of U.S. citizenship or right to work must be provided and maintained at all times.

3.) The use of alchohol is strictly prohibited when working within the scope of any business activity.

4.) The use of illegal drugs will not be tolerated under any circumstances.

5.) Individuals caught performing illegal activities of any nature will be terminated.

Your signature indicates acknowledgement of having read this agreement and your agreement with all of its terms.

Therefore, your signature indicates an acceptance of the aforementioned policies.

```
                                    _____
                                    Signature              Date
```

CONDITIONS OF EMPLOYMENT AGREEMENT

I, _____, do hereby acknowledge that, upon being employed as an escort for _____ Escort Service, the scope of said employment expressly does not encompass in any way shape or form any sexual act, favors or other behavior prohibited by law. Nor does the scope of my employment entail or condone the use, sale, or any other involvement with illegal drugs. The terms of my employment also expressly prohibits any aid or facilitation of the procurement and/or consumption of alcoholic beverages by any patron under the age of 21.

Any involvement in any of the above activities by any employee is grounds for immediate dismissal.

Dated:_____        _____
                                      Employee Signature