UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | CRIMINAL CASE NUMBER: 07-046-GK |
| vs. | DEFENDANT'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE FOR *BRADY* VIOLATIONS, OR ALTERNATIVELY, TO REQUIRE DISCLOSURE OF ALL EXCULPATORY PORTIONS OF THE GRAND JURY TRANSCRIPTS |
| DEBORAH JEANE PALFREY, | |
| DEFENDANT. | |
| _____/ | |

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, hereby moves to Dismiss the Indictment with Prejudice for *Brady* Violations, or Alternatively, to Require Disclosure of all Exculpatory Portions of the Grand Jury Transcripts and for grounds in support states:

**I.   BACKGROUND**

On February 24, 2007, Assistant United States Attorneys Daniel Pearce Butler, Catherine K. Connelly and William Rakestraw Cowden ("AUSAs"), Defendant's then-criminal counsel, A.J. Kramer, and her undersigned then-civil counsel, met to discuss a possible global resolution of the Criminal and Forfeiture Cases. No settlement was reached.

Significantly, ten (10) days later, on March 5, 2007, AUSA Cowden sent a letter to Defendant's then-civil counsel which (i) acknowledged that the February 24, 2007, meeting was a settlement conference and (ii) sought to self-servingly memorialize the substance of the discussions held at the meeting. A sealed copy of that letter was then with Defendant First Omnibus motion. Subsequently, the sum and substance of that meeting was made public in the government's application for a temporary restraining order. *See* Docket Entry Number 14.

On September 6 and 7, 2007, pursuant to the *Jenks* Act, the government disclosed to Defendant's counsel statements – including Grand Jury testimony – of five confidential informants.

Though barred from public disclosure by the Stipulated Protective Discovery Order, [D.E. #49], Defendant's review of those materials reveal that there is substantial evidence favorable to the guilt of Defendant. *Cf.*: January 17, 2006 Grand Jury Testimony, p. 32; March 21, 2006, p. 11; April 4, 2006, p. 8-9.[1]

Significantly, the *Jenks* material provided by the government only encompassed five government witnesses. That same material indicated that there were some eighteen (18) other witnesses interviewed prior to the search of Defendant's home on October 4, 2006.

Moreover, the indictment in this matter indicates that there are fourteen individuals who participated in Interstate Travel in Aid of Racketeering ("ITAR"). Presumably those are the independent contractor/escorts of Defendant's service. Notably, the government has yet to turn over any of these individuals' post-October 4, 2006, Grand Jury testimony.

Last, this Court has already recognized the government's *Brady* violation. In this Court's Order of October 18, 2007, [D.E #136, pp.9-10], the Court directed: ". . . because the quoted witness statement appears to be exculpatory, Defendant is entitled to know the name of that witness." Notably, though Defendant has requested that "name", the government has not seen fit to comply with this Court's order.

---

[1] Rather than burden the Court with yet another submission under seal, Defendant will not submit the referenced *Jenks* material under seal unless and until the government denies the exculpatory nature of above-cited material.

**II.    THE INDICTMENT MUST BE DISMISSED TO PROTECT THE INTEGRITY OF THE JUDICIAL SYSTEM**

Plainly, *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "The government's obligation to make such disclosures is pertinent not only to an accused's preparation for trial but also to his determination of whether or not to plead guilty. The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government. See, e.g., *Tate v. Wood*, 963 F.2d 20, 24 (2d Cir.1992)." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir.), *reh'g denied*, 136 F.3d 262 (2d Cir.1998).

Here, patently, the government in plain possession of *Brady* material, entered into plea negotiations without disclosing that evidence to the Defendant. Such behavior – if condoned by this Court's failure to address this motion – by the government invites the very trespass of due process rights that *Brady* was meant to secure: "Society wins not only when the guilty are convicted, but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: The United States wins its point whenever justice is done its citizens in the courts. A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice. . . " *Brady* at 87.

Here, at the crucial stage of plea negotiations the government now has the liberty to withhold

from the Defendant information which could materially affect a decision to plead. *Brady* was never meant to authorize such gamesmanship in a criminal matter.

Accordingly, for failing to disclose exculpatory information <u>prior</u> to entering into plea negotiations on February 10, 2007, the indictment must be dismissed. *Accord*: . " . . . [O]ur approach does not render our Courts powerless against a prosecutor who abuses the office, for the power to exercise supervisory control over the prosecutor to protect the integrity of the judicial system remains. This power includes the authority to dismiss an indictment when appropriate." *United States v. Adamo*, 742 F.2d 927 (6th Cir. 1984).

### III.   THE GOVERNMENT MUST BE REQUIRED TO DISCLOSURE OF ALL EXCULPATORY PORTIONS OF THE GRAND JURY TRANSCRIPTS

It stands to reason, that if three (3) of the five (5) *Jenks*-provided Grand Jury transcripts contain exculpatory material which *Brady* commands be disclosed – and the government failed to disclose – then of the remaining fourteen (14) known Grand Jury witnesses then nine (9) of those witnesses likewise made exculpatory statements.

The government has already stated: "If, at a later date, the government decides not to call an informant at trial, the government will notify the Court at the commencement of trial. Should the defendant desire under such circumstances to speak with the informant, the name of the informant, or of the attorney that represents such informant will be provided. The defendant may then request an opportunity to speak with the witness. To the extent that an informant's presence is within the control of the government, the government will make the informant available to testify at trial on behalf of the defendant." (Gov. Opposition to Defendant's Omnibus Motion, D.E. #117, p. 24).

Accordingly, the government believes that at the eve of trial, it can disclose the identify and

substance of the witnesses it <u>knows</u> posses *Brady* material and then, "To the extent that an informant's presence *is within the control of the government, the government will make the informant available to testify at trial on behalf of the defendant*." How convenient. Verily, how is Defendant to prepare for trial if it is not to know the identity of favorable witnesses until the eve of trial and then have to rush around to try and locate and serve subpoenas upon such witnesses. There is enough pressure to prepare a trial on an indigent, underfunded Defendant without adding this additional and unnecessary burden.

Wherefore, Defendant, upon the existence of undisclosed *Brady* material, requests the Court to order the government to *promptly* disclose all such material to the Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 5, 2007.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By:  /s/ Montgomery Blair Sibley
       Montgomery Blair Sibley
       D.C. Bar #464488