Case 1:07-cr-00046-JR    Document 156    Filed 11/06/2007    Page 1 of 5

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

            PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

            DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S MOTION TO MODIFY THE STIPULATED PROTECTIVE ORDER

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, hereby moves to Motion to Modify the Stipulated Protective Order, and for grounds in support states:

**I.  BACKGROUND**

Defendant moves to modify the May 22nd, 2007, "Stipulated Discovery Order" ("Order") [D.E. #49] for as it stands, it prevents Defendant from r preparing an effective defense. Notably, that Order was "Stipulated" to by Defendant's prior counsel without consultation with Defendant.

That Order was premised <u>solely</u> upon 5 U.S.C. §552a, the so-called "Privacy Act". Notably, the government did <u>not</u> raise any concerns regarding witnesses other than seeking to discharge the government's obligations imposed by the Privacy Act. Indeed, the government did <u>not</u> seek relief under Federal Rules of Criminal Procedure, Rule 16(d).[1]

Significantly, §552a(a)(4) defines the term "record" to "any item, collection, or grouping of information about an individual **that is maintained by an agency**, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that

---

[1] "Regulating Discovery. (1) Protective and Modifying Orders. At any time the court may, **for good cause**, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. . . ." (Emphasis added).

1

contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." (Emphasis added).

Moreover, §552a(b)(11) expressly permits disclosure "pursuant to the order of a court of competent jurisdiction."

The Order then goes on to define the category of documents to which the Order will pertain as follows: "Documents and information **produced by the United States to the Defendant** and her criminal counsel in accordance with this Order shall be kept in strict confidence by the Defendant and her criminal counsel of record and used by them and their agents and employees exclusively in connection with the defense of this prosecution.". (Order, ¶2).

## II.    THE ORDER IS OVERBROAD AND MUST BE CONSTRICTED

While §552a(a)(4) limits the scope of its restrictions to documents **"maintained by an agency"**, the Order encompassed "Documents and information **produced by the United States**." This, in practice, has resulted in the documents seized *from* the Defendant by search warrant on October 4, 2006 – which were plainly not kept by the government – to be included in the ambit of the Order. This is simply inane and does nothing to advance the legislative purpose of the Privacy Act.[2]

Moreover, many records produced by the government are not covered by the Privacy Act's scope as they do not pertain to persons.

---

[2] "Our conclusion is reinforced when we examine the legislative history of the Privacy Act. This reflects congressional concern that records assembled and (often) committed to a computer for one purpose may be used for other purposes, perhaps ones entirely foreign to the original. The shade of Big Brother was called up from 1984's limbo." *Ash v. United States,* 608 F.2d 178, 180 (5th Cir. 1979). *See*: Congressional Findings and Statement of Purposes in Pub.L. 93-579, § 2, 88 Stat. 1896 (1974).

Accordingly, the burden should be shifted the government to <u>first</u> identify which documents are subject to the Privacy Act as being "maintained" by an agency and then, seeking the appropriate protective order after consultation with the Defendants.

WHEREFORE, the Order should be modified to: (i) specifically exclude the documents seized from Defendant, (ii) require the government to identify which records its has "maintained", (iii) then impose the conditions on those specifically identified documents, including those already disclosed to Defendant.

### III.  DISCLOSURE OF DEFENDANT'S OWN RECORDS

As it stands now, the Order prohibits the Defendant's disclosure of records: "provided to the Defendant shall be disclosed only to: (i) the Defendant; and (2) her criminal counsel of record and (iii) agents, meaning persons in the employ of Defendants criminal counsel of record and under criminal counsel's direct supervision." (Order, ¶3).  This restriction is unworkable in practice and denies to Defendant both First and Sixth Amendment rights.

As a practical matter, Defendant needs to publically identify both the former escorts and customers of the Escort Service in order to be able: "to have compulsory process for obtaining witnesses in his favor."  Simply stated, without the public's help – particularly given the scant resources available to her – the Defendant will have the right to obtain the "compulsory process" without the ability to know upon whom to have it served.[3]  Hence, Defendant specifically requests the Order be modified to allow to her the public dissemination of the name, last known address,

---

[3]  Given the paucity of resources available to the Defendant since the seizing of all her assets in October 2006, Defendant has been compelled to seek assistance through media contacts who – possessing similar interests – have devoted their resources to un-cover significant favorable facts for the Defendant. *Cf.*: "*Call Girl in 'DC Madam' Scandal in Bed with feds?*", Daily News, May 7, 2007.

telephone number and/or occupation of any or all of the former escorts or customers of the service.

Pointedly, this information is contained in or from Defendant's own records and she does not need to resort to information "maintained" by the government.

Counsel for the government was consulted and, after twenty-four hours – did not respond to communicate to undersigned counsel their position on this motion. Given that the government attorneys refuse to speak to undersigned counsel on the telephone and that time is of the essence, Defendant must file this motion without submitting to the government's delaying and unprofessional tactics.

WHEREFORE, Defendant requests that this Court *promptly* enter its order removing any limitation on Defendant publically releasing information concerning former escorts or customers of the Escort Service contained in Defendant's own records.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 6, 2007.

> **MONTGOMERY BLAIR SIBLEY**
> Counsel for Defendant
> 1629 K Street, Suite 300
> Washington, D.C. 20006
> 202-508-3699
> 202-478-0371 Fax
>
> By:  /s/ Montgomery Blair Sibley
>         Montgomery Blair Sibley
>         D.C. Bar #464488

<div align="center">

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

</div>

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

ORDER ON DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER

  Defendant's Motion to Modify the "Stipulated Discovery Order" ("Order")[D.E. #49] is hereby granted as follows:

  1. The Order is modified as follows:

    a. The Order now specifically excludes the documents seized from Defendant,

    b. The government shall identify each records its has "maintained" – including within fifteen (15) days those records which it has previously disclosed to Defendant – after which the Order is limited to those records.

  2. Additionally, any limitation on Defendant publically releasing information concerning former escorts or customers of the Escort Service contained in Defendant's own records contained in the Order is hereby removed.

  DONE AND ORDERED in Chambers, Washington, D.C. this \_\_\_\_ day of _____, 2007.

                By: _____
                   United States District Judge

Copies to:
Montgomery Blair Sibley
William R. Cowden.