UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

              PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

              DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S RESPONSE TO COURT ORDER OF OCTOBER 18, 2007 [D.E.#136]

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to the Court's Order of October 18, 2007 [D.E.#136, p. 2], which required Defendant to advise the Court regarding the prior counsel's motions by November 7, 2007, states as follows:

**I.  DEFENDANT'S PRIOR COUNSEL'S MOTIONS**

At present, there is only one (1) pending *public* motion made by Defendant's prior counsel; the July 26, 2007, "Motion to Suppress Evidence Obtained from her Home by Defendant", [D.E. #85], which Defendant adopts.

However, Defendant continues her objection to the setting of the hearing on that motion for February 8, 2008 – one hundred ninety seven (197) days after the motion was made – as violating her constitutional and statutory – under 18 U.S.C. §3161 et seq.– right to a speedy trial. In particular, while Defendant recognizes that in *Henderson v. United States*, 476 U.S. 321 (1986) the exclusionary period of §3161(h)(1)(F)[1] was held to apply regardless of whether the delay was

---

[1] "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;"

"reasonably necessary"[2], the issue of whether such a delay was constitutionally permissible was <u>not</u> addressed. In so much as it is the Constitution, not Congress, that ultimately controls, an act of Congress is relevant in defining those rights, but not dispositive.[3]

Here, the one hundred ninety seven (197) delay makes a mockery of the speedy trial act's purposes and in all events violates the Constitution. Given the specter of an intentional delay of this matter by the Court – a hearing has subsequently been set on another matter by this Court for November 28, 2007 – Defendant calls upon this Court to "say what the law is"[4] and whether the delay in determining the suppression motion comports with Defendant's inalienable right: "In all criminal prosecutions, the accused shall enjoy the right to a *speedy* and public trial."

Defendant also confirms that all *ex-parte* motions made by Defendant's prior counsel are hereby withdrawn.

## II.   DEFENDANT'S PENDING MOTIONS

In lieu of a status report – and reminding the Court of its obligations under §3161(j)[5] –

---

[2] "We instead hold that Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *Henderson* at 330.

[3] "Congress cannot suspend the operation of the Constitution in any territory after it has come under the sovereign authority of the United States, nor by any affirmative enactment, or by mere nonaction, can Congress prevent the Constitution from being the supreme law for any peoples subject to the jurisdiction of the United States." *Rassmussen v. United States*, 197 U.S. 516, 529 (1905).

[4] " It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule." *Marbury v. Madison*, 5 U.S. 137, 177 (1803).

[5] "Delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

Defendant hereby apprises the Court of the Defendant's pending public motions:

| Date Filed/D.E.# | Defendant's Motion | Gov't Response Filed | Defendant's Reply Filed |
|---|---|---|---|
| 7/26/07 D.E. #85 | Motion to Suppress Evidence Obtained from her Home by Defendant (Hearing date set: 02/08/2008) | 08/08/2007 D.E. #86 | 08/16/2007 D.E. #87 |
| 09/19/2007 D.E. #106 | Motion to completely dissolve the March 16th [D.E. #12] and March 22nd [D.E. #17] restraining orders. (Hearing date set 11/28/2007). | 10/01/2007 D.E. #117 | 10/10/2007 D.E.# 126 |
| 10/03/2007 D.E.#119 | Motion for Order Releasing Seized Property | 10/05/2007 D.E. #121 | 10/10/2007 D.E. #125 |
| 10/17/2007 D.E. #132 | Motion to Modify Post-Indictment Asset Restraining Order | 10/29/2007 D.E. #148 | 10/31/2007 D.E. # 150 |
| 10/29/2007 D.E. #147 | Motion for Reconsideration re: D.E. #106 (Motion to bar Assistant U.S. Attorneys Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden from further involvement in this matter) | Pending | Pending |
| 11/05/2007 D.E.#154 | Second Motion to Dismiss Case | Pending | Pending |
| 11/05/2007 D.E. #155 | Third Motion to Dismiss Case for Brady Violations or Promptly Disclose Brady Material | Pending | Pending |
| 11/06/07 D.E.#156 | Motion to Modify the Stipulated Protective Order | Pending | Pending |

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 6, 2007.

        **MONTGOMERY BLAIR SIBLEY**
        Counsel for Defendant
        1629 K Street, Suite 300
        Washington, D.C. 20006
        202-508-3699
        202-478-0371 Fax

        By:  /s/ Montgomery Blair Sibley
            Montgomery Blair Sibley
            D.C. Bar #464488