UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR A COURT ORDER REQUIRING
COMPLIANCE WITH LOCAL CRIMINAL RULE 57.7(b)(3) BY ALL
ATTORNEYS ASSOCIATED WITH THE PROSECUTION AND DEFENSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for a Court Order requiring attorneys associated with the prosecution and defense of the above-referenced criminal case to comply with the obligations of Local Criminal Court Rule 57.7(b)(3).

**I. Discussion**

Local Criminal Rule 57.7(b), titled "Conduct of Attorneys in Criminal Cases," provides, in relevant part, in Subsection (3), that:

> From the time of . . . filing of an indictment in any criminal matter until the commencement of trial or disposition without a trial, a lawyer . . . associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning:. . . (iv) The identity, testimony, or credibility of prospective witnesses … [and] (vi) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

On November 1, 2007, the Court filed a Memorandum Opinion scheduling a hearing on defendant's request for such on her Motion to Completely Dissolve the March 12 and 22, 2007, Temporary Restraining Orders. Dkt. No. 153. Both before and since that order, defendant's counsel reportedly has made repeated extrajudicial statements which have been disseminated by means of

public communications in which he identifies potential witnesses at that hearing.[1] Included herewith as an attachment are several articles in which defendant's counsel has named potential witnesses for whom he reportedly has sought subpoenas. His statements appear to be potential violations of the local rule.

Accordingly, the United States is requesting that the Court issue an Order (a proposed Order is being submitted herewith) to require compliance by the attorneys associated with this case with the obligations of Local Criminal Rule 57.7(b)(3). The United States contacted defendant's counsel,

---

[1] The Court previously found that "Defendant and her counsel have made extensive use of the media to inform the public about what they believe to be the merits of this case. The 'settlement negotiations" to which Defendant cites have been referred to in various public statements she and her counsel have made and which have been widely reported in one fashion or another in the press." Dkt. No. 136 at 3. The context of this finding was, in part, an allegation by defendant, which was rejected by the Court, that government attorneys had violated Local Criminal Rule 57.7. Id.

Montgomery Blair Sibley, regarding his position on this motion. Mr. Sibley declined to state a specific position as to whether or not he opposes this motion.[2]

                                                Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/s/ **_Daniel P. Butler/Catherine K. Connelly_**
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[2] Specifically, in an e-mail on November 7, 2007, Mr. Sibley stated the following: "Though I haven't had time to review the law, my initial reaction is that Rule 57.7(b)(3) vioalates [sic] the tennents [sic] of *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1074 (1990) and is a prior restraint which, as you must recognized [sic], faces a well established presumption against its constitutionality. Moreover, I find Rule 57.7(b)(3) to be vague. As such, and as you fail to be specific in what fashion you think Rule 57.7(b)(3) is at issue, I really can't respond one way or the other, so please advise the Court accordingly." In Gentile, however, the issue, according to Justice Kennedy who wrote the part of the opinion finding the Nevada Court rule void for vagueness, was "the constitutionality of a ban on political speech [by an attorney] critical of the government and its officials." 501 U.S. at 1034. That is not the issue presented by this motion.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of the Government's Motion for a Court Order Requiring Compliance with Local Criminal Rule 57.7(b)(3) by all Attorneys Associated with the Prosecution and Defense, and for good cause shown,

IT IS HEREBY ORDERED that all attorneys associated with the prosecution and defense of the above-styled criminal case are reminded of the requirements of all of the Local Criminal Rules for the United States District Court for the District of Columbia, especially Local Criminal Rule 57.7(b)(3), and are hereby ordered to comply with the obligations of those rules. As such, they shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, relating to this matter and concerning the identity, testimony, or credibility of prospective witnesses, or any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

_____                          _____
Date                                    GLADYS KESSLER
                                        UNITED STATES DISTRICT JUDGE

**Copies to: attorneys of record via ECF**