UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR A COURT ORDER REQUIRING
COMPLIANCE WITH LOCAL CRIMINAL RULE 57.7(b)(3) BY ALL
ATTORNEYS ASSOCIATED WITH THE PROSECUTION AND DEFENSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for a Court Order requiring attorneys associated with the prosecution and defense of the above-referenced criminal case to comply with the obligations of Local Criminal Court Rule 57.7(b)(3).

**I. Discussion**

Local Criminal Rule 57.7(b), titled "Conduct of Attorneys in Criminal Cases," provides, in relevant part, in Subsection (3), that:

> From the time of . . . filing of an indictment in any criminal matter until the commencement of trial or disposition without a trial, a lawyer . . . associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning:. . . (iv) The identity, testimony, or credibility of prospective witnesses … [and] (vi) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

On November 1, 2007, the Court filed a Memorandum Opinion scheduling a hearing on defendant's request for such on her Motion to Completely Dissolve the March 12 and 22, 2007, Temporary Restraining Orders. Dkt. No. 153. Both before and since that order, defendant's counsel reportedly has made repeated extrajudicial statements which have been disseminated by means of

public communications in which he identifies potential witnesses at that hearing.[1] Included herewith as an attachment are several articles in which defendant's counsel has named potential witnesses for whom he reportedly has sought subpoenas. His statements appear to be potential violations of the local rule.

Accordingly, the United States is requesting that the Court issue an Order (a proposed Order is being submitted herewith) to require compliance by the attorneys associated with this case with the obligations of Local Criminal Rule 57.7(b)(3). The United States contacted defendant's counsel,

---

[1] The Court previously found that "Defendant and her counsel have made extensive use of the media to inform the public about what they believe to be the merits of this case. The 'settlement negotiations" to which Defendant cites have been referred to in various public statements she and her counsel have made and which have been widely reported in one fashion or another in the press." Dkt. No. 136 at 3. The context of this finding was, in part, an allegation by defendant, which was rejected by the Court, that government attorneys had violated Local Criminal Rule 57.7. Id.

Montgomery Blair Sibley, regarding his position on this motion. Mr. Sibley declined to state a specific position as to whether or not he opposes this motion.[2]

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610


/s/ *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[2] Specifically, in an e-mail on November 7, 2007, Mr. Sibley stated the following: "Though I haven't had time to review the law, my initial reaction is that Rule 57.7(b)(3) vioalates [sic] the tennents [sic] of *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1074 (1990) and is a prior restraint which, as you must recognized [sic], faces a well established presumption against its constitutionality.  Moreover, I find Rule 57.7(b)(3) to be vague.  As such, and as you fail to be specific in what fashion you think Rule 57.7(b)(3) is at issue, I really can't respond one way or the other, so please advise the Court accordingly." In Gentile, however, the issue, according to Justice Kennedy who wrote the part of the opinion finding the Nevada Court rule void for vagueness, was "the constitutionality of a ban on political speech [by an attorney] critical of the government and its officials."  501 U.S. at 1034.  That is not the issue presented by this motion.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

Upon consideration of the Government's Motion for a Court Order Requiring Compliance with Local Criminal Rule 57.7(b)(3) by all Attorneys Associated with the Prosecution and Defense, and for good cause shown,

IT IS HEREBY ORDERED that all attorneys associated with the prosecution and defense of the above-styled criminal case are reminded of the requirements of all of the Local Criminal Rules for the United States District Court for the District of Columbia, especially Local Criminal Rule 57.7(b)(3), and are hereby ordered to comply with the obligations of those rules. As such, they shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, relating to this matter and concerning the identity, testimony, or credibility of prospective witnesses, or any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

_____                      _____
Date                                                            GLADYS KESSLER
                                                                      UNITED STATES DISTRICT JUDGE


**Copies to:** attorneys of record via ECF

★★★★★ **Five-Star Rated for Cardiac Surgery & Pulmor**
East Jefferson General Hospital    ♥ HEALTHGRADES®

• Complete Forecast | Homepa


nola.COM
Everything New Orleans

🔍 SEARCH: [Enter Keyword(s)]    [GO!]

| NEWS | SPORTS | FORUMS | BLOGS | CAMS | ENTERTAINMENT | MORE TOPICS | JOBS |

# Updates The Times-Picayune

- Subscribe to the Times-Picayune
- About The Author
- RSS

**Latest Posts**

- Staph infections putting local schools on edge
- Attorney general hopefuls take aim
- FEMA quietly closing N.O. trailer sites
- 1 caught, 2 sought in Jefferson kidnap slaying
- Man sought in rape of 11-year-old

