UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
RECONSIDER COURT'S RULING ON DEFENDANT'S MOTION TO BAR
ASSISTANT UNITED STATES ATTORNEYS (DKT. NO. 147)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's Motion to Reconsider Court's Ruling on Defendant's Motion to Bar Assistant United States Attorneys (AUSAs). As discussed below, this Court has already denied similar motions for lack of merit, and this one should be denied for the same reasons.

A. **Factual Background**

1. In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began an investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail.

3. On September 19, 2007, defendant filed a *pro se* motion to bar the AUSAs assigned to

this case from further involvement in this matter.  Dkt. No. 106.

4.  On September 27, 2007, before the Court had even ruled on defendant's first *pro se* motion, defendant filed a second, similar motion to bar the AUSAs assigned to this case from further involvement in this matter.  Dkt. No. 114.

5.  On October 1, 2007, the government filed its combined opposition to defendant's *pro se* motion to bar the AUSAs and defendant's second motion to bar the AUSAs.  Dkt. No. 117 at 7-9.

6.  On October 18, 2007, the Court denied defendant's first *pro se* motion for an order barring the AUSAs, (Dkt. No. 106) finding defendant's position to be "without merit."  Dkt. No. 136 at 3.

7.  On October 29, 2007, defendant filed a motion to reconsider the Court's denial of defendant's motion to bar the AUSAs.  Dkt. No. 147.

8.  On November 6, 2007, the Court denied defendant's second motion to bar the AUSAs (Dkt. No. 114), again finding that defendant's motion "lack[ed] merit."  Dkt. No. 158 at 1.

### B.  Discussion

Defendant has now filed three separate motions seeking an order barring AUSAs Daniel P. Butler, Catherine K. Connelly, and William R. Cowden, based upon what she deems "outrageous conduct."  Dkt. No. 106 at 3, Dkt. No. 114 at 1, Dkt. No. 147 at 1.  These motions are based upon the prosecutors' alleged disclosure of what defendant classifies as "privileged settlement communications for a malicious and improper purpose," id.;  their "allegedly implicitly violating the April 12, 2007, 'gag' order of this Court and explicitly violating LCrR 57.7," Dkt. No. 106 at 3; and their requirement that all communications with defendant's counsel be in writing.  Dkt. No. 147 at 3.  Defendant's motions (and allegations) are completely without merit and should again be denied.  Furthermore, despite having three "bites at the apple," defendant has yet to cite any

authority in support of her request for such relief.

With the exception of defendant's complaint about the manner in which the government has elected to communicate with defense counsel, defendant's third motion to bar the prosecutors in this matter simply recycles arguments made in previous motions - arguments which this Court already found to be meritless. As such, the government will respond by adopting the arguments set forth in its initial response to defendant's first two motions to bar. See Dkt. No. 117 at 7-9.[1]

With regard to defendant's claim that government counsel is violating the letter of the D.C. Bar's Voluntary Standards for Civility in Professional Conduct, this claim is similarly without merit. There is nothing in the federal rules, local rules, or voluntary standards which requires face-to-face meetings with opposing counsel outside the courtroom. Given defense counsel's behavior in this matter and others, which has been clearly established in court filings, hearings, and media outlets, it is entirely appropriate, and indeed, prudent, for the AUSAs to communicate with defense counsel in writing.[2] Such a decision is entirely within the government's discretion, and in no way precludes

---

[1] In the motion now before the Court, defendant claims there is "no factual premise for the Court's conclusion that the 'settlement negotiations to which Defendant cites have been referred to in various public statements' by Defendant or her counsel." Dkt. No. 147 at 3. In fact, there is a factual premise for this conclusion, and the government has provided a basis for this finding in its prior pleadings. See Dkt. No. 117 at 8-9. See also Neal Augenstein, "D.C. Madam Seeks Plea Deal," www.wtop.com/?sid=1256301&nd=25, September 26, 2007, ("Of the plea negotiations with prosecutors prior to her indictment, Palfrey says, 'They thought they were offering me the deal of a lifetime -- a year or less in prison, half of that in a halfway house, and I'd lose a third of my life savings – I worked hard for those life savings.'") (attached hereto as Exhibit A).

