UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

    DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR A COURT ORDER REQUIRING COMPLIANCE WITH LOCAL CRIMINAL RULE 57.7(B)(3)

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel responds to the Government's Motion for a Court Order Requiring Compliance with Local Criminal Rule 57.7(b)(3), and states:

**I.   DEFENDANT'S COUNSEL HAS NOT VIOLATED LOCAL CRIMINAL RULE 57.7(B)(3)**

The government alleges that "His statements appear to be potential violations of the local rule." (Government's Motion, D.E. #159, p. 2). Patently, by its Order of November 1, 2007, [D.E.#153], the Court ordered the filing of Defendant's witness list by November 20, 2007, thereby explicitly permitting the disclosure of witnesses names for that hearing. Accordingly, there was no violation by stating publically that which this Court had ordered to be publically filed. *Accord*: *Gentile v. State Bar of Nevada* ,501 U.S. 1030, 1038 (1991)("Even if one were to accept respondent's argument that lawyers participating in judicial proceedings may be subjected, consistent with the First Amendment, to speech restrictions that could not be imposed on the press or general public, the judgment should not be upheld. The record does not support the conclusion that petitioner knew or reasonably should have known his remarks created a substantial likelihood of material prejudice, if the Rule's terms are given any meaningful content.")

Indeed, in this case, the government has consistently attempted to deny to the public the right to know what is going on in high government circles for apparently improper prosecutorial motives.[1] Such a motive and affect is expressly prohibited by the First Amendment. *Accord*: *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966)(The First Amendment "guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism."); *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 606 (1976) (Brennan, J., concurring in judgment)(Public awareness and criticism have even greater importance where, as here, they concern allegations of government corruption.)

II.    **LOCAL CRIMINAL RULE 57.7(B)(3) IS A VOID PRIOR RESTRAINT ON FREE SPEECH**

Defendant also contents – and specifically asks the Court to hold – that Local Criminal Rule 57.7(b)(3) in part is an unconstitutional prior restraint on Defendant and her counsel's right to free speech.

"At the very least, our cases recognize that disciplinary rules governing the legal profession cannot punish activity protected by the First Amendment, and that First Amendment protection survives even when the attorney violates a disciplinary rule he swore to obey when admitted to the practice of law. See, e.g., *In re Primus*, 436 U.S. 412 (1978); *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977)". *Gentile* at 501 U.S. at 1054.

Importantly, the Court in *Gentile*, then went on to conclude:

---

[1] This Court should recall that the government moved to prevent release of the telephone records in this matter stating to the Court "the primary, and likely only, purpose of the threatened future dissemination [of the telephone records] is to harass potential witnesses." (D.E. #44, p. 4).  However, when pressed by the Court to identify a single "potential witness" who could be identified, the government – continuing a pattern of misrepresentations to this Court – could not identity a <u>single</u> witness.

> Only the occasional case presents a danger of prejudice from pretrial publicity. Empirical research suggests that, in the few instances when jurors have been exposed to extensive and prejudicial publicity, they are able to disregard it and base their verdict upon the evidence presented in court. . . . Voir dire can play an important role in reminding jurors to set aside out-of-court information and to decide the case upon the evidence presented at trial. All of these factors weigh in favor of affording an attorney's speech about ongoing proceedings our traditional First Amendment protections. Our colleagues' historical survey notwithstanding, respondent has not demonstrated any sufficient state interest in restricting the speech of attorneys to justify a lower standard of First Amendment scrutiny.

*Gentile* at 1055.

As such, Local Criminal Rule 57.7(b)(3), on its face and as applied is an unconstitutional prior restraint on freedom of expression prohibiting without prior consideration, the "disseminated by means of public communication" the "The identity, testimony, or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by the law; Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case."

"For many years it has been clearly established that a 'prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity.' *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971), quoting *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 181 (1968). 'Where . . . a direct prior restraint is imposed upon the reporting of news by the media, each passing day may constitute a separate and cognizable infringement of the First Amendment.' *Nebraska Press Assn. v. Stuart*, 423 U.S. 1319, 1329 (1975) (Blackmun, J., in chambers)." *CBS Inc. v. Davis,* 510 U.S. 1315, 1317 (1994). Notably, the First Amendment equally protects freedom of speech as well as the Press. "Congress shall make no law

. . . abridging the freedom of speech, or of the press . . ."

Accordingly, Local Criminal Rule 57.7(b)(3) violates the First Amendment as a prior restraint without even the attempt at finding an extraordinary compelling reason for such a restraint. "Although the prohibition against prior restraints is by no means absolute, the gagging of publication has been considered acceptable only in "exceptional cases." *Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 716 (1931). Even where questions of allegedly urgent national security, see *New York Times Co. v. United States*, 403 U.S. 713 (1971), or competing constitutional interests, *Nebraska Press Assn., 427 U.S., at 559*, are concerned, we have imposed this "most extraordinary remed[y]" only where the evil that would result from the reportage is both great and certain and cannot be mitigated by less intrusive measures."

### III. LOCAL CRIMINAL RULE 57.7(B)(3) IS A VAGUE

Local Criminal Rule 57.7(b)(3) also imposes the burden upon counsel of making a determination that any such statement he might make would create "a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." Such a standard it too vague to withstand constitutional scrutiny and thus must be deemed unconstitutionally vague. *Accord*: *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) (criminal statute is void for vagueness if "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.")(quoting *United States v. Harris*, 347 U.S. 612, 617 (1954).

### IV. CONCLUSION

Defendant requests that the government's motion be denied and that this Court declare that Local Criminal Rule 57.7(b) is unconstitutional as an invalid prior restraint and too vague to give

notice of its meaning.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 10, 2007.

                                    **MONTGOMERY BLAIR SIBLEY**
                                    Counsel for Defendant
                                    1629 K Street, Suite 300
                                    Washington, D.C. 20006
                                    202-508-3699
                                    202-478-0371 Fax

                                    By:  /s/ Montgomery Blair Sibley
                                        Montgomery Blair Sibley
                                        D.C. Bar #464488