UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
THE INDICTMENT BASED OF AN ALLEGED FAILURE TO PRESENT
EXCULPATORY EVIDENCE TO THE GRAND JURY (DKT. NO. 154)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant's motion to dismiss the indictment based on an alleged failure to present exculpatory evidence to the grand jury. Dkt. No. 154. As will be discussed below, the United States Supreme Court has held, as defendant concedes in her motion, that a district court may not dismiss an otherwise valid indictment because the government failed to disclose to the grand jury "substantially exculpatory evidence" in its possession. United States v. Williams, 504 U.S. 36, 45-55 (1992).[1] Accordingly, the government respectfully submits that defendant's motion is without merit and should be denied.

**A.   Factual Background**

1.   In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began an investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2.   On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment

---

[1]   Because of the nature and lack of merit of this motion, as well as the secrecy provisions of Fed.R.Crim.P. 6(e), the government does not feel compelled to confirm or deny what evidence was presented to the grand jury. Nevertheless, the government believes it has compiled with its legal and ethical obligations in this prosecution, and will continue to do so.

against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. Mail.

3. On November 5, 2007, defendant filed this motion to dismiss the indictment based on the government's alleged failure to present exculpatory evidence to the grand jury. That is, defendant speculates that certain "Escort Contracts," which are attached to her motion and which she contends are exculpatory and in the possession of the government, were not presented to the grand jury that indicted her.

### B. Discussion

Defendant's motion is based on pure speculation of what information was or was not presented to the grand jury in this matter. Assuming solely for the sake of argument, however, that the "Escort Contracts" are exculpatory evidence, that the government had possession of them and that evidence of them was not presented to the grand jury, defendant's motion is still without merit.

Defendant acknowledges that controlling Supreme Court precedent does not support her motion. Def.'s Mot. at 2. The case she cites, United States v. Williams, 504 U.S. 36 (1992), held that the Federal courts' supervisory power over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury.

Instead, defendant argues that this holding "must be revisited" by the Court. Def's Mot. at 2. If a Supreme Court holding is to be revisited, however, it is that Court that would need to do so. See

Agostini v. Felton, 521 U.S. 203, 237 (1997) ("[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." (internal quotation omitted)); United States v. Webb, 255 F.3d 890, 897-98 (D.C. Cir. 2001) (defendant "ask[ed court] to disregard the earlier case because he counts five Justices as no longer supporting its holding. That, of course, we may not do.") (quoting Agostini).[2] As to this Court, the opinion in Williams is controlling precedent. Therefore, even taking defendant's speculative assertions as true for purposes of considering this motion, her motion is contrary to the appropriate legal standard.[3]

---

[2] Nor are the authorities defendant cites supportive of her assertion that Williams is anything but controlling authority. Defendant contends that Williams was "a bare five-to-four majority" opinion and quotes at length language from the dissenting opinion. Def.'s Mot. at 2-3 (emphasis in original). She also cites a Supreme Court case that predates Williams, that is, West Coast Co. v. Parrish, 300 U.S. 379, 390 (1937). Def.'s Mot. at 2. In that case, the Court addressed Washington State's minimum wage law, and, as part of its analysis, re-examined its own precedent. West Coast Co., 300 U.S. at 388-91. This is completely consistent with the principle of Agostini discussed above of the Supreme Court having the right to re-examine its own precedent. Finally, defendant selectively cites the government's own internal policy as alleged support for her position. Def.'s Mot. at 3. That policy, U.S. Attorney's Manual, 9-11.233, with which the government contends it has complied, after discussing the holding in Williams and reciting the language defendant quotes in her motion, states that "[w]hile failure to follow the Department's policy should not result in dismissal of an indictment, appellate courts may refer violations of the policy to the Office of Professional Responsibility for review."

[3] Defendant also tries to distinguish Williams by asserting that the defendant/respondent did not raise a Fifth Amendment challenge in that case, and stating that she is raising such a challenge. Def.'s Mot. at 2. Actually, in Williams, the defendant/respondent "argue[d] that the Court of Appeals' rule [requiring exculpatory evidence be presented to the grand jury] can be justified as a sort of Fifth Amendment 'common law,' a necessary means of assuring the constitutional right to the judgment 'of an independent and informed grand jury[.]'" 504 U.S. at 51. The Court rejected that argument, holding that "[w]e do not agree. The rule would neither preserve nor enhance the traditional functioning of the institution that the Fifth Amendment demands. To the contrary, requiring the prosecutors to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." Id.

### C. Conclusion

For the foregoing reasons, the government respectfully submits that defendant's motion is without merit and should be denied.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>DC Bar No. 498610
>
>/ s /   *Daniel P. Butler/Catherine K. Connelly*
>_____
>Daniel P. Butler
>DC  Bar No. 417178
>Catherine K. Connelly
>Mass.  Bar No. 649430
>Assistant United States Attorneys
>555 4th Street, N.W.
>(202) 353-9431, 616-3384
>Washington, D.C.  20530
>Daniel.Butler@usdoj.gov
>Catherine.Connelly2@usdoj.gov