UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR A COURT ORDER REQUIRING COMPLIANCE WITH LOCAL CRIMINAL RULE 57.7(b)(3) BY ALL ATTORNEYS ASSOCIATED WITH THE PROSECUTION AND DEFENSE (DKT NO. 164)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to defendant's opposition to the government's motion for a Court Order requiring attorneys associated with the prosecution and defense of the above-referenced criminal case to comply with the obligations of Local Criminal Rule 57.7(b)(3). Defendant, beyond simply opposing the government's motion, seeks to have this Court declare that the rule "is unconstitutional as an invalid prior restraint and too vague to give notice of its meaning." Dkt. No. 164 at 4-5. For the reasons discussed below, the government respectfully submits that defendant's motion to declare the local rule unconstitutional should be denied. Furthermore, the government requests that the Court sign the previously submitted Order requiring compliance by the attorneys in this matter with the rule.

### A.  Discussion

#### I.  Defense Counsel Appears to Have Violated Local Criminal Rule 57.7

With its initial motion, the government submitted in an attachment newspaper articles with "statements [from defense counsel] that appear to be potential violations of the local rule."

Dkt. Nos. 160 at 2 (motion) and 160-3 (attachments).[1]  Defense counsel responded that, because he was going to file a witness list, that his comments prior to that time about potential witnesses did not violate the rule.  Dkt. No. 164 at 1.  There are several flaws in defense counsel's argument.  These include: (1) the information was not in public pleadings when he disclosed it to the media; (2) the potential witnesses listed in the witness list he filed (which is not available to the public) are not completely consistent with the witnesses he identified to the media, that is, he named witnesses to the media who he has not identified in his witness list; and (3) in defense counsel's comments to the media, he addressed more than just names of witnesses; he has discussed their potential testimony and credibility.

**II.    Even if the Court Does Not Find a Past Violation of Local Criminal Rule 57.7, It Can Sign the Proposed Order Because the Motion Prospectively Seeks to Address the Potential Future Risk of Such a Violation**

The government's initial motion only sought a prospective Order, that is, one requiring compliance with Local Criminal Rule 57.7(b)(3) by all attorneys associated with the prosecution and defense.  Accordingly, the Court does not need to decide that a violation of the local rule has already occurred to sign the proposed Order, only that the harm it seeks to prevent, e.g., "interference with a fair trial or otherwise prejudice the due administration of justice[,]" see Local Criminal Rule 57.7(a)(1), is potentially raised by any future comments by attorney on either side in violation of the rule.  The government is at a loss as to why defense counsel would oppose this request.[2]

---

[1]  Defendant, in her opposition, refers to the government's motion as Dkt. No. 159.  Dkt. No. 164 at 1.  Actually, that filing was withdrawn, and the operative filing is Dkt. No. 160.

[2]  It seems ironic, at best, and potentially hypocritical, for defendant to move to bar the prosecutors from this case for an alleged violation of this rule, a motion the Court denied as "without merit[,]" Dkt. No. 136 at 3, but then claim the rule is unconstitutional when it might be applied to defense counsel.  Dkt. No. 164 at 2-5.  The only consistency in defendant's logic on this issue is her own self-interest.

### III. The Local Rule is Constitutional

#### a. The Rule is not an unconstitutional prior restraint

Defendant contends that the local rule "is an unconstitutional prior restraint on Defendant and her counsel's right to free speech."[3] Dkt. No. 164 at 2. In support, she cites primarily <u>Gentile v. State Bar of Nevada</u>, 501 U.S. 1030 (1991). That case, however, does not support her position.

The opinion in <u>Gentile</u> can be somewhat confusing until one reads the parts that actually make up the majority opinion. That is, Chief Justice Rehnquist wrote for the majority as to Parts I and II and Justice Kennedy wrote for the majority as to Parts III and VI. The parts of the opinions not mentioned above are minority opinions or <u>dicta</u>.

With that understanding, every citation of <u>Gentile</u> by defendant is to a minority part of the opinion in that case authored by Justice Kennedy. <u>See</u> Dkt. No. 164 at 1 (501 U.S. at 1038; Part II); <u>id.</u> at 2 (501 U.S. at 1054; Part IV); <u>id.</u> at 3 (501 U.S. at 1055; Part V).

