UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER INTENDED *ORE TENUS* MOTION TO IMPOSE SANCTIONS ON PLAINTIFF TO BE MADE AT THE NOVEMBER 28TH HEARING

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, submits this, her Memorandum of Law in Support of Her Intended *Ore Tenus* Motion to Impose Sanctions on Plaintiff to Be Made at the November 28th Hearing pursuant to the anomalous authority of this Court, and for grounds in support states:

**I.   BACKGROUND**

On March 16, 2007, this Court entered its *ex parte* order pursuant to 18 U.S.C. §1512 and §1514 restraining the pursuit of the suit against Paula Neble and prohibiting Defendant or her agents from engaging "in similar acts against government witnesses, agents or investigators". That *ex parte* order was premised solely upon the representations of the government in it's "*Ex-Parte* Application for Temporary Restraining Orders, and a Protective Order and Request for Hearing." ("*Ex Parte* Application"). [D.E. #13 & 14].

The *Ex Parte* Application represented to the Court that:

●    "The actions of Palfrey and attributable to the attorney representing her in her civil proceedings constitute witness intimidation and harassment. (*Ex Parte* Application, p. 1);

●    "The facts show that Ms. Palfrey's pursuit of the lawsuit she

has filed in this Court against some witnesses to the operation of her criminal enterprise, as well as her threats to expose the identities of other potential witnesses, are for the purpose of retaliating against witnesses for possibility providing information to law enforcement officers or for testifying before the Grand Jury, and an effort to obstruct or impede the Government's effort to prosecute Palfrey." (*Ex Parte* Application, p. 10).;

● "The context in which Palfrey filed her most recent lawsuit shows that it, too, was done to harass and to attempt to have witnesses in a federal criminal prosecution recant testimony rather than as a legitimate effort to collect damages against individuals who have breached contracts Palfrey never intended to enforce.  As Mr. Sibley must know from his unsuccessful efforts to file similar suits in Florida, there is no legal basis for imposing liability against witness, let alone witnesses who disclose criminal activity." (*Ex Parte* Application, p. 11).

● "Pursuant to 18 U.S.C. §1514(a)(2)(A), the undersigned certifies that the facts contained within this Application are true and accurate to the best of his knowledge." (*Ex Parte* Application, p. 16).

As a result of this *Ex Parte* Application, on March 22, 2007, this Court entered it order: "granting the Government's request for a Temporary Restraining Order and a Request for a Hearing as to DEBORAH PALFREY. It is Hereby Ordered that the defendant, Deborah Jeane Palfrey, and her agents and attorneys shall not act, or cause any act to be done, to further the civil action entitled Palfrey v. Neble, Civil Action No. 1:07-cv-461 (GK), pending in the United States District Court for the District of Columbia, and shall not engage in any other similar acts or actions against Government witnesses, agents and investigators."

In response to the Defendant's motion for a hearing 18 U.S.C. §1514, this Court set a hearing for November 28, 2007, holding: ". . . the fact remains that the government has never presented testimony regarding any identified witnesses that it asserts are being harrassed in connection with this case and therefore Defendant has not had an opportunity for cross-examination." (November

1, 2007, Court Order, p. 3, D.E. #153). Accordingly, the Court ordered the government to file its witness list on or before November 15, 2007.

On November 15, 2007, the government filed its witness list stating that the government: "may call at the hearing one witness, that is, Postal Inspector John T. Terbrock of the United States Postal Inspection Service." (Government's Notice to the Court as to Witness, D.E. #173). Notably, the government has <u>failed</u> to list a single witness who is allegedly being "harassed" by the filing of the *Palfrey v. Neble* lawsuit which is enjoined by this Court.

Defendant has also filed its witness list, indicating that it intends to call Senator David Vitter, Harlan Ullman, former clients of the Defendant's escort service and clients of one of the escort service's independent contractors, Paul Neble. Additionally, Defendant has listed Ms. Neble as a witness but her counsel and the government have stymied any attempt to locate her so that she may be served with a subpoena. *See*: Letter from Kathleen Voelker, attached hereto.

## II.    THE GOVERNMENT'S "SHIFTING POSITIONS"

As this Court noted in removing the Temporary Restraining Order which restrained Defendant's release of her telephone records: "The Government's legal position has shifted several times during the course of these proceedings. . . .At oral argument, the government conceded that it cannot rely upon Section 1512 and 1514 because at this time it cannot identify any specific witnesses as required by each of those sections of the statute. " (July 5, 2007, Order, p. 3 and f/n #1, D.E. #74).

Hence, after representing to the Court that release of the telephone records were solely to "harass" witnesses in order to obtain the TRO, the government when put to the proof of that assertion admitted it was false and then shifted its argument to another ground in an attempt to

prevent the indigent Defendant from seeking the identification of witnesses from that list by distributing it publically.[1]

Now, for the second time, the government is "shifting Positions" before this Court. On March 16, 2007, apparently without consulting a single potential witness – let alone the singularly named Ms. Neble – the government rushed before this Court representing that the *Palfrey v. Neble* lawsuit was **solely** for the purposes of "witness intimidation and harassment", "retaliating against witnesses" and "done to harass and to attempt to have witnesses in a federal criminal prosecution recant testimony." Notably, this representation was made under 18 U.S.C. §1514(a)(2)(A).[2]

Now, when ordered by this Court to produce those so-called "harassed" witnesses, the government has filed a witness list that does not contain a *single* "harassed" witness.

### III.  THE REQUISITE COMPETENT EVIDENCE AT THE NOVEMBER 28 HEARING

At the hearing, the government has the burden of establishing: "by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case exists." 18

---

[1] Defendant's reliance on the "kindness of strangers" has resulted in the tentative identification of over four hundred (400) former clients of the escort service through the publically released telephone records of the service. Defendant expects to subpoena at least one hundred (100) of these clients for the trial in this matter to establish the legitimate nature of the sexual services her independent contract escorts provided.

[2] Arguably, by this misrepresentation, the AUSAs who signed that *Ex Parte* Application have committed a felony. *See*: 18 U.S.C. §1001 "Statements or Entries Generally" which states in pertinent part: "(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully- (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years. . . ."

U.S.C. §1514(b)(1). As this Court has repeatedly noted, "harassment" has a specific statutory meaning in this context: "the term "harassment" means a course of conduct directed at a specific person that- (A) causes substantial emotional distress in such person; and (B) serves no legitimate purpose." 18 U.S.C. §1514(c)(1).

Plainly, that evidence may not be presented by hearsay testimony. Yet, the government is <u>not</u> calling a <u>single</u> "victim or witness" to testify as to their (i) "substantial emotional distress" or (ii) the illegitimate nature of Defendant's purpose in pursing her suit.

### IV. DEFENDANT'S *ORE TENUS* MOTION TO DISMISS INDICTMENT

Presuming the government will fail to produce <u>any</u> admissible and competent evidence to support the factual allegations in its *Ex Parte* Application at the hearing on November 28, 2007, the Defendant will be moving *ore tenus* to dismiss the indictment for the material and significant breach of the integrity of the judicial system evidenced by the government's "shifting positions" in this matter which have resulted in the denial to Defendant of her right to access court and are an affront to the dignity this Court is entitled.

Plainly, this Court has such authority to dismiss the indictment. *See*: *United States v. Adamo*, 742 F.2d 927 (6th Cir. 1984)( " . . . [O]ur approach does not render our Courts powerless against a prosecutor who abuses the office, for the power to exercise supervisory control over the prosecutor to protect the integrity of the judicial system remains. This power includes the authority to dismiss an indictment when appropriate.").

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 16, 2007.

                                           **MONTGOMERY BLAIR SIBLEY**
                                           Counsel for Defendant
                                           1629 K Street, Suite 300
                                           Washington, D.C. 20006
                                           202-508-3699
                                           202-478-0371 Fax

                                         By: <u>/s/ Montgomery Blair Sibley</u>
                                              Montgomery Blair Sibley
                                              D.C. Bar #464488

# CENTER FOR FORFEITURE LAW

1629 K Street, Suite 300
Washington, D.C. 20006

| | |
|---|---|
| **MONTGOMERY BLAIR SIBLEY** | **ADMITTED TO PRACTICE**: |
| 202-508-3699 | FLORIDA |
| 202-478-0371 (E-FAX) | NEW YORK |
| SIBLEY@CIVILFORFEITURE.COM | DISTRICT OF COLUMBIA |

November 6, 2007

Via Email: kathleenvoelker@aol.com &
    Fax: 202-835-3939
Kathleen E. Voelker
1776 K Street, N.W.
Suite 800
Washington DC 20006-2333
Phone: 202-835-2220

    Re:    *U.S. v. Palfrey*
           Case No.: 07-046-GK

Greetings:

    I represent Jeane Palfrey in the above matter. As I trust you have learned, Judge Kessler has set an evidentiary hearing in that matter on Jeane's motion to dissolve the injunction which prohibits her from pursuing the civil lawsuit she has filed against your client, Paula Neble, for November 28, 2007, at 10:00 a.m. in Courtroom 26A. That injunction was entered upon representations by the government that the civil lawsuit was filed, according to the government, to "harass and to attempt to have witnesses in a federal criminal prosecution recant testimony".

    I write to inquire whether you are authorized to and will accept the subpoena I have issued for Paula Neble for that hearing. Alternatively, whether you will provide me her address so that I can get her served.

    I am, of course, available to speak with you about these matters.

Yours,

*[signature]*

*Kathleen E. Voelker*
*Attorney at Law*
*1776 K Street, N.W., Suite 800*
*Washington, DC 20006-2333*
*(202) 835-2220 tel.*
*(202) 835-3939 fax*
*kathleenvoelker@aol.com*

November 8, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Montgomery Blair Sibley
Center for Forfeiture Law
1629 K Street, Suite 300
Washington, DC  20006

    Re:  U.S. v. Palfrey
        Case No. 07-046-GK

Dear Mr. Sibley:

In response to your letter dated November 6, 2007 regarding the hearing scheduled for November 28, 2007 and my client, Paula Neble, I am not authorized to and will not accept a subpoena for Ms. Neble for that hearing. In response to your alternative request, I will not provide you with her address.

Sincerely,

Kathleen E. Voelker