### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

           PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

           DEFENDANT.

_____/

**CRIMINAL CASE NUMBER: 07-046-GK**

**DEFENDANT'S REQUEST FOR APPOINTMENT OF MAGISTRATE JUDGE FOR PRE-TRIAL MATTERS**

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, hereby requests that the Court, pursuant to 28 U.S.C. §636 and LCrR 57.17 and LCrR 57.18, appoint a magistrate judge to file proposed findings and recommendations on the outstanding pending public and *ex parte* motions in this matter, and for grounds in support states:

On November 13, 2007, this Court entered its order denying Defendant's request to expedite the determination of her *ex parte* motions. That order went on to state: "If defense counsel could bring himself to file fewer motions, they might be decided more quickly." [D.E. #171, p. 1].

Certainly, this Court is not offering to expedite the determination of Defendant's patently non-frivolous motions in exchange for Defendant's counsel's abdication of his ethical obligation to "zealously represent" his client in this matter.[1] Such bargaining with Defendant to abandon efforts to vindicate herself from these criminal charges so as to decrease the work load of this Court would

---

[1] "The duty of a lawyer, both to the client and to the legal system, is to represent the client zealously within the bounds of the law, including the Rules of Professional Conduct and other enforceable professional regulations, such as agency regulations applicable to lawyers practicing before the agency. This duty requires the lawyer to pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer, and to take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor." D.C. Rules of Professional Conduct, Rule 1.3 — Diligence and Zeal

be patently improper.

Defendant fully recognizes the overburdening of this Court by a judicial system which is improperly funded.

Accordingly, given that the trial date in this matter is ninety-five (95) days away and the indigent Defendant is without resources to factually prepare for that trial, Defendant requests that the Court appoint a magistrate judge to review and issue a report and recommendation on all the outstanding pre-trial public and *ex parte* motions.

Counsel for the government was consulted regarding this request and opposed it.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 16, 2007.

MONTGOMERY BLAIR SIBLEY
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By:   /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488