UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR APPOINTMENT OF MAGISTRATE JUDGE FOR PRE-TRIAL MATTERS (DKT. NO. 175)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's request for appointment of a magistrate judge for pre-trial matters. Dkt. No. 175. Defendant, without citing any controlling authority, requests that the Court refer all pending motions to a magistrate judge. Id. at 1. For the reasons discussed below, the government opposes defendant's motion.

### A. Discussion

Defendant states that her motion is made pursuant to 28 U.S.C. § 636 and Local Criminal Rules 57.17 and 57.18. Section 636 of Title 28 of the United States Code[1] and Local Criminal Rules

---

[1] "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment . . . made by the defendant, [or] to suppress evidence in a criminal case." 28 U.S.C. Section 636(b)(1)(A). As to the motions listed that a magistrate judge cannot determine, the magistrate judge can hear those, but only make proposed findings of fact and recommendations for the disposition to the district judge. Id. at 636(b)(1)(B). See Fed.R.Crim.P. 59 (Matters Before a Magistrate Judge – with similar language about magistrate judge's ability to hear dispositive and nondispositive motions).

57.17[2] and 57.18[3] allow a District Judge to refer certain maters to a magistrate judge. The language is permissive, however, not mandatory. Moreover, it implies that such a referral will be for the convenience of the district judge, if she or he deems it appropriate and necessary, not something prompted by a litigant by way of a motion.[4] Furthermore, the legislative history of the Federal Magistrates Act, 28 U.S.C. §§ 631-639, "indicates that Congress wanted magistrates to help judges with their more routine duties and for judges to continue to perform adjudicatory functions." United States v. Curry, 767 F.2d 328, 331 (7th Cir. 1985). The pending motions before the Court, including motions to suppress evidence and dismiss the indictment, are more in the category of adjudicatory functions, rather than routine duties and, accordingly, should be heard by the Court.[5] Finally, because of the Court's extensive knowledge of this case and its history, the government submits that it would be the better course for the Court to stay directly involved.

---

[2] "At the request of the judge to whom the case is assigned, a magistrate judge shall have the power and duty to . . . conduct proceedings and enter orders or recommendations as described in LcrR 57.18 and LcrR 57.19 of these Rules." Local Criminal Rule 57.17(b)(1).

[3] "At the request of the judge to whom the case is assigned, a magistrate judge may hear and determine any pretrial motions other than those specified in LcvR 72.3 of these Rules[.]" Local Criminal Rule 57.18(a). The motions specified in Local Civil Rule 72.3 are ones that the magistrate judge can hear, but only make proposed findings of fact and recommendations for the disposition to the district judge. Local Civil Rule 72.3.

[4] A referral initiated by a litigant's motion leads to the appearance of forum shopping. This appearance is of particular concern here as defendant has already tried, unsuccessfully, to have this Court disqualified from hearing this case. See Dkt. Nos. 113, 116 and 128.

[5] Even if the motions were referred to a magistrate judge, they would then return to the Court for consideration on findings of fact and recommendations from the magistrate judge based on the nature of the motions. Therefore, despite defendant's solicitous comments about her concerns with "overburdening of this Court[,]" Dkt. No. 175 at 2, her request would not necessarily save much time for the Court.

## B. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's motion is without merit and should be denied.

>
> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> UNITED STATES ATTORNEY
>
> / s / *Daniel P. Butler/Catherine K. Connelly*
> _____
> Daniel P. Butler
> DC Bar No. 417178
> Catherine K. Connelly
> Mass. Bar No. 649430
> Assistant United States Attorneys
> 555 4th Street, N.W.
> (202) 353-9431, 616-3384
> Washington, D.C. 20530
> Daniel.Butler@usdoj.gov
> Catherine.Connelly2@usdoj.gov