UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NUMBER: 07-046-GK |
| PLAINTIFF, | DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE FOR *BRADY* VIOLATIONS, OR ALTERNATIVELY, TO REQUIRE DISCLOSURE OF ALL EXCULPATORY PORTIONS OF THE GRAND JURY TRANSCRIPTS |
| VS. | |
| DEBORAH JEANE PALFREY, | |
| DEFENDANT. | |
| _____/ | |

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, replies to the government's opposition to her Motion to Dismiss the Indictment with Prejudice for *Brady* Violations, or Alternatively, to Require Disclosure of all Exculpatory Portions of the Grand Jury Transcripts and for grounds in support states:

**I.   *UNITED STATES V. RUIZ* IS INAPPOSITE**

The Supreme Court's unanimous holding in *United States v. Ruiz*, 536 U.S. 622 (2002), was expressly limited to the obligation of prosecutors to disclose impeachment evidence: "In this case we primarily consider whether the Fifth and Sixth Amendments require federal prosecutors, before entering into a binding plea agreement with a criminal defendant, to disclose 'impeachment information relating to any informants or other witnesses.' . . . We hold that the Constitution does not require that disclosure." *Id*. at 625.

Here, Defendant is not claiming that the government failed to provide "impeachment information relating to any informants or other witnesses", but *instead*, "substantial evidence favorable to the guilt of Defendant." (Defendant's Motion, D.E.# 155, p.2). Hence, *Ruiz* is inapposite to the issue raised by Defendant.

**II.    GIGLIO V. UNITED STATES IS INAPPOSITE**

The government next claims that *Giglio v. United States*, 405 U.S. 150, 154 (1972) imposes the only burden it must discharge and only when *Jenks* requires it, i.e., after the witness has testified. Again, the government fundamentally mis-understands Defendant's argument that she is <u>not</u> seeking exculpatory evidence affecting a witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence", but instead evidence which is exculpatory.

In *Giglio*, the Court held: "Here, the Government's case depended almost entirely on Taliento's testimony; without it, there could have been no indictment and no evidence to carry the case to the jury. Taliento's credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and he jury was entitled to know of it." *Id*. at 154-155.

*Brady*, on the other hand requires something entirely different from the government when the evidence exculpates a defendant:

> An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: "The United States wins its point whenever justice is done its citizens in the courts."[2] A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not "the result of guile," to use the words of the Court of Appeals. 226 Md. at 427, 174 A.2d at 16.

*Brady* at 87-88.

Defendant was entitled to this "exculpatory" – not impeachment – evidence before the government entered into plea negotiations, <u>not</u> only after a witness has testified at trial. Simply put,

the burden on the government is to play fair, not obtain convictions by misrepresenting the state of the evidence by intentional omission to a defendant in order to obtain a plea of guilty when at trial no such result would obtain.

Similarly, *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* at 87. Moreover, subsequently the Court held in *United States v. Agurs*, 427 U.S. 97 (1976) that:

> As the District Court recognized in this case, there are situations in which evidence is obviously of such substantial value to the defense ***that elementary fairness requires it to be disclosed even without a specific request.*** For though the attorney for the sovereign must prosecute the accused with earnestness and vigor, he must always be faithful to his client's overriding interest that "justice shall be done." He is the "servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer." *Berger v. United States*, 295 U.S. 78, 88. This description of the prosecutor's duty illuminates the standard of materiality that governs his obligation to disclose exculpatory evidence.

*Agurs* at 110.

Thus the government's claim that "It is the government's position, consistent with the law of this Circuit, that the government satisfies its discovery obligations where it provides impeachment-styled information concerning its witnesses in time for defendants to make use of it" is *mis-stating* the nature of the evidence the Defendant seeks. (Gov. Opposition, D.E. #168, 5).

Defendant understands she will get *Jenks*-type information at trial. However, it is <u>not</u> impeachment information Defendant seeks under *Brady*, but evidence of the escorts saying that they did <u>not</u> engage in illegal sexual behavior which the government is withholding. Patently, if the government puts Defendant through the pain of prosecution – which now has lasted fourteen (14)

3

months after seizing all her assets – only to reveal at trial the evidence that would exculpate her, a denial of a fair trial would have occurred. Is this Court prepared to suspend the trial for several weeks while Defendant locates, interviews and subpoenas the witnesses that (i) the Sixth Amendment guarantees her the right to call though (ii) the government has known of these witnesses all along? For that is the state of affairs the government's misunderstanding of *Brady* will produce.

Accordingly, for failing to disclose exculpatory information <u>prior</u> to entering into plea negotiations on February 10, 2007, the indictment must be dismissed. Alternatively, this Court must order the government to *promptly* disclose all such *exculpatory* material to the Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Daniel P. Butler and Catherine K. Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 18, 2007.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By: /s/ Montgomery Blair Sibley
    Montgomery Blair Sibley
    D.C. Bar #464488