## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (GK)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR TRANSPORTATION EXPENSES (DKT. NO. 178)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to defendant's request for transportation expenses. Dkt. No. 178. For the reasons discussed below, namely the defendant's changed status from having appointed counsel to having retained counsel, the government requests that the Court require the defendant to make the appropriate showing of her inability to pay for her own transportation before requiring the United States Marshals to pay for her travel and related expenses.

### A. Discussion

Defendant states that her motion is made pursuant to 18 U.S.C. § 4285. This statute provides, in relevant part, that:

> Any judge . . . of the United States, when ordering a person released under chapter 207 on a condition of [her] subsequent appearance before that court . . . may when the interest of justice would be served thereby and the United States judge . . . is satisfied, <u>after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation</u> to appear before the required court on [her] own, direct the United States marshal to arrange for the persons's means of noncustodial transportation or furnish the fare for such transportation to the place where the appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to [her] destination, not to exceed the amount authorized as per diem allowance for travel under section 5702(a) of tile 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

(emphasis added).

In this case, defendant went from representation by appointed counsel to retained counsel. Dkt. No. 129; see also Dkt. No. 178 at 5-6. That is, there has been a change in the status of defendant. Accordingly, the government is requesting that the Court make the "appropriate inquiry[] that the defendant is financially unable to provide the necessary transportation[.]" Defendant, in her motion, makes an unsupported statement that her financial condition has "only worsened" since the prior finding of indigence. But this statement seems to be based simply on the knowledge of her counsel, with no further showing Dkt. No. 178 at 2, 5. Retained defense counsel, however, does not contend that he is not going to be paid for his services, only that "I have not received any money to date from her to represent her in the criminal matter" Id. a 5.

Furthermore, the government notes that, while the standard under this statute, is discretionary, the statute itself is somewhat limited in terms of what moneys are to be provided. United States v. James, 762 F. Supp. 1, 2 (D.D.C. 1991). As the Court found in James,

> After reviewing the statute, the legislative history and the few cases that have addressed the issue, the Court must conclude that the statute does not authorize the Court to direct the Marshal to pay for the defendant's return to Massachusetts. In denying the defendant's request, the Court recognizes that a strong argument can be made for giving the defendant a round trip. Such action would allow him to maintain his ties to his family and to maintain his employment. But, the statute provides for a one way ticket, notwithstanding the possible hardship to the defendant. That Congress has so limited payments of costs is borne out by the fact that, while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing.

See, e.g., United States v. Kennedy, 64 F.3d 1465, 1471 (10th Cir. 1995) (district court did not abuse discretion in denying request for airfare for defendant to attend trial preparation); United States v. Gunderson, 978 F.2d 580, 584 (10th Cir. 1992) (statute does not authorize payment of subsistence

during period of trial); United States v. Sandoval, 812 F. Supp. 1156, 1157-59 (D. Kan. 1993) (defendant not entitled to subsistence expenses during trial); United States v. Nave, 733 F. Supp. 1002, 1003 (D. Md. 1990) (statute only allowed payment of travel to trial and subsistence during travel to trial); United States v. Gonzales, 684 F. Supp. 838, 841 (D. Vt. 1988) (statute did not authorize payment for return trip to Texas); United States v. Haley, 504 F. Supp. 1124, 1129 (E.D. Pa. 1981) (statute did not authorize subsistence expenses during trial).  In other words, while the Court has some discretion under this statute, the funding under it is limited.  In that light and the change in defendant's representational circumstances, the government is simply requesting that the Court require from the defendant the appropriate showing that she is "financially unable to provide the necessary transportation[.]"

## B.  Conclusion

For the foregoing reasons, the United States respectfully requests that defendant make the appropriate showing to the Court of her inability to pay for travel to Court as a prerequisite to her invoking the provisions of 18 U.S.C. § 4285.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
/ s /  *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

3