UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Case No. 07-46 (GK) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

FILED
NOV 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Defendant has filed a request for appointment of a Magistrate Judge "to file proposed findings and recommendations on the outstanding pending public and *ex parte* motions" in this case. Upon consideration of the request, the Government's Opposition, and the extensive record in this case, the Court concludes that the request should be **denied**. Appointment of a Magistrate Judge will not, in the final analysis, save time or resources of either counsel or the Court.

November 19, 2007

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

RECEIVED
NOV 19 2007
CHAMBERS OF
JUDGE KESSLER

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

DEFENDANT.

______________________________/

**CRIMINAL CASE NUMBER: 07-046-GK**

**DEFENDANT'S NOTICE OF WAIVING RIGHT TO FILE REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR APPOINTMENT OF MAGISTRATE JUDGE FOR PRE-TRIAL MATTERS**

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, hereby gives notice of waiving her right to file a reply to the Government's Opposition to Defendant's Request for Appointment of Magistrate Judge for Pre-Trial Matters.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 19, 2007.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By: /s/ Montgomery Blair Sibley
Montgomery Blair Sibley
D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S REQUEST FOR
APPOINTMENT OF MAGISTRATE JUDGE
FOR PRE-TRIAL MATTERS

FILED
NOV 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, hereby requests that the Court, pursuant to 28 U.S.C. §636 and LCrR 57.17 and LCrR 57.18, appoint a magistrate judge to file proposed findings and recommendations on the outstanding pending public and *ex parte* motions in this matter, and for grounds in support states:

On November 13, 2007, this Court entered its order denying Defendant's request to expedite the determination of her *ex parte* motions. That order went on to state: "If defense counsel could bring himself to file fewer motions, they might be decided more quickly." [D.E. #171, p. 1].

Certainly, this Court is not offering to expedite the determination of Defendant's patently non-frivolous motions in exchange for Defendant's counsel's abdication of his ethical obligation to "zealously represent" his client in this matter.[1] Such bargaining with Defendant to abandon efforts to vindicate herself from these criminal charges so as to decrease the work load of this Court would

---

[1] "The duty of a lawyer, both to the client and to the legal system, is to represent the client zealously within the bounds of the law, including the Rules of Professional Conduct and other enforceable professional regulations, such as agency regulations applicable to lawyers practicing before the agency. This duty requires the lawyer to pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer, and to take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor." D.C. Rules of Professional Conduct, Rule 1.3 — Diligence and Zeal

1

be patently improper.

Defendant fully recognizes the overburdening of this Court by a judicial system which is improperly funded.

Accordingly, given that the trial date in this matter is ninety-five (95) days away and the indigent Defendant is without resources to factually prepare for that trial, Defendant requests that the Court appoint a magistrate judge to review and issue a report and recommendation on all the outstanding pre-trial public and *ex parte* motions.

Counsel for the government was consulted regarding this request and opposed it.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 16, 2007.

> **MONTGOMERY BLAIR SIBLEY**
> Counsel for Defendant
> 1629 K Street, Suite 300
> Washington, D.C. 20006
> 202-508-3699
> 202-478-0371 Fax
>
> By:  /s/ Montgomery Blair Sibley
>      Montgomery Blair Sibley
>      D.C. Bar #464488

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR APPOINTMENT
OF MAGISTRATE JUDGE FOR PRE-TRIAL MATTERS (DKT. NO. 175)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's request for appointment of a magistrate judge for pre-trial matters. Dkt. No. 175. Defendant, without citing any controlling authority, requests that the Court refer all pending motions to a magistrate judge. Id. at 1. For the reasons discussed below, the government opposes defendant's motion.

**A. Discussion**

Defendant states that her motion is made pursuant to 28 U.S.C. § 636 and Local Criminal Rules 57.17 and 57.18. Section 636 of Title 28 of the United States Code[1] and Local Criminal Rules

---

[1]    "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment . . . made by the defendant, [or] to suppress evidence in a criminal case." 28 U.S.C. Section 636(b)(1)(A). As to the motions listed that a magistrate judge cannot determine, the magistrate judge can hear those, but only make proposed findings of fact and recommendations for the disposition to the district judge. Id. at 636(b)(1)(B). See Fed.R.Crim.P. 59 (Matters Before a Magistrate Judge – with similar language about magistrate judge's ability to hear dispositive and nondispositive motions).

57.17[2] and 57.18[3] allow a District Judge to refer certain maters to a magistrate judge. The language is permissive, however, not mandatory. Moreover, it implies that such a referral will be for the convenience of the district judge, if she or he deems it appropriate and necessary, not something prompted by a litigant by way of a motion.[4] Furthermore, the legislative history of the Federal Magistrates Act, 28 U.S.C. §§ 631-639, "indicates that Congress wanted magistrates to help judges with their more routine duties and for judges to continue to perform adjudicatory functions." United States v. Curry, 767 F.2d 328, 331 (7th Cir. 1985). The pending motions before the Court, including motions to suppress evidence and dismiss the indictment, are more in the category of adjudicatory functions, rather than routine duties and, accordingly, should be heard by the Court.[5] Finally, because of the Court's extensive knowledge of this case and its history, the government submits that it would be the better course for the Court to stay directly involved.

---

[2] "At the request of the judge to whom the case is assigned, a magistrate judge shall have the power and duty to . . . conduct proceedings and enter orders or recommendations as described in LcrR 57.18 and LcrR 57.19 of these Rules." Local Criminal Rule 57.17(b)(1).

[3] "At the request of the judge to whom the case is assigned, a magistrate judge may hear and determine any pretrial motions other than those specified in LcvR 72.3 of these Rules[.]" Local Criminal Rule 57.18(a). The motions specified in Local Civil Rule 72.3 are ones that the magistrate judge can hear, but only make proposed findings of fact and recommendations for the disposition to the district judge. Local Civil Rule 72.3.

[4] A referral initiated by a litigant's motion leads to the appearance of forum shopping. This appearance is of particular concern here as defendant has already tried, unsuccessfully, to have this Court disqualified from hearing this case. See Dkt. Nos. 113, 116 and 128.

[5] Even if the motions were referred to a magistrate judge, they would then return to the Court for consideration on findings of fact and recommendations from the magistrate judge based on the nature of the motions. Therefore, despite defendant's solicitous comments about her concerns with "overburdening of this Court[,]" Dkt. No. 175 at 2, her request would not necessarily save much time for the Court.

## B. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's motion is without merit and should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/ s / *Daniel P. Butler/Catherine K. Connelly*
_____
Daniel P. Butler
DC Bar No. 417178
Catherine K. Connelly
Mass. Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C. 20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov