UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION (#156)
TO MODIFY THE STIPULATED PROTECTIVE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Motion to Modify the Stipulated Protective Order.

Defendant complains that the Protective Order was premised solely on the Privacy Act, and not also under the authority of Rule 16(d) of the Federal Rules of Criminal Procedure, and then asserts that the Privacy Act does not apply to the records that the government recovered when it searched her home. Should defendant's unsupported supposition not carry the day, however, she concludes her motion by asserting, again without offering any support, that the Court should permit her to disclose information that normally would be maintained in criminal cases as confidential because she needs to tell the world who the former prostitutes and their customers were, and where they "once" lived, in order to subpoena their testimony for her defense. Defendant fails to explain why public dissemination of witnesses's names and addresses is necessary to enable her to serve them with trial subpoenas. Nor does she explain how she might compel their testimony, assuming they broke the law, or how their testimony would be relevant to her defense, assuming they did not. That some customers may have paid

hundreds of dollars *not to have sex* is no defense to this RICO Indictment. Once unmasked, her motion is just another tactic intended to embarrass and harass potential witnesses, consistent with her promise to try to make life miserable for anyone who ever was involved in her criminal enterprise should the government not drop its prosecution of her for her own criminal conduct. Defendant's motion should be denied.

    1.    <u>The Privacy Act, and Additional Authorities, Support the Protective Order.</u>

The Privacy Act governs an agency's disclosure of records in its possession that identify criminal activities of individuals - permitting those individuals discussed in the records access and others, *inter alia*, pursuant to a court order. See <u>Tobey v. NLRB</u>, 40 F.3d 469, 471-73 (D.C. Cir. 1994) (an item that contains "information that actually describes the individual in some way" qualifies as a record); <u>Doe v. United States Dep't of Justice</u>, 790 F. Supp. 17, 22 (D.D.C. 1992) (applying <u>Nolan</u> and alternatively holding that "names of agents involved in an investigation are properly protected from disclosure"); <u>Henke v. United States Department of Commerce</u>, 83 F.3d 1453, 1461 (D.C. Cir. 1996) (recognizing that where information is compiled about individuals "primarily for investigatory purposes, Privacy Act concerns are at their zenith[.]"). It is conceivable that this Court's Privacy Act Protective Order could have been fashioned to permit the records initially disclosed by the agency to the defendant, with the Court's permission, to be freely disclosed by her thereafter, to the rest of the world. But, it has been the practice of this Court, instead, to ensure that its disclosure orders are not used by litigants to circumvent the protections that Congress intended would apply to otherwise confidential records the government possesses about third parties' activities - including their potentially criminal activities. It also has been the practice of Congress, and the Courts, not to require the government to identify witnesses

to another's criminal activity unless and until the witnesses are needed for their testimony at a trial (or other Rule 26.2(g) hearing).  <u>See</u>, <u>e.g.</u>, Fed. R. Crim. P. 16(a)(2); LCrR 57.7.  Consistent with that balancing of interests, the government, and experienced civil and criminal attorneys, routinely have stipulated to a form order similar to the one that the Court entered in this case. Consistent with the goal of ensuring that trials remain relevant, this Court's local rules also prohibit attorneys from prejudicing prospective jurors and from disclosing the identities and testimony of prospective witnesses.  <u>See</u> LCrR. 57.7.  Consistent with the terms of the Privacy Act Protective Order, the government provided to the defendant more discovery than it was required to provide to her.  Defendant's assertion upon receipt of discovery, that the Privacy Act is inapplicable to much of the material she received, and that no confidentiality concerns should apply, because the information originated from her, is both disingenuous and unsupported.[1] Defendant's Privacy Act argument also is largely irrelevant - given all of the other authority supporting an order providing confidential treatment of witness identities.  As defendant herself points out, Fed. R. Crim P. 16(d) provides this Court with additional authority to regulate criminal discovery.  (If defendant prefers that a protective order issue under the authority provided by the Federal Rules, the government does not object to a Rule 16(d) protective order that accomplishes the dual goals of allowing the parties to use third party information at trial (and

---

[1] Nor is her argument supportable.  Defendant insinuates that records a government agency keeps about another's criminal activity must not be covered by the Privacy Act if the information also existed with the defendant herself, at one time.  But, even publicly available information, such as newspaper clippings or press releases, can constitute a "record" for purposes of the Privacy Act.  <u>See</u> <u>Clarkson v. IRS</u>, 678 F.2d 1368, 1372 (11th Cir. 1982) (permitting subsection (e)(7) challenge to agency's maintenance of newsletters and press releases); <u>see also</u> OMB Guidelines, 40 Fed. Reg. 56,741, 56,742 (Nov. 21, 1975) ("[c]ollections of newspaper clippings or other published matter about an individual maintained other than in a conventional reference library would normally be a system of records").

to prepare for trial) without permitting either party to sensationalize this case in the press, or on another "blog.")

Local Rule 57.7 also supports the terms of the current Protective Order. Local Criminal Rule 57.7(b), titled "Conduct of Attorneys in Criminal Cases," provides authority for the Court to preclude defendant from disclosing, publicly, the identities of the witnesses to her criminal or her enterprise's criminal activity. Rule 57.7 provides, in relevant part, in Subsection (3), that:

> From the time of . . . filing of an indictment in any criminal matter until the commencement of trial or disposition without a trial, a lawyer . . . associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning:. . . (iv) The identity, testimony, or credibility of prospective witnesses … [and] (vi) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

Fed. R. Crim P. 57(a)(1) authorizes each district court to adopt local rules, and Rule 57(b) permits each judge to regulate the criminal practice in any manner consistent with federal law, the Federal Rules of Criminal Procedure, and its local rules. The terms of the Privacy Act Protective Order with which the defendant appears to disagree are consistent with each of these other authorities, are time-tested, and should remain in effect.

      2.      <u>Defendant's Attorney Should Not Be Allowed to Violate Rules.</u>

According to defendant, even if the Protective Order and applicable procedural rules make sense in other criminal cases, her attorney should get special permission to break the rules. Specifically, she says he needs:

> to publically identify both the former escorts and customers of the Escort Service in order to be able: "to have compulsory process for obtaining witnesses in his [sic] favor." Simply stated, without the public's help - particularly given the scant resources available to her - the Defendant will have the right to obtain the

> "compulsory process" without the ability to know upon whom to have it served. Hence, Defendant specifically requests the Order be modified to allow to her the public dissemination of the name, last known address, telephone number and/or occupation of any or all of the former escorts or customers of the service.

Defendant's Motion at 3-4.

Although this would be a remarkable statement for almost any other attorney to make, it comes as no surprise in this case. Defendant and her current lawyer have, several times, said they intended to try her accusers in the press. Defendant's acknowledgment that she kept thirteen years of phone records, her threats to embarrass her employees and customers, her admission that she serviced ten-thousand locals, and her numerous other public pronouncements have managed to confirm the government's evidence – but defendant's efforts thus far have not proven to be successful in derailing her prosecution. Now, defendant actually asks the Court to sanction her effort to invite the press, including those with "less scruples" than the reporters she initially tried to hook, to help her harass witnesses that the government intends to call. Hiding behind a claim that zealous representation allows harassment, as recently as today, in seeking to serve a subpoena on a potential witness's attorney, defendant's attorney wrote that his process server would "haunt [the other attorney's] office and/or home in order to serve you" if the attorney did not accept service and told the witness's attorney that the attorney should now "expect press inquiries." Based on defendant's attorney's prior antics and extrajudicial statements, the government has on several occasions asked the Court to remind defendant's attorney of applicable rules and his ethical obligations. See Docket #160. That need for such a reminder becomes all the more ripe given defendant's curious assertion now that she must be permitted to "out" not just phone records, but the names and addresses of the very individuals she knows,

from the discovery the government provided to her, incriminate her.

Assuming (without conceding) that defendant is indigent, processes are in place for indigent defendants to retain investigators and the current Protective Order contemplates and permits as much. Defendant should stop pretending that this motion, too, is a conscientious effort to locate missing witnesses.

Wherefore, the government respectfully submits that defendant's motion to modify the terms of the Privacy Act Protective Order should be DENIED.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>DC Bar No. 498610
>
> _/s/_____
>Daniel P. Butler
>DC Bar No. 417178
>Catherine K. Connelly
>Mass. Bar No. 649430
>William R. Cowden
>DC Bar No. 426301
>Assistant United States Attorneys
>555 4th Street, N.W.
>Washington, DC  20530
>(202) 353-9431; 616-3384; 307-0258
>**Daniel.Butler@usdoj.gov**
>**Catherine.Connelly2@usdoj.gov**
>**William.Cowden@usdoj.gov**