UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

                DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S MOTION TO COMPEL AUSA COWDEN TO APPEAR AT NOVEMBER 28TH HEARING

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, moves this Court for an Order compelling AUSA Cowden to appear at the November 28th Hearing to testify, and for grounds in support states:

On March 16, 2007, this Court entered its *ex parte* order pursuant to 18 U.S.C. §1512 and §1514 restraining the pursuit of the suit against Paula Neble. That *ex parte* order was premised *solely* upon the representations of AUSA William Cowden contained in his "*Ex-Parte* Application for Temporary Restraining Orders, and a Protective Order and Request for Hearing." ("*Ex Parte* Application"). [D.E. #13 & 14]. Significantly, that *Ex Parte* Application was made by AUSA Cowden: (i) Pursuant to the certification requirement of 18 U.S.C. §1514(a)(2)(A)[1] and 18 U.S.C. §1001[2]

_____

[1]    "A temporary restraining order may be issued under this section without written or oral notice to the adverse party or such party's attorney in a civil action under this section if the court finds, upon written certification of facts by the attorney for the Government, that such notice should not be required and that there is a reasonable probability that the Government will prevail on the merits."

[2]    "Statements or Entries Generally" which states in pertinent part: "(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully- (1)

1

On November 16, 2007, Defendant requested that AUSA Cowden voluntarily appear at the hearing on November 28th so that he may be called as a witness by the Defendant.  AUSA Cowden, through counsel, has _refused_ to voluntarily appear instead demanding that he be served with a subpoena stating: "If you wish to present Mr. Cowden as a witness, you will need to subpoena him. We will oppose that subpoena."  See November 19, 2007, Connelly letter, attached hereto.

This is simply outrageous.  Here, the government runs in *ex parte* and secures a temporary restraining order solely upon AUSA Cowden's *ex parte* application, but when the statutorily-mandated evidentiary hearing is due to be held, the sole witness – AUSA Cowden – refuses to appear and subject himself to the engine of truth which is cross-examination upon the representations made to this Court.

Defendant has issued a subpoena for AUSA Cowden.  However, in so much as (i) Defendant lacks funds to serve that subpoena, (ii) AUSA Cowden can hide behind the *praetorian* guards at his office to prevent service of process and (iii) his residence address is unknown to Defendant, effecting service upon AUSA Cowden will be practically impossible.

Accordingly, as AUSA Cowden is an officer of this Court who can be called by this Court's order to appear at the hearing, Defendant requests that the Court issue such an order.  *See In re Snyder*, 472 U.S. 634, 643 (1985)("Courts have long recognized an inherent authority to suspend or disbar lawyers"); *United States v. Seltzer*, 227 F.3d 36, 36 (2d Cir. 2000)(speaking of a district court's power to discipline attorneys as part of its "inherent power to manage its own affairs").

_____

falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3)  makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years. . . .".

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 21, 2007.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax


By:  /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                    PLAINTIFF,

                                                    CRIMINAL CASE NUMBER: 07-046-GK

VS.                                                 ORDER ON DEFENDANT'S MOTION TO
                                                    COMPEL AUSA COWDEN TO APPEAR AT
                                                    NOVEMBER 28TH HEARING

DEBORAH JEANE PALFREY,

                    DEFENDANT.
_____/

        Upon consideration of Defendant's Motion to Compel AUSA Cowden To Appear At

November 28th Hearing, it is:

        ORDERED that the AUSA Cowden shall appear at the hearing before this Court at 10:00

a.m. on November 28, 2007, in the above matter.


 DATED: November ___, 2007

                                                    _____
                                                    THE HONORABLE GLADYS KESSLER
                                                    UNITED STATES DISTRICT JUDGE


Copies:          Counsel of Record

1



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

November 19, 2007

**Sent Via Federal Express**

Montgomery Blair Sibley, Esquire
Suite B-4
50 West Montgomery Avenue
Rockville, MD 20850-4216

      Re:   <u>United States v. Deborah Jeane Palfrey,</u>
                Criminal Case No. 07-46 (GK)

Dear Mr. Sibley:

      This responds to your correspondence dated November 16, 2007, and November 18, 2007. In your letters, you made several requests to which we respond as set forth below. We are also providing you herewith additional information in response to the May 8, 2007 request for discovery pursuant to Fed.R.Crim.P. 16(a) of defendant's prior counsel, Preston Burton.

      <u>February 8, 2008 Suppression Hearing</u>

      You request addresses for "(i) Joe Clark - USPS Inspector and (ii) Meredith Newman - USPS Inspector Supervisor" so that you may serve them with subpoenas for the February 8, 2008 healing. As a preliminary note, we are under no obligation to assist you in locating witnesses you intend to call. However, we do note that Postal Inspector Joseph Clark has retired from the Postal Inspection Service, and Postal Inspector Marydith Newman is currently assigned to the Richmond, Virginia office of the Postal Inspection Service.

      <u>November 28, 2007 Hearing</u>

      You indicate in your letter that you intend to call Mr. Cowden as a witness at the November 28, 2007 hearing. If you wish to present Mr. Cowden as a witness, you will need to subpoena him. We will oppose that subpoena. The same holds true of Ms. Neble, who as you know, is represented by attorney Kathleen E. Voelker.

      You also request the location of the "Conditions of Employment Agreement" which you allege was signed by Ms. Neble. Such a document was not found in the items seized hom your

client's home. In fact, no signed "Conditions of Employment Agreement[s]" were seized from your client's home. An unsigned version of this document was found, and a scanned version of this document was provided to you on Disc 3.

You seek our position on your intent to publicly file documents which you intend to introduce at the November 28, 2007 hearing. Paragraph four of the Stipulated Discovery Order provides the protocol for offering such items into evidence, stating that "any such documents or information shall be filed under seal with the Clerk of the Court in a container marked 'Under Seal' and to which a copy of this Order shall be prominently appended." Dkt. No. 49 at 2. That paragraph permits you to move for such documents to be placed on the public record, however, the government will oppose such a motion.

Additional Discovery

Enclosed please find additional information in response to your request for discovery pursuant to Fed.R.Crim.P. 16(a). As you are aware, all discovery is provided pursuant to the restrictions of the May 22, 2007 Stipulated Protective Order.

Enclosed is one CD, labeled United States v. Deborah Palfrey Disc 4, which contains scanned versions of documents seized during the execution of the search warrant. It is our belief that the majority of these documents were previously provided, but out of an abundance of caution we are providing this additional disc.

Given your request to view the items seized during the execution of the search warrant, we are also enclosing copies of the following discs, the originals of which were seized during the execution of the search warrant. The labels on these copies match the labels on the original discs:

- jeanepalfrey.com; 12/10/02; by: Loci Design Group 707.554.0779
- Jeane Palfrey; "jeanepalfrey.com"; 8/29/03
- Jeane Palfrey eclectica
- Pamela Martin; "pamelamartin.com"; 8/29/03
- pamelamartin.com; 12/11/02; original files; by: Loci Design Group

Furthermore, the government has learned that in addition to the gold coins referenced in our November 9, 2007 letter, the following tangible items were seized during the execution of the search warrant, and are subject to the personal inspection you requested in your October 30, 2007 letter:

- two laptop computers
- credit card scanner
- blank credit card slips
- six books of maps
- computer power adapter and manual

2

If you would like to view the items described above, please advise us in writing and we will make arrangements for you to do so at 555 4th Street, NW, Washington, DC.

Sincerely,

Jeffrey A. Taylor
United States Attorney

Daniel P. Butler
Catherine K. Connelly
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C.  20530

Enclosures

3