**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

        DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE AND RENEWED MOTION TO BAR AUSAS FROM PROSECUTING THIS ACTION

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel replies to the Government's Opposition to Defendant's Motion to Compel Disclosure and Renewed Motion to Bar AUSAs from Prosecuting this Action states:

Glaringly absent amongst the histrionics of the government's obsessively footnoted opposition is the following:

- Though the government permitted Defendant's then counsels A.J. Kramer and Preston Burton to inspect the *originals* of the documents seized from Defendant's home and other documents subject to disclosure pursuant to Rule 16(a)(1), on November 9, 2007, the AUSAs <u>refused</u> to permit Defendant's undersigned counsel to review those same documents.[1]

- During that search of Defendant's home, some one hundred and thirty-two (132) originals of the executed contracts and security deposits Defendant had with each independent contractor/escort were seized from her residence by the government. ("Escort Contracts"). These were <u>withheld</u> from Defendant by

---

[1] Importantly, by letter dated November 19, 2007. the AUSAs have not relented and have agreed to permit undersigned counsel to view those original documents. A copy of that letter is attached hereto.

1

the government and only now <u>after</u> the filing of this motion have they been delivered to the Defendant.

- Though Rule 16(a)(1)(E) provides that the Defendant is *entitled* to inspect and copy any "item was obtained from or belongs to the defendant", the government continues to maintain that it can redact information on items "obtained" from the Defendant and prohibit copying of such items by the Defendant.

Hence, Defendant properly moves for an order imposing appropriate sanctions and barring the Assistant United States Attorneys assigned to prosecute this matter – Daniel Pearce Butler, Catherine K. Connelly, William Rakestraw Cowden – given their outrageous conduct as detailed *supra* regarding discovery matters. Simply put, this obfuscatory behavior cannot be rewarded by this Court looking the other way when presented with such conduct clearly in breach of the Rules of Criminal Procedure and ethical obligations imposed upon prosecutors.

### CERTIFICATE OF CONSULTATION AND SERVICE

I hereby certify that (i) I have in good faith conferred with the government in an effort to secure the information or material without court action without success and (ii) a true and accurate copy of the foregoing was served pursuant to CM/ECF upon Daniel Pearce Butler, Catherine K. Connelly and William Rakestraw Cowden, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 24, 2007.

> **MONTGOMERY BLAIR SIBLEY**
> Counsel for Defendant
> 1629 K Street, Suite 300
> Washington, D.C. 20006
> 202-508-3699
> 202-478-0371 Fax
>
> By:  /s/ Montgomery Blair Sibley
>         Montgomery Blair Sibley
>         D.C. Bar #464488



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

November 19, 2007

**Sent Via Federal Express**

Montgomery Blair Sibley, Esquire
Suite B-4
50 West Montgomery Avenue
Rockville, MD 20850-4216

  Re: United States v. Deborah Jeane Palfrey,
     Criminal Case No. 07-46 (GK)

Dear Mr. Sibley:

  This responds to your correspondence dated November 16, 2007, and November 18, 2007. In your letters, you made several requests to which we respond as set forth below. We are also providing you herewith additional information in response to the May 8, 2007 request for discovery pursuant to Fed.R.Crim.P. 16(a) of defendant's prior counsel, Preston Burton.

  February 8, 2008 Suppression Hearing

  You request addresses for "(i) Joe Clark - USPS Inspector and (ii) Meredith Newman - USPS Inspector Supervisor" so that you may serve them with subpoenas for the February 8, 2008 healing. As a preliminary note, we are under no obligation to assist you in locating witnesses you intend to call. However, we do note that Postal Inspector Joseph Clark has retired from the Postal Inspection Service, and Postal Inspector Marydith Newman is currently assigned to the Richmond, Virginia office of the Postal Inspection Service.

  November 28, 2007 Hearing

  You indicate in your letter that you intend to call Mr. Cowden as a witness at the November 28, 2007 hearing. If you wish to present Mr. Cowden as a witness, you will need to subpoena him. We will oppose that subpoena. The same holds true of Ms. Neble, who as you know, is represented by attorney Kathleen E. Voelker.

  You also request the location of the "Conditions of Employment Agreement" which you allege was signed by Ms. Neble. Such a document was not found in the items seized hom your

client's home. In fact, no signed "Conditions of Employment Agreement[s]" were seized from your client's home. An unsigned version of this document was found, and a scanned version of this document was provided to you on Disc 3.

You seek our position on your intent to publicly file documents which you intend to introduce at the November 28, 2007 hearing. Paragraph four of the Stipulated Discovery Order provides the protocol for offering such items into evidence, stating that "any such documents or information shall be filed under seal with the Clerk of the Court in a container marked 'Under Seal' and to which a copy of this Order shall be prominently appended." Dkt. No. 49 at 2. That paragraph permits you to move for such documents to be placed on the public record, however, the government will oppose such a motion.

Additional Discovery

Enclosed please find additional information in response to your request for discovery pursuant to Fed.R.Crim.P. 16(a). As you are aware, all discovery is provided pursuant to the restrictions of the May 22, 2007 Stipulated Protective Order.

Enclosed is one CD, labeled United States v. Deborah Palfrey Disc 4, which contains scanned versions of documents seized during the execution of the search warrant. It is our belief that the majority of these documents were previously provided, but out of an abundance of caution we are providing this additional disc.

Given your request to view the items seized during the execution of the search warrant, we are also enclosing copies of the following discs, the originals of which were seized during the execution of the search warrant. The labels on these copies match the labels on the original discs:

- jeanepalfrey.com; 12/10/02; by: Loci Design Group 707.554.0779
- Jeane Palfrey; "jeanepalfrey.com"; 8/29/03
- Jeane Palfrey eclectica
- Pamela Martin; "pamelamartin.com"; 8/29/03
- pamelamartin.com; 12/11/02; original files; by: Loci Design Group

Furthermore, the government has learned that in addition to the gold coins referenced in our November 9, 2007 letter, the following tangible items were seized during the execution of the search warrant, and are subject to the personal inspection you requested in your October 30, 2007 letter:

- two laptop computers
- credit card scanner
- blank credit card slips
- six books of maps
- computer power adapter and manual

2

==If you would like to view the items described above, please advise us in writing and we will make arrangements for you to do so at 555 4th Street, NW, Washington, DC.==

Sincerely,

Jeffrey A. Taylor
United States Attorney

*[signature]*

Daniel P. Butler
Catherine K. Connelly
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530

Enclosures