**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 07-046 (JR)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DEBORAH JEANE PALFREY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR TRANSPORTATION EXPENSES (DKT. NO. 200)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to the motion by defendant, who lives in California, for transportation expenses to and from Washington, D.C., and subsistence expenses while in Washington, to review documents. Dkt. No. 200. There is no required court appearance – which is a prerequisite of the statute, 18 U.S.C. § 4285 – for which defendant seeks transportation expenses. Moreover, subsistence expenses are only authorized for travel to the destination, not for time at the destination. Accordingly, the government opposes defendant's request.[1]

**A. Discussion**

Defendant states that her motion is made pursuant to 18 U.S.C. § 4285. This statute provides, in relevant part, that:

---

[1]    Furthermore, because of the defendant's changed status from having appointed counsel to having retained counsel, the government previously requested that the Court require the defendant to make the appropriate showing of her inability to pay for her own transportation before requiring the United States Marshals to pay for her travel and related expenses. Dkt. No. 182. In an on-the-record telephone conversation on November 19, 2007, the Court requested of defense counsel that he take the appropriate steps to have that evaluation done. Defendant, in her motion, does not state that those steps have been taken and the government has no information that they have been. Accordingly, this is another reason for this opposition, that is, that determination of defendant's financial status must be made before defendant can invoke 18 U.S.C. § 4284, discussed below, to have the Court order the Marshals to pay for her travel.

> Any judge . . . of the United States, when ordering a person released under chapter 207 on a condition of [her] subsequent appearance before that court . . . may when the interest of justice would be served thereby and the United States judge . . . is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation <u>to appear before the required court</u> on [her] own, direct the United States marshal to arrange for the persons's means of noncustodial transportation or furnish the fare for such transportation <u>to the place where the appearance is required</u>, and in addition may direct the United States marshal to furnish that person with an amount of money <u>for subsistence expenses to [her] destination</u>, not to exceed the amount authorized as per diem allowance for travel under section 5702(a) of tile 5, United States Code.  When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

(emphasis added).

There is no required court appearance by defendant at this time.  Accordingly, the statute is not applicable to the use to which defendant seeks to make of it, that is, transportation expenses to review documents.  <u>See</u>, <u>e.g.</u>, <u>United States v. Kennedy</u>, 64 F.3d 1465, 1471 (10th Cir. 1995) (district court did not abuse discretion in denying request for airfare for defendant to attend trial preparation); <u>United States v. Nave</u>, 733 F. Supp. 1002, 1003 (D. Md. 1990) (statute only allowed payment of travel to trial and subsistence during travel to trial).  Furthermore, defendant seeks subsistence while she is in Washington, D.C., on the proposed trip.  Again, the statute does not provide for this expense, only the subsistence expense of traveling to a required court date.  <u>See</u>, <u>e.g.</u>, <u>United States v. Gunderson</u>, 978 F.2d 580, 584 (10th Cir. 1992) (statute does not authorize payment of subsistence during period of trial); <u>United States v. Sandoval</u>, 812 F. Supp. 1156, 1157-59 (D. Kan. 1993) (defendant not entitled to subsistence expenses during trial); <u>United States v. James</u>, 762 F. Supp. 1, 2 (D.D.C. 1991) ("[t]hat Congress has so limited payments of costs is borne out by the fact that, while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing); <u>United States</u>

v. Haley, 504 F. Supp. 1124, 1129 (E.D. Pa. 1981) (statute did not authorize subsistence expenses during trial). As noted by these cases and others, the payments of expenses authorized by this statute are specific and limited in nature. See, e.g., United States v. James, 762 F. Supp. at 2 (statute does not authorize ordering payment of return trip to place of origin); United States v. Gonzales, 684 F. Supp. 838, 841 (D. Vt. 1988) (statute did not authorize payment for return trip to Texas). The expenses that defendant seeks by her motion are not ones authorized by the statute.

### B.  Conclusion

For the foregoing reasons, the United States respectfully opposes the defendant's request for transportation to and from Washington, D.C., and subsistence to and while in Washington, to review documents, expenses which are not authorized by 18 U.S.C. § 4285.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov