UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Crim. Action No. 07-0046 (JR) |
| | : |
| DEBORAH JEANE PALFREY, | : |
| | : |
| Defendant. | : |

FILED
DEC 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM ORDER**

This memorandum order addresses and resolves the following seven motions.

1.   In her Pro Se Motion for Order Releasing Seized Property, [Dkt. # 119], Palfrey argues that due process requires either that her property be returned or that she be given an opportunity to contest its continued restraint. Palfrey contends that <u>either</u> her property must be "determined" to be subject to restraint under 18 U.S.C. § 983(f)(5) <u>or</u> the government must move to restrain the property under 21 U.S.C. § 853(e)(1)(A). The government correctly points out, however, that it has already filed the § 853 (e)(1)(A) motion (also filed pursuant to 18 U.S.C. § 1963(d)(1)), and that Judge Kessler granted it, entering a post-indictment restraining order on March 22, 2007 [Dkt. #18].

Palfrey is not entitled to a hearing pursuant to the civil forfeiture statute, 18 U.S.C. § 983(f)(5), in this criminal forfeiture proceeding. Contrary to Palfrey's argument, the civil procedures she invokes are not incorporated by virtue of 21 U.S.C. § 853(j) and 21 U.S.C. § 881(d). Section 881(d) merely

incorporates the provisions of certain customs laws, 19 U.S.C. §§ 1602-1621, that are not at issue here.

Statutory requirements aside, due process may require a post-restraint, pre-trial hearing to be held under limited circumstances. See, e.g., United States v. Farmer, 274 F.3d 800, 804-05 (4th Cir. 2001); United States v. Jones, 160 F.3d 641, 648 (10th Cir. 1998). The leading position among the circuit courts is that "due process requires a pretrial adversary hearing when a defendant claims that a portion of the assets restrained pursuant to criminal forfeiture statutes are untainted and that he has no other funds from which to secure the counsel of his choice." See Farmer, 274 F.3d at 803 (collecting cases). I do not understand Palfrey to be making that claim. The motion is accordingly **denied**.

2.        Defendant's Motion to Modify the Post-Indictment Asset Restraining Order, [Dkt # 132], is **denied as moot** in light of the Court's order at Dkt. # 170.

3.        Defendant's Motion to Reconsider Court's Ruling on Defendant's Motion to Bar Assistant United States Attorneys, [Dkt. # 147], is **denied**.

4.        Defendant's Second Motion to Dismiss the Indictment with Prejudice for Failure to Disclose Exculpatory Evidence to the Grand Jury, [Dkt. # 154], is **denied**. See United States v. Williams, 504 U.S. 36 (1992).

5.  Defendant's Third Motion to Dismiss the Indictment for Brady Violations, [Dkt. # 155], is **denied**. The parties should be prepared to discuss the timing of release of any remaining Brady material at the next status conference.

6.  Defendant's Motion to Compel Disclosure and Renewed Motion to Bar AUSAs from Prosecuting this Action, [Dkt. # 166], is **denied**.

7.  Defendant's Motion for Transportation Expenses, [Dkt. # 178], is **denied as moot**.

The Clerk is directed to set a status conference, at which time I will also hear argument on Defendant's Motion to Modify the Stipulated Protective Order, [Dkt. # 156].

*/s/ James Robertson*
JAMES ROBERTSON
United States District Judge