UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPLICATION FOR
ISSUANCE OF SUBPOENAS AND PAYMENT OF COSTS AND FEES, OR
ALTERNATIVELY, FOR DEPOSITIONS FOR SUPPRESSION HEARING (DKT. 199)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's Application for Issuance of Subpoenas and Payment of Costs and Fees,[1] or Alternatively, for Depositions for Suppression Hearing. As discussed below, defendant, without adequate basis, seeks subpoenas of a Magistrate Judge and the Clerk of Court for the Eastern District of California, as well as a retired Postal Inspector. This motion is completely without merit and should be denied.

**A. Background**

1. In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began an investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On October 3, 2006, United States Magistrate Judge Kimberly J. Mueller, of the Eastern District of California, approved a warrant to search the defendant's residence at 803 Capitol Street, Vallejo, California, and a 2003 Ford Thunderbird automobile with California license plate RUM009.

---

[1] Because of defendant's change in status from appointed counsel to retained counsel, the government previously requested that defendant provide some proof of her eligibility for the Court to pay for such things as travel and subpoenas. See Dkt. Nos. 182 and 207 n.1. To date, there is no indication that defendant has done so.

The search warrant was based on the sixteen-page, October 3, 2006 affidavit of Postal Inspector Maria E. Couvillon, in which she set forth facts indicating that defendant had managed a prostitution operation out of her home and laundered the proceeds of the illegal business during the course of its operation. On October 4, 2006, Postal Inspectors and IRS Agents executed the search warrant. Agents seized, *inter alia*, checks, deposit slips, appointment books, ledgers, tax returns, bank statements, and files that the defendant maintained on her employees and her employees' activities.

3. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail.

4. On July 26, 2007, defendant's then counsel, Preston Burton, filed a Motion to Suppress Evidence Obtained from her Home. Dkt. No. 85. On August 8, 2007, the government filed its Opposition to Defendant's Motion. Dkt. No. 86. On August 16, 2007, defendant filed a Reply to the Government's Opposition. Dkt. No. 87. On November 6, 2007, defendant's current counsel indicated that the defendant "adopt[ed]" the Motion to Suppress filed by Mr. Burton. Dkt. No. 157 at 1. An evidentiary hearing on defendant's motion is set for February 8, 2008.

5. On November 25, 2007, defendant filed the instant Application for Issuance of Subpoenas and Payment of Costs and Fees, or, Alternatively, for Depositions for Suppression Hearing. Dkt. No. 199.

**B. Discussion**

1.   The requested subpoenas are unnecessary, inappropriate, and unduly burdensome.

Defendant seeks subpoenas for Magistrate Judge Mueller and United States Postal Inspector Joe Clark, and a subpoena *duces tecum* for the Clerk of the United States District Court for the Eastern District of California for the original search warrant affidavit. There is no legal or factual basis for the issuance of any of these unduly burdensome subpoenas.

    a.   Magistrate Judge Mueller

Defendant claims that Magistrate Judge Mueller's testimony is necessary because of a handwritten portion of the affidavit submitted by Agent Couvillon.[2] Defendant argues that this handwritten portion raises significant legal issues which make Magistrate Judge Mueller's "attendance and testimony at the hearing . . . necessary and relevant." Dkt. No. 199 at 3. Defendant seeks information regarding "(i) who[se] handwriting that is, (ii) when it was added, and (iii) upon what stimulus it was written." Id. at 2-3.

In addition to failing to provide any legitimate basis for Magistrate Judge Mueller's testimony, defendant fails to provide any caselaw supporting her extraordinary request. Akin to calling the prosecuting attorney as a witness, a judicial officer who participates in a case should not be called as a witness "'unless all other sources of possible testimony have been exhausted.'" See United States v. West, 680 F.2d 652, 654 (9th Cir. 1982) (quoting United States v. Torres, 503 F.2d

---

[2] The handwritten portion in question reads as follows: "The reliability of the informants' knowledge of the operation of PM&A was verified by USPS money order databases. Original and/or postal money order images of the money orders purchased by the informants were retrieved. In addition, the Express Mail labels used by them to send the money orders were also verified and retrieved." This transcription was provided to defense counsel on June 29, 2007, in correspondence from the government.

1120, 1126 (2d Cir. 1974)). Strong policy reasons, such as judicial economy and avoiding interference with the administration of justice, militate against subpoenaing a judicial officer. Thus, calling a judicial officer as a witness should be allowed only as a last resort. See United States v. Armedo-Sarmiento, 545 F.2d 785, 793 (2d Cir. 1976). In the case before this Court, as noted above, there is an alternative, competent source of the evidence defendant seeks, in the form of the testimony of Inspector Couvillon, who presented the affidavit to the magistrate judge, and thus was present when the warrant was signed. As such, defendant's assertion that Magistrate Judge Mueller's testimony is necessary ignores the fact that there is another available source of the information sought by the defendant.

Defendant's request is not only unsupported by caselaw - it is also unsupported by the regulations established by the judiciary itself governing responses to subpoenas issued to federal judges. Indeed, defendant has failed to meet the requirements for issuing subpoenas to the judiciary, as established by the Judicial Conference in March 2003. These regulations prescribe procedures with respect to the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties. See Judicial Conference of the United States, *Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings*, March 2003, http://www.uscourts.gov/courts/regulations.htm. Pursuant to these regulations,

> [t]he request for testimony or production of records shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.

Id. at § 1(a). The subpoena attached to defendant's motion fails to meet this requirement.

The government has already indicated on more than one occasion that it intends to call Inspector Couvillon as a witness at the suppression hearing, and, indeed, defendant's instant motion makes it clear that she is aware of this. Dkt. No. 199 at 2. Under such circumstances, there is no basis for requiring Magistrate Judge Mueller to travel from California and testify at the suppression hearing.

        b.        Clerk of the United States District Court for the Eastern District of California

Defendant further seeks a subpoena *duces tecum* for the Clerk of the United States District Court for the Eastern District of California for the original search warrant affidavit. In support of this request, defendant merely asserts "[t]hat original is necessary as review of the handwriting is critical to determining Defendant's motion and all copies are illegible." Dkt. No. 199 at 3. This assertion is similarly without merit. Inspector Couvillon presented and signed the affidavit, and will testify at the suppression hearing. As such, she will clearly be able to address any questions the defendant has about the handwritten portion of the affidavit.[3] Defendant's request for the original version is not supported by a single caselaw citation, and is simply vexatious. Furthermore, because the Clerk of the United States District Court for the Eastern District of California is an employee of the federal judiciary, any subpoena issued to him, even if only for the production of documents, is subject to the same regulations governing subpoenas issued to federal judges. See Judicial Conference of the United States, *Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings*, March 2003, http://www.uscourts.gov/courts/regulations.htm.

---

[3] Furthermore, there is no reason the defendant, who lives in that district, cannot go to the United States District Court for the Eastern District of California Clerk's Office to review the original search warrant affidavit.

Again, the subpoena provided by defendant fails to meet the requirements of these regulations.

    c.  Postal Inspector Clark

Defendant alleges that "accompanying [Inspector Couvillon] at the application for the search warrant was USPS Inspector Joe Clark." Dkt. No. 199 at 2. This allegation is false. Inspector Clark was not present when Inspector Couvillon presented the search warrant to Magistrate Judge Mueller. As such, there is no basis for issuing a subpoena for Inspector Clark.

  2.  There is no basis for the depositions sought by defendant.

In the alternative, defendant requests that depositions of Magistrate Judge Mueller and Inspector Clark be taken in order to "preserve their testimony for the hearing if they are otherwise not available to travel for the hearing." Dkt. No. 199 at 3. Again, defendant provides no legal basis for this request. First, as noted above, defendant has not established a legitimate basis for the testimony of either Magistrate Judge Mueller or Inspector Clark at the suppression hearing. Indeed, the stated reason for defendant's request to depose Inspector Clark is without factual support, for, as noted above, he was not present when the search warrant was signed by Magistrate Judge Mueller.

Depositions are used in criminal cases only upon a showing of "exceptional circumstances." See Fed.R.Crim.P. 15(a); United States v. Kelley, 36 F.3d 1118, 1124 (D.C.Cir.1994) (party seeking deposition in a criminal matter "bears burden of demonstrating that 'exceptional circumstances' necessitate preservation of testimony through a deposition"). Exceptional circumstances can be demonstrated by a showing of materiality, the unavailability of witnesses to testify at trial, and something beyond speculation that the evidence will exculpate the defendant. See Kelley, 36 F.3d at 1125. None of these prerequisites are present as to Magistrate Judge Mueller.

### C. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court summarily deny defendant's Application for Issuance of Subpoenas and Payment of Costs and Fees, or Alternatively, for Depositions for Suppression Hearing.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY
                    DC Bar No. 498610

                    / s / *Daniel P. Butler/Catherine K. Connelly*
                    _____
                    Daniel P. Butler
                    DC  Bar No. 417178
                    Catherine K. Connelly
                    Mass.  Bar No. 649430
                    Assistant United States Attorneys
                    555 4th Street, NW
                    (202) 353-9431, 616-3384
                    Washington, D.C.  20530
                    Daniel.Butler@usdoj.gov
                    Catherine.Connelly2@usdoj.gov