UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR TRANSPORTATION EXPENSES (DKT. NO. 209)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to the motion by defendant, who lives in California, for transportation expenses to and from Washington, D.C., and subsistence expenses while in Washington, for a court appearance and to review documents. Dkt. No. 209. Defendant's motion is made pursuant to 18 U.S.C. § 4285. If defendant establishes that she is eligible for the provision of transportation expenses under that statute, which presently is not clearly true, the government does not object to an Order providing for her transportation to Washington, D.C., and subsistence for her travel to Washington. The statute does not, however, provide for expenses beyond that, e.g., subsistence while in Washington or travel back to California. Accordingly, the government would oppose defendant's motion for those expenses, assuming she is entitled to invoke 18 U.S.C. § 4285.

**A. Discussion**

Defendant states that her motion is made pursuant to 18 U.S.C. § 4285. This statute provides, in relevant part, that:

> Any judge . . . of the United States, when ordering a person released under chapter 207 on a condition of [her] subsequent appearance before that court . . . may when the interest of justice would be served thereby and the United States judge . . . is

>satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation <u>to appear before the required court</u> on [her] own, direct the United States marshal to arrange for the persons's means of noncustodial transportation or furnish the fare for such transportation <u>to the place where the appearance is required</u>, and in addition may direct the United States marshal to furnish that person with an amount of money <u>for subsistence expenses to [her] destination</u>, not to exceed the amount authorized as per diem allowance for travel under section 5702(a) of tile 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

(emphasis added).

Because of the defendant's changed status from earlier in these proceedings having appointed counsel to now having retained counsel, the government previously requested that the Court require the defendant to make the appropriate showing of her inability to pay for her own transportation before requiring the United States Marshals to pay for her travel and related expenses. Dkt. No. 182. In an on-the-record telephone conversation on November 19, 2007, the Court requested of defense counsel that he take the appropriate steps to have that evaluation done. Defendant, in her motion, does not state that those steps have been taken and the government has no information that they have been. Accordingly, that determination of defendant's financial status must be made before defendant can invoke 18 U.S.C. § 4285 to have the Court order the Marshals to pay for her travel.

If that statute is applicable, the payments of expenses authorized by this statute are specific and limited in nature. See <u>United States v. James</u>, 762 F. Supp. 1, 2 (D.D.C. 1991) ("[t]hat Congress has so limited payments of costs is borne out by the fact that, while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing"). The statute provides for travel to Washington and subsistence during that travel for a required court appearance. See <u>id.</u>; <u>United States v. Nave</u>,

733 F. Supp. 1002, 1003 (D. Md. 1990) (statute only allowed payment of travel to trial and subsistence during travel to trial).  It does not provide for subsistence during defendant's stay in Washington for the court appearance.  See, e.g., United States v. Gunderson, 978 F.2d 580, 584 (10th Cir. 1992) (statute does not authorize payment of subsistence during period of trial); United States v. Sandoval, 812 F. Supp. 1156, 1157-59 (D. Kan. 1993) (defendant not entitled to subsistence expenses during trial); United States v. James, 762 F. Supp. at 2 ("once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing"); United States v. Haley, 504 F. Supp. 1124, 1129 (E.D. Pa. 1981) (statute did not authorize subsistence expenses during trial).  Nor does the statute provide for payment for a return trip to California.  See, e.g., United States v. James, 762 F. Supp. at 2 (statute does not authorize ordering payment of return trip to place of origin); United States v. Gonzales, 684 F. Supp. 838, 841 (D. Vt. 1988) (statute did not authorize payment for return trip to Texas).

### B. Conclusion

For the foregoing reasons, the United States respectfully requests that defendant be required to, first, show her eligibility to invoke the provisions of 18 U.S.C. § 4285.  Second, if the statute does

apply, to the extent that she is seeking expenses beyond those provided for by the statute, e.g., subsistence in Washington and her return flight, the government opposes her motion.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY

    / s / *Daniel P. Butler/Catherine K. Connelly*
    Daniel P. Butler
    DC  Bar No. 417178
    Catherine K. Connelly
    Mass.  Bar No. 649430
    Assistant United States Attorneys
    555 4th Street, N.W.
    (202) 353-9431, 616-3384
    Washington, D.C.  20530
    Daniel.Butler@usdoj.gov
    Catherine.Connelly2@usdoj.gov