UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION (DKT. NO. 202)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant claims this Court lacks subject matter jurisdiction over her because the statute granting such jurisdiction allegedly was illegally passed by Congress. As discussed below, defendant's motion is completely without merit and should be denied.

**A. Background**

1. In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began a joint investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail.

3. On November 29, 2007, defendant filed the instant Motion to Dismiss for Lack of Subject

Matter Jurisdiction.

## B. <u>Discussion</u>

Federal courts are courts of limited jurisdiction, and Congress has conferred criminal jurisdiction upon federal district courts by means of 18 U.S.C. § 3231, which states in its entirety: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." This jurisdictional pronouncement was enacted into law by Congress on June 25, 1948, in Public Law Number 80-772. The provision remains in the exact same form in which it was enacted 59 years ago.

In her motion, defendant argues that the law is infirm because there was allegedly a *sine die* recess in Congress between the adoption of Public Law Number 80-772 by the House of Representatives and its adoption by the Senate, in violation of the United States Constitution. Dkt. No. 202 at 4. Specifically, defendant asserts that the Speaker of the House and the President of the Senate allegedly signed Public Law Number 80-772 into law without approval from their respective bodies. <u>Id.</u> at 7. Defendant alleges that something deceptive happened in Congress, the result of which is that Public Law Number 80-772 was not enacted in a constitutional manner and, as a result, this Court does not have jurisdiction over the defendant. <u>Id.</u> at 2. She further claims that the Senate version of the bill was different from that passed by the House of Representatives, and thus neither version ever became law. <u>Id.</u> at 8.

The thrust of defendant's argument is that Public Law 80-772, was not validly enacted.[1] This claim is clearly frivolous. This Court does have jurisdiction over defendant pursuant to 18 U.S.C. § 3231. The 1948 amendment to that statute passed both houses of Congress and was signed into law by President Harry S. Truman on June 25, 1948. Therefore, the amendments and statutes relied upon for jurisdiction in this case were properly enacted and are binding. Defendant has offered no legitimate evidence or caselaw to the contrary.[2]

Courts have consistently relied on Section 3231 on countless occasions in affirming federal court jurisdiction over federal criminal offenses. In fact, this Circuit has noted:

> Under Article III of the Constitution, "[t]he judicial power of the United States" is "vested . . . in such inferior Courts as Congress may from time to time establish." U.S. Const. art. III, § 2. Congress conferred original jurisdiction on the district court over appellants' case by enacting 18 U.S.C. § 3231. That statute, passed originally in 1948, see 62 Stat. 826, provides that the "district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." The ordinary meaning of the term "jurisdiction" at the time that statute was passed referred to a court's power to "declar[e] and administer [ ] law or justice." 5 The Oxford English Dictionary 635 (1933); see also Webster's Third New International Dictionary 1227 (1961). Section 3231 identifies "offenses against the laws of the United States" as the relevant "law" over which the court has "power" (or "jurisdiction").

---

[1] As discussed below, defendant's arguments are strikingly similar to boilerplate pleadings recently used by inmates throughout the country - arguments which have been rejected by the courts.

[2] Of course, even if the 1948 amendment to § 3231 were somehow questionable, this Court would retain jurisdiction over this case because the predecessor statute to § 3231, to which defendant offers no challenge, provides for such jurisdiction as well. See e.g., United States v. Risquet, 426 F.Supp.2d 310, 311-12 (E.D. Pa.2006); United States v. Lawrence, No. 02-CR-200, 2006 WL 250702, at *1 (N.D. Ill. Jan.27, 2006) (unpublished opinion). (Lawrence and other unpublished opinions cited throughout this opposition are not offered for their precedential value, but merely to provide the Court with information regarding how other jurisdictions have responded to arguments similar to those raised by defendant.)

United States v. Delgado-Garcia, 374 F.3d 1337, 1341-42 (D.C. Cir. 2004). See also United States v. Isenhower, 754 F.2d 489, 490 (3d Cir. 1985) ("Jurisdiction over tax matters has been explicitly given to the district courts by Congress, which provided that the district courts of the United States shall have original jurisdiction over all offenses against the laws of the United States."); United States v. Collins, 920 F .2d 619, 629 (10th Cir. 1990) ("[Defendant]'s memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over 'all offenses against the laws of the United States.'"). Moreover, the Supreme Court's discussion and application of 18 U.S.C. § 3231 refute defendant's assertions. See e.g., Tafflin v. Levitt, 493 U.S. 455, 465 (1990) ("[F]ederal courts, pursuant to § 3231, would retain full authority and responsibility for the interpretation and application of federal criminal law . . . ."); California v. Cabazon Band of Mission Indians, 480 U.S. 202, 213 n.15 (1987) (citing with approval 18 U.S.C. § 3231); Commonwealth of Pennsylvania. v. Nelson, 350 U.S. 497, 502 n.10 (1956) (citing with approval 18 U.S.C. § 3231).

In support of her argument, defendant cites Kennedy v. Sampson, 511 F.2d 430, 444 at appendix n.4 (D.C. Cir. 1974). This appendix note does state that Congress "adjourned *sine die* on December 19, 2947." However, the more recent case of Delgado-Garcia, supra, which is quoted above, makes it clear that this district views Section 3231 as conferring jurisdiction on the courts. Furthermore, the Kennedy footnote relied upon by defendant must be read in context.

> It is clear from the context that the intended meaning of those words was that the July 1947 recess was not an *intrasession* recess (which was what the rest of the Appendix referred to), but an *inter* session recess. That is, although the term "*sine die*" is used in the footnotes, it was intended to convey that a session of Congress was ending, rather than merely having a break in the session. It should not be read as [defendant] reads it, to mean that the entirety of the Congress (i.e. both sessions of Congress) ended at the time. Instead, only one of the two sessions of Congress ended. . . . Taken in context, those footnotes cannot be read literally to mean that there was an adjournment *sine die* of that entire Congress, such that all pending

>   bills died.

United States v. Harbin, 2007 WL 2777777, slip op. at 4 (S.D. Tex. September 21, 2007).

Defendant's frivolous claim has routinely been rejected out of hand by many courts, some of which have provided a thorough debunking of her particular arguments about the enactment of Public Law 80-772. In United States v. Felipe, for example, the court cited numerous district court cases affirming that "[t]hese allegations are without a shred of validity." 2007 WL 2207804, slip op. at 2 (E.D. Pa. July 30, 2007).

> There was no *sine die* recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events. See United States v. Martinez, CR. No. C-04-157, C.A. No. C-05-423, 2006 WL 1293261, at *5 (S.D.Tex. May 6, 2006). The House of Representatives passed Public Law 80-772 in the first session of the 80th Congress, while the Senate passed Public Law 80-772 during the second session of that Congress. Id. This recess, however, was an inter-session, not a *sine die*, recess. Id. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Id.; Delreth v. United States, CR. No. L-03-1745-6, C.A. No. L-05-205, 2006 WL 1804618, at *3-4 (S.D.Tex. June 27, 2006). Thus, Public Law 80-772 was passed by both houses before a sine die recess was called and, therefore, was properly enacted. Id.; see also Lister v. United States, Nos. 3:06-CV-1355-N, 3:03-CR-374-N, 2006 WL 3751324, at *1-2 (N.D.Tex. Dec.20, 2006); United States v. Risquet, 426 F.Supp.2d 310, 311-12 (E.D.Pa.2006); Cullum v. Fox, C.A. No. 1:06-cv-3092006, WL 3691170, at *1-2 (E.D.Tex. Dec. 11, 2006); United States v. Lawrence, No. 02-CR-200, 2006 WL 250702, at *1 (N.D.Ill. Jan.27, 2006).

Id. Upon presenting its own dissection of the defense argument, the Felipe court determined that all courts have "reached the correct conclusion that this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless." Id. See also United States v. Harbin, supra, at 4-6 (rebutting all pertinent arguments in detail); United States v. Schultz, 2007 WL 2872387, slip op. at 2 (D. Minn. September 26, 2007) (describing the claim as "one of the jailhouse

lawyers' arguments du jour," and declaring that "[i]t has never been accepted, and will not be accepted here.").

There is an additional reason, entirely supported by the caselaw in this district, to reject defendant's claim: the "enrolled bill rule." That rule provides that an attested "enrolled bill" (one signed by the leaders of the House and Senate), establishes that Congress passed the text included therein in a constitutional manner and it "should be deemed complete and unimpeachable." Public Citizen v. United States District Court for the District of Columbia, 486 F.3d 1342, 1343 (D.C. Cir. 2007) (quoting Marshall Field & Co. v. Clark, 143 U.S. 649, 672-73 (1892)).

In Public Citizen, the District of Columbia Circuit Court of Appeals held that a district court had properly dismissed a constitutional challenge to the Deficit Reduction Act of 2005 premised on the ground that the statute was invalid because the bill that was presented to the President did not pass both chambers of Congress in the exact same form. 486 F.3d at 1343-45. The Court explained the rule, based on Marshall Field, as follows:

> It is not competent for [a party raising a bicameralism challenge] to show, from the journals of either house, from the reports of committees or from other documents printed by authority of Congress, that [an] enrolled bill" differs from that actually passed by Congress. [Marshall Field, 143 U.S.] at 680. The only "evidence upon which a court may act when the issue is made as to whether a bill . . . asserted to have become a law, was or was not passed by Congress" is an enrolled act attested to by declaration of "the two houses, through their presiding officers." Id. at 670, 672. An enrolled bill, "thus attested," "is conclusive evidence that it was passed by Congress." Id. at 672-73. "[T]he enrollment itself is the record, which is conclusive as to what the statute is . . . ." Id. at 675 (internal quotation marks omitted).

48 F.3d at 1350.

This rule mandates that this Court accept as conclusive Public Law 80-772, and reject defendant's request that the Court look behind the bill at the Congressional actions taken on it while

6

pending. Instead, the Court must treat the text in the enrolled bill as "complete and unimpeachable." Public Citizen, 486 F.3d at 1343 (quoting Marshall Field, 143 U.S. at 672-73).[3]

### C. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court summarily deny defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[3] The Seventh Circuit Court of Appeals recently relied upon Marshall Field and Public Citizen to utilize the enrolled bill rule to reject a claim identical to the one raised by defendant. See United States v. Miles, 2007 WL 1958623, slip op. at 1 (7th Cir. July 3, 2007). See also United States v. Thomas, 788 F.2d 1250, 1253 (7th Cir.), cert. denied, 479 U.S. 853 (1986) ("Although [defendant] urges us to take the view of several state courts that only agreement on the literal text may make a legal document effective, the Supreme Court follows the 'enrolled bill rule.'  If a legislative document is authenticated in regular form by the appropriate officials, the court treats that document as properly adopted.") (citing  Field v. Clark, 143 U.S. 649 (1892)).