UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

        DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-JR

DEFENDANT'S AMENDED REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel, file this, her amended reply to the government's opposition to Defendant's motion to dismiss the indictment upon this Court's lack of subject matter jurisdiction and states:

## I. THE GOVERNMENT IGNORES AN INCONVENIENT FACT

Adopting the "ostrich" style of argument to avoid the consequences of Defendant's argument, the government states: "The 1948 amendment to that statute passed both houses of Congress and was signed into law by President Harry S. Truman on June 25, 1948. Therefore, the amendments and statutes relied upon for jurisdiction in this case were properly enacted and are binding. Defendant has offered no legitimate evidence or caselaw to the contrary." (Gov. Opp., D.E. #214, p. 3).

The fallacy here is that the statute H.R. 3190 – which contained what is now 28 U.S.C. §3231 from which this Court's subject matter jurisdiction in this criminal case solely arises – "passed both house of Congress". A review of the indisputable record establishes the opposite:

- H.R. 3190 passed" the House on May 12, 1947, *id.;*
  *Journal of the House of Representatives* ("House Journal"), May 12, 1947, pp. 343-344 (App. 4-5, a copy of which is attached)

- H.R. 3190 was then significantly amended by the Senate which then "[o]rdered that the Secretary request the concurrence of the House of Representatives in the amendments." *Senate Journal*, *supra*, p. 506; *House Journal*, June 18, 1948, p. 688 (App. 16, a copy of which is attached.)

- Thereafter, the House "concurred" but never "passed" H.R. 3190 *as amended* by the Senate. (The "said Senate amendments were concurred in") (App. 17, a copy of which is attached).

This failure to "pass" H.R. 3190 is the fatal blow to the legitimate passage of H.R. 3190 so that it could be signed into law by the President as the Senate and House passed <u>different</u> versions of H.R. 3190 that were <u>never</u> reconciled.

This point is made clear by the *Guide to Legislative Process in the House*, XV, Final Action on Amended Bill[1] which states:

> On their return to the House the official papers relating to the amended measure are placed on the Speaker's table to await House action on the Senate amendments. If the amendments are of a minor or noncontroversial nature the Chairman of the committee that originally reported the bill--or any Member--may, at the direction of the committee, **ask unanimous consent to take the bill with the amendments from the Speaker's table and agree to the Senate amendments**. At this point the Clerk reads the title of the bill and the Senate amendments. If there is no objection, the amendments are then declared to be agreed to, and the bill is ready to be enrolled for presentation to the President.

In the case of H.R. 3190, the record is <u>devoid</u> of the action of asking for unanimous consent to the Senate amendments and inquiring whether there is "any objection". Hence, the process of enacting H.R. 3190 failed to pass this requisite bar to enactment of a valid law.

Additionally, the two cases cited by the government are inapposite. First, *Risquet* has

---

[1] http://www.rules.house.gov/archives/lph-final.htm.

expressly held no *sine die* adjournment occurred between the passage of H.R. 3190 on May 12, 1947, by the House and the passage of the amended H.R. 3190 on June 18, 1948, by the Senate. Such holding is just plain error as a matter of law and fact. *See* H.Con.Res. 127, 80 Cong., 1st Sess., Dec. 1947, 61 Stat. 1029 (declaring adjournment *sine die*). Compare *Risquet* ("there was no *sine die* adjournment between the votes of the House and the Senate").

Secondly, the *Marshall Field* Rule is <u>limited</u> to enrolled bills signed in the presence of each House. The unchallenged and unchallengeable evidence of record discloses that the bill certified as truly enrolled – i.e., the only possible enrolled bill – was <u>never</u> signed by any officer of the House or Senate, presented to the president, or signed by him. It remains unsigned today. The bill signed was <u>not</u> the enrolled bill and was <u>not</u> certified as truly enrolled. It was <u>not</u> signed in the presence of the Houses and is not an Act of the Houses as required by the Quorum Clause.

II.     *UNITED STATES V. LAWRENCE*, NO. 02-CR-200 IS INTELLECTUALLY VOID

Recognizing that Defendant's arguments regarding H.R. 3190 are valid, the government then cites the unpublished opinion of *United States v. Lawrence*, No. 02-CR-200, 2006 WL 250702, at *1 (N.D. Ill. Jan.27, 2006) for the proposition that even if H.R. 3190 is void, the "this Court would retain jurisdiction over this case because the predecessor statute to §3231 to which Mr. Lawrence offers no challenge, provides for such jurisdiction as well." A copy of *Lawrence* is attached.

However, <u>neither</u> the court in *Lawrence* <u>nor</u> the government cites the "predecessor statute to §3231".

That former jurisdictional statute – i.e., former Title 28 U.S.C. § 41 ¶2 (Act of March 3, 1911, Ch. 231, § 24, ¶ 2, 36 Stat. 1091) does <u>not</u> magically carry over to sustain jurisdiction of the District Courts as urged by the Government and falsely and arbitrarily held by such cases as

*Lawrence* and *Risquet*: 28 U.S.C. § 41 ¶2 was positively <u>repealed</u> by Congress and is listed in the schedule of positively repealed sections of Pub.L. 80-773 and acting Title 28, United States Code, Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 869.  *See* Act of June 25, 1948, § 39, 62 Stat. 991 *et seq* (listing former section 41, ¶ 2 in schedule of repeal statutes).

As such, there was <u>no</u> surviving statute conferring jurisdiction for criminal offenses upon the United States District Courts after the putative enactment of §3231.

### III.    THE HOUSE ADJOURNED *SINE DIE*

The government seeks to avoid the consequences of the *sine die* adjournment by the House "on December 19, 1947," without the Senate passing H.R. 3190 as noted by this circuit's own case law; *Kennedy v. Sampson*, 511 F.2d 430, 444 Appendix n. 4 (D.C. Cir. 1974)("The Senate and the House of Representatives adjourned on July 27, 1947 under a 'conditional final adjournment' resolution, S.Con.Res. 33; 93 Cong.Rec. 10400.  Pursuant to the resolution, the two Houses were to stand in adjournment until January 2, 1948, unless recalled into session earlier by specified Senate and House leaders. **In effect, the adjournment was a *sine die* adjournment, not an intrasession adjournment**. On November 17, 1947, Congress convened pursuant to proclamation of President Truman, and adjourned *sine die* on December 19, 1947.")(Emphasis added).

Hence, this Court is bound by this determination and the government's citation to a district court slip opinion in *United States v. Felipe*, 2007 WL 2207804, slip op. at 2 (E.D. Pa. July 30, 2007) is of no moment.

### IV.    *PUBLIC CITIZEN V. UNITED STATES DISTRICT COURT* VIOLATES THE RULES ENABLING ACT

The government's last argument is that the holding in *Public Citizen v. United States District*

*Court for the District of Columbia*, 486 F.3d 1342, 1343 (D.C. Cir.2007) which cites to *Marshall Field & Co. v. Clark*, 143 U.S. 649,672-73 (1892) permits this Court to <u>ignore</u> the failure of Congress to properly pass a bill as long as the "enrolled act attested to by declaration of the two houses, through their presiding officers that a bill is an "enrolled bill" is conclusive evidence that it was passed by Congress. *Public Citizen* at 1350.

This "rule" of the Supreme Court violates the Rules Enabling Act[2] which prohibits the creation of a rule of evidence which violates a "substantive right". Here, that "substantive right" is that no bill shall become law unless passed by a majority of <u>both</u> the Senate and the House in *identical* forms.

As such, *Public Citizen* cannot be relied upon to ignore the established defect in H.R. 3190.

## V. CONCLUSION

Wherefore, as this Court lacks subject matter jurisdiction, the indictment must be dismissed. Accordingly, *fiat justitia ruat caelum.*

---

[2] 28 U.S.C. §2072(b) "Rules of Procedure and Evidence; Power to Prescribe" states in pertinent part: "(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals. (b) Such rules shall not abridge, enlarge or modify any substantive right.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served pursuant to LcvR 5.4(d) upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 12, 2007.

                                      **MONTGOMERY BLAIR SIBLEY**
                                      Counsel for Defendant
                                      1629 K Street, Suite 300
                                      Washington, D.C. 20006
                                      202-508-3699
                                      202-478-0371 Fax

                                      By:  /s/ Montgomery Blair Sibley
                                            Montgomery Blair Sibley
                                            D.C. Bar #464488