**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (JR)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO RECONSIDER (DKT. NO. 217)**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully files this opposition to defendant's Motion to Reconsider.

By her motion, defendant seeks reconsideration of the Court's orders denying defendant's

motion to compel disclosure of additional witness information (Dkt. No. 208 at 3) and upholding

portions of a Protective Order initially entered on March 16, 2007 (Dkt. No. 191). Defendant's

Motion to Reconsider is without merit and should be denied.

Discussion

1. Court's Order Denying Defendant's Motion to Compel Disclosure of Additional
   Witness Information.

In her Motion to Reconsider, defendant first complains that she has improperly been

denied access to discoverable information because her counsel cannot read some of the

photocopied documents he was provided. But, as the government explained in its

Opposition to Defendant's Motion to Compel Disclosure and Renewed Motion to Bar AUSAs

from Prosecuting this Matter (Dkt. No. 189 at 8 and n. 8), if defendant provides the government

with the Bates numbers of documents that she says she cannot read, the government will provide

defendant with legible copies of those documents. Consistent with its prior representation, the

government will provide to defendant new copies of the three partially illegible documents she

attached to the Motion to Reconsider at issue here. (Third-party personal information, such as social security numbers, birth dates and home addresses, which is neither discoverable nor material, remains redacted.)

      2.        Court's Order Upholding Protective Order.

Next, defendant asks this Court to reconsider whether it should hold another hearing before precluding her from pursuing a lawsuit against witnesses who may testify against her in this case. The government argued, and the Court agreed, that the lawsuit constituted an effort to harass witnesses and to secure through civil discovery rules and civil process information that the criminal rules did now permit. Defendant complains that she was unfairly "sandbagged" by the Court's decision to keep the protective order in place because, she says, the government "did not . . . raise the 'inherent authority' of the Court argument" before the Court decided to use that authority. Def.'s Mot. at 7. This asserted basis for reconsideration is baseless.

In its initial Application for an order precluding defendant and her attorney from harassing witnesses, the government explained that, in addition to the statutory authority provided in 18 U.S.C. § 1514, district courts possess "inherent authority" to manage their dockets and circumscribe the conduct of parties to pending litigation. See Dkt. No. 14-2 at 12 (citing cases). Thereafter, the government filed supplemental authority in support of its argument that district courts possess inherent authority to grant the relief the government requested in its initial application. See Dkt. No. 143. The government listed numerous cases in support of its argument that the Court had inherent authority to issue the requested protective order. Thus, defendant's assertion that she was surprised to discover there was another basis for a protective order finds no support in the record.

In contrast, what does finds support in the record is the basis for the Protective Order.

Although defendant has repeatedly criticized the government for bringing to the Court's attention the prior conduct of her current counsel, and certain of his and her extra-judicial statements (both to the government, and to the media) defendant has not filed any paper tending to indicate that any facts material to the issuance of the protective order at issue here were misrepresented.  The facts supporting the Protective Order came from:  (1) filings defendant made here and other statements she (or her attorney) made to the Court; (2) public proceedings in Florida (its courts and its disciplinary authority); and (3) a website defendant started after she was indicted.  Defendant has never established that another hearing, presumably to reconsider these documented facts, would not waste this Court's time.

Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny defendant's most recent Motion to Reconsider.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
(DC Bar No. 498610)

/ s /
Daniel P. Butler
(DC Bar No. 417178)
Catherine K. Connelly
(MA Bar No. 649430)
William R. Cowden
(DC Bar No. 426301)
Assistant United States Attorneys
555 4th Street, N.W.
Washington, DC  20530
(202) 353-9431, 616-3384, 307-0258
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov
William.Cowden@usdoj.gov