UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE, COMMENTS, AND ARGUMENTS TO THE JURY REGARDING
DEFENDANT'S CLAIM OF SELECTIVE AND/OR POLITICAL PROSECUTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this motion *in limine* to preclude at trial evidence, comments, and arguments regarding the defendant's claim of selective and/or political prosecution of her. Such claims are legal issues for the Court to decide, not the jury. Accordingly, such evidence, comments, and argument to the jury would be irrelevant and improper.

### A. Factual Background

1. In June of 2004, United States Postal Inspection Service and Internal Revenue Service, Criminal Investigative Division, began a joint investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail.

3. Defendant has filed numerous motions claiming selective and/or political prosecution. See Dkt. No. 63; Dkt. No. 106 at 23-26; Dkt. No. 126 at 20-21; as well as an under seal pleading filed on October 29, 2007. The government has opposed these motions. See Dkt. No. 77 at 5-12; Dkt. No. 117 at 26-28; and Dkt. No. 139, as well as its under seal pleading filed on November 1, 2007.

4. With regard to defendant's selective prosecution motions, in their various forms, the Court has already denied a motion to dismiss the indictment due to alleged selective prosecution, as well as defendant's alternative request for discovery relating to the decision to prosecute her. Dkt. No. 89 at 3-7. The Court also denied defendant's request for subpoenas to witnesses and a hearing on her claim of political prosecution. Dkt. No. 136 at 13.[1] Finally, the Court considered supplemental materials submitted by defendant on her claim, including what the Court referred to as "information regarding the current political climate which has no logical nexus to this case," which "fail[ed] to evidence, or even suggest, any discriminatory purpose for Defendant's prosecution." Dkt. No. 152 at 1.[2] Accordingly, the Court denied "Defendant's Motion to Set Pretrial Evidentiary Hearing and Issue Subpoenas relating to Defendant's allegation of selective prosecution[.]" Id. at 2.

---

[1] What defendant calls a claim of "political prosecution" is, at most, a form of selective prosecution, that is, "the decision to prosecute may not be 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification,' . . . including the exercise of protected statutory and constitutional rights." Wayte v. United States, 470 U.S. 598, 607-08 (1985).

[2] The Court, by Order filed on October 22, 2007, required that "Defendant shall file *ex parte* the additional material in support of Defendant's claim of selective prosecution[.]" Dkt. No. 142. Pursuant to an unopposed motion by the government, Dkt. No. 145, this Order was modified to require defendant's submission be under seal, not *ex parte*. Dkt. No. 146. On October 29, 2007, defendant submitted these supplemental materials under seal. The government responded in opposition under seal on November 1, 2007.

5. Despite these prior Court rulings against her, defendant and her counsel have made a number of statements that lead the government to believe that she intends to attempt to offer evidence, question witnesses, and make arguments to the jury on her claim of selective and/or political prosecution.

### B. Discussion

Defenses based on selective prosecution are to be decided by the district court prior to trial and not by the jury. See, e.g., United States v. Abboud, 438 F.3d 554, 579-80 (6th Cir.) cert. denied __ U.S. __, 127 S.Ct. 446 (1996) (trial court properly prevented defendant from presenting evidence of selective prosecution; "a 'defense' of selective prosecution is a matter for the court, not the jury."); United States v. Regan, 103 F.3d 1072, 1082 (2nd Cir. 1997), cert. denied, 521 U.S. 1106 (1997) ("Because it involves a 'defect in the institution of the prosecution,' the selective prosecution defense is an issue for the court rather than the jury."); United States v. Jones, 52 F.3d 924, 927 (11th Cir.), cert. denied, 516 U.S. 902 (1995) (holding selective prosecution is an issue for the court to decide); United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[Defendant] also argues that the issue of selective prosecution should have gone to the jury and not have been decided by the trial court. On the contrary, the issue of selective prosecution is one to be determined by the court . . . as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged."). This rule exists because such a claim "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996).

Evidence, comments, and arguments by defendants seeking to attack the prosecution's motives in initiating prosecution is routinely excluded. See Abboud, 438 F.3d at 579-80 (defendant's proposed cross-examination that was intended to present a defense of selective prosecution properly precluded); Regan, 103 F.3d at 1082 (prohibiting the defendant from presenting his claim that the Government staged its investigation in order to elicit his lies in defense of his perjury charge); United States v. Bryant, 5 F.3d 474, 476 (10th Cir. 1993) (upholding prohibition of cross-examination as to how defendant came to be charged in federal court rather than state court); United States v. Schmidt, 935 F.2d 1440, 1449- 1450 (4th Cir. 1991) (refusal to give a requested instruction on selective prosecution); United States v. LaRouche, 896 F.2d 815, 826 (4th Cir.), cert. denied, 496 U.S. 927 (1990) (affirming exclusion of evidence regarding Government's law enforcement and intelligence activities aimed at defendants because not relevant to any jury issue.); United States v. Lopez, 854 F. Supp. 57, 60 (D. P.R. 1994) (evidence which involved various claims regarding defendant's influence in the selection of the next United States Attorney for Puerto Rico excluded because it had "no bearing whatsoever on whether the defendant committed the crimes alleged.""); United States v. Napper, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) (defendant barred from presenting to the jury a defense that "her prosecution was selectively brought as part of a concentrated government effort to suppress the activities of the original Hebrew Israelite Nation of Jerusalem, a religious organization commonly known as the Black Hebrews").

### C. Conclusion

For all of the foregoing reasons, the United States respectfully requests that this Court grant the government's motion *in limine* and preclude evidence, comments, and arguments at trial regarding defendant's claim of selective and/or political prosecution.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*

Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 07-046 (JR)** |
| | **:** | |
| v. | **:** | |
| | **:** | |
| **DEBORAH JEANE PALFREY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## ORDER

This matter comes before the Court on the Government's Motion *In Limine* to Preclude Evidence, Comments, and Arguments to the Jury on Defendant's Claim of Selective and/or Political Prosecution. Upon review of the motion and the entire record, the Court concludes that good cause exists to grant the motion.

THEREFORE, it is this _____ day of _____, 2007, hereby

**ORDERED** that the motion is **GRANTED** and that evidence, comments, and arguments regarding defendant's claims of selective and/or political prosecution should not be brought before the jury in the above-referenced matter.

_____
THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT COURT JUDGE
FOR THE DISTRICT OF COLUMBIA

**cc:** Counsel of Record via ECF