UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

              PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

              DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-JR

DEFENDANT'S FOURTH MOTION TO
DISMISS THE INDICTMENT

Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel, moves to dismiss the indictment for violation of her fundamental right to a fair trial by this Court, and for grounds in support states:

## I. SUMMARY OF ARGUMENT

Due process requires a fair trial in a fair tribunal. *Turner v. Louisiana*, 379 U.S. 466 (1965). Here, by this Court publically disclosing Defendant's *ex parte* subpoena requests, Defendant's trial theories and evidence has been laid bare to the government thereby so prejudicing the Defendant as to deny her any chance of a fair trial. Accordingly, this indictment must be dismissed.

## II. BACKGROUND

On October 28, 2007, Defendant file her "*Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees." That motion was made pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment, and Federal Rules of

Criminal Procedure Rule 17(b)[1] as Defendant is indigent and thus cannot employ Rule 17(a)[2].

Concurrently, Defendant moved pursuant to LCrR 49.1(h)[3] for an order sealing her *"Ex Parte*

*Application* for Issuance of Subpoenas and Payment of Costs and Fees" from the government and

public view and for grounds in support thereof stated:

> To disclose to the government or the public Defendant's request for
> *Ex Parte* Application for Issuance of Subpoenas and Payment of
> Costs and Fees would disclose Defendant's trial strategy to her
> detriment and violate Rule 17(b).  In so much as this Court has
> recognized the inappropriateness of allowing the Defendant to
> "preview the government's theories or evidence", [D.E. #89, p. 35],
> the same respect should be accorded to the Defendant's theories or
> evidence.

On November 13, 2007, Judge Kessler granted both motions. Copies of those orders are

attached.  Remarkably, in her **sealed** order she listed <u>all</u> of the agencies and individuals that

Defendant sought subpoenas for and <u>*directed that the order be served on every deponent*</u>.

Hence, in very short order the "sealed" order was *de facto* no longer sealed and the

government became aware of not only the government agencies subpoenaed, but also <u>all</u> the non-

federal government agencies and individuals from whom the Defendant sought information by

---

[1]    "Defendant Unable to Pay. Upon a defendant's *ex parte* application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas."

[2]    "The clerk must issue a blank subpoena-signed and sealed-to the party requesting it, and that party must fill in the blanks before the subpoena is served."

[3]    "Absent statutory authority, no cases or documents may be sealed without an order from the Court. Any pleading filed with the intention of being sealed shall be accompanied by a motion to seal. The  document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the pleading being placed on the public record."

subpoena.

On November 20, 2007, the National Security Agency was served with one of the subpoenas which contained a copy of the November 13, 2007, thereby alerting the government of the Defendant's witness list, defense theories and trial tactics.

Thereafter, at the hearing held before this Court on December 14, 2007, with reporters from the Washington Post and the WTOP in the audience, the Court announced the existence and scope or the subpoenas.

III.   DISCLOSING OF DEFENDANT'S TRIAL THEORIES AND EVIDENCE DENIES DEFENDANT A FAIR TRIAL

Plainly: "The Government has no obligation to disclose possible theories of the defense to a defendant." *United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir.1988).  And indeed, "For a defendant, there are serious consequences stemming from enduring two trials on a single set of criminal charges. Among other things, **the government may gain an advantage at the second trial for having seen the defense case at the first trial**." *U.S. v. Julien*, 318 F.3d 316, 318 (1st Cir. 2003).

Here, Defendant suffers that prejudice <u>before</u> even the <u>first</u> trial in four regards:

First, as to the Police Agencies[4] from which Defendant sought records, the government is

_____

[4]   1.   Metropolitan Police Department of the District of Columbia
2.   Maryland State Police
3.   Anne Arundel County Police Department
4.   Anne Arundel County Sheriff's Office
5.   Baltimore County Police Department
6.   Baltimore County Sheriff's Office
7.   Howard County Police Department
8.   Howard County Sheriff's Department
9.   Montgomery County Police Department
10.   Prince George's County Police Department

3

now apprised that a significant element of Defendant's defense will be arguing that during her thirteen (13) year operational history, her escort agency was <u>never</u> investigated by any of the twenty (20) police agencies in the Metro-DC area.  As such, the government now having notice of this defense, can prepare a counter-argument to refute – before or after Defendant presents this evidence – this argument and mute its impact on the jury.

Second, by disclosing the existence of the H&R Block and Mr. Rofkahr subpoenas, the government is alerted that Defendant will rely heavily in her defense upon the fact that she reported her income properly and paid taxes on that income.  Moreover, the Defendant also properly provided IRS Form 1099s to all the escorts in order to comply with independent contractor reporting requirements.  Again, having advance notice of this fact will allow the government to prepare a counter-argument that may undercut the impact on the jury in this regard.

Third, by giving the government advance notice that the Defendant intends to call Messrs. Tobias, Vitter, and Ullman, the Defendant's strategy of calling these witnesses allows the government to use its substantial and persuasive powers to contact these witnesses to induce them to color their testimony before trial in a manner that prejudices the Defendant.  Simply stated, as a practical manner, unless Defendant is allowed to locate and communicate with witnesses the government has <u>not</u> already cowered by threat of prosecution into adopting the government's party

---

| 12. | Prince George's County Sheriff's Department |
| 13. | Baltimore Police Department |
| 14. | Arlington County Police Department |
| 15. | Arlington County Sheriff's Office |
| 16. | Fairfax County Police Department |
| 17. | Fairfax County Sheriff's Office |
| 18. | Prince George County Sheriff's Office |
| 19. | Prince George County Police Department |
| 20. | Alexandria City Police Department |

4

line, the Defendant will be denied a fair trial.

Last, by disclosing the existence of the subpoenas upon ABC News and Larry Flynt Productions, Inc., the government is alerted to fact that Defendant has good reason to believe that these news agencies have obtained significant information concerning relevant witnesses and government malfeasance which – for lack on independent verification and hampered by the libel laws of the United States – they are unwilling to publically release.  However, Defendant, suffering no such restriction in a criminal trial, could release that information to her benefit at her trial.  This Court must not underestimate the reach of the government and its ability to destroy such evidence[5].

Plainly, the *ex parte* permission contained in Federal Rules of Criminal Procedure Rule 17(b) has a important purpose in securing a fair trial.  "It is well established that the purpose of Rule 17(b) "is to 'shield the theory of [a] defense from the prosecutor's scrutiny.' " *United States v. Brinkman*, 739 F.2d 977, 980 (4th Cir. 1984) (quoting *United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir. 1973)). The Advisory Committee Notes refer to the need for a process by which defendants unable to pay the fees of a witness necessary to an adequate defense may obtain the issuance of a subpoena without disclosing in advance the theory of the defense. *See, e.g.*, Fed. R. Crim. P. 17(b) advisory committee's note to 1966 Amendment. However, even when there has been a Rule 17(b) violation the defendant can obtain relief only upon a showing "that he was prejudiced by the failure to comply with the rule." *Meriwether*, 486 F.2d at 506."  *United States v Scott*, 223 F.3d 208, 211 (3rd Cir. 2000).

Indeed, as noted in *United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir. 1973), *cert. denied*, 417 U.S. 948 (1974):

---

[5]    "CIA chief: Agency 'could have done better' on interrogation tapes".

The names of witnesses to be called by the defendant could easily aid the government in determining the strategy the defendant plans to use at trial. The government should not be able to obtain a list of adverse witnesses in the case of a defendant unable to pay their fees when it is not able to do so in the cases of defendants able to pay witness fees. When an indigent defendant's case is subjected to pre-trial scrutiny by the prosecutor, while the monied defendant is able to proceed without such scrutiny, serious equal protection questions are raised, and it appears that a major reason for the amendment was to avoid such questions. See *Douglas v. People of California*, 372 U.S. 353 (1963) and *Griffin v. People of Illinois*, 351 U.S. 12 (1956). We note that the Court of Appeals for the First Circuit has announced a like interpretation of the rule. *Holden v. United States*, 393 F.2d 276 (1st Cir. 1968). See also *United States v. Sutton*, 464 F.2d 552 (5th Cir. 1972).

In *Meriwether*, the court declined to reverse the defendant's conviction holding: "defendant is required to show that he was prejudiced by the failure to comply with the rule. Here he has failed to make such a showing. **The major factor which causes us to reach this conclusion is that this was not the first, but the second trial of the same charges against the defendant**." *Id*. at 506.

In the instance case, this will be Defendant's <u>first</u> trial and as such the prejudice to her is <u>not</u> attenuated as it was in *Meriwether*.

## IV.  CONCLUSION

"A system of law that not only makes certain conduct criminal, but also lays down the rules for the conduct of authorities, often becomes complex in its application to individual cases, and will from time to time produce imperfect results, especially if one's attention is confined to the particular case at bar. Some criminals do go free because of the necessity of keeping government and its servants in their place. That is one of the costs of having and enforcing a Bill of Rights. This country is built on the assumption that the cost is worth paying, and that in the long run we are all both freer and safer if the Constitution is strictly enforced." *Williams v. Nix*, 700 F.2d 1164, 1173 (8th Cir.

1983).

Here, given the prejudice Defendant has suffered by her witnesses, trial theories and tactics being disclose to the government by this Court's revelations concerning the Rule 17(b) *ex parte* subpoena requests, the indictment <u>must</u> be dismissed.

Such a *mea culpa* by this Court is necessary and appropriate for a healthy judicial system which must recognize it is not infallible and its errors cannot serve to harm an accused.

Auspiciously, this is <u>not</u> a case where an individual accused of a *malum pre se* crime will go scot-free to the outrage of the public. Conversely, Defendant is charged <u>only</u> with crimes *malum prohibitum* and this Court can rest assured that <u>no</u> angry mob of "victims" and outraged citizens will be picketing the Courthouse.  Instead, literally hundreds of individuals and their families will breath a huge sigh of relief that they will not have to be put through a <u>very</u> public trial by the federal government on the morality of their personal (and often peculiar) sexual decisions – a power never granted to the federal government in the first instance.

WHEREFORE, for the reasons afore-said, this instant indictment must be dismissed.

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served pursuant to CM/ECF upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 18, 2007.

MONTGOMERY BLAIR SIBLEY
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax


By:  /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,     :
                              :
          v.                  :        Criminal No. 07-46 (GK)
                              :
DEBORAH JEANE PALFREY,        :        FILED
                              :
          Defendant.          :        NOV 1 3 2007
                              :
                                       NANCY MAYER WHITTINGTON, CLERK
                     ORDER             U.S. DISTRICT COURT

        This matter is before the Court on Defendant's *Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees. Upon consideration of all materials submitted and relevant precedent, the Court directs the U.S. Marshals Service to serve Subpoenas, returnable December 15, 2007, at defense counsel's office, upon the below-listed parties.

        **WHEREFORE** it is this _13th_ day of _November_, 2007, hereby

        **ORDERED** that Defendant's *Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees is **denied in part** and **granted in part**; it is further

        **ORDERED** that the U.S. Marshals Service effect service of subpoenas upon the following parties:

        1.   Verizon Legal Compliance, 99 Shawan Rd., Rm. 133, Cockeysvilie, MD 21030;

        2.   AT&T Mobility, 1506 Wisconsin Ave., NW, Washington, DC 20007-2738;

(N)

3.   Sprint, 2001 M St., NW, Washington, DC 20036;

4.   T-Mobile, 3225 14th St., NW, Washington, DC 20010;

5.   Verizon Wireless, 1331 Pennsylvania Ave., NW, Washington, DC 20004;

6.   Alltel, 601 Pennsylvania Ave., NW, Washington, DC 20004;

7.   Metropolitan Police Department of the District of Columbia, 1215 3rd St., NE, Washington, DC 20002;

8.   Maryland State Police, 108 Carroll Dr., Annapolis, MD 21403;

9.   Anne Arundel County Police Department, 80 West St., Annapolis, MD 21401;

10.  Anne Arundel County Sheriff's Office, 7 Church Circle, PO Box 507, Annapolis, MD 21401;

11.  Baltimore County Police Department, 700 E. Joppa Rd., Towson, MD 21286;

12.  Baltimore County Sheriff's Office, Courts Bldg., 401 Bosley Ave., Towson, MD 21204;

13.  Howard County Police Department, 3410 Courthouse Dr., Ellicott City, MD 21043;

14.  Howard County Sheriff's Department, 8360 Court Ave., Ellicott City, MD 21043;

15.  Montgomery County Police Department, 1451 Seven Locks Rd., Rockville, MD 20854;

16. Prince George's County Police Department, 7600 Barlowe Rd., Landover, MD 20785;

17. Baltimore Police Department, 500 East Baltimore St., Baltimore, MD 21202;

18. Arlington County Police Department, 1425 N. Courthouse Rd., Arlington, VA 22201;

19. Arlington County Sheriff's Department, 1425 N. Courthouse Rd., Arlington, VA 22201;

20. Fairfax County Police Department, 4100 Chain Bridge Rd., Fairfax, VA 22030;

21. Fairfax County Sheriff's Office, 10459 Main St., Fairfax, VA 22030;

22. Alexandria City Police Department, 2003 Mill Rd., Alexandria, VA 22314;

23. Internal Revenue Service, Criminal Investigations Division, 500 N. Capitol St., NW, Washington, DC 20221;

24. FBI Washington, Washington Metropolitan Field Office, 601 4th St., NW, Washington, DC 20535-0002;

25. Department of State, Bureau of Diplomatic Security, U.S. Department of State, Washington, DC 20522-2008;

26. Department of State, Bureau of Intelligence and Research, 2201 C St., NW, Washington, DC 20520;

27. United States Postal Inspection Service, 10500 Little Patuxent Pkwy., Ste. 200, Columbia, MD 21044-3509;

-3-

28. Office of the Director of National Intelligence, Washington, DC 20511;

29. Central Intelligence Agency, Washington, DC 20505;

30. Defense Intelligence Agency, 200 Macdill Blvd., Bolling Air Force Base, Washington, DC 20340;

31. National Security Agency, 9800 Savage Rd., Fort George Gl Meade, MD 20755-6000;

32. Record Custodian, ABC News, 7 West 66th St., New York, NY 10023;

33. Record Custodian, LFP, Inc., 8484 Wilshire Blvd., Ste. 900, Beverly Hills, CA 90211-3227;

34. H&R Block, Ken Nofkahr, 4003 Sonoma Blvd., Ste. 116, Vallejo, CA 94591;

35. Randaijl L. Tobias, 1111 23rd St., NW, South 3A, Washington, DC;

36. Harlan Ullman, 1245 29th St., NW, Washington, DC 20007-3352; and

37. Hon. David Vitter, 516 Hart Senate Office Bldg., Washington, DC 20510.

Nov. 13, 2007
_____
Date

Gladys Kessler
_____
Gladys Kessler
United States District Judge

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 07-46 (GK) |
| | : | SEALED |
| DEBORAH JEANE PALFREY, | : | **FILED** |
| | : | |
| Defendant. | : | NOV 1 3 2007 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION

This matter is before the Court on Defendant's *Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees. Upon consideration of Defendant's Motion, the applicable case law, and the entire record herein, and for the reasons stated below, Defendant's *Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees is **granted in part** and **denied in part**.

The Court will issue a separate order directing the U.S. Marshals Service to serve subpoenas *duces tecum* upon the specific parties the Court identifies below as proper recipients for Defendant's subpoenas. That order will also require that those being subpoenaed produce the documents requested by **December 15, 2007** to the offices of Defendant's counsel in the District of Columbia, rather than to the federal courthouse. The Court grants Defendant's request to keep these subpoena applications confidential and is therefore sealing this Opinion and its accompanying Order. However, the subpoenas are to be served with

'N)

a copy of this Opinion and Order, so that those subpoenaed
understand the context in which the applications have been granted.

### 1.    Verizon and Cellular Telephone Companies

Defendant requests that the Court issue subpoenas *duces tecum*
to Verizon, AT&T Mobility, Sprint Nextel, T-Mobile USA, Verizon
Wireless, and Alltel for "telephone records of customers and other
escort agencies operating in the District of Columbia."   That
request is hereby **granted.**

### 2.    Metro-D.C. Vice Squads

Defendant also requests this Court to issue subpoenas *duces
tecum* to the following police agencies for all records relating to
the investigation of Jeane Palfrey and Pamela Martin & Associates,
as well as all records relating to investigations of escort
services in general from 2000 to 2007:

1.  Metropolitan Police Department of the District of
    Columbia

2.  Maryland State Police

3.  Anne Arundel County Police Department

4.  Anne Arundel County Sheriff's Office

5.  Baltimore County Police Department

6.  Baltimore County Sheriff's Office

7.  Howard County Police Department

8.  Howard County Sheriff's Department

9.  Montgomery County Police Department

-2-

10.   Prince George's County Police Department[1]

11.   Baltimore Police Department

12.   Arlington County Police Department

13.   Arlington County Sheriff's Department

14.   Fairfax County Police Department

15.   Fairfax County Sheriff's Office

16.   Alexandria City Police Department

The Court grants Defendant's request that the above-listed police agencies produce all records relating to the investigation of Jeane Palfrey and Pamela Martin & Associates. As to Defendant's request that the subpoenaed police agencies produce all records relating to the investigation of escort services from 2000 to 2007, the Court finds that granting this request would be unduly burdensome to the various police agencies. Even if such evidence proved to be admissible, its probative value would be outweighed by the likelihood that it would confuse and distract the jury. Therefore, Defendant's request for the issuance of subpoenas to local police agencies is **denied in part** and **granted in part**.

---

[1]Defendant separately requests a subpoena for "Prince George's County Police Department" and "Prince George County Police Department." As the subpoenas submitted by Defendant for "Prince George's County" and "Prince George County" police departments are identical in both address and substance, the Court assumes that the inclusion of identical subpoenas was a clerical error on the part of Defendant, and therefore will issue only one subpoena to the Prince George's County Police Department.

-3-

### 3.   Federal Agencies

Defendant asks this Court to issue subpoenas to various federal agencies for all records relating to the investigation of Jeane Palfrey and Pamela Martin & Associates, as well as all records relating to investigations of escort services in general from 2000 to 2007.   The agencies for which Defendant requests subpoenas include:

1.   Federal Bureau of Investigation

2.   Department of State - Diplomatic Security Service

3.   Internal Revenue Service Criminal Investigations Division

4.   United States Postal Inspection Service

5.   Office of the Director of National Intelligence

6.   Central Intelligence Agency

7.   Defense Intelligence Agency

8.   National Security Agency

9.   Department of State - Bureau of Intelligence and Research

Defendant is entitled to records relating to the investigation of Jeane Palfrey and Pamela Martin & Associates that are in the custody of these federal agencies.  However, Defendant has failed to show  good cause sufficient for this Court to require the above-listed federal agencies to produce documents relating to investigations of escort services generally from 2000 to 2007. Therefore Defendant's request is **denied** as to that purpose.

With respect to the IRS, the Court finds that the Defendant is

-4-

entitled to all records that relate to Defendant and Pamela Martin & Associates, as well as all copies of 1099s Ms. Palfrey has filed with the IRS from 1996 to 2007.  As with Defendant's requests to the other federal agencies, however, Defendant has failed to show good cause for why she is entitled to all records in the custody of the IRS relating to escort services from 2000 to 2007.  The Court therefore **grants in part** and **denies in part** Defendant's request for a subpoena requiring production of documents by the IRS and other federal agencies.

### 4.    ABC News and Larry Flynt Productions, Inc.

The Court **grants in part** and **denies in part** Defendant's request that subpoenas be issued to ABC News and Larry Flynt Productions, Inc.[2] for the production of records relating to the investigation of Jeane Palfrey, Pamela Martin & Associates, and escort services from 2000 to 2007.  Defendant has failed to show good cause as to why she is entitled to all records in the custody of ABC News and Larry Flynt relating to the investigation of escort services from 2000 to 2007.  Therefore Defendant's request is **denied** as to that purpose.

### 5.    H&R Block

---

[2]The subpoenas submitted to the Court by Defendant's counsel for ABC News, Larry Flynt Productions, and H&R Block improperly denominated the court issuing the subpoenas.  The Court has made the appropriate correction to these subpoenas, so that all subpoenas now list the  United States District Court, District of Columbia as the issuing court.

The Court **grants** Defendant's request that a subpoena be issued to H&R Block for production of records relating to the preparation of tax returns for Defendant and Pamela Martin & Associates, as well as for production of accountant work papers, notes, correspondence, and all records of communications between H&R Block and Defendant.

### 6.    Messrs. Tobias, Vitter, and Ullman

The Court also **grants** Defendant's request that a subpoena be issued to Messrs. Tobias, Vitter, and Ullman for all records relating to Defendant and/or Pamela Martin & Associates.

An Order will issue with this Memorandum Opinion.

Nov. 13, 2007

Gladys Kessler
United States District Judge

-6-