UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
SECOND MOTION TO COMPEL DISCLOSURE (DKT. NO. 224)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's Second Motion to Compel Disclosure. The government informed defendant that because of the case agent's unavailability until after the first of the year, it would need to wait until then to provide the relevant discovery. Defendant's motion seeks to compel disclosure of the relevant documents before then. As discussed below, this motion is without merit and should be summarily denied.

**A. Factual Background**

1. In June of 2004, the United States Postal Inspection Service ("USPIS") and the Internal Revenue Service Criminal Investigation Division ("IRS - CID") began a joint investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On October 4, 2006, Postal Inspectors and IRS Agents executed a search warrant at the defendant's residence at 803 Capitol Street, Vallejo, California. Agents seized, *inter alia*, checks, deposit slips, appointment books, ledgers, tax returns, bank statements, and files that the defendant maintained on her employees and her employees' activities.

3. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against the defendant, charging her with numerous federal violations including RICO, interstate

transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail.

4. The government has provided significant discovery to the defendant, including documents taken during the execution of the search warrant, with certain personal information (e.g. social security numbers, dates of birth,) of non-party individuals, redacted.

5. On Friday, December 14, 2007, the Court ordered the government to permit defense counsel, in a controlled environment, to view original, unredacted versions of documents seized from her home.

6. Later on December 14, 2007, defense counsel emailed the government, requesting the government to make arrangements for him to view the documents on December 20, 2007.

7. On Monday, December 17, 2007, the government informed defense counsel that he would be able to view the documents after January 1, 2008, but that a review prior to that date would be impossible because of the unavailability of the case agent.

8. On December 18, 2007, defendant filed the instant motion to compel earlier review.

### B. Discussion

The majority of the discussion in defendant's motion is merely a repetition of the two prior motions she filed on this issue. See Dkt. Nos. 166 and 217. Since the government already responded to these motions, it will not repeat its arguments here, and instead respectfully refers the Court to those responses, see Dkt. Nos. 189 and 221, and the Court's order denying an earlier motion to compel. Dkt. No. 208 at 3.

In response to the new, similarly unfounded allegations, the government responds as follows.

As the Court is well aware, the United States Attorney's Office generally does not maintain evidence at its office. Instead, the respective investigative agency maintains evidence in criminal matters to maintain the integrity of the chain of custody of such evidence. In this case, the evidence seized from the defendant's home is maintained by the USPIS, and specifically by Postal Inspector Maria Couvillon. As such, in order for defense counsel to review the evidence requested, Inspector Couvillon must retrieve the evidence from a secure location within the USPIS and transport it to the United States Attorney's Office. Inspector Couvillon is on leave until December 31, 2007, and, in fact, is in Asia until on or about December 24, 2007, on a trip that was planned months ago. The government has no way of reaching Inspector Couvillon while she is out of the country. Furthermore, Inspector Couvillon is the only local Postal Inspector who was present in California during the execution of the search warrant. As such, to the extent that the evidence seized from the defendant's home is stored with other evidence collected in this case, Inspector Couvillon is uniquely qualified to distinguish the evidence seized during the execution of the search warrant from other evidence which is not covered by the Court's order.[1]

Based on this situation, and the intervening holidays, the government informed defense counsel that the evidence will be available for review after January 1, 2008. Defendant's claim that this is some sort of stalling tactic on behalf of the government is not true; Inspector Couvillon simply had a previously planned trip out of the country, followed by preplanned leave for the holidays. Furthermore, this brief delay will not prejudice the defendant, as trial in this matter is still over three months away.

---

[1] Pursuant to the Court's December 14, 2007 oral order, Agent Couvillon will not be present when defense counsel reviews the documents. However, as noted above, she will collect the documents from the USPIS office and transport them to and from the United States Attorney's Office to maintain chain of custody and organization.

3

### C. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's Second Motion to Compel should be denied.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>DC Bar No. 498610
>
>/ s / *Daniel P. Butler/Catherine K. Connelly*
>_____
>Daniel P. Butler
>DC  Bar No. 417178
>Catherine K. Connelly
>Mass.  Bar No. 649430
>Assistant United States Attorneys
>555 4th Street, NW
>(202) 353-9431, 616-3384
>Washington, D.C.  20530
>Daniel.Butler@usdoj.gov
>Catherine.Connelly2@usdoj.gov