UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S OPPOSITION TO
GOVERNMENT'S MOTION TO QUASH
SUBPOENA SERVED ON NATIONAL
SECURITY AGENCY

Defendant Deborah Jeane Palfrey, by and through her undersigned counsel, opposes the

government's Motion to Quash Subpoena Served on National Security Agency ("NSA") and states:

I.    BACKGROUND

On October 28, 2007, Defendant filed her "*Ex Parte* Application for Issuance of Subpoenas

and Payment of Costs and Fees."  Concurrently, Defendant moved pursuant to LCrR 49.1(h) for an

order sealing her *"Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees"

from the government and public view and for grounds in support thereof stated:

> To disclose to the government or the public Defendant's request for
> *Ex Parte* Application for Issuance of Subpoenas and Payment of
> Costs and Fees would disclose Defendant's trial strategy to her
> detriment and violate Rule 17(b).  In so much as this Court has
> recognized the inappropriateness of allowing the Defendant to
> "preview the government's theories or evidence", [D.E. #89, p. 35],
> the same respect should be accorded to the Defendant's theories or
> evidence.

Additionally, in her *Ex Parte* Application, the Defendant proffered an extensive showing to Judge

Kessler of the reasons for the pretrial document production requests thereby satisfying Judge Kessler

that Defendant had met the standard for securing pretrial document production under Federal Rule

1

of Criminal Procedure 17(c).  In particular, Defendant satisfied Judge Kessler that the information

she sought in each category was relevant, admissible, and specific as required by *United States v.*

*Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006)(adopting the standard set out by *United States v. Nixon*,

418 U.S. 683, 700 (1974)).

Accordingly, on November 13, 2007,  Judge Kessler – who had lived with this case since its

inception – granted both motions.

On November 20, 2007, the National Security Agency was served by the U.S. Marshal's

Service with one of the subpoena *duces tecum* issued by Judge Kessler.

Curiously, eight (8) days later on November 28, 2007, this matter was transferred from Judge

Kessler to Judge Robinson by Judge Huvelle in her capacity as Chair of the Calendar Committee.[1]

A copy of that transfer order is attached.

---

[1]    This transfer was apparently made <u>without</u> any granted authority found in the Local
Rules which require: (i) random assignment of cases (LCvR 40.3(a)), (ii) that all proceedings in a
case after its assignment shall be conducted by the judge to whom the case is assigned ( (LCvR
40.3(f)) and (iii) limits the Calendar Committee to determine and indicate by order the frequency
with which each judge's name shall appear in each designated deck to effectuate an even distribution
of cases among the active judges. (LCrR 57.10(a)(1)).

Notably here, after inquiry by Defendant's counsel and two journalists, the Clerk was unable
to produce any documentation related to the transfer of this Case other than the order of November
28, 2007, thereby ruling out: (i) a LCrR 57.13(a) "Transfers by Consent" or (ii) a LCrR 57.13(c)
transfer pursuant to LCrR 45.1 considerations – either of which should have produced memorandum
documenting the basis for the transfer to avoid – if only for the sake of appearances – the *vitiation*
of the random assignment system. *Accord*: *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987)(While
parties do not have a due process right to the random assignment of cases, a judge may not assign
a case in order to affect its outcome.)

## II.    JUDGE KESSLER'S ORDERS SHOULD NOT BE DISTURBED

" Under the doctrine of the law of the case, courts generally will not revisit issues that have already been adjudicated." *U.S. v. Perry*, 111 F.3d 963 (D.C. Cir. 1997).

Here, Judge Kessler has already adjudicated Defendant's "*Ex Parte* Application for Issuance of Subpoenas" after due consideration of the reasons advance by Defendant in support of that *Ex Parte* Application.  Moreover, this adjudication was done by Judge Kessler who enjoyed a broad understanding of the various issues in this matter, its extensive history and the resident equities as a result.  Plainly put, Judge Kessler enjoyed a perspective this Court cannot quickly match absent a full understanding of the two hundred plus (200+) pleadings and the four related civil matters.

Thus, the government's assertion that Defendant has not produce a "scintilla of evidence"[2] was reckless as being made <u>without</u> knowledge of exactly what Defendant <u>did</u> proffer to Judge Kessler as Defendant's application was made *ex parte* as expressly permitted by Rule 17.

Accordingly, it would be unseemly for this Court – particularly given the curious timing and lack of documentation for the reassignment of this matter – to re-visit Judge Kessler's determination as to the sufficiency of Defendant's "*Ex Parte* Application for Issuance of Subpoenas" as the government specifically requests.

## III.    THE SIXTH AMENDMENT TRUMPS THE NATIONAL SECURITY ACT

As the primary basis for quashing the subpoenas, the government claims pursuant to Fed. R. Crim. P. 17(c)(2), that the subpoena to the NSA is "unreasonable and oppressive."  This argument

---

[2]        "To date, defendant has provided not a scintilla of evidence to support a good faith belief that the NSA is in possession of any material that is relevant and admissible under the Rule 17(c) standards. Given the broad description of materials sought by defendant, this appears to be merely a fishing expedition"

is based upon the assertion that it is "unreasonable and oppressive" to: (i) acknowledge the existence or nonexistence of responsive documents[3] and (ii) such a response is prohibited by "section 6 of the National Security Agency Act of 1959; 18 U.S.C. § 798; and Section 102A(i)(1) of the Intelligence Reform and Terrorism Prevention Act of 2004.[4]

Regrettably for the government, the government's interest in protecting the information sought "must yield to the defendant's Sixth Amendment right, based upon a proper showing, to access evidence critical to his defense." *United States v. Rivera*, 412 F.3d 562, 569 (4th Cir. 2005). Indeed, the compelling nature of Defendant's right to access witnesses even in the face of grave national security concerns was recognized in *United States v. Moussaoui*, 382 F.3d 453 (4th Cir.2004), *cert. denied*, 544 U.S. 931 (2005), where the court stated:

> The importance of the Sixth Amendment right to compulsory process is not subject to question – it is integral to our adversarial criminal justice system. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the

---

[3]     "Moreover, to the extent that defendant's subpoena could be interpreted to encompass a request for information on whether Jean Palfrey and Pamela Martin & Associates were subject to surveillance by the NSA, then the subpoena is unreasonable and oppressive. That is, NSA could not conduct a search for responsive documents as it could not acknowledge the existence or nonexistence of responsive documents."  (Gov. NSA Motion to Quash, p. 3).

[4]     Notably, the government proffers no evidence as to the actual burden complying with the subpoena will cause.  The "burden of proving that a subpoena is oppressive is on the party moving to quash." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C.Cir.1984). Whether a burdensome subpoena is reasonable "must be determined according to the facts of the case," such as the party's need for the documents and the nature and importance of the litigation." *Id*. at 407. *Compare*: *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) ("The FBI submitted an affidavit estimating that the additional search would require up to 2142 person-hours.)

function of the courts that compulsory process be available for the
production of evidence needed either by the prosecution or by the
defense. To state the matter more succinctly, few rights are more
fundamental than that of an accused to present witnesses in his own
defense.

*Id*. at 471 (internal citations and quotations omitted).

In confirming that the defendant in *Moussaoui* did have a Sixth Amendment right which
superceded national security concerns, the court went on to recognized that: "the compulsory process
right does not attach to any witness that the defendant wishes to call. . . Once a defendant
demonstrates that a witness can provide testimony material to his defense, then the government's
interest in its evidentiary privilege must give way. The proper course in that case 'is for the district
court to order production of the evidence or the witness and leave to the Government the choice of
whether to comply with that order.' *Moussaoui*, 382 F.3d at 474. 'If the government refuses to
produce the information at issue--as it may properly do--the result is ordinarily dismissal.'" *Rivera*
at 570.

The government's citations to *In re Motion for Release of Court Records*, Mem. Op., Dkt.
No: Misc. 07-01 (FISC Dec. 11, 2007) and *Haig v. Agree*, 453 U.S. 280, 307 (1981) are unavailing.
*Motion for Release of Court Records* dealt solely with arguments raised under the First
Amendment's right to access court records while *Haig* dealt solely with the First Amendment right
to criticize Government policies and whether the failure to accord a pre-revocation of his passport
hearing violated his Fifth Amendment right to procedural due process. Neither addressed the Sixth
Amendment right raised by Defendant here.

Judge Kessler has already made the determination that the NSA can provide information
material to Defendant's defense based upon her review of Defendant's *Ex Parte* Application. Hence,

5

the choice is now the government's: produce the information or suffer a dismissal of this matter.

## IV.    CONCLUSION

This Court should <u>not</u> re-visit the wisdom of Judge Kessler's order authorizing the subpoena of the NSA records related to Defendant and her escort agency. Moreover, Congress can issue any statute and the Executive can issue any order but in <u>neither</u> case can the result be an infringement upon Defendant's Sixth Amendment right to "call witnesses in her defense".

Accordingly, the government's motion to quash the subpoena on the NSA must be denied and the NSA ordered forthwith to comply.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served pursuant to CM/ECF upon Daniel Pearce Butler, Catherine K. Connelly and William Rakestraw Cowden, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 28, 2007.

> **MONTGOMERY BLAIR SIBLEY**
> Counsel for Defendant
> 1629 K Street, Suite 300
> Washington, D.C. 20006
> 202-508-3699
> 202-478-0371 Fax
>
> By:  /s/ Montgomery Blair Sibley
>         Montgomery Blair Sibley
>         D.C. Bar #464488

CO 324
Rev. 5/97

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     )
                                )
            v.                    )      Criminal Number 07-046 (JR)
                                )
                                )
                                )
DEBORAH JEANE PALFREY       )      Category   B
                                )
                                )

## REASSIGNMENT OF CRIMINAL CASE

The above-entitled case was reassigned on November 28, 2007 from Judge Gladys

Kessler to Judge James Robertson  by direction of the Calendar Committee.

(Related to 06cv1710)

JUDGE ELLEN S. HUVELLE
Chair, Calendar and Case
Management Committee

cc:     Judge Kessler & Courtroom Deputy
        Judge Robertson & Courtroom Deputy
        Liaison, Calendar and Case Management Committee
        Criminal Case Processing Clerk
        U.S. Attorney—Judiciary Square Building, Room 5133
        Statistical Clerk