**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-JR

DEFENDANT'S FIFTH MOTION TO DISMISS THE INDICTMENT

    Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel, moves to dismiss the indictment as a sanction for the government's intentional and conspicuous violation of this Court's May 22, 2007, Stipulated Protective Order [D.E. #49], and for grounds in support state:

**I.    BACKGROUND**

    On May 22, 2007, the Court entered a Stipulated Protective Order [D.E. #49] which by its terms defined a class of documents covered by the order to include: "Documents and information produced by the United States to the Defendant." [D.E. #49, ¶2]. A copy of the order is attached.

    Additionally, the Stipulated Protective Order at ¶4 provids:

> Should the parties desire to offer into evidence or submit to the Court any documents and information identified in accordance with paragraph 1 of this Order (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in a container marked "Under Seal" and to which a copy of this Order shall be prominently appended. Provided that nothing in this Order shall be taken as limiting or prejudicing any party for moving for and obtaining and Order from the District Court that would permit materials designated as subject to this Order to be placed on the public record during pretrial or trial proceedings or otherwise exempt from this Order.

    Last, at ¶5, the Stipulated Protective Order stated: "If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant of

information that the United States has produced in accordance with this Order, the party shall file two versions with the Clerk of the Court. Version 1 shall redact the specific information designated pursuant to paragraph 1 of this Order and shall be filed on the public record." The Stipulated Protective Order then goes on to require an un-redacted version be filed under seal.

Among those documents subsequently produced pursuant to ¶1 of the Stipulated Protective Order by the government to the Defendant was her Sentencing Memorandum from her 1992 felony conviction in the Superior Court of California. The government assigned document numbers CACASE 000018-000048 to that Sentencing Memorandum.

On December 28, 2007, the government filed its "Notice of Intent to Introduce Impeachment Evidence Pursuant to Fed. R. Evid. 609(b)". [D.E. #233]. Incredibly, attached to that Notice and thus filed in the public record was the complete, un-redacted 1992 Sentencing Memorandum of Defendant.

## II. THE GOVERNMENT HAS VIOLATED THE STIPULATED PROTECTIVE ORDER

The syllogism of violation by the government of the Court's order is straightforward and undeniable:

- The Stipulated Protective Order prohibits public filing of documents produce by the government to the Defendant absent a Court order;

- The government, pursuant to the Stipulated Protective Order, produced to Defendant her 1992 Sentencing Memorandum;

- Without a Court order, the government publically filed the Defendant's 1992 Sentencing Memorandum;

- ∴ The government violated the Stipulated Protective Order.

**III.   THE INTEGRITY OF THE COURT'S ORDER MUST BE RESPECTED**

It is hardly the Defendant's place to urge the Court to enforce its own order which has been so blatantly ignored by the government. This Court simply must teach the government that its orders are not "aspirational" but mandatory. Accordingly, a severe sanction is warranted if the respect this Court is due is not properly accorded to it by the government.

Moreover, the Defendant has been significantly harmed. While Rule 609 speaks to giving the Defendant "advance written notice"[1] of the intent to use prior conviction evidence, the Rule does not require – nor even imply – that a Sentencing Memorandum be filed in the public record as part of that requisite notice, particularly when it has already been produced to the Defendant.

Additionally, the Sentencing Memorandum goes far beyond simply giving notice, it – now publically – lays out prejudicial evidence and statements by Defendant which, in a fair trial, would only see the light of day if and when <u>after</u> this Court made a decision on probity versus prejudice. Now, by filing this Sentencing Memorandum in a case in which the media regularly checks the docket, that decision has been *de facto* removed by the government from the Court's purview.

**IV.   CONCLUSION**

Due process requires a fair trial in a fair tribunal. *Turner v. Louisiana*, 379 U.S. 466 (1965). The government has assault that right by filing in violation of this Court's order the Defendant's Sentencing Memorandum. . " . . . [O]ur approach does not render our Courts powerless against a prosecutor who abuses the office, for the power to exercise supervisory control over the prosecutor

---

[1] Rule 609 states in part: "However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

to protect the integrity of the judicial system remains. This power includes the authority to dismiss an indictment when appropriate." *United States v. Adamo*, 742 F.2d 927 (6th Cir. 1984).

Here, given the long history in this case of the government abusing the system to advance it end to seek a conviction of Defendant, this Court must act upon the latest prosecutorial misconduct and protect the integrity of the Court's ability to issue orders the government will feel compelled to respect as severe consequences attach any alternative behavior by the government.

WHEREFORE, for the reasons afore-said, this instant indictment must be dismissed.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served pursuant to CM/ECF upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 29, 2007.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By: /s/ Montgomery Blair Sibley
    Montgomery Blair Sibley
    D.C. Bar #464488

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (GK) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | FILED |
| Defendant. | : | MAY 2 2 2007 |
| | : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## STIPULATED PROTECTIVE ORDER

The United States is prepared to provide to defendant Deborah Jeane Palfrey discovery in this matter. That discovery contains documents and information that may be subject to the Privacy Act, 5 U.S.C. § 552a, or otherwise intrude on the privacy interests of third parties. In order to permit the discovery of documents and information related to this matter and to guard their confidentiality to the extent required by law, subject to the approval of the Court, the parties to the above action hereby stipulate as follows:

1.      In accordance with subsection (b)(11) of the Privacy Act, 5 U.S.C. § 552a, the United States consents to issuance of this Order to produce documents and information from its files that may intrude on the privacy interests protected under the Privacy Act of the Defendant or third parties not before the Court.

2.      Documents and information produced by the United States to the Defendant and her criminal counsel in accordance with this Order shall be kept in strict confidence by the Defendant and her criminal counsel of record and used by them and their agents and employees exclusively in connection with the defense of this prosecution.

3.      Documents and information produced in accordance with paragraph 1 of this Order and provided to the Defendant shall be disclosed only to: (1) the Defendant; and (2) her

criminal counsel of record; and (3) agents, meaning persons in the employ of Defendant's criminal counsel of record and under criminal counsel's direct supervision. Agents shall include only law firm employees working with criminal counsel of record, expert witnesses retained on behalf of the Defendant, and investigators (who may be employed by criminal counsel or retained by criminal counsel but compensated by the Court). In addition, documents and information contained in government files and produced to the Defendant in accordance with paragraph 1 of this Order may be disclosed by the Defendant and her criminal counsel of record to potential witnesses and/or such witnesses' attorneys. No further disclosure may be made by the Defendant or her counsel of record without permission by the Court expressed through an order. Each individual to whom documents and/or information is disclosed pursuant to this paragraph shall be provided a copy of this Protective Order.

4.  Should the parties desire to offer into evidence or submit to the Court any documents and information identified in accordance with paragraph 1 of this Order (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in a container marked "Under Seal" and to which a copy of this Order shall be prominently appended. Provided, however, that nothing in this Order shall be taken as limiting or prejudicing either party from moving for and obtaining an Order from the District Court that would permit materials designated as subject to this Order to be placed on the public record during pretrial or trial proceedings or otherwise exempted from this Order.

5.  If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information that the United States has produced in accordance with this Order, the parties shall file two copies of such filing

("Version One" and "Version Two") with the Clerk of the Court. Version One shall redact the specific information designated pursuant to paragraph 1 of this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title of this action, a brief description of the contents of such sealed envelope or container, the words "Under Seal," and a statement substantially in the following form:

> **This envelope contains documents that are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.**

6. Nothing in this Order should be taken as limiting the right of any party to offer documents and information identified in accordance with paragraph 1 of this Order into the record of this action in redacted form that deletes individually identifying information and from which the identity or identities of individual persons cannot be determined.

7. The documents and information produced in accordance with paragraph 1 of this Order, and all copies of such material, shall be returned to the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case.

8. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

Respectfully submitted,

/s/
_____
PRESTON BURTON
DC Bar #426378
BREE NICOLAI MURPHY
DC Bar #497418
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
Washington Harbour

JEFFREY A. TAYLOR
DC Bar #498610
United States Attorney

/s/
_____
DANIEL P. BUTLER

| | |
|---|---|
| 3050 K Street, N.W. | DC Bar #417718 |
| Washington, DC 20007 | CATHERINE K. CONNELLY |
| 202-339-8400 | Mass. Bar #649430 |
| Counsel for Defendant | WILLIAM R. COWDEN |
| | DC Bar #426301 |
| | Assistant United States Attorneys |
| | 555 4th Street, N.W. |
| | Washington, DC 20530 |
| | 202-353-9431; 202-616-3384 |

APPROVED and SO ORDERED this 22nd day of May, 2007

_____
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

-4-