UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

    DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-JR

DEFENDANT'S NOTICE OF FILING
OPPOSITION TO ABC NEWS' MOTION TO
QUASH SUBPOENA

AND

REQUEST FOR ORAL ARGUMENT

    Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel, hereby gives notice of filing her attached "Opposition to ABC's Motion to Quash" in this matter. In so much as the Court by its November 14, 2007, order and statements made at the December 14, 2007, hearing has *de facto* if not *de jure* vacated the order sealing this matter, and given that ABC News opposes such sealing with which Defendant now agrees given the change in circumstances, Defendant is filing this matter where it belongs, in this case.

    Additionally, Defendant requests that this Court hear oral argument upon ABC News' Motion to Quash at the status hearing set for January 16, 2008, in this matter.

CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of foregoing was served pursuant to CM/ECF upon Daniel Pearce Butler, Catherine K. Connelly and William Rakestraw Cowden, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. this December 29, 2007.

                                  **MONTGOMERY BLAIR SIBLEY**
                                  Counsel for Defendant
                                  1629 K Street, Suite 300
                                  Washington, D.C. 20006
                                  202-508-3699
                                  202-478-0371 Fax

                              By:  /s/ Montgomery Blair Sibley
                                    Montgomery Blair Sibley
                                    D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

        DEFENDANT,

AMERICAN BROADCASTING COMPANIES,
INC., D/B/A ABC NEWS,

        Non-Party Movant.
_____/

MISCELLANEOUS CASE NUMBER:
1:07-MC-00561

DEFENDANT'S OPPOSITION TO ABC'S
MOTION TO QUASH

Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel, opposes ABC News' motion to quash the subpoena *duces tecum* served upon it, and for grounds in support states:

I. **BACKGROUND**

The description provided by ABC News of the pre-subpoena history between ABC News and the Defendant is largely accurate. Defendant would note the following additional points:

- "ABC News Reporter Brian Ross says some other prominent government leaders and Washington figures will be named in Friday night's broadcast." (NPR Report, May 4, 2007).

- ABC News Brian Ross reported that: "The phone records trace back to thousands of men, including a career Justice Department prosecutor. There are NASA officials; at least five military officers, including the commander of an Air Force intelligence squadron. . . . The phone numbers also track back to Georgetown mansions and prominent CEOs, officials at the World Bank and the International Monetary Fund and lobbyists both Republican and Democratic." (Transcript of May 4, 2007, ABC New Report, Exhibit 5 to ABC News Motion to Quash).

Of course, in the May 4, 2007, report by Brian Ross of ABC News, no "other prominent government leaders and Washington figures" were named raising significant issues of Mr. Ross' credibility and motivation for "killing" the promised revelations.

On October 28, 2007, pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment, and Federal Rules of Criminal Procedure Rule 17, Defendant filed her "*Ex Parte* Application for Issuance of Subpoenas and Payment of Costs and Fees." ("*Ex Parte* Application").

That *Ex Parte* Application sought issuance and service of *ex-parte*, pre-trial subpoenas *duces tecum* returnable to Defendant's counsel's law office from, among others, ABC News. Importantly, for the subpoena of ABC News, Defendant proffered evidence sufficient to meet the requirement that such a subpoena be relevant, admissible, and specific as required by *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006)(adopting the standard set out by *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

On November 13, 2007, Judge Kessler – who had lived with this case since its inception – granted the motion as to ABC News and direct the Marshal's Service to serve that subpoena.

Subsequently, ABC News was properly served with the subpoena. On December 14, 2007, ABC News filed under seal in this miscellaneous action its motion to quash notably raising no objection to the propriety or sufficiency of the service.

## II. THE COURT HAS ALREADY DETERMINED THE SUBPOENAED DOCUMENTS ARE OBTAINABLE UNDER RULE 17(C)

" Under the doctrine of the law of the case, courts generally will not revisit issues that have already been adjudicated." *U.S. v. Perry*, 111 F.3d 963 (D.C. Cir. 1997).

Here, Judge Kessler has already adjudicated Defendant's "*Ex Parte* Application for Issuance of Subpoenas" after due consideration of the reasons advance by Defendant in support of that *Ex Parte* Application. Moreover, this adjudication was done by Judge Kessler who enjoyed a broad understanding of the various issues in this matter, its extensive history and the resident equities as a result. Plainly put, Judge Kessler's enjoyed a perspective this Court cannot quickly match absent a full understanding of the two hundred plus (200+) pleadings and the four related civil matters.

Accordingly, it would be *unseemly* for this Court – particularly given the curious timing and lack of documentation for the reassignment of this matter – to re-visit Judge Kessler's determination as to the sufficiency of Defendant's "*Ex Parte* Application for Issuance of Subpoenas".

### III. THE ABC NEWS SUBPOENA PROPERLY SEEKS DOCUMENTS

First, the law of *ex parte*, pre-trial subpoena *duces tecum* is <u>not</u> as settled as ABC News asserts. Some courts have extended the express authority in Rule 17(b) to permit the *ex parte* issuance of trial subpoenas *duces tecum* under Rule 17(c). See: *United States v. Hang*, 75 F.3d 1275, 1282 (8th Cir. 1996)("Consequently, we conclude that an indigent defendant may, pursuant to Rule 17(c), make an *ex parte* request to the district court for issuance of a subpoena *duces tecum*. See 2 Wright, *supra,* § 272 (2d ed. 1982 & Supp.1995) ("A district court seems clearly right in construing Rule 17(b) as applying to a subpoena duces tecum as well as to a subpoena to testify."). This result, which is supported by principles of fundamental fairness and equality, is consistent with the objectives of the 1966 amendments to Rule 17."); *United States v. Jenkins*, 895 F.Supp. 1389, 1395-97 (D. Hawaii 1995) (finding that *ex parte* procedure applies to indigents' applications for subpoenas duces tecum).

The compelling logic of these holdings is best stated in *United States v. Florack*, 838 F.Supp.

77, 79 (W.D.N.Y.1993):

> The word "also" suggests that the subpoena described above, that is in Rule 17(a) and Rule 17(b), in addition to requiring the person to attend, may also require that person to produce books, records, and documents. Therefore, Rule 17(c) should be interpreted in accordance with the provisions of Rule 17(a) and (b).... It is, o[f] course, true that Rule 17(c) does not specifically discuss a process for obtaining [document] subpoenas by an *ex parte* application. It is also true, however, that the section does not describe any process for obtaining the subpoena. Nothing in Rule 17(c) suggests that the initial application should be any different from the application for a subpoena which does not happen to require that the subpoenaed witness produce documents.

Moreover, there is <u>no</u> question that exculpatory evidence in the possession of third parties is subject to a subpoena *duces tecum*. *See e.g. United States v. Cuthbertson*, 651 F2d 189, 195 (3rd Cir.), *cert denied*, 454 US 1056 (1981). "A subpoena duces tecum is the vehicle for securing production of documents and things at a specified time and place either before or after the time of trial." *United States v. Beckford*, 964 F.Supp 1010, 1017 (E.D. Va. 1997). Documents may be produced at court proceedings other than trials. 2 Wright, *Federal Practice and Procedure: Criminal 2d* § 271 at 134 ("[Rule 17] is not limited to subpoena for the trial. A subpoena may be issued for a preliminary examination, a grand jury investigation, a deposition, for determination of an issue of fact raised by a pretrial motion, or for post-trial motions.").

Second, even if ABC News' arguments that Rule 17 does not contemplate the *ex parte*, pre-trial subpoenas *duces tecum* that Judge Kessler has authorized, a higher, and controlling, authority does. Importantly, Defendant sought those subpoenas not only under Rule17, but also the Fifth and Sixth Amendment to the Constitution. It is axiomatic that any conflict between Rule 17 and Defendant's Constitutional rights must be resolved against Rule 17.

4

Even though the Sixth Amendment speaks only of the right to compel the production of witnesses, rather than documents, it has been long and repeatedly held that "this constitutional mandate extends to documentary as well as oral evidence." *United States v. Schneiderman*, 106 F.Supp. 731, 735 (S.D.Cal.1952), *aff'd sub nom.*, *Yates v. United States*, 225 F.2d 146 (9th Cir. 1955). *See also, Myers v. Frye*, 401 F.2d 18, 21 (7th Cir. 1968); *United States v. Burr*, 25 Fed.Cas. p. 187 (No. 14,694) (CCD Va.1807).   Hence, Defendant's has the right to compel production of documents for her defense.

Finally, ABC News' assertion that "Ms. Palfrey cannot establish the unavailability of the information she wished to obtain from ABC News" is simply wrong. (ABC News Motion to Quash, p. 10).  As more fully detailed in the attached declaration in support of Defendant's opposition, Defendant here emphatically states that to date she has not been able to identify the "career Justice Department prosecutor. . . NASA officials [and] at least five military officers, including the commander of an Air Force intelligence squadron , . . . [owners of] Georgetown mansions and prominent CEOs, officials at the World Bank and the International Monetary Fund and lobbyists both Republican and Democratic" that ABC News was able to identify.  Her due diligence in this regard has been complete, including the efforts of other.  Simply stated, it is only a entity with the resources of an ABC News that could hope to filter through the mass of data and connect-the-dots to identify the former customers of the Defendant's escort service.  Hence, if not from ABC News, Defendant will not be able to identify these individuals.

Thus, there is something "unique" about ABC News' ability to identify individuals who used were customers of the escort service for despite seven months of public availability, no one else has

been able to identify the significant customers that ABC News did.[1]

### IV. ABC NEWS RAISES NO PRACTICAL BURDEN TO COMPLIANCE

The "burden of proving that a subpoena is oppressive is on the party moving to quash." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C.Cir.1984). Whether a burdensome subpoena is reasonable "must be determined according to the facts of the case," such as the party's need for the documents and the nature and importance of the litigation." *Id*. at 407. *Compare*: *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) ("The FBI submitted an affidavit estimating that the additional search would require up to 2142 person-hours.)

Here, ABC News raises <u>no</u> objection to the subpoena on the grounds that it is burdensome save that of ethereal "burden" upon its First Amendment rights. Practically, the information sought is an excel file that can be instantly transmitted over the internet.

### V. THE SIXTH AMENDMENT SUPERCEDES THE FIRST AMENDMENT

ABC News eight (8) page exegesis on the scope and power of the First Amendment's implied "privilege" fails to address the real tension presented by this subpoena: Whether the Sixth Amendment right to compel witness – and their documents – overrides the First Amendment's guarantee of freedom of the press.

Notably, the First Amendment simply states in relevant part: "Congress shall make no law ... abridging the freedom of speech, or of the press." Obviously, the Sixth Amendment <u>unconditionally</u> guarantees that the accused shall have compulsory process for obtaining witnesses,

---

[1] This fact is due in large part to the fact that after ABC News contacted the recent clients on their cell phones, those clients quickly changed their cell phone numbers. Defendant has repeatedly run into people who only recently obtained a cellphone number which theretofore had belonged to an unknown individual who had been a customer of the service.

Notably, the Sixth Amendment makes no exceptions to the right of compulsory process.

For this reason, all the civil cases cited by ABC News can – and must – be ignored as inapposite to addressing the Sixth Amendment issue raised here. Likewise, the cases cited by ABC News related to grand jury subpoenas are likewise inapposite as failing to address the Sixth Amendment.

Thus, that leaves this Court to consider only *United States v. Ahn*, 231 F.3d 26 (D.C. Cir. 2000) and *United States v. LaRouche Campaign*, 841 F.2d 1176 (1st Cir. 1988) as the only two cases which address the instant issue before the Court. The rule in those cases is repeatedly stated: The First Amendment must give way to the Sixth Amendment upon a proper showing.

Thus in *Ahn*, the court stated:

> When Ahn sought to subpoena the reporters, they filed a motion to quash arguing that reporters possess a qualified privilege not to disclose confidential sources. *Cf. Branzburg v. Hayes*, 408 U.S. 665, 33 L. Ed. 2d 626, 92 S. Ct. 2646 (1972) (addressing whether requiring reporters to testify before grand juries concerning their confidential sources' criminal conduct violates the First Amendment). The district court found that the reporters' testimony was not "essential and crucial" to Ahn's case and was not relevant to determining Ahn's guilt or innocence. Therefore, the court concluded that Ahn had not demonstrated that the reporters' qualified privilege should be overcome.

*Ahn* at 37. Likewise, in *LaRouche Campaign*, the court stated:

> We therefore now similarly scrutinize NBC's claim of privilege, as posed against the interests of defendants in a criminal trial. . . . When there is no confidential source or information at stake, the identification of First Amendment interests is a more elusive task. . . .They must be balanced, however, against the defendants' interests. . . . At stake on the defendants' side of the equation are their constitutional rights to a fair trial under the Fifth Amendment and to compulsory process and effective confrontation and cross-examination of adverse witnesses under the Sixth Amendment.

> No one or all of NBC's asserted First Amendment interests can be said to outweigh these very considerable interests of the defendants. *Cf. Branzburg v. Hayes*, 408 U.S. at 690-91 ("public interest in law enforcement and in ensuring effective grand jury proceedings" outweighs asserted news gathering interests of reporter refusing to testify and expose confidential sources to grand jury). We therefore hold that the district court correctly determined that any First Amendment interest of NBC did not outweigh the defendants' interests in the production of the subpoenaed material.

*LaRouche Campaign* at 1182.

Therefore, this Court must balance the First Amendment interests of ABC News against the Defendant's right to subpoena documents from ABC News. Significantly, in *LaRouche Campaign*, NBC provided a detailed affidavit[2] as to the First Amendment interests. Notably, ABC News here provided the Court with <u>no</u> such factual recitation leaving the Court to <u>speculate</u> about the applicability of the privilege to the materials sought by the subpoena *duces tecum*. Hence, ABC News' interest is speculative at best.

Contrariwise, the Defendant will not get a fair trail absent her ability to compel testimony from the "career Justice Department prosecutor. . . NASA officials [and] at least five military officers, including the commander of an Air Force intelligence squadron , . . . [owners of] Georgetown mansions and prominent CEOs, officials at the World Bank and the International Monetary Fund and lobbyists both Republican and Democratic" that ABC News was able to identify.

---

[2] "First Amendment interests are set forth in an affidavit by Thomas Ross, a Senior Vice President of NBC News. They are five in number. One is that disclosure of outtakes in this case will increase the chances of harassment of the interviewee-witness by the LaRouche organization. . . . The other four interests named are "the threat of administrative and judicial intrusion" into the newsgathering and editorial process; the disadvantage of a journalist appearing to be "an investigative arm of the judicial system" or a research tool of government or of a private party; the disincentive to "compile and preserve nonbroadcast material"; and the burden on journalists' time and resources in responding to subpoenas." *Cuthbertson* at 1181.

Those witnesses will present evidence not only of the legitimate behavior of the independent-contractor escorts of the Defendant's escort service, but importantly, support the Defendant's arguments that: (i) the prosecution of her is based upon improper, constitutionally-impermissible political reasons and (ii) that significant national intelligence matters were involved in the operation of the Defendant escort service and that the government is now estopped from prosecuting the Defendant after receiving years of intelligence benefits from the operation of her service.

Plainly, at present ABC News is the sole possessor of the identifies of the "career Justice Department prosecutor. . . NASA officials [and] at least five military officers, including the commander of an Air Force intelligence squadron , . . . [owners of] Georgetown mansions and prominent CEOs, officials at the World Bank and the International Monetary Fund and lobbyists both Republican and Democratic" and <u>without</u> access to those individuals, the Defendant will not be able to enjoy the full protection of the Sixth Amendment to compel witnesses in her defense.

**V.    CONCLUSION**

WHEREFORE, for the reasons afore-said, ABC News' motion to quash must be denied.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served by consent by email upon: (i) Carl Metz (CMetz@wc.com), Williams Connolly, LLP, counsel for ABC News, and, solely as a courtesy, upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 29, 2007.

                **MONTGOMERY BLAIR SIBLEY**
                Counsel for Defendant
                1629 K Street, Suite 300
                Washington, D.C. 20006
                202-508-3699
                202-478-0371 Fax

                By:  /s/ Montgomery Blair Sibley
                      Montgomery Blair Sibley
                      D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

DEBORAH JEANE PALFREY,

        DEFENDANT,

AMERICAN BROADCASTING COMPANIES, INC., D/B/A ABC NEWS,

        Non-Party Movant.
_____/

MISCELLANEOUS CASE NUMBER:
1:07-MC-00561

DECLARATION OF MONTGOMERY BLAIR SIBLEY IN SUPPORT OF DEFENDANT'S OPPOSITION TO ABC'S MOTION TO QUASH

      Montgomery Blair Sibley, pursuant to the authority of 28 U.S.C. §1746 and under penalty of perjury states:

      1.    I am the counsel for Defendant in the above matter and have personal knowledge of all the facts stated herein.

      2.    There exists at present only one way to identify the former customers of the Defendant's escort service: location through telephone numbers appearing in the telephone records of the Defendant's escort service. The testimony of those customers is necessary for Defendant's defense of the criminal charges against her not only as to the legitimate behavior of the independent-contractor escorts of the Defendant's escort service, but importantly, Defendant's arguments that: (i) the prosecution of her is based upon improper, constitutionally-impermissible political reasons and (ii) that significant national intelligence matters were involved in the operation of the Defendant escort service and that the government is now estopped from prosecuting the Defendant after receiving years of intelligence benefits from the operation of her service.

3.      To date, Defendant has <u>not</u> been able to identify the "career Justice Department prosecutor. . . NASA officials [and] at least five military officers, including the commander of an Air Force intelligence squadron , . . . [owners of] Georgetown mansions and prominent CEOs, officials at the World Bank and the International Monetary Fund and lobbyists both Republican and Democratic" that ABC News was able to identify.   All of these individuals would have relevant testimony to Defendant's defense.

4.      The inability of Defendant to now identify these individuals is due in large part to the fact that immediately <u>after</u> ABC News contacted these former clients by their telephone numbers which were in the telephone records of the Defendant's escort services, those clients quickly changed their telephone numbers.  Defendant has repeatedly run into people who only recently obtained a telephone number which theretofore had belonged to a now unknown individual who had been a former customer of the service.

5.      Hence, given the publicity surrounding ABC News May 4, 2007, broadcast, many of the former customers of the escort service have "disappeared" by changing their telephone numbers making locating them through the only avenue open to Defendant impossible.  This is particularly true in the case of cellphone numbers as there is no publically available database of the account holders of cellphone numbers

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>December 29, 2007</u>         /s/ <u>Montgomery Blair Sibley</u>
Executed at Rockville, Maryland              Montgomery Blair Sibley

2