UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO GOVERNMENT'S TRIAL MOTIONS (DKT. NO. 238)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's motion to enlarge the time to respond to the government's trial motions. Defendant's stated reason in support of her motion is not "good cause" as is required under the applicable rules for such a motion, and her motion is untimely as to one of the involved motions. For these reasons, more fully discussed below, the United States respectfully submits that the Court should deny her motion.

### A.  Factual Summary

1. On December 13, 2007, the government filed in this case a motion *in limine* to preclude evidence, comments, and arguments to the jury regarding defendant's claim of selective prosecution. Dkt. No. 222.

2. On December 28, 2007, the government filed a notice of intent to introduce impeachment evidence pursuant to Fed.R.Crim.P. 609(b). Dkt. No. 233.

3. On January 1, 2008, defendant filed the present motion to enlarge the time to respond to the government's trial motions. Dkt. No. 238. Defendant requested that she not be required to respond to the government's motions "until ten (10) days after this Court determines the outstanding motion to suppress evidence[.]" Def.'s Mot. at 1. Her stated reason for her request

is that her motion is made "[a]s a matter of legal economy" and that the suppression motion outcome "may well render the trial moot." Id.

### B. Discussion

Local Criminal Rule 47(b) provides that:

Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the proscribed time, the Court may treat the motion as conceded.

Fed.R.Crim.P. 45(b)(1) provides that:

**(b) Extended Time.**

    **(1) In General.** When an act must or may be done in a specified period, the court on its own may extend the time or for good cause may do so on a party's motion made:

       **(A)** before the originally prescribed or previously extended time expires; or
       **(B)** after the time expires if the party failed to act because of excusable neglect.

In this matter, defendant's stated reason for her motion, that she is seeking "legal economy" and that the suppression motion "may well render the trial moot[,]" Def.'s Mot. at 1, is not "good cause" as required by Fed.R.Crim.P. 45(b)(1)[1]. The ruling on the suppression motion, whatever it might be, will not be dispositive in this case; that is, it will not "render the

---

[1] It seems odd, at best, that defendant invokes "legal economy" in terms of filing pleadings as her alleged ground for her motion considering the number of pleadings her attorney files in this matter on a regular basis. As noted above, this pleading is docket entry number 238 in a single defendant case that is still three months before trial. See Dkt. No. 171 (Court, in denying defendant's *ex parte* motion to expedite consideration of *ex parte* motions, stated that "[i]f defense counsel could bring himself to file fewer Motions, they might be decided more quickly.").

trial moot." Therefore, this alleged basis is not the "good cause" required to support defendant's motion.

Furthermore, as to the government's pleading filed on December 13, 2007, defendant's motion to enlarge time is not timely filed – an opposition or motion to enlarge time to file such was due by December 26, 2007.[2]  Accordingly, Fed.R.Crim.P. 45(b)(1) requires a showing of both "good cause" for an extension of time to file an opposition or motion to enlarge time and "excusable neglect" for failing to file such within the required eleven days.  Neither of those showing have been made here.  Under Local Criminal Rule 47(b), "the Court may treat the motion as conceded" by defendant.

### C. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's motion for enlargement of time to respond to the government's trial motions should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[2]  The Clerk's Office was closed on December 24 and 25, 2007 for the holidays.