UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
FIFTH MOTION TO DISMISS (DKT. NO. 235)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's Fifth Motion to Dismiss the Indictment. In her motion, defendant falsely claims the government violated the Court's May 22, 2007 Stipulated Protective Order.[1] As discussed below, defendant's motion is completely without merit and should be denied.

### A. Factual Summary

1. In June of 2004, the United States Postal Inspection Service ("USPIS") and the Internal Revenue Service Criminal Investigation Division ("IRS - CID") began a joint investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against the defendant, charging her with numerous federal violations including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to

---

[1] Defendant refers to the Protective Order as Dkt. No. 49. Actually, that version is the copy submitted by the parties to the Court. The actual version signed by the Court is Dkt. No. 51.

defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail, from 1993 until approximately August of 2006.

3. Defendant has a prior felony conviction from June 25, 1992, in the Superior Court of California, County of San Diego, Case Number CR 120385, for pandering. She received a sentence of eighteen months in prison.

4. On Friday, December 28, 2007, the government filed a notice under Fed. R. Evid. 609(b) regarding its intent to use defendant's prior conviction if she testifies in the trial of this matter. Dkt. No. 233. An attachment to that pleading was a sentencing memorandum publicly filed by defendant with the Superior Court Clerk's Office in San Diego, California. Dkt. No. 233-2.

5. On Saturday December 29, 2007, at 7:25 a.m., defendant filed the present motion to dismiss the indictment. Dkt. No. 235.[2]

## B. Discussion

Defendant's argument is that, by attaching the Sentencing Memorandum, the government violated the Stipulated Protective Order and that the remedy for that act would be to dismiss the indictment in this matter. As discussed below, there has been no governmental misconduct, no undue prejudice to the defendant, and the remedy sought by defendant for the non-violation is not supported by caselaw. Furthermore, there is no good faith argument that the government's

---

[2] This motion is one in a series of unsupported motions to dismiss the indictment filed by the defendant. See Dkt. No. 106 at 8 and 15; Dkt. No. 154; Dkt. No. 155; Dkt. No. 202; Dkt. No. 225. The last one of those motions is still pending before the Court, but all the others have been summarily denied. See Dkt. No. 136 at 4 and 5; Dkt. No. 208 at 2 and 3; Dkt. No. 230.

attaching this publicly available Sentencing Memorandum to a pleading in this case is somehow grounds for dismissing an indictment.[3]  The defendant's motion is fatally flawed for all of these reasons, each of which by itself would require a summary denial of her motion.[4]

First, there has been no governmental misconduct.  The Sentencing Memorandum, as evidenced by the face of the document, is a public document filed with the Superior Court Clerk's Office in San Diego, California.  It is publicly available to anyone who asks for a copy of it and has even been publicly posted in full and part, prior to the government's recent filing, on news and blog web site that have followed this case.  See, e.g., "The Delusional Miss Palfrey; D.C. Madam once promised judge she'd never re-enter pimping business," http://www.thesmokinggun.com/archives/years/2007/0713072palfrey1.html?lin (published entire Sentencing Memorandum on July 13, 2007); "Prostitution Connection?" FOX6 San Diego, http://www.fox6.com/news/local/story.aspx?content_id=F48F1E51-07BD-4EBF-B6D1-1c61ccf673d3 (published portions of Sentencing Memorandum on May 5, 2007); "Tough 'D.C. Madam' threatens a courtroom battle," San Francisco Chronicle, April 1, 2007, http://www.sfgate.com/cgi-bin/article.cgi?f=/c/a/2007/04/01/MNGMROV27G1.DTL&hw=Deborah+Jeane+Palfrey&sn=0034sc=332 (referencing portions of the Sentencing Memorandum).

---

[3] In fact, defendant's Sentencing Memorandum is a document that the government intends to use to impeach defendant if she takes the stand during trial.

[4] The government does not agree with defendant's reading of the protective order.  A detailed discussion of that disagreement is not necessary here, however, because of the complete lack of merit of her motion, as discussed in the text of this Opposition.

Second, there has been no undue prejudice to the defendant and her conclusory, unsupported declarations to the contrary do not show otherwise. It is hard to even fathom how disclosing a document that was publicly filed with a court by defendant herself, meant to be of assistance to her in the case before that court, could constitute governmental misconduct or could be considered unduly prejudicial to her. This is especially so since the issue for this Court, at this time, is undue prejudice to the ability to pick a fair and impartial jury, a question which should and could be decided in an appropriate *voir dire* process, not a question of what evidence or information comes before the jury ultimately selected.[5]

Finally, having failed to show governmental misconduct and/or prejudice to the defendant, defendant then fails to cites any controlling authority for her contention as to the potential remedy she seeks for the non-violation. She does cite two cases. The first, Turner v. Louisiana, 379 U.S. 466 (1965), is a case in which the Court reversed a state court conviction and remanded for further proceedings – it did not order dismissal of the indictment – because defendant was denied a fair trial by an impartial jury where the two deputy sheriffs who gave key testimony leading to defendant's conviction had charge of the jury during the three-day trial

---

[5] It is hypocritical for defense counsel to accuse the government of attempting to taint the jury pool while he continues to fight this case in the media. On January 1, 2008, WTOP radio ran a story (copy attached) discussing defendant's motion. Despite a prior Order from the Court requiring all attorneys in this case to comply with Local Criminal Rule 57.(b)(3), Dkt. No. 192, defendant's attorney continues to violate that rule's prohibition on comments to the media about "the merits of the case or the evidence in the case." See, e.g., "'Well, I think the distinction there is an *illegal* versus a legal escort service,' Sibley says"; "Sibley says Palfrey will likely be required to detail why she opened another escort service after her promise to the California judge. 'Generally the answer is it's what she knew and it's what she could do to make a living after she had a felony conviction . . . .'" His conduct and statements, in violation of the Order and this rule, have the potential of making it more difficult to select a fair and impartial jury in this case.

and had fraternized with them outside the courtroom during the performance of their duties. That case, Turner, is neither factually nor legally relevant to this case. In the second and last case cited by defendant, United States v. Adamo, 742 F.2d 927 (6th Cir. 1984), defendant quotes the first two sentences in a paragraph from *dicta* in that opinion. She leaves out, however, the complete paragraph, which gives it its meaning. The complete quote is as follows:

> Finally, our approach does not render our Courts powerless against a prosecutor who abuses the office, for the power to exercise supervisory control over the prosecutor to protect the integrity of the judicial system remains. This power includes the authority to dismiss an indictment when appropriate. However, such supervisory power should be exercised, in the words of the [United States v.] Nembhard, 676 F.2d 193, 200 (6th Cir. 1982)] panel, sparingly, "and only on a showing of demonstrated and longstanding prosecutorial misconduct," 676 F.2d at 199, (citing decisions of both the Second and Ninth Circuits). Since [defendants] did not demonstrate longstanding prosecutorial misconduct, we hold that claims that the trial judge erred in failing to hold hearings on the motions to quash the indictment, April Grand Jury, 587 F.2d at 892, and to exercise supervisory control are unfounded.

742 F.2d at 942.[6] Again, the court did not grant the remedy defendant seeks here. Moreover, the case is neither factually nor legally relevant to this case.

---

[6] The issue in Adamo involved alleged abuse by the prosecutors of the grand jury process, i.e., the prosecutors allegedly withheld exculpatory evidence and used perjured testimony to obtain the indictment. Id. at 935.

## C. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court summarily deny defendant's Fifth Motion to Dismiss.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    DC Bar No. 498610

    /s/ *Daniel P. Butler/Catherine K. Connelly*
    Daniel P. Butler
    DC Bar No. 417178
    Catherine K. Connelly
    Mass. Bar No. 649430
    Assistant United States Attorneys
    555 4th Street, NW
    (202) 353-9431, 616-3384
    Washington, D.C. 20530
    Daniel.Butler@usdoj.gov
    Catherine.Connelly2@usdoj.gov



Home Page > News > Local > D.C. News > D.C. Stories

# Palfrey Promise Focus of D.C. Madam Argument

January 1, 2008 - 2:25pm
Neal Augenstein, WTOP Radio

WASHINGTON - The latest twist in the case of the alleged D.C. madam involves a sworn promise to a California judge that she would never again run an escort service.

"I will not re-enter the escort service business," Deborah Jeane Palfrey wrote in a 1992 presentencing memo.

The memo is now the topic of argument in Palfrey's upcoming federal racketeering and money laundering case.

Prosecutors last week filed notice of their intent to argue a jury should be allowed to hear details of Palfrey's 1992 conviction and sentencing in California. She was convicted of one count of attempted felony pimping, or pandering.

Palfrey's attorney Montgomery Blair Sibley has filed a motion seeking dismissal of her current indictment, arguing D.C.'s federal prosecutors violated a protective order by including Palfrey's 1992 presentencing memo in support of last week's filing

In that 1992 memo Palfrey writes to the California judge, "There is no intent on my part to re-enter the escort business. My parents have stood solidly behind me throughout this ordeal. Consequently, this is the least I owe to them."

In their Dec. 28, 2007 filing, Assistant U.S. Attorneys Daniel Butler and Catherine Connelly write: "Despite this promise, shortly after defendant was released from her sentence in 1993 she began committing the similar criminal offense in this case, as outlined in the indictment, involving operating another escort service business."

"Defendant should not be allowed to hide from the jury that relevant factor in judging her credibility," prosecutors write.

"They're not allowed to put that into evidence until the judge decides whether it's relevant or not," Sibley tells WTOP Radio.

"By putting it out publicly they've potentially tainted the entire jury pool because a court hasn't decided whether anyone should see this document during the trial of the matter or not."

Why would Palfrey open Pamela Martin & Associates in the D.C. area after being sentenced to 18 months in California?

"Well, I think the distinction there is an *illegal* versus a legal escort service," Sibley says. "Certainly you can't be sentenced by a court to not engage in *legal* behavior, and to the extent that Jeane Palfrey continued to operate escort services they were done in a legal manner."

In her criminal and civil cases, Palfrey maintains her service provided legal, adult sexual fantasy. She says her escorts signed contracts saying they would not engage in illegal sexual behavior. Prosecutors

allege Palfrey's service was prostitution.

Sibley says Palfrey will likely someday be required to detail why she opened another escort service after her promise to the California judge.

"Generally, the answer is it's what she knew and it's what she could do to make a living after she had a felony conviction which severely limited the ranges of employment available to her."

The 31-page sentencing memo provides exquisite detail of Palfrey's earlier state of mind and business practices.

Palfrey describes her decision to become a madam: "Early in 1990, I decided to branch out, so to speak, from my solo stance and begin working with one or two, (maybe three at the most) other women who were in the similar positions to mine."

In the document, Palfrey writes how her arrest and conviction affected her health, and that of her parents: "Regarding my mental health...my Viet Nam-like flashbacks were professionally confirmed as having been induced by sudden, unexpected trauma."

In asking for a sentence of probation, Palfrey wrote the stress suffered by her parents initially nearly killed them, yet they would remain willing to support her emotionally and financially as she attempted to rebuild her life.

Today, Sibley says this release of Palfrey's past fatally prejudices her current case.

"There was a specific court order which was meant to protect a lot of people's privacy and sensitive issues involving their sexuality ... until it was necessary to reveal it at trial. And the government has just walked all over that order and ignored it."

A spokesman for D.C.'s United States Attorney Jeffrey Taylor did not respond to a request for comment.

(Copyright 2008 by WTOP. All Rights Reserved.)

< Back

**Home Personal Protection**
Free ADT ® Security System - Special Online Offer - Learn More.
www.ADT.com

**10 Rules Losing Belly Fat**
Lose 9 lbs every 11 Days with these 10 Easy Rules of Diet & Fat Loss.
www.FatLoss4Idiots.com

**Stafford Dog Training**
Call Us Today To Have Your Dog Obedience or Protection Trained.
www.sassafrask9.com

**Protection Jobs**
Pursue a job in protectio world-class college degre
Henley-Putnam-Degrees

Ads b

http://www.wtopnews.com/index.php?nid=596&sid=1318996