UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO ITS MOTION TO QUASH SUBPOENA SERVED ON NATIONAL SECURITY AGENCY (DKT. NO. 231)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this reply to defendant's opposition to its motion to quash a subpoena for documents served on the National Security Agency ("NSA").[1] For the reasons stated below, as well as in the government's motion to quash, the United States respectfully submits that the Court should, pursuant to Fed. R. Crim. P. 17(c)(2), quash the subpoena as unreasonable and oppressive.

**A.  Discussion**

Defendant's first argument is that her *ex parte* application to District Court Judge Gladys Kessler was sufficient for that judge to issue the subpoena to the NSA and that this Court should not reconsider that decision. Dkt. No. 231 at 1-3, 6.[2] Defendant argues that Judge Kessler's

---

[1] The government's motion to quash was filed under seal. Defendant's opposition, however, was not filed under seal. As such, the government is not filing this reply under seal.

[2] Defendant tries to find something suspicious in the reassignment of this case from Judge Kessler to the present judge. Dkt. No. 231 at 2-3 and 2, n.1. It seems odd, at best, that defendant complains about the transfer of the case from Judge Kessler since she filed a motion to recuse Judge Kessler in which she stated that she "believe[d] that Judge Kessler has a personal bias against me and my counsel, Montgomery Blair Sibley or in favor of any adverse party[,]" and then listed six alleged grounds for this allegation. Dkt. No. 113 at 1-4. Having obtained what she requested, that is, a new judge, she now complains about the reassignment of the case. The United States is unaware of any impropriety in the

prior Order issuing the subpoenas is somehow "law of the case" and should not be disturbed. Id. at 3. This argument, which is odd considering the number of motions to reconsider that she has filed in this case, is fatally flawed. The applicable rule explicitly provides the mechanism which has been followed for motions like the present one. See Fed. R. Crim. P. 17(c) ("[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."). Issuance of the subpoena is just the first step, with the second step being the party to whom the subpoena is addressed having the right to seek to quash it. Second, in addition to having the authority to quash a subpoena, the Court always has the discretion to reconsider whether an Order to issue a subpoena for documents was appropriate.

Defendant's second argument is that her "Sixth Amendment rights trumps the National Security Act." Dkt. No. 231 at 3.[3] That is, she contends that "the government's interest in protecting the information sought 'must yield to the defendant's Sixth Amendment right, based upon a proper showing, to access evidence critical to his defense.' United States v. Rivera, 412 F.3d 562, 569 (4th Cir. 2005)." Dkt. No. 231 at 4.

The language defendant cites from Rivera, however, is *dicta* because the court held the defendant did not have a right to examine Detectives as witnesses because he had not made the

---

reassignment of this case and believes that defendants speculations to the contrary are completely unfounded. Defendant's argument here, as in other places, has no logical consistency other than her own self-interest at the time she makes the specific argument, regardless of whether it is consistent with her prior arguments.

[3] Defendant also contends that the government has not met its burden to show that the subpoena is unreasonable and oppressive. Dkt. No. 231 at 4, n.4. Actually, the government did do so as to the facts of this case in the affidavit it submitted with its motion to quash.

"proper showing."[4]  In Rivera, the Court found that, although "Rivera has an absolute Sixth Amendment right to have witnesses called in his favor; he does not have a Sixth Amendment right to conduct an exploratory foray based on mere speculation. We therefore affirm the district court's decision to prevent Rivera from examining the Detectives." Id. at 570.  In other words, "[i]f the evidence is immaterial to the defense, then the district court can properly restrict defendant's access to the evidence in the face of a valid claim of governmental privilege." Id.

Defendant also cites United States v. Moussaoui, 382 F.3d 453 (4th Cir. 2004), cert. denied, 544 U.S. 931 (2005), in support of her opposition.[5]  Dkt. No. 231 at 4-5. The analysis in this case is similar to that in Rivera regarding "proper showing" by the defendant of "materiality."  Moussaoui, 382 F.3d at 474-76.  Accordingly, the government's response, discussed below, is the same.[6].

In this case, defendant's document subpoena to NSA, which is not a criminal investigative agency, is, as in Rivera, simply "an exploratory foray based on mere speculation."

---

[4] Rivera involved defendant's potential access to a witness, rather than documents. Access to documents is the issue in the case before this Court.

[5] The Moussaoui case also involves access to witnesses, rather than documents. Furthermore, in that case, although the court found that defendant was entitled to information from the witnesses, and the government refused to produce the witnesses, the court did not dismiss the indictment. Rather, it "believe[d] a more measured approach is required." 382 F.3d at 476. In addition, the court "emphasized that no punitive sanction is warranted here because the Government has rightfully exercised its prerogative to protect national security interests by refusing to produce the witnesses." Id. Accordingly, the court allowed substitution of written summaries of statements of the witnesses in lieu of use of their deposition testimony. Id. at 477-78.

[6] Defendant tries to distinguish some cases cited by the government in its motion to quash by stating that they involved the First Amendment, while hers involves the Sixth Amendment. Dkt. No. 231 at 5. Those cases support the government's position for which they were cited, that is, the important governmental interest that is being asserted.

412 F.3d at 570. There is no reason to believe that NSA is in possession of any information that is relevant and admissible, and defendant has made no showing to the government to the contrary.[7] Accordingly, the Court can properly limit defendant's access to the information based on valid national security concerns, as set forth in the previously submitted affidavit.

### B. Conclusion

For the reasons stated in the government's motion to quash, as well as this reply to defendant's opposition, the United States respectfully requests that the Court quash the subpoena to the NSA.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

 / s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[7] Although the government has not seen defendant's *ex parte* application, it is confident that the Court, which can review it, will find nothing truthful in it that would change this analysis.