UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully gives notice, pursuant to Fed. R. Evid. 404(b), of its intent to introduce evidence of prior crimes, wrongs or acts of defendant. Specifically, the government intends to introduce evidence of defendant's prior acts in operating illegal prostitution businesses in California and Alexandria, Virginia. Such evidence is relevant under the rule as to defendant's motive, opportunity, intent, preparation, plan, knowledge and absence of mistake or accident in committing the acts charged in the indictment.

**A. Factual Summary**

1. In June of 2004, the United States Postal Inspection Service ("USPIS") and the Internal Revenue Service Criminal Investigation Division ("IRS - CID") began a joint investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against the defendant, charging her with numerous federal violations including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to

defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. mail, from 1993 until approximately August of 2006.

3. Immediately prior to the conduct charged in this indictment, defendant operated one or more escort businesses, the employees of which were involved in acts of prostitution with the knowledge of defendant.

### B. Discussion

#### 1. The Rule

Fed. R. Evid. 404(b) provides that:

> **(b) Other Crimes, Wrongs, or Acts.** – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

#### 2. Defendant's Other Crimes, Wrongs, or Acts

The government seeks to introduce the facts and circumstances surrounding defendant's prostitution-related activities prior to the similar activities that are charged in this case. First, as was discussed in the government's notice of intent to introduce impeachment evidence pursuant to Fed.R.Evid. 609(b), Dkt. No. 233, on June 25, 1992, defendant pled guilty in San Diego Superior Court Case Number CR120385, to felony pandering. The evidence that the government will seek to introduce under Rule 404(b) is that relating to the underlying facts and circumstances that supported that conviction. Defendant, in a sentencing memorandum she filed in that case, admitted that she "knowingly understood that Ms. Liann Rivera would on occasion

commit acts of prostitution with various client referrals I, as the owner/manager of 'escort service' gave to her. Knowing this, I was clearly wrong to do so." Dkt. No. 233-2 at 2 (previously filed as attachment to Rule 609(b) notice). This evidence, and other regarding defendant's operation of a prostitution business in San Diego, California, is the evidence the government seeks to introduce under Rule 404(b). The government previously provided defendant with discovery as to this matter.

Furthermore, on November 25, 1996, the defendant was arrested in Virginia and charged in the Circuit Court of Alexandria with receiving money from the earnings of a prostitute in 1994.[1] This arrest arose in the context of defendant operating Pamela Martin and Associates.[2] It is the facts and circumstances that led to defendant's arrest which is the evidence that the government seeks to introduce under Rule 404(b). The government previously provided defendant with discovery as to this matter.

---

[1] This case was dismissed on October 22, 1997, because trial was not held within nine months from the date of the defendant's waiver of a preliminary hearing, as required by Section 19.2-243 of the Code of Virginia.

[2] Because this conduct occurred during the time charged in the indictment, the proof of it is most likely intrinsically intertwined with the proof of the present case and, therefore, not "other crimes evidence" under Rule 404(b). See United States v. Morrow, 2005 WL 3159572, *4-5 (D.D.C. 2005) (although this opinion is not reported in F. Supp. 2d, it has a very good discussion of the appropriate legal standards for analysis of intrinsically intertwined evidence and Rule 404(b) evidence in a RICO case, with appropriate citations, which may be of assistance to this Court). The United States is including this conduct as part of this notice in an abundance of caution because of the slight possibility it might be considered as Rule 404(b) evidence, rather than intrinsically intertwined evidence.

**3. Application of the Rule to Defendant's Other Crimes, Wrongs, or Acts**

Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes, wrongs or acts of the defendant. Evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Id. (original emphasis). In determining whether such evidence is admissible, the Court undertakes a two-part analysis. First, the Court considers whether the evidence is "probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). If the Court deems the evidence to be relevant, the Court should exclude the evidence only if its probative value "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978); see also Huddleston v. United States, 485 U.S. 681, 686 (1988). Our Circuit has described the rule as one "of inclusion rather than exclusion." United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000). Rule 404(b) excludes only evidence that "is offered for the sole purpose of proving that a person's actions conformed to his or her character." United States v. Long, 328 F.3d 655, 661 (D.C. Cir.), cert. denied, 540 U.S. 1075 (2003).

In this case, defendant has publicly admitted most of what the government has alleged. That is, she ran an escort service in the Washington, D.C., area for thirteen years, the proceeds of which were sent by U.S. Mail in the form of money orders to her in California. Her version,

however, is that she was running a legal "sexual fantasy" business. Accordingly, the proposed evidence, which relates to her running illegal prostitution businesses in the past, would be relevant to defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or accident during her actions involved in the present matter.

Defendant's prior knowledge of her employee escorts being involved in prostitution is relevant for these purposes. In United States v. Barbieri, 614 F.2d 715, 719 (10th Cir. 1980), where defendant was convicted of conspiracy and a violation of the Travel Act for his attempt to set up an interstate prostitution ring in Oklahoma City, Oklahoma, the court found that the trial court properly admitted evidence of defendant's earlier attempt to organize a prostitution business in St. Louis, Missouri. The court found that:

> Matters of intent and plan were crucial in this case. The evidence was relevant for a purpose other than showing bad character; it was clear and convincing; and its probative value substantially outweighed the danger of prejudice. . . . The St. Louis evidence showed the dimensions and continuing nature of [defendant's] scheme. It put the activities in Oklahoma City in context. . . . Finally, it provided a basis for understanding the testimony e.g., [defendant's] promise to Hinchcliff to set up an apartment "just like we had in St. Louis." . . . .

Id. (citations omitted).

Similarly, in United States v. Ahern, 612 F.2d 507 (10th Cir. (1980), cert. denied sub nom. Hines v. United States, 449 U.S. 1093 (1981), the defendant was convicted of conspiracy and violations of the Mann Act and the Travel Act. On appeal, defendant complained "that the trial court improperly admitted evidence tending to show that two years prior to the dates of the offenses for which he was charged he was engaged in prostitution activities involving his alleged wife . . . and others." Id. at 509. The court of appeals found "that such evidence was properly admitted bearing on the issues, intent, plan, knowledge, absence of mistake, and the like." Id.

5

A number of other cases have similar holdings. See, e.g., United States v. Jarrett, 956 F.2d 864, 866-67 (8th Cir. 1992) (testimony that defendant had approached government witnesses seeking to secure their services as prostitutes was admissible as prior acts evidence to show knowledge and intent in prosecution for knowingly transporting minors and women in interstate commerce with intent that they engage in prostitution); United States v. Winters, 729 F.2d 602, 604 (9th Cir. 1984) (in prosecution for kidnaping and transporting women in interstate commerce for immoral purposes, testimony showing that before committing offenses alleged in the indictment defendant had similarly beaten, raped, and forced young women into prostitution was admissible to establish defendant's modus operandi, motive, and intent); United States v. Riley, 657 F.2d 1377, 1388 (8th Cir. 1981) (in prosecution for transportation in interstate commerce of minor for purposes of prostitution, district court did not err in admitting evidence that defendant was involved in similar prostitution activities some six months after events charged in the indictment).

Of course, to significantly lessen the prejudicial effect of admission of evidence of defendant's other crimes, acts or wrongs, the jury should be instructed as to the limited use to which it can put such evidence. See, e.g., United States v. Winters, 729 F.2d at 604; United States v. Ahern, 612 F.2d at 509. See also United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) ("[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.").

### C. Conclusion

The government hereby submits this notice of its intent to introduce evidence of defendant's other crimes, wrongs or acts as set forth above.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov
