# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO ITS OMNIBUS MOTION TO QUASH SUBPOENAS AND MOTION FOR RECONSIDERATION (DKT. NO. 234)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to defendant's opposition to its omnibus motion to quash subpoenas and motion for reconsideration.[1]  For the reasons stated below, as well as those set forth in the government's omnibus motion, the United States respectfully submits that the Court should quash the subpoenas issued to the federal[2] and local agencies listed in the government's omnibus motion, reconsider Judge Gladys Kessler's November 13, 2007 Memorandum Order granting defendant's application to issue subpoenas *duces tecum* to the federal and local agencies, and individuals, and quash the subpoena issued to the White House.

### A.  Discussion

1.    Judge Kessler's Orders

Defendant's first argument is that Judge Kessler's "Orders" should not be disturbed, asserting that Judge Kessler "enjoyed a broad understanding of the various issues in this matter, its

---

[1]  The government's omnibus motion was filed under seal.  However, defendant's opposition was not.  As such, the government is not filing this reply under seal.

[2]  In her opposition defendant asserts that the Central Intelligence Agency "refused to accept service" of the subpoenas.  Dkt. No. 234 at n.4.  Defendant offers no evidence supporting this claim, and according to the Central Intelligence Agency, the CIA did not refuse to accept service of defendant's subpoena.

extensive history, and the resident equities as a result." Dkt. No. 234 at 4-5. She claims further that, "[p]lainly put, Judge Kessler enjoyed a perspective this Court cannot quickly match absent a full understanding of the two hundred plus (200+) pleadings and the four related civil matters." Id. at 5. The government finds this assertion puzzling, as twenty days prior to making this statement, defendant urged this Court to reconsider Judge Kessler's denial of a hearing regarding the government's application for temporary restraining orders. See Dkt. No. 217 at 5 ("Plainly, this Court has the authority to reconsider the orders of a pre-transfer judge.") (footnotes omitted). Apparently when it is in the defendant's best interest to ask this Court to reconsider one of Judge Kessler's rulings, defendant is willing to do so, but when it is not in her best interest, she implies that this Court is somehow unqualified to do so. Indeed, defendant goes so far as to make an unfounded claim that an "appearance of bias" might exist if this Court "over-ruled Judge Kessler's orders". Id. at 5. Yet defendant had no such concerns about any alleged appearance of bias when she previously requested this Court to reconsider Judge Kessler's rulings.[3]

2.    The *ex parte* nature of the subpoenas

As the government discussed in its motion to quash, the granting of the *ex parte* application for subpoenas was inappropriate. Omnibus Mot. to Quash at 7 - 10. Accordingly, the Order is

---

[3]    Further evidence of defendant's inconsistent and unsupportable positions is found in defendant's attempt to create suspicion regarding the reassignment of this case from Judge Kessler to the present judge. Dkt. 234 at 3 and n.5. It seems odd, at best, that defendant complains about the transfer of the case from Judge Kessler since she filed a motion to recuse Judge Kessler in which she stated that she "believe[d] that Judge Kessler has a personal bias against me and my counsel, Montgomery Blair Sibley or in favor of any adverse party[,]" and then listed six alleged grounds for this claim. Dkt. No. 113 at 1-3. Having obtained what she requested, that is, a new judge on her case, the defendant now complains about the reassignment of the case. The United States is unaware of any impropriety in the reassignment of this case and believes that defendant's speculations to the contrary are completely unfounded. Defendant's argument here, as in other places, has no logical consistency other than her own self-interest at the time she makes the specific argument.

clearly something that should be reconsidered and the subpoenas quashed for the reasons set forth in the government's omnibus motion.

In response to the government's motion, defendant attempts to compare the grand jury process with Rule 17, claiming that since the defendant does not have access to documents obtained by grand jury subpoenas issued by the government, she should not have to concern herself with Rule 17's provision for simultaneous inspection by the opposing party. There are at least two problems with this argument. First, as defendant is well aware, she has received thousands of pages of documents obtained by the government through grand jury subpoenas. This, along with the fact that the defendant has been provided with a detailed indictment, makes defendant's repetitive claims that she is not privy to the government's trial theories or evidence ludicrous. Secondly, the grand jury process is governed by an entirely separate body of rules. See Fed. R. Crim. P. 6.

Defendant's arguments are further premised on the idea that she has the right to the element of surprise in trial. See Dkt. No. 234 at 7-8. However, that theory is not supported by the caselaw in this jurisdiction. Daingerfield Island Protective Soc. v. Babbitt, 40 F.3d 442, 449 (D.C. Cir. 1994) (court should not countenance or encourage "gotcha" tactics); Time Warner Entertainment Co., L.P. v. F.C.C., 144 F.3d 75, 82 (D.C. Cir. 1998) (court does not look sympathetically on parties playing "gotcha"); United States v. Fogel, 829 F.2d 77, 91 (D.C. Cir. 1987) ("sentencing by ambush should be avoided even more studiously than trial by ambush") (citation and internal quotation marks omitted).

3.    The IRS - CID and USPIS subpoenas

Defendant offers no explanation as to why the subpoenas issued to IRS-CID and USPIS do not violate the discovery rules. See Dkt. No. 234 at 9-10. As such, the government reiterates its prior assertion that permitting the defendant to subpoena copies of "all records relating to the

3

investigation of Jeane Palfrey and Pamela Martin & Associates" in the possession of IRS - CID and USPIS violates both the <u>Jencks</u> Act and <u>Roviaro v. United States</u>, 353 U.S. 53, 62 (1957).

4.    <u>Unreasonable nature of subpoenas</u>

Defendant further argues that the government has failed to meet its burden of showing the Court that the subpoenas are "unreasonable, unduly burdensome and oppressive." Dkt. No. 234 at 10-12.  In so doing, defendant attempts to shift the burden regarding the propriety of the subpoenas to the government.  However, as the government previously noted,  "in order to require production prior to trial, the moving party must show . . . that the documents are evidentiary and relevant; . . . and . . .  that the application is made in good faith and is not intended as a general 'fishing expedition.'" <u>United States v. Nixon</u>, 418 U.S. 683, 699 (1974).  Moreover, in terms of showing the Court that the subpoenas were unreasonable, unduly burdensome, and oppressive, the Court need only to consider the scope and volume of the subpoenas to come to that conclusion.  The defendant has subpoenaed *twenty-five* federal and local agencies, some of which are not even law enforcement or investigative agencies, for irrelevant information.

5.    <u>White House subpoena and political prosecution argument</u>

The defendant provides information in her opposition which she claims supports the proposition that the White House subpoena was "relevant, admissible, and specific." Dkt. No. 234 at 12.  The information provided by the defendant, in addition to being false, is irrelevant and inadmissible.  In fact, the government has already filed a motion to preclude evidence, comments, and arguments to the jury regarding defendant's claim of selective prosecution.  <u>See</u> Dkt. No. 222. Defendant failed to respond to that motion in a timely manner, so now apparently seeks to respond

in her opposition to the government's omnibus motion to quash.[4]  That opposition is not the appropriate venue for such a response, so the government will not address her arguments on that issue here.

The government will, however, respond to defendant's claims regarding jury nullification, as they are both completely factually unfounded and legally incorrect.  No juror has a right to engage in nullification.  It is a violation of a juror's sworn duty if it does not follow the law as instructed by the court - trial courts have the duty to forestall or prevent such conduct, whether by firm instruction or admonition.  Indeed, the D.C. Circuit adheres to the almost universal rule disapproving arguments that ask the jury to decide a criminal case on extraneous matters, that is, to engage in jury nullification.  In United States v. Washington, 705 F.2d 489 (D.C. Cir. 1983), the court, in holding that a defendant has no right to a jury instruction informing the jury as to its power to engage in jury nullification, stated:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law.  Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

Id. at 494; see also United States v. Dougherty, 473 F.2d 1113, 1137 (D.C. Cir. 1972) ("An explicit instruction to a jury conveys an implied approval that runs the risk of degrading the legal structure

---

[4]  Defendant seems to be under the mistaken impression that the Court does not have the power to preclude any argument regarding her claims of "political prosecution."  See Dkt. No. 234 at 13 ("The Court cannot exclude defendant's evidence of political prosecution from the jury.") (emphasis in original).  Indeed, defendant makes it very clear that she plans to defy the Court should it fail to rule in her favor.  See id. ("Accordingly, Defendant has the right - and intends upon pain of contempt of court - to raise the defense of political prosecution in her defense.")

requisite for true freedom, for an ordered liberty that protects against anarchy as well as tyranny").[5]

Indeed, since the Supreme Court's decision in <u>Sparf and Hansen v. United States</u>, 156 U.S. 51 (1895), "federal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." <u>United States v. Drefka</u>, 707 F.2d 978, 982 (8th Cir. 1983). <u>See also</u> <u>United States v. Carr</u>, 424 F.3d 213, 220 (2nd Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); <u>United States v. Bruce</u>, 109 F.3d 323, 327 (7th Cir. 1997) (jury nullification is not to be sanctioned by instructions, but is to be viewed as an aberration under our system); <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification, . . . and, indeed, may instruct the jury on the dimensions of their duty to the exclusion of jury nullification . . . ."); <u>United States v. Desmarais</u>, 938 F.2d 347, 350 (1st Cir. 1991) (it is "improper to urge the jury to nullify applicable law."); <u>United States v. Trujillo</u>, 714 F.2d 102, 105-06 (11th Cir. 1983) ("We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument."); <u>United States v. Childress</u>, 746 F. Supp. 1122,

---

[5] Although defendant cites <u>Dougherty</u> in her opposition, it doesn't support the proposition for which she cites it. In <u>Dougherty</u>, the court upheld the district court's refusal to provide the jury with a jury nullification instruction. Indeed, despite citing to "then-chief Judge Bazelon's argument," Dkt. No. 234 at 18, defendant neglects to advise the Court that Judge Bazelon wrote the dissent in this opinion as to the failure to give the requested jury instruction. Defendant makes a similar mis-representation when she cites <u>United States v. Moylan</u>, 417 F.2d 1002 (4th Cir. 1969) as a case that "affirm[ed] the right of jury nullification . . . ." Dkt. No. 234 at 17. In fact, in <u>Moylan</u> the court held that the defendants were not entitled to an instruction that the jury had the power to acquit even if the defendants were clearly guilty of the charged offenses. 417 F.2d. at 1006-07.

1140 (D.D.C. 1990) (a defendant has no right to have the court inform the jury of its inherent power to acquit nor may counsel argue jury nullification in closing argument). Thus, defendant's assertion that the jury must be "advised by the Court of its power if not duty to nullify" is utterly false.

### B. <u>Conclusion</u>

For the foregoing reasons, as well as those articulated in its omnibus motion to quash, the United States respectfully requests that the Court quash the subpoenas issued to the federal and local agencies listed in the government's omnibus motion to quash, reconsider Judge Kessler's November 13, 2007 Memorandum Order granting defendant's application to issue subpoenas *duces tecum* to the federal and local agencies, and individuals, and quash the subpoena issued to the White House.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / **_Daniel P. Butler/Catherine K. Connelly_**
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov