**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (JR)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE**
**EVIDENCE, COMMENTS, AND ARGUMENTS REGARDING**
**THE GOVERNMENT'S CHARGING DECISIONS**

The United States, by and through it attorney, the United States Attorney for the District of Columbia, respectfully submits the following motion *in limine* to preclude evidence, comments, and arguments regarding the government's charging decisions in the investigation that gave rise to the indictment in the above-captioned matter.[1]

## I. INTRODUCTION

On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant Deborah Jeane Palfrey charging her with numerous federal violations, including RICO, interstate transportation in aid of racketeering, and conspiracy to commit money laundering, along with related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. Mail. It is axiomatic that the purpose of a criminal

---

[1] There is some overlap between this motion and the government's motion *in limine* to preclude at trial evidence, comments, and arguments regarding the defendant's claim of selective and/or political prosecution of her. See Dkt. No. 222. Because of defendant's varying, wide-ranging theories of defense in this case, however, as shown in her pleadings, see, e.g., Dkt. No. 237 at 6 (defendant plans "to call representatives of each of the eight [sic] three (83) escort agencies operating in the District of Columbia as witnesses to (i) the legal operation of the escort businesses and (ii) the selective prosecution of Defendant by the government"), the government believes there is a need for this pleading as well.

trial is to determine whether the government has met its burden of proof as to the charged crimes, not to examine why the government decided to seek the indictment against defendant, why different charges were not lodged against the defendant, or why other persons were or were not charged as a result of the investigation that gave rise to the pending indictment.  This motion *in limine* requests that the Court preclude evidence, comments, and argument regarding the government's charging decisions and thereby confine the trial to its proper purpose and prevent irrelevant, unfairly prejudicial and potentially confusing matters from influencing the jury's decisions as to the charged crimes.

The evidence, comments, and arguments this motion seeks to preclude are not relevant in the trial of the charged crimes; they have no probative value in this case.  The investigation that led to the indictment of defendant focused on defendant since she was the organizer and leader of Pamela Martin and Associates.  The fact that other lesser criminally involved individuals, including escorts and clients, or other escort operators in the area, were not charged is irrelevant as to whether defendant committed the crimes charged in the indictment.  Evidence, comments, and arguments about the government's charging decisions have no tendency to make any matter of consequence to the determination of the action more or less probable.

Beside lacking any relevance, the evidence, comments, and arguments sought to be precluded carry enormous danger of unfair prejudice and confusion of the issues in that they have an undue tendency to suggest that the jury make a decision on improper bases.  For a jury to decide the case on any basis other than the facts and the law is a species of jury nullification.  Courts have roundly rejected jury nullification arguments and jury nullification instructions.  Courts also have rejected the notion that otherwise irrelevant evidence may be admissible because it supports a jury

2

nullification argument or verdict.  In this case, evidence, comments, and arguments concerning the government's charging decisions would risk unfair prejudice and confusion of the issues.

Given the complete lack of relevance of any evidence, comments, and arguments regarding the government's charging decisions, and the substantial risk of unfair prejudice, this is not a matter that can be addressed solely through limiting instructions to the jury.  Evidence that is not relevant is not admissible.  Where the probative value of evidence is substantially outweighed by the danger of unfair prejudice, that evidence should be excluded.  The Court should preclude evidence, comments, and arguments regarding the government's charging decisions.

## II.  ARGUMENT

### A.     The Court Should Preclude Evidence, Comments, and Arguments Regarding the Government's Charging Decisions on Relevance Grounds

The basic principles of relevance are well known to the Court.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.  Relevancy "exists only as relation between an item of evidence and a matter properly provable in the case."  Id., Advisory Committee Note.  The determination of relevancy involves an inquiry into whether evidence "possesses sufficient probative value to justify receiving it in evidence."  Id.  "Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.

The decision by a prosecutor not to bring additional charges against a defendant, or different charges, or not to charge additional persons is irrelevant at the trial of the charges lodged against the defendant.  Those decisions have no tendency to make the existence of any fact that is of consequence to the action more probable or less probable. For example, in United States v. Young,

3

20 F.3d 758 (7th Cir. 1994), defendant appealed the trial court's exclusion of evidence that another

person (Russell) arrested for drug crimes along with defendant was released and not charged. Id. at

765. The district court ruled that the evidence that Russell had been released and not charged was

irrelevant. Id. The Court of Appeals affirmed, holding that:

> Young's defense at trial was that he did not knowingly participate in the attempted
> cocaine purchases. Accordingly, the primary issue for the jury was whether the
> government met its burden of proof as to Young's knowledge. Whether or not
> Russell was criminally charged does not make the facts relating to Young's
> knowledge and participation in the attempted purchase more or less probable.

Id. (citing Fed. R. Evid. 401). See also United States v. Mosky, 1990 WL 70832 (N.D. Ill. 1990)

("The government seeks to bar only any reference to its decisions regarding who to indict and for

what acts. The government is correct that those decisions are not relevant to the charges faced by

these defendants."). Therefore, evidence concerning the government's charging decisions is

irrelevant and has no probative value.

Application of the test of relevancy to defendant's case is straightforward. In this case,

defendant is charged with running an escort business in the local area, which was a front for illegal

prostitution, the proceeds of which were sent to defendant in California. It is expected that the issue

at trial will be whether the government can prove that defendant had the requisite knowledge of the

illegal prostitution acts of her escorts. The fact that other individuals involved in this business or

similar businesses have or have not been charged does not have any tendency to make any fact of

consequence more or less likely in the trial of the charges against defendant.[2] Accordingly, the Court

should preclude evidence, comments, and arguments concerning the government's charging

---

[2] Of course, to the extent any government witness were made any promises regarding
their testimony, e.g., an immunity agreement, such promises are relevant on the issue of the
respective witness' motivation or bias.

decisions on the ground that such matters are irrelevant to the issues at the upcoming trial.

**B.      The District Court Should Preclude Evidence, Comments, and Argument Regarding the Government's Charging Decisions Because of the Significant Risk of Unfair Prejudice and Confusion of the Issues**

Evidence, comments, and arguments regarding the government's charging decisions is irrelevant and should be excluded on that basis alone.  However, there is another basis to grant the government's motion *in limine*:  the evidence, comments, and arguments at issue will create a substantial risk of unfair prejudice and confusion of the issues.  Those are risks that warrant the exclusion of even relevant evidence when the risk substantially outweighs the probative value of the evidence.  In this case, the risks are significant and the probative value is nil.  The risk of unfair prejudice and confusion of the issues provides a compelling basis for granting the government's motion.

Under the Federal Rules of Evidence, even relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." Fed. R. Evid. 403.  "Unfair prejudice" is defined as "an undue tendency to suggest decision on an improper basis."  Id., Advisory Committee Note.  The jury's duty in any criminal case is to be the finder of fact with respect to whether the prosecution has shown the elements of the charged offenses.  Jurors are also sworn to follow the instructions of the court and are routinely told that they are obligated to follow the law as told to them by the court.  Instruction 2.01, Criminal Jury Instructions for the District of Columbia (4th ed. rev. 2007) ("It is your duty to accept the law as I state it to you."); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th ed., Vol. 1A § 10.01 ("I instruct you that the law as given to you by the Court in these and other instructions constitute the only law for your guidance.  It is your duty to accept and to follow the law as I give

it to you even though you may disagree with the law."). <u>See also United States v. Bruce</u>, 109 F.3d

323, 327 (7th Cir. 1997).

It is improper for the jury to consider, or for counsel to suggest, that the decision by the

government not to charge additional crimes or defendants are grounds that could support an acquittal

on the crimes charged in the indictment. <u>See United States v. McVeigh</u>, 153 F.3d 1166, 1192 (10th

Cir. 1998), <u>cert. denied</u>, 526 U.S. 1007 (1999) ("Under our system of criminal justice, the issue

submitted to the jury is whether the accused is guilty or not guilty . The jury is not asked to render

judgement about non-parties, nor is it normally asked to render a verdict on the governments's

investigation"). An acquittal based upon the jury's view of the government's charging decision

would be a form of jury nullification. It follows that since jury nullification arguments are improper,

evidence that is otherwise irrelevant to the charges in the pending indictment does not become

admissible to support a nullification argument. The D.C. Circuit adheres to the almost universal rule

disapproving arguments that ask the jury to decide a criminal case on extraneous matters, that is, to

engage in jury nullification. In <u>United States v. Washington</u>, 705 F.2d 489 (D.C. Cir. 1983), the

court, in holding that a defendant has no right to a jury instruction informing the jury as to its power

to engage in jury nullification, stated:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find
> a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by
> a court, while the latter can be, does not create a right out of the power to misapply
> the law. Such verdicts are lawless, a denial of due process and constitute an exercise
> of erroneously seized power.

<u>Id.</u> at 494; <u>see United States v. Dougherty</u>, 473 F.2d 1113, 1137 (D.C. Cir. 1972) ("An explicit

instruction to a jury conveys an implied approval that runs the risk of degrading the legal structure

requisite for true freedom, for an ordered liberty that protects against anarchy as well as tyranny").

Indeed, ever since the Supreme Court decided <u>Sparf and Hansen v. United States</u>, 156 U.S. 51 (1895), "federal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." <u>United States v. Drefka</u>, 707 F.2d 978, 982 (8th Cir. 1983). <u>See</u> <u>United States v. Carr</u>, 424 F.3d 213, 220 (2nd Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); <u>United States v. Bruce</u>, 109 F.3d 323, 327 (7th Cir. 1997) (jury nullification is not to be sanctioned by instructions, but is to be viewed as an aberration under our system); <u>United States v. Desmarais</u>, 938 F.2d 347, 350 (1st Cir. 1991) (it is "improper to urge the jury to nullify applicable law."); <u>United States v. Trujillo</u>, 714 F.2d 102, 105-06 (11th Cir. 1983) ("We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument."); <u>United States v. Childress</u>, 746 F. Supp. 1122 1140 (D.D.C. 1990), <u>aff'd</u>, 58 F.3d 693 (D.C. Cir. 1995), <u>cert. denied</u>, 516 U.S. 1098 (1996) (a defendant has no right to have the court inform the jury of its inherent power to acquit nor may counsel argue jury nullification in closing argument).

A corollary to the rejection by the D.C. Circuit and other courts of jury nullification arguments and instructions that encourage nullification is the strident refusal by courts to admit otherwise irrelevant evidence to support a jury nullification argument or verdict. In <u>United States v. Gorham</u>, 523 F.2d 1088 (D.C. Cir. 1975), the court did exactly that. In <u>Gorham</u>, defendants were charged with an attempted prison escape during which hostages were taken. While the hostages were being held, two persons without legal authority promised the defendants immunity for their actions if they gave up and released the hostages. At trial, the defendants lost their argument that

the promises were binding, but sought to admit the promises so the jury might consider them in rendering a verdict. The trial judge found that the promises of immunity "were irrelevant to the issue of the appellant's guilt or innocence of the offenses charged, and thus declined to admit them into evidence." Id. at 1097-98. The D.C. Circuit affirmed: "We approve [the district judge's] determination and agree that introduction of [the promises] would have been unnecessarily confusing and potentially prejudicial." Id. See also United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) ("Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to a jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence . . . . No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant") (citing Gorham, 523 F.2d at 1097-98 and other cases); Zal v. Steppe, 968 F.2d 924, 931 (9th Cir. 1992) (Trott, J., concurring) (no right to present evidence that is irrelevant to a legal defense); United States v. Crosby, 713 F.2d 1066, 1074 (5th Cir. 1983) (following Gorham and affirming exclusion of evidence finding "similar irrelevance and potential for prejudice"); United States v. Lucero, 895 F. Supp. 1421, 1426 (D. Kan 1995) ("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke finder of fact to disregard the law").

Application of these principles to the facts of the pending case leads inexorably to the conclusion that the Court should preclude evidence, comments, and arguments concerning the government's charging decisions. The government may seek one or more jury instructions to remind

the jury to stay focused on the facts and the applicable law,[3] but the government respectfully suggests that granting the motion and precluding evidence, comments, and arguments regarding the government's charging decision is vital to prevent unfair prejudice and confusion of the issues.

### III.  CONCLUSION

For all the foregoing reasons, the United States respectfully requests that the Court grant the government's motion *in limine* to preclude evidence, comments, and arguments regarding the government's charging decision.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

/ s   /  *Daniel P. Butler/Catherine K. Connelly*

Daniel P. Butler
D.C.  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384, 307-0258
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[3]  For example, the United States may seek an instruction telling the jury not to speculate why other escort services or persons whose names they hear in this case are not on trial.

9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (JR)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This matter comes before the Court on the Government's Motion *In Limine* to Preclude

Evidence, Comments, and Arguments to the Jury Regarding the Government's Charging Decisions.

Upon review of the motion and the entire record, the Court concludes that good cause exists to grant

the motion.

THEREFORE, it is this _____ day of _____, 2008, hereby

**ORDERED** that the motion is **GRANTED** and that evidence, comments, and arguments

regarding the government's charging decisions should not be brought before the jury in the above-

referenced matter.

_____
THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

**cc:  Counsel of Record via ECF**