UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

    DEFENDANT.
_____/

CRIMINAL CASE NUMBER: 07-046-JR

DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S FIFTH MOTION TO DISMISS THE INDICTMENT

Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel, Replies to the Government's Opposition to Defendant's Fifth Motion to Dismiss the Indictment and states:

**I. THE GOVERNMENT BEGS THE QUESTION**

Accused – properly and undeniably – of egregiously violating an order of this Court, the Government responds: "The government does not agree with defendant's reading of the protective order. A detailed discussion of that disagreement is not necessary here, however, because of the complete lack of merit of her motion, as discussed in the text of this Opposition." [D.E. #, p. 3, f/n #4]

The real reason that a detailed discussion is "not necessary" is because such a discussion could only logically and honestly result in a government plea of "*mea culpa*".

Notwithstanding that the 1992 Sentencing Memorandum of Defendant is a public record, this Court expressly ordered it <u>not</u> to be file publically in the Court's CM/ECF database without prior approval by the Court.

While Defendant has scrupulously followed the Court's order and properly petitioned for exceptions to it, the government apparently believes it can <u>not</u> even be troubled to address the merits of Defendant's argument that the filing of the 1992 Sentencing Memorandum of Defendant violated

the May 22, 2007, Stipulated Protective Order [D.E. #49].

Simply stated, is this Court going to let the government get away with ignoring this Court's express order upon the argument that the government can decide when it will ignore this Court's orders and when it won't? If that privilege is to be extended to the government, then the Defendant demands a similar right in regards to all of the documents covered by [D.E. #49].

WHEREFORE, for the reasons afore-said, this instant indictment must be dismissed, or alternatively, the government be sanctioned by the striking from use at trial of 1992 Sentencing Memorandum of Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served pursuant to CM/ECF upon Daniel Butler, William Cowden, and Catherine Connelly, Assistant United States Attorneys, Criminal Division, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this January 11, 2008.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Defendant
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By:   /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488