UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (JR)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION
FOR A WRITTEN DECISION ON DEFENDANT'S
<u>FOURTH MOTION TO DISMISS THE INDICTMENT (DKT. NO. 247)</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to defendant's motion for a written decision on defendant's fourth motion to dismiss the indictment. On January 4, 2008, the Court denied defendant's fourth motion to dismiss. Dkt. No. 243. The government defers to the Court as to whether or not it deems it necessary to issue a written opinion justifying its prior denial of defendant's motion. However, the government makes the following observations:

First, the government notes that the record in this case clearly supports the Court's decision. <u>See</u> Dkt. No. 232 (Government's Opposition to Defendant's Motion). Furthermore, as is often true in this case, the defendant fails to cite any controlling authority to support her request.[1] Instead, defendant cites a concurring opinion in <u>Black v. Romano</u>, 471 U.S. 606, 618 (1985), a case involving probation revocation, for the general proposition that a written decision would "contribute significantly to the 'fairness and reliability' of the process by which an individual is deprived of

---

[1] This is not the first time defense counsel has raised, unsuccessfully, this argument. <u>See</u> <u>Sibley v. Wilson</u>, 2006 WL 1707166 at *11 (petition for writ of certiorari filed by Montgomery Blair Sibley) (Petitioner Sibley claimed "soley [sic] by self-empowerment, the Eleventh Circuit has . . . determined that it can dismiss an appeal without explanation in violated [sic] of the Rules Enabling Act's imposition of the *ratio decidendi* obligations placed upon a federal court as recognized in this Court's decision in <u>Black v. Romano</u>, 471 U.S. 606 (1985).") This petition was denied by the Supreme Court. 127 S. Ct. 159 (2006).

liberty." Dkt. No. 247 at 2. Neither Black v. Romano, nor any other case or law, however, requires the Court to provide a written justification for the denial of a motion to dismiss, such as the one filed by the defendant in this case, which was completely without merit.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    DC Bar No. 498610

    / s / *Daniel P. Butler/Catherine K. Connelly*
    Daniel P. Butler
    DC Bar No. 417178
    Catherine K. Connelly
    Mass. Bar No. 649430
    Assistant United States Attorneys
    555 4th Street, NW
    (202) 353-9431, 616-3384
    Washington, D.C. 20530
    Daniel.Butler@usdoj.gov
    Catherine.Connelly2@usdoj.gov