**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,          :
                                   :
          v.                       :    Crim. Action No. 07-0046 (JR)
                                   :
DEBORAH JEANE PALFREY,             :
                                   :
          Defendant.               :


**MEMORANDUM ORDER**

On November 13, 2007, Judge Kessler issued a sealed
Memorandum Order, granting the defendant's *Ex Parte* Application
for Issuance of Subpoenas and Payment of Costs and Fees. Judge
Kessler's order is subject to amendment under Fed. R. Crim. P.
17(c)(2). That provision permits the quashing or amendment of a
subpoena ordering the production of documents and other potential
evidence when "compliance would be unreasonable or oppressive."
Judge Kessler was not presented with a Rule 17(c)(2) motion and
there is thus no "law of the case" relating to defendant's actual
use of the authority she was given. It now appears that the
subpoenas defendant has issued have been used – misused – as
tools for discovery.

In its Omnibus Motion to Quash Subpoenas Issued
Pursuant to Defendant's *Ex Parte* Application,[1] the government

_____

[1]  The government's motion was filed under seal but the
defendant responded on the public record. The matters discussed
in this memorandum have thus been made public. In any case, the
defendant's own tactic of issuing scattershot subpoenas to some
26 federal, state, and local governmental agencies is the reason
why her "theory of defense" is now, for all practical purposes,

moves to quash all the subpoenas served on federal agencies and the White House and asks the Court to reconsider the issuance of subpoenas on local law enforcement agencies, telephone companies, and Randall Tobias, Senator David Vitter, and Harlan Ullman. When seen in light of the way that these subpoenas have actually been pursued, it is clear that the showing originally put forward by the defendant for specificity, relevance, and admissibility, did not contemplate and will not support what is obviously a discovery effort – a "fishing expedition." See United States v. Nixon, 418 U.S. 683, 698-700 (1974).

For the subpoenas addressed to Verizon and other cellular telephone companies, the defendant seeks the telephone records of her own escort service and its contact with clients who "could be" witnesses for her defense. The term "fishing expedition" has become a cliché, but it is the most accurate way to characterize this request.

As for the phone records of other escort services, it appears that they are only sought to support defendant's theory that the indictment in this case is selective prosecution as well as her quite different theory that "there exists a segment of the escort industry that does not violate the law." Neither of these

_____

in the public domain.

- 2 -

propositions is material, and evidence to support them will not be admissible.

The subpoenas addressed to 17 D.C. Metro-area vice squads, for evidence that the defendant was investigated numerous times and that her staff was not once arrested while the escorts of other services were arrested, seeks material of very doubtful admissibility, but even if such evidence existed and were ruled admissible, the issuance of 17 subpoenas seeking the same information from 17 different police departments is unreasonable on its face. These subpoenas will all be quashed except one -- a single subpoena sought addressed to a specific vice officer at a specific police department. That subpoena will not be quashed.

The issuance of subpoenas issued to nine agencies of the United States government was based on the wholly speculative propositions 1) that "these agencies both condoned and benefitted from the operation of defendant's escorts services"; 2) that such agencies "could have" given assurances to escorts that they could engage in behavior now charged as illegal; and 3) that these agencies "may well have had" an interest in intelligence information gleaned for foreign nationals. These are discovery subpoenas.

The White House subpoena, which was <u>not</u> authorized by Judge Kessler's order, will also be quashed. All the documents it

seeks appear to relate to the defendant's political prosecution theory. Immaterial; inadmissible.

It does not appear that the government's motion offers any protection for Larry Flynt Productions, Inc. While the showing defendant made for that subpoena was the same as for the now-quashed ABC News subpoena, the subpoena will not be disturbed in the absence of a motion specifically addressing it. Neither does the government object to the subpoena for defendant's own records from H&R Block, and, although it is not clear why the defendant cannot simply demand those records without a subpoena, it will not be disturbed in the absence of a motion.

The subpoena served on the IRS will be quashed. The defendant is entitled to obtain copies of her own tax filings (which she can do without a subpoena), but not those of "each of the escorts" of the service.

The subpoenas to Senator Vitter, and to Messrs. Tobias and Ullman, were properly supported, and no showing of burden or unreasonableness has been made.

The only subpoenas not quashed by this order are those addressed to a single named vice officer in a metropolitan area police department, to Larry Flynt Productions, Inc., to H&R Block, and to Senator Vitter, Mr. Tobias, and Mr. Ullman.

- 4 -

**So ordered.**

JAMES ROBERTSON
United States District Judge