UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S BILL OF PARTICULARS AS TO (1) THE "PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY" CHARGED IN THE MONEY LAUNDERING CONSPIRACY COUNT AND (2) THE FORFEITURE ALLEGATIONS**

The United States of America, by and through the United States Attorney for the District of Columbia, hereby files the following Bill of Particulars as to (1) the "proceeds of specified unlawful activity" charged in the money laundering conspiracy count, that is, count five of the indictment, and (2) the forfeiture allegations.

**A.   Factual Background**

1.   In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began a joint investigation into Pamela Martin and Associates.  The defendant owned and operated Pamela Martin and Associates.

2.   On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO (count one), interstate transportation in aid of racketeering (counts two through four), and conspiracy to commit money laundering (count five), along with two related forfeiture allegations.  These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. Mail.

3. Count five, the money laundering conspiracy count, in relevant part, charges that defendant and others conspired:

> to commit offenses against the United States, that is: knowingly conduct, and attempt to conduct, financial transactions affecting interstate commerce which involved the *proceeds of specified unlawful activity*, that is, interstate travel or transportation in aid of racketeering enterprises, in violation of Title 18, United States Code, Section 1952(a)(3), with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew the funds involved in the financial transactions represented the proceeds of some form of unlawful activity.

Dkt. No. 2 (Indictment) at 13-14, ¶ 16 (emphasis added).

4. On June 15, 2007, defendant filed a motion for a bill of particulars. Dkt. No. 68. Defendant's motion addressed, among other topics, the money laundering conspiracy count and the forfeiture allegations. Id. As part of an omnibus opposition to defendant's motions, the government responded to defendant's motion for a bill of particulars. Dkt. No. 77 at 39-45.

5. On August 15, 2007, the Court filed an Order, accompanied by a Memorandum Opinion, addressing, among others, the defendant's motion for a bill of particulars. Dkt. No. 88 at 2 (Order); Dkt. No. 89 at 32-37 (Memorandum Opinion). Specifically, as to the money laundering conspiracy count, the Court ordered that "the Government shall, no later than 60 days prior to trial, identify the 'proceeds of specified unlawful activity,' as requested in paragraph III.d. of the Motion." Dkt. No. 89 at 36-37 (Memorandum Opinion); see Dkt. No. 88 at 2 (similar language in Order).

6. As to the forfeiture allegations, the Court ordered the Government no later than 30 days before trial to disclose the following information, among other, requested in defendant's motion: IV.a., V.a, V.b, and V.c.[1] Dkt. No. 88 at 2; Dkt. No. 89 at 36.

---

[1] The other information the Court ordered to be disclosed 30 days before trial, that is, I.a., I.e., and I.f, which are not relevant here, will be addressed in a separate pleading to be filed later.

7. The trial in this case is set for April 7, 2008. Sixty days before that day is February 7, 2008.

8. Paragraph III.d. of defendant's motion requested, as to count five, the money laundering conspiracy count, the following: "Page 14, ¶ 16 Identify the 'proceeds of specified unlawful activity.'" Dkt. No. 68 at 2.

9. As to the forfeiture allegations, the relevant defense requests were the following:

    IV.  Forfeiture Allegation: Count One – RICO:

    a. Page 16, ¶ C(a)   Specify the nexus between the "funds and stocks," "coins seized from 803 Capitol Street, Vallejo, California," "$182,529.59 of equity in the real property more fully described as: 803 Capitol Street, Vallejo, California 94590…," "1441 Vaquero Glen, Escondido, California 92026," enumerated and the alleged violation of 18 U.S.C. § 1962.

    b. Page 17, ¶ D   Specify which if any additional interests the United States intends to seek as subject to forfeiture under 18 U.S.C. § 1963, and the nexus between these interests and the alleged violation of 18 U.S.C. § 1962.

    V.  Forfeiture Allegation: Count Five – Conspiracy to Launder Monetary Instruments:

    a. Page 18, ¶ B   Specify what property was "involved in" or is "traceable to" Ms. Palfrey that was "involved in the defendant's violation of Title 18, United States Code, 1956(h)."

    b. Page 18, ¶ B(a)   Specify the nexus between the "funds and stocks," "coins seized from 803 Capitol Street, Vallejo, California," "$182,529.59 of equity in the real property more fully described as: 803 Capitol Street, Vallejo, California 94590…," "1441 Vaquero Glen, Escondido, California 92026," enumerated and the alleged violation of 18 U.S.C. § 1956(h).

    c. Pages 19-20, ¶ C   Specify which if any additional interests the United States intends to seek as subject to forfeiture under 18 U.S.C. § 982(b)(1), and the nexus between these interests and the alleged violation of 18 U.S.C. § 1956(h).

Dkt. No. 68 at 3.

### B. Discussion

1. <u>The Information Regarding the Money Laundering Conspiracy Count</u>

In this case, the money laundering conspiracy count in the indictment charges that the "specified unlawful activity" that the conspirators agreed to commit was violation of the Travel Act, 18 U.S.C. § 1952(a)(3). The "proceeds of specified unlawful activity" involved in the conspiracy were defendant's approximate 50% share of the money resulting from the acts of prostitution that the conspirators agreed would be forwarded to defendant through the U.S. Mail, whether by money order, check, or other form. The documents demonstrating the money that was sent to defendant have already been made available to defendant in discovery.

2. <u>The Information Regarding the Forfeiture Allegations</u>

The indictment in this case seeks forfeiture of all property constituting and derived from proceeds obtained, directly and indirectly, from defendant's racketeering activity, in violation of 18 U.S.C. § 1962 (which property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963(a)(3)) and forfeiture of all property, real and personal, that was involved in the defendant's violation of 18 U.S.C. § 1956(h), or is traceable to such property.

The property derived from proceeds obtained, directly and indirectly, from **defendant's racketeering activity** includes, but is not limited to, the following property that is specifically identified in the indictment: a money judgment of at least $2,075,384, and all interest and proceeds traceable thereto, which amount includes, but is not limited to the following assets:

    a.    $276,645.97 in funds from Charles Schwab investment accounts 6884-3181, 6884-3186, and 6884-3192, and approximately $135,442.60 in stocks maintained in these accounts by Charles Schwab, a total amount of $11,396.35 from Wells Fargo accounts 6952-139217 and 005-9211417 and all interest and dividends traceable thereto (hereafter collectively "the

Accounts").

The funds and stocks are more fully described as:

(1) Charles Schwab Account 6884-3181 (funds $36,458.67);

(2) Charles Schwab Account 6884-3186 (funds $188,403.71; stock approximately $125,432.60);

(3) Charles Schwab Account 6884-3192 (funds $51,783.59; stock approximately $10,010.00);

(4) Wells Fargo Account 6952-139217 (funds $2,055.68); and

(5) Wells Fargo Account 005-9211417 (funds $9,340.67).

b. Coins seized from 803 Capitol Street, Vallejo, California, more fully described as:

(1) 413 South African Gold Krugerrands;

(2) 81 U.S. Liberty $50 Gold Coins;

(3) 320 U.S. Liberty $1 Silver Coins; and

(4) 61 Canadian $50 Gold Coins.

c. $182,529.59 of equity in the Real Property more fully described as:

803 Capitol Street, Vallejo, California 94590, more fully described as:

The North Seventy (70) Feet of Lot Nine (9) in block Three Hundred and Six (306), as the same is shown on the official map of the City of Vallejo, made by E.H. Rowe, C.S., and which map was filed for record in the Office of the County Recorder of Solano County, California, September 19, 1868, in Book 1 of Maps, Page 123; and,

d. Real property more fully described as:

1441 Vaquero Glen, Escondido, California 92026, more fully described as:

Lot 17 of Escondido Tract No. 350 in the City of Escondido, County

>of San Diego, State of California according to map thereof No. 9034, filed in the Office of the County Recorder of San Diego County on November 22, 1978.

The United States hereby gives notice that in accordance with the Court's Order dated June 22, 2007, Dkt. No. 70, the real property identified as 1441 Vaquero Glen, Escondido, California was sold. The proceeds derived from the sale, $316,296.16 ("Net Sale Proceeds"), were deposited into an account under the control of the government on or about July 18, 2007. The government hereby provides notice of its intent to forfeit the Net Sale Proceeds as property traceable to property derived from and involved in defendant's violations of law as set forth in the forfeiture allegations in defendant's indictment.

Additionally, the United States hereby gives notice that in addition to property already specifically listed in the indictment's forfeiture allegations and above, the United States is seeking forfeiture of the following additional identifiable property that was derived from and involved in defendant's violations of law as set forth in the forfeiture allegations in defendant's indictment: $70,000 that defendant wired to Germany to purchase real property located in Germany; all real property defendant purchased in Germany; all funds on deposit in financial institutions in Germany; and all property in safe deposit boxes located in Germany.

The property "involved in" the **money laundering conspiracy** with which defendant is charged includes a money judgment of approximately one-half the amount sought as derived by the defendant from her operation of a RICO enterprise, as well as all interest and proceeds traceable thereto, which amount includes all of the specifically identified personal and real property that defendant possessed or controlled prior to such property having been seized, sued for forfeiture, and specified in the indictment.

As to the nexus between the offenses and the property seized or restrained and specifically identified as forfeitable, the evidence will establish that all of defendant's seized assets are, or are traceable to, proceeds of her operation of Pamela Martin and Associate as an unlawful enterprise. Likewise, those assets also are property involved in or traceable to property involved in the money-laundering conspiracy with which defendant also is charged.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                UNITED STATES ATTORNEY

                                / s /

By:      _____
        Daniel P. Butler, DC Bar #417718
        Catherine K. Connelly, MA Bar #649430
        William R. Cowden, DC Bar #426301
        Assistant United States Attorneys
        555 Fourth Street, N.W.
        Washington, DC 20530
        (202) 353-941, 616-3384, 307-0258
        daniel.butler@usdoj.gov
        catherine.connelly2@usdoj.gov
        william.cowden@usdoj.gov