UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL NO. 07-046 (JR) |
| | ) | |
| DEBORAH JEANE PALFREY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE, COMMENTS, AND ARGUMENTS REGARDING THE GOVERNMENT'S CHARGING DECISIONS**

Deborah Jeane Palfrey, through court-appointed standby counsel, respectfully submits this Opposition to the Government's Motion *In Limine* to Preclude Evidence, Comments, and Arguments Regarding the Government's Charging Decisions (the "Government Motion").  The government seeks to preclude the presentation of evidence concerning the government's charging decisions in the investigation giving rise to Ms. Palfrey's indictment, claiming that such information is irrelevant and lacks probative value.  The government also claims that such evidence, comments and arguments should be precluded because they create a risk of unfair prejudice and confusion of the issues.

In making these arguments, the government conjures issues that have not manifested.  Standby counsel for Ms. Palfrey is mindful of the limits of appropriate witness examination, opening statements, and argument, and Ms. Palfrey will be advised appropriately; however, try as it might, the government cannot insulate this case and its witnesses from appropriate cross-examination.  In that regard, it is both highly relevant and necessary that the defense be entitled to probe during cross-examination as

impeachment evidence the fact that certain witness-participants in the charged events are fairly deemed to be unindicted co-conspirators in the alleged conduct before the court despite the lack of any formal charges being brought against them.

It is well-accepted that witness bias and self-interest are proper subjects for cross-examination. *See* 3A J. Wigmore, Evidence § 940, at 775 (Chadbourne rev. 1970) (the partiality of a witness is "always relevant as discrediting the witness and affecting the weight of his testimony"). Indeed, the Supreme Court has emphasized that the Confrontation Clause guarantees a defendant the right to cross-examine witnesses about their bias and motivation. *See*, *e.g.*, *Crawford v. Washington*, 541 U.S. 36 (2004) (the Confrontation Clause provides that the accused has a right to confront and cross-examine witnesses against her); *Davis v. Alaska*, 415 U.S. 308, 318 (1974) (finding violation of the Confrontation Clause where trial court did not permit defense counsel to "expose to the jury the facts from which the jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness").

For example, the defense should be permitted to cross-examine witnesses at trial about whether they testified in the grand jury or gave other information to the government under a proffer agreement, grant of immunity, or in any other manner calculated to curry favor with prosecutors and avoid prosecution. In such circumstances, it is pertinent that the witness in question was never charged by the government. Such information goes to the potential bias of a witness, which is always relevant. *See United States v. Anderson*, 881 F.2d 1128, 1138 (D.C. Cir. 1989) (*quoting United States v. Leonard*, 494 F.2d 955, 963 (D.C. Cir. 1974) ("The permissible scope of exploration on cross-examination is not curtailed by the absence of explicit government promises of

leniency, for the defense may attempt to show government conduct which might have led a witness to believe that his prospects for lenient treatment by the government depended on the degree of his cooperation.")).

Here, the government has grudgingly acknowledged in a previous proceeding that the alleged prostitutes working as contractors for Ms. Palfrey's business, as well as their customers, are co-conspirators.[1]  It is fair for Ms. Palfrey to probe the government's excusal (formally or implied) of these witness-participants from prosecution.  Such questioning would reveal potential bias of the witnesses, which is a relevant and appropriate factor for the jury to consider.  It is also appropriate for the defense to elicit general evidence about escort businesses to establish that such businesses, contrary to an incorrect but likely widely-held view in the community, are not illegal *per se*.  Finally, the defense may prove bias of a witness through the use of extrinsic evidence.  *See Anderson*, 881 F.2d at 1139 ("Bias may be proved by extrinsic evidence even after a witness's disavowal of partiality.") (*quoting United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976)).

---

[1] The government has not yet provided the defense with information concerning proffer agreements or immunity grants to any of its witnesses.

As such, Ms. Palfrey respectfully requests that the Court deny the Government's Motion *In Limine* to Preclude Evidence, Comments, and Arguments Regarding the Government's Charging Decisions as premature, speculative and overbroad and disturbing.

                Respectfully submitted,

                ___/s/_____
                Deborah Jeane Palfrey, *Pro Se*

                ___/s/_____
                Preston Burton, Esq., D.C. Bar No. 426378
                Orrick, Herrington & Sutcliffe LLP
                1152 15th St, NW
                Washington, D.C.  20005

Dated: February 12, 2008        *Court-appointed Standby Counsel for Deborah Jeane Palfrey*