UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL NO. 07-046 (JR) |
| | ) | |
| DEBORAH JEANE PALFREY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S OPPOSITION TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE IMPEACHMENT EVIDENCE PURSUANT TO FED. R. EVID. 609(b)**

Deborah Jeane Palfrey, through court-appointed standby counsel, respectfully submits this Opposition to the Government's Notice of Intent to Introduce Impeachment Evidence Pursuant to Fed. R. Evid. 609(b) (the "Notice"). The government seeks to offer for impeachment purposes evidence of a fifteen year-old conviction stemming from circumstances allegedly similar to those of which the defendant is now accused. Federal Rule of Evidence 609(b) dictates that stale convictions should be rarely, if ever, be admitted for impeachment purposes. Such evidence bears scant weight on the issue of Ms. Palfrey's credibility in this case, but given its apparent similarity to the charged offenses, it presents a grave risk that the jury will impermissibly accord such evidence greater weight than it deserves and consider it, notwithstanding any limiting instructions from the Court, for purposes well beyond impeachment, thereby causing great prejudice to the defendant.

## ARGUMENT

**I.    Under Rule 609(b) there is a strong presumption of inadmissibility when the conviction is more than ten years old.**

Rule 609(b) forbids the use of any criminal conviction more than ten years old for the purpose of impeaching the credibility of a witness "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances *substantially outweighs its prejudicial effect*." Fed. R. Evid. 609(b) (*emphasis added*). The plain language of the Rule thus creates a strong presumption against the use of stale convictions for impeachment purposes. See United States v. Pope, 132 F.3d 684, 687 (11th Cir. 1998). The Senate Report regarding this provision makes clear the legislative intent that a district court is to depart from the prohibition against the use of remote-in-time convictions for impeachment purposes "very rarely and only in exceptional circumstances." See U.S. Code Cong. & Admin.News, 93d Cong., 2d Sess. 1974, pp. 7051, 7062. Ms. Palfrey's prior conviction for attempted pimping is fifteen years old and by definition falls into the category of stale convictions that Rule 609(b) is designed to exclude. The government concedes as much. See Government Notice at 1, 2. In order to overcome the strong presumption against the admissibility of this fifteen year old conviction, the government then bears a heavy burden to establish that the probative value of such evidence **substantially** outweighs its prejudicial impact. The government can not meet that burden.

**II.     The prejudice to the Defendant from admitting evidence of a stale prior conviction for allegedly similar circumstances substantially outweighs any probative value that evidence may have on the issue of truthfulness.**

There is always a risk of impermissible prejudice when evidence of a prior conviction is used to impeach a witness who is also the criminal defendant. See United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) ("[W]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much."). The trial court must carefully balance that prejudice against the probative value of the evidence, which is measured by how well the evidence demonstrates a witness's lack of trustworthiness. Id. at 1053. Here, the prejudice that will result from the admission of Ms. Palfrey's prior conviction will be grossly disproportionate to the minimal impact such evidence will have on her credibility.

A prior conviction for attempted pimping bears very little weight on Ms. Palfrey's ability to testify truthfully under oath fifteen years later. Notwithstanding the government's reliance on local, not federal, D.C. law, numerous federal courts have held that prior convictions for sexually-based offenses carry insufficient probative weight regarding the truthfulness of the accused to be admissible for impeachment purposes. See, e.g., United States v. Anderson, 139 F.3d 291, 303 (1st Cir. 1998) (prior prostitution conviction inadmissible for impeachment because to allow the inference that a history of prostitution is probative of credibility would give credence to a "particularly offensive form of stereotyping"); United States v. Colbert, 116 F.3d 395, 396 (9th Cir. 1997) (prior conviction for lewd conduct arising from solicitation of prostitution does not involve dishonesty or false statement and thus is inadmissible for impeachment purposes); United States v. Walker, 613 F.2d 1349, 1354 (5th Cir.1980) (conviction for prostitution does not involve dishonesty or false statement and is inadmissible

3

under 609(a)); United States v. Cavendar, 578 F.2d 528, (4th Cir. 1978) (prior sodomy conviction not sufficiently probative for truthfulness to outweigh "substantial" prejudice to defendant); see also United States v. Cox, 536 F.2d 65, 71 (5th Cir. 1976) (evidence of illicit sexual activities is totally immaterial to credibility)[1]. While the stale conviction says little, if anything, about Ms. Palfrey's credibility for truthfulness, she will suffer substantial prejudice from the admission of such evidence because of the jury's tendency to misuse the evidence for purposes other than to impeach credibility, such as to infer that Ms. Palfrey is a "bad person" or guilty of these charges because of a prior conviction involving prostitution.[2]

Most significantly, the risk of prejudice is greatly enhanced if the prior conviction is seemingly similar to the crime now charged because of a jury's all-too likely inability to adhere to limiting instructions on the proper, limited purpose of the evidence – to gauge the witness's credibility – and an unlawful purpose – the impermissible inference that "she did it before and therefore she will do it again." See United States v. Footman, 33 F.Supp.2d 60, 62 (D. Mass. 1998); United States v. Sanders, 964 F.2d 295 (4th Cir. 1992); United States v. Bagley, 772 F.2d 482 (9th Cir. 1985). It is widely acknowledged that limiting instructions may sometimes demand of jurors "a mental gymnastic which is beyond, not only their powers, but anybody else's." United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 2003) (noting that limiting instructions,

---

[1] Although the government cites two District of Columbia Court of Appeals cases for the proposition that a prior conviction relating to prostitution should be admitted to impeach a witness's veracity, those decisions, reflecting antiquated notions of moral turpitude, are debatable precedent compared with the federal authority cited above. There do not appear to be any reported D.C. federal cases on the issue. See Government's Notice of Intent to Introduce Impeachment Evidence Pursuant to Fed. R. Evid. 609(b) at 4, citing Brown v. United States, 518 A.2d 446 (D.C. 1986) (finding a five year-old solicitation conviction was an impeachable offense under Section 14-305 of the D.C. Code (1981)) and Jenkins v. United States, 260 A.2d 677 (D.C. 1970) (a decision predating the enactment of Fed. R. Evid. 609, finding a four year-old procuring conviction was a crime of "moral turpitude" and could be relevant to veracity as a witness).

[2] Ms. Palfrey notes that the prejudicial potential of this information has manifested itself already in connection with a January 1, 2008 WTOP report related to the government's filing of this very Notice. Neal Augenstein, Palfrey Promise Focus of D.C. Madam Argument, WTOP, Jan. 1, 2008, http://wtopnews.com/?sid=1318996&nid=25 (last visited February 12, 2008). The comments from readers are disturbing and very revealing in their tone and in their characterization of Ms. Palfrey.

which "ordinarily suffice" to protect the defendant's interests, may have only marginal effect on the jury when the prior bad acts were very similar to the crimes charged and involved sexual immorality); see also United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985) (telling jurors to ignore prior criminal conviction when determining guilt on current charges is "to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities").

In Footman, the district court forbid the introduction of evidence of a defendant's prior rape conviction for impeachment purposes in a trial for interstate transportation of minors for purposes of prostitution. Footman, 33 F.Supp.2d at 62. Although the crimes were not identical, the district court reasoned that the actions at the core of both the prior conviction and the crime currently alleged—coercing women to have sex or perform sexual acts with others—was substantially similar insofar as the jury would be more willing to believe that the defendant committed the alleged crime, regardless of the evidence. Id.

Here, the admission of evidence of a conviction for attempted pimping – an offense similar to Ms. Palfrey's alleged operation of an interstate prostitution ring – will do little to impeach the credibility of her testimony, while undoubtedly prejudicing her substantially. A jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction alone suggests that Ms. Palfrey committed the similar offense for which she is currently charged. See Sanders, 964 F.2d at 297. The likelihood that the jury will use the evidence of Ms. Palfrey's prior conviction to draw the legally impermissible inferences of inherently bad character, or her propensity to commit a prostitution-related crime, is precisely the type of prejudice that the Rule 609(b) presumption, set forth in a heavily-weighted balancing test, seeks to avoid. And it is certainly the case that the government has not shown that the probative value of admitting the

evidence *substantially outweighs* its prejudicial effect in order to overcome the presumption of inadmissibility when the conviction, like Ms. Palfrey's attempted pimping conviction, is more than ten years old.  Fed. R. Evid. 609(b).

### III.  The admission of prejudicial prior conviction evidence may dilute Ms. Palfrey's constitutional right to testify in her own behalf.

Finally, as suggested by this Circuit in a case pre-dating the enactment of the Federal Rules of Evidence, the Court should consider the potential constitutional ramifications of permitting the government to impeach Ms. Palfrey with this stale prior conviction insofar as it may thwart her ability to exercise her right to testify.  See United States v. Hairston, 495 F.2d 1046, 1050-51 (D.C. Cir. 1974).  It is the "trial court's discretionary determination to exclude evidence of prior crimes [that] guard[s] against possible dilution of the right of the accused to testify in [her] own behalf."  Id.; see also 28 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 6132 (3d ed. 2000) (citing Hairston).  In addition to the strong likelihood that the jury would misuse such evidence to Ms. Palfrey's detriment, the threat that the prior conviction evidence would be admitted may discourage Ms. Palfrey from taking the stand in her own defense, effectively diluting her constitutional right to testify in her own behalf.[3]

At a minimum, Ms. Palfrey's possible decision not to testify in order to avoid admission of this stale prior conviction evidence would deprive the jury of a valuable source of evidence— namely, Ms. Palfrey, and would undermine accurate fact-finding.  More troublesome, Ms. Palfrey would be caught between the proverbial rock and a hard place: she would face severe prejudice if the jury assigned improper weight to the evidence of her prior conviction for a similar crime, and yet if she refuses to testify so as to avoid the use of such evidence for

---

[3] See Rock v. Arkansas, 483 U.S. 44, 51 (1987) ("[T]he right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution," including the Fifth and Sixth Amendments.); United States v. Ortiz, 82 F.3d 1066, 1070 (D.C. Cir. 1996) (same).

impeachment, she may still face prejudice as the jury may well draw a negative inference from Ms. Palfrey's refusal to testify, notwithstanding limiting instructions on this issue. This constitutional dilemma further underscores the fact that the probative value of the prior conviction evidence is *substantially* outweighed by prejudice to the defendant, and therefore the conviction evidence should properly be excluded.

## CONCLUSION

For the foregoing reasons, Ms. Deborah Jeane Palfrey respectfully requests that the Court prevent the government from introducing evidence of Ms. Palfrey's prior conviction.

Respectfully submitted,

\_\_\_/s/_____
Deborah Jeane Palfrey, *Pro Se*


\_\_\_/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C.  20005

Dated: February 12, 2008

*Court appointed Standby Counsel for Deborah Jeane Palfrey*