**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CRIMINAL NO. 07-046 (JR)** |
| | ) | |
| **DEBORAH JEANE PALFREY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S RESPONSE**
**TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE**
**PURSUANT TO FED. R. EVID. 404(b)**

Deborah Jeane Palfrey, through court-appointed standby counsel, respectfully submits

this Response to the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R.

Evid. 404(b) (the "Notice"). Evidence related to Ms. Palfrey's prior conviction from 1992 and a

1996 arrest which did not result in a conviction should not be admitted under Rule 404(b)

because there is insufficient information to support the admission of these prior acts under one of

the limited purposes set forth in Rule 404(b). Moreover, the probative value of the prior acts

evidence, if any, is substantially outweighed by the unfair and undue prejudice its admission will

have for Ms. Palfrey.

The analysis of appropriately admitted prior act evidence under Fed. R. Evid. 404 (b) is

governed by a two-step test. The threshold inquiry is "whether the evidence is probative of a

material issue other than character." United States v. Miller, 895 F.2d 1431, 1435 (D.C. Cir.

1990). If such a showing can be made, the Court must then determine whether the probative

value of the evidence is not "substantially outweighed" by its potential prejudice. Miller, 895

F.2d at 1435; Fed. R. Evid. 403. The government's notice fails to provide the Court (or Ms.

Palfrey) sufficient information to perform such an analysis. Consequently, at a minimum, Ms.

Palfrey requests a pretrial hearing before a determination is made on the admission of the prior

act evidence.  In the alternative, the evidence should be excluded under Rule 403 as being so

prejudicial to Ms. Palfrey as to outweigh any potentially probative value it may possess.

I.    **This Court should defer judgment on admissibility until after a pretrial evidentiary hearing because the government has not sufficiently demonstrated that the proffered evidence is admissible under 404(b).**

The fact that Ms. Palfrey pled guilty to a charge of attempted pandering in California

more than fifteen years ago does not *a fortiori* lead to the conclusion that she is guilty of the

crimes alleged *here* and *now,* though the introduction of such evidence, notwithstanding any

limiting instructions, will inevitably lead the jury impermissibly to exactly that conclusion.  That

effect is directly contrary to Rule 404(b)'s prohibition against admitting prior act evidence to

demonstrate criminal propensity, i.e. "she did it once, so she did it again."  That seemingly

appealing, yet legally impermissible, conclusion is exactly why prior act evidence is admissible

only insofar as a trial court determines it is necessary to establish one of the very limited non-

character related purposes such as motive, opportunity, intent, preparation, plan, knowledge,

identity, or absence of mistake or accident.  See Fed. R. Evid. 404(b). The scant factual detail

offered in the Notice is woefully inadequate to support a proper 404(b) analysis to determine

whether the evidence is relevant to a permissible element: it fails to specify the exact nature of

the proffered prior act evidence, the precise permissible purpose for which it is relevant, or the

government's need for the evidence in light of other evidentiary alternatives.

A.    The government has not demonstrated the relevance of the prior act evidence to a permissible element of the crimes charged**.**

In order to determine whether prior acts evidence is relevant to a permissible matter

under Rule 404(b), "[t]he Government must identify which of the matters listed . . . including

motive, opportunity, intent, [etc.] that it is intending to prove by the [prior acts] evidence.

United States v. Crowder, 141 F.3d 1202, 1209 (D.C. Cir. 1998) (*en banc*) (citing Huddleston v.

United States, 485 U.S. 681, 691 (1988)).  Here, however, the Notice identifies very little.  The

government, in one sentence, identifies one matter: that in a past instance unrelated to this case

Ms. Palfrey had actual knowledge that one individual working for her committed acts of

prostitution.  Notice at 2-3.  Beyond this one unrelated incident, the government identifies no

other matters.  Instead the government makes the nebulous statement that "[t]his evidence, and

*other* [sic] regarding defendant's operation of a prostitution business in San Diego, California, is

the evidence the government seeks to introduce under Rule 404(b)."  Id. at 3 (emphasis

supplied).

Such a vague and highly generalized statement makes it difficult, if not impossible, for

Ms. Palfrey to form a detailed objection to the proposed use of the proffered evidence or, more

importantly, for the Court to embark on an appropriate analysis of its relevancy for a permissible

purpose.  See Crowder, 141 F.3d at 1209 (*en banc*) ("[T]o determine the relevancy of an offered

item of evidence one must first discover to what proposition it is supposed to be relevant.")

(*internal citations omitted*).

Furthermore, the fact of a prior pandering conviction does not, without more,

demonstrate its relevance for a permissible purpose in this case.  The prior conviction is fifteen

years old, is related to events that occurred only in California, involved one other person not

implicated in the current allegations, and there is no evidence in the Notice indicating whether

this incident involved an operation allegedly similar to Ms. Palfrey's business in the Washington,

DC, metropolitan area.  These bare facts offer essentially no probative value to the issue of Ms.

Palfrey's "motive, opportunity, intent, preparation, plan, knowledge or absence of mistake or

accident" regarding the acts alleged in the current indictment, which relate to a wholly separate

series of events occurring in Virginia, Maryland and D.C. and involving different actors.  Ms.

Palfrey admitted certain conduct in the California matter; here, by contrast, she has maintained

that her business was legal and that the lessons learned from her prior matter gave her insight on

how to run a legal escort service.  The government does not maintain that escort services are *per*

*se* illegal and the permissible conclusions that can be drawn from facts concerning a very

different operation fifteen years ago and the one before the Court are highly speculative and

invite error unnecessarily into this case.

> B.    The government has not shown how it plans to establish the alleged acts underlying the 1996 Virginia arrest which resulted in no conviction.

The government has not demonstrated that evidence of the 1996 Virginia arrest is

admissible at all, much less whether it is relevant to a permissible element of the crimes

charged.[1]  Similar act evidence is admissible under Rule 404(b) only if "the jury can reasonably

conclude that the act occurred and that the defendant was the actor."  Huddleston, 485 U.S. at

689 (*citations omitted*); see also United States v. Long, 328 F.3d 655 (D.C. Cir. 2003) (evidence

of similar acts must be sufficient to support a jury finding that the defendant committed the other

crime or act).  The fact of a prior arrest without more cannot be admitted as evidence to prove the

underlying acts because it is not sufficiently probative on the basic question of whether the

defendant actually committed the underlying crime.  See Michelson v. United States, 335 U.S.

469, 482 (1948) (cannot use arrest to impeach; arrest happens "to the innocent as well as the

guilty"); United States v. Flores Perez, 849 F.2d 1, 5 (1st Cir. 1988) (reversible error to let

prosecutor show that defendant was charged with a firearm offenses because charges alone could

---

[1] The government's assertion, Notice at 3 n.2, that the Virginia conduct may be considered intrinsic to the charged conduct does not appear to be supported by any link to any charged act or specific allegation in the Indictment other than it involves conduct allegedly occurring in the Commonwealth of Virginia during the time frame of the activity in issue.  That the City of Alexandria failed to pursue this matter beyond an arrest at the time speaks volumes about its intrinsic (or any other) value.

not prove these matters).

The Notice specified only that the government intends to introduce evidence that relates

to "the facts and circumstances that led to the defendant's arrest," (Notice at 3), without

specifying the details of those circumstances, or the manner in which the government intends to

introduce them.  Before the Court can make a well-reasoned decision on the relevance, probative

value, and ultimate admissibility of the 1996 Virginia arrest, the government must provide more

precise notice of how it intends to demonstrate sufficient proof that Ms. Palfrey committed the

criminal acts underlying the arrest.  Again, given the potentially explosive and prejudicial nature

of such evidence, we respectfully submit that a hearing outside the presence of the jury is

warranted.

        C.      <u>The Court cannot properly evaluate the probity of the prior acts evidence until the government provides some explanation of its relationship to the other evidence intended to be presented in the case.</u>

Even if the government offered sufficient detail as to the nature of the proffered prior acts

evidence and its purported relevance to a permissible issue under 404(b), it is impossible at this

time for the Court to conduct a well-reasoned evaluation of the probative value of the proffered

evidence without understanding the full context of the government's case against Ms. Palfrey.

The Court cannot evaluate the proffered 404(b) evidence as "an island."  <u>Old Chief v. United

States</u>, 519 U.S. 172, 182 (1997).  Rather, it must "take into account the full evidentiary context

of the case." <u>Old Chief</u>, 519 U.S. at 182; <u>see also</u> <u>United States v. Mitchell</u>, 49 F.3d 769, 776

(D.C. Cir. 1995) (Rule 403 balancing test requires the court to "assess the *degree* of probity of

the evidence, which in turn, depends on its relationship to the evidence and strategy presented at

trial in general.") (*emphasis in original*).  Only when the challenged 404(b) evidence is viewed

in light of alternative evidentiary options can the Court assign probative weight to the proffered

evidence.  For example, if the government can offer alternative evidence that has the same or

greater probative value, but a lower danger of unfair prejudice, the Court should discount the

probative value of the prior act evidence accordingly, and exclude it entirely if its discounted

probative value were substantially outweighed by unfairly prejudicial risk.  See Old Chief, 519

U.S. at 182.

Here, the government is asking this Court to perform the Rule 403 balancing test while

wearing blinders.  At this juncture, abetted by the government's tactical decisions on the timing

of the release of its Jencks and Giglio material and the absence of a list of expected government

exhibits,[2] the Court cannot possibly evaluate appropriately how the proffered prior act evidence

fits into the evidentiary context, nor assess the government's need of this evidence to prove its

case.

D.        The Court should defer judgment until after a pretrial evidentiary hearing.

The evaluation of relevance and admissibility under Rule 404(b) is highly fact-dependant,

and yet the government has doled out only minimal factual details regarding the proffered

evidentiary material.  At this time, neither the Court nor the defense is adequately equipped to

evaluate the probity of the prior act evidence based on the limited information provided in the

Notice.  Given the potentially dramatic prejudicial effect of admitting evidence of a prior

conviction, courts in this Circuit have relied on a pretrial evidentiary hearing and/or a bench

conference outside of the presence of the jury to flesh out fully these necessary issues in their

determination of admissibility.  See United States v. Douglas, 482 F.3d 591 (D.C. Cir. 2007)

(holding two evidentiary hearings before admitting prior conviction evidence); United State v.

Lavelle, 751 F.2d 1266, 1280 n.19 (D.C. Cir. 1985) (bench conference to determine

_____

[2] The government has thus far provided *Jencks* material for the witnesses associated with the matters related to the suppression hearing only.

admissibility).[3]  Thus, at a minimum, Ms. Palfrey respectfully requests that this Court defer its

judgment on the admissibility of prior act evidence until after a pretrial hearing in which these

issues are aired fully.

**II.    In the alternative, the prior acts evidence should be excluded under Rule 403 because the danger of unfair prejudice substantially outweighs any potentially probative value of the evidence.**

Assuming, *arguendo*, that the prior bad act evidence is relevant for a permissible purpose

under 404(b), the probative value of the prior bad acts would be nonetheless substantially

outweighed by unfair prejudice to the defendant and should therefore be excluded under Rule

403.  Rule 403 grants a trial court discretion to exclude evidence that may be relevant under

404(b) if its "probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury or by considerations of undue delay, waste of

time, or needless presentation of cumulative evidence."  Crowder, 141 F.3d at 1209; Fed. R.

Evid. 403.  This two-step process exists to protect defendants and the integrity of the trial against

the "enormous danger of prejudice to the defendant that evidence of other crimes creates."

United States v. Shelton, 628 F.2d 54, 56 (D.C. Cir.1980) (recognizing that "juries are prone to

draw illogical and incorrect inferences from such evidence").

A.    The probative value of the proffered prior acts evidence is largely unknowable at this time, but it is mitigated by the remoteness in time of the prior bad acts.

Although a purported similarity of prior acts to the crimes charged is often cited as

having elevated probative value, the significant time delay separating the events serves to lessen

its probative impact.  The prior acts that the government seeks to introduce – a 1992 California

state conviction and the 1996 Virginia arrest – all relate to activities that occurred more than a

---

[3] Lavelle was superseded by Huddleston on the standard of proof for 404(b) evidence, but not the process by which such evidence should be evaluated.

decade ago.  The staleness of a fifteen-year old conviction and a twelve-year old arrest "weakens

the probative value" of the evidence as it relates to any of the elements of the crimes with which

Ms. Palfrey is now charged.  United States v. Gonzales, 328 F.3d 755, 760 (5th Cir. 2003); see

also United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985) (to be admitted under

404(b), "[t]he uncharged crime or act must also be close in time to the crime charged").  The

inherent risk in admitting stale evidence of prior acts is that while the "remoteness of the prior

convictions limits their probative value, their prejudicial effect remains."  United States v.

Pritchard, 973 F.2d 905, 908 (11th Cir. 1992).  The passage of more than a decade between Ms.

Palfrey's prior California violation (and her alleged prior Virginia transgression) and her trial on

federal charges with which she is now charged, mitigates the probative value of the prior acts

evidence.

        Additionally, a determination of the probative value of prior act evidence is affected by

the government's need for the evidence to establish an element of the crimes charged.  See

Lavelle, 751 F.2d at 1277 (*citations omitted*).  As discussed above, this Court must consider the

proffered evidence in light of the entire evidentiary context of the case in order to properly assign

probative weight.  See Old Chief, 519 U.S. at 182-83.  In Old Chief, the Supreme Court

recognized that "sound judicial discretion" would discount the probative weight of a prejudicial

piece of 404(b) evidence if there was an alternative piece of evidence of similar relevance and

probative value.  Id.  The evidence may then be excluded if the probative value of the prior act

evidence, discounted to account for satisfactory evidentiary alternatives, was outweighed by the

prejudicial risk.  Id.  The Notice gives scant basis for the Court to conduct this crucial part of the

analysis.

B.      The prior acts evidence carries a grave risk of unfair and undue prejudice to Ms. Palfrey.

While the probative value of the prior acts evidence is relatively unknown at this time, the risk of undue prejudice to Ms. Palfrey is both substantial and certain. Evidence of a prior crime is always prejudicial to a defendant. See United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (when prior conviction evidence is admitted, "the question of prejudice . . . is not *if*, but *how much*") (*emphasis added*); United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985) ("Once evidence of prior crimes reaches the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence. A drop of ink cannot be removed from a glass of milk.") (*citations omitted*). The use of prior bad acts for a legitimate purpose under 404(b) "does not automatically cleanse the evidence of its unique quality of unfairly prejudicing the rights of the accused." Lavelle, 751 F.2d at 1275. When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that jurors will use the evidence precisely for the purpose it may not be considered – to "infer guilt from a general defect in character." Id., 751 F.2d at 1276 (the "unique dangers" of bad acts evidence include the jury's use of the evidence to infer criminal propensity and the danger that the evidence will inflame the jury into reaching an impassioned and irrational verdict).

The danger of unfair prejudice is heightened in a case such as this where the prior bad act is a prior conviction for a crime similar in nature to those at the heart of the offenses for which the defendant is on trial. When jurors hear that a defendant has previously committed a crime similar to that for which she is currently charged, "the information unquestionably has a power and prejudicial impact." United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1986) (noting that "[the prejudicial impact] of course is why the prosecution uses such evidence whenever it can."); see also Old Chief, 519 U.S. at 185 (risk of unfair prejudice is "especially obvious" when

9

the prior acts evidence is similar to charges in pending case).  The similarity between another

bad act and the crime charged also may "increase the danger the jury will confuse the issues

necessary to convict the defendant."  United States v. Manner, 887 F.2d 317, 323 (D.C. Cir.

1989) (remanding to perform a Rule 403 balancing test); see also Lavelle, 751 F.2d at 1278

(similarity of prior crimes and current allegations increases jury confusion).

The prior acts that the government seeks to introduce – the 1992 California conviction for

attempted pandering and the 1996 Virginia arrest for receiving money from the earnings of a

prostitute – are similar to the current charges that Ms. Palfrey now faces.  This similarity

increases the danger that the jury will infer that Ms. Palfrey's prior conviction and arrest are

indicative of either an immoral character as the type of person who would commit prostitution-

related offenses, or more simply and more likely that "since she did it before, she did it again."

The danger of impermissible character inferences is especially pertinent because the social

stigma associated with prostitution increases the likelihood that the jury will ignore the weight of

the evidence and convict Ms. Palfrey in this case for being a purportedly immoral person in the

past.[4]

        C.        Limiting instructions would be ineffective in preventing misuse of the prior act evidence.

The government forecasts that these grave prejudices may be sufficiently mitigated by

jury instructions on the permissible use of the evidence.  It is well understood, however, that

limiting instructions may sometimes demand of jurors "a mental gymnastic which is beyond, not

only their powers, but anybody else's."  Long, 328 F.3d at 662 (noting that limiting instructions,

---

[4] Ms. Palfrey notes that the prejudicial potential of this information has manifested itself already in connection with a January 1, 2008 WTOP Report related to the government's filing of its somewhat related Notice of Intent to Introduce Impeachment Evidence Pursuant to Fed. R. Evid. 609(b) (Dkt. No. 233).  Neal Augenstein, Palfrey Promise Focus of D.C. Madam Argument, WTOP, Jan. 1, 2008, http://wtopnews.com/?sid=1318996&nid=25 (last visited February 12, 2008).  The comments from readers are disturbing in their tone and very revealing and in their characterization of Ms. Palfrey.

which "ordinarily suffice" to protect the defendant's interests, may have only marginal effect on the jury when the prior bad acts were very similar to the crimes charged and involved sexual immorality); see also Daniels, 770 F.2d at 1118 (telling jurors to ignore prior criminal conviction when determining guilt on current charges is "to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities.").

      D.      <u>The Court should exclude the prior acts evidence under Rule 403 because the grave risk of prejudice to Ms. Palfrey outweighs the potentially probative value of the evidence</u>.

The nature of prior acts, and their similarity to the crimes charged, are such that they have a high likelihood of inflaming the jury to render an irrational verdict, or otherwise misuse the evidence to infer criminal and immoral propensity. This prejudice greatly outweighs the potential probative weight of the evidence which should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, Ms. Deborah Jeane Palfrey respectfully opposes the

introduction of the evidence discussed in the Government's Notice of Intent to Introduce

Evidence Pursuant to Fed. R. Evid. 404(b).

                                        Respectfully submitted,


                                        ____/s/_____
                                        Deborah Jeane Palfrey, *Pro Se*


                                        ____/s/_____
                                        Preston Burton, Esq., D.C. Bar No. 426378
                                        Orrick, Herrington & Sutcliffe LLP
                                        Columbia Center
                                        1152 15th Street, N.W.
                                        Washington, D.C.  20005

Dated: February 12, 2008                *Court-appointed Standby Counsel for*
                                        *Deborah Jeane Palfrey*

12