**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (JR)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO ITS MOTION**
***IN LIMINE* TO PRECLUDE EVIDENCE, COMMENTS, AND ARGUMENTS**
**REGARDING THE GOVERNMENT'S CHARGING DECISIONS (DKT. NO. 266)**

The United States, by and through it attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to defendant Deborah Jeane Palfrey's opposition to its motion *in limine* to preclude evidence, comments, and arguments regarding the government's charging decisions in the investigation that gave rise to the indictment in the above-captioned matter. Dkt. No. 246 (Government's Motion); Dkt. No. 266 (Defendant's Opposition).

**A.  Discussion**

Initially, defendant argues that the motion is unnecessary, or at least not ripe, because standby counsel is aware of the appropriate limitations on witness examination, opening statements and arguments and that he will advise defendant on those appropriate standard. Dkt. No. 266 at 1. The government has at least two concerns with that argument. First, based on the history of this case, there is no guarantee that standby counsel will remain in the case. Second, standby counsel may advise defendant as to the appropriate standards, but she may choose, absent an Order from the Court, to ignore that advice.

Next, defendant argues that she has a right to cross-examine witnesses as to bias and motive. Dkt. No. 266 at 2. The government, however, made it clear that the purpose of its motion was not

to limit <u>appropriate</u> cross-examination. Dkt. No 246 at n. 2 ("Of course, to the extent any government witness[es] were made promises regarding their testimony, *e.g.*, an immunity agreement, such promises are relevant on ths issue of the respective witness' motivation or bias.").[1] Rather, the motion was directed at irrelevant questions, statements or arguments about why certain charges were or were not brought against defendant, or were not brought against other individuals or businesses. The government has no objection to relevant cross-examination and argument, but, based on the history of this case, has concerns that go well beyond that, as set forth in its motion *in limine*.

## B. <u>Conclusion</u>

For all the foregoing reasons, as well as those in the government's initial motion *in limine*, the United States respectfully requests that the Court grant the government's motion *in limine* to preclude evidence, comments, and arguments regarding the government's charging decision.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
D.C.  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384, 307-0258
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[1] In her pleading, defendant states that there were references to immunity orders in discovery she has already received.  Dkt. No. 266 at n. 1.  Additional information about any such promises or orders will be provided to defendant along with the <u>Jencks</u> materials.