UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO
ITS NOTICE OF INTENT TO INTRODUCE EVIDENCE
PURSUANT TO FED. R. EVID. 404(b) (DKT. NO. 265)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this reply to defendant Deborah Jeane Palfrey's response to its notice, pursuant to Fed. R. Evid. 404(b), of its intent to introduce evidence of prior crimes, wrongs or acts of defendant.  Dkt. No. 242 (Government's Notice); Dkt. No. 265 (Defendant's Response).

A. **Discussion**

First, defendant claims that the government's notice does not give her sufficient information to perform the analysis under Fed. R. Evid. 404(b).  Dkt. No. 265 at 1-2.[1]  Rather, she asks that the

---

[1] Relevant to defendant's complaints about the sufficiency of the notice, as to a matter for which clearly she cannot claim surprise, the government notes that, according to the Advisory Committee Notes for the Rule, 1991 Amendments:

> no specific form of notice is required.  The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. . . .  Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts.  The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Court defer judgment on admissibility until after a pretrial evidentiary hearing. Id. at 2.[2]

As the government set forth in its notice, there are two matters at issue here. The first matter is defendant's conviction in 1992 in San Diego, California, for felony pandering. Dkt. No. 242 at 2-3. Defendant, in conjunction with that conviction, admitted that she knew, with regard to an escort she employed, that the escort "would on occasion commit acts of prostitution with various client referrals[.]" Id. Because, as has been made clear by numerous pleadings filed by defendant in this matter (including the present pleading, see Dkt. No. 265 at 4), defendant's knowledge and intent as to the illegal acts of her escorts will be a contested issue, her actions surrounding this prior conviction on that very same issue will be relevant in this case. See, e.g., Huddleston v. United States, 485 U.S. 681, 685 (1988) ("Extrinsic evidence may be critical to the establishment of the truth as to a disputed issue, especially when the issue involves the actor's state of mind and the only means of ascertaining the mental state is by drawing inferences from conduct."); United States v. Douglas, 482 F.3d 591, 600 (D.C. Cir. 2007) ("because the prior arrest evidence makes it more probable that [defendant] knew that he possessed crack cocaine on November 7, 2002 and that he intended to distribute it, the evidence is relevant to non-propensity purposes. And, 'if [relevant] evidence is offered for a purpose Rule 404(b) permits, such as proving knowledge or intent, Rule 404(b) does not require the evidence be excluded' simply because it may also suggest criminal propensity."), quoting United States v. Crowder, 141 F.3d 1202, 1209 (D.C. Cir. 1998) (en banc).

Defendant also complains about the age of the prior conduct which supported this conviction. Dkt. No. 265 at 3. However, defendant's actions in San Diego occurred just prior to the beginning

---

[2] The government does not object, to the extent the Court needs additional information, to proffer such at a motions hearing. The government objects to an "evidentiary" hearing, however, as that is beyond what is required for the admission of this type of evidence.

of the acts charged in this indictment. Accordingly, it is relevant to her acts, and state of mind, just before her conduct in this case.

Finally, defendant argues that this evidence should be excluded under Fed. R. Evid. 403. Dkt. No. 265 at 7. She argues, in addition, that limiting instructions would be ineffective. Id. at 10-11.

To the contrary, as our Circuit Court explained in United States v. Douglas:

> in adopting the Federal Rules of Evidence, the Congress was concerned with "ensuring that restrictions would not be placed on the admission" of other crimes evidences. . . . Consequently, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged." Moreover, because "the trial court is in the best position to perform this subjective balancing . . . its decision should be reviewed only for 'grave abuse.'"
>
> * * *
>
> With regard to the unfairly prejudicial impact of admitting evidence of [defendant's prior] PWID arrest, such evidence almost unavoidably raises the danger that the jury will improperly "conclude that because [defendant] committed some other crime, he must have committed the one charged in the indictment." . . . . This danger, however, "cannot give rise to a *per se* rule of exclusion." . . . . Indeed, the district court instructed the jury of the permissible and impermissible use of the evidence and the record indicates no other "compelling or unique evidence of prejudice in th[e] case." . . . Here, the district court carefully instructed the jury on the proper use of the Rule 404(b) evidence both on the morning after the introduction of the evidence . . . and in its final charge to the jury . . . , cautioning that it "may only consider the evidence for the limited purpose of showing whether the defendant, if he possessed cocaine in this case, did so knowingly and intentionally with the specific intent to distribute," . . . . Moreover, "[g]iven the likeness of the [two] allegations" of PWID and the "the coincidence of the locations involved . . . there is 'no compelling or unique evidence of prejudice in this case that warrants upsetting the trial court's determination.'"

482 F.3d at 600-01 (citations omitted). See also United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (RICO case; "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.").

The events surrounding defendant's conviction in San Diego indicate "a close relationship

3

to the events charged" in the case before the Court. That is, the operation by defendant of an escort business in California shortly before the acts charged in this indictment in which she had knowledge of the illegal acts of her employee-escort. In the case before this Court, defendant ran an escort business from California and an issue for the jury will be her knowledge of the illegal acts of her escorts. Furthermore, any potential improper use of the evidence can be addressed by proper limiting instructions. See United States v. Curtis, 481 F.3d 836, 837-38 (D.C. Cir. 2007) (admission of prior bad acts evidence consisting of the testimony of two police officers as to defendant's admission, in prior New Jersey conviction for promoting prostitution of a minor, that he was the pimp of two minor girls, was not unfairly prejudicial; trial court did not abuse its discretion, "particularly in light of its uncontested limiting instruction").

The second matter discussed in the government's notice was the facts and circumstances surrounding defendant's arrest in Virginia in 1996 and subsequent charge of receiving money from the earnings of a prostitute in 1994. Dkt. No. 242 at 3. As the government stated in its notice, proof of this conduct is most likely intertwined with proof of the present case and therefore not "other crimes evidence" under Rule 404(b). Id. at n. 3.[3]

Defendant attacks this contention by stating that there is no "link to any charged act or specific allegation in the indictment other than it involves conduct allegedly occurring in the Commonwealth of Virginia during the same time frame of the activity in issue." Dkt. No. 265 at

---

[3] The government has included this matter within its 404(b) notice simply as a prophylactic measure. If the Court determines that the evidence is "extrinsic," not "intrinsic," then, under the analysis of the first matter, this evidence should be admissible even under Rule 404(b).

n. 1.[4]  However, "evidence of criminal wrongdoing that does not relate to specific dates or incidents charged in the indictment could be independently admissible as direct proof of the charged offense. This is true if the evidence is of acts which are 'inextricably intertwined' with a charged crime." United States v. Edelin, 128 F. Supp. 23, 48 (D.D.C. 2001) (citing United States v. Badru, 86 F.3d 1471, 1474-75 (D.C. Cir. 1996); United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992) (per curiam) ("Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably linked.'")).  See also United States v. Washington, 12 F.3d 1128, 1135 (D.C. Cir. 1994); United States v. Morrow, 2005 WL 3159572, *5 (D.D.C. 2005) ("the government is not limited in it proof of a conspiracy or racketeering enterprise to the overt or racketeering acts alleged in the indictment") (citations omitted).

Here the acts in question occurred within the time charged in the RICO count and took place in Virginia, also as charged.  The only difference between the Virginia acts and those charged in the pending indictment is that defendant was in the local metropolitan area at the time, not in California. This is a time when defendant was establishing the enterprise in this area which is direct proof of the establishment of this enterprise.  See United States v. Morrow, at *4, *5 (cases cited therein). Accordingly, it is not subject to the analysis under Rule 404(b), but rather the usual relevance analysis, and it is clearly relevant.

---

[4] Defendant also attacks this assertion by arguing "[t]hat the City of Alexandria failed to pursue this matter beyond an arrest at the time speaks volumes about its intrinsic (or any other) value." Dkt. No. 265 at n. 1. As the government set forth in its notice, however, that matter was dismissed simply because of a speedy trial violation, not on the merits. Dkt. No. 242 at n. 1.

### B. Conclusion

The government hereby respectfully submits, for the reasons stated herein as well as in its initial notice, that the two matters should be admissible, the first under Rule 404(b) and the second as proof of the crime charged.

                                  Respectfully submitted,

                                  JEFFREY A. TAYLOR
                                  UNITED STATES ATTORNEY
                                  DC Bar No. 498610

                                  / s / *Daniel P. Butler/Catherine K. Connelly*
                                  Daniel P. Butler
                                  DC  Bar No. 417178
                                  Catherine K. Connelly
                                  Mass.  Bar No. 649430
                                  Assistant United States Attorneys
                                  555 4th Street, NW
                                  (202) 353-9431, 616-3384
                                  Washington, D.C.  20530
                                  Daniel.Butler@usdoj.gov
                                  Catherine.Connelly2@usdoj.gov