UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO
ITS NOTICE OF INTENT TO INTRODUCE IMPEACHMENT
EVIDENCE PURSUANT TO FED. R. EVID. 609(b) (DKT. NO. 264)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to defendant Deborah Jeane Palfrey's opposition to its notice, pursuant to Fed. R. Evid. 609(b), of intent to use a conviction more than 10 years old. Dkt. No. 233 (Government's Notice); Dkt. No. 264 (Defendant's Opposition).

**A. Discussion**

Defendant first contends that her conviction is fifteen years old and thereby too stale to use. Dkt. No. 264 at 1, 2. The only case she cites for this proposition is United States v. Pope, 132 F.3d 684, 687 (11th Cir. 1998). Dkt. No. 264 at 2. In Pope, however, the trial court excluded a 28-year old burglary conviction of a government witness in a prosecution for a weapons offense. The court of appeals found that not to be an abuse of discretion by the trial court. 132 F.3d at 687. The relevance and timing of that prior conviction were much more attenuated than that proposed by the government in this case. The government, in its notice, cited a number of cases, much more in line with the government's proposal, that allowed the use of convictions, like that of defendant, more than ten years old. Dkt. No. 233 at 3.

Defendant next contends that the prejudicial effect of this evidence outweighs whatever probative value it has. Dkt. No. 264 at 3-4. The cases she cites in alleged support, however, are

distinguishable.  Defendant first cites United States v. Anderson, 139 F.3d 291, 303 (1st Cir. Cir. 1998).  In that case, defendant was convicted of transporting minors and others across state lines for the purpose of illegal sexual activity.  The trial court excluded evidence of the two juvenile witnesses' prior involvement in commercial sexual activity.  The court of appeals held the trial court did not err.  Id. at 303 ("both witnesses' credibilities were thoroughly, and quite effectively, tested without the foray into their sexual history").  The concern in that case appears to be the sexual history of the witnesses, which the court believed was properly excluded.  The present case is different, involving not defendant's "sexual history," but her prior involvement in criminal activity.

In another case cited by defendant, United States v. Colbert, 116 F.3d 395, 396 (9th Cir. 1997), the trial court properly excluded a government witness' prior misdemeanor conviction for disorderly conduct relating to solicitation of prostitution.  Similarly, the trial court in United States v. Walker, 613 F.2d 1349, 1354 (5th Cir. 1980), properly excluded a government witness' prior misdemeanor conviction for prostitution.  Both of these cases involve misdemeanors, as opposed to the felony at issue in this case.  Furthermore, the courts in both instances seem to have been concerned with not introducing the respective witness' sexual history into the case.  Similarly, in United States v. Cox, 536 F.2d 65, 71 (5th Cir. 1976), the court found that "[f]inally, and most emphatically, even if the prosecution did have the right to introduce the fact of appellant's prior conviction for prostitution, the explicit and execrable details of this activity were completely immaterial, irrelevant, highly prejudicial and inadmissible."  As discussed above, defendant's personal sexual history is not the issue in this matter, but her credibility will be if she takes the stand.  Moreover, the issue of facilitating prostitution will already be present

in this case by the nature of the charges. Therefore, defendant's prior involvement in such activity is not unduly prejudicial. See United States v. Curtis, 481 F.3d 836, 837-38 (D.C. Cir. 2007) (admission of prior bad acts evidence consisting of the testimony of two police officers as to defendant's admission, in prior New Jersey conviction for promoting prostitution of a minor, that he was the pimp of two minor girls, was not unfairly prejudicial).

In yet another case cited by defendant, United States v. Cavendar, 578 F.2d 528 (4th Cir. 1978), the court found it was improper to allow a 25-year old sodomy conviction for impeachment of a defendant charged with possession of an unregistered firearm. Clearly, the relevance and timing of that prior conviction were much more attenuated than that proposed by the government in this case. Moreover, in this case, defendant's credibility will be an important factor in the jury's consideration of the case. See, e.g., United States v. Spero, 625 F.2d 779, 781 (8th Cir.1980) ("where the credibility of one witness must be weighed directly against that of another, the probative value of a prior conviction may well be enhanced, rather than diminished.").

Defendant's next argument is that limiting instructions might not be sufficient to limit this evidence to its proper purpose. Dkt. No. 264 at 4-5. Limiting instructions are generally considered to be effective in this jurisdiction. See United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) ("[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice."). Nevertheless, defendant cites two cases from this jurisdiction that have questioned that assumption. Dkt. No. 264 at 4-5. In United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 2003), the court expressed some concern about effect of the limiting instructions under the facts of that

3

case, but found that "limiting instructions ordinarily suffice to protect the defendant's interests" and that the government's evidence was sufficiently probative for admission. The court reached a similar conclusion in United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985).

Finally, defendant contends that potential impeachment with her prior conviction might unduly thwart her ability to take the stand and testify. Dkt. No. 264 at 6-7. However, she cites no controlling authority that requires the exclusion of the conviction in this case. If she decides she wants to testify, she should do so without being unduly shielded from matters that might assist the jury in appropriately weighing her credibility. A defendant who testifies is subject to impeachment just as is any other witness. Jenkins v. Anderson, 447 U.S. 231, 235-236 (1980); Grunewald v. United States, 353 U.S. 391, 420 (1957); Raffel v. United States, 271 U.S. 494, 499 (1926). The constraints facing a defendant who is subject to impeachment if she takes the stand "arise solely from the fact that the defendant is quite properly treated like any other witness who testifies at trial." United States v. Grayson, 438 U.S. 41, 57 (1978) (Stewart, J., dissenting). A violation of Rule 609 accordingly does not rise to the level of an unconstitutional infringement of the right to testify or a deprivation of due process. See Leno v. Gaughan, 664 F.2d 314, 315 (1st Cir. 1981) (per curiam); United States v. Belt, 514 F.2d 837, 846-850 (D.C. Cir. 1975) (*en banc*); Hubbard v. Wilson, 401 F. Supp. 495, 498-500 (D. Colo. 1975); cf. Marshall v. Lonberger, 459 U.S. 422, 437-438 & n.6 (1983); Spencer v. Texas, 385 U.S. 554, 560-562 (1967) (upholding recidivist statutes under which jury learns of accused's prior convictions).[1]

---

[1] If the defendant does not testify, she does not preserve for appeal her objection to a court ruling permitting impeachment with a prior conviction. Luce v. United States, 469 U.S. 38, 41-42 (1984).

Furthermore, as discussed above, appropriate limiting instructions will help insure that the jury only uses the prior conviction for its appropriate use, that is, to assess defendant's credibility.

### B. Conclusion

The government hereby respectfully submits, for the reasons stated herein as well as in its initial notice, that defendant's prior conviction should be admissible for purposes of impeachment of her if she testifies at trial.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov