UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| v. | : | |
| DEBORAH JEANE PALFREY, | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTIFICATION OF DISCLOSURE TO DEFENDANT OF IDENTITIES OF INDIVIDUALS REFERENCED IN THE INDICTMENT, BUT NOT NAMED THEREIN, PURSUANT TO THE COURT'S ORDER (DKT. NO. 88)**

The United States of America, by and through the United States Attorney for the District of Columbia, hereby files this notice of its disclosure to defendant of the identities of individuals referenced in the indictment, but not named therein, pursuant to the Court's Order issued on August 16, 2007. Dkt. No. 88 at 2.

### A. Factual Background

1. In June of 2004, the United States Postal Inspection Service and the Internal Revenue Service Criminal Investigation Division began a joint investigation into Pamela Martin and Associates. The defendant owned and operated Pamela Martin and Associates.

2. On March 1, 2007, a federal grand jury in the District of Columbia returned an indictment against defendant charging her with numerous federal violations, including RICO (count one), interstate transportation in aid of racketeering (counts two through four), and conspiracy to commit money laundering (count five), along with two related forfeiture allegations. These charges relate, as the Court is aware, to defendant's alleged operation of an interstate prostitution business, Pamela Martin and Associates, the proceeds of which were sent to defendant through the U.S. Mail.

3. On June 15, 2007, defendant filed a motion for a bill of particulars. Dkt. No. 68. Defendant's motion addressed, among other topics, the identities of individuals referenced, but not named, in the RICO count. Id. at 1-2, 6-9. As part of an omnibus opposition to defendant's motions, the government responded to defendant's motion for a bill of particulars. Dkt. No. 77 at 39-45.

4. On August 15, 2007, the Court issued an Order, accompanied by a Memorandum Opinion, addressing, among others, the defendant's motion for a bill of particulars. Dkt. No. 88 at 2 (Order); Dkt. No. 89 at 32-37 (Memorandum Opinion). Specifically, as to the RICO count, the Court ordered that "the Government shall disclose, no later than 30 days prior to trial, the information requested in the following paragraphs of Defendant's Motion [Dkt. No. 68]: I.a., I.e, I.f. in part (identities of 'person[s] known to the Grand Jury . . . but not named herein')". Dkt. No. 88 at 2 (Order); see Dkt. No. 89 at 36 (similar language in the Memorandum Opinion).[1]

5. The trial in this case is set for April 7, 2008. Thirty days before that day is March 8, 2008.

6. Paragraph I. of defendant's motion, in relevant part, requested, as to count one, the RICO count, the following:

>   a. Page 2, ¶ 7    Specify those "known and unknown to the Grand Jury, doing business as Pamela Martin and Associates," alleged to constitute an enterprise as defined in 18 U.S.C. § 1961(4).

* * *

>   e. Page 5, ¶ 11    Identify "others known and unknown to the Grand Jury, being persons employed by or associated with the enterprise."

>   f. Page 5-12, ¶ B    Identify the "person[s] known to the Grand Jury . . . but not named herein," . . . .

---

[1] The other items the Court ordered to be disclosed 60 and 30 days before trial, that is, III.d., IV.a, IV.b., V.a., V.b., and V.c., were addressed in a separate Bill of Particulars previously filed. Dkt. No. 269.

Dkt. No. 68 at 1-2.

    7. Count one of the indictment, the RICO count, in relevant part, charges that:

    7. Defendant PALFREY together with others **known and unknown to the Grand Jury, doing business as Pamela Martin and Associates,** constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. . . .

* * *

    11. From in or about 1993 until in or about August of 2006, in the District of Columbia and elsewhere, defendant PALFREY and **others known and unknown to the Grand Jury, being persons employed by and associated with the enterprise** described in paragraphs 1-8 and 10, above, which was engaged in, and the activities of which affected, interstate commerce, unlawfully and knowingly did conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, that is, through the commission of racketeering acts one through fourteen as specified in paragraph 12, below.

### E.  The Pattern of Racketeering Activity

    12. The pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1) and 1961(5), consisted of the following acts:

Racketeering Act Number One  (Interstate Transportation in
Aid of Racketeering Enterprise ("ITAR"))

    Between in or about October 1998 and in or about November 1999, in the District of Columbia and elsewhere, defendant PALFREY, aided and abetted by another **person known to the Grand Jury ("Individual #1") but not named herein**, did use and cause to be used the United States mail and a facility in interstate commerce from the District of Columbia to the State of California, and from the State of California to the District of Columbia, with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the State laws described in paragraph nine, and thereafter did perform and attempt to perform an act to promote, manage, establish, and carry on and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

Dkt. No. 2 (Indictment) at 2, 5-12 (bold emphasis added; there are 14 racketeering acts, each with

similar language to the one quoted, but with a different individual referenced in each).

### B. Discussion

The Court Order required the government to disclose to defense counsel the following three, somewhat overlapping categories of identifying information: (1) individuals "known and unknown to the Grand Jury, doing business as Pamela Martin and Associates," alleged to constitute an enterprise; (2) individuals "known and unknown to the Grand Jury, being persons employed by and associated with the enterprise;" and (3) individuals "known to the Grand Jury . . . but not named" in the racketeering acts. Pursuant to the Order, the government has provided to defense counsel today in a letter addressed and sent by electronic mail to defense counsel the information required by the Order. The government files this pleading to give notice of its compliance with the Order.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _/ s / Daniel P. Butler/Catherine K. Connelly_
_____
Daniel P. Butler, DC Bar #417718
Catherine K. Connelly, MA Bar #649430
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, DC 20530
(202) 353-941, 616-3384
daniel.butler@usdoj.gov
catherine.connelly2@usdoj.gov