**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **CRIMINAL NO. 07-046 (JR)** |
| ) | |
| **DEBORAH JEANE PALFREY,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT DEBORAH JEANE PALFREY'S SUR-REPLY TO THE GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO ITS NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) (DKT. NO. 269)**

Deborah Jeane Palfrey, through counsel, respectfully submits this Sur-reply to address briefly the Government's Reply to Defendant's Response (the "Reply") and the supplemental authority it recently provided in regard to its Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b). In these pleadings, the government relies principally on United States v. Douglas, 482 F.3d 591 (D.C. Cir. 2007) and the recently-decided United States v. Pettiford, __ F.3d __, 2008 WL 495602 (D.C. Cir. Feb. 26, 2008), to support its effort to introduce information related to Ms. Palfrey's prior conviction and an arrest. See Reply at 2,3 (Dkt. 269); see also Government's Unopposed Motion for Leave to Late File Supplemental Authority to Its Reply (Dkt. 271).

The Douglas and Pettiford decisions carry decidedly less precedential weight than the government's papers would suggest.[1] Neither case alters the fundamental Rule 404(b) analysis articulated in United States v. Crowder, 141 F.3d 1202, 1209-10 (D.C. Cir. 1998) (*en banc*). And, neither case provides sufficient grounds for this Court to alter its previously expressed inclination to not admit this evidence on prejudice grounds. Because the undue prejudice to Ms.

---

[1] The Government did not cite Douglas in its initial pleading. See Government's Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) (the "Notice") (Dkt. No. 242).

Palfrey substantially outweighs any potentially probative value of the prior act evidence, the evidence should not be admitted.

The prior acts evidence in both Douglas and Pettiford was much more closely connected in time (one year and three weeks prior to the pending charges in those cases, respectively) and involved a completely different type of criminal allegation than the prior acts and the charges in this case. Street possession and distribution of crack cocaine is always illegal; running an adult sexual fantasy service is not. Indeed, permitting the government to introduce the evidence concerning Ms. Palfrey's past will require extensive and complicated testimony to fully air and distinguish Ms. Palfrey's prior and present activities.

More importantly, as the Court has already recognized, evidence of Ms. Palfrey's past life carries a substantial risk of undue prejudice, and should not be admitted under Fed. R. Evid. 403.[2] In a crack cocaine possession with the intent to distribute ("PWID") case similar to Douglas and Pettiford, this very Court recognized the unfair danger that prior act evidence may pose and excluded evidence of a year-old arrest for PWID crack cocaine in circumstances "startlingly similar" to the crime charged, because its relevance was "substantially outweighed by the danger of unfair prejudice" to the defendant. United States v. Knight, 185 F.Supp.2d 65, 66, 69 (D.D.C. 2002) (Robertson, J.).

Here, there is a clear danger that jurors will misuse such evidence to infer that Ms. Palfrey's prior conviction is indicative of immoral character, propensity, or more simply and more likely that "since she was convicted of pandering before, she must be guilty of the prostitution-related offenses charged now." The danger of impermissible character inference is

---

[2] We note that district courts are in the best position to make this determination and what is lost in relying upon solely upon appellate decisions addressing Rule 404(b) and Rule 403 issues is that such appeals necessarily involve a district court's decision to have admitted such evidence, which is then reviewed under a highly deferential standard. See Pettiford, 2008 WL 495602 at ¶ 9; Douglas, 482 F.3d at 596. Where a district court determines that such evidence may **not** be introduced by the government, there is no appeal from that decision.

especially pertinent in this case. The social stigma associated with airing taboo or tawdry sexual activities will increase exponentially the likelihood that the jury will ignore the weight of the evidence and unfairly convict Ms. Palfrey in this case solely for being a purportedly immoral person, a conclusion fostered by evidence of her past life.[3]

## CONCLUSION

Ms. Palfrey respectfully urges the Court to continue to follow its previously expressed inclination and exclude this highly prejudicial evidence.

Respectfully submitted,

/s/

Preston Burton, Esq., D.C. Bar No. 426378
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C.  20005
(202) 339-8400

Dated: March 11, 2008

*Court-appointed Counsel for*
*Deborah Jeane Palfrey*

---

[3] In addition, the government has glossed over a critical point in Douglas—a point Ms. Palfrey made in her Opposition; namely, the district court in Douglas admitted this type of evidence only after holding two evidentiary hearings on the admissibility of the prior arrest evidence, reasoning that under Rule 403, "it's really necessary to hear the Rule 404(b) evidence in order to determine whether or not that evidence should really come in." Douglas, 482 F.3d at 594 (citing 2/20/2004 a.m. Transcript of Trial Proceedings at 49 (Dkt. No. 120)). Thus, should the government's new authority prompt the Court to reconsider its previously expressed inclination to exclude this evidence, we respectfully urge the Court to conduct such a hearing before admitting any such evidence.