UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following proposed set of voir dire questions:

1. The defendant, Deborah Jeane Palfrey, has been charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him or her. You are not to consider the indictment as any indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt. The burden of proving him or her guilty beyond a reasonable doubt rests with the government – the prosecutor – and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence or produce any evidence, or testify. Now, those principles of law will underlie the trial of this case. Is there anyone who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?

2. If it should come to pass after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law – if you are then persuaded by the trial itself that the defendant is guilty of one or more of the charge beyond a reasonable doubt, then it would be your duty to vote guilty as to that charge or charges. Is there anyone who feels that he or she would be unable to carry out that duty?

3. On the other hand – after you have heard all of the evidence, the arguments of the lawyers, and my instructions in the law – if you then have a reasonable doubt as to the defendant's guilt of one or more of the charges, you must vote not guilty as to that charge or charges.  Is there anyone who feels that he or she could not carry out this responsibility?

This is a criminal trial in which Ms. Palfrey is charged by indictment with the federal crimes of racketeering influenced corrupt organization, interstate transportation or travel in aid of racketeering, and conspiracy to commit money laundering.  These charges relate to Ms. Palfrey's operation of a business in this area from California known as Pamela Martin and Associates.  The indictment alleges that Ms. Palfrey, starting in or about 1993 and continuing until in or about August of 2006, managed the enterprise, a large scale prostitution ring known as Pamela Martin and Associates, that operated in several States, including, but not limited to, Virginia, Maryland and in the District of Columbia and that Ms. Palfrey's share of the proceeds of that business were sent to her by United States mail in California after having been converted from cash to money orders or by check.

4. Does any member of the panel know anything about this case?  Have you heard about it in the media, from others, or some other source?

5.  Is there anything about the kind of charges in this case that would prevent you from rendering a fair and impartial verdict if you were selected to be a juror in this case?  If yes, explain.

6.  Do any of you feel that prostitution should be legalized, or, on the other hand, treated more harshly, and therefore, feel that you would be unable to render a fair and impartial verdict?

7.  Ms. Palfrey operated Pamela Martin and Associates out of her home in Vallejo, California.  Does anyone live or work near, or have any special familiarity with, the area where the

business was operated?

8. The government is represented by Assistant United States Attorneys Daniel P. Butler, Catherine K. Connelly, and William R. Cowden. Do any of you know any of the government attorneys or have you ever served on a jury or a grand jury in a case in which either was the government's lawyer? The government will be assisted by Tayrn McLaughlin, a paralegal with the United States Attorney's Office, and by Maria Couvillon, a Postal Inspector with the United States Postal Inspection Service. Does anyone know or recognize Ms. McLaughlin or Postal Inspector Couvillon?

9. The defendant is represented by Preston Burton, Emily Somers and Stephanie Cowles. Does anyone know or recognize Mr. Burton, Ms. Somers or Ms. Cowles?

10. The defendant's full name is Deborah Jeane Palfrey. Do any of you know Ms. Palfrey in any capacity?

11. Ms. Palfrey operated a business called Pamela Martin and Associates. Is anyone familiar with this company?

12. Does any member of the panel know me or any other members of the panel, for example from work, school, socially, prior jury service or one's neighborhood?

13. The government may call the following witnesses during the trial: [Please refer to Government's List of Proposed Witnesses]. Does anyone recognize any of these potential witnesses?

14. [Defendant's witnesses] She is not required to call witnesses because she does not have the burden of proof. Do any of you know any of the witnesses that have just been introduced to you?

15. In this case, one or more agents from the United States Postal Inspection Service, the Internal Revenue Service, or perhaps other federal agencies or local law enforcement agencies may

be called as witnesses. Has anyone had any dealings with members of the U.S. Postal Inspection Service or the Internal Revenue Service, other than simply filing tax returns? Please describe. Would any of you be inclined to give either greater or lesser weight to the testimony of these agents or officers simply because he or she is a law enforcement official affiliated with these agencies?

16. Are you, or is any member of your immediate family, or any close friends currently or previously employed by a law enforcement agency? Law enforcement agencies include, other than those already mentioned, any police department, in or outside the District, special police officers, prosecutors' offices, U.S. Attorney's Office, D.C. Attorney General's Office, formerly known as the D.C. Corporation Counsel, correctional officers, Department of Justice, U.S. Marshals Service, Sheriff's Departments, U.S. Secret Service, the Federal Bureau of Investigation, the Metropolitan Police Department, probation office, parole office, D.C. Superior Court and the U.S. District Court?

17. Are you, or any of your relatives or close friends, currently employed by, or were you or any of your relatives or close friends previously employed by, a criminal defense lawyer, or involved in any way in the defense of a criminal case?

18. You may hear from one or more witnesses who will be called as an expert witness. An expert witness, unlike regular witnesses, is allowed to state their opinion about a particular subject matter. However, you are not obliged to accept the expert's opinion. Are there any of you who believe that because a person is qualified as an expert, his or her opinion is more credible than any other witness?

19. In the course of this case, you may hear testimony from witnesses who have been granted immunity from prosecution and are cooperating with the government. Will you reject out of hand such a witness' testimony simply because he or she has been immunized and is cooperating with the

government?

20. Have any of you ever been involved in working with individuals who are on probation, incarcerated in jails or prisons, or ex-offenders who have been released into the community following a period of imprisonment or jail detention?

21. Have any members of the panel, or any of your close friends or relatives, either studied law or received legal training? Have any members of the panel, or any of your close friends or relatives, ever worked for a lawyer or a law firm in any capacity, including for example as a legal assistant or investigator? If so, what areas of law have you or they practiced, studied, or received training in? Would this experience affect your ability to follow the judge's instructions of law?

22. Has any member of the panel ever served on a Grand Jury?

23. Has any member of the jury panel ever served as a juror in a criminal case in a federal court, a District of Columbia court or in a court located in some other state? If so, when, what type of case, and what was the outcome? Was there anything about your prior jury experience that would lead you to feel more favorable to one side or the other in this case?

24. Do any of you now belong, or have you within the past five years belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

25. Have any of you, any members of your family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's Office, the Court or Mr. Burton or his firm that would make it difficult for you to be a fair or impartial juror in this case?

26. Has any member of the panel, or a close friend or relative, been a witness to a crime, a

5

victim of a crime, or charged with a crime?

27. Has any member of the panel, or a close friend or relative, ever been the victim of or a witness to the same or similar type of crime as the crime charged in this case, or has any member of that group been arrested, charged with a crime, of found guilty or gone to jail for the same or a similar type of crime as the one charged in this case?

28. Has any member of the panel, or a close friend or relative, ever been the victim of or a witness to what you would consider to be an illegal escort or prostitution service, or has any member of that group been arrested, charged with a crime, of found guilty or gone to jail for what you would consider to be an illegal escort or prostitution service?

29. Have any of you, any members of your family, or any close friends been either a victim of, a witness to, or arrested or convicted of any crime that has so affected you that it could interfere with your ability to be fair and impartial in this case?

30. Do any of you have strong feelings about escort services or prostitution?

31. Has any member of the panel or a close friend or family member ever had an unpleasant experience relating to prostitution or an escort service?

32. Has any member of the panel, or a close friend or relative, been a plaintiff or a defendant in any civil or criminal court case?

33. There are two types of evidence, direct evidence and circumstantial evidence. The law makes no distinction between the weight you should give either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. Is there any member of jury panel that has any difficulty understanding and applying this rule?

34. The defendant has been charged in five separate counts. Can you decide each offense

independently based on the evidence that relates to that offense? Would you feel that you have to convict or acquit a defendant of one offense merely because you convicted or acquitted the defendant of another offense?

35. Lawyers have an obligation to raise objections; will you hold this against them?

36. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors? Do any of you feel that you will lack the ability or willingness to engage in discussions about the case during deliberations? Do any of you feel that you will lack the ability to make your own independent decision in this case about the defendant's innocence or guilt?

37. I expect that this case will take approximately three weeks to try. Does anyone have any pressing commitment that would make sitting on this jury an extreme hardship?

38. Does anyone have any type of medical, psychological or medication problem that would make sitting on this jury an extreme hardship?

39. Do any of you have any problems either hearing or seeing?

40. Do you have any problems understanding, speaking or reading English?

41. Does any member of the panel have any moral, religious, or other beliefs that would make it difficult for you to pass judgment on another human being in this case?

42. Is there any member of the panel who, for any reason, believes that they could not participate in jury deliberations and render a fair and impartial verdict in this case?

                Respectfully submitted,

                JEFFREY A. TAYLOR
                UNITED STATES ATTORNEY

                / s / *Daniel P. Butler/Catherine K. Connelly*

                Daniel P. Butler
                D.C. Bar No. 417178
                Catherine K. Connelly
                Mass. Bar No. 649430
                Assistant United States Attorneys
                555 4th Street, N.W.
                (202) 353-9431, 616-3384, 307-0258
                Washington, D.C. 20530
                Daniel.Butler@usdoj.gov
                Catherine.Connelly2@usdoj.gov