UNITED STATES DISTRICT COUR
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court, at the conclusion of the evidence in this case, provide the standard criminal jury instructions simply listed below by number from the "Redbook," as well as the instructions which are set forth below in full as to the elements of the offenses charged against defendant Deborah Jeane Palfrey, as well as some other issues:

### A. STANDARD INSTRUCTIONS[1]

\#     Description

1. Notetaking by Jurors 1.02

2. A Juror's Recognition of a Witness or Other Party Connected to the Case 1.22

3. Question Not Evidence 1.07

4. Evaluation of Prior Inconsistent Statement of a Witness (If Applicable) 1.10

5. Evaluation of Prior Consistent Statement of a Witness (If Applicable) 1.11

6. Impeachment of Defendant – Proof of Conviction of a Crime (If Applicable) 1.13

7. Function of the Court 2.01

8. Function of the Jury 2.02

9. Jury's Recollection Controls 2.03

---

[1] These instructions are taken from the Bar Association of the District of Columbia's Criminal Jury Instructions ( 4th ed. rev. 2007) (commonly referred to as the "Redbook").

10. Evidence in Case – Judicial Notice, Stipulations, Depositions 2.04

11. Statements of Counsel 2.05

12. Indictment not Evidence 2.06

13. Inadmissible and Stricken Evidence 2.07

14. Burden of Proof – Presumption of Innocence 2.08

15. Reasonable Doubt 2.09

16. Direct and Circumstantial Evidence 2.10

17. Credibility of Witnesses 2.11

18. Nature of Charges Not to Be Considered 2.14

19. Witness with a Plea Agreement 2.22A

20. Right of Defendant Not to Testify (If Applicable) 2.27

21. Defendant as Witness (If Applicable) 2.28

22. False or Inconsistent Statement by Defendant 2.29

23. Transcripts of Tape Recordings 2.30

24. Statements of Defendant – Substantive Evidence 2.48

25. Defendant's Statements – Corroboration 2.49

26. Other Crimes Evidence 2.51

27. Evidence of Other Crimes Admitted to Show Intent/Absence of Mistake 2.51B

28. Multiple Counts – One Defendant 2.52

29. Redacted Documents and Tapes 2.70

30. Selection of Foreperson 2.71

31. Exhibits During Deliberations 2.73

32. Possible Punishment Not Relevant 2.74

33. Communication Between Court and Jury During Jury's Deliberations 2.75

34. Furnishing the Jury With a Copy of the Instructions 2.76

35. Proof of State of Mind 3.02

36. "On or About" – Proof of 3.07

37. Consensual Tape Recording 3.11

### B. SPECIFIC INSTRUCTIONS AS TO ELEMENTS[2]

1. **Participation in the Affairs of an Interstate Enterprise through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(c) – Count One**

#### The Nature of the Offense Charged

Count One of the indictment charges that from in or about 1993 until in or about August of 2006, in the District of Columbia and elsewhere, defendant Palfrey violated federal law by associating with an interstate enterprise and then knowingly and deliberately participating in the affairs of that enterprise through a pattern of racketeering activity.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.01 (5th Ed.).

#### The Statute Defining the Offense Charged

Section 1962(c) of Title 18 of the United States Code provides, in part, that:

> It shall be unlawful for any person employed by or associated with any enterprise engage in, or the activities of which affect, interstate . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . .

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.02 (5th Ed.).

---

[2] The proposed instructions as to the forfeiture allegations will be submitted as a later date.

### The Essential Elements of the Offense Charged

In order to sustain it burden of proof for the crime of participating in the affairs of an interstate enterprise through a pattern or racketeering activity as charged in Count One of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

*One:* An enterprise, as described in the indictment, existed on or about the time alleged in the indictment;

*Two:* The enterprise affected interstate commerce;

*Three:* Defendant Palfrey was employed by or was associated with the enterprise;

*Four:* Defendant Palfrey participated, either directly or indirectly, in the affairs of the enterprise; and

*Five*: Defendant Palfrey participated in the affairs of the enterprise through a pattern of racketeering activity, as described in the indictment, through the knowing commission of at least two racketeering acts within ten years of each other.

Some of the terms used in this instruction will be defined and explained for you now.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.03 (5th Ed.).

### An "Enterprise" – Defined

As used in these instructions, the term "enterprise" includes any group of individuals associated in fact although not a legal entity.

The term "enterprise," as used in these instructions, may include a group of people associated in fact, even thought the association is not recognized as a legal entity. A group or association of people can be an "enterprise" if these individuals have joined together for a purpose of engaging in a common course of conduct. Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up

the association functioned as a continuing unit. Such an association of individuals may retain its status as an "enterprise" event though the membership of the association changed by adding or losing individuals during the course of its existence.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.04 (5th Ed.) (modified to exclude excess language).

<u>"Engaged in, or the Activities of Which Affect, Interstate Commerce" – Defined</u>

Interstate commerce means trade, or business, or travel between the states. The phrase "engage in, or the activities of which affect, interstate . . . commerce," as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states.

It is not necessary for the government to show that the defendant knew that the enterprise would affect interstate commerce or to show that the defendant intended to affect interstate commerce.

The government is required to prove beyond a reasonable doubt, however, that the "enterprise" was engaged in or did affect interstate commerce.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.05 (5th Ed.).

<u>"Racketeering Activity" – Defined</u>

The terms "racketeering activity" or racketeering acts, as used in these instructions, means specific illegal acts.

Count One of the Indictment alleges fourteen acts of racketeering. The alleged acts are summarized as follows: Between dates set forth in the respective racketeering act, defendant Palfrey, aided and abetted by another person, a different person in each act, did use or cause to be used the United States mail and a facility in interstate commerce between the metropolitan Washington, D.C.

area and California with intent to promote, manage, establish and carry on an unlawful activity, that is, a business enterprise involving prostitution offenses in violation State and District of Columbia laws, and thereafter did perform and attempt to perform an act to promote, manage, establish or carry on the unlawful activity, in violation of Title 18, United States Code, §§ 1952(a)(3) and 2.

In determining whether or not defendant Palfrey has committed any of the alleged acts of racketeering, you are to be guided by the instructions discussed subsequently regarding violations of Title 18, United States Code, §§ 1952(a)(3) and 2.

The indictment alleges that defendant Palfrey committed more than one act of racketeering. In order to find defendant Palfrey guilty of the crime charged in Count One of the indictment, the government must prove beyond a reasonable doubt and you must unanimously agree on the identity of at least two of the same racketeering acts alleged to have been committed by defendant Palfrey. It is not sufficient for some members of the jury to find that the defendant committed two of the racketeering acts charged while other members of the jury find that the defendant committed different racketeering acts. You must be unanimous as to which acts, if any, you believe defendant Palfrey committed.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.06 (5th Ed.).

<u>A "Pattern of Racketeering Activity" – Defined</u>

In order to establish a "pattern of racketeering activity" as alleged in Count One of the indictment, the government must prove beyond a reasonable doubt that:

*One:* At least two acts of racketeering, as detailed in the Indictment, were committed within ten (10) years of each other;

*Two:* The racketeering acts had the same or similar purposes, results, participants, victims or methods of commission, or are otherwise interrelated by distinguishing

>   characteristics and are not isolated events; and
>
> *Three:* The racketeering acts themselves constitute a threat of continued activity. This threat of continued activity may be established when the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be a regular way of conducting a defendant's ongoing enterprise.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.07 (5th Ed.)

<u>"To Conduct or Participate, Directly or Indirectly, in
the Conduct of" the Affairs of the Enterprise – Defined</u>

The term "to conduct or participate, directly or indirectly, in the conduct of" the affairs of the enterprise means the performance of acts, functions, or duties which are necessary or helpful in the operation of the enterprise.

A person may be found to conduct or participate in the conduct of an enterprise even though that person is merely a servant or employee as long as the government also proves that the person participates somehow in the operation as management of the enterprise.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 56.08 (5th Ed.)

  2.  <u>Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3) – Counts Two through Four</u>

<u>The Nature of the Offense Charged</u>

Counts Two through Four of the indictment charge that on or about the respective dates set forth in that count, in the District of Columbia, defendant Palfrey did use and cause to be used the United States mail or a facility in interstate commerce from one state to another or the District of Columbia with the intent to promote an unlawful activity, namely prostitution offenses in violation of the laws of the District of Columbia and the States of Maryland and Virginia, and after the use of the United States mail or a facility in interstate commerce, the defendant performed or attempt to

7

perform an act to promote the unlawful activity.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 54.01 (5th Ed.).

The Statute Defining the Offense Charged

Section 1952 of Title 18 of the United States Code provides, in part, that:

> (a) Whoever travels in interstate . . . commerce or uses any facility in interstate . . . commerce, including the mail, with intent to –
>
> * * *
>
> (3) . . . promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempt to perform an act to promote, manage, establish or carrying on of said unlawful activity, shall be guilty of an offense against the United States.
>
> (b) As used in this section, "unlawful activity" means, in relevant part, any business enterprise involving prostitution offenses in violation of the laws of the States, including the District of Columbia, in which they are committed

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 54.02 (5th Ed.).

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of traveling interstate commerce to promote an unlawful activity as charged Counts Two through Four of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One:* Defendant Palfrey used or caused to be used the United States mail or a facility in interstate commerce;

*Two:* Defendant Palfrey used such facility with the intention to promote, manage, establish or carry on the activity described in Counts Two through Four of the indictment;

*Three:* The activity described in the indictment was illegal under the laws of the States of Maryland or Virginia, or the District of Columbia;

*Four:* After the use of a facility in interstate commerce, defendant Palfrey knowingly and deliberately did an act, or attempted to do an act, in order to promote, manage,

establish, or carry on the activity described in Counts Two through Four of the indictment.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 54.03 (5th Ed.).

### "Uses Any Facility in Interstate Commerce" – Defined

The term "uses any facility in interstate commerce" means employing or utilizing any method of communication or transportation between one state, including the District of Columbia, and another. The term "uses any facility in interstate commerce," for example, includes the use of the telephone and the mails.

It is not necessary for the government to prove that any use of a facility in interstate commerce was contemplated or planned at the time that the course of activity began or that the defendant knew that she was actually using a facility in interstate commerce. It is not necessary for the government to prove that the promotion of the activity alleged to be unlawful was the only reason for the use of an interstate facility or that the use of an interstate facility was essential to that activity.

The government must prove beyond a reasonable doubt, however, that defendant Palfrey used or caused to be used a facility in interstate commerce and that one of the reasons for this use was to promote, manage, carry on or facilitate the activity described in the indictment.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 54.04 (5th Ed.).

### To "Promote, or Facilitate the Promotion, of Any Unlawful Activity" – Defined

The phrase to "promote, or facilitate the promotion, of any unlawful activity" means to do any act that would cause the "unlawful activity" described in the indictment to be accomplished or to assist the "unlawful activity" in any way.

The term "unlawful activity" means, among other things, prostitution offenses in violation

of the laws of the State, or the District of Columbia, in which they are committed.

Concerning the charge that defendant Palfrey promoted unlawful activity involving prostitution offenses in violation of the laws of the District of Columbia and the States of Maryland and Virginia, I instruct you as follows as to the relevant laws of each jurisdiction:

    a.  <u>District of Columbia Law</u>

Title 22, District of Columbia Code, Section 2707, makes it a crime to procure, receive money, or other valuable thing for arranging assignation. It provides as follows:

> Any person who, within the District of Columbia, shall receive any money or other valuable thing for or on account of arranging for or causing any individual to have sexual intercourse with any other person or to engage in prostitution, debauchery, or any other immoral act, shall be guilty of a felony and, upon conviction, shall be [guilty of an offense against the District of Columbia].

The essential elements of procuring, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant received money or any other thing of value; and

2. That the defendant received such money or thing of value in return for arranging for a female to have sexual intercourse with another person, to engage in prostitution, or to engage in any immoral act.

Redbook Instructions, Instruction 4.66, Procuring (2002).

"Prostitution" means the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee.

Title 22, D.C. Code, § 2701.01(1) (2002); <u>see</u> Redbook Instructions, Instruction 4.67, Procuring (2007).

"Sexual act" means:

(A) The penetration, however slight, of the anus or vulva of another by a penis;

(B) Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

(C) The penetration, however slight, of the anus or vulva by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

(D) The emission of semen is not required for the purpose of subparagraphs (A)-(C) of this paragraph.

"Sexual contact" means the touching with any clothed or unclothed body part or any object, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Title 22, D.C. Code, § 3001 (2002); see Redbook Instructions, Instruction 4.67, Procuring (2007).

    b.  Maryland Law

Title 11, Maryland Criminal Code, Section 306, makes it a crime to procure or solicit or offer to procure or solicit for prostitution or assignation. It reads, in relevant part, as follows:

(a)    A person may not knowingly:

. . .

    (5)    procure or solicit or offer to procure or solicit for prostitution or assignation.

"Assignation" means the making of an appointment or engagement for prostitution or any act in the furtherance of the appointment or engagement.

"Prostitution" means the performance of a sexual act, sexual contact, or vaginal intercourse for hire.

"Sexual act" means any of the following acts, regardless of whether semen is emitted:

(I) analingus;

(ii) cunnilingus;

(iii) fellation;

(iv) anal intercourse, including penetration, however slight, of the anus; or

(v) an act:

    1. in which an object penetrates, however slightly, into another individual's genital opening or anus; and

    2. that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.

"Sexual contact" includes an act:

(I) in which a part of an individual's body, except the penis, mouth, or tongue, penetrates, however slightly, into another individual's genital opening or anus; and

(ii) that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.

"Vaginal intercourse" means genital copulation, whether or not semen is emitted. Title 11, Maryland Criminal Code, Section 301; Title 3, Maryland Criminal Code, Section 301.

The essential elements of procuring, each of which the government must prove beyond a reasonable doubt, are:

    1.    That the defendant urged, advised, induced, encourage, requested, or commanded another, or offered to urge, advise, induce, engage, request, or command another

  2.  To perform a sexual act, sexual contact, or vaginal intercourse for hire or to make an appointment or engagement for a sexual act, sexual contact, or vaginal intercourse for hire.

Title 11, Maryland Criminal Code, Section 306.

  c. <u>Virginia Law</u>

Title 18.2, Virginia Criminal Code, Section 356, makes it a crime to receive money or other valuable thing for procuring a person or causing a person to engage in unlawful sexual intercourse or carnal knowledge of another. It reads as follows:

> Any person who shall receive any money or other valuable thing for or on account of procuring for or placing in a house of prostitution or elsewhere any person for the purpose of causing such person to engage in unlawful sexual intercourse or any act in violation of § 18.2-361 shall be guilty of [an offense against the Commonwealth of Virginia].

Title 18.2, Virginia Criminal Code, Section 361, provides, in relevant part, that: "If any person . . . carnally knows any male or female person by the anus or be or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of [an offense against the Commonwealth of Virginia]. Cunnilingus, fellatio, analingus, and anal intercourse are acts of carnal knowledge of any male or female person by the anus or by or with the mouth.

Title 18.2, Virginia Criminal Code, Section 361; <u>Chaine v. Commonwealth</u>, 17 Va. App. 179, 185, 436 S.E.2d 187, 190 (1993).

The essential elements of procuring, each of which the government must prove beyond a reasonable doubt, are:

  1.  That the defendant received money or other valuable thing; and

  2.  That the defendant received such money or other valuable thing for or on account of procuring any female to engage in unlawful sexual intercourse or carnal knowledge of another.

Title 18.2, Virginia Criminal Code, Section 356; see Edwards v. Commonwealth, 218 Va. 994, 1002, 243 S.E.2d 834, 839 (1978).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 54.05 (5th Ed.).

"Business Enterprise Involving Prostitution" – Defined

The term "business enterprise involving prostitution" means a course of conduct as opposed to an isolated event or sporadic activity.

It is not necessary for the government to prove that the "business enterprise" alleged in Counts Two through Four of the indictment was performed over a specific period of time by a specified number of people or was the primary activity of the defendant or even resulted in a profit to the defendant.

The government must prove beyond a reasonable doubt, however, that the "business enterprise" making up the "unlawful activity" alleged in the indictment was a regular or continuous course of conduct and not just a singular occurrence or an isolated event.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 54.06 (5th Ed.).

    3.    Aiding and Abetting – Counts One through Four – 18 U.S.C. § 2

You may find the defendant guilty of the crime charged in counts one through four of the indictment without finding that she personally committed each of the acts that make up the crime or that she was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as she would be if she had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated herself with the commission of the crime, that she participated in the crime as something she wished to bring about, and that she intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

Redbook Instruction No. 4.02.

    4.    <u>Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) – Count Five</u>

<u>Conspiracy and Its Elements</u>

Title 18, United States Code, Section 1956(h), makes it a federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, United States Code, Section 1956. I will instruct you on that latter statute shortly.

Under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the government to prove that

15

all of the people referenced in the indictment were members of the scheme; *or* that those who *were* members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary fo the government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

*One:*   That two or more persons, in some way or manner, came to a mutual understanding try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956, as charged in the indictment; and

*Second:*   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of the conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly joins in that plan on one occasion, that is sufficient to convict the defendant for a conspiracy even thought the defendant did not participate before, and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Eleventh Circuit Pattern Jury Instructions, Criminal, 70.5 (2003).

<u>Money Laundering, Promoting Unlawful Activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(I)</u>

Title 18, United States Code, Section 1956(a)(1)(A)(I), makes it a federal crime or offense

for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First:*   That the defendant knowingly conducted or attempted to conduct a "financial transaction" as hereafter defined;

*Second:*   That the defendant knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity;

*Third:*   That the funds or property involved in the financial transaction did in fact represent the proceeds of "specified unlawful activity" – in this case, interstate transportation in aid of racketeering, in violation of Title 18, United States Code, Section 1952(a)(3); and

*Fourth:*   That the defendant engaged in the financial transaction with the intent to promote the carrying on of such specified unlawful activity.

The term "conducts" means initiating, concluding, or participating in initiating or concluding a transaction. The term "transaction" means, among other things, a purchase, sale, delivery or other disposition of funds or property. The term financial transaction means a transaction that in any way or degree affects interstate commerce involving one or more "monetary instruments" which includes, money orders. The term "interstate commerce" includes any commercial activity that involves transportation or communication between places in two or more states, or the District of Columbia.

The term "knowing the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the defendant knew that such funds or property involved in the transaction represented proceeds from *some* form, though not necessarily *which* form, of activity that constituted a felony offense under state or Federal law.

17

The term "specified unlawful activity" means interstate transportation in aid of racketeering, in violation of Title 18, United States Code, Section 1952(a)(3).

The term "with the intent to promote the carrying on of specified unlawful activity" means that the defendant must have conducted or attempted to conduct the financial transaction for the purpose of facilitating or making easier or helping to bring about the "specified unlawful activity" as just defined.

Eleventh Circuit Pattern Jury Instructions, Criminal, 70.1 (2003).

### C. ADDITIONAL SPECIFIC INSTRUCTIONS THAT MAY BE RELEVANT

1. Proof of State of Mind

Someone's intent ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

Redbook Instruction No. 3.02.

2. Deliberate ignorance – Explained

The government may prove that defendant Palfrey acted "knowingly by proving, beyond a reasonable doubt, that this defendant deliberately closed her eyes to what would otherwise have been

obvious to her.  No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  A finding beyond a reasonable doubt of an intent by defendant Palfrey to avoid knowledge or enlightenment would permit the jury to find knowledge.  Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of the fact.

It is of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and an inference to be drawn from any such evidence.

You may not conclude that defendant Palfrey had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17.09 (5th Ed.).

### 3. Summary Witness Testimony

The testimony of Special Agent ---------------------------, which summarized various documentary evidence and testimony, has been received for the sole purpose of explaining facts disclosed by other documents admitted as evidence in the case.  The summary testimony is not, in and of itself, proof of any facts.  The summary testimony is provided only as a matter of convenience.  If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should give this summary testimony the weight you believe it deserves.

See United States v. Lemire, 720 F.2d 1327, 1348 and n.32 (D.C. Cir. 1983).

### 4. Charts and Summaries

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case.  Those charts or summaries

are used for your convenience. These charts and summaries are not themselves evidence or proof of any facts. You should determine the facts from the evidence.

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

*See* Fifth Circuit Pattern Jury Instructions (Criminal Cases) 1.43 and 1.44 (2001).

Respectfully submitted,
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*

Daniel P. Butler
D.C. Bar No. 417178
Catherine K. Connelly
Mass. Bar No. 649430
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384, 307-0258
Washington, D.C. 20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov