UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL NO. 07-046 (JR) |
| ) | |
| DEBORAH JEANE PALFREY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR FORTHWITH PRODUCTION OF ALL OUTSTANDING JENCKS, BRADY AND GIGLIO MATERIALS, AN ORDER TO SHOW CAUSE AS TO WHY ADDITIONAL SANCTIONS SHOULD NOT BE IMPOSED, AND FOR A CONTINUANCE OF THE TRIAL DATE COMMENSURATE WITH THE GOVERNMENT'S FAILURE TO COMPLY

Defendant Deborah Jeane Palfrey, through counsel, respectfully moves this Court for an Order compelling the United States to produce all remaining Jencks, *Giglio*, and *Brady* materials forthwith and to Order the government to show cause why other sanctions, as deemed appropriate by the Court, should not be imposed for its refusal to comply with the Court's directive at the March 19, 2008, status hearing. Ms. Palfrey further, and reluctantly, moves for at least a one-week continuance of the trial date from April 7, 2008, based on the government's tactical decision to ignore this Court's directive to produce such materials immediately.

At the Status Hearing on March 19, 2008, the Court directed the United States to produce the remaining Jencks, *Brady* and *Giglio* material to the defense immediately. Despite that instruction, the government has not produced any additional materials following that hearing.[1] In response to counsel's emailed inquiry on Friday afternoon as to when the government intended

---

[1] Just prior to the Status Hearing the government handed defense counsel a packet of materials consisting of several spreadsheets, additional Jencks materials for Internal Revenue Service Special Agent Troy Burrus, grand jury exhibits for the five confidential informants addressed in the Suppression Hearing, and an unsigned copy of a declaration by its proposed expert. The defense has yet to receive any Jencks, *Brady* or *Giglio* material for the remaining escorts, which presumably number at least nine more witnesses given the allegations in Count One, or for any other civilian witnesses, including other escorts or customers, the government intends to call or any *Brady*

to comply with the Court's instructions, the government responded by email on Saturday afternoon that it was "accumulating and/or copying the respective Jencks/Giglio documents to provide to you, and should be able to provide all or most of those by approximately Wednesday, March 26th." Thus, the defense's ability to review these materials has been impeded by at least five days, including a weekend, and, if the government persists in following its own announced schedule, that delay will be a week (or more) following the Court's instructions to the government to produce such materials to the defense "Now."

There is simply no justification for the United States' failure to have produced these materials, which clearly include pre-existing grand jury transcripts and exhibits, on at least a rolling basis following the Status Hearing. As we forecasted at that hearing, the defense is now forced to request a one-week continuance of the trial date to April 14, 2008, to enable it to have an adequate opportunity to review these materials and incorporate them into its trial presentation and/or pursue leads based on these materials. We submit, additionally, that the Court should require to government to show cause why additional sanctions should not be imposed for its cavalier position, a position adopted solely to leverage a tactical advantage it has long-enjoyed since it obviously has had possession of these materials for well over a year.

Respectfully submitted,

/S/
Preston Burton, Esq., D.C. Bar No. 426378
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8400
*Counsel for Deborah Jeane Palfrey*

Dated: March 24, 2008

---

materials addressing matters the government does not intend to present, such as evidence that certain escorts or customers have denied engaging in illegal sexual activities during their appointments.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL NO. 07-046 (JR) |
| ) | |
| DEBORAH JEANE PALFREY, ) | |
| ) | |
| Defendant. ) | |

ORDER

Upon consideration of Defendant's Motion for Forthwith Production of All Outstanding Jencks, Brady and Giglio Materials, and for an Order to Show Cause Why Additional Sanctions Should Not be Imposed, and For a Continuance of the Trial Date Commensurate with the Government's Delay in Production, it is this ____ day of March, 2008, that Defendant Palfrey's Motion is GRANTED, and it is hereby ORDERED that the Government shall:

1. Produce FORTHWITH all outstanding Jencks, *Brady*, and *Giglio* materials; and,

2. File by no later than March __, 2008, a pleading explaining its failure to comply with the Court's instructions at the March 19, 2008, Status Hearing. Based on that filing and the status of its compliance at that time, an appropriate sanction shall be imposed.

Additionally, due to the government's failure to follow the Court's instructions, the trial date in this matter is now continued to April ___, 2008.

_____
The Honorable James Robertson
United States District Court
for the District of Columbia

Copies to Counsel of Record