UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR FORTHWITH PRODUCTION OF ALL OUTSTANDING JENCKS, BRADY AND GIGLIO MATERIALS AND AN ORDER TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED (DKT. NO. 283)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant's motion for forthwith production of all outstanding Jencks, Brady and Giglio materials and an order to show cause as to why additional sanctions should not be imposed. Dkt. No. 283. As will be discussed below, the government has and is complying with its obligations, including Court directives, regarding these materials.[1] Accordingly, there is no need for an Order from the Court or a show cause hearing. As such, the government respectfully requests that the Court deny defendant's motion as moot.

### A. Background

1. From early on in the proceedings of this case, the government has represented it would provide Jencks material to defense counsel prior to the time required by the statute, that is, it would produce these materials a week before trial[2]. The government has also taken the position that,

---

[1] The information contained in this pleading is also relevant to defendant's notice regarding the status of the disclosure of Jencks, Brady and Giglio material. Dkt. No. 278. That notice also contained a motion to strike a proposed government expert. Id. The portion dealing with the proposed expert will be addressed in a separate response by the government.

[2] The Court previously had rejected a defense motion for early Jencks production for purposes of the suppression hearing in which defendant argued, that absent such production, she would not have adequate time for review of the materials. See Dkt. No. 136 at 10. The Court found

consistent with the law of this Circuit, it satisfies its discovery obligations where it provides impeachment-styled information concerning its witnesses in time for defendant to make use of it.[3] United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1988), cert. denied, 528 U.S. 828 (1999); see United States v. Edelin, 128 F. Supp. 2d 23, 38-39 (D.D.C. 2001). See also United States v. Morrow, 2005 WL 3163806, *6 (D.D.C. 2005). Accordingly, that is the schedule under which the government was operating until recently. Nevertheless, prior to the suppression hearing on February 25, 2008, the government began to provide Jencks and Giglio material and has continued, on a rolling schedule, to provide such information since the suppression hearing.[4]

2. At the status hearing on March 19, 2008, the Court told the government, with regard to Jencks and Giglio material, if it had information it could turn over, it should do so presently.

3. Following the hearing, the government moved up its prior schedule of accumulating and/or copying the documents for production and making arrangements to deliver those to defense counsel.

4. Late on Friday, March 21, 2008, defense counsel sent an e-mail to the government asking when he could expect the materials. The government responded the next day, Saturday, that it should be able to provide all or most of the information by Wednesday, March 26, 2008.

---

that "Defendant's request is clearly precluded by the Jencks Act , 18 U.S.C. § 3500, and is therefore **denied**. See United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982)." Dkt. No. 136 at 10.

[3] As to Brady or Giglio materials, as the government has previously stated, "whatever information the government has, at most, is covered under Giglio v. United States, 405 U.S. 150 (1972)." Dkt. No. 168. at 5.

[4] Defendant acknowledges this, in part, in her pleading, see Dkt. No. 283 at n. 1, as well as her notice regarding the status of disclosure of Jencks and other material, see, e.g., Dkt. No. 278 at 4 (noting March 10, 2008 Jencks disclosure).

5. Thereafter, on Monday, Tuesday, and Wednesday, March 24-26, 2008, the government sent or is sending the requested materials.[5] The defendant, accordingly, has these materials at least a week-and-a-half before trial.

6. On March 24, 2008, the defendant filed her motion for forthwith production.[6]

7. On March 25, 2008, the Court directed the government to respond forthwith to defendant's motion. Dkt. No. 284. The government is doing so herewith.

## B. Discussion

The government has complied and is complying with its obligations pursuant to the Jencks Act, Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The government has now turned over to defense counsel the relevant grand jury transcripts, and the exhibits associated with those transcripts. Included with those exhibits were any immunity orders or letters provided to that set of witnesses. Furthermore, the government has turned over literally hundreds of pages of handwritten notes and spreadsheets created by law enforcement agents involved in this case.

As the government has previously noted, the defendant's request for Jencks material prior to trial is plainly at odds with the statute itself, which does not obligate the United States to produce such materials until after the direct examination. See 18 U.S.C. § 3500(b) ("After a witness called

---

[5] Understanding its ongoing discovery obligations, the government will determine if there are additional documents that need to be turned over to defense counsel.

[6] The government completely rejects certain intemperate characterizations of the government's response or timing that are made in defendant's pleading, e.g., "government's tactical decision to ignore this Court's directive to produce such materials immediately[,]" Dkt. No. 238 at 1; "government persists in following its own announced schedule," id. at 2; "its cavalier position, a position adopted solely to leverage a tactical advantage[.]" Id. The government, following the Court's instructions on March 19, 2008, took expedited, good-faith action to move up its previously planned schedule for production of these materials.

by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness which relates to the subject matter as to which the witness has testified."); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir.) (per curiam) ("The Jencks Act directs that in a criminal prosecution, statements made by government witnesses or prospective government witnesses are not open to discovery or inspection by the defense until said witnesses have testified on direct examination in the trial of the case."), cert. denied, 488 U.S. 867 (1988). Defendant's request is also at odds with the Rules of Criminal Procedure. See Fed. R. Crim. P. 26.2(a) (disclosure not required until after the witness has testified on direct examination).

The fact that early disclosure of Jencks material may assist the defendant in preparing for trial is no reason to disregard the statute. See generally Tarantino, 846 F.2d at 1414-1415 (defendant not entitled to early disclosure of Jencks Act statements even when the statements may have assisted in cross-examining other witnesses called by the government earlier in the trial). The Jencks Act and the Rules authorize the government's disclosure of Jencks material at the time of trial. See id., 846 F.2d at 1414 ("[t]his congressional determination is not to be disregarded by the courts"); In re United States, 834 F.2d 283, 287 (2nd Cir. 1987) (Jencks Act controls statements by witnesses and district court has "no inherent power to modify or amend the provisions of that Act"). See also Morrow, 2005 WL at *6 (adopting the approach taken in the Edelin case, noting that "disclosure, a minimum of three days prior to the relevant testimony, is more than adequate for the defendants to prepare their defense.") (citation omitted). Nevertheless, based on the Court's statement on March 19, 2008, the government provided the defense with the remaining grand jury transcripts and exhibits on or before March 26, 2008.

To the extent that the defendant is entitled to any of the requested materials for impeachment

purposes, the government intends to disclose all such information as required by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), in advance of the witnesses' testimony so that such information may be used during cross-examination. See also, United States v. Phillips, 854 F.2d 273, 276 (7th Cir. 1988). The government satisfies its discovery obligations where it provides impeachment styled information concerning its witnesses in time for defendants to make use of it. United States v. Wilson, 160 F.3d 732 at 742. In this case, the government has now disclosed this type of material to defense counsel.[7]

### C. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny defendant's motion as moot.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC  Bar No. 417178
Catherine K. Connelly
Mass.  Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C.  20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov

---

[7] Again, the government is aware of its ongoing obligations in this regard and will take steps to determine if this is any additional information that needs to be disclosed to defense counsel.