## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA,

               Plaintiff,

               v.                               Criminal No. 07-046 (JR)

DEBORAH JEANE PALFREY,

               Defendant.

_____

## DEFENDANT DEBORAH JEANE PALFREY'S PROPOSED JURY INSTRUCTIONS AND RESPONSE TO THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Defendant Deborah Jeane Palfrey, through undersigned counsel, respectfully submits this list of proposed jury instructions to be given as part of the charge to the jury. We will provide the Court with a computer disk containing these proposed jury instructions for any use or modification it deems appropriate. Additionally, we reserve the right to object to the Government's proposed instructions depending on the evidence presented at trial. To that end, depending on the evidence adduced at trial, we anticipate objecting to any instruction that incorporates either the District of Columbia definition of "sexual contact" or the Maryland definitions of "sexual act" or "sexual contact" due to the absence, in both jurisdictions, of reported case law interpreting or applying those provisions outside the context of a sexual abuse situation. As such, we simply do not believe that they apply to the situation before the Court.

## A. STANDARD INSTRUCTIONS

As a preliminary matter, we believe that the Court should address the following standard instructions,[1] in addition to the standard instructions proposed by the Government:

> Instruction 1.03—Preliminary Instruction Before Trial (We request that the Court employ a variation of Instruction 1.03 to include a summary of the charges.)

> Instruction 1.05—Cautionary Instruction Prior to First Recess

> Instruction 1.16—Cautionary Instruction on Publicity

> Instruction 1.21—Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed

## B. SPECIFIC INSTRUCTIONS AS TO ELEMENTS OF THE OFFENSES CHARGED

While we recognize that the language proposed by the Government is derived primarily from the O'Malley treatise, we respectfully request that the Court instead, for the substantive instructions, adopt the language below, which is based, with minor changes, on Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2007). We believe the language in the Sand treatise will be more easily understood by jurors.

1. Prosecution under 18 U.S.C. § 1962(c) ("RICO")—Count One

The Indictment and the Statute

The Indictment charges the defendant with participating in the affairs of an interstate enterprise through a pattern of racketeering activity. The Indictment reads as follows:

[Read Indictment]

The Indictment charges the defendant with violating section 1962(c) of Title 18 of the United States Code. That section provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

---

[1] Criminal Jury Instructions for the District of Columbia (4th ed. rev. 2007) ("Redbook").

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.[2]

## Prejudice From the Word "Racketeering"

The word "racketeering" has certain implications in our society.  Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven.  The term is only used by Congress to describe the statute.[3]

## Elements of the Offense

In order to prove that the defendant violated section 1962(c), the government must establish beyond a reasonable doubt each of the following five elements of the offense:

First, that an enterprise, affecting interstate or foreign commerce, existed as alleged in the indictment;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was associated with or employed by the enterprise;

Fourth, that the defendant engaged in a pattern of racketeering activity; and

Fifth, that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity.[4]

## First Element—The Enterprise

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment.

For the purposes of this case, an enterprise includes any legal entity, such as a partnership, corporation or association, and some other entities as I shall define them for you.

[2] 3 Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 52.04, Instruction 52-17 (2007).
[3] <u>Id.</u> at ¶ 52.04, Instruction 52-18 (2007).
[4] <u>Id.</u> at ¶ 52.04, Instruction 52-19 (2007).  <u>But see</u> <u>United States v. Richardson</u>, 167 F.3d 621, 625 (D.C. Cir. 1999) (combining the first and second elements).

The government has charged that the enterprise in this case is as follows:  [Read counts or allegations that relate to the enterprise].  If you find beyond a reasonable doubt that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

An enterprise may also include a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The government has charged the following in the Indictment as constituting an enterprise.  [Read counts or allegations that relate to the enterprise].  If you find beyond a reasonable doubt that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the Indictment.  This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.[5]

### Second Element—Effect on Interstate Commerce

The second element the government must prove beyond a reasonable doubt is that the

---

[5] 3 Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 52.04, Instruction 52-20 (2007).  <u>See</u> <u>United States v. Richardson</u>, 167 F.3d 621, 625 (D.C. Cir. 1999).

enterprise was engaged in or had an effect upon interstate commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The government must prove beyond a reasonable doubt that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of the defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that the defendant knew that she was affecting interstate commerce.[6]

<u>Third Element—Association With the Enterprise</u>

The third element which the government must prove beyond a reasonable doubt is that the defendant was associated with or employed by the enterprise.

It is not required that the defendant have been employed by or associated with the enterprise for the entire time that the enterprise existed. It is required, however, that the government prove, beyond a reasonable doubt, that at some time during the period indicated in the indictment, the defendant was employed by or associated with the enterprise.

A person cannot be associated with or employed by an enterprise if she does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the

---

[6] 3 Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 52.04, Instruction 52-21 (2007).

enterprise and of the general nature of its activities.[7]

<u>Fourth Element—Engaging in a Pattern of Racketeering Activity and Unanimity on Racketeering Acts</u>

The fourth element which the government must prove beyond a reasonable doubt is that the defendant engaged in a pattern of racketeering activity.

The government has charged the defendant with committing the following racketeering acts:  [read acts from Indictment].  You must find that the defendant committed two of these acts within ten years of each other.  As I will explain more fully, you must agree unanimously on which two acts were committed.

In order for the state offense of prostitution to be considered a racketeering act, the government must prove to you beyond a reasonable doubt that the defendant committed that offense as defined by the District of Columbia, Maryland, or Virginia.  The elements of these offenses will be discussed shortly.

To prove that the acts constituted a pattern of racketeering activity, the government must prove beyond a reasonable doubt that the acts of racketeering are related to each other and that they pose a threat of continued criminal activity.  It is not sufficient for the government to prove only that the defendant committed two of the racketeering acts I will describe.  A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

---

[7] <u>Id.</u> at ¶ 52.04, Instruction 52-22 (2007).

To prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that (1) the acts are part of a long-term association that exists for criminal purposes; or (2) the acts are a regular way of conducting the defendant's ongoing legitimate business; or (3) the acts are a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.[8]

The indictment charges the defendant with 14 racketeering acts. As I just instructed you, the government must prove beyond a reasonable doubt that at least two of the racketeering acts recited in the Indictment were committed by the defendant within the prescribed time—namely ten years.

You may not find the defendant guilty unless you all agree unanimously that at least two particular racketeering acts were committed by the defendant. It is not enough that you all believe that two racketeering acts were committed. That is, you cannot find the defendant guilty if some of you think that only racketeering acts A and B were committed by the defendant and the rest of you think that only acts C and D were committed by the defendant. There must be at least two specific racketeering acts that all of you believe were committed by the defendant in order to convict the defendant.[9]

### Fifth Element—Conducting or Participating in the Enterprise Through the Pattern of Racketeering Activity

The fifth and final element that the government must prove beyond a reasonable doubt is that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity.

To conduct or participate in the conduct of the enterprise means that the defendant must have played some part in the operation or management of the enterprise. The government is not

---

[8] Id. at ¶ 52.04, Instruction 52-23 (2007).
[9] Id. at ¶ 52.04, Instruction 52-24 (2007).

required to prove that the defendant was a member of upper management.  An enterprise is

operated not only by those in upper management, but also by those lower down in the enterprise

who act under the direction of upper management.

In addition to proving that the defendant played some part in the operation or

management of the enterprise, the government must also prove that there is some meaningful

connection between the defendant's illegal acts and the affairs of the enterprise.  To satisfy this

part of the element, the government must establish either (1) that the defendant's position in the

enterprise facilitated her commission of those illegal acts and that the racketeering acts had some

impact or effect on the enterprise, or (2) that the acts were in some way related to the affairs of

the enterprise, or (3) that the defendant was able to commit the acts by virtue of her position or

involvement in the affairs of the enterprise.[10]

2. Travel in Interstate Commerce in Aid of Racketeering Enterprises in Violation of 18
U.S.C. § 1952(a)(3)—Counts Two through Four

The Indictment and the Statute

The Indictment charges the defendant with violating 18 United States Code Section 1952,

a law known as the Travel Act.  The indictment reads as follows:

[Read Indictment]

The Travel Act makes it a federal crime for anyone to travel in interstate (or foreign)

commerce for the purpose of carrying on certain unlawful activities.  The law provides:

Whoever travels in interstate or foreign commerce or uses the mail or
any facility in interstate or foreign commerce, with intent to—

* * *

(3) . . . promote, manage, establish, carry on, or facilitate the promotion,
management, establishment, or carrying on of any unlawful activity, and
thereafter performs or attempts to perform [any of these acts is guilty of

---

[10] Id. at ¶ 52.04, Instruction 52-25 (2007).

a crime].[11]

## Elements of the Offense

In order to prove that the defendant violated the Travel Act, the government must establish beyond a reasonable doubt each of the following elements of the offense.

First, that the defendant used or caused someone else to use an interstate facility;

Second, that this use of an interstate facility was done with the intent to promote, manage, establish, carry on, or distribute the proceeds of an unlawful activity;

Third, that after this use of an interstate facility, the defendant performed or attempted to perform an act in furtherance (or distributed the proceeds of) this same unlawful activity.[12]

### (a) First Element—Use of an Interstate Facility

## The Use of an Interstate Facility Defined

The first element the government must prove beyond a reasonable doubt is that the defendant used or caused someone else to use an interstate facility.

An interstate facility is any vehicle or instrument that crosses state lines in the course of commerce. For example, a freight carrier that carries items from one state to another is an interstate facility. Making a telephone call from one state to another is also the use of an interstate facility. Any use of the mails constitutes the use of an interstate facility whether or not the mailed item crossed a state line.

The defendant has been charged with using the United States mail to facilitate prostitution. If the government has proved these facts beyond a reasonable doubt, then you may find that it has proved the first element of the Travel Act charge against the defendant.[13]

## Causing Another to Use an Interstate Facility

In order to meet its burden of proof on the first element, it is not necessary for the

---

[11] Id. at ¶ 60.01, Instruction 60-1 (2007).
[12] Id. at ¶ 60.01, Instruction 60-2 (2007); United States v. Childress, 58 F.3d 693, 719 (D.C. Cir. 1995).
[13] 3 Sand, *et al.*, Modern Federal Jury Instructions--Criminal ¶ 60.01, Instruction 60-3 (2007).

government to prove that the defendant herself used an interstate facility. The Travel Act also applies to a person who causes another person to use an interstate facility. Therefore, if the government has proven beyond a reasonable doubt that the defendant caused another person to use an interstate facility, then you may find that the government has proven the first element of the offense.

The government does not have to prove that the defendant knew that the use of an interstate facility would occur. It is sufficient that the defendant's unlawful activity caused the interstate use.[14]

<u>Knowledge of the Interstate Element</u>

It does not matter whether the defendant knew that she was using interstate facilities. Nor does it matter whether the defendant intended to use interstate facilities. It also does not matter whether the defendant agreed that another would use interstate facilities. All the government must prove with respect to the first element is that the defendant did, in fact, use interstate facilities (or that a co-conspirator did).[15]

(b) <u>Second Element—Intent to Engage in Unlawful Conduct</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant's use of an interstate facility was done with the intent to promote, manage, establish, or carry on an unlawful activity.

It is not enough for the government to prove only that the defendant used an interstate facility. The government must also prove beyond a reasonable doubt that the defendant used the interstate facility for the purposes of facilitating (or distributing the proceeds of) the unlawful activity.

---

[14] <u>Id.</u> at ¶ 60.01, Instruction 60-4 (2007).
[15] <u>Id.</u> at ¶ 60.01, Instruction 60-6 (2007).

The government does not have to prove that the furtherance of the unlawful activity (or the distribution of the proceeds of) was the defendant's sole purpose in using the interstate facility. It is sufficient if the government proves that one of the defendant's reasons for using an interstate facility was to further the unlawful activity. Thus, if you find that the defendant used interstate facilities with the intent to facilitate (or distribute the proceeds of) the unlawful activity, and you also find that the defendant undertook this same use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the government has met its burden of proof on the second element of the offense.

You are thus being asked to look into the defendant's mind and ask what was the defendant's purpose in using interstate facilities. You may determine the defendant's intent from all the evidence that has been placed before you, including the statements of the defendant and her conduct before and after the use of the facilities.[16]

### Use of Interstate Facilities Need Not Be Essential to the Unlawful Scheme

As I have instructed you, the government must prove that the defendant intended the use of interstate facilities to facilitate or further the unlawful activity. The government does not, however, have to prove that the use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful activity would not have been accomplished without the use of interstate facilities. So long as the government proves that the defendant used interstate facilities with the necessary unlawful intent, the government may rely on any use of interstate facilities by the defendant that made the unlawful activity easier to accomplish.[17]

---

[16] Id. at ¶ 60.01, Instruction 60-7 (2007).
[17] Id. at ¶ 60.01, Instruction 60-8 (2007).

<u>The Required Knowledge</u>

The government must prove that the defendant used an interstate facility with the intent to facilitate an activity which the defendant knew was illegal.  The government does not have to prove that the defendant knew that her use of an interstate facility was illegal.  However, the government must prove beyond a reasonable doubt that the defendant knew that the activity she intended to facilitate was illegal.  Thus, if the defendant used interstate facilities intending to facilitate a business deal, but she did not know that the deal was illegal or involved unlawful activity, then you must find the defendant not guilty.[18]

<u>State Crime Is an Element of the Offense</u>

The defendant has been charged with using an interstate facility to facilitate prostitution. The government must prove to you beyond a reasonable doubt that the activities the defendant intended to facilitate were, in fact, unlawful under District of Columbia, Maryland, and Virginia law.  In order to prove this, the government must prove beyond a reasonable doubt that the defendant performed or attempted to perform an act in furtherance of prostitution with the intent that each element of the offense of prostitution under District of Columbia, Maryland, or Virginia law be completed.  The elements of those offenses are as follows:[19]

(1) <u>District of Columbia Law</u>

District of Columbia law provides that:

It is unlawful for any person, within the District of Columbia, to receive any money or other valuable thing for or on account of arranging for or causing any individual to engage in prostitution or a sexual act or contact.[20]

The government must prove beyond a reasonable doubt that:

1. The defendant received money or any other thing of value; and

---

[18] <u>Id.</u> at ¶ 60.01, Instruction 60-9 (2007).
[19] <u>Id.</u> at ¶ 60.01, Instruction 60-10 (2007).
[20] D.C. Code § 22-2701.01(3) (2008).

2. That the defendant received such money or thing of value in exchange for arranging for or causing a person to engage in prostitution.[21]

In the District of Columbia, "prostitution" means a sexual act or sexual contact with another person in return for giving or receiving a fee.[22]

"Sexual act" means

(A) The penetration, however slight, of the anus or vulva of another by a penis;

(B) Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

(C) The penetration, however slight, of the anus or vulva by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

(D) The emission of semen is not required for the purposes of subparagraphs (A)-(C) of this paragraph.[23]

"Sexual contact" means the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.[24]

    (2) Maryland Law

Maryland law provides that a person "may not knowingly . . . procure or solicit or offer to procure or solicit for prostitution or assignation."[25]

"Assignation" is the making of an appointment or engagement for prostitution or any act

---

[21] Criminal Jury Instructions for the District of Columbia, Instruction 4.67 (4th ed. rev. 2007).

[22] D.C. Code § 22-2701.01(3) (2008); Criminal Jury Instructions for the District of Columbia, Instruction 4.67 (4th ed. rev. 2007).

[23] D.C. Code § 22-3001(8) (2008); Criminal Jury Instructions for the District of Columbia, Instruction 4.67 (4th ed. rev. 2007).

[24] D.C. Code § 22-3001(9) (2008); Criminal Jury Instructions for the District of Columbia, Instruction 4.67 (4th ed. rev. 2007).

[25] Md. Code Ann., Crim. Law § 11-306(a)(5) (2008).

in furtherance of the appointment or engagement.[26]

"Prostitution" is the performance of a sexual act, sexual contact, or vaginal intercourse for hire.[27]

"Sexual act" means any of the following acts, regardless of whether semen is emitted:

(i) analingus;

(ii) cunnilingus;

(iii) fellatio;

(iv) anal intercourse, including penetration, however slight, of the anus; or

(v) an act:

1. in which an object penetrates, however slightly, into another individual's genital opening or anus; and

2. that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.

"Sexual act" does not include: (i) vaginal intercourse; or (ii) an act in which an object penetrates an individual's genital opening or anus for an accepted medical purpose.[28]

"Sexual contact" means an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party.[29]

"Vaginal intercourse" means genital copulation, whether or not semen is emitted.[30]

The elements of procuring, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant procured or solicited or offered to procure or solicit another

---

[26] Id. § 11-301(b) (2008).
[27] Id. § 11-301(c) (2008).
[28] Id. § 3-301(e) (2008).
[29] Id. § 3-301(f) (2008).
[30] Id. § 3-301(g) (2008).

2. To perform a sexual act, sexual contact, or vaginal intercourse for hire.[31]

(3) <u>Virginia Law</u>

Under Virginia law,

> Any person who shall receive any money or other valuable thing
> for or on account of procuring for or placing in a house of
> prostitution or elsewhere any person for the purpose of causing
> such person to engage in unlawful sexual intercourse or any act in
> violation of § 18.2-361 shall be guilty of a Class 4 felony.[32]

Section 18.2-361 provides that "if any person carnally knows . . . any male or female

person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he

or she shall be guilty of a [violation of Virginia law].[33]

The essential elements of procuring, each of which the government must prove beyond a

reasonable doubt, are:

1. That the defendant received money or other valuable thing; and

2. That the defendant received money or other valuable thing for the purpose of
procuring any person to engage in unlawful sexual intercourse or carnal
knowledge of another.

<u>Business Enterprise Requirement for Prosecutions Involving Prostitution</u>

The government must prove that the unlawful activity that the defendant used an

interstate facility to facilitate was a business enterprise.  That is, the government must prove that

the unlawful activity was part of a continuous course of criminal conduct, and not simply an

isolated criminal incident.  If you find that the unlawful activity was an isolated incident, and

was not part of an ongoing course of criminal conduct, you must find the defendant not guilty.

However, to prove that the unlawful activity was a business enterprise, the government

does not have to show that the alleged illegal activity was engaged in for a particular length of

---

[31] <u>Id.</u> § 3-306(a)(5) (2008).
[32] Va. Code Ann., § 18.2-356 (2008).
[33] <u>Id.</u> § 18.2-361(A) (2008).

time.  Nor must the government prove that such activity was the defendant's primary pursuit or

occupation, or that it actually turned a profit.  What the government must prove beyond a

reasonable doubt is that the defendant engaged in a continuous course of criminal conduct for the

purpose of profit, rather than casual, sporadic, or isolated criminal activity.[34]

(3) <u>Third Element—Subsequent Act in Furtherance of the Unlawful Activity</u>

The third element that the government must prove, again beyond a reasonable doubt, is

that the defendant's use of interstate facilities was followed by her performance or attempted

performance of an act in furtherance of the unlawful activity.  This act need not itself be

unlawful.  However, this act must come after the use of interstate facilities.  Any act that

happened before the use of interstate facilities cannot satisfy this element.[35]

3. <u>Aiding and Abetting—Counts One through Four—18 U.S.C. § 2</u>

We do not object to the Government's Aiding and Abetting instruction, but we request

that the following paragraph be included:

In order to aid or abet another to commit a crime, it is necessary that the defendant

knowingly associate herself in some way with the crime, and that she participated in the crime by

doing some act to help make the crime succeed.  An aider and abettor must know that the crime

is being committed and act in a way which is intended to bring about the success of the criminal

venture.[36]

4. <u>Conspiracy to Launder Monetary Instruments in Violation of 18 U.S.C. § 1956(h)—
Count Five</u>

(a) <u>Conspiracy and Its Elements</u>

We do not disagree with the conspiracy instructions proposed by the Government.

---

[34] 3 Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 60.01, Instruction 60-11 (2007).
[35] <u>Id.</u> at ¶ 60.01, Instruction 60-12 (2007).
[36]<u>Id.</u> at ¶ 11.01, Instruction 11-2 (2007).

(b) <u>Money Laundering to Promote Unlawful Activity (18 U.S.C. § 1956(a)(1)(A)</u>

<u>The Indictment and the Statute</u>

The defendant is charged with conducting a financial transaction involving the proceeds of interstate transportation in aid of racketeering.  The Indictment reads as follows:

[Read Indictment]

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of a specified unlawful activity. Specifically, section 1956(a)(1) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
> (A)(i) with intent to promote the carrying on of specified unlawful activity, [commits a crime].[37]

<u>Elements of the Offense</u>

In order to prove the crime of money laundering in violation of section 1956(a)(1)(A), the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely transportation in aid of racketeering.

Second, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, that the defendant acted with the intent to promote the carrying on of specified

---

[37] 3 Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 50A.01, Instruction 50A-1 (2007).

unlawful activity.[38]

<u>First Element—Financial Transaction Involving Proceeds of Unlawful Activity</u>

The first element that the government must prove beyond a reasonable doubt is that the defendant conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely transportation in aid of racketeering. A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or

---

[38] <u>Id.</u> at ¶ 50A.01, Instruction 50A-2 (2007).

otherwise in such form that title thereto passes upon delivery.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as a result of the commission of the specified unlawful activity. Proceeds can be any kind of property, not just money.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of interstate transportation in aid of racketeering. I instruct you that, as a matter of law, interstate transportation in aid of racketeering falls within that definition. However, it is for you to determine whether the funds were the proceeds of that unlawful activity.[39]

Second Element—Knowledge That Property Was Proceeds of Unlawful Activity

The second element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of interstate transportation in aid of racketeering or any other specific offense. The government only has to prove that the defendant knew it represented the proceeds of some illegal activity which was a felony. I instruct you as a matter of law that transportation in aid of racketeering is a felony under federal law, however, whether the defendant engaged in that activity is a matter you must decide beyond a reasonable

---

[39] Id. at ¶ 50A.01, Instruction 50A-3 (2007).

doubt.[40]

<u>Third Element—Intent to Promote Unlawful Activity</u>

The third element which the government must prove beyond a reasonable doubt is that

the defendant acted with intent to promote the carrying on of the specified unlawful activity of

transportation in aid of racketeering.

To act intentionally means to act willfully, not by mistake or accident, with the deliberate

purpose of promoting, facilitating or assisting the carrying on of prostitution.  If you find that the

defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in

the carrying on of interstate transportation in aid of racketeering, then the third element is

satisfied.[41]

## C. ADDITIONAL INSTRUCTIONS

We reserve the theory of defense instruction as we anticipate there being legal issues that

will require a special verdict form because of issues relating to the RICO count.  Should the

Court determine that an instruction on Conscious Avoidance is necessary, we object to the

Government's proposed instruction and will submit alternative language.  We also respectfully

request the following additional instructions:

<u>Scienter—Knowingly</u>

You have been instructed that in order to sustain its burden of proof, the government

must prove that the defendant acted knowingly.  A person acts knowingly if she acts

intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of

---

[40] <u>Id.</u> at ¶ 50A.01, Instruction 50A-4 (2007).  <u>See</u> <u>United States v. Wynn</u>, 61 F.3d 921 (D.C. Cir. 1995).
[41] <u>Id.</u> at ¶ 50A.01, Instruction 50A-5 (2007).

the facts and circumstances surrounding the case.[42]

Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause her

---

[42] 1 Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 3A.01, Instruction 3A-1 (2007).

to lie, or was it one which would cause her to tell the truth?  Did this motivation color her

testimony?

In sum, you should look at all of the evidence in deciding what credence and what

weight, if any, you will want to give to the accomplice witnesses.[43]

### Unindicted Co-Conspirator as Government Witness

The government has called as witnesses people who are named by the prosecution as co-

conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it

with great care.  You should consider whether they have an interest in this case and whether they

have a motive to testify falsely.  In other words, ask yourselves whether they have a stake in the

outcome of this trial.  As I have indicated, their testimony may be accepted by you if you believe

it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of

these unindicted co-conspirators.[44]

### Informal Immunity of Government Witness

You have heard the testimony of witnesses who has been promised that in exchange for

testifying truthfully, completely, and fully, they will not be prosecuted for any crimes which they

may have admitted either here in court or in interviews with the prosecutors.  These promises

were not formal orders of immunity by the court, but were arranged directly between the

witnesses and the government.

The government is permitted to make these kinds of promises and is entitled to call as

witnesses people to whom these promises are given.  You are instructed that you may convict a

---

[43] Id. at ¶ 7.01, Instruction 7-5 (2007).
[44] Id. at ¶ 7.01, Instruction 7-71 (2007).

defendant on the basis of such a witness's testimony alone, if you find that their testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that she can win her own freedom by helping to convict another, has a motive to falsify her testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.[45]

Respectfully submitted,

_____/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C.  20005
(202) 339-8400

Dated: March 27, 2008                    *Counsel for Deborah Jeane Palfrey*

---

[45] Id. at ¶ 7.01, Instruction 7-9 (2007).