IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                    :
**UNITED STATES OF AMERICA,**       :
                                    :
                 **Plaintiff,**    :
                                    :
          **v.**                         :   Criminal No. 07-046 (JR)
                                    :
**DEBORAH JEANE PALFREY,**          :
                                    :
                **Defendant.**    :
_____ :


**DEFENDANT DEBORAH JEANE PALFREY'S PROPOSED
SUPPLEMENTAL JURY INSTRUCTION**

      Defendant Deborah Jeane Palfrey, through undersigned counsel, respectfully submits this supplemental proposed jury instruction. We request that the Court add this instruction to the end of the fourth element of the RICO instruction we previously submitted to the Court:

> Additionally, if you find unanimously that the government has proven beyond a reasonable doubt that the defendant committed two particular predicate acts of racketeering within ten years of each other, in order to find Ms. Palfrey guilty of the offense you must also find beyond a reasonable doubt and unanimously that one of those two predicate acts occurred after March 1, 2002. According to the Indictment, the acts that allegedly occurred after March 1, 2002, are Racketeering Acts 2, 4, 6, 9, 10, 11, 12, 13, and 14.[1]

      We also request a special verdict form on which the jury is required to identify the

---

[1] Federal law establishes a five-year statute of limitations for the RICO count. 18 U.S.C. § 3282. Federal courts have held that, under this statute of limitations, the "government must demonstrate that a defendant committed at least one predicate racketeering act within the limitations period." United States v. Persico, 832 F.2d 705, 714 (2d Cir. 1987). See also United States v. Starrett, 55 F.3d 1525, 1544-45 (11th Cir. 1995); United States v. Vogt, 910 F.2d 1184, 1196 (3d Cir. 1989); United States v. Torres-Lopez, 851 F.2d 520, 525 (1st Cir. 1988); United States v. Bethea, 672 F.2d 407, 419 (5th Cir. 1982).

particular predicate racketeering acts upon which the jury unanimously agrees. We recognize that special verdict forms are disfavored generally, but we submit that one is necessary here given the complex nature of this charge.[2]

                                              Respectfully submitted,

                                              _____/s/_____
                                              Preston Burton, Esq., D.C. Bar No. 426378
                                              Orrick, Herrington & Sutcliffe LLP
                                              1152 15th Street, N.W.
                                              Washington, D.C. 20005
                                              (202) 339-8400

Dated: April 1, 2008                          *Counsel for Deborah Jeane Palfrey*

---

[2] See United States v. North, 910 F.2d 843, 910-11 (D.C. Cir. 1990) (noting that special verdict forms are generally disfavored, but courts may employ them "when the finding of an overt act is constitutionally necessary for conviction" or "when the defendant requests or approves a special verdict as a means of more precisely determining an appropriate and fair punishment"). See also United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1989) (noting that the district court's use of a general verdict form in a RICO conspiracy case, though disfavored, was not a basis for reversing an otherwise valid conviction); Rakoff & Goldstein, RICO: Criminal and Civil Law and Strategy § 9.02[4] ("The special verdict form . . . is virtually mandated [in RICO cases] in the Second Circuit," helping "the jury to focus and order their deliberations.")