UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S SUPPLEMENT TO ITS REPLIES (DKT. NOS. 269 AND 270) TO DEFENDANT'S RESPONSES TO ITS NOTICES OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) AND 609(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this supplement to its replies to defendant Deborah Jeane Palfrey's responses to its notices, pursuant to Fed. R. Evid. 404(b) and 609(b), of its intent to introduce evidence of prior crimes, wrongs or acts of defendant and defendant's prior conviction.[1] The government is filing this supplement in response to the discussion with the Court and defense counsel at the hearing in this case on March 19, 2008.

#### A. Discussion

The proposed other crimes evidence was discussed in the government's initial notice. Dkt. No. 242 at 2-3. The matters involve defendant's involvement with escort services acting as a front for prostitution, the first in San Diego, California, which evidence would be covered under Fed. R. Evid. 404(b), and the second in Alexandria, Virginia, which evidence serves as proof of the crimes

---

[1] There have been a number of pleadings filed on the Rule 404(b) issue, including (1) the government's notice, Dkt No. 242; (2) defendant's response, Dkt. No. 265; (3) government's reply, Dkt. No. 269; (4) government's supplemental authority, Dkt. No. 271; and (5) defendant's sur-reply, Dkt. No. 277. As to Rule 609(b), the pleadings have been the following: (1) government's notice, Dkt. No. 233; (2) defendant's opposition, Dkt. No. 264; and (3) government's reply, Dkt. No. 270.

charged in this case.[2]

The actions by defendant in the San Diego matter are similar in nature to those involved in the matter before this Court. The San Diego matter occurred shortly before the conduct charged in this case (and the Alexandria matter occurred during the conduct charged in this case). In the Rule 404(b) context, courts have repeatedly held that where the proffered evidence indicates a close relationship to the events charged, "it is a sound rule that balance should be struck in favor of admission." See, e.g., United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1993) ("This court has upheld the introduction of 404(b) evidence to show intent in similar situations in the past").

Defendant, through her counsel, asserted that the government's argument about showing defendant's intent or knowledge in this case was supported by cases primarily involving drugs – not, he says, facts similar to this case. To the contrary, many of the cases cited (Dkt. No. 242 at 5-6; Dkt. No. 269 at 4) involved interstate prostitution rings, and the other acts evidence was admitted to show those defendants' intent or knowledge in the cases for which they were on trial. See, e.g., United States v. Curtis, 481 F.3d 836, 837-38 (D.C. Cir. 2007); United States v. Jarrett, 956 F.2d 864, 866-67 (8th Cir. 1992); United States v. Barbieri, 614 F.2d 715, 719 (10th Cir. 1980); United States v. Ahern, 612 F.2d 507, 509 (10th Cir. 1980), cert. denied, 449 U.S. 1093 (1981). The government has argued to the Court, and defendant, through her counsel, has confirmed, that defendant's intent and knowledge will be important issues in this case. Indeed, defendant has publicly admitted, on

---

[2] The government included the latter events as part of the notice simply out of an abundance of caution. Because the latter events occurred during the crimes charged here, however, those events are proof of the these crimes. Furthermore, in her dealings with her employee-escorts in this case, defendant frequently told her employees to avoid Alexandria. Evidence showing that defendant understood that Alexandria law enforcement authorities did not tolerate prostitution will, in part, help explain defendant's admonitions to her employees.

numerous occasions, that for thirteen years she ran Pamela Martin and Associates as an operation where men would pay the associates for sexual fantasy services.  But, defendant asserts, she was surprised to discover that any of the her customers were paying for sex.  Therefore, it is highly relevant that shortly before defendant started her escort-operation, defendant admitted that she knew her San Diego escort operation sold sex.  See Clarke, 24 F.3d at 265 ("[a]s the Supreme Court has noted, 404(b) evidence 'may be critical to the establishment of the truth as to a disputed issue, *especially when the issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct*.  Huddleston, 485 U.S. at 685") (emphasis in original).  The proposed evidence in this case is relevant to defendant's intent and knowledge – it directly contradicts defendant's public pronouncements – and, given the already disclosed defense, not unfairly prejudicial.  See United States v. Orenuga, 430 F.3d 1158, 1165 (D.C. Cir. 2005) ("[defendant's] videotaped statements obviously are prejudicial, but that alone does not make the evidence 'unfairly' prejudicial" – statement properly admitted); United States v. Gartmon, 146 F.3d 1015, 1021-23 (D.C. Cir. 1998) (evidence of defendant's abusive acts and profane language not unduly prejudicial).

     As to defendant's prior conviction for pandering, as previously stated, Dkt. No. 270 at 3, the defendant's credibility, particularly in terms of her claims of lack of intent and lack of knowledge, and potentially other issues she might raise through her testimony, will be an important factor in the jury's consideration of the case.  Accordingly, it is within the Court's discretion to admit her prior conviction, and the government requests that the Court do so.  At a minimum, the government requests that the Court defer ruling on this matter, as to Fed. R. Evid. 609(b), until it has a chance to hear the evidence and make that decision in the context of the evidence in the case.

### B. Conclusion

The government hereby respectfully submits, for the reasons stated herein as well as in its prior pleadings on this matter, that the proposed evidence should be admissible. At a minimum, the government requests that the Court defer ruling on these matters until an appropriate time during the trial when the issues are fully developed.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s / *Daniel P. Butler/Catherine K. Connelly*
Daniel P. Butler
DC Bar No. 417178
Catherine K. Connelly
Mass. Bar No. 649430
Assistant United States Attorneys
555 4th Street, NW
(202) 353-9431, 616-3384
Washington, D.C. 20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov