**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS REGARDING FORFEITURE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and requests that the court employ the following procedures and:  (1) if defendant Deborah Jeane Palfrey is convicted of the violation charged in Count One of the Indictment and/or is convicted of the violation charged in Count Five of the Indictment; and (2) if the government or the defendant request a jury determination of the forfeiture pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, then the Court provide the following jury instructions during the Court's charge at the separate forfeiture hearing (special verdict on forfeiture) following the conviction of the defendant.

**I.    Applicable Statutes**

Title 18, United States Code, Section 1963, provides for the criminal forfeiture of property, as follows:

(a) Whoever violates any provision of section 1962 of this chapter . . . shall forfeit to the United States, irrespective of any provision of State law–

(1) any interest the person has acquired or maintained

in violation of section 1962;

    (2) any–
       (A) interest in;
       (b) security of;
       (C) claim against; or
       (D) property of contractual right of any kind
       affording a source of influence over;

    any enterprise which the person has established,
    operated, controlled, conducted, or participated in the
    conduct of, in violation of section 1962; and

    (3) any property constituting, or derived from, any
    proceeds which the person obtained, directly or
    indirectly, from racketeering activity or unlawful debt
    collection in violation of section 1962.

Title 18, United States Code, Section 982, provides for the criminal forfeiture of property, as follows:

    (a)(1) The court, in imposing sentence on a person convicted
of an offense in violation of section 1956 . . . of this title,
shall order that the person forfeit to the United states any
property, real or personal, involved in such offense, or any
property traceable to such property.

## II.  Forfeiture Proceeding

Rule 32.2, Federal Rules of Criminal Procedure, sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.  In order to have a jury determination on property subject to forfeiture following the entry of a guilty verdict, either the United States or the defendant must request that the jury make such determination.  The rule further provides:

    Upon a party's request in a case in which a jury returns a
    verdict of guilty, the jury must determine whether the
    government has established the requisite nexus between the
    property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(4).

If a jury verdict is requested by either party, it is the jury's function to decide whether the United States has proved the elements necessary for the Court to declare the property forfeited. It is no longer necessary for the jury to determine the extent of the defendant's interest in the property – that issue is left for the ancillary proceedings. See Fed. R. Crim. P. 32.2 (Advisory Committee Notes). It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged subject to forfeiture and the offenses for which the defendant was found guilty. There is no right to a jury determination on forfeiture where there is no jury determination of the guilt of the defendant.

Accordingly, it is logical that the jury must answer questions that will allow the Court to make the appropriate finding. United States v. Amend, 791 F.2d 1120, 1128 (4th Cir. 1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); United States v. L'Hoste, 609 F.2d 796, 813-14 (5th Cir. 1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture). The United States' proposed special verdict is in the form of

3

interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the Court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury is not advised of the ramifications of its decision – just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Thus, the portion of the Indictment entitled "Forfeiture Allegation" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided. That portion of the Indictment entitled "Forfeiture Allegation" is merely the required statutory notice to the defendant that the United States intends to seek to forfeit certain property in accordance with the applicable statute. Fed. R. Crim. P. 32.2(a), Advisory Committee Notes (West 2003). Hence, bifurcated proceedings are required.

### III. Bifurcation

At the forfeiture hearing following a conviction, both the defendant and the United States have the opportunity to present evidence as to the forfeitability of the property. As explained in the Advisory Committee Notes:

> For example, if the defendant disputes the government's allegation that a parcel of real property is traceable to the offense, the defendant would have the right to request that the jury hear evidence on that issue, and return a

4

special verdict, in a bifurcated proceeding that would occur
after the jury returns the guilty verdict.  The government
would have the same option of requesting a special jury
verdict on this issue, as is the case under current law.

Fed. R. Crim. P. 32.2(b) (Advisory Committee Notes).

### IV. Conclusion

In conclusion, should defendant or the United States request
a jury determination of nexus for forfeiture, after conviction,
pursuant to Rule 32.2(b)(4), the United States respectfully
requests that the Court:

(1)   instruct the jury on the issue of forfeiture after the
      jury has returned a guilty verdict on either Count One
      or Count Five of the Indictment;

(2)   allow the parties to seek submission of any additional
      evidence which may be necessary to establish the
      forfeitability of property;

(3)   allow bifurcated argument on the forfeiture issue; and

(4)   separately instruct the jury regarding property subject
      to forfeiture
      and burden of proof; and

(5)   provide the jury with a Special Verdict Form as
      proposed by the United States.

Proposed forfeiture instructions and a proposed Special Verdict Form are attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  _/s/_____
DANIEL P. BUTLER
DC Bar #417718
CATHERINE K. CONNELLY
MA Bar #649430
WILLIAM R. COWDEN
DC Bar #426301
ASSISTANT UNITED STATES ATTORNEYS
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258
daniel.butler@usdoj.gov
catherine.connelly@usdoj.gov
william.cowden@usdoj.gov

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1
(JURY'S DUTY REGARDING FORFEITURE)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of [racketeering activity and/or conspiracy to commit money laundering] as set forth in [Count 1 and/or Count 5], you have one more task to perform before you are discharged.

[Under federal law, any person who is convicted of racketeering is required to forfeit to the United States all property constituting or derived from proceeds the person obtained, directly or indirectly, from the racketeering activity, as well as any proceeds or properties which serve as a source of control over the unlawful enterprise – whether or not that property has been seized by the government.]

[Under federal law, any person who is convicted of a money laundering violation shall forfeit to the United States all property, real or personal, that is involved in the violation, or property traceable to such property – whether or not that property has been seized by the government.]

The purpose of forfeiture is to ensure that no one profits from criminal conduct.  Certain property has been identified in the Forfeiture Allegation contained in the Indictment.  You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited to the United States [in

the racketeering and/or money laundering forfeiture allegations]
and the violation[s] of which you have already found the
defendant guilty.

I instruct you, however, that your previous finding that the
defendants are guilty of [racketeering and/or conspiracy to
commit money laundering] are final, conclusive, and binding.
Because you are bound by your previous finding that the defendant
is guilty, I direct you not to discuss in your forfeiture
deliberations whether the defendant is guilty or not guilty of
the [racketeering and/or conspiracy to commit money laundering]
violations.

All of my previous instructions regarding direct and
circumstantial evidence, credibility of witnesses, and duty to
deliberate apply with respect to your verdicts regarding
forfeiture.

**AUTHORITY:**  18 U.S.C. § 982(a)(1) ("The court, in imposing sentence on a
person convicted of an offense in violation of section . . . 1956 . . . of
this title, shall order that the person forfeit to the United States any
property, real or personal, involved in such offense, or any property
traceable to such property."); Fed. R. Crim. P. 32.2(b)(1) ("As soon as
practicable after entering a guilty verdict . . . on any count in an
indictment . . . with regard to which criminal forfeiture is sought, the court
[or jury] shall determine what property is subject to forfeiture under the
applicable statute."); United States v. Sandini, 816 F.2d 869, 873-74 (3d Cir.
1987); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998).

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2
(GOVERNMENT'S BURDEN OF PROOF REGARDING FORFEITURE)

My previous instructions on the government's burden of proof regarding your verdict on the guilt of the defendant do not apply to your deliberations and verdict regarding forfeiture.  In deliberating and deciding your verdict regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property [constitutes or is traceable to proceeds of defendant's racketeering activity or was involved in, or traceable to property involved in, the money laundering conspiracy].  The government is not required to prove beyond a reasonable doubt that the property [constitutes or is traceable to proceeds of defendant's racketeering activity or was involved in, or traceable to property involved in, the money laundering conspiracy].

I instruct you that, in order for the government to establish by a preponderance of the evidence that property [constitutes or is traceable to proceeds of defendant's racketeering activity or was involved in, or traceable to property involved in, the money laundering conspiracy], it must prove that it is more likely than not that the property [constitutes or is traceable to proceeds of defendant's racketeering activity or was involved in, or traceable to property involved in, the money laundering conspiracy].  In other words, "preponderance of the evidence" means that the

9

government's evidence, when considered and compared with that

opposed to it, has more convincing force and produces in your

minds belief that the property [constitutes or is traceable to

proceeds of defendant's racketeering activity or was involved in,

or traceable to property involved in, the money laundering

conspiracy].  Your job is to determine whether it is more likely

than not that the property [constitutes or is traceable to

proceeds of defendant's racketeering activity or was involved in,

or traceable to property involved in, the money laundering

conspiracy].

**AUTHORITY:**  Libretti v. United States, 516 U.S. 29, 38-39 (1995) (section 853 - criminal forfeiture is part of sentencing); 18 U.S.C. § 982; United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (section 982 - preponderance); United States v. Myers, 21 F.3d 826, 829 (8th Cir. 1994) (sections 982 and 853 - preponderance); United States v. Rutgard, 116 F.3d 1270, 1293 (9th Cir. 1997) (section 982 - preponderance).

**RICO:**  United States v. Corrado, 227 F.3d 543, 551 (6th Cir. 2000) (RICO - preponderance); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (RICO - preponderance); United States v. Bellomo, 176 F.3d 580, 595 (2d Cir. 1999) (RICO - preponderance).  See also United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999) (21 U.S.C. § 853 - preponderance); United States v. Layne, 192 F.3d 556, 575 (6th Cir. 1999) (section 853 - preponderance); United States v. Garcia-Guizar, 160 F.3d 511, 522-23 (9th Cir. 1998) (section 853 - preponderance); United States v. Patel, 131 F.3d 1195, 1200 (7th Cir. 1997) ( section 853 preponderance); United States v. Rogers, 102 F.3d 641, 648 (1st Cir. 1996) (section 853 - preponderance); United States v. Tanner, 61 F.3d 231, 234-35 (4th Cir. 1995) (section 853 - preponderance); United States v. Bieri, 21 F.3d 819, 822 (8th Cir. 1994) (section 853 - preponderance); United States v. Ben-Hur, 20 F.3d 313, 317 (7th Cir. 1994) (section 853 - preponderance); United States v. Elgersma, 971 F.2d 690, 697 (11th Cir. 1992) (section 853 - preponderance); United States v. Smith, 966 F.2d 1045, 1052-53 (6th Cir. 1992) (section 853 - preponderance); United States v. Herrero, 893 F.2d 1512, 1541-42 (7th Cir. 1990) (section 853 - preponderance); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (section 853 - preponderance); United States v. Sandini, 816 F.2d 869, 875-76 (3d Cir. 1987) (section 853 - preponderance); South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767, 778 (6th Cir. 1970) (definition of "preponderance of the evidence").

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3
(JURY MAY CONSIDER TRIAL EVIDENCE AS WELL AS ANY
ADDITIONAL EVIDENCE PRESENTED ON THE ISSUE OF FORFEITURE)

While deliberating, you may consider any evidence, including

testimony, offered by the parties at any time during this trial.

**AUTHORITY:**  United States v. Sandini, 816 F.2d 869, 873-74 (3d Cir. 1987)
(issues of culpability and forfeitability should be determined in the same
trial, but the jury should not consider the special forfeiture verdict until
after it has convicted the defendant); United States v. Bornfield, 145 F.3d
1123, 1134 (10th Cir. 1998)(quoting jury instruction that while deliberating
on forfeiture "you may consider any evidence offered by the parties before
your previous deliberations").

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4
(MONEY JUDGMENT)

Under federal law, any person who is convicted of [a

racketeering offense and/or a money laundering violation] is

required to forfeit to the United States any property, real or

personal, involved in such violation, and any property traceable

to such property, whether or not that property has been or can be

seized by the government.  Thus, the government is entitled to a

personal money judgment against the defendant for an amount equal

to the value of the property that [constitutes or is traceable to

proceeds of defendant's racketeering activity or was involved in

the money laundering conspiracy].  Regarding [a racketeering

and/or a money laundering violation] for which the government

requests a money judgment, it is your duty to determine the value

of the property [constituting the proceeds of defendant's

racketeering activity and/or involved in the money laundering

conspiracy].

**AUTHORITY:**  Fed. R. Crim. P. 32.2(b)(1) ("If the government seeks a personal
money judgment against the defendant, the court [or jury] shall determine the
amount of money that the defendant will be ordered to pay."); United States v.
Cherry, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (court properly instructed the
jury that it had to find, by a preponderance of the evidence, that the sum for
which the government was seeking a money judgment fairly represented the
amount derived from proceeds that the defendant obtained, directly or
indirectly, from the offenses charged); United States v. Corrado, 227 F.3d
543, 558 (6th Cir. 2000) (RICO - district court ordered to enter a money
judgment against the defendants jointly and severally for amount obtained
directly or indirectly from RICO conspiracy); United States v. Baker, 227 F.3d
955, 970 (7th Cir. 2000) (section 982 - a forfeiture may include a money
judgment for the amount of money involved in the money laundering offense; the
money judgment acts as a lien against the defendant personally for the
duration of his prison term and beyond); United States v. Candelaria-Silva,
166 F.3d 19, 42 (1st Cir. 1999) (section 853 - criminal forfeiture may take
several forms: in personam money judgment for amount of proceeds obtained by
defendant, directly forfeitable property, and substitute assets); United

12

<u>States v. Holland</u>, 160 F.3d 377, 380 (7th Cir. 1998) (section 982 - defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); <u>United States v. Voigt</u>, 89 F.3d 1050, 1084-1088 (3d Cir. 1996) (government entitled to money judgment for amount of money "involved in" money laundering even if it can't strictly trace the money laundered to any specific property); <u>United States v. Robilotto</u>, 828 F.2d 940, 949 (2d Cir. 1987) (RICO - court may enter a money judgment for the amount of the illegal proceeds regardless of whether the defendant retained the proceeds); <u>United States v. Amend</u>, 791 F.2d 1120, 1124 (4th Cir. 1986); (section 853 - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession); <u>United States v. Ginsburg</u>, 773 F.2d 798, 801-02 (7th Cir. 1985) (RICO - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession); <u>United States v. Navarro-Ordas</u>, 770 F.2d 959, 969 (11th Cir. 1985) (RICO - court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); <u>United States v. Conner</u>, 752 F.2d 566, 576 (11th Cir. 1985) (RICO - because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the government is not required to trace the money to any specific asset); <u>United States v. Brown</u>, 2007 WL 470445 at *4-7 (M.D. Fla.) (setting forth text of court's forfeiture instructions and defending use of special verdict form).

**\*Joint and Several Liability:** <u>United States v. Corrado</u>, 227 F.3d 543, 553, 558 (6th Cir. 2000) (RICO - all defendants jointly and severally liable for the total amount derived from the scheme; the government is not required to show that the defendants shared the proceeds of the offense among themselves, nor to establish how much a particular defendant obtained); <u>United States v. Pitt</u>, 193 F.3d 751, 765 (3d. Cir. 1999) (sections 982 and 853 both impose joint and several liability on convicted defendants; district court did not err in converting special verdict in which jury found each defendant liable for a specific sum into a judgment making both defendants liable for the aggregate amount); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 44 (1st Cir. 1999) (section 853 - even minor participants in drug conspiracy are jointly and severally liable for forfeiture of the full amount of proceeds reasonably foreseeable); <u>United States v. Simmons</u>, 154 F.3d 765, 769 (8th Cir. 1998) (RICO - each defendant is jointly and severally liable for all foreseeable proceeds of the scheme; the government is not required to prove the specific portion of proceeds for which each defendant is responsible; RICO defendant cannot limit his liability to proceeds of the racketeering acts he was charges with committing personally); <u>United States v. McCarroll</u>, 1996 WL 355371 at *9 (N.D. Ill. 1996), <u>aff'd sub nom.</u>, <u>United States v. Jarrett</u>, 133 F.3d 519 (7th Cir. 1998) (section 982 and 853 - defendant jointly and severally liable for forfeiture of amount of proceeds reasonably foreseeable); <u>United States v. Hurley</u>, 63 F.3d 1, 23 (1st Cir. 1995) (RICO - defendant jointly and severally liable; government can collect the total amount subject to forfeiture only once, but subject to that cap, it can collect from any defendant so much of that amount as was foreseeable to that defendant).

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5
("PROCEEDS" DEFINED)

Property constitutes "proceeds" or is "derived from proceeds" which the defendant obtained from violating the racketeering statute if it represents assets directly acquired as a result of the illegal conduct or assets acquired with the proceeds of the illegal conduct.  A property interest represents the proceeds of the racketeering violation when the proceeds derived from racketeering activity provided the funds, directly or indirectly, used to acquire or to maintain that property interest.  In other words, the "proceeds" from a racketeering violation include both the money derived from the racketeering violation and any object or property later purchased or maintained with the money.

The government may forfeit income and proceeds generated by the defendant's racketeering activities.  The government also may forfeit any property which the defendant obtained with her racketeering activity proceeds.

One more word about the term "proceeds."  As used in these instructions, "proceeds" means gross profits; in other words, all sums obtained from the illegal activity, without regard to any overhead expenses that the defendant may have paid in order to obtain these sums.

**AUTHORITY:**  18 U.S.C. § 1963(a)(3); <u>United States v. DeFries</u>, 129 F.3d 1293, 1314 (D.C. Cir. 1997); <u>United States v. McHan</u>, 101 F.3d 1027, 1042 (4th Cir. 1996); <u>United States v. Horak</u>, 833 F.2d 1235, 1243 (7th Cir. 1987).

14

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
("ACQUIRED" AND "MAINTAINED" DEFINED)

Property is "acquired" in violation of Section 1962, if the defendant comes to own it as a result of the conduct of which you have found herm guilty in Count 1, or if he bought it with proceeds of the illegal conduct.  Property is "maintained" in violation of Section 1962 if the defendant keeps it by committing the criminal acts in Count 1, or if she uses proceeds of the illegal acts to keep it.

The government's right of forfeiture includes the entire amount of property interests and proceeds which were acquired or maintained by the defendant as a result of a pattern of racketeering activity.  If the defendant bought the property with proceeds of illegal activity, the property is forfeitable, even if it was never used in connection with any subsequent illegal activity.  The government's right of forfeiture is not limited to what property or proceeds are left over or unspent now, at the time of conviction.  Finally, the property interest is acquired or maintained if the proceeds from racketeering activity provided all or some substantial and significant part of the moneys used to acquire or maintain the interest.

**AUTHORITY:**  18 U.S.C. § 1963(a)(1); United States v. Robilotto, 828 F.2d 940, 948-49 (2d Cir. 1987); United States v. Washington, 797 F.2d 1461 (9th Cir. 1986).

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7
(DEFINITION -  PROPERTY "INVOLVED IN"
A MONEY LAUNDERING VIOLATION)

I instruct you that property "involved in" a money
laundering violation includes:

1.  the money or other property that was the subject of the
financial

transaction that constituted the money laundering or
structuring violation; and

2.  any fees or commissions paid in furtherance of the
illegal acts; and

3.  any property used to facilitate, or make easier, the
money laundering or structuring violation.

Property may be the subject of a money laundering financial
transaction in a number of ways.  For example, the property may
be the proceeds of the underlying specified unlawful activity
being laundered or structured; it can be property that was
commingled with those proceeds at the time the financial
transaction or structuring activity took place; or it can be
property that was obtained as part of an exchange or purchase
that constitutes the money laundering or structuring violation
for which the defendant has been found guilty.

To be forfeitable as facilitating property, there must be a
substantial connection between the property and the violation.
But facilitating property need not be used exclusively for

16

illegal activity in order to be forfeitable.  Property that is used the majority of the time for legitimate purposes may nevertheless be forfeited if it facilitates a money laundering violation.  Property that may be used to facilitate a money laundering violation includes money in financial accounts, personal property, real property, and businesses.

**AUTHORITY:** United States v. McGauley, 279 F.3d 62 (1st Cir. 2002) (withdrawal of $243,000 from various bank accounts that contained commingled funds, of which only $55,000 was fraud proceeds, supported forfeiture of entire amount because the clean money was used to conceal or disguise the tainted funds); United States v. Real Property Known as 1700 Duncanville Road, 90 F. Supp.2d 737 (N.D. Tex. 2000), aff'd No. 00-10483 (5th Cir. Feb. 12, 2001) (where 82% of money used to buy real property was proceeds of food stamp fraud, property was forfeitable in its entirety because the purchase was a violation of section 1957); United States v. Wyly, 193 F.3d 289, 302 (5th Cir. 1999) (section 982 - forfeiture of business based on substantial nexus to money laundering conspiracy because it was the source of the criminal proceeds and indispensable to the conspiracy); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (section 982 - "Facilitation occurs when the property makes the prohibited conduct 'less difficult or more or less free from obstruction or hindrance.'"; "forfeiture of legitimate and illegitimate funds commingled in an account is proper as long as the government demonstrates that the defendant pooled the funds to facilitate, i.e., disguise the nature and source of, his scheme."; "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture of the property as 'traceable to the offense'.); United States v. Hawkey, 148 F.3d 920, 927-928 (8th Cir. 1998) (section 982 - adopts Bornfield definition of corpus, commissions or fees, and facilitating property; profit or appreciation on forfeitable property also forfeitable; property acquired with tainted and untainted funds forfeitable in its entirety); United States v. Tencer, 107 F.3d 1120, 1134-35 (5th Cir 1997) (section 982 - all funds in account forfeitable if untainted funds conceal or disguise or otherwise facilitate the laundering of SUA proceeds); United States v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483, 487 (2d Cir. 1995) (section 981 - business and real estate on which business located forfeitable if used to deal in stolen auto parts and launder proceeds); United States v. Rodriguez, 53 F.3d 1439, 1447 (7th Cir. 1995) (non-forfeiture case - "All of the funds used in a particular transaction need not be derived from drug sale proceeds to support a conviction for money laundering"; purchase of house constitutes money laundering offense even though only $1,000 down payment of $17,000 purchase price was drug money); United States v. Myers, 21 F.3d 826, 830 (8th Cir. 1994) (sections 853 and 982 - farm property involved in marijuana grow operation and money laundering forfeitable if laundered funds are used to make purchase payments and to pay for improvements to the property and equipment used in grow operation); United States v. Krasner, 841 F. Supp. 649, 662 (M.D. Pa. 1993) (section 982 - dismissal of indictment pretrial denied; even if only portion of facilitating property is proven to be "involved in" obscenity offense, all of the property will be forfeitable); United States v. Eleven Vehicles, 836 F. Supp. 1147, 1154 (E.D. Pa. 1993) (section 981 - property acquired with proceeds of a facilitating business

involved in money laundering violations is forfeitable); <u>United States v. Real Property in Mecklenburg County</u>, 814 F. Supp. 468, 479 N. 37 (W.D.N.C. 1993), <u>aff'd</u>, 105 F.3d 932 (4th Cir. 1997) (sections 853 and 982 - entirety of business forfeitable where its construction paid for in substantial part with drug funds hidden by money laundering violations); <u>All of the Inventories of the Bus. Known as Khalife Bros.</u>, 806 F. Supp. 648, 650 (E.D. Mich. 1992) (section 981 - dismissal denied because government may be able to prove inventory facilitated money laundering and reporting violations); <u>United States v. Certain Accounts</u>, 795. F. Supp. 391, 395 (S.D. Fla. 1992) (section 981 - legitimate funds in an account can be forfeitable as property that facilitates laundering of tainted funds); <u>United States v. All Monies</u>, 754 F. Supp. 1467, 1473 (D. Haw. 1991) (section 981 - entire contents of account forfeitable where legitimate contents "involved in" money laundering by helping to launder tainted funds).

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 8
(DEFINITION - PROPERTY "TRACEABLE TO"
PROPERTY "INVOLVED IN" MONEY LAUNDERING VIOLATION)

I instruct you that property "traceable to" property involved in a money laundering violation is property to which you can trace, in any way, to property that was involved as proceeds or facilitating property in the money laundering violation.

There are a number of ways in which property may be traceable to property involved in a money laundering violation. Proceeds or facilitating property that were involved in either violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not a money laundering violation, but that real or personal property is forfeitable because it can be traced to property that was involved in the money laundering violation. A forfeiture under the "traceable to" theory is limited to the percentage of the entire property that is traceable to the property involved in the money laundering or structuring violation.

**AUTHORITY:** United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (section 982 - tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (section 982 - "property 'traceable to' means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources" and "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property 'traceable to' the offense"); United States v. Voigt, 89 F.3d 1050, 1084-87 (3d Cir. 1996) (section 982 and RICO - "We hold that the term 'traceable to' means exactly what is says."; suggesting that untainted property commingled with tainted property be forfeited as substitute assets); United States v. Loe, 49 F. Supp.2d 514 (E.D. Tex. 1999), aff'd on other grounds, 248 F.3d 449 (5th Cir. 2001) (section 982 - property purchased with tainted and untainted funds is forfeitable as "traceable to" money laundering but only the percentage which tainted funds bear to entire amount of purchase is forfeitable; same percentage of appreciation is forfeitable); United States

v. One 1980 Rolls Royce, 905 F.2d 89, 90 (5th Cir. 1990) (section 881 - proceeds traceable to an exchange for drugs; forfeiture limited to percentage of purchase price attributable to drug proceeds); United States v. Pole No. 3172, Hopkinton, 852 F.2d 636, 639-40 (1st Cir. 1988) (section 881 - proceeds traceable to an exchange for drugs; forfeiture limited to amount of mortgage payments attributable to drug proceeds); United States v. Pergler, 1998 WL 887113 (N.D. Ill. 1998) (unpublished) (section 982 - government may seek to forfeit property only to extent tainted funds used to benefit those assets).

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 9
(DUTY NOT TO CONSIDER CERTAIN ISSUES THAT COURT WILL DECIDE)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide.  You should not consider what might happen to the property in determining whether the property is subject to forfeiture.  In this connection, you should disregard any claims that other persons may have to the property.  The interests that other persons may have in the property will be taken into account by the court at a later time.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property [constitutes or is traceable to proceeds of defendant's racketeering activity or was involved in, or traceable to property involved in, the money laundering conspiracy] which you found the defendant committed.

You are not to consider whether the property is presently available.  That matter also will be considered solely by the court in imposing sentence.

21

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 10
(UNANIMOUS VERDICT)

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 11
(SPECIAL VERDICT FORM)

The Court will provide you with a special verdict form that lists the property that the government asserts constitutes proceeds, or is derived from proceeds, of racketeering and/or was involved in or is traceable to property involved in the money laundering conspiracy.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO". In some cases, if you answer "NO", there is a follow-up question you must answer. The foreperson must then sign and date the special verdict form.

[You will see that the special verdict form asks you to consider separately whether certain properties are subject to forfeiture on more than one basis. Even if you find that any given property is in fact subject to forfeiture for more than one reason, that does not mean that the government will receive forfeited property twice. It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture. Any issue of double-counting will be considered by the court in imposing sentence.]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**SPECIAL VERDICT FORM**

We, the jury, respond to the Court's special verdict form as follows:

1.   As to $2,075,384.00 in United States currency, does such property constitute an amount of proceeds obtained from the racketeering offense charged in Count One of the Indictment of which you have now convicted the defendant?

YES   _____

NO   _____

If NO, then how much money, if any, constitutes the gross profits or proceeds obtained from the offenses charged in Count One of the Indictment?

$_____

2.   As to the assets specifically identified in the Forfeiture Allegation in the Indictment, was all such property derived from proceeds obtained, directly or indirectly, from the racketeering activity of which you have convicted the defendant?

YES   _____

NO   _____

If NO, then which properties, if any, were derived from proceeds obtained, directly or indirectly, from the racketeering activity of which you have convicted the defendant?

_____

_____

_____
(attach separate sheet(s) if necessary)

3.   As to $988,610.00 in United States currency, was such property involved in the money laundering violation charged in Count Five of the Indictment?

YES   _____

NO   _____

If NO, then how much money, if any, was involved in the money laundering conspiracy charged in Count Five of the Indictment?

$_____

4.   As to the assets specifically identified in the Indictment (see footnote 1), was all such property involved in, or traceable to property involved in, the money laundering conspiracy of which you have convicted the defendant?

YES   _____

NO   _____

If NO, then which properties, if any, were involved in, or are traceable to property involved in, the money laundering conspiracy of which you have convicted the defendant?

_____

-2-

_____

_____
(attached separate sheet(s) if necessary)

So, Say We All,

_____
F O R E P E R S O N