FILED
APR 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Crim. Action No. 07-0046 (JR) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

### MEMORANDUM ORDER

The government has filed a Rule 609(b) notice of its intent to impeach the defendant, if she testifies, with her 1992 California conviction for felony pandering. And pursuant to Rule 404(b), the government has given notice of its intent to introduce the facts underlying this same 1992 conviction and the facts underlying a 1996 arrest in Virginia for receiving money from the earnings of a prostitute. The defendant objects.

<u>Rule 609(b) Notice</u>

The ten-year limitation and the "interests of justice" language of Rule 609 "create[] a strong presumption against the use for impeachment purposes of stale convictions[.]" <u>United States v. Pope</u>, 132 F.3d 684, 687 (11th Cir. 1998). The legislative history of the Rule "further demonstrates an intent that evidence of convictions more than ten years old should be admitted very rarely and only in exceptional circumstances." <u>United States v. Sloman</u>, 909 F.2d 176, 181 (6th Cir. 1990) (referencing 1974 U.S.C.C.A.N. 7051, 7062). Courts have considered the following factors to determine whether the

probative value of admitting the prior conviction substantially outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. Sloman, 909 F.2d at 181 (citing Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967)).

Although the 1992 charge and the offenses for which the defendant is currently indicted both involve prostitution, Palfrey's prior conviction for pandering is not especially probative of her ability or inability to testify truthfully in this case. More importantly, the danger of unfair prejudice substantially outweighs the limited probative value of this fifteen year-old conviction. [see Rule 403.] The danger posed by the 1992 conviction is that the jury will use it for an impermissible purpose, concluding that Palfrey is a "bad person" or is likely guilty of the charges in this case "because she did it before." Accordingly, the 1992 conviction will not be admitted.

Rule 404(b) Notice

The government seeks to introduce the facts and circumstances related to the defendant's 1992 conviction under Rule 404(b). Evidence offered under Rule 404(b) is subject to a two-step analysis to determine admissibility: "certification of a

'proper' and relevant purpose under Rule 404(b), followed by the weighing of probity and prejudice under Rule 403." <u>United States v. Miller</u>, 895 F.2d 1431, 1435 (D.C. Cir. 1990). At the first step, the government submits that the evidence relates to the "defendant's motive, opportunity, intent, preparation, plan, knowledge, [and] absence of mistake or accident during her actions" (without selecting any one of the words in that litany). [Dkt. 242 at 5]. While such purposes are permissible, the evidence will nonetheless be excluded under Rule 403 because its probative value is substantially outweighed by the potential for unfairly prejudicial effects. The defendant's prior activities in California are distant in time, unrelated to the business enterprise allegedly involved in this case, and are more probative of propensity rather than any of the permissible purposes.

The government also plans to introduce evidence of the events that gave rise to the defendant's 1996 arrest in Virginia. The government has not described the circumstances surrounding this arrest in any detail nor has it put forward the specific facts that it wishes to introduce; it has included that matter in its 404(b) notice notwithstanding its position that "[b]ecause this conduct occurred during the time charged in the indictment, the proof of it is most likely intrinsically intertwined with the proof of the present case and, therefore, not 'other crimes

evidence' under Rule 404(b)." [Dkt. 242 at 3 n.2]. Evidence of acts that form an intrinsic part of the charged crime or is otherwise inextricably intertwined with the alleged offense is not subject to exclusion under Rule 404(b), United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992), but of course remains subject to Rule 403, see United States v. Fallen, 256 F.2d 1082, 1091 (11th Cir. 2001). On the facts before me, it is not possible to determine whether evidence the defendant's 1996 arrest is intrinsic or extrinsic to the crimes charged or whether, regardless of how this evidence is labeled, it should nevertheless be excluded under Rule 403. I will defer ruling on the admissibility of this matter until the record is better developed.

**So ordered**.

_____
JAMES ROBERTSON
United States District Judge