FILED

APR 1 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Crim. Action No. 07-0046 (JR) |
| | : |
| DEBORAH JEANE PALFREY, | : |
| | : |
| Defendant. | : |

### MEMORANDUM ORDER

The defendant moves for an order dismissing the indictment or, in the alternative, for an order preventing the government from introducing at trial evidence regarding the defendant's 1996 arrest and the investigation that led to the arrest.

### Background

The defendant was arrested in 1996 in Alexandria, Virginia, for receiving money from the earnings of a prostitute. She was not convicted and had her arrest record expunged. During the course of the investigation in this case, Inspector Maria Couvillon of the United States Postal Inspection Service contacted Sgt. Harold Duquette of the Alexandria Police Department. Duquette sent a letter to Couvillion informing her that, in his attempt to locate case files related to Palfrey's 1996 arrest, he discovered that the arrest record and report had been expunged. Because of the expungement, Duquette's referred to Palfrey in his letter as "Ms. P" rather than by her full name. See Def.'s Mot., Ex. 1 ("I then requested a copy of this report

from our Archives and I received the report back. Ms. 'P' too requested her arrest and report be expunged 03-28-2000. I was able to obtain the report but all references to Ms. 'P' w[ere] blackened out. . . . Even in this letter, I can not refer[] to their names because of the expungement order."). Along with his letter, Duquette sent Couvillion the copies of the redacted, expunged records.

## Analysis

The defendant asserts that information shared by Duquette to Couvillion somehow tainted the grand jury process. In addition to providing redacted copies of the expunged records, Duquette's letter also directed Inspector Couvillion to potentially unexpunged records (specifically, a search warrant) that might be maintained by Montgomery County.

The defendant does not assert that any of the redacted, expunged records provided to Inspector Couvillion were introduced to the grand jury, or that Inspector Couvillion testified about these expunged records. Instead, Palfrey argues that Sgt. Duquette himself was a tainted source and should not have informed Couvillion of his belief that there might be other, unexpunged investigative records in a different jurisdiction.

Section 19.2-392.3 of the Code of Virginia, the provision dealing with expungement, provides:

> It shall be unlawful for any person having or acquiring access to an expunged court or police record to open or review it or to disclose to another person any information from it without an order from the court which ordered the record expunged.

As interpreted in the Virginia courts, there is nothing obviously improper about Duquette directing Couvillion to unredacted records: "Both this section and the related sections in the chapter focus on the physical documents that make up the police and court records and not any independent source of the information the documents contain." Morris v. Massingill, 61 Va. Cir. 532, 536-37 (Norfolk 2003). The D.C. Circuit has held that the Virginia law does not bar an officer from "testifying as to information he acquired in his investigation" as opposed to sharing "information learned from the expunged record." Sparshott v. Feld Entm't, Inc., 311 F.3d 425, 434 (D.C. Cir. 2002). Even if Duquette should not have disclosed redacted, expunged records without a court order, Palfrey has come nowhere near the showing needed to dismiss the indictment as she has not proven that any sort of violation substantially influenced the grand jury's decision to indict. Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988).

Whatever connection exists between the expunged arrest and Couvillion's actual grand jury testimony is quite attenuated. During Couvillion's grand jury testimony, the government introduced Palfrey's handwritten notes, seized from her home,

- 3 -

concerning the Alexandria investigation. Contrary to the defendant's argument, that Couvillion "amplif[ied] the relationship between certain individuals and documents and the dismissed and expunged Alexandria case," in the excerpt of her testimony provided to the Court, Couvillion merely identified the documents as having been seized from Palfrey's home and verified their contents. The notes themselves, as written by the defendant, refer to a "Probable Alexandria Sting Operation" or "Undercover Sting Operation." Gov.'s Opp., Ex. A.

In sum, has failed to show that any expunged records were put before the grand jury in this case. The defendant's motion to dismiss the indictment is **denied**.

Moreover, given this Circuit's decision in Sparshott, the defendant cannot show that the mere fact that records were expunged precludes independent testimony from personal knowledge about the underlying investigation and arrest, if such testimony is otherwise admissible. The defendant's motion to prevent introduction of such evidence on these grounds is also **denied**.

 

---
JAMES ROBERTSON
United States District Judge