UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-046 |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT DEBORAH JEANE PALFREY'S MOTION
FOR A JUDGMENT OF ACQUITTAL**

  Defendant Deborah Jeane Palfrey, through counsel, respectfully moves this Court for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29.  Ms. Palfrey respectfully submits that the evidence presented during the government's case is insufficient to sustain a conviction as it would not permit any reasonable juror to conclude that Ms. Palfrey is guilty of the charged offenses beyond a reasonable doubt.

  A memorandum in support of this motion and a proposed order are attached hereto.  For the reasons set forth in that memorandum, Ms. Palfrey respectfully requests that the Court grant her a judgment of acquittal.

               Respectfully submitted,

               _____/s/_____
               Preston Burton, Esq., D.C. Bar No. 426378
               ORRICK, HERRINGTON & SUTCLIFFE, LLP
               1152 15th St, NW
               Washington, D.C. 20005
               (202) 339-8400

Dated: April 14, 2008     *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-046 |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT DEBORAH JEANE PALFREY'S
MOTION FOR A JUDGMENT OF ACQUITTAL**

Defendant Deborah Jeane Palfrey, through counsel, respectfully moves this Court for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29. Federal Rule of Criminal Procedure 29 provides that after the government closes its evidence or after the close of all the evidence, the Court, upon motion by the defendant, "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. Evidence is insufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the government, the Court concludes that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *see also United States v. Thomas*, 525 F.2d 17, 20-21 (D.D.C. 2007) ("motions for judgment of acquittal are granted on the basis of insufficient evidence only if the court concludes, as a matter of law, that no reasonable juror could have convicted the defendant based on the evidence presented").

The evidence submitted during the government's case does not permit any reasonable juror to conclude that Ms. Palfrey is guilty of the charged offenses beyond a reasonable doubt.

I. **THE GOVERNMENT'S EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION BECAUSE IT FAILS TO DEMONSTRATE THAT MS. PALFREY POSSESSED THE REQUISITE INTENT TO PROMOTE, MANAGE, ESTABLISH, CARRY ON, OR FACILITATE THE PROMOTION, MANAGEMENT, ESTABLISHMENT, OR CARRYING ON, OF ANY UNLAWFUL ACTIVITY, TO WIT, PROSTITUTION.**

All the charges facing Ms. Palfrey require that she acted with *intent* to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of unlawful activity. See 18 U.S.C. 1952(a)(3). The government has not met its burden of proof on this issue. Because escort businesses are not illegal *per se*, any intention by Ms. Palfrey to promote Pamela Martin & Associates is not necessarily akin to her intent to promote an unlawful activity. Moreover, the government has failed to establish that Ms. Palfrey intended to run Pamela Martin & Associates as an illegal enterprise. At best, the government has demonstrated that Ms. Palfrey acted with indifference as to what acts transpired during each appointment. Based upon the evidence presented, no rational juror could find that she intended to promote an unlawful activity.

Significantly, throughout the government's case, no witness ever testified that Ms. Palfrey explicitly directed them to engage in illegal sexual conduct. To the contrary, witnesses indicated that Ms. Palfrey was careful with the words she chose. Sharon King Tr. 45:3-4 (Apr. 8, 2008) ("She never used words like 'sex' or anything like that."). Furthermore, no witness has testified that Ms. Palfrey ever asked or even cared to know what the escorts did on their appointments. What occurred on appointments was the choice of the escort and her customer, not Ms. Palfrey – a fact each witness acknowledged. *See, e.g.*, Rhona Reiss Tr. 255:9-15 (Apr. 9, 2008). At best, the witnesses' testimony has demonstrated that Ms. Palfrey was indifferent to the specifics of each appointment, and that, while she may have become aware that some illegal

2

activity had occurred on certain appointments, such activity was purely incidental to her business structure and was not the objective of Pamela Martin & Associates.

The testimony of the government's witnesses falls short of establishing that Ms. Palfrey possessed the requisite intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of a prostitution business. In fact, no reasonable juror could conclude, based on the evidence, that Ms. Palfrey possessed the requisite intent necessary to sustain a conviction. Thus, the Court should render a judgment of acquittal.

## II. THE COURT SHOULD STRIKE RACKETEERING ACT THREE FROM COUNT ONE OF THE INDICTMENT AS WELL AS COUNT FIVE OF THE INDICTMENT

The Court should strike Racketeering Act three from Count One of the Indictment because the government failed to produce evidence to sustain that allegation. Additionally, the Court should strike Count Five for insufficient evidence to sustain a conviction.

### A. The Court Should Strike Racketeering Act Three from Count One of the Indictment

Count One of the Indictment contains fourteen individual racketeering acts, all of which allege generally that Ms. Palfrey, aided and abetted by fourteen distinct individuals corresponding to each act, did use and caused to be used the United States mail and a facility in interstate commerce from either the District of Columbia, Virginia, or Maryland, to California, with the intent to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity (a prostitution business), and thereafter did perform and attempt to perform an act to promote, manage, establish and carry on and to facilitate the promotion, management, establishment and carrying on of said unlawful activity in violation of 18 U.S.C. § 1952(a)(3) and (2).

The Court should strike act three contained in Count One of the Indictment. That act alleges specifically that Ms. Palfrey, aided and abetted by "Individual #3," Sharon King, used the

3

"United States mail and a facility in interstate commerce from the District of Columbia to the State of California" to promote and carry on an unlawful prostitution business. The government, however, offered no evidence of any mailing made by Sharon King that was sent from the District of Columbia. All of the evidence of mailings made by Ms. King came from the State of Virginia. The only arguable link that the government made between Ms. King and the District of Columbia is her testimony that she *may* have called a D.C. telephone number when inquiring about employment at Pamela Martin & Associates. Sharon King Tr. 11:3-4 (Apr. 8, 2008). That equivocal testimony is insufficient to support a conviction for the act, even if examined in the light most favorable to the United States. Because the government has failed to establish that Ms. King made any mailing from the District of Columbia to California, as charged in act three of Count One of the Indictment, the government cannot sustain a conviction based upon this act.

As no reasonable juror could find guilt beyond a reasonable doubt for acts two, three, five, twelve, and fourteen of Count One of the Indictment, the Court should strike these acts.

### B. The Court Should Strike Count Five of the Indictment

The government has failed to offer evidence sufficient to prove the allegations specified in Count Five of the Indictment, which alleges that Ms. Palfrey conspired with others to

> knowingly conduct, and attempt to conduct, financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is, interstate travel or transportation in aid of racketeering enterprises, with the intent to promote the carrying on of the specified unlawful activity. . .

in violation of 18 U.S.C. § 1956(h).

**First**, the government has not proven that Ms. Palfrey conspired with others to violate any provision of 18 U.S.C. § 1956. The witnesses produced by the government merely testified that they agreed with Ms. Palfrey to use the mails to send postal money orders to Ms. Palfrey in

4

California. At best[1], this is evidence of a conspiracy to violate the Travel Act, 18 U.S.C. § 1952, rather than the money laundering statute, 18 U.S.C. § 1956. Further, the government was forced to improperly indict Ms. Palfrey on a *conspiracy* charge in order to overcome a venue problem. Because Ms. Palfrey did not participate in the transfer of the proceeds of unlawful activity from Washington, D.C., to California, absent a conspiracy allegation, venue for the money laundering charge would only be proper in California, the district in which the financial transactions were conducted. 18 U.S.C. § 1956(i). The Court should not allow the government to force an inappropriate conspiracy charge to give life support to essentially singular behavior – the depositing of checks and money orders into personal bank accounts for personal spending. As the government has not established a conspiracy to violate Section 1956, no reasonable juror could conclude that Ms. Palfrey violated Section 1956(h).

**Second,** the government has not proven that Ms. Palfrey conducted a financial transaction with the *intent to promote unlawful activity*. Evidence that Ms. Palfrey engaged in financial transactions with the proceeds of unlawful activity, namely transportation in aid of racketeering enterprises, is insufficient to support a conviction for money laundering under 18 U.S.C. § 1956(a)(1)(A). The money laundering statute was designed to punish a "separate crime distinct from the underlying offense that generated the money to be laundered." United States v. Heaps, 39 F.3d 479, 486 (4th Cir. 1994) (abrogated on other grounds), *citing* United States v. Edgmon, 952 F.2d 1206, 1213-14 (10th Cir. 1991) (noting that "Congress aimed the crime of money laundering at conduct that follows in time the underlying crime"); see also United States v. Adefehinti, 510 F.3d 319 (D.C. Cir. 2008) (vacating conviction under Section 1956(a)(1)(B) when the government failed to establish a money laundering transaction that was separate and distinct from the transaction that created the criminally-derived proceeds). Therefore, the

---

[1] This argument is purely hypothetical - Ms. Palfrey in no way concedes guilt on this issue.

5

government must prove that the money acquired from the underlying crime - the violation of the Travel Act, 18 U.S.C. § 1952(a)(3) - was itself used to promote further unlawful activities. See Heaps, 39 F.3d at 486 (reversing conviction for money laundering when there was no evidence that the money acquired through payment for drug transactions was itself used to promote further unlawful activities); see also United States v. Jackson, 935 F.2d 832, 842 (7th Cir. 1991) (describing Section 1956(a)(1)(A) offenses as "the practice of plowing back proceeds of 'specified unlawful activity' to promote that activity.")

In Jackson, the Seventh Circuit found that evidence that the defendant had knowingly spent money derived from unlawful activity to pay for a cell phone, make rental payments, and obtain cash disbursements was insufficient to support a conviction under Section 1956(a)(1)(A) because the government did not prove that the phones, rental payments, or checks written to cash played any role in the defendant's drug operations. Proof that proceeds from illegal activity was spent to "maintain [the defendant's] lifestyle" was not enough to establish that the proceeds "promoted" unlawful activity. Id. at 841.

Here, the Indictment does not specify the manner in which Ms. Palfrey's financial transactions intentionally promoted the carrying on of specified illegal activity. The government has demonstrated Ms. Palfrey deposited money orders and personal checks received from individuals in the Washington, D.C., metropolitan area into bank accounts and brokerage accounts held in her own name in financial institutions located in California. See Burrus Tr. 437:4 – 438:6 (April 9, 2008). Ms. Palfrey used those funds for personal expenses, such as making mortgage payments, purchasing food and paying for travel. To be sure, Ms. Palfrey used funds from her personal accounts to pay the modest business expenses of Pamela Martin & Associates, such as yellow page advertising and telephone bills. However, because the

6

government has not proved that Ms. Palfrey had the *intent* to operate Pamela Martin & Associates in an unlawful manner (see Section I above), the fact that Ms. Palfrey used some funds from her personal accounts to pay for business expenses, is insufficient to demonstrate that such payments were made "with the *intent* to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956 (a)(1)(A) (emphasis added). Therefore, there is insufficient evidence to establish a violation of 18 U.S.C. § 1956.

The government has not proven that Ms. Palfrey conspired with others to violate Section 1956, nor has it shown that she possessed the requisite intent necessary to demonstrate a violation of Section 1956(a)(1)(A). No reasonable juror could find guilt beyond a reasonable doubt, based on the evidence, of a violation of Section 1956(h) as charged in the Indictment. Therefore, the Court should strike Count Five of the Indictment.

                                                     _____/s/_____
                                                   Preston Burton, Esq., D.C. Bar No. 426378
                                                   ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                                   1152 15th St, NW
                                                 Washington, D.C. 20005
                                                 (202) 339-8400

Dated: April 14, 2008        *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**UNITED STATES OF AMERICA,**       :
                                    :
       v.                           :  Criminal No. 07-046
                                    :
**DEBORAH JEANE PALFREY,**          :
                                    :
             Defendant.             :
_____:

# ORDER

Upon consideration of defendant Deborah Jeane Palfrey's Motion for a Judgment of Acquittal and the accompanying Memorandum, this _____ day of _____, 2008, Defendant Palfrey's Motion is GRANTED, and it is hereby ORDERED that Defendant Palfrey is acquitted of Counts One through Five in the Indictment.

_____
The Honorable James Robertson
U.S. District Court for the District of Columbia

Copies to: Deborah Jeane Palfrey
           Counsel for Defendant Palfrey
           Counsel for United States