UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-046 (JR) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**DEFENDANT'S RENEWED MOTION FOR A JUDGMENT OF ACQUITTAL,
OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant Deborah Jeane Palfrey, through counsel, respectfully renews her motion for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29, as the government failed to offer sufficient evidence to sustain a conviction of guilty beyond reasonable doubt on any remaining count in the Indictment. In the alternative, Ms. Palfrey moves pursuant to Federal Rule of Criminal Procedure 33 for a new trial.

A memorandum in support of this motion and a proposed Order are attached hereto. For the reasons set forth in that memorandum, Ms. Palfrey respectfully requests that the Court set aside the jury verdict and enter a judgment of acquittal, or, in the alternative, grant a new trial in the interest of justice.

Respectfully submitted,

_____/s/_____
Preston Burton, Esq., D.C. Bar No. 426378
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th St, NW
Washington, D.C. 20005
(202) 339-8400

Dated: April 23, 2008         *Counsel for Deborah Jeane Palfrey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-046 (JR) |
| DEBORAH JEANE PALFREY, | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR A JUDGMENT OF ACQUITTAL, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant Deborah Jeane Palfrey, through counsel, respectfully moves for the entry of a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29,[1] as the government failed to offer sufficient evidence to sustain a conviction on the remaining counts in the Indictment. In the alternative, Ms. Palfrey moves this Court for a new trial pursuant to Federal Rule of Criminal Procedure 33.

**I.   THE GOVERNMENT'S EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND THE COURT SHOULD ENTER A JUDGMENT OF ACQUITTAL ON ALL COUNTS**

Federal Rule of Criminal Procedure 29 provides that after the government closes its evidence or after the close of all the evidence, the Court, upon motion by the defendant, "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. Although the Court must view the evidence in the light most favorable to the government when considering a motion for judgment of acquittal, the

---

[1] Ms. Palfrey made her initial Motion for Judgment of Acquittal on April 14, 2008 at the close of the government's case in chief, and the Court reserved its decision on the Motion until after the jury's verdict pursuant to Rule 29(b). The Court also permitted counsel to file a written Rule 29 motion. See Dkt. 303. That motion remains pending. Ms. Palfrey respectfully and timely renews her Motion for Judgment of Acquittal. Fed. R. Crim. 29(c)(1).

government still bears the burden of proving guilt beyond a reasonable doubt. When evaluating whether the evidence presented is sufficient to sustain a conviction, the Court must determine whether a rational jury could properly conclude beyond reasonable doubt that the defendant is guilty of all of the essential elements of the crime charged. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); see also United States v. Thomas, 525 F. Supp. 2d 17, 20-21 (D.D.C. 2007).

The government's evidence would not permit a reasonable juror to conclude properly that Ms. Palfrey is guilty of the charged offenses beyond a reasonable doubt. As the evidence is insufficient to sustain the conviction, Ms. Palfrey requests this Court enter a judgment of acquittal on the remaining charges.[2] In addition to her general position that the evidence was insufficient, Ms. Palfrey respectfully submits the following additional specific aspects of the insufficiency of the government's case.

> **A.  The government's evidence is insufficient to sustain a conviction on all counts because it fails to demonstrate that Ms. Palfrey possessed the requisite intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, to wit, prostitution.**

All the charges lodged against Ms. Palfrey require that the government prove beyond a reasonable doubt that she acted with the *intent* to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of unlawful activity, namely, prostitution. See 18 U.S.C. § 1961(1); 18 U.S.C. § 1952(a)(3); 18 U.S.C. § 1956(a). The government failed to meet its burden of proof on this issue. Because escort businesses are not illegal *per se*, any intent to promote Pamela Martin & Associates is not necessarily indicative of the intent to promote unlawful activity. Moreover, the government failed to establish that Ms. Palfrey intended to run Pamela Martin & Associates as an unlawful enterprise. At best, the government demonstrated that Ms. Palfrey acted with indifference as to what acts transpired

during each appointment. No witness testified that Ms. Palfrey explicitly directed them to engage in illegal sexual conduct. To the contrary, witnesses indicated that Ms. Palfrey was careful with the words she chose. Sharon King Tr. 45:3-4 (Apr. 8, 2008) ("She never used words like 'sex' or anything like that."). Furthermore, no witness testified that Ms. Palfrey ever asked what the escorts did on their appointments. What activities occurred on appointments were the result of choices made by the escorts and their customers, *not* Ms. Palfrey – a fact each witness acknowledged. *See, e.g.*, Dr. Rhona Reiss Tr. 255:9-15 (Apr. 9, 2008). While she may have subsequently become aware that some illegal activity had occurred on certain appointments, that activity was purely incidental to her business structure and was not the objective of Pamela Martin & Associates.

Based on this consistent testimony, there cannot be a proper finding beyond a reasonable doubt that Ms. Palfrey possessed the requisite intent necessary to sustain a conviction on any of these counts.

### B.     The government's evidence is insufficient to sustain a conviction on Count Five of the Indictment.

The government failed to offer evidence sufficient to prove the allegations specified in Count Five of the Indictment, which alleges that Ms. Palfrey conspired with others to:

> knowingly conduct, and attempt to conduct, financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is, interstate travel or transportation in aid of racketeering enterprises, with the intent to promote the carrying on of the specified unlawful activity. . .

in violation of 18 U.S.C. § 1956(h).

**First**, the government did not establish that Ms. Palfrey conspired with others to violate any provision of 18 U.S.C. § 1956. The witnesses produced by the government merely testified

---

[2] Count Three and several racketeering acts were dismissed at the conclusion of the government's case.

3

that Ms. Palfrey instructed them to use the mails to send postal money orders to Ms. Palfrey in California.  This testimony is insufficient to demonstrate that two or more people agreed to violate 18 U.S.C. § 1956, which requires specific *intent* to promote unlawful activity.  Further, the government indicted Ms. Palfrey improperly on a *conspiracy* charge in order to overcome a venue problem.  Because Ms. Palfrey did not participate in the transfer of the proceeds of unlawful activity from Washington, D.C., to California, absent a conspiracy allegation, venue for the money laundering charge would be proper only in California, the district in which the financial transactions were conducted.  18 U.S.C. § 1956(i).  The Court should not permit the government to resort to an inappropriate conspiracy charge to give life support to essentially singular behavior – the depositing of checks and money orders into personal bank accounts for personal spending.  As the government has not established a conspiracy to violate Section 1956, this conviction is not supportable.

**Second,** the government has not proven that Ms. Palfrey conducted a financial transaction with the *intent to promote unlawful activity*.  Evidence that Ms. Palfrey engaged in financial transactions with the proceeds of unlawful activity, namely transportation in aid of racketeering enterprises, is insufficient to support a conviction for money laundering under 18 U.S.C. § 1956(a)(1)(A).  The money laundering statute was designed to punish a "separate crime distinct from the underlying offense that generated the money to be laundered."  United States v. Heaps, 39 F.3d 479, 486 (4th Cir. 1994) (abrogated on other grounds), (*citing* United States v. Edgmon, 952 F.2d 1206, 1213-14 (10th Cir. 1991) (noting that "Congress aimed the crime of money laundering at conduct that follows in time the underlying crime")); see also United States v. Adefehinti, 510 F.3d 319 (D.C. Cir. 2008) (vacating conviction under Section 1956(a)(1)(B) when the government failed to establish a money laundering transaction that was separate and

4

distinct from the transaction that created the criminally-derived proceeds). Therefore, the government must prove that the money acquired from the underlying crime - the violation of the Travel Act, 18 U.S.C. § 1952(a)(3) - was itself used to promote further unlawful activities. See Heaps, 39 F.3d at 486 (reversing conviction for money laundering when there was no evidence that the money acquired through payment for drug transactions was itself used to promote further unlawful activities); see also United States v. Jackson, 935 F.2d 832, 842 (7th Cir. 1991) (describing Section 1956(a)(1)(A) offenses as "the practice of plowing back proceeds of 'specified unlawful activity' to promote that activity").

In Jackson, the Seventh Circuit found that evidence that the defendant had knowingly spent money derived from unlawful activity to pay for a cell phone, make rental payments, and obtain cash disbursements was insufficient to support a conviction under Section 1956(a)(1)(A) because the government did not prove that the phones, rental payments, or checks written to cash played any role in the defendant's drug operations. Proof that proceeds from illegal activity was spent to "maintain [the defendant's] lifestyle" was not enough to establish that the proceeds "promoted" unlawful activity. Id. at 841.

Here, the government did not sufficiently demonstrate the manner in which Ms. Palfrey's financial transactions intentionally promoted the carrying on of specified illegal activity. The government demonstrated that Ms. Palfrey deposited money orders and personal checks received from individuals in the Washington, D.C., metropolitan area into bank accounts and brokerage accounts held in her own name in financial institutions located in California.[3] See Burrus Tr.

---

[3] While we recognize the authority in this Circuit which holds that the entire contents of a commingled account are tainted based on the deposit of some funds derived from illegal activity (see United States v. Braxtonbrown-Smith, 278 F.3d 1348 (D.C. Cir. 2002)), we respectfully disagree that the mere *use* of arguably tainted funds is sufficient to support a conviction of promotion-based money laundering, 18 U.S.C. § 1956(a)(1)(A). A promotion money laundering charge requires a finding of *intent* to use the funds to promote unlawful activity, a fact which the government has not proven here.

5

437:4 – 438:6 (April 9, 2008).  Ms. Palfrey used those funds for personal expenses, such as making mortgage payments, purchasing food and paying for travel.  To be sure, Ms. Palfrey used funds from her personal accounts to pay the modest business expenses of Pamela Martin & Associates, such as yellow page advertising and telephone bills.  However, because the government did not sufficiently prove that Ms. Palfrey had the *intent* to operate Pamela Martin & Associates in an unlawful manner (see Section I above), the fact that Ms. Palfrey used some funds from her personal accounts to pay for business expenses is insufficient to demonstrate that such payments were made "with the *intent* to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956 (a)(1)(A) (emphasis added).  Therefore, there is insufficient evidence to sustain a conviction based on a violation of 18 U.S.C. § 1956(h) for conspiracy to violate Section 1956(a)(1)(A).

The government did not sufficiently demonstrate that Ms. Palfrey conspired with others to violate Section 1956, nor did it show that she possessed the requisite intent necessary to demonstrate a violation of Section 1956(a)(1)(A).  Therefore, the Court should render a judgment of acquittal on Count Five of the Indictment.

## II.  MS. PALFREY IS ENTITLED TO A NEW TRIAL IN ORDER TO PREVENT A MANIFEST MISCARRIAGE OF JUSTICE

Under Federal Rule of Criminal Procedure 33, a court may, in its discretion, "vacate any judgment and grant a new trial if the interests of justice so require."  Fed. R. Crim. P. 33; United States v. Quinn, __ F. Supp. 2d __, No. 05-0018, 2008 WL 563391 at *5 (D.D.C. Feb. 28, 2008). Any error of "sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial."  United States v. Safavian, 451 F. Supp. 2d 232, 249 (D.D.C. 2006). Grounds for granting a new trial include a wide variety of errors, including where the Court finds that the weight of the evidence is such that the verdict constitutes a miscarriage of justice.  See

6

Safavian, 451 F. Supp. 2d at 249.  Here, Ms. Palfrey respectfully requests this Court grant a new trial because (1) newly decided case precedent establishes that it was error for the Court to deny Ms. Palfrey a post-seizure evidentiary hearing which could have resulted in her being able to fund counsel of her choosing; (2) documents seized from Ms. Palfrey's home pursuant to a defective search warrant were improperly admitted at trial; and (3) the government failed to establish Ms. Palfrey's intent to commit the crimes charged allowing the verdict to stand would be a miscarriage of justice.[4]  Taken together or individually, these errors are substantial, not harmless, and the errors affected Ms. Palfrey's substantive rights.  See Safavian, 451 F. Supp. 2d at 249.  Therefore, the Court should grant the motion for a new trial.

      **A.**      **The denial of a post-seizure evidentiary hearing violated Ms. Palfrey's Constitutional Due Process and Sixth Amendment rights.**

Ms. Palfrey moves this Court to grant a new trial because the denial of a post-seizure evidentiary hearing violated Ms. Palfrey's due process rights and right to counsel under the Sixth Amendment to the Constitution.  On numerous occasions, post-seizure, Ms. Palfrey requested and was denied an evidentiary hearing, or alternatively, the release of her assets to enable her to retain counsel of her choosing.  See, e.g.  Defendant's *Pro Se* Mot. for Order Releasing Seized Property, Oct. 3, 2007 (Dkt. 119), Defendant's *Pro Se* Reply to the Government's Opp'n to Motion for Order Releasing Seized Property, Oct. 10, 2007 (Dkt. 125).  Without access to her seized assets, Ms. Palfrey was unable to retain her choice of counsel and was compelled to rely upon either *pro se* representation or upon a series of court-appointed counsel, including the undersigned.

---

[4] Additionally, Ms. Palfrey would like to respectfully reiterate her argument made in the Motion to Dismiss the Indictment for Introduction of Expunged Evidence Before the Grand Jury and the Attempted Introduction of Such Evidence at Trial, March 19, 2008, filed UNDER SEAL, that the Indictment was improper due to the reliance upon expunged material.

After the Court denied Ms. Palfrey's motions for a post-seizure hearing, and in the midst of this trial, the D.C. Circuit unequivocally held that a post-seizure adversary hearing to petition for the release of seized assets needed to hire counsel is "constitutionally required" by the due process clause and the Sixth Amendment.  United States v. E-Gold, ___ F.3d ___, No. 07cr00109, 2008 WL 995627 at *8 (D.C. Cir. Apr. 11, 2008) (acknowledging that a defendant's due process right to be heard before the government can constitutionally deprive a person of a liberty or property interest is even more pronounced when, as here, there is an important liberty interest stake – "the qualified right, under the Sixth Amendment, to counsel of choice."  Id. at *6.)  Because Ms. Palfrey was denied the opportunity to be heard on the issue of her constitutionally protected liberty interest in retaining the counsel of her choice, her right to due process was violated.  Accordingly, Ms. Palfrey requests this Court conduct such a hearing, grant her relief sufficient to retain counsel of her choosing, and order a new trial.

      **B.**      **This Court erred by admitting evidence obtained pursuant to an unlawful search warrant.**

Ms. Palfrey moves this Court to grant a new trial because the trial was permeated by evidence obtained by government agents pursuant to an unlawful search warrant.  These issues were litigated extensively prior to trial.  In sum, the warrant was obtained unlawfully because it relied on stale evidence, it failed to establish probable cause in violation of the Fourth Amendment, and it was unconstitutionally overbroad.  See Defendant's Mot. To Suppress Evidence Obtained From Her Home (July 26, 2007) (Dkt. 85).  The search warrant was also unlawful because it was not authorized by a neutral and detached magistrate.  See United States v. Ramirez, 63 F.3d 937, 941 (10th Cir. 1995) ("For purposes of the Fourth Amendment, it is essential that a magistrate issuing a search warrant be neutral and detached rather than 'an adjunct law enforcement officer.'" quoting United States v. Leon, 468 U.S. 897, 914 (1984)).  A

search premised on a warrant issued by a magistrate who lacks neutrality and detachment "stands on no firmer ground than if there had been no warrant at all." Ramirez., 63 F.3d at 941.

There is evidence that Magistrate Judge Kimberly Mueller "abandoned her judicial role" as a neutral and detached magistrate by coaching Agent Couvillon in her preparation of the affidavit by telling her to add a handwritten addendum to the document.[5] See Ramirez, 63 F.3d at 941.  In Ramirez, the Tenth Circuit noted that a magistrate's alteration of a warrant applicant's affidavit "can constitute evidence that the magistrate abandoned her judicial role," but the court found that the magistrate's minor alterations to the warrant did not offend the Fourth Amendment. Id. at 941.  Judge Mueller's additions, in contrast, substantially altered significant and essential components of the affidavit and the warrant because without such information, the informants' knowledge would have appeared uncorroborated and insufficient to support the warrant.  This alteration is even more substantial than that described in Ramirez, where the judge merely inserted grammatical alterations and added one additional item to be seized.  Magistrate Judge Mueller's active involvement in preparing the affidavit in support of the search warrant compromised her duty of her neutrality and renders the warrant improper.       The resulting search of Ms. Palfrey's Vallejo, California residence and vehicle was therefore improper, and the evidence obtained from the search and evidence derived from that search should have been suppressed. The government's case was constructed substantially upon evidence seized from Ms. Palfrey's home and upon evidence derived from that search, including the identification of escorts (or the enhanced examination or preparation of escorts previously known to the United

---

[5] The addendum to paragraph 20 reads: "The reliability of the informants' knowledge of the operation of PM&A was verified by USPS money order databases.  Original and/or postal money order images of the money orders purchased by the informants were retrieved.  In addition, the Express Mail labels used by them to send the money orders were also verified and retrieved."

States).  The improper admission of this evidence at trial severely prejudiced Ms. Palfrey.  Thus, Ms. Palfrey respectfully requests that this Court order a new trial in the interests of justice.

      C.      **Because the government failed to prove the requisite intent element of the crimes charged, it would be a miscarriage of justice to allow the conviction to stand.**

Ms. Palfrey moves the Court to grant a new trial on the grounds that the government offered insufficient evidence to convict Ms. Palfrey of the crimes charged.  To grant a new trial on the basis of insufficient evidence, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Edmonds, 765 F. Supp. 1112, 1118 (D.D.C. 1991), citing United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985).  Unlike a motion for judgment of acquittal, however, when ruling on a motion for a new trial, the Court need not accept the evidence in the light most favorable to the government.  See Edmonds, 765 F. Supp. at 1118.  Rather, it may weigh the testimony and consider the credibility of witnesses and may grant a motion for a new trial if the government's case has been marked by uncertainties or discrepancies.  See Id.

Ms. Palfrey asserts that the verdict is a manifest miscarriage of justice because the government failed to establish that she had the requisite intent for conviction of the charged Counts.  See United States v. McDowell, 498 F.3d 308, 308 (5th Cir. 2007) (holding that government's failure to prove defendant possessed the required *mens rea* was a manifest miscarriage of justice).  As discussed above, not a single witness testified that Ms. Palfrey acted with the requisite purpose and deliberateness to operate an unlawful prostitution business in the Washington, D.C., metro area.  At best, the government witnesses established that Ms. Palfrey was indifferent to the possibility that some of her employees were engaging in unlawful conduct while employed at Pamela Martin & Associates.  The criminal violations charged in the

Indictment, however, all require a intent element the government did not prove. See 18 U.S.C. § 1961(1); 18 U.S.C. § 1952(a)(3); 18 U.S.C. § 1956(a).

Further, the government has charged Ms. Palfrey alone with substantial federal offenses, based in large measure, on the actions of others who crossed the line of legality without her knowledge, direction or urging and who furthermore engaged in conduct typically punished as misdemeanor offenses.[6] The transmogrification of state law charges into federal offenses based on the incidental use of interstate mailings represents an unfortunate exercise of prosecutorial discretion—particularly since none of the other participants or asserted co-conspirators faces any charges whatsoever for their actions. This disproportionate exercise of prosecutorial discretion represents a true miscarriage of justice.

## CONCLUSION

For the foregoing reasons, Defendant Deborah Jeane Palfrey respectfully requests that the Court set aside the jury's verdict and enter an acquittal, or, in the alternative, grant a new trial in the interest of justice.

                                      /s/
                                      Preston Burton, Esq., D.C. Bar No. 426378
                                      ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                      1152 15th St, NW
                                      Washington, D.C. 20005
                                      (202) 339-8400

Dated: April 23, 2008                 *Counsel for Deborah Jeane Palfrey*

---

[6] We recognize, however, that two of the state law offenses charged in the Indictment are felony offenses. See Title 22, District of Columbia Code, Section 2707; Title 18.2, Virginia Code, Section 356.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| v. | : Criminal No. 07-046 (JR) |
| **DEBORAH JEANE PALFREY,** | : |
| Defendant. | : |

## ORDER

Upon consideration of defendant Deborah Jeane Palfrey's Renewed Motion for a Judgment of Acquittal, or, in the alternative, Defendant's Motion for a New Trial and the accompanying Memorandum, this _____ day of _____, 2008, Defendant Palfrey's Motion is GRANTED, and it is hereby ORDERED that Defendant Palfrey is acquitted of Counts One through Five in the Indictment.

_____
The Honorable James Robertson
U.S. District Court for the District of Columbia

Copies to: Counsel of Record