UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-046 (JR) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH JEANE PALFREY, | : | |
| | : | |
| Defendant. | : | |

**PARTIES' JOINT MOTION FOR ABATEMENT OF PROSECUTION
PURSUANT TO THE COURT'S ORDER OF MAY 2, 2008 (DKT. NO. 313)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, in consultation with and with the concurrence of counsel for defendant Deborah Jeane Palfrey, Preston Burton, herewith files this joint motion for abatement of prosecution.

On May 2, 2008, the Court "Ordered that, once the parties receive[] a death certificate for defendant in this matter, one or both of the parties shall file such with the Court, as well an accompanying motion for abatement of prosecution[.]" Dkt. No. 313. On May 14, 2008, defense counsel received the death certificate for defendant, a redacted copy of which is submitted herewith, showing that defendant died on May 1, 2008. As a result, the parties are filing this joint motion to abate the prosecution in this matter. A defendant's death after a jury finding of guilt, but prior to the defendant exercising his or her right to appeal, is a basis for abatement of all prosecution proceedings from their inception. Durham v. United States, 401 U.S. 481, 483 (1971) (per curiam) ("death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception"), overruled on other grounds, Dove v. United States, 423 U.S. 325 (1976); United States v. Pogue, 19 F.3d 663, 65-66 (D.C. Cir. 1994) (death pending direct appeal abates prosecution); United States v. Asset, 990 F.2d 208, 211 (5th Cir. 1992) (death of defendant before entry of judgment abates prosecution ab initio); United States v. Oberlin, 718 F.2d

894, 895-96 (9th Cir. 1983) (similar holding, citing Durham); Howell v. United States, 455 A.2d 1371, 1372-73 (D.C. 1983) (similar holding, quoting Durham).[1] In other words, the jury's guilty verdicts should be vacated and the indictment in this case should be dismissed. See United States v. Lay, 456 F. Supp. 2d 869, 872-74, 875 (S.D. Tex. 2006) (Enron defendant Kenneth Lay died prior to entry of judgment; Court granted motion to vacate the jury conviction and dismiss the indictment).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

/ s /
_____
Preston Burton, Esq.
DC Bar No. 426378
Orrick, Herrington & Sutcliff, LLP
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8400

/ s /
_____
Daniel P. Butler
DC Bar No. 417178
Catherine K. Connelly
Mass. Bar No. 649430
William R. Cowden
DC Bar No. 426401
Assistant United States Attorneys
555 4th Street, N.W.
(202) 353-9431, 616-3384, 307-0258
Washington, D.C. 20530
Daniel.Butler@usdoj.gov
Catherine.Connelly2@usdoj.gov
William.Cowden@usdoj.gov

---

[1] It is the position of the government that this motion for abatement of prosecution affects directly only this criminal case, Criminal No. 07-046 (JR), not the related, but separate *in rem* civil action against property, United States v. 803 Capitol Street, et al., Civil Action 06-1710. See, e.g., United States v. $120,751.00, 102 F.3d 342, 344 (8th Cir. 1996) (civil forfeiture does not abate upon death of property's owner); United States v. Land, Winston County, 221 F.3d 1194, 1199 (11th Cir. 2000) (no abatement (citing United States v. Ursery, 518 U.S. 267 (1996)). See also United States v. Estate of Parsons, 367 F.3d 409, 416 n.17 (5th Cir. 2004) (en banc) ("[m]erely because the *criminal* proceeding abates, however, does not necessarily mean that an individual who suffered a loss cannot obtain reimbursement in *civil* court. If he can meet the **civil** court's lower burden of proof, he may receive a judgment from that court") (bold and italics in original).

# STATE OF FLORIDA
## OFFICE of VITAL STATISTICS
### CERTIFIED COPY
### FLORIDA CERTIFICATE OF DEATH

LOCAL FILE NO.

1. DECEDENT'S NAME (First, Middle, Last, Suffix) — AKA: Deborah Jeane Palfrey / Deborah Jean Palfrey
2. SEX — Female
3. DATE OF BIRTH (Month, Day, Year)
4a. AGE-Last Birthday (Years) — 52
5. DATE OF DEATH — May 1, 2008
6. SOCIAL SECURITY NUMBER
7. BIRTHPLACE (City and State or Foreign Country) — Charleroi, Pennsylvania
8. COUNTY OF DEATH — Pinellas
9. PLACE OF DEATH — NON-HOSPITAL: X Other (Specify) Other's Residence
10. FACILITY NAME
11a. CITY, TOWN, OR LOCATION OF DEATH — Tarpon Springs
11b. INSIDE CITY LIMITS? — X Yes
12. MARITAL STATUS — X Never Married
13. SURVIVING SPOUSE'S NAME
14a. RESIDENCE - STATE — California
14b. COUNTY — Solano
14c. CITY, TOWN, OR LOCATION — Vallejo
14d. STREET ADDRESS
14f. ZIP CODE — 94590
14g. INSIDE CITY LIMITS? — X Yes
15a. DECEDENT'S USUAL OCCUPATION — Entrepreneur
15b. KIND OF BUSINESS/INDUSTRY — Interior Design
16. DECEDENT'S RACE — X White
17. DECEDENT OF HISPANIC OR HAITIAN ORIGIN? — X No
18. DECEDENT'S EDUCATION — X Master's
19. WAS DECEDENT EVER IN U.S. ARMED FORCES? — X No
20. FATHER'S NAME — Frank Palfrey
21. MOTHER'S NAME — Blanche Elizabeth Johnson
22a. INFORMANT'S NAME — Blanche E. Palfrey
22b. RELATIONSHIP TO DECEDENT — Mother
23a. INFORMANT'S MAILING - STATE — Florida
23b. CITY OR TOWN — Tarpon Springs
23c. STREET ADDRESS
23d. ZIP CODE — 34689
24. PLACE OF DISPOSITION — Cycadia Cemetery
25a. LOCATION - STATE — Florida
25b. LOCATION - CITY OR TOWN — Tarpon Springs
25c. METHOD OF DISPOSITION — X Burial
27a. LICENSE NUMBER — 647081
28. NAME OF FUNERAL FACILITY — Thomas B. Dobies Funeral Home
29a. FACILITY'S MAILING - STATE — Florida
29b. CITY OR TOWN — Tarpon Springs
29c. STREET ADDRESS — 701 E. Tarpon Avenue
29d. ZIP CODE — 34689
30. CERTIFIER — X Medical Examiner
31b. DATE SIGNED — 05/02/2008
32. TIME OF DEATH — 1101
33. MEDICAL EXAMINER'S CASE NUMBER — 08.06.00682
34a. LICENSE NUMBER — ME 79491
34b. CERTIFIER'S NAME — Christopher Wilson, M.D., M.E.
36a. CERTIFIER'S STATE — Florida
36b. CITY OR TOWN — Largo
36c. STREET ADDRESS — 10900 Ulmerton Rd.
36d. ZIP CODE — 33778
38b. DATE FILED BY REGISTRAR — May 07 2008
39. PROBABLE MANNER OF DEATH — X Suicide
40. REPORTED TO MEDICAL EXAMINER DUE TO CAUSE OF DEATH? — X Yes
41. CAUSE OF DEATH, PART I:
   a. IMMEDIATE CAUSE — Hanging
42a. WAS AN AUTOPSY PERFORMED? — X Yes
42b. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? — X Yes
44. DID TOBACCO USE CONTRIBUTE TO DEATH? — No
45. IF FEMALE, WAS SHE PREGNANT WITHIN THE PAST YEAR — X No
46. DATE OF INJURY — May 1, 2008
47. TIME OF INJURY — Unknown
48. INJURY AT WORK? — X No
49a. LOCATION OF INJURY - STATE — Florida
49b. CITY OR TOWN — Tarpon Springs
49e. ZIP CODE — 34689
51. PLACE OF INJURY — Other's Residence



Chief Deputy Registrar, Pinellas County       Issued: May 9, 2008


FLORIDA DEPARTMENT OF HEALTH

WARNING: THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH A WATERMARK OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK. THE DOCUMENT FACE CONTAINS A MULTI-COLORED BACKGROUND AND GOLD EMBOSSED SEAL. THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMIC INK.

DH FORM 1947 (08/04)

34542836    CERTIFICATION OF VITAL RECORD    *34542836*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-046 (JR)** |
| | : | |
| v. | : | |
| | : | |
| **DEBORAH JEANE PALFREY,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

Upon consideration of the parties' joint motion for abatement of prosecution, and for good cause shown, that is, the death of defendant Deborah Jeane Palfrey on May 1, 2008,

**IT IS HEREBY ORDERED** that the criminal prosecution of the above-referenced matter is hereby **ABATED**, that is, the jury verdicts are vacated and the indictment in this matter is dismissed.

_____                                         _____
Date                                                                                   JAMES ROBERTSON
                                                                                              UNITED STATES DISTRICT JUDGE