**Categories**

- Around Louisiana (RSS)
- Breaking News (RSS)
- City Hall (RSS)
- Courts (RSS)
- Crime (RSS)
- East Jefferson (RSS)
- Elections/Politics (RSS)
- National (RSS)
- North Shore (RSS)
- Pets (RSS)
- Photo (RSS)
- Rebuilding/Recovery (RSS)
- River Parishes (RSS)
- Saints (RSS)
- Schools (RSS)
- Sports (RSS)
- St. Bernard (RSS)
- Weather (RSS)
- West Bank (RSS)

**Favorite Links**

- Today's Front Page news

**Archived Posts**

## Vitter may be forced to testify

Posted by The Times-Picayune November 02, 2007 8:58PM


Sen. David Vitter

**By Bill Walsh**
*Washington bureau*

WASHINGTON -- Rekindling a scandal Sen. David Vitter hoped had faded, the attorney for the "D.C. Madam" asked Friday for a subpoena to force the Louisiana Republican to testify about his involvement in what prosecutors say was a high-priced prostitution ring.

Montgomery Sibley said he had asked the clerk of the U.S. District Court in Washington, D.C., to issue a subpoena to Vitter to testify at a Nov. 28 hearing that could spill salacious details of the scandal that has captivated the nation's capital for more than a year.

Judge Gladys Kessler ordered the hearing to determine whether Deborah Jeane Palfrey, 50, can proceed with her breach-of-contract lawsuit against a woman she once employed as an escort. Palfrey said she signed contracts with all her escorts promising they wouldn't do anything illegal and that Paula Neble broke it by engaging in prostitution.

Palfrey was indicted in March on federal racketeering and money-laundering charges and prosecutors say that her suit against Neble is meant to intimidate the former escort, one of several who are expected to testify in the criminal trial against the woman who has come to be known as the "D.C. Madam."

"The issue at the hearing is whether the lawsuit is legitimate or not," Sibley said in an interview. "Part of the proof will be whether the escort was breaking that contract. Only two people will know that answer: the escort and the customer."

**Vitter declines to respond**

In July, Vitter acknowledged being a customer of Pamela Martin & Assoc., the



escort service Palfrey operated for 12 years in the Washington area. His phone number appeared six times between 1999 and 2001 on phone records for the service.

Vitter has said little about his use of the escort service except that he committed a "very serious sin," and sought forgiveness from God and his family. At a press conference this summer, he also apologized to his constituents. The scandal dogged him for months, but his steadfast refusal to discuss it has helped to push it out of the spotlight.

Vitter again declined Friday to answer questions about his involvement or what he plans to do with the Palfrey subpoena.

"Sen. Vitter has been very honest and straightforward about this issue from his past," spokesman Joel DiGrado said. "He's not going to be distracted from working on critical issues to Louisianians like overriding the Water Resources Development Act veto and fighting to solve the immigration problem."

Vitter is not the only former Palfrey client being summoned to court. Sibley also has sought a subpoena for the testimony of Harlan Ullman, a former policy expert with the Center for Strategic and International Studies and the author of the "shock and awe" strategy of military warfare.

**No getting out of testifying?**

The subpoena puts Vitter, especially, in an awkward and politically damaging position. The Senate Republican caucus welcomed Vitter back into the fold after his public confession in July, but it remains to be seen how much patience Senate Minority Leader Sen. Mitch McConnell, R-Ky., will show if Vitter's troubles remain in the news. McConnell acted swiftly to condemn Sen. Larry Craig, R-Idaho, after it became public that he had pleaded guilty to misdemeanor disorderly conduct charges after being arrested in a gay-sex sting in a Minneapolis airport bathroom. Craig has faced intense pressure from his own caucus to resign from the Senate but has refused and has sought to withdraw the guilty plea.

Legal experts say Vitter has little grounds to avoid testifying, noting that the U.S. Supreme Court said former President Bill Clinton had to provide testimony in Paula Jones' civil lawsuit.

"He may also make some argument based on his being a member of Congress, but I doubt it will work," said Carl Tobias, a law professor at the University of Richmond (Va.)

Sibley said he expects Vitter will try to quash the subpoena on the grounds that his testimony would not add much to the legal issues at the hearing. But, he said, Vitter's public admission that he was a client, along with the phone records, could undercut that strategy.

"He has a problem because he went on TV and apologized," Sibley said.

In addition, Vitter may have been a client of Neble, the escort at the center of the lawsuit that is the subject of the hearing.

**Pleading Fifth possible**

Neble's phone number appeared 1,590 times in records Palfrey has made public, an indication that she was a regular escort in the service Palfrey operated between

1994 and 2006. In one instance, her number shows up near Vitter's, which Palfrey has said could mean she arranged a date for the two.

Legal experts say it is possible Vitter will attempt to avoid discussing the details of his dealings with Palfrey's escorts by asserting his Fifth Amendment rights against self-incrimination. But that, too, carries a political risk.

"The thing can hardly be viewed as a joyful experience," said Jonathan Turley, a law professor at George Washington University. "If he pleads the Fifth, he'll put himself in the same category as mobsters and madams. If he testifies, he will create his own detailed record that can be used in his next campaign. Either way he is facing a serious problem."

Sibley said that if Vitter asserts his right against self-incrimination, he will ask the judge to grant the senator immunity from criminal prosecution. On the surface, Vitter would appear exempt from being charged. The statute of limitations on prostitution is three years and Vitter's last known interaction with the escort service was 2001.

The Vitter subpoena is not without its risks for Palfrey. Although unlikely because he might expose himself to legal liability, Vitter could testify that he paid to have sex with the escorts, an assertion that could undercut Palfrey's defense that she was running a legal escort service.

*Bill Walsh can be reached at bill.walsh@newhouse.com or (202) 383-7817.*

| Permalink (Learn More)
Share: Reddit | Digg | del.icio.us | Google | Yahoo | What is this?



## Former escort service owner wants to subpoena Vitter

November 3, 2007
By Ana Radelat
aradelat@gns.gannett.com

STORY CHAT  read comments  comment  REGISTER HERE NOW
TOOLS  PRINT  EMAIL   TEXT SIZE: SMALL  MEDIUM  LARGE

WASHINGTON — Deborah Jeanne Palfrey, who once owned a high-priced escort service, is seeking to subpoena Sen. David Vitter to appear at a hearing later this month.

Palfrey was indicted in March on federal racketeering and money laundering charges relating to the escort service, Pamela Martin and Associates.

But the Louisiana Republican would be asked to appear in a separate case, one initiated by Palfrey against Paula Neble, who worked escort service between 1999 and 2006.

Palfrey denies her escort service engaged in prostitution and has sued Neble in the hopes of proving that if illegal sexual acts were performed, they happened without her knowledge.

Palfrey's attorney, Montgomery Blair Sibley, said he hopes Vitter's testimony at the Nov. 28 federal court hearing "will confirm there was illegal sexual behavior or there was not."

Vitter's office declined to comment Friday on the subpoena request.

"Sen. Vitter has been very honest and straightforward about this issue from his past," said Vitter press secretary Joel DiGrado. "He's not going to be distracted from working on critical issues to Louisianans like overriding the (water resources bill) veto and fighting to solve t immigration problem."

Sibley said phone records prove Vitter had contact with Neble, but a court order bars him from disclosing details of the relationship. Sib said Neble was one of several escort service employees who had contact with Vitter.

Vitter acknowledged in a statement July 9 that his number was discovered in Palfrey's phone records.

"This was a very serious sin in my past for which I am, of course, completely responsible," Vitter said in that statement.

Sibley said there's a chance the judge in the case, Judge Gladys Kessler of the U.S. District Court for the District of Columbia, would a a motion to quash any subpoena.

©The Times
November 3, 2007

Partners: Jobs: CareerBuilder.com • Cars: Cars.com • Apartments: Apartments.com • Shopping: ShopLocal.com
The Daily Advertiser | The Town Talk | The News Star | The Daily World
**Copyright 2005© The Times. Principles of Ethical Conduct for The Times**
Use of this site signifies your agreement to the Terms of Service and Privacy Policy (Updated 2005).
Send us your questions and comments.
  

**washingtonpost.com**  Hello daniel.butler  Edit Preferences | Sign Out    **The Washington Post**  Print Edition | Subscribe


Advertisement — BMW 2007 3 Series Sedan — The Ultimate Driving Machine — Lease the for $339/ (through Click to conta

| NEWS | POLITICS | OPINIONS | LOCAL | SPORTS | ARTS & LIVING | CITY GUIDE |    JOBS  CLAS

SEARCH: Try Our New Search    go  ● washingtonpost.com  ○ Web: Results by Google    | Search Ar

washingtonpost.com > Politics



# The Sleuth
Mary Ann Akers ... Behind the Scenes in Washington

**Subscribe to The Post**

**RECENT POSTS**

DC Madam Case: Weirder By the Vitter (Minute)

Chaos at the Petraeus Hearing

Satiated By Craig Scandal, Gay Outer Backs Off Staffers

Larry Craig Invites You To Adoption Gala

Clinton Camp's Brown-Nosing Marathoner

**Stories By Date**
Full Story Archive

**Subscribe**
RSS Feed









**BLOGS/COLUMNS**

Reliable Source
Chris Cillizza: The Fix

About This Blog  |  Meet Mary Ann Akers  |  RSS Feed  (What's RSS?)

## DC Madam Case: Weirder By the Vitter (Minute)

The DC Madam case, which forced Sen. David Vitter's (R-La.) "very serious sin" confession, is getting weirder by the minute.

DC Madam **Deborah Jeane Palfrey** is trying to subpoena gossip columnists, investigative TV reporters, government officials, madams of scandals past, and, now, the chairman of the Senate Judiciary Committee: Patrick Leahy (D-Vt.).

And no, Leahy is not embroiled in the madam scandal. He's being threatened with a subpoena because of his outspoken criticism of the Bush administration's Justice Department, mainly over the U.S. attorney firings brouhaha.

As Palfrey attorney **Montgomery Blair Sibley** wrote in an email update on the case, Palfrey is seeking to subpoena Leahy to testify "as to his knowledge of the 'corruption' of the justice system by political influence."

What does Leahy have to say about the absurdity of his involvement in this? "As chairman, he gets some awfully wacky requests. But this one might make it into the top ten," Leahy spokesman **David Carle** tells us.

Among others, Palfrey wants to subpoena: New York Post gossip doyenne **Cindy Adams** to testify how she got information still under

SEARCH: Try Our New Search
Paul Kane: Capitol Briefing
Dana Milbank: Washington Sketch
Al Kamen: In The Loop
Lois Romano: On The Hill
Jeffrey Birnbaum: On K Street
Joel Achenbach

FROM THE POST
Politics Section
Daily Politics Web Chat
In The Loop Page
Opinions

court order; Heidi Fleiss, the infamous Hollywood Madam: Results by Google   Search A

News investigative reporter **Brian Ross**, who, through an exclusive agreement with Palfrey, was first to obtain the madam's client list.

Palfrey's attorney suggests "political pressure" was put on ABC News to "bury" the names of other prominent clients listed in the phone records. To that assertion, **Jeffrey Schneider**, senior vice president for ABC News, says, "Utter nonsense."

"Our decisions about what to report were based solely on what we deemed newsworthy," he told us yesterday.

Meanwhile, even after fresh allegations surfaced this week that he had sex with another prostitute, Vitter was back in Washington, all business as usual, presumably heaving a sigh of relief that at least he's not Larry Craig.

But Vitter, who in the past has denied having affairs with prostitutes in New Orleans, is still not answering questions about the former New Orleans prostitute named Wendy (the "other" Wendy, as she's being referred to; Vitter's wife name is Wendy, too). The other Wendy claimed at a press conference this week with Hustler magazine publisher **Larry Flynt** that she had a four-month sexual relationship with Vitter in 1999 after he was elected to Congress.

Unlike Craig's Senate Web site, which is dominated by press releases, statements and letters relating to his embarrassing scandal, Vitter's official site makes no reference at all to his tawdry headlines. Vitter's office has declined to comment on the former prostitute's charges.

By Mary Ann Akers | September 12, 2007; 6:30 PM ET
Previous: Chaos at the Petraeus Hearing |

# washingtonpost.com
# DISTRICT BRIEFING

Thursday, September 13, 2007; B04

### ESCORT SERVICE CASE

**Subpoenas Are Weighed**

The alleged "D.C. madam" said she wants to subpoena ABC News investigative reporter Brian Ross and Sen. Patrick J. Leahy (D-Vt.) in hopes of showing that she is the victim of a political prosecution.

Deborah Jeane Palfrey faces charges that she ran a prostitution ring in the Washington area for 13 years. She says her escort service provided legal fantasies, not sex.

Palfrey's civil attorney, Montgomery Blair Sibley, wrote to reporters yesterday that Leahy, the chairman of the Senate Judiciary Committee, can attest to Justice Department political interference in cases. A spokesman for Leahy's office said Palfrey's proposal is among the more "wacky" requests it has gotten. Ross rejected Palfrey's suggestion that politicians censored or shaped his reporting.

-- Carol D. Leonnig