[2] As the government stated in a September 14, 2007 email to defense counsel, "[b]ecause of the history of this criminal case, as well as the numerous allegations you have made against government personnel in this case . . . it appears that the best course to take, to the extent there is a need for communications between you and [the prosecutors] in the above-referenced case would be not to have phone conversations. Instead we will communicate with you only by email or letter. . . . [T]hrough this procedure there will be fewer questions or confusion as to what has been requested or represented between us." Defense counsel responded via email on September

resolution of any issues which arise during the course of this case.

## C. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's Motion to Reconsider Court's Ruling on Defendant's Motion to Bar AUSAs should be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        DC Bar No. 498610

        / s / *Daniel P. Butler/Catherine K. Connelly*
        _____
        Daniel P. Butler
        DC  Bar No. 417178
        Catherine K. Connelly
        Mass.  Bar No. 649430
        Assistant United States Attorneys
        555 4th Street, NW
        (202) 353-9431, 616-3384
        Washington, D.C.  20530
        Daniel.Butler@usdoj.gov
        Catherine.Connelly2@usdoj.gov

---

15, 2007, stating "I understand your position fully."



# D.C. Madam Seeks Plea Deal

September 26, 2007 - 8:31pm

Neal Augenstein, WTOP Radio

WASHINGTON -- WTOP Radio has learned D.C. Madam Deborah Jeane Palfrey -- charged with racketeering and money laundering in connection with allegedly running a prostitution ring -- is attempting to reach a plea deal "to end this nightmare for everyone."

In a phone interview, Palfrey says two weeks ago her civil attorney Montgomery Blair Sibley sent a letter to federal prosecutors, with a settlement offer -- the fourth such offer.

Palfrey, who ran the escort service Pamela Martin and Associates from 1993 through 2006, maintains her escorts provided legal sexual fantasy services. Prosecutors alleged the business was a prostitution service.

Despite her interest in avoiding trial, Palfrey says she has been stymied in recent attempts to engage prosecutors in plea negotiations.

"They told [Sibley] they could not speak with him because he is, as of yet, not the criminal attorney of record," Palfrey says.

U.S. District Court Judge Gladys Kessler is still considering Palfrey's request to allow Sibley to represent her in her Washington, D.C. criminal trial, in addition to her civil case against the government for seizing her assets.

"Then I brought in my criminal attorney, Preston Burton, and asked him to proffer the plea arrangement to prosecutors. They said to Preston they would not work with him because he would soon not be the attorney of record," Palfrey says.

Burton, who earlier represented Monica Lewinsky after her affair with President Clinton, remains Palfrey's lawyer, as Judge Kessler considers Palfrey's request to replace Burton with Sibley.

"So now I'm in this limbo state," Palfrey muses. "I'm waiting for an attorney to be assigned to me, so I can go back to [the prosecutors] and work out what I hope to be a final solution -- some sort of plea arrangement that will end this nightmare for everyone."

Palfrey would not disclose details of the deal she is willing to make with prosecutors.

According to Sibley's calculations, Palfrey faces a maximum of 55 years in prison if convicted on all charges.

The possibility of a plea deal is not foreign to Palfrey, although her interest in securing one is new. She says her earlier unwillingness to plead guilty resulted in her indictment under the federal Racketeer Influenced and Corrupt Organizations Act, or RICO.

With a RICO conviction, Palfrey could permanently lose most of her assets.

"They charged me with over-the-top RICO violations because I would not plea bargain with them last January/February," Palfrey says. "I was 'flat-out' told 'deal or we'll charge RICO.'"

"My response at the time was 'go to hell,'" Palfrey says. "And subsequently, I was indicted."

Monty Wilkinson, a spokesman for U.S. Attorney Jeffrey Taylor, declined comment on Palfrey's characterizations of current and previous plea negotiations.

In the District of Columbia, most prostitution cases are tried in Superior Court. Sources within the D.C. prosecutors' office could not recall a previous prostitution-related case that was tried federally, under RICO.

"Lucky, lucky me," Palfrey says. "I am the first."

Of the plea negotiations with prosecutors prior to her indictment, Palfrey says, "They thought they were offering me the deal of a lifetime -- a year or less in prison, half of that in a halfway house, and I'd lose a third of my life savings -- I worked hard for those life savings."

Now, regardless of whether she's able to reach a plea deal, Palfrey believes the facts are on her side, and she will prevail if her case goes to trial.

"I know what they have," Palfrey says. "And I know what they don't have."

(Copyright 2007 by WTOP. All Rights Reserved.)



Deborah Jeane Palfrey and attorney Montgomery Blair Sibley are actively seeking a plea agreement. (AP)