The majority opinion, on the other hand, found that:

> The restraint on speech is narrowly tailored to achieve those objectives. The regulation of attorneys' speech is limited – it applies only to speech that is substantially likely to have a materially prejudicial effect; it is neutral as to points of view, applying equally to all attorneys participating in a pending case; and it merely postpones the attorney's comments until after the trial. While supported by the substantial state interest in preventing prejudice to an adjudicative proceeding by those who have a duty to protect its integrity, the Rule is limited on its face to preventing only speech having a substantial likelihood of materially prejudicing that proceeding.

501 U.S. at 1076. Likewise, the local rule here fits within that description by the Court.

---

[3] The proposed order and the rule do not address speech by defendant, only her counsel. Accordingly, her articulation of the issue is too broad because her right to speak is not in issue.

The other cases cited by defendant primarily involve prior restraints on news media or other organizations, not lawyers involved in a case. Dkt. No. 164 at 2-4.[4] The Court, in Gentile, addressed and distinguished cases involving the media from those involving lawyers involved in litigation. See id. at 1065-66 ("Membership in the bar is a privilege burdened with conditions, to use the oft-repeated statement of Cardozo, J.") (internal quotation marks and citations omitted).

### b. The Rule is not unconstitutionally vague

Defendant then claims, with no controlling authority, that Local Criminal Rule 57.7(b)(3) is too vague to withstand constitutional scrutiny. Dkt. No. 164 at 4.[5] Again, her motion is without merit.

Ultimately, in Gentile, the Court reversed the Nevada Supreme Court's finding of a disciplinary violation by a criminal defense lawyer because, "[a]s interpreted by the Nevada Supreme Court, the Rule is void for vagueness . . . for its safe harbor provision . . . misled petitioner into thinking that he could give the press conference without fear of discipline." 501 U.S. at 1048 (Kennedy, J., Part III).

---

[4] The cases involving news organizations include CBS, Inc. v. Davis, 510 U.S. 1315 (1994); Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976); New York Times Co. v. United States, 403 U.S. 713 (1971); Near v. Minnesota ex rel. Olson, 283 U.S. 697 (1931). Those involving other organizations include Organization for a Better Austin v. Keefe, 402 U.S. 415 (1971); Carroll v. President and Comm'r of Princess Anne, 393 U.S. 175 (1968). Other cases cited by defendant involve the issue of lawyer solicitation or advertising. In re Primus, 436 U.S. 412 (1978); Bates v. State Bar of Arizona, 433 U.S. 350 (1977). The only other case cited by defendant, Sheppard v. Maxwell, 384 U.S. 333 (1966), is a well known case where the Court found the trial court's failure to protect the defendant from inherently prejudicial publicity deprived him of a fair trial.

[5] Defendant cites two cases, Papachristou v. City of Jacksonville, 405 U.S. 162 (1972) and United States v. Harriss, 347 U.S. 612, 617 (1954). Dkt. No. 164 at 4. The opinion in Papachrisou simply found the city's vagrancy statute to be unconstitutionally vague, a very different issue than the one before this Court. In Harriss, the Court held that the Federal Registration of Lobbying Act met the constitutional requirement of definiteness and, therefore, found that it did not violate constitutional guarantees in the First Amendment.

By way of contrast, there is no similar issue with the rule in this jurisdiction. Nor is there language in the rule that could mislead or otherwise confuse an attorney. Moreover, even if there was some anomalous specific case where such might be true, that would be a situation where the challenge would be to the application, as in <u>Gentile</u>, 501 U.S. at 1048-49, not that the rule is unconstitutional on its face. Regardless, because the Order sought by the government is prospective, there are no facts presently to consider as to whether application of the rule might be unconstitutionally vague as to those facts. Unless and until that occurs, the rule, consistent with the majority opinion written by Chief Justice Rehnquist, is clearly a legitimate means for the Court to supervise the fairness of litigation coming before it.

### B. Conclusion

Accordingly, the United States is requesting that the Court issue an Order (a proposed Order was previously submitted) to require compliance by the attorneys associated with this case with the obligations of Local Criminal Rule 57.7(b)(3). Furthermore, the United States opposes defendant's motion to declare Local Criminal Rule 57.7(b)(3) unconstitutional.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s /  